Victor A. Sahn (CA Bar No. 97299)
  victor.sahn@gmlaw.com
Mark S. Horoupian (CA Bar No. 175373)
  mark.horoupian@gmlaw.com
Steven F. Werth (CA Bar No. 205434)
  steven.werth@gmlaw.com
Greenspoon Marder LLP
a Florida limited liability partnership
333 South Grand Ave., Suite 3400
Los Angeles, CA 90071
Telephone: 213.626.2311
Facsimile: 954.771.9264

Attorneys for Spring Mountain
Vineyard Inc.

**GREENSPOON MARDER LLP**
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SANTA ROSA DIVISION

| | |
|---|---|
| In re: | Case No. 1:22-bk-10381 CN |
| SPRING MOUNTAIN VINEYARD INC., a Delaware corporation,<br><br>Debtor.<br><br>Federal EIN: 36-3844911 | Chapter 11<br><br>**DEBTOR'S EMERGENCY MOTION FOR ORDER: (1) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE; (2) ESTABLISHING PROCEDURES FOR REQUESTS FOR ADDITIONAL ASSURANCE; (3) RESTRAINING UTILITY COMPANIES FROM DISCONTINUING, ALTERING, OR REFUSING SERVICE; AND (4) PROVIDING FOR RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Omnibus Declaration of Constantine S. Yannias filed concurrently herewith]<br><br>Date:　　October 6, 2022<br>Time:　　3:00 p.m.<br>Place:　　U.S. Bankruptcy Court<br>　　　　　Courtroom 215<br>　　　　　1300 Clay Street, Suite 300<br>　　　　　Oakland, CA 94612 |

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

**TO THE HONORABLE CHIEF JUDGE CHARLES NOVACK, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL OTHER INTERESTED PARTIES:**

<u>**EMERGENCY MOTION**</u>

Spring Mountain Vineyard Inc., a Delaware corporation, the debtor and debtor in possession in the above-captioned case ("<u>Debtor</u>"), pursuant to 11 U.S.C. § 366 and Local Bankruptcy Rule 9006-1, hereby moves this Court, on an emergency basis, for an order: (1) deeming utility companies adequately assured of future performance under 11 U.S.C. § 366; (2) approving the Proposed Adequate Assurance (as defined below) and the Adequate Assurance Procedures (as defined below), which include procedures for requesting additional assurance; (3) restraining utility providers from discontinuing, altering, or refusing service to the Debtor; (4) establishing procedures for utility providers to opt out of the proposed Adequate Assurance Procedures; and (5) determining that the Debtor is not required to provide any additional assurance beyond what is proposed herein (the "<u>Motion</u>").

Pursuant to this Motion, the Debtor hereby makes its adequate assurance proposal to utilities, with the terms of the adequate assurance proposal set forth in Section II of the accompanying memorandum of points and authorities, and the proposed procedures set forth in Sections III and IV of the memorandum.

<u>**NEED FOR RELIEF ON EMERGENCY BASIS**</u>

The Debtor commenced its Chapter 11 bankruptcy case on September 29, 2022 (the "<u>Petition Date</u>"). The Debtor owns and operates an 850-acre winery on four adjacent vineyard estates in St. Helena, California (the "<u>Business</u>"). The website for the Business is www.springmountainvineyard.com. In order to operate its business, the Debtor obtains utility services for Phone, Internet, Water, Electricity and Gas, and Trash Removal. There are a total of 10 utility providers who provide these services, identified in Exhibit 1 (the "<u>Utility Providers</u>"). On a monthly basis, the Debtor pays approximately $7,500 to the Utility Providers in the aggregate.

Case: 22-10381   Doc# 15   Filed: 10/04/22   Entered: 10/04/22 10:52:42   Page 2 of 37

The Debtor is current on its obligations to Utility Providers. The Debtor does not owe any Utility Providers relating to service of utilities more than 30 days prior to the Petition Date. However, certain Utility Providers did provide services within the 30 day period prior to the Petition Date, for which payment will be due after the Petition Date.

By this Motion, the Debtor proposes to provide adequate assurance to the Utility Providers by the following (1) paying Utility Providers in the normal course of business, which will include, for the next payment made to each of the Utility Providers, payment for some portion of services provided prior to the Petition Date, which will be, in the aggregate for all Utility Providers, less than the aggregate monthly payment to them of $7,500, and (2) pay each Utility Provider for services by making a deposit equal to one-half of the Debtor's average monthly expense for each Utility Provider, as identified on the attached **Exhibit 1**, into a segregated account, as adequate assurance (the "Adequate Assurance Deposit") upon this Court's entry of the order on this motion. The total amount of Adequate Assurance Deposits that the Debtor will make if this Motion is granted is $3,884.

This Motion is based upon these moving papers, the accompanying memorandum of points and authorities, the concurrently-filed "Omnibus Declaration Of Constantine Yannias In Support Of Debtor's "First-Day" Emergency Motions" ("Omnibus Declaration"), the record in this case, the arguments and representations of counsel, and any other evidence or argument that may be presented prior to or at the hearing on this Motion.

**FOR THESE REASONS**, the Debtor respectfully requests that this Court enter an order (a proposed form of which is attached hereto as **Exhibit 2**): (1) granting the Motion; (2) deeming the Utility Providers adequately assured of future performance under 11 U.S.C. § 366; (3) approving the Proposed Adequate Assurance and the Adequate Assurance Procedures; (4) restraining the Utility Providers from discontinuing, altering, or refusing service to the Debtor; (5) establishing procedures for the Utility Providers to opt out of the proposed Adequate Assurance Procedures; (6) determining that the Debtor is not required to provide any additional assurance beyond what is proposed herein; and (7) providing such other and further relief as is proper.

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

Dated:  October 4, 2022

Greenspoon Marder LLP
A Florida limited liability partnership

By: _____
Victor A. Sahn
Mark S. Horoupian
Steven F. Werth
Bankruptcy Counsel for Spring Mountain
Vineyard Inc.

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

**TABLE OF CONTENTS**

**Page**

I.     ADEQUATE ASSURANCE PROPOSAL..................................................................................1

II.    PROPOSED ADEQUATE ASSURANCE PROCEDURES ........................................2

III.   PROCESS FOR OPTING OUT OF ADEQUATE ASSURANCE PROCEDURES ...........5

IV.    SUBSEQUENT MODIFICATIONS OF UTILITY SERVICE LIST ................................7

V.     BASIS FOR RELIEF ................................................................................................7

VI.    NOTICE ................................................................................................................11

VII.   CONCLUSION ....................................................................................................11

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

i

**TABLE OF AUTHORITIES**

3

**CASES**

4

*In re Adelphia Bus. Solutions, Inc.,*
5          280 B.R. 63 (Bankr. S.D.N.Y. 2002) ................................................................. 9

6    *In re Astle,*
           338 B.R. 855 (Bankr. D. Idaho 2006) ................................................................. 9
7

8    *In re Caldor,*
           199 B.R. 1, 3 (S.D.N.Y. 1996) ......................................................................... 9

9    *In re Penn Jersey Corp.,*
           72 B.R. 981 (Bankr. E.D. Pa. 1987) ................................................................. 9
10

11   *In re Penn. Cent. Transp. Co.,*
           467 F.2d 100 (3d Cir. 1972) ............................................................................. 9

12   *S. Cal. Edison Co. v. Crystal Cathedral Ministries (In re Crystal Cathedral Ministries),*
           454 B.R. 124 (Bankr. C.D. Cal. 2011) ............................................................. 10
13

14   *Virginia Elec. & Power Co. v. Caldor, Inc.,*
           117 F.3d 646 (2d Cir. 1997) .......................................................................... 8, 9

15

16   **STATUTES**

17   11 U.S.C. § 105(a) ...................................................................................................... 10

18   11 U.S.C. § 366(a) ........................................................................................................ 2

19   11 U.S.C. § 366(b) .................................................................................................. 2, 8, 9

20   11 U.S.C. § 366(c) ................................................................................................. passim

21   11 U.S.C. § 366(c)(1)(A)(v) ........................................................................................ 9

22   11 U.S.C. § 366(c)(2) ................................................................................................... 2

23   11 U.S.C. § 366(c)(3) ................................................................................................... 4

24   11 U.S.C. § 366(c)(3)(A) ............................................................................................. 8

25   11 U.S.C.§ 366 ..................................................................................................... passim

26

27

28

Case: 22-10381    Doc# 15    Filed: 10/04/22    Entered: 10/04/22 10:52:42    Page 6 of 37

**GREENSPOON MARDER LLP**
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

## **OTHER AUTHORITIES**

*3 Collier on Bankruptcy*
    366.03121 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2006) ...................... 2

*H.R. Rep. No. 95-595,*
    at 350 (1978), reprinted in 1978 U.S.C.C.A.N. 5963.......................................... 7

*Richard Levin 7 Alesia Ramley-Marinelli,*
    The Creeping Repeal of Chapter 11: The Significant Business Provisions of the
    Bankruptcy Abuse Protection and Consumer Protection Act of 2005, 79 Am.
    Bankr. L.J. 603, 608-09 (2005) ............................................................ 8

**GREENSPOON MARDER LLP**
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

iii

# MEMORANDUM OF POINTS AND AUTHORITIES[1]

## BRIEF BACKGROUND

The Debtor incorporates the statements contained in the Omnibus Declaration as if set forth in full herein.

The Debtor's average monthly utility expense is approximately $7,564. The average two-week aggregate expenditure for utilities is approximately half of that amount. For each individual Utility Provider, the specific amount owed to them each month is identified in Exhibit 1. Pacific Gas & Electric, at $3,200 per month for Electricity and Gas, is the Debtor's largest utility provider.

## I.

## ADEQUATE ASSURANCE PROPOSAL

The Debtor is current on its obligations to Utility Providers. The Debtor expects that revenue generated from its going-forward business operations will be sufficient to pay all post-petition utility obligations, and intends to pay all post-petition obligations to the Utility Providers in a timely manner.

Furthermore, the Debtor proposes to provide adequate assurance to the Utility Providers by making a deposit equal to one-half of the Debtor's average monthly expense for each Utility Provider into a segregated account of the Debtor, as adequate assurance (the "Adequate Assurance Deposit") upon this Court's entry of the order on the Motion (the "Order").

Upon the Debtor making the Adequate Assurance Deposit into the Debtor's segregated account, Debtor requests that the Utility Provider be deemed to have stipulated that the Adequate Assurance Deposit constitutes adequate assurance of future payment to such Utility Provider within the meaning of Section 366 of the Bankruptcy Code, unless the Utility Provider makes an additional adequate assurance request **no later than thirty (30) days** after entry of the Order, and shall further be deemed to have waived any right to seek additional adequate assurance during this

---

[1] Capitalized terms not otherwise defined herein have the meanings given them in the attached motion.

1

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

1  chapter 11 case, unless the Utility Provider makes an additional adequate assurance request **no
2  later than thirty (30) days** after entry of the Order.

3      The Debtor submits that the Adequate Assurance Deposit, in conjunction with the fact that
4  the Debtor is current on amounts owing to the Utility Providers, constitutes sufficient adequate
5  assurance to the Utility Providers (the "Proposed Adequate Assurance").  If any Utility Provider
6  believes additional assurance is required, it may request such assurance pursuant to the procedures
7  described below.

8                                   **II.**

9                **PROPOSED ADEQUATE ASSURANCE PROCEDURES**

10     Section 366(a) of the Bankruptcy Code recognizes the necessity of continuous utility
11 services and prohibits utility providers from altering, refusing or discontinuing utility services to,
12 or discriminating against, a debtor due to either its bankruptcy filing or any outstanding prepetition
13 obligations for a period of 30 days after the filing.[2]  At the conclusion of the 30-day period,
14 however, a utility company may discontinue services if a debtor has not furnished adequate
15 assurance of payment.  *See* 11 U.S.C. § 366(c)(2).

16     In this case, and absent the procedures proposed in this Motion, the Utility Providers may
17 discontinue service, without warning, on the date that is 30 days following the Petition Date, if
18 they claim they have not yet received a "satisfactory" adequate assurance of payment (at least

---

19

20 [2] There is an apparent discrepancy between subsections (b) and (c) of section 366 because these two
21 subsections set forth different time periods during which a utility is prohibited from altering, refusing or
   discontinuing utility service.  Specifically, subsection (b) allows a utility to alter, refuse or discontinue
22 service "if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes
   adequate assurance of payment," while subsection (c)(2) allows a utility in a case filed under chapter 11 "to
23 alter, refuse or discontinue service to a chapter 11 debtor" if during the 30-day period beginning on the date
   of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of
24 payment for utility service[.]" 11 U.S.C. § 366(b), (c)(2) (emphasis added).

25 Under the statutory construction cannon "specific language controls over general", the language of section
   366(c)(2) controls here because the Debtor is a chapter 11 debtor.  See 3 Collier on Bankruptcy ¶
26 366.03121 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2006) ("It is unclear how the 30-day
   period [in section 366(c)(2) of the Bankruptcy Code] meshes with the normal 20-day period in section
27 366(b).  The better view is that, because section 366(c) is more specifically applicable to chapter 11 cases,
   the 30-day period, rather than the 20-day period in section 366(b), should apply").

28

2

from their subjective point of view). Although the Debtor could contest this action – or pay a Utility Provider's late demand – by the time that it did so, irreparable damage will have already been done to the Debtor's operations and customer relations.

In light of the potentially severe consequences to the Debtor of any interruption in utility services, but recognizing the right of Utility Providers to evaluate the Proposed Adequate Assurance on a case-by-case basis, the Debtor is proposing procedures that will enable it to cooperatively work with the Utility Providers in a coordinated manner to consensually resolve any adequate assurance issues. If the Debtor and the Utility Provider cannot consensually resolve such issues, the Court should determine: (1) whether an additional adequate assurance of payment is necessary, and (2) only if so, the extent of such additional assurance <u>before</u> the Utility Provider may cease performance for failure of adequate assurance. The procedures the Debtor proposes to effectuate this result are as follows (the "<u>Adequate Assurance Procedures</u>"):

a. The Debtor will fax, email, or serve via personal service a copy of this Motion, together with the proposed utility order, on each Utility Provider prior to the time this Motion is filed.

b. Upon entry of the Order, the Debtor will transfer into a segregated Debtor in Possession account for the Utility Providers, the Adequate Assurance Deposit for each Utility Provider.

c. A Utility Provider desiring additional assurances of payment in the form of deposits, security, or otherwise must serve a request (an "<u>Additional Assurance Request</u>") upon the Debtor (through the Debtor's bankruptcy counsel) at the following address: Greenspoon Marder LLP, a Florida limited liability partnership, 333 South Grand Ave, Suite 3400, Los Angeles, California 90071, Attn: Steven F. Werth, Esq. (fax) 213/629-4520, (email) *swerth@gmlaw.com* (the "<u>Service Party</u>"). The Additional Assurance Request must be sent to the Service Party to be deemed valid.

d. The Additional Assurance Request must be made and **<u>actually received</u>** by the Service Party listed above by **<u>no later than thirty (30) days after entry of the Order by this Court</u>**. If a Utility Provider fails to timely file and serve such a request, it shall be: (i) forbidden

3

to discontinue, alter or refuse service to, or discriminate against, the Debtor on account of any unpaid prepetition charges or the commencement of this chapter 11 case, or require additional adequate assurance of payment other than the average monthly payment Proposed Adequate Assurance described above; and (ii) deemed to have received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code.

e.      Any Additional Assurance Request must:  (i) be made in writing; (ii) set forth the location for which utility services are provided; (iii) identify the Utility Provider; (iv) briefly describe the type of utility service provided; (v) include a summary of the Debtor's payment history relevant to the affected account(s); and (vi) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

f.      Upon the Debtor's receipt of any Additional Assurance Request at the address set forth above, the Debtor shall have until the later of (i) fourteen (14) days from the receipt of any such Additional Assurance Request, or (ii) thirty (30) days from the Petition Date (collectively, the "Resolution Period") to negotiate with the Utility Provider to endeavor to resolve that Utility Provider's Additional Assurance Request.  During this period, the Utility Provider may not discontinue, alter, or refuse service to, or discriminate against, the Debtor on account of any unpaid prepetition charges or the commencement of this chapter 11 case.

g.      The Debtor may, in its discretion, resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in its discretion, provide a Utility Provider with additional adequate assurance of future payment including, but not limited to, cash deposits, prepayment and/or other forms of security, without further order of this Court, if the Debtor believes such additional assurance is reasonable.

h.      If the Debtor determines that the Additional Assurance Request is not reasonable and is not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtor, during or immediately after the Resolution Period, will request a hearing before this Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

4

Code.

i. Pending resolution of any such Determination Hearing, the Utility Providers shall be restrained from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of unpaid charges for prepetition services or the Debtor's bankruptcy filing.

The Debtor does not anticipate any problems in honoring its utility obligations. The Debtor expects that post-petition revenues will be more than sufficient to pay all post-petition utility obligations. Accordingly, the Debtor believes that additional adequate assurance payments will ultimately prove unnecessary.

### III.

### PROCESS FOR OPTING OUT OF ADEQUATE ASSURANCE PROCEDURES

Historically, chapter 11 debtor were able to put the onus on utility providers to argue that whatever form of adequate assurance proposed by the debtor was insufficient. The 2005 modifications to section 366 of the Bankruptcy Code arguably shift the burden to debtor to provide adequate assurance the utility provider finds satisfactory, and to seek court review if the utility provider does not accept the proposed adequate assurance. Under this reading of revised section 366, a utility provider could, on the 30th day following the Petition Date, announce that the proposed adequate assurance is not acceptable, demand an unprecedented deposit or prepayment in any amount it deems fit and threaten to terminate utility service the next day unless the debtor complied with the demand.

The Debtor believes it is prudent to require the Utility Providers to raise any objections to the Adequate Assurance Procedures so that such objections may be heard by the Court before the running of the 30-day period following the Petition Date.

To avoid this type of situation, the Debtor proposes the following procedures:

a. Any Utility Provider who objects to the Adequate Assurance Procedures outlined above must file an objection to such procedures (a "Procedure Objection") so that it is actually received **no later than twenty (20) days after entry of the Order by this Court** by the Debtor (through its bankruptcy counsel) at the following address: Greenspoon Marder LLP, a Florida limited liability partnership, 333 South Grand Ave., Suite 3400, Los Angeles, California 90071,

attn: Steven F. Werth, (fax) 213/629-4520, (email) *swerth@gmlaw.com*.

      b.    Any Procedure Objection must: (i) be made in writing; (ii) set forth the location for which utility services are provided, (iii) identify the Utility Provider; (iv) briefly describe the type of utility service provided; (v) include a summary of the Debtor's payment history relevant to the affected account(s); (vi) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; and (vii) set forth why the Utility Provider believes it should be exempted from the Adequate Assurance Procedures.

      c.    The Debtor may, in its discretion, resolve any Procedure Objection by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in its discretion, provide a Utility Provider with additional adequate assurance of future payment including, but not limited to, cash deposits, prepayments and/or other forms of security, without further order of this Court if the Debtor believes such additional assurance is reasonable.

      d.    If the Debtor determines that the Procedure Objection is not reasonable and is not able to reach a prompt alternative resolution with the Utility Provider, the Procedure Objection will be heard on an expedited basis, if possible, based on the Court's calendar. During this period, the Utility Providers may not discontinue, alter or refuse service to, or discriminate against, the Debtor on account of any unpaid prepetition charges or the commencement of this chapter 11 case.

      e.    All Utility Providers that do not timely file a Procedure Objection are deemed to consent to the Adequate Assurance Procedures and shall be bound by the Adequate Assurance Procedures. The sole recourse of all Utility Providers that do not timely file a Procedure Objection shall be to submit an Additional Assurance Request pursuant to the Adequate Assurance Procedures, and such Utility Providers shall be enjoined from altering, refusing, or discontinuing service to, or discriminating against, the Debtor pending any Determination Hearing, that may be conducted pursuant to the Adequate Assurance Procedures.

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

## IV.

## SUBSEQUENT MODIFICATIONS OF UTILITY SERVICE LIST

The Debtor has made an extensive and good faith effort to identify its Utility Providers and include them on the Utility Service List (attached as **Exhibit 1**). Nonetheless, it is possible that the Debtor has not yet identified or included particular utility providers on the Utility Service List. To the extent that the Debtor identifies additional Utility Providers (the "Additional Utility Providers"), the Debtor will file amendments to the Utility Service List and shall serve a copy of the Order on such Additional Utility Providers. The Debtor requests that the Order be binding on all Utility Providers, including the Additional Utility Providers, regardless of when such Utility Provider was added to the Utility Service List; provided that, with respect to any Additional Utility Provider, the thirty (30) day and twenty (20) day periods of the above-described procedures shall commence as of the date that the Debtor serves the Order on such Additional Utility Provider as opposed to entry of the Order. Any request for adequate assurance, or any opt-out request, by such Additional Utility Provider must otherwise comply with the requirements set forth in this Motion and the Order or shall be deemed an invalid adequate assurance and opt-out request.

## V.

## BASIS FOR RELIEF

Congress enacted section 366 of the Bankruptcy Code to protect debtors from utility service cutoffs upon a bankruptcy filing while, at the same time, providing utility companies with adequate assurance that the debtors will pay for post-petition services. *See* H.R. Rep. No. 95-595, at 350 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6306. Accordingly, section 366 protects debtors by enjoining utilities from altering, refusing, or discontinuing services solely on account of unpaid prepetition amounts or commencement of a bankruptcy case for a period of 30 days after the bankruptcy filing. At the same time, section 366 protects utilities by permitting them to alter, refuse or discontinue service after 30 days if the debtor has not furnished "adequate assurance" of payment in a form "satisfactory" to the utility.

Section 366(c) of the Bankruptcy Code, which was enacted as part of BAPCPA, significantly modified the existing statutory framework. It has two primary purposes: first, it

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

permits a utility to alter, refuse, or discontinue utility service if a debtor has not provided "satisfactory" adequate assurance within 30 days of its bankruptcy filing, subject to the court's ability to modify the amount of adequate assurance. It also restricts the factors that a court can consider when determining whether an adequate assurance payment is, in fact, adequate. Specifically, courts may no longer consider (i) the absence of a security deposit before the debtor's petition date, (ii) the debtor's history of timely payment, or (iii) the availability of an administrative expense priority, when determining the amount of a deposit. It does not appear that Congress intended to – or did – abrogate the bankruptcy court's right to determine the amount of adequate assurance necessary or change the fundamental requirement that assurance of payment must simply be "adequate."

First, while section 366(c) of the Bankruptcy Code limits the factors a court can consider when determining whether a debtor has provided adequate assurance of payment, it does not limit the court's ability to determine the amount of payment necessary, if any, to provide such adequate assurance. Instead, section 366(c) gives courts the same discretion in determining the amount of payment necessary for adequate assurance as they previously had under section 366(b). *Compare* 11 U.S.C. § 366(b) ("On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance") *with* 11 U.S.C. § 366(c)(3)(A) ("On request of a party-in-interest and after notice and a hearing, the court may order modification of the amount of an assurance payment under paragraph (2)"). *See also*, Richard Levin 7 Alesia Ramley-Marinelli, *The Creeping Repeal of Chapter 11: The Significant Business Provisions of the Bankruptcy Abuse Protection and Consumer Protection Act of 2005*, 79 Am. Bankr. L.J. 603, 608-09 (2005) (stating that courts would likely continue to determine the amount and form of adequate protection after the implementation of the BAPCPA).

It is well established that section 366(b) permits a court to find that no adequate assurance payment at all is necessary to provide a utility with adequate assurance of payment. *See* Virginia Elec. & Power Co. v. Caldor, Inc., 117 F.3d 646, 650 (2d Cir. 1997) ("Even assuming that 'other security' should be interpreted narrowly, we agree with the appellees that a bankruptcy court's

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

authority to 'modify' the level of the 'deposit or other security' where none is necessary to provide a utility supplier with 'adequate assurance of payment'"); In re Penn Jersey Corp., 72 B.R. 981, 986 (Bankr. E.D. Pa. 1987) (utility company's request for additional security denied because debtor had never been delinquent prior to bankruptcy). This may be particularly true in cases where the debtor has made prepetition deposits or prepayments for services that utilities will ultimately render post-petition. *See* 11 U.S.C. § 366(c)(1)(A)(v) (recognizing a prepayment for post-petition services as adequate assurance). Accordingly, courts continue to have discretion to determine the amount of adequate assurance payment and, where appropriate, to determine that no such payment is necessary. *See* In re Astle, 338 B.R. 855, 861 n. 14 (Bankr. D. Idaho 2006) (As BAPCPA did not amend § 366(b), prior case law interpreting that subsection is still applicable).

Second, section 366(c) of the Bankruptcy Code, like section 366(b), simply requires a utility's assurance of payment be "adequate." Courts have long recognized that adequate assurance of performance does not require an absolute guarantee of a debtor's ability to pay. *See* In re Adelphia Bus. Solutions, Inc., 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002); In re Caldor, 199 B.R. 1, 3 (S.D.N.Y. 1996) (Section 366(b) of the Bankruptcy Code "does not require an 'absolute guarantee of payment'"), *aff'd by* Virginia Elec. & Power Co. v. Caldor, Inc., 117 F.3d 646 (2d Cir. 1997). Courts have also recognized that in determining the amount of adequate assurance, bankruptcy courts should focus "on the need of the utility for assurance, and to require that the debtor supply *no more than that,* since the debtor almost perforce has a conflicting need to conserve scarce financial resources." In re Caldor, 117 F.2d at 665 (emphasis in original). *See also*, In re Penn. Cent. Transp. Co., 467 F.2d 100, 103-04 (3d Cir. 1972) (affirming bankruptcy court's ruling that no utility deposits were necessary where such deposits would likely "jeopardize the continuing operating of the [debtor] merely to give further security to suppliers who are already reasonably protected"). Accordingly, demands by a utility for a guarantee of payment when they already have adequate assurance of payment in light of a debtor's specific circumstances should be refused.

Further, courts have permitted a debtor to make a deposit into a segregated account for the benefit of utility providers, instead of making deposits to the utility providers directly. *See* S. Cal.

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

9

Edison Co. v. Crystal Cathedral Ministries (In re Crystal Cathedral Ministries), 454 B.R. 124 (Bankr. C.D. Cal. 2011) (upholding bankruptcy court determination that debtor's creation of a utility account caused utility to receive adequate assurance of payment because the existence of the account satisfactorily reduced the risk that protesting utility provider and other utility providers would provide post-petition services without compensation). In Crystal Cathedral, the debtor proposed to deposit $52,500 into a newly-created segregated account for the benefit of the debtor's utility providers who did not currently hold a deposit. That is precisely what the debtor is requesting here.

Based upon the foregoing, the Debtor believes that all of its Utility Providers have adequate assurance of payment without any additional adequate assurance provisions. Moreover, the Debtor has a powerful incentive to stay current on its utility obligations because of its significant reliance on utility services for the operation of the Business. Without utility services the Debtor will be unable to operate. These factors justify a finding that no adequate assurance payment is required at all. In light of the foregoing, the Debtor submits that the Proposed Adequate Assurance is more than sufficient to assure the Utility Providers of future payment.

If the Utility Providers disagree with the Debtor's analysis, however, the procedures proposed in this Motion will enable the parties to negotiate and, if necessary, seek Court intervention without jeopardizing the Debtor's continuing operations. The Court has authority to approve the proposed procedures under section 105(a) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." The proposed procedures set forth a fair process that will enable all parties to negotiate their respective positions and, where necessary, seek Court intervention without jeopardizing the Debtor's reorganization efforts.[3] If the

_____

[3] The proposed procedures allow the Debtor to negotiate or seek a hearing after the 30-day deadline set forth in section 366(c) of the Bankruptcy Code where a Utility Provider does not submit its demand within 16 days of the filing. For example, where a Utility Provider files its request on the twentieth day, the Debtor will have 14 days – or until the thirty-fourth day after the filing – to negotiate with that Utility Provider or to seek a court determination. The Debtor believes that this process is fair and necessary to

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

1  Court does not approve the proposed procedures, the Debtor could be forced to address multiple

2  requests by its Utility Providers in a disorganized manner at a critical point in its reorganization.

3  Worse, the Debtor could be blindsided by a Utility Provider unilaterally deciding – on the thirty-

4  first day – that it is not adequately protected and discontinuing service or making an exorbitant

5  demand for payment to continue service.

**VI.**

**NOTICE**

No trustee, examiner or creditors' committee has been appointed in the Debtor's

chapter 11 case.  The Debtor has provided notice of this Motion to:  (a) the United States Trustee;

(b) the creditors listed on the Debtor's list of 20 largest unsecured creditors, as filed with the

chapter 11 petition; (c) the Utility Providers; and (d) any parties who have requested special notice

in the case as of the time of the filing.  In light of the nature of the relief requested, the Debtor

submits that no further notice is required or needed under the circumstances.

**VII.**

**CONCLUSION**

Based on the foregoing, Debtor requests that the Court grant the Motion and enter the

Order (the form of which is attached hereto as **Exhibit 2**).

---

avoid the situation where all of the Debtor's Utility Providers make last minute demands, leaving the
Debtor without the ability to address those demands before services may be cut off.  If Utility Providers
wish to have their matter determined within 30 days of the bankruptcy filing, they need only file their
request within 16 days thereof – something they are undoubtedly prepared to do in light of the amendments
to section 366 of the Bankruptcy Code.

11

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

Dated: October 4, 2022

Greenspoon Marder LLP
A Florida limited liability partnership

By: _____
Victor A. Sahn
Mark S. Horoupian
Steven F. Werth
Bankruptcy Counsel for Spring Mountain
Vineyard Inc.

12

# EXHIBIT 1

| Utility Provider Name and Address | Type of Utility | Approx. Average Monthly Utility Charges | Proposed Adequate Assurance Deposit (to be placed in segregated account) |
|---|---|---|---|
| AT&T<br>P.O. Box 5014<br>Carol Stream, IL 60197-5014<br>Phone: (707) 967-1178 | Phone and Long Distance | $301.75 | $151.00 |
| Comcast Business<br>P.O. Box 60533<br>City of Industry, CA 91716 | Internet | $209.49 | $105.00 |
| Culligan<br>1249 Illinois Street<br>Suite 1<br>Fairfield, CA 94533 | Water for Vineyard Staff | $200.00 | $100.00 |
| Direct TV<br>P.O. Box 105249<br>Atlanta, GA 30348 | Cable | $202.88 | $103.00 |
| Federal Express<br>P.O. Box 7722<br>Pasadena, CA 91109 | Mailings | $50.00 | $25.00 |
| M&M Sanitary Company<br>1208 Green Island Rd.<br>American Canyon, CA 94503 | Garbage | $800.00 | $400.00 |
| Pacific Gas & Electric<br>Box 997300<br>Sacramento, CA 95899 | Electricity & Gas | $3,200.00 | $1,600.00 |
| City of St. Helena<br>1572 Railroad<br>St Helena, CA 94574 | Water | $1,200 | $600.00 |
| Upper Valley Disposal Service | Garbage | $1,400 | $700.00 |
| TOTAL | | $7,564.12 | $3,884.00 |

# EXHIBIT 2

1  Victor A. Sahn (CA Bar No. 97299)
     *victor.sahn@gmlaw.com*
2  Mark S. Horoupian (CA Bar No. 175373)
     *mark.horoupian@gmlaw.com*
3  Steven F. Werth (CA Bar No. 205434)
     *steven.werth@gmlaw.com*
4  Greenspoon Marder LLP
   a Florida limited liability partnership
5  333 South Grand Ave., Suite 3400
   Los Angeles, CA 90071
6  Telephone: 213.626.2311
   Facsimile: 954.771-9264
7
   Attorneys for Spring Mountain
8  Vineyard Inc.

9            UNITED STATES BANKRUPTCY COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                 SANTA ROSA DIVISION

12  In re:                                    Case No. 1:22-bk-10381 CN

13  SPRING MOUNTAIN VINEYARD INC., a          Chapter 11
    Delaware corporation,
14                                            **ORDER ON DEBTOR'S EMERGENCY
                                              MOTION SEEKING ORDER: (1)
15           Debtor.                          DEEMING UTILITY COMPANIES
                                              ADEQUATELY ASSURED OF FUTURE
16           Federal EIN: 36-3844911          PERFORMANCE; (2) ESTABLISHING
                                              PROCEDURES FOR REQUESTS FOR
17                                            ADDITIONAL ASSURANCE; (3)
                                              RESTRAINING UTILITY COMPANIES
18                                            FROM DISCONTINUING, ALTERING,
                                              OR REFUSING SERVICE; AND (4)
19                                            PROVIDING FOR RELATED RELIEF**

20                                            Hearing:

21                                            Date:     October 6, 2022
                                              Time:     3:00 p.m.
22                                            Place:    U.S. Bankruptcy Court
                                                        Courtroom 215
23                                                      1300 Clay Street, Suite 300
                                                        Oakland, CA 94612
24

25

26

27

28

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

On October 6, 2022 at 3:00 p.m., the Court conducted an emergency hearing on the "Debtor's Emergency Motion For Order: (1) Deeming Utility Companies Adequately Assured Of Future Performance; (2) Establishing Procedures For Requests For Additional Assurance; (3) Restraining Utility Companies From Discontinuing, Altering, Or Refusing Service; And (4) Providing For Related Relief (Docket No. ____, the "Motion") filed by Spring Mountain Vineyard Inc., debtor and debtor in possession in the above-captioned case ("Debtor"). Appearances were made as noted on the record. For the reasons stated on the record, and for good cause appearing:

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted;

2. Absent compliance with the procedures set forth in the Motion and this Order, the Utility Providers, as that term is defined in the Motion, are (a) forbidden and prohibited from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of unpaid charges for prepetition services or the Debtor's bankruptcy filing, and (b) deemed to have received adequate assurance of payment in compliance with Bankruptcy Code § 366;

3. Any Utility Provider (as that term is defined in the Motion) who does not make an Additional Assurance Request prior to thirty (30) days after entry of this Order is hereby deemed to have stipulated that the Debtor's post-petition payment of any amounts owed pre-petition to the Utility Provider constitutes adequate assurance of future performance provided to such Utility Provider, and such Utility Provider is further deemed to have waived any right to seek additional adequate assurance during the course of this Chapter 11 case;

4. The following Adequate Assurance Procedures are approved in full and in all respects:

     a. The Debtor will send a copy of this Order to each Utility Provider within three (3) business days after entry of this Order by the Court.

     b. The Debtor will pay each Utility Provider any amount owed to such Utility Provider on account of services performed for the Debtor but unpaid as of the Petition Date.

     c. A Utility Provider desiring additional assurances of payment in the form of deposits, security or otherwise must serve a request (an "Additional Assurance Request") upon the

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

1  Debtor (through the Debtor's bankruptcy counsel) at the following address: Greenspoon Marder

2  LLP, a Florida limited liability partnership, 333 South Grand Avenue, Suite 3400, Los Angeles,

3  California 90071; attn: Steven Werth (fax) 213.629.4520; (email) *steven.werth@gmlaw.com* (the

4  "Service Party"). The Additional Assurance Request must be sent to the above-noticed party to be

5  deemed valid.

6          d.      The Additional Assurance Request must be made and actually received by

7  the Service Party listed above by no later than thirty (30) days after entry of this Order. If a Utility

8  Provider fails to timely file and serve its request, it shall be: (i) forbidden to discontinue, alter or

9  refuse service to, or discriminate against, the Debtor on account of any unpaid prepetition charges

10  or the commencement of the Debtor's chapter 11 case, or require additional adequate assurance of

11  payment other than the two-week Proposed Adequate Assurance described in the Motion; and (ii)

12  deemed to have received adequate assurance of payment in compliance with section 366 of the

13  Bankruptcy Code.

14          e.      Any Additional Assurance Request must: (i) be made in writing; (ii) set forth

15  the location for which utility services are provided; (iii) identify the Utility Provider; (iv) briefly

16  describe the type of utility service provided; (v) include a summary of the Debtor's payment history

17  relevant to the affected account(s), including any security deposits; and (vi) set forth why the Utility

18  Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future

19  payment.

20          f.      Upon the Debtor's receipt of any Additional Assurance Request at the address

21  set forth above, the Debtor shall have the greater of (i) fourteen (14) days from the receipt of any

22  such Additional Assurance Request, or (ii) thirty (30) days from the Petition Date (collectively, the

23  "Resolution Period") to negotiate with the Utility Provider to endeavor to resolve that Utility

24  Provider's request for additional assurance of payment. During this period, Utility Providers may

25  not discontinue, alter or refuse service to, or discriminate against, the Debtor on account of any

26  unpaid prepetition charges or the commencement of this chapter 11 case.

27          g.      The Debtor may, in its discretion, resolve any Additional Assurance Request

28  by mutual agreement with the Utility Provider and without further order of the Court, and may, in

3

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

1  connection with any such agreement, in its discretion, provide a Utility Provider with additional

2  adequate assurance of future payment including, but not limited to, cash deposits, prepayment and/or

3  other forms of security, without further order of this Court, if the Debtor believes such additional

4  assurance is reasonable.

5      h.    If the Debtor determines that the Additional Assurance Request is not

6  reasonable and is not able to reach an alternative resolution with the Utility Provider during the

7  Resolution Period, the Debtor, during or immediately after the Resolution Period, will request a

8  hearing before this Court to determine the adequacy of assurances of payment with respect to a

9  particular Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the

10  Bankruptcy Code.

11     i.    Pending resolution of any such Determination Hearing, such particular Utility

12  Provider shall be restrained from discontinuing, altering, or refusing service to, or discriminating

13  against, the Debtor on account of unpaid charges for prepetition services or the Debtor's bankruptcy

14  filing.

15     5.    The following opt-out procedures are approved in full and in all respects:

16     a.    Any Utility Provider who objects to the Adequate Assurance Procedures

17  outlined above must file an objection to such procedures (a "Procedure Objection") so that it is

18  actually received no later than twenty (20) days after entry of the Order by this Court by the Debtor

19  (through its bankruptcy counsel) at the following address: Greenspoon Marder LLP, a FLorida

20  limited liability partnership, 333 South Grand Avenue, Suite 3400, Los Angeles, California 90071;

21  attn: Steven Werth (fax) 213.629.4520; (email) *steven.werth@gmlaw.com.*

22     b.    Any Procedure Objection must: (i) be made in writing; (ii) set forth the

23  location for which utility services are provided, (iii) identify the Utility Provider; (iv) briefly

24  describe the type of utility service provided; (v) include a summary of the Debtor's payment history

25  relevant to the affected account(s), including any security deposits; (vi) set forth why the Utility

26  Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future

27  payment; and (vii) set forth why the Utility Provider believes it should be exempted from the

28  Adequate Assurance Procedures.

4

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

c.      The Debtor may, in its discretion, resolve any Procedure Objection by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in their discretion, provide a Utility Provider with additional adequate assurance of future payment including, but not limited to, cash deposits, prepayments and/or other forms of security, without further order of this Court if the Debtor believes such additional assurance is reasonable.

d.      If the Debtor determines that the Procedure Objection is not reasonable and are not able to reach a prompt alternative resolution with the Utility Provider, the Procedure Objection will be heard on an expedited basis, if possible, based on the Court's calendar.  During this period, Utility Providers may not discontinue, alter or refuse service to, or discriminate against, the Debtor on account of any unpaid prepetition charges or the commencement of this chapter 11 case.

e.      All Utility Providers that do not timely file a Procedure Objection are deemed to consent to the Adequate Assurance Procedures and shall be bound by the Adequate Assurance Procedures.  The sole recourse of all Utility Providers that do not timely file a Procedure Objection shall be to submit an Additional Assurance Request pursuant to the Adequate Assurance Procedures, and such Utility Providers shall be enjoined from altering, refusing, or discontinuing service to, or discriminating against, the Debtor pending any Determination Hearing, that may be conducted pursuant to the Adequate Assurance Procedures.

f.      That the Debtor is authorized in its discretion, to amend the utility services list included in the Motion in order to add or delete any Utility Provider, and this Order shall apply as of the Petition Date to any such Utility Provider that is subsequently added to the list; provided that, with respect to any additional Utility Provider, the thirty (30) day and twenty (20) day periods described in paragraphs 3, 4 and 5 above, respectively, of the procedures shall commence as of the Debtor's service of this Order on such additional Utility Provider as opposed to the entry of the Order.  Any request for adequate assurance, or opt-out requests, by such Additional Utility Provider must otherwise comply with the requirements set forth in the Motion and this Order or shall be deemed an invalid adequate assurance and opt-out request.

5

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

6.      Nothing herein or in the Motion constitutes a finding that any entity is or is not a Utility Provider hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed in the Motion.

7.      This Order shall be deemed a final Order with respect to any Utility Provider that does not file a timely Procedures Objection as described herein.

8.      Any payment or transfer made or service rendered by the Debtor pursuant to this Order is not, and shall not be deemed, an admission as to the validity of the underlying obligation, a waiver of any rights that the Debtor may have to dispute such obligation or waiver of any other rights or remedies of the Debtor, or an approval of assumption of any agreement, contract, or lease under Bankruptcy Code § 365.

9.      The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

###

6

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*):  **DEBTOR'S EMERGENCY MOTION FOR ORDER: (1) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE; (2) ESTABLISHING PROCEDURES FOR REQUESTS FOR ADDITIONAL ASSURANCE; (3) RESTRAINING UTILITY COMPANIES FROM DISCONTINUING, ALTERING, OR REFUSING SERVICE; AND (4) PROVIDING FOR RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  October 4, 2022  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  October 4, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 4, 2022 | Patricia Dillamar | */s/ Patricia Dillamar* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

CC 51988413v1 CC 51988413v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                        **F 9013-3.1.PROOF.SERVICE**

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Office of the U.S. Trustee / SR
USTPRegion17.SF.ECF@usdoj.gov

Elvina Rofael on behalf of U.S. Trustee Office of the U.S. Trustee / SR
elvina.rofael@usdoj.gov, Katina.Umpierre@usdoj.gov,GemMil.Langit@usdoj.gov

Victor A. Sahn on behalf of Debtor Spring Mountain Vineyard Inc.
victor.sahn@gmlaw.com, vsahn@ecf.inforuptcy.com

Phillip John Shine on behalf of U.S. Trustee Office of the U.S. Trustee / SR
phillip.shine@usdoj.gov

## 3. SERVED BY OVERNIGHT MAIL, AND EMAIL

**Debtor**
Spring Mountain Vineyard Inc.
2805 Spring Mountain Road
St. Helena, CA 94574-1798
Attn:  Don Yannias, President
email:  don@bimi.com

**Debtor's Financial Advisor And Chief Restructuring Officer**
Attn:  Kevin A. Krakora, Managing Director
Getzler Henrich & Associates LLC, a Hilco Global Company
150 S. Wacker Drive | 24th Floor
Chicago, IL 60606
Tel:   (312) 283-8071
email:  kkrakora@getzlerhenrich.com

**U.S. Trustee**

Tracy Hope Davis
United States Trustee for Region 17
Office of The United States Trustee
450 Golden Gate Avenue, 5th Floor, Suite #05-0153
San Francisco, CA 94102
Tel:  (415) 705-3300

**Attorneys For U.S. Trustee**

Office of the United States Trustee
Attn:  Elvina Rofael
450 Golden Gate Ave., Rm. 05-1053
San Francisco, California 94102
email:  Elvina.Rofael@usdoj.gov
Tel:  (415) 705-3333

CC 51988413v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

Case: 22-10381    Doc# 15    Filed: 10/04/22    Entered: 10/04/22 10:53:42    Page 30 of 37

F 9013-3.1.PROOF.SERVICE

Office of the United States Trustee
Attn: Phillip J. Shine
280 South First Street, Rm. 268
San Jose, CA 95113
email: phillip.shine@usdoj.gov
Tel: (408) 535-5526

**Secured Creditors**

MGG (BV) Limited
MGG Canada Fund LP
MGG Insurance Fund Series Interests of t
MGG Investment Group LP
MGG Onshore Funding I LLC
MGG SF Drawdown Master Fund (Cayman) LP
MGG SF Drawdown Unlevered Fund II LP
MGG SF Drawdown Unlevered Fund LP
MGG SF Drawdown Unlevered Master Fund I
MGG SF Evergreen Unlevered Fund LP
MGG SF Evergreen Master Fund (Cayman) LP
MGG SF Evergreen Unlevered Fund LP
MGG SF Evergreen Unlevered Master Fund I
MGG Specialty Finance Fund I LP
MGG Specialty Finance Fund LP

c/o MGG California, LLC
One Penn Plaza 53rd Fl
Attn Kevin F. Griffin, CEO
New York, NY 10119-0002
Tel: (212) 356-6100
creditagreementnotices@mgginv.com

MGG Investment Group LP
One Penn Plaza 53rd Fl
Attn Kevin F. Griffin, CEO
New York, NY 10119-0002
Tel: (212) 356-6100
creditagreementnotices@mgginv.com

**Counsel for Secured Creditors**

Bradley R. Bobroff, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036-8299
Tel: (212) 969-3643
email: bbobroff@proskauer.com

Scott P. Cooper, Esq.

CC 51988413v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Proskauer Rose LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3010
Tel:  (310) 284-5669
email:  scooper@proskauer.com

Frederic Ragucci, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, NY  10036-8299
Tel:  (212) 969-3023
email: FRagucci@proskauer.com

Jeff. J. Marwil, Esq.
Proskauer Rose LLP
70 W. Madison
Suite 3800
Chicago, IL 60602-4342
email:  jmarwil@proskauer.com

**20 Largest Unsecured Creditors**
Allen Group
Attn:  Timothy Allen, CPA - Managing Partner
120 Stony Point Road,  #230
Santa Rosa, CA 95401
(707) 528-3860
tim@allenwine.com
Tim@allengroupllp.com
Brent Garrison
Brent@allengroupllp.com

Bartelt Engineering
Attn:  Paul Bartelt
303 Jefferson St #200B
Napa, CA 94559
(707) 258-1301

Belkorp AG, LLC
Attn:  Laura Correll, Accounting
2413 Crows Landing Rd
Modesto, CA 95358
(209) 205-3706
ar@belkorpag.com

Brown's Auto Parts
Attn Dan Beltramai, Owner
1218 Main St.
Saint Helena, CA 94574-1901
(707) 963-3638
brownsauto169@gmail.com

CC 51988413v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                          **F 9013-3.1.PROOF.SERVICE**

Case: 22-10381    Doc# 15    Filed: 10/04/22    Entered: 10/04/22 10:53:43    Page 32 of
37

Castino Restaurant Equipment And Supply
50 Utility Ct.
Rohnert Park, CA 94928-1659
(707) 585-3566
sales@castinosolutions.com

Central Valley
Attn: Gerry Cruz, Accounting Mgr.
1100 Vintage Avenue.
Saint Helena, CA 94574
707 261-1900
gerryc@centralvalley.com

Chubb Group of Insurance Companies
P.O. Box 777-1630
Philadelphia, PA 19175-0001
(800) 372-4822

Conway Beverage Group, LLC
Dba: Elite Brands
3238 Old Heather Rd.
San Diego, CA 92111-7716
Attn: Mr. Jay Conway

Famille Sylvain
855 Bordeaux Way #239
Napa, CA 94558-7549
(707) 492-3308

Francois Freres USA Inc.
1403 Jefferson St.
Napa, CA 94559-1708
(707) 294-2204

G3 Enterprises Inc.
(Tapp Labels)
580 Gateway Dr.
Napa, CA 94558
(707) 252-8300

IPFS
49 Stevenson St. #127
San Francisco, CA 94105-2909
(877) 687-9826

Napa County Treasurer
1195 3rd St. #108
Napa, CA 94559-3035
(707) 253-4311

CC 51988413v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    F 9013-3.1.PROOF.SERVICE

Napa Ford Lincoln
170 Soscol Ave.
Napa, CA 94559
(707) 255-2580

Napa Valley Petroleum
P.O. Box 2670
Napa, CA 94558-0528
(707) 252-6888

Ramondin U.S.A. Inc.
541 Technology Way
Napa, CA 94558
(707) 944-2277

Stanzler Law Group
Attn: Jordan S. Stanzler
390 Bridge Pkwy #220
Redwood City, CA 94065
(650) 739-0200
email:  Jstanzler@stanzlerlawgroup.com

Tonnellerie Sylvain
855 Bordeaux Way
Napa, CA 94558
(707) 492-3308

Wilbur Ellis Company LLC
c/o Registered Agent Solutions Inc.
720 14th St.
Sacramento, CA 95814-1905
(707) 963-3495

Wine Service Cooperative
1150 Dowdell Lane
Saint Helena, CA 94574
Attn:  Bob Holmes
General Manager
Tel: (707) 963-9474
Fax: (707) 963 9359
bob@wineservicecoop.com

**<u>Critical Vendor</u>**

C Q & A Consulting
P.O. Box 777
Pinole, CA 94564
Attn:  Deanna Leon
Tel:  (510) 964-7901
Fax:  (510) 223-8140
email:  dleon@cqaconsult.com

CC 51988413v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                F 9013-3.1.PROOF.SERVICE

Case: 22-10381    Doc# 15    Filed: 10/04/22    Entered: 10/04/22 10:53:43    Page 34 of 37

**Request for Special Notice**
Attorneys for Mt. Hawley Insurance Company
Michael D. Prough
Dean C. Burnick
Prough Law, APC
1550 Parkside Drive, Suite 200
Walnut Creek, CA 94596
T: (925) 433-5894
F: (925) 482-0929
Email: mdp@proughlaw.com
      dcb@proughlaw.com

**Utilities**
AT&T
PO Box 5014
Carol Stream, IL  60197
(707) 967-1178

AT&T Long Distance
PO Box 5014
Carol Stream, IL  60197
(707) 967-1178

Comcast Business
PO Box 60533
City of Industry, CA  91716
(955) 564-1056

Culligan
1249 Illinois Street Suite 1
Fairfield, CA 94533
(707) 558-1000

Direct TV
PO Box 105249
Atlanta, GA  30348
800 288-2020

Federal Express
PO Box 7722
Pasadena, CA 91109
(800) 463-3339

M&M Sanitary Company
1208 Green Island Rd.
American Canyon, CA 94503
(800) 675-0025

Pacific Gas & Electric
P.O. Box 997300

CC 51988413v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                 Case: 22-10381     Doc# 15     Filed: 10/04/22     Entered: 10/04/22 10:53:43     Page 35 of                    F 9013-3.1.PROOF.SERVICE
37

Sacramento, CA  95899
(800) 468-4743

City of St. Helena
1572 Railroad
St. Helena, CA  94574
Attn: Stephanie Killingsworth
Senior Accounting Technician
(707) 968-2750 x 513
skillingsworth@cityofsthelena.org

Upper Valley Disposal Service
1285 Whitehall Lane
St. Helena, CA  94574
(707) 963-7988

Dept. of the Treasury, Alcoholic Beverage Control
Attn: Tracie Parker, Lic.Rep. I
50 D Street Room 130
Santa Rosa, CA. 95404
Phone: (707) 576-2165
Fax: (707) 638-9537

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346
(800) 973-0424

California Department of Tax and Fee Administration
Special Operations Bankruptcy Team MIC: 74
P.O. Box 942879
Sacramento, CA 94279-0074
(800) 400-7115

Franchise Tax Board
Bankruptcy Section, MS A-340
P.O. Box 2952
Sacramento, CA 95812-2952
916-845-4750

Employment Development Department
Bankruptcy Unit-MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001


Service by Mail Address:
Employment Development Department
Attn: MIC 53
800 Capital Mall
Sacramento, CA 95814

CC 51988413v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

F 9013-3.1.PROOF.SERVICE

**Courtesy Email**

Jay B. Spievack, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave., Suite 2400
New York NY 10170-2499
email:  jspievack@ctswlaw.com

Joseph Vann, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave., Suite 2400
New York NY 10170-2499
email:  jvann@ctswlaw.com

Will Densenberger
Engel & Volkers St. Helena - Napa Valley
1111 Main Street, Suite A
St. Helena, CA 94574
(707) 302-8133
email:  will@nvwineestates.com

John C. Vaughan
Newmark Knight Frank
4675 MacArthur Court, Suite 1600
Newport Beach, CA 92660
email:  john.vaughan@nmrk.com

Peter Ekman:  PEkman@hilcoglobal.com

Mark Kasowitz:  MKasowitz@kasowitz.com

Gavin D. Schryver:  GSchryver@kasowitz.com

CC 51988413v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                    **F 9013-3.1.PROOF.SERVICE**