1  Victor A. Sahn (CA Bar No. 97299)
     *victor.sahn@gmlaw.com*
2  Mark S. Horoupian (CA Bar No. 175373)
     *mark.horoupian@gmlaw.com*
3  Steven F. Werth (CA Bar No. 205434)
     *steven.werth@gmlaw.com*
4  Greenspoon Marder LLP
   a Florida limited liability partnership
5  333 South Grand Ave., Suite 3400
   Los Angeles, CA 90071
6  Telephone: 213.626.2311
   Facsimile: 954.771.9264

Attorneys for Spring Mountain
Vineyard Inc.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>SPRING MOUNTAIN VINEYARD INC., a Delaware corporation,<br><br>Debtor.<br><br>Federal EIN: 36-3844911 | Case No.<br><br>Chapter 11<br><br>**EMERGENCY MOTION OF DEBTOR AND DEBTOR IN POSSESSION FOR ORDER AUTHORIZING DEBTOR TO MAINTAIN BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Omnibus Declaration of Constantine S. Yannias filed concurrently herewith]<br><br>Date: October 6, 2022<br>Time: 3:00 p.m.<br>Place: U.S. Bankruptcy Court<br>Courtroom<br>99 South "E" Street<br>Santa Rosa, CA 95404 |

**TO THE HONORABLE CHARLES NOVACK, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL OTHER INTERESTED PARTIES:**

**EMERGENCY MOTION**

Spring Mountain Vineyard Inc., a Delaware corporation, the debtor and debtor in possession in the above-captioned case ("Debtor") respectfully requests an order authorizing the Debtors' (as that term is defined below) maintenance and continued use of certain of its existing bank accounts, and its cash management system (the "Motion").

As of the Petition Date, the Debtor utilized four (4) bank accounts at JP Morgan Chase (collectively, the "Debtor Accounts"), all of which collectively form the Debtors' cash management system. The Debtor Accounts are used solely for the operation of the business. By the Motion, the Debtor seeks authority to continue to maintain the Debtor Accounts without closing them, as is traditionally required by the Office of the United States Trustee. The Debtor will issue a stop payment on all checks in transit as of the Petition Date, so there will be no danger of post-petition funds being used to pay pre-petition expenses.

The Debtor requests this relief on an emergency basis in order for it to maintain its flow of funds without disruption to its operations, including the deposit of funds from the Debtor's customers. Additionally, the Debtor is concurrently filing other emergency motions and submits that it makes sense to schedule the hearing on this motion for the same date and time in the interests of efficiency and conservation of Court resources.

This motion is based on the attached Memorandum of Points and Authorities, the supporting exhibit(s) attached hereto, the separately filed "Omnibus Declaration Of Constantine S. Yannias In Support Of Debtor's "First-Day" Emergency Motions" (the "Omnibus Declaration"), and the arguments of counsel to be made at the hearing on the Motion.

**FOR THESE REASONS**, the Debtor respectfully requests that the Court enter an order:

1. Granting the Motion.

2. Authorizing the Debtor to maintain its account and cash management system on a permanent basis post-petition, with the modifications to that system identified in this Motion.

51122584.1

4. Granting any other relief the Court finds proper.

Dated: October 4, 2022               Greenspoon Marder LLP
                                     A Florida limited liability partnership

                                     By: _____
                                     Victor A. Sahn
                                     Mark S. Horoupian
                                     Steven F. Werth
                                     Bankruptcy Counsel for Spring Mountain Vineyard Inc.

51122584_1

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.770.9264

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## THE DEBTOR ACCOUNTS AND CASH MANAGEMENT SYSTEM, AND PROPOSED MODIFICATIONS

1. The Debtor incorporates the statements contained in the Omnibus Declaration as if set forth in full herein.

2. The Debtor owns and operates an 850-acre winery on four adjacent vinyard estates in St. Helena, California (the "Business"). The website for the Business is www.springmountainvineyard.com.

3. The Debtor utilizes four bank accounts at JP Morgan Chase Bank (collectively, the "Debtor Accounts"), which form the Debtor's cash management system. Attached to the Omnibus Declaration as Exhibit 1 is a chart that illustrates the Debtor's cash management system, and the general flow of funds from and to the Debtor Accounts.

4. Pre-petition, the Debtor's cash management system generally ran as follows:

    a. Revenues generated from sales made through the Debtor's website (customers can order wine and merchandise through the website), at the Debtor's on premises tasting room, and for regular purchases through the Debtor's wine club are made through its point of sale system, eCellars, which is connected to an account at Global Payments ("eCellars"). Funds from the wine club and direct to customer sales through eCellars are collected funds from these credit card sales, after processing fees are deducted, and deposited into the account ending in 7558 (the "DTC Account").

    b. Wholesale receipts for bulk shipments, including bulk wine and grapes, and brokerage sales of bottled wine are received either by wire transfer, ACH, or paper check, and deposited into the account ending in 7699 (the "Operating St. Helena Account").

    c. The Debtor also maintains an account ending in 9022 (the "Chicago Operating Account"). This account received funding from the Debtor's secured creditor MGG, and from the Debtor's principal.

51122584_1

d. Finally, the Debtor has a payroll account which is account ending in 9525 (the "Payroll Account"). The Debtor makes direct deposits to certain employees through this account, and all other employees are provided paper payroll checks, issued by an outside payroll company, Paychex, against this account. Funds are also transferred from the Payroll Account to Paychex for other payroll related payments.

e. The Debtor uses the DTC Account and the Operating St. Helena Account to make payments to its vendors and to fund the Payroll Account. Funds from the Chicago Operating Account are transferred to the Operating St. Helena Account, the Payroll Account, and occasionally to make certain transfers to pay professional fees and other payments as needed.

5. On the commencement of its chapter 11 case, the Debtor became bound by the Notice of Requirements for Chapter 11 Debtor in Possession ("UST Requirements") of the United States Trustee for the Northern District of California ("UST"). The UST Requirements provide that, upon commencement of a chapter 11 case, a debtor in possession must close all existing bank accounts "that the debtor owns, has access to, or over which the debtor exercises possession, custody or control . . . ."

6. Debtor seeks authority to continue to maintain the Debtor Accounts for the duration of the Chapter 11 Case.

7. If the Debtor is required to close its existing accounts immediately, open all new bank accounts and substantially alter its existing cash management system, there likely would be a significant disruption in the Debtor's ability to collect and disburse funds in the ordinary course of its operations. Such a disruption would negatively impact the Debtor's ability to make a smooth transition into chapter 11.

8. Accordingly, the Debtor requests that the Court enter an order (substantially in the form of the proposed order attached hereto as **Exhibit 1**) authorizing (but not directing) the Debtor's continued use of the pre-petition Debtor Accounts, rather than opening new debtor in possession accounts. The Debtor will work with its bank, JP Morgan Chase, to change the designation on the Debtor Accounts to reflect that the Debtor Accounts are maintained by a

5

Debtor in Possession. JP Morgan Chase is on the Office of the United States Trustee's list of approved debtor in possession depositories.

9. If the Debtor is not permitted to maintain and utilize its cash management and banking system (with certain modifications described herein), the Debtor, the Estate, and creditors will be prejudiced by: (i) the resulting disruption in the ordinary financial affairs and business operations of the Debtor; (ii) potential delay in the administration of the Estate; and (iii) the unnecessary cost to the Estate to set up new accounts and new systems.

Based on the foregoing, the Motion should be granted.

## I.

## **THIS COURT HAS AUTHORITY TO GRANT THE REQUESTED RELIEF**

In chapter 11 cases, it is common for courts to grant motions to continue existing cash management systems and related procedures and transactions employed in the ordinary course of a debtor's business. The bankruptcy court in *In re Charter Co.*, 778 F.2d 617 (11th Cir. 1985) authorized the debtor and its subsidiaries "to continue to consolidate the management of their cash as has been usual and customary in the past, and to transfer monies from affiliated entity to entity, including operating entities that are not debtors." *Id.* at 620. *See also In re UNR Indus., Inc.*, 46 B.R. 25, 7 (Bankr. N.D. Ill. 1984) (debtors utilized a court approved cash management system). Like *Charter Co.*, the Debtor seeks authority to maintain its current cash management system. The Debtor proposes to keep all of the Debtor Accounts open, but will request that JP Morgan Chase change the designation on the accounts to reflect that the account holder is a Debtor in Possession.

As numerous courts have indicated, the Bankruptcy Code grants discretionary authority to a Bankruptcy Court to allow the continued use of bank accounts. *See e.g.*, *In re Grant Broadcasting, Inc.*, 75 B.R. 819, 820 (D. Pa. 1987) (referring to order authorizing use of cash collateral and prepetition bank accounts); *In re New York City Shoes, Inc.*, 78 B.R. 426, 27 (Bankr. E.D. Pa. 1987) (debtor depositing post-petition funds into prepetition bank accounts). Most references in reported decisions to court orders authorizing the use of prepetition bank accounts

51122584_1

6

Case: 22-10381    Doc# 16    Filed: 10/04/22    Entered: 10/04/22 11:20:27    Page 6 of 20

and the continued use of cash management systems are found in decisions more specifically addressing related issues.[1]

Requiring the Debtor to adopt a new, segmented cash management system at this early and critical stage of these cases would be costly, would likely create unnecessary administrative and other problems, and would be much more disruptive than productive. Such disruptions could adversely affect the Debtor's ability to collect revenues from its customers and make critical payments to its vendors. Consequently, maintenance of the existing cash management system, including the Debtor's continued ability to transfer funds among the identified Debtor Accounts, is both essential and in the best interest of all creditors and other parties in interest/

## II.

## **CONCLUSION**

Authorizing (but not directing) the Debtor to continue to utilize its business accounts as identified above would advance the opportunity for a successful resolution of this case, preserve a business-as-usual atmosphere, and avoid unnecessary distractions and interruptions that would be caused by a disruption of the Debtor's banking and cash management system. Approval of this Motion is in the best interests of the Debtor, the Estate, and creditors and will help avoid damage to the value of the property of the Estate.

---

[1] *See, e.g.*, *In re Charter Behavioral Health Sys., LLC*, 292 B.R. 36, 38 (Bankr. D. Del. 2003) (referring to prior entered order authorizing debtor to continue prepetition cash management system); *In re HSSI, Inc.*, 176 B.R. 809 (Bankr. N.D. Ill. 1995) (refers to previously approved cash management system), *rev'd on other grounds*, 193 B.R. 851 (Bankr. N.D. Ill. 1996); *In re Interco, Inc.*, 130 B.R. 301 (Bankr. E.D. Mo. 1991) (court declined to clarify prior order authorizing maintenance of existing cash management systems and continued use of existing bank accounts, investment and deposit guidelines, and certain business forms); *In re Family Health Services, Inc.*, 104 B.R. 279, 281 (Bankr. C.D. Cal. 1989) (refers to consolidated cash management system), *rev'd on other grounds*, 143 B.R. 232 (C.D. Cal. 1992).

51122584_1

Dated: October 4, 2022

Greenspoon Marder LLP
A Florida limited liability partnership

By: _____
Victor A. Sahn
Mark S. Horoupian
Steven F. Werth
Bankruptcy Counsel for Spring Mountain Vineyard Inc.

51122584_1

# EXHIBIT 1

Case: 22-10381   Doc# 16   Filed: 10/04/22   Entered: 10/04/22 11:20:27   Page 9 of 20

1  Victor A. Sahn (CA Bar No. 97299)
     *victor.sahn@gmlaw.com*
2  Mark S. Horoupian (CA Bar No. 175373)
     *mark.horoupian@gmlaw.com*
3  Steven F. Werth (CA Bar No. 205434)
     *steven.werth@gmlaw.com*
4  Greenspoon Marder LLP
   a Florida limited liability partnership
5  333 South Grand Ave., Suite 3400
   Los Angeles, CA 90071
6  Telephone: 213.626.2311
   Facsimile: 954.771.9264

Attorneys for Spring Mountain
Vineyard Inc.

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SANTA ROSA DIVISION**

| | |
|---|---|
| In re: | Case No. |
| SPRING MOUNTAIN VINEYARD INC., a Delaware corporation, | Chapter 11 |
| Debtor. | **ORDER ON DEBTORS' EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR TO MAINTAIN BANK ACCOUNTS, AND CASH MANAGEMENT SYSTEM** |
| Federal EIN: 36-3844911 | Hearing: |
| | Date: October 6, 2022<br>Time: 3:00 p.m.<br>Place: U.S. Bankruptcy Court<br>Courtroom<br>99 South "E" Street<br>Santa Rosa, CA 95404 |

The "Emergency Motion Of Debtor And Debtor In Possession For Order Authorizing Debtor To Maintain Bank Accounts And Cash Management System" (Docket No. ____, the "Motion") filed by Spring Mountain Vineyard Inc. ("Debtor") came on for hearing before the Court on October 6, 2022, at 3:00 p.m., the Honorable Charles Novack, United States Bankruptcy Judge, presiding. Appearances at the hearing are reflected on the record.

Having considered the Motion, the Omnibus Declaration of Constantine S. Yannias in support of the Motion (Docket No. _____), any and all responses to the Motion, the representations of counsel made at the hearing, the facts and circumstances of this matter, and good cause appearing,

**IT IS ORDERED** as follows:

1. The Motion is granted.

2. Those certain contracts between the Debtors and banks at which the Debtors have Bank Accounts entered into before the filing of the Debtors' chapter 11 petitions (the "Bank Contracts") shall continue to govern the post-petition cash management relationship between the Debtors and such banks, and such banks are enjoined from freezing or otherwise impeding the Bank Accounts solely on account of the chapter 11 filings; provided, however, that such banks shall not honor any checks issued on such Bank Accounts on a date prior to the commencement of these chapter 11 cases and presented for payment to the banks post-petition or honor any post-petition automatic or pre-authorized debits related to pre-petition transactions, unless otherwise authorized to do so by order of this Court; provided, further, that all other provisions of the Bank Contracts, including the termination, fee provisions, rights, benefits, offset rights and remedies afforded under such agreements (including any provisions requiring the Debtors to reimburse a bank for legal fees or expenses incurred by such bank on account of these chapter 11 cases) shall remain in full force and effect, unless the Debtors and such bank agree otherwise.

3. The Debtors are authorized, but not directed to (a) pay undisputed pre-petition and post-petition amounts owed in the ordinary course to the banks as service charges for the maintenance of the Debtor's cash management system and (b) reimburse the banks for any charges arising before or after the Petition Date in connection with checks deposited with the banks that have been dishonored or returned as a result of insufficient funds in the Bank Accounts in the

2

1 ordinary course of business, to the same extent the Debtor was responsible for such items prior to
2 the Petition Date.

3     4.     Notwithstanding any other provision of this Order, should a bank honor a pre-petition
4 check or other item drawn on any account that is the subject of this Order (a) at the direction of the
5 Debtor to honor such prepetition check or item, (b) in a good faith belief that the Court has
6 authorized such pre-petition check or item to be honored, or (c) as the result of an innocent mistake
7 made despite implementation of customary item handling procedures, the bank shall not be deemed
8 to be nor shall be liable to the Debtor or their estates or otherwise be in violation of this Order.

9     5.     The Debtors are authorized to maintain their account and cash management system
10 post-petition for a period of _____ from the date of the commencement of the Debtors'
11 cases.

12     # # #

**GREENSPOON MARDER LLP**
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771-9264

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): <u>EMERGENCY MOTION OF DEBTOR AND DEBTOR IN POSSESSION FOR ORDER AUTHORIZING DEBTOR TO MAINTAIN BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>October 4, 2022</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>October 4, 2022</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 4, 2022 | Patricia Dillamar | /s/Patricaa Dillamar |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

CC 51988413v1 CC 51988413v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012      **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Office of the U.S. Trustee / SR
USTPRegion17.SF.ECF@usdoj.gov

Elvina Rofael on behalf of U.S. Trustee Office of the U.S. Trustee / SR
elvina.rofael@usdoj.gov, Katina.Umpierre@usdoj.gov,GemMil.Langit@usdoj.gov

Victor A. Sahn on behalf of Debtor Spring Mountain Vineyard Inc.
victor.sahn@gmlaw.com, vsahn@ecf.inforuptcy.com

Phillip John Shine on behalf of U.S. Trustee Office of the U.S. Trustee / SR
phillip.shine@usdoj.gov

**3. SERVED BY OVERNIGHT MAIL AND EMAIL**

**Debtor**
Spring Mountain Vineyard Inc.
2805 Spring Mountain Road
St. Helena, CA 94574-1798
Attn: Don Yannias, President
email: don@bimi.com

**Debtor's Financial Advisor And Chief Restructuring Officer**
Attn: Kevin A. Krakora, Managing Director
Getzler Henrich & Associates LLC, a Hilco Global Company
150 S. Wacker Drive | 24th Floor
Chicago, IL 60606
Tel: (312) 283-8071
email: kkrakora@getzlerhenrich.com

**U.S. Trustee**

Tracy Hope Davis
United States Trustee for Region 17
Office of The United States Trustee
450 Golden Gate Avenue, 5th Floor, Suite #05-0153
San Francisco, CA 94102
Tel: (415) 705-3300

**Attorneys For U.S. Trustee**

Office of the United States Trustee
Attn: Elvina Rofael
450 Golden Gate Ave., Rm. 05-1053
San Francisco, California 94102
email: Elvina.Rofael@usdoj.gov
Tel: (415) 705-3333

CC 51988413v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                F 9013-3.1.PROOF.SERVICE

Case: 22-10381    Doc# 16    Filed: 10/04/22    Entered: 10/04/22 11:20:27    Page 14 of 20

Office of the United States Trustee
Attn: Phillip J. Shine
280 South First Street, Rm. 268
San Jose, CA 95113
email: phillip.shine@usdoj.gov
Tel: (408) 535-5526

**Secured Creditors**

MGG (BV) Limited
MGG Canada Fund LP
MGG Insurance Fund Series Interests of t
MGG Investment Group LP
MGG Onshore Funding I LLC
MGG SF Drawdown Master Fund (Cayman) LP
MGG SF Drawdown Unlevered Fund II LP
MGG SF Drawdown Unlevered Fund LP
MGG SF Drawdown Unlevered Master Fund I
MGG SF Evergreen Unlevered Fund LP
MGG SF Evergreen Master Fund (Cayman) LP
MGG SF Evergreen Unlevered Fund LP
MGG SF Evergreen Unlevered Master Fund I
MGG Specialty Finance Fund I LP
MGG Specialty Finance Fund LP

c/o MGG California, LLC
One Penn Plaza 53rd Fl
Attn Kevin F. Griffin, CEO
New York, NY 10119-0002
Tel: (212) 356-6100
creditagreementnotices@mgginv.com

MGG Investment Group LP
One Penn Plaza 53rd Fl
Attn Kevin F. Griffin, CEO
New York, NY 10119-0002
Tel: (212) 356-6100
creditagreementnotices@mgginv.com

**Counsel for Secured Creditors**

Bradley R. Bobroff, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036-8299
Tel: (212) 969-3643
email: bbobroff@proskauer.com

CC 51988413v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012         Case: 22-10381    Doc# 16    Filed: 10/04/22    Entered: 10/04/22 11:20:27    Page 15 of
                                                              20                              F 9013-3.1.PROOF.SERVICE

Scott P. Cooper, Esq.
Proskauer Rose LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3010
Tel: (310) 284-5669
email: scooper@proskauer.com

Frederic Ragucci, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036-8299
Tel: (212) 969-3023
email: FRagucci@proskauer.com

Jeff. J. Marwil, Esq.
Proskauer Rose LLP
70 W. Madison
Suite 3800
Chicago, IL 60602-4342
email: jmarwil@proskauer.com

**20 Largest Unsecured Creditors**
Allen Group
Attn: Timothy Allen, CPA - Managing Partner
120 Stony Point Road, #230
Santa Rosa, CA 95401
(707) 528-3860
tim@allenwine.com
Tim@allengroupllp.com
Brent Garrison
Brent@allengroupllp.com

Bartelt Engineering
Attn: Paul Bartelt
303 Jefferson St #200B
Napa, CA 94559
(707) 258-1301

Belkorp AG, LLC
Attn: Laura Correll, Accounting
2413 Crows Landing Rd
Modesto, CA 95358
(209) 205-3706
ar@belkorpag.com

Brown's Auto Parts
Attn Dan Beltramai, Owner
1218 Main St.
Saint Helena, CA 94574-1901
(707) 963-3638

CC 51988413v1  This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                       F 9013-3.1.PROOF.SERVICE

Case: 22-10381    Doc# 16    Filed: 10/04/22    Entered: 10/04/22 11:20:27    Page 16 of 20

brownsauto169@gmail.com

Castino Restaurant Equipment And Supply
50 Utility Ct.
Rohnert Park, CA 94928-1659
(707) 585-3566
sales@castinosolutions.com

Central Valley
Attn: Gerry Cruz, Accounting Mgr.
1100 Vintage Avenue.
Saint Helena, CA 94574
707 261-1900
gerryc@centralvalley.com

Chubb Group of Insurance Companies
P.O. Box 777-1630
Philadelphia, PA 19175-0001
(800) 372-4822

Conway Beverage Group, LLC
Dba: Elite Brands
3238 Old Heather Rd.
San Diego, CA 92111-7716
Attn: Mr. Jay Conway

Famille Sylvain
855 Bordeaux Way #239
Napa, CA 94558-7549
(707) 492-3308

Francois Freres USA Inc.
1403 Jefferson St.
Napa, CA 94559-1708
(707) 294-2204

G3 Enterprises Inc.
(Tapp Labels)
580 Gateway Dr.
Napa, CA 94558
(707) 252-8300

IPFS
49 Stevenson St. #127
San Francisco, CA 94105-2909
(877) 687-9826

Napa County Treasurer
1195 3rd St. #108
Napa, CA 94559-3035

CC 51988413v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012  Case: 22-10381    Doc# 16    Filed: 10/04/22    Entered: 10/04/22 11:20:27    Page 17 of 20    F 9013-3.1.PROOF.SERVICE

(707) 253-4311

Napa Ford Lincoln
170 Soscol Ave.
Napa, CA 94559
(707) 255-2580

Napa Valley Petroleum
P.O. Box 2670
Napa, CA 94558-0528
(707) 252-6888

Ramondin U.S.A. Inc.
541 Technology Way
Napa, CA 94558
(707) 944-2277

Stanzler Law Group
Attn: Jordan S. Stanzler
390 Bridge Pkwy #220
Redwood City, CA 94065
(650) 739-0200
email:  Jstanzler@stanzlerlawgroup.com

Tonnellerie Sylvain
855 Bordeaux Way
Napa, CA 94558
(707) 492-3308

Wilbur Ellis Company LLC
c/o Registered Agent Solutions Inc.
720 14th St.
Sacramento, CA 95814-1905
(707) 963-3495

Wine Service Cooperative
1150 Dowdell Lane
Saint Helena, CA 94574
Attn:  Bob Holmes
General Manager
Tel: (707) 963-9474
Fax: (707) 963 9359
bob@wineservicecoop.com

**Critical Vendor**

C Q & A Consulting
P.O. Box 777
Pinole, CA 94564
Attn:  Deanna Leon

CC 51988413v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                              F 9013-3.1.PROOF.SERVICE

Case: 22-10381    Doc# 16    Filed: 10/04/22    Entered: 10/04/22 11:20:27    Page 18 of 20

Tel: (510) 964-7901
Fax: (510) 223-8140
email: dleon@cqaconsult.com

**Request for Special Notice**
Attorneys for Mt. Hawley Insurance Company
Michael D. Prough
Dean C. Burnick
Prough Law, APC
1550 Parkside Drive, Suite 200
Walnut Creek, CA 94596
T: (925) 433-5894
F: (925) 482-0929
Email: mdp@proughlaw.com
dcb@proughlaw.com

Dept. of the Treasury, Alcoholic Beverage Control
Attn: Tracie Parker, Lic. Rep. I
50 D Street Room 130
Santa Rosa, CA. 95404
Phone: (707) 576-2165
Fax: (707) 638-9537

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346
(800) 973-0424

California Department of Tax and Fee Administration
Special Operations Bankruptcy Team MIC: 74
P.O. Box 942879
Sacramento, CA 94279-0074
(800) 400-7115

Franchise Tax Board
Bankruptcy Section, MS A-340
P.O. Box 2952
Sacramento, CA 95812-2952
916-845-4750

Employment Development Department
Bankruptcy Unit-MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Service by Mail Address:
Employment Development Department
Attn: MIC 53
800 Capital Mall
Sacramento, CA 95814

CC 51988413v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012  F 9013-3.1.PROOF.SERVICE

Case: 22-10381   Doc# 16   Filed: 10/04/22   Entered: 10/04/22 11:20:27   Page 19 of 20

**Courtesy Email**

Jay B. Spievack, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave., Suite 2400
New York NY 10170-2499
email:  jspievack@ctswlaw.com

Joseph Vann, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave., Suite 2400
New York NY 10170-2499
email:  jvann@ctswlaw.com

Will Densenberger
Engel & Volkers St. Helena - Napa Valley
1111 Main Street, Suite A
St. Helena, CA 94574
(707) 302-8133
email:  will@nvwineestates.com

John C. Vaughan
Newmark Knight Frank
4675 MacArthur Court, Suite 1600
Newport Beach, CA 92660
email:  john.vaughan@nmrk.com

Peter Ekman:  PEkman@hilcoglobal.com

Mark Kasowitz:  MKasowitz@kasowitz.com

Gavin D. Schryver:  GSchryver@kasowitz.com

CC 51988413v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  Case: 22-10381    Doc# 16    Filed: 10/04/22    Entered: 10/04/22 11:20:27    Page 20 of 20    **F 9013-3.1.PROOF.SERVICE**