1  Victor A. Sahn (CA Bar No. 97299)
     *victor.sahn@gmlaw.com*
2  Mark S. Horoupian (CA Bar No. 175373)
     *mark.horoupian@gmlaw.com*
3  Steven F. Werth (CA Bar No. 205434)
     *steven.werth@gmlaw.com*
4  Greenspoon Marder LLP
   a Florida limited liability partnership
5  333 South Grand Ave., Suite 3400
   Los Angeles, CA 90071
6  Telephone: 213.626.2311
   Facsimile: 954.771.9264
7

8  Attorneys for Debtor and Debtor in Possession
   Spring Mountain Vineyard Inc.

9              **UNITED STATES BANKRUPTCY COURT**

10            **NORTHERN DISTRICT OF CALIFORNIA**

11                  **SANTA ROSA DIVISION**

| | |
|---|---|
| 12  In re: | Case No. 1:22-bk-10381 |
| 13  SPRING MOUNTAIN VINEYARD INC., a Delaware corporation, | Chapter 11 |
| 14 | **DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING PAYMENT** |
| 15            Debtor. | **AND/OR HONORING OF PREPETITION EMPLOYEE COMPENSATION, BENEFITS, REIMBURSEMENTS,** |
| 16  Federal EIN: 36-3844911 | **WITHHOLDING TAXES, ACCRUED VACATION, AND RELATED EMPLOYEE** |
| 17 | **CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| 18 | **THEREOF** |
| 19 | [11 U.S.C. §§ 363, 507(a)(4) and (5); B.L.R. 9006-1, 9013-1, 9013-2, 9014-1] |
| 20 | |
| 21 | *[Omnibus Declaration of Constantine S. Yannias filed concurrently herewith]* |
| 22 | |
| 23 | Date:     October 6, 2022 |
|    | Time:     3:00 p.m. |
| 24 | Place:    U.S. Bankruptcy Court |
|    |                99 South "E" Street |
| 25 |                Santa Rosa, CA 95404 |
|    |                ***Via Zoom*** |

26

27

28

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

**TO THE HONORABLE CHARLES NOVACK, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; AND OTHER INTERESTED PARTIES:**

## EMERGENCY MOTION

Pursuant to 11 U.S.C. §§ 363, and 507(a)(4) and (a)(5), and all applicable Bankruptcy Local Rules, Spring Mountain Vineyard Inc., a Delaware corporation, the debtor and debtor in possession in the above-captioned case (the "Debtor"), hereby moves this Court, on an emergency or other expedited basis, for an order authorizing the Debtor's payment and/or honoring of pre-petition employee obligations, including compensation, benefits, reimbursements, withholding taxes, accrued vacation, and other related employee claims (the "Motion").

This Motion is based upon these moving papers, the accompanying memorandum of points and authorities, the concurrently-filed *Omnibus Declaration Of Constantine S. Yannias In Support Of Debtor's "First-Day" Emergency Motions* (the "Omnibus Declaration"), the record in this case, the arguments and representations of counsel, and any other evidence or argument that may be presented prior to or at the hearing on this Motion.

The Debtor has provided notice of this Motion by email, facsimile, and/or personal delivery to: (i) the Office of the United States Trustee, (ii) the 20 largest general unsecured creditors, (iii) the Debtor's secured lenders, (iv) the Debtor's banking institution, and (v) any party requesting special notice. The Debtor will provide notice to any other parties as may be directed by the Court.

## BRIEF BACKGROUND

On September 29, 2022 (the "Petition Date"), the Debtor commenced the above-captioned bankruptcy case  The Debtor owns and operates an approximately 850-acre winery on four adjacent vineyard estates St. Helena, California, in Napa County (the "Business").

Over a century old, the Debtor's property features several vineyard blocks, each with a different elevation, soil, and exposure to the elements, and each producing a unique and diverse grape.  The Debtor also possesses use permits from Napa County allowing it to manufacture

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

2

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1   48,000 gallons of wine per year at the vineyard. The vineyard's library is comprised of

2   approximately 79,000 cases of wine that include vintages going back to 1979.

3   As more specifically discussed in the Omnibus Declaration, facing potential loss of its

4   vineyard and overall operations to its secured lenders, the Debtor commenced this reorganization

5   case in order to pursue a restructuring of its operations and debt. The Debtor believes that a

6   successful overall reorganization would maximize the value of this bankruptcy estate (the

7   "Estate") and allow the Debtor to emerge from chapter 11 with a reorganized and ongoing

8   business.

9   **RELIEF SOUGHT AND NEED FOR EXPEDITED HEARING**

10   In connection with operation of the Business, as of the Petition Date, the Debtor has 61

11   employees (not including insiders) (collectively, the "Employees," and each, an "Employee").

12   The Debtor may hire additional employees to meet potential increased customer demand.

13   Of the Debtor's Employees: (i) 45 conduct farming-related activities on the Debtor's

14   vineyard, including, for example, harvesting grapes, pruning, weeding, and fertilizing (the

15   "Vineyard Employees"), services that are particularly critical at this time of year, and (ii) the

16   remaining 16, which include the Debtor's winemaker, vineyard manager, VP of sales and

17   marketing, and other employees involved in management, production, sales, and marketing-related

18   activities for the Debtor (the "Corporate Employees").

19   Each of the Vineyard Employees are paid on an hourly basis. As for the Corporate

20   Employees, nine are salaried and seven are paid on an hourly basis. All of the Corporate

21   Employees and 12 of the Vineyard Employees are employed on a full-time basis. The other 33

22   Vineyard Employees currently work 40 hours per week to perform necessary harvesting activities

23   essential for this time of year, but their employment currently is expected to terminate once the

24   harvest ends (estimated to be around October 15, 2022). A true and correct list of the Debtor's

25   current Employees, including each Employee's job title/position/role, bi-weekly basic

26   compensation amounts or hourly rate, compensation status (salaried or hourly), and full-time or

27

28

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

hourly employment status, is attached hereto as **Exhibit 1**.[1]  None of the Employees identified on **Exhibit 1** is an insider of the Debtor, as that term is defined in 11 U.S.C. § 101(31).

The Debtor pays its Employees biweekly, for a total of 26 payroll dates per year, generally paid one week in arrears.  The Debtor utilizes Paychex as its payroll processor.  As more particularly described in the Debtor's concurrently-filed motion for order authorizing the Debtor to maintain its bank accounts and cash management system (the "Cash Management Motion"), the Debtor maintains a payroll account, through which the Debtor makes direct deposits to certain Employees.  All other employees are provided paper payroll checks, issued by Paychex, against this payroll account.  Such checks issued for the most recent pre-petition payroll likely were not cashed prior to the Petition Date.

The Debtor's most recent payroll covered the period from September 11, 2022, to and including September 24, 2022, for which Debtor remitted funds to Paychex on September 28, 2022.

The Debtor's first payroll due post-petition falls on October 14, 2022.  In order to meet this date, the Debtor must remit the necessary funds to Paycheck by October 12, 2022.  This next payroll will cover the period from September 25, 2022, through and including October 8, 2022.  As a result, this payroll period will cover four days of pre-petition wages and 10 days of post-petition wages (including the Petition Date).

The average amount the Debtor needs for any given payroll period ranges from approximately $150,000 to $175,000 for basic wages only (not including any benefits or employer taxes, or reimbursement for any expenses).  The Debtor anticipates the next payroll for Employees will total approximately $175,000.

The Debtor offers its full-time Employees various benefits as part of their overall compensation package.  Such benefits include coverage plans for medical (via AG Health), dental (via Delta Dental), and vision (via VSP Vision Care).  The Debtor pays approximately $45,000

---

[1] To address privacy concerns, **Exhibit 1** omits the names of the Employees.

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

per month towards the Employee medical plan. The Debtor also offers its full-time Employees the opportunity to participate in a 401(k) plan. The Debtor withholds in the aggregate of approximately $3,500 per pay period from its full-time Employees' pay on account of the 401(k) plan, and pays approximately $2,500 per month in 401(k) administrator fees. As part of the relief sought in this Motion, the Debtor seeks authority to pay any pre-petition amounts withheld from such Employees' pay on account of the 401(k) plan that were not remitted to the administrator prior to commencement of this case.

Employees accrue paid vacation after 30 days from the beginning of employment as full-time employees. Employees accrue paid sick leave in accordance with California law. Twenty-four hours of such sick leave is available to every California employee starting every January 1. These sick leave days do not carry over to the next period, and unused hours are not paid out upon termination.

Employees are entitled to reimbursement of certain business-related expenses. Employees seeking such reimbursement submit mileage and expense reimbursements to the Debtor's Accounts Payable department. The Debtor estimates that some of the Employees will not have timely submitted receipts and/or other documentation for a minimal amount of reimbursement of business expenses as of the Petition Date. Further, some reimbursement checks that were issued prior to the Petition Date will likely not have been cashed before the Petition Date. The Debtor estimates that the total of both the unpaid expenses and outstanding checks for expenses already paid will total less than $100.

As a result of the Debtor's commencement of this case, absent Court order, the Debtor will be restricted from paying and/or honoring accrued and unpaid wages, salaries, vacation, and other forms of employee compensation and benefits attributable to the pre-petition period.

This Motion also seeks authority to pay and/or honor all wages, compensation, benefits, reimbursements, withholding and payroll taxes, accrued vacation time, and related claims (collectively with Employee wages, the "Employee Compensation"), with respect to the outstanding pre-petition period and on an ongoing basis for post-petition period, as well as to authorize and direct the bank against which pre-petition checks for Employee Compensation and

5

claims were issued (JP Morgan Chase Bank, the "Issuing Bank") to honor any such pre-petition checks, including, but not necessarily limited to, any payroll checks or expense reimbursement checks issued prior to the Petition Date that were not cashed by the Employees before the Petition Date.

Approval of the Motion is necessary in order to maintain workforce stability, morale, and loyalty, and in order to sustain the work ethic and effort of the Debtor's workforce and Employees. If the Debtor is not authorized to pay and honor the Employee Compensation as requested herein, the Debtor and its efforts to maximize the value of the Estate and creditor recovery could be immediately and severely disrupted. For this reason, the Debtor has requested that the Motion be heard on an expedited basis.

**FOR THESE REASONS**, the Debtor respectfully request that this Court enter an order substantially in the form attached hereto as **Exhibit 2**:

1.    granting the Motion;

2.    authorizing (but not directing) the Debtor to pay and/or honor all Employee Compensation on an uninterrupted basis, including with respect to the pre-petition period;

3.    authorizing (but not directing) the Debtor to continue to honor its pre-petition employee benefits programs and policies, and to provide the various related employee benefits, on an uninterrupted basis;

4.    authorizing and directing the Issuing Bank to honor any pre-petition checks or other payments for or with respect to the Employee Compensation; and

5.    providing such other and further relief as is proper.

Dated:  October 4, 2022

Greenspoon Marder LLP
a Florida limited liability partnership

By: _____
Victor A. Sahn
Mark S. Horoupian
Steven F. Werth
Bankruptcy Counsel for Spring Mountain Vineyard Inc.

**GREENSPOON MARDER LLP**
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

6

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

## MEMORANDUM OF POINTS AND AUTHORITIES[2]

The Debtor hereby submits the following memorandum of points and authorities in support of the Motion.

### I.

### INTRODUCTION

The Debtor hereby incorporates the statements contained in the Omnibus Declaration.

The Employees are essential to the Debtor's ongoing operation of its Business. This Motion, therefore, requests that the Court authorize (but not direct) the payment and/or the honoring of prepetition employee compensation, employee benefits, employee reimbursements, withholding and payroll taxes, accrued vacation time, and related employee claims.

Creditors will not be prejudiced if the Debtor receives the requested authorization. Approval of this Motion is necessary in order to maintain employee stability, morale, and loyalty and in order to sustain the Employees' work ethic and effort. The relief sought by and the grounds and reasons supporting this Motion are more fully discussed below and in the Omnibus Declaration.

### II.

### BACKGROUND

**A.    The Employees**

In connection with operation of the Business, as of the Petition Date, the Debtor has 61 employees (not including insiders). The Debtor may hire additional employees to meet potential increased customer demand.

Of the Debtor's 61 Employees: (i) 45 conduct farming-related activities on the Debtor's vineyard, including, for example, harvesting grapes, pruning, weeding, and fertilizing, services that are particularly critical at this time of year, and (ii) the remaining 16, which include the Debtor's winemaker, vineyard manager, VP of sales and marketing, and other employees involved

---

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the motion to which this memorandum of points and authorities is attached.

Case: 22-10381    Doc# 17    Filed: 10/04/22    Entered: 10/04/22 11:26:19    Page 7 of 31

in management, production, sales, and marketing-related activities for the Debtor (the "Corporate Employees").

Each of the Vineyard Employees are paid on an hourly basis. As for the Corporate Employees, nine are salaried and seven are paid on an hourly basis. All of the Corporate Employees and 12 of the Vineyard Employees are employed on a full-time basis. The other 33 Vineyard Employees currently work 40 hours per week to perform necessary harvesting activities essential for this time of year, but their employment currently is expected to terminate once the harvest ends (estimated to be around October 15, 2022). A true and correct list of the Debtor's current Employees, including each Employee's job title/position/role, bi-weekly basic compensation amounts or hourly rate, compensation status (salaried or hourly), and full-time or hourly employment status, is attached hereto as **Exhibit 1**.

None of the Employees identified on **Exhibit 1** is an insider of the Debtor, as that term is defined in 11 U.S.C. § 101(31).

**B.**     **Pay Periods**

The Debtor pays its Employees biweekly, for a total of 26 payroll dates per year, generally paid one week in arrears. The Debtor utilizes Paychex as its third party payroll processor. The Debtor funds its payroll by transfer the necessary amount of funds to Paychex from the Debtor's payroll account approximately two days before any given pay period. As more particularly described in the Cash Management Motion, the Debtor maintains a payroll account, through which the Debtor makes direct deposits to certain Employees. All other employees are provided paper payroll checks, issued by Paychex, against this payroll account. Such checks issued for the most recent pre-petition payroll likely were not cashed prior to the Petition Date.

The Debtor's most recent payroll covered the period from September 11, 2022, to and including September 24, 2022, for which Debtor remitted funds to Paychex on September 28, 2022.

The Debtor's first payroll due post-petition falls on October 14, 2022. In order to meet this date, the Debtor must remit the necessary funds to Paycheck by October 12, 2022. This next payroll will cover the period from September 25, 2022, through and including October 8, 2022.

As a result, this payroll period will cover four days of pre-petition wages and 10 days of post-petition wages (including the Petition Date).

The average amount the Debtor needs for any given payroll period ranges from approximately $150,000 to $175,000 for basic wages only (not including any benefits or employer taxes, or reimbursement for any expenses). The Debtor anticipates the next payroll for Employees will total approximately $175,000.

**C.     Employee Benefits**

The Debtor offers its full-time Employees various benefits as part of their overall compensation package. Such benefits include coverage plans for medical (via AG Health), dental (via Delta Dental), and vision (via VSP Vision Care). The Debtor pays approximately $45,000 per month towards the Employee medical plan. The Debtor also offers its full-time Employees the opportunity to participate in a 401(k) plan, named the Spring Mountain Vineyard 401(k) Profit Sharing Plan. The Debtor withholds in the aggregate of approximately $3,500 per pay period from its full-time Employees' pay on account of the 401(k) plan, and pays approximately $2,500 per month in 401(k) administrator fees. As part of the relief sought in the Motion, the Debtor seeks authority to pay any pre-petition amounts withheld from such Employees' pay on account of the 401(k) plan that were not remitted to the administrator prior to commencement of this case.

Employees accrue paid vacation after 30 days from the beginning of employment as full-time employees. Employees accrue paid sick leave in accordance with California law. Twenty-four hours of such sick leave is available to every California employee starting every January 1. These sick leave days do not carry over to the next period, and unused hours are not paid out upon termination.

**D.     Expense Reimbursements**

Employees are entitled to reimbursement of certain business-related expenses. Employees seeking such reimbursement submit mileage and expense reimbursements to the Debtor's Accounts Payable department. The Debtor estimates that some of the Employees will not have timely submitted receipts and/or other documentation for a minimal amount of reimbursement of business expenses as of the Petition Date.

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

9

Further, some reimbursement checks that were issued prior to the Petition Date will likely not have been cashed before the Petition Date. The Debtor estimates that the total of both the unpaid expenses and outstanding checks for expenses already paid will total less than $100.

**III.**

**SCOPE OF RELIEF REQUESTED AND NEED FOR EXPEDITED HEARING**

Each of the Employees for whom the Debtor requests the relief in the Motion is currently working for the Debtor. The Debtor will not pay pre-petition wages or compensation or claims to employees who are no longer engaged by the Debtor or to any employees who may have notified the Debtor that they will be leaving.

The Debtor is not seeking to pay out the vacation pay to the Employees, but only to honor accrued vacation days in the ordinary course of its business. The Debtor will not pay any Employee any amount for pre-petition claims in excess of $15,150.

The Debtor anticipates that the Debtor's next payroll for Employees will total approximately $175,000. Subject to Court authorization to use cash collateral, the Debtor believes it will have sufficient funds to make this payment, without rendering the Estate administratively insolvent.

As a result of the Debtor's commencement of this case, absent Court order, the Debtor will be restricted from paying and/or honoring accrued and unpaid wages, salaries, vacation, and other forms of employee compensation and benefits attributable to the pre-petition period.

In large part, the Debtor's ongoing operations, the opportunity for the Debtor to maximize the value of the Estate, and the Debtor's ability to meet its obligations is dependent upon a stable and productive workforce. Many of the Employees simply cannot afford to miss, or be deprived of, a pay period or payment or benefits they receive in the ordinary course of their engagement. And, to the extent the Debtor is not authorized to make a full payroll payment to them on the upcoming pay period, the Debtor believes that some of the Employees will suffer extreme personal hardship and, in many cases, may be unable to pay basic living expenses.

The stability of the workforce pool is tenuous. The labor pool is mobile. At the same time, it could be difficult for the Debtor to find qualified replacement employees with the

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

10

unfavorable publicity of disrupted pay or benefits. Even if replacements could be hired, it could take significant time before they could be fully trained and qualified for the jobs, resulting in further disruption and harm to the Debtor's Business, and the Debtor's ability to maximize the value of the Estate. Any disruption in the workforce would harm the Debtor's operations. This particularly true with respect to the Vineyard Employees who provide harvesting and related services. Harvesting the grapes on the Debtor's vineyard for ultimate production of wine in the Debtor's winery is critical at this time of year.

## IV.

## BASIS FOR RELIEF

### A.    The Requested Relief is Within the Limits of Section 507(a) of the Bankruptcy Code

Sections 507(a)(4) and (5) of the Bankruptcy Code provides that certain claims are entitled to priority. Section 507(a)(4) provides priority to the extent of $15,150 per individual earned for wages, salaries, or commissions earned within 180 days of the filing of the petition, or the cessation of the Debtor's business, whichever is earlier. *See* 11 U.S.C. § 507(a)(4).[3]

Further, individuals are provided with a priority claim arising from services rendered within 180 days before the filing date of the petition or the cessation of the Debtor's business, whichever is earlier, for contributions to an employee benefit plan, for each plan, to the extent that (1) the number of employees covered by the plan multiplied by $15,150; less (2) the aggregate amount paid to such employees under paragraph (4) of the subsection, plus the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan. See 11 U.S.C. § 507(a)(5).

Basic compensation information for each Employee is set forth in the table attached hereto as **Exhibit 1**. The Debtor is not seeking to pay out the vacation pay to the Employees, but only to honor accrued vacation days in the ordinary course of its business. The Debtor submits that it is appropriate to honor such claims, provided, however, that the vacation pay is not actually paid out.

---

[3] Effective April 1, 2022, the 507(a)(4) and (a)(5) priority limits increased from $13,650 to $15,150.

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

Moreover, the Debtor will not pay any Employee any amount for pre-petition claims in excess of the $15,150 priority limit.

**B.** **The Requested Relief is Necessary and Appropriate**

The prepetition workforce-related obligations the Debtor seeks authorization to pay would be entitled to priority treatment. Section 507 of the Bankruptcy Code sets forth the disbursement priorities of expenses and claims. Subsections 507(a)(4) and (5) describe the priority provided employee-related claims and expenses as follows:

> (4) Fourth, allowed unsecured claims, but only to the extent of $13,650 [adjusted to $15,150 as of April 1, 2022] for each individual . . . earned within 180 days before the date of the filing of the petition . . . for --
>
> (A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual . . . .
>
> (5) fifth, allowed unsecured claims for contributions to an employee benefit plan –
>
> (A) arising from services rendered within 180 days before the date of the filing of the petition . . . but only
>
> (B) for each such plan, to the extent of –
>
> (i) the number of employees covered by each such plan multiplied by $13,650 [adjusted to $15,150 as of April 1, 2022]; less
>
> (ii) the aggregate amount to be paid to such employees under paragraph (3) of this subsection, plus the aggregate amount paid by the estate on behalf such employees to any other employee benefit plan.

11 U.S.C. §§ 507(a)(4) and (5).

Payroll taxes are also entitled to priority treatment. The third priority includes the so-called "trust fund taxes," that is, withheld income taxes and the employee's share of social security taxes. *See* 4 *Collier on Bankruptcy*, ¶ 507.10[3][c], p. 507-72 (15 Ed. Rev. 2001).

> With respect to wages earned before the petition but actually paid by the trustee [or debtor in possession] after the title 11 case commenced, taxes required to be withheld receives the same priority as the wages themselves. Thus, the employees' share of taxes on third priority wages also receives third priority.

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

12

S. Rep. No. 95-989, 95th Cong., 2d Sess., 71-72 (1982).

Trust fund taxes are given fourth priority if the underlying wages receive fourth priority. They are part of the wage claims and, therefore, are entitled to a fourth priority, although the government is paid rather than the employee. No express provision is contained in section 507 to that effect, because it is unnecessary. Section 346(f) requires that a Debtor in possession withhold from any payment of claims for wages in the amount required to be withheld or collected under applicable state or local tax law and pay it to the appropriate governmental unit, with the same priority as the claim from which such amount was withheld. The employer's portion of the employment tax and the employer's portion of the social security tax on fourth priority compensation are included in the eighth priority category for taxes.

Bankruptcy courts have granted the relief sought in this matter in many other cases. Moreover, such relief is generally granted on a routine "first day" basis in many cases. *See, e.g.*, *In re Gulf Air, Inc.,* 112 B.R. 152 (Bankr. W.D. La. 1989); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174 (Bankr. S.D.N.Y. 1989). Allowing relief for the payment of the employee-related expenses sought herein is based on the recognition that the Employees are indispensably necessary to the continued operation of the Debtor's Business and the success of this chapter 11 case. Accordingly, such payment will ultimately benefit all creditors. *See In re CEI Roofing, Inc.*, 315 B.R. 50, 60 (Bankr. N.D.Tex. 2004).

The "necessity of payment" doctrine "recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay prepetition claims where such payment is essential to the continued operation of the debtor." *In re Ionosphere Clubs, Inc.*, 98 B.R. at 176. The Third Circuit, in *In re Lehigh & New England Railway Co.*, 657 F.2d 570, 581 (3rd Cir. 1981), described the doctrine as follows:

> [T]he 'necessity of payment' doctrine . . . [permits] immediate payment of claims of creditors where those creditors will not supply services or materials essential to the conduct of the business until their pre-reorganization claims shall have been paid.

*In re Lehigh & New England Railway Co.*, 657 F.2d at 581 (quoting *In re Penn Central Transp. Co.*, 467 F.2d 100, 102, n.1 (3rd Cir. 1972)). While the "necessity of payment" doctrine originally

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

13

developed in the context of railroad reorganizations under the Bankruptcy Act, it has been applied in nonrailroad bankruptcies. *See In re Gulf Air, Inc.*, 112 B.R. at 153; *In re Eagle-Picher Indus., Inc.*, 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) ("[T]o justify payment of a pre-petition unsecured creditor, a debtor must show that the payment is necessary to avert a serious threat to the Chapter 11 process"); *In re Ionosphere Clubs, Inc.*, 98 B.R. at 176 ("The rationale for the 'necessity of payment' rule, *i.e.*, facilitating the continued operation and rehabilitation of the debtor in railroad reorganization cases, is also a paramount goal of Chapter 11"). In *Dudley v. Mealey*, 147 F.2d 268 (2nd Cir. 1945), *cert. denied*, 325 U.S. 873, 65 S.Ct. 1415, 80 L.Ed 1991 (1945), a reorganization case involving a hotel, Judge Learned Hand, in applying the necessity of payment doctrine, stated:

> Let it [the debtor's operations] once be shut down, and it will lose much of its value . . . . Some priority [the tradesmen supplying the hotel prepetition] may be essential to preservation of the business during that period as it is later.

*Id.* at 271. Approval of the Motion is essential in order to maximize creditors' recovery and preserve jobs for the Debtor's non-insider level employees – paramount policies underlying and goal of this chapter 11 case. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 527-28, 1045 S.Ct. 1188, 1197, 79 L.Ed. 2d (1984).

Courts have recognized that the need to pay employee priority wage claims "in an ordinary course of business time frame is simple common sense." *In re Equalnet Communications Corp.*, 258 B.R. 368, 370 (Bankr. S.D. Tex. 2001) ("Employees are more likely to stay in place and to refrain from actions that could be detrimental to the case and/or the estate if their pay and benefits remain intact and uninterrupted"). These priority wage claims are typically "payable out of necessity as well as by virtue of their priority." *In re CoServ LLC*, 273 B.R. 487, 493 n.10 (Bankr. N.D. Tex. 2002). Moreover, the analysis regarding payment of prepetition general unsecured claims in a chapter 11 case prior to confirmation of a plan of reorganization is not the same for priority claims. One court explained this distinction, stating:

> While certain conditions must be present for the court to approve the payment of prepetition general unsecured claims, the analysis is not the same for priority claims.... [T]he payment of prepetition wage

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

14

claims of employees that qualify as priority claims under § 507(a)(3) does not trigger the same concerns (i.e., upsetting priorities under the Code and unfair discrimination among general unsecured claims) . . . . T]he Court . . . has the authority pursuant to § 105 and § 507(a)(3) and (4) to authorize the payment of priority wage claims and employee benefits prior to the confirmation of a plan.

*In re CEI Roofing, Inc.*, 315 B.R. at 60.

There will be no prejudice to creditors resulting from the Court's authorization for the Debtor to honor pre-petition workforce-related obligations as requested herein. Authorization to make such payments is necessary for continued operations and the Debtor's ability to avoid jeopardizing its efforts to maximize the value of the Estate.

## C.   The Requested Relief Will Not Render the Estate Administratively Insolvent

The Debtor anticipates that the next payroll for Employees will total approximately $175,000. Subject to Court authorization to use cash collateral, the Debtor believes it will have sufficient funds to make this payment without rendering the Estate administratively insolvent.

**V.**

**CONCLUSION**

Based on the foregoing, the Court grant the Motion and enter an order substantially in the form attached hereto as **Exhibit 2**.

Dated: October 4, 2022

Greenspoon Marder LLP
A Florida limited liability partnership

By: _____
Victor A. Sahn
Mark S. Horoupian
Steven F. Werth
Bankruptcy Counsel for Spring Mountain Vineyard Inc.

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

# EXHIBIT 1

**Employee Data and Custom Fields**

**Spring Mountain
Vineyard**

| Corporate Employee | Position | Pay Rate 1 | Salary Indicator | Time % |
|---|---|---|---|---|
| 1 | Winemaker | 5,192.31 | Salary | 100 |
| 2 | DTC Director | 4,807.70 | Salary | 100 |
| 3 | Office Manager | 2,800.00 | Salary | 100 |
| 4 | Wine Club Manager | 2,951.54 | Salary | 100 |
| 5 | Mechanic | 2,740.41 | Salary | 100 |
| 6 | Housekeeper | 24.00 | Hourly | 100 |
| 7 | DTC Staff | 26.00 | Hourly | 100 |
| 8 | Tasting Room Manager | 3,076.93 | Salary | 100 |
| 9 | Production Assistant | 23.00 | Hourly | 100 |
| 10 | Vineyard Manager | 10,000.00 | Salary | 100 |
| 11 | Maintenance Garden | 24.00 | Hourly | 100 |
| 12 | Enologist | 28.00 | Hourly | 100 |
| 13 | Asst. Wine Maker | 3,076.93 | Salary | 100 |
| 14 | DTC Staff | 22.00 | Hourly | 100 |
| 15 | VP Sales & Marketing | 9,038.46 | Salary | 100 |
| 16 | DTC Events | 28.00 | Hourly | 100 |

| Vineyard Employee | Position | Pay Rate 1 | Salary Indicator | Time % | |
|---|---|---|---|---|---|
| 1 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 2 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 3 | Vineyard | 22.50 | Hourly | 100 | |

**Employee Data and Custom Fields**

| | | | | | |
|---|---|---|---|---|---|
| 4 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 5 | Vineyard | 23.00 | Hourly | 100 | |
| 6 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 7 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 8 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 9 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 10 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 11 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 12 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 13 | Vineyard | 21.50 | Hourly | 100 | |
| 14 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 15 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 16 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 17 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 18 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 19 | Vineyard | 18.50 | Hourly | 100 | |
| 20 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 21 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 22 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 23 | Vineyard | 22.00 | Hourly | 100 | |
| 24 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 25 | Vineyard | 23.00 | Hourly | 100 | |
| 26 | Vineyard | 27.00 | Hourly | 100 | |
| 27 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 28 | Vineyard | 19.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 29 | Vineyard | 23.00 | Hourly | 100 | |
| 30 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 31 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 32 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 33 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 34 | Vineyard | 22.50 | Hourly | 100 | |
| 35 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 36 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |

**Employee Data and Custom Fields**

| | | | | | |
|---|---|---|---|---|---|
| 37 | Vineyard | 22.00 | Hourly | 100 | |
| 38 | Vineyard | 23.00 | Hourly | 100 | |
| 39 | Vineyard | 29.00 | Hourly | 100 | |
| 40 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 41 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 42 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 43 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 44 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |
| 45 | Vineyard | 17.00 | Hourly | | Works 40 hrs/week until harvest is over (est. Sat Oct 15) |

# EXHIBIT 2

1  Victor A. Sahn (CA Bar No. 97299)
   *victor.sahn@gmlaw.com*
2  Mark S. Horoupian (CA Bar No. 175373)
   *mark.horoupian@gmlaw.com*
3  Steven F. Werth (CA Bar No. 205434)
   *steven.werth@gmlaw.com*
4  Greenspoon Marder LLP
   a Florida limited liability partnership
5  333 South Grand Ave., Suite 3400
   Los Angeles, CA 90071
6  Telephone: 213.626.2311
   Facsimile: 954.771.9264
7

8  Attorneys for Debtor and Debtor in Possession
   Spring Mountain Vineyard Inc.

9            **UNITED STATES BANKRUPTCY COURT**

10           **NORTHERN DISTRICT OF CALIFORNIA**

11                  **SANTA ROSA DIVISION**

| | |
|---|---|
| 12  In re: | Case No. 1:22-bk-10381 |
| 13  SPRING MOUNTAIN VINEYARD INC., a Delaware corporation, | Chapter 11 |
| 14               Debtor. | **ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING PAYMENT AND/OR HONORING OF PREPETITION EMPLOYEE COMPENSATION, BENEFITS, REIMBURSEMENTS, WITHHOLDING TAXES, ACCRUED VACATION, AND RELATED EMPLOYEE CLAIMS** |
| 16               Federal EIN: 36-3844911 | |
| 19 | Hearing: |
| 20 | Date:     October 6, 2022 |
| 21 | Time:     3:00 p.m. |
|    | Place:    U.S. Bankruptcy Court |
| 22 |           99 South "E" Street |
|    |           Santa Rosa, CA 95404 |
|    |           ***Via Zoom*** |

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

The "Emergency Motion For Order Authorizing Payment and/or Honoring of Pre-Petition Employee Compensation, Benefits, Reimbursements, Withholding Taxes, Accrued Vacation, and Related Employee Claims" [Docket No. ___] (the "Motion"), filed by Spring Mountain Vineyard Inc., the debtor and debtor in possession in the above-captioned bankruptcy case (the "Debtor"), came on for hearing on an expedited basis on October 6, 2022, at 3:00 p.m., before the Honorable Charles Novack, United States Bankruptcy Judge, in his Courtroom at 99 South "E" Street, Santa Rosa, California. Appearances at the hearing were as reflected on the record.

Having considered the Motion, the Omnibus Declaration of Constantine S. Yannias in support of the Motion [Docket No. ____], any and all responses to the Motion, the record in this case, the evidence presented, and the representations and arguments of counsel made at the hearing on the Motion; and based on the facts and circumstances of this matter; and the Court finding that, pursuant to Rule 6004 of the Federal Rules of Bankruptcy Procedure, the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its bankruptcy estate; and the Court finding that notice of the Motion was proper and timely under the circumstances, and served on all necessary parties and in accordance with the Court's instructions; and good cause appearing, **IT IS HEREBY ORDERED** as follows:

1.      The Motion is GRANTED in its entirety.

2.      The Debtor is authorized (but not directed) to pay and/or honor all Employee Compensation (as that term is defined in the Motion), which includes, but is not necessarily limited to, all employee wages, compensation, benefits, reimbursements, withholding and payroll taxes, accrued vacation, and related claims, on an uninterrupted basis, including with respect to the pre-petition period.

3.      The Debtor is authorized (but not directed) to continue to honor its pre-petition employee benefits programs and policies, and to provide the various related employee benefits, on an uninterrupted basis.

/ / /

/ / /

/ / /

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

2

0020

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1         4.       The Issuing Bank (as that term is defined in the Motion) is authorized and directed

2 to honor any pre-petition checks or other payments for or with respect to the Employee

3 Compensation.

4                          # # #

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*):  DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING PAYMENT AND/OR HONORING OF PREPETITION EMPLOYEE COMPENSATION, BENEFITS, REIMBURSEMENTS, WITHHOLDING TAXES, ACCRUED VACATION, AND RELATED EMPLOYEE CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  October 4, 2022  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  October 4, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| October 4, 2022 | Patricia Dillamar | */s/Patricaa Dillamar* |
| *Date* | *Printed Name* | *Signature* |

CC 51988413v1 CC 51988413v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Office of the U.S. Trustee / SR
USTPRegion17.SF.ECF@usdoj.gov

Elvina Rofael on behalf of U.S. Trustee Office of the U.S. Trustee / SR
elvina.rofael@usdoj.gov, Katina.Umpierre@usdoj.gov,GemMil.Langit@usdoj.gov

Victor A. Sahn on behalf of Debtor Spring Mountain Vineyard Inc.
victor.sahn@gmlaw.com, vsahn@ecf.inforuptcy.com

Phillip John Shine on behalf of U.S. Trustee Office of the U.S. Trustee / SR
phillip.shine@usdoj.gov

## 3. SERVED BY OVERNIGHT MAIL AND EMAIL

**Debtor**
Spring Mountain Vineyard Inc.
2805 Spring Mountain Road
St. Helena, CA 94574-1798
Attn:  Don Yannias, President
email:  don@bimi.com

**Debtor's Financial Advisor And Chief Restructuring Officer**
Attn:  Kevin A. Krakora, Managing Director
Getzler Henrich & Associates LLC, a Hilco Global Company
150 S. Wacker Drive | 24th Floor
Chicago, IL 60606
Tel:  (312) 283-8071
email:  kkrakora@getzlerhenrich.com

**U.S. Trustee**

Tracy Hope Davis
United States Trustee for Region 17
Office of The United States Trustee
450 Golden Gate Avenue, 5th Floor, Suite #05-0153
San Francisco, CA 94102
Tel:  (415) 705-3300

**Attorneys For U.S. Trustee**

Office of the United States Trustee
Attn:  Elvina Rofael
450 Golden Gate Ave., Rm. 05-1053
San Francisco, California 94102
email:  Elvina.Rofael@usdoj.gov
Tel:  (415) 705-3333

CC 51988413v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Office of the United States Trustee
Attn: Phillip J. Shine
280 South First Street, Rm. 268
San Jose, CA 95113
email: phillip.shine@usdoj.gov
Tel: (408) 535-5526

**Secured Creditors**

MGG (BV) Limited
MGG Canada Fund LP
MGG Insurance Fund Series Interests of t
MGG Investment Group LP
MGG Onshore Funding I LLC
MGG SF Drawdown Master Fund (Cayman) LP
MGG SF Drawdown Unlevered Fund II LP
MGG SF Drawdown Unlevered Fund LP
MGG SF Drawdown Unlevered Master Fund I
MGG SF Evergreen Unlevered Fund LP
MGG SF Evergreen Master Fund (Cayman) LP
MGG SF Evergreen Unlevered Fund LP
MGG SF Evergreen Unlevered Master Fund I
MGG Specialty Finance Fund I LP
MGG Specialty Finance Fund LP

c/o MGG California, LLC
One Penn Plaza 53rd Fl
Attn Kevin F. Griffin, CEO
New York, NY 10119-0002
Tel: (212) 356-6100
creditagreementnotices@mgginv.com

MGG Investment Group LP
One Penn Plaza 53rd Fl
Attn Kevin F. Griffin, CEO
New York, NY 10119-0002
Tel: (212) 356-6100
creditagreementnotices@mgginv.com

**Counsel for Secured Creditors**

Bradley R. Bobroff, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036-8299
Tel: (212) 969-3643
email: bbobroff@proskauer.com

CC 51988413v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

Case: 22-10381    Doc# 17    Filed: 10/04/22    Entered: 10/04/22 11:26:19    Page 26 of 31

Scott P. Cooper, Esq.
Proskauer Rose LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3010
Tel:  (310) 284-5669
email:  scooper@proskauer.com

Frederic Ragucci, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, NY  10036-8299
Tel:  (212) 969-3023
email: FRagucci@proskauer.com

Jeff. J. Marwil, Esq.
Proskauer Rose LLP
70 W. Madison
Suite 3800
Chicago, IL 60602-4342
email:  jmarwil@proskauer.com

**20 Largest Unsecured Creditors**
Allen Group
Attn:  Timothy Allen, CPA - Managing Partner
120 Stony Point Road,  #230
Santa Rosa, CA 95401
(707) 528-3860
tim@allenwine.com
Tim@allengroupllp.com
Brent Garrison
Brent@allengroupllp.com

Bartelt Engineering
Attn:  Paul Bartelt
303 Jefferson St #200B
Napa, CA 94559
(707) 258-1301

Belkorp AG, LLC
Attn:  Laura Correll, Accounting
2413 Crows Landing Rd
Modesto, CA 95358
(209) 205-3706
ar@belkorpag.com

Brown's Auto Parts
Attn Dan Beltramai, Owner
1218 Main St.
Saint Helena, CA 94574-1901
(707) 963-3638

CC 51988413v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                    F 9013-3.1.PROOF.SERVICE

brownsauto169@gmail.com

Castino Restaurant Equipment And Supply
50 Utility Ct.
Rohnert Park, CA 94928-1659
(707) 585-3566
sales@castinosolutions.com

Central Valley
Attn: Gerry Cruz, Accounting Mgr.
1100 Vintage Avenue.
Saint Helena, CA 94574
707 261-1900
gerryc@centralvalley.com

Chubb Group of Insurance Companies
P.O. Box 777-1630
Philadelphia, PA 19175-0001
(800) 372-4822

Conway Beverage Group, LLC
Dba: Elite Brands
3238 Old Heather Rd.
San Diego, CA 92111-7716
Attn: Mr. Jay Conway

Famille Sylvain
855 Bordeaux Way #239
Napa, CA 94558-7549
(707) 492-3308

Francois Freres USA Inc.
1403 Jefferson St.
Napa, CA 94559-1708
(707) 294-2204

G3 Enterprises Inc.
(Tapp Labels)
580 Gateway Dr.
Napa, CA 94558
(707) 252-8300

IPFS
49 Stevenson St. #127
San Francisco, CA 94105-2909
(877) 687-9826

Napa County Treasurer
1195 3rd St. #108
Napa, CA 94559-3035

CC 51988413v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

Case: 22-10381    Doc# 17    Filed: 10/04/22    Entered: 10/04/22 11:26:19    Page 28 of
31

F 9013-3.1.PROOF.SERVICE

(707) 253-4311

Napa Ford Lincoln
170 Soscol Ave.
Napa, CA 94559
(707) 255-2580

Napa Valley Petroleum
P.O. Box 2670
Napa, CA 94558-0528
(707) 252-6888

Ramondin U.S.A. Inc.
541 Technology Way
Napa, CA 94558
(707) 944-2277

Stanzler Law Group
Attn: Jordan S. Stanzler
390 Bridge Pkwy #220
Redwood City, CA 94065
(650) 739-0200
email:  Jstanzler@stanzlerlawgroup.com

Tonnellerie Sylvain
855 Bordeaux Way
Napa, CA 94558
(707) 492-3308

Wilbur Ellis Company LLC
c/o Registered Agent Solutions Inc.
720 14th St.
Sacramento, CA 95814-1905
(707) 963-3495

Wine Service Cooperative
1150 Dowdell Lane
Saint Helena, CA 94574
Attn:  Bob Holmes
General Manager
Tel: (707) 963-9474
Fax: (707) 963 9359
bob@wineservicecoop.com

**<u>Critical Vendor</u>**

C Q & A Consulting
P.O. Box 777
Pinole, CA 94564
Attn:  Deanna Leon

CC 51988413v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Tel: (510) 964-7901
Fax: (510) 223-8140
email: dleon@cqaconsult.com

**Request for Special Notice**
Attorneys for Mt. Hawley Insurance Company
Michael D. Prough
Dean C. Burnick
Prough Law, APC
1550 Parkside Drive, Suite 200
Walnut Creek, CA 94596
T: (925) 433-5894
F: (925) 482-0929
Email: mdp@proughlaw.com
      dcb@proughlaw.com

Dept. of the Treasury, Alcoholic Beverage Control
Attn: Tracie Parker, Lic. Rep. I
50 D Street Room 130
Santa Rosa, CA. 95404
Phone: (707) 576-2165
Fax: (707) 638-9537

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346
(800) 973-0424

California Department of Tax and Fee Administration
Special Operations Bankruptcy Team MIC: 74
P.O. Box 942879
Sacramento, CA 94279-0074
(800) 400-7115

Franchise Tax Board
Bankruptcy Section, MS A-340
P.O. Box 2952
Sacramento, CA 95812-2952
916-845-4750

Employment Development Department
Bankruptcy Unit-MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Service by Mail Address:
Employment Development Department
Attn: MIC 53
800 Capital Mall
Sacramento, CA 95814

CC 51988413v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

Case: 22-10381    Doc# 17    Filed: 10/04/22    Entered: 10/04/22 11:26:19    Page 30 of
31

F 9013-3.1.PROOF.SERVICE

**Courtesy Email**

Jay B. Spievack, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave., Suite 2400
New York NY 10170-2499
email:  jspievack@ctswlaw.com

Joseph Vann, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave., Suite 2400
New York NY 10170-2499
email:  jvann@ctswlaw.com

Will Densenberger
Engel & Volkers St. Helena - Napa Valley
1111 Main Street, Suite A
St. Helena, CA 94574
(707) 302-8133
email:  will@nvwineestates.com

John C. Vaughan
Newmark Knight Frank
4675 MacArthur Court, Suite 1600
Newport Beach, CA 92660
email:  john.vaughan@nmrk.com

Peter Ekman:  PEkman@hilcoglobal.com

Mark Kasowitz:  MKasowitz@kasowitz.com

Gavin D. Schryver:  GSchryver@kasowitz.com

CC 51988413v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    F 9013-3.1.PROOF.SERVICE