1 | Victor A. Sahn (CA Bar No. 97299)
     victor.sahn@gmlaw.com
2 | Mark S. Horoupian (CA Bar No. 175373)
     mark.horoupian@gmlaw.com
3 | Steven F. Werth (CA Bar No. 205434)
     steven.werth@gmlaw.com
4 | Greenspoon Marder LLP
   | a Florida limited liability partnership
5 | 333 South Grand Avenue, Suite 3400
   | Los Angeles, California 90071
6 | Telephone: 213.626.2311
   | Facsimile: 954.771.9264

Attorneys for Debtor and Debtor in Possession,
Spring Mountain Vineyard Inc.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SANTA ROSA DIVISION

| | |
|---|---|
| In re: | Case No. 1:22-bk-10381 CN |
| SPRING MOUNTAIN VINEYARD INC., a Delaware corporation, | Chapter 11 |
| | **NOTICE THAT DEBTOR AND LENDER HAVE ENTERED INTO A LETTER AGREEMENT REGARDING THE INTERIM USE OF CASH COLLATERAL** |
| Debtor. | [Relates to Docket Nos. 19, 20] |
| | Hearing:<br>Date: October 6, 2022<br>Time: 3:00 p.m..<br>Place: *Via Zoom Only*<br>U.S. Bankruptcy Court<br>Courtroom 215<br>1300 Clay Street.<br>Santa Rosa, CA  94612 |

**TO THE HONORABLE CHIEF JUDGE CHARLES NOVACK, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE, AND PARTIES ENTITLED TO NOTICE:**

Spring Mountain Vineyard, Inc., the Chapter 11 Debtor and Debtor in Possession ("Debtor") hereby submit the attached Letter Agreement ("Letter Agreement") reached between the Debtor and MGG California, LLC as Administrative Agent ("MGG") who is the Debtor's primary secured creditor. The Letter Agreement resolves the Debtor's Cash Collateral Motion ("Motion") as it relates to the interim relief sought in the Motion and permits cash collateral usage as described upon Exhibit 1 to the Letter Agreement . The parties will ask the Court to set a final hearing on cash collateral usage during the week of October 17-October 21, 2022. This letter agreement is attached hereto as **Exhibit 1**.

Dated: October 6, 2022

Greenspoon Marder LLP
A Florida limited liability partnership

By: _____
Victor A. Sahn
Mark S. Horoupian
Steven F. Werth
Bankruptcy Counsel for Debtor in Possession,
Spring Mountain Vineyard Inc.

# EXHIBIT 1

Case: 22-10381    Doc# 39    Filed: 10/06/22    Entered: 10/06/22 14:53:19    Page 3 of 10



Victor A. Sahn, Partner
Wells Fargo Building
333 South Grand Avenue, 34th Floor
Los Angeles, CA 90071
Phone: (213) 626 2311
Fax: (213) 629 4520
Email: victor.sahn@gmlaw.com

October 5, 2022

**BY EMAIL ONLY**

Jeff J. Marwil, Esq.
Proskauer Rose LLP
70 West Madison
Suite 3800
Chicago, Illinois 60602-4342

      Re:    Spring Mountain Winery, Inc.
               Bankruptcy Case No. 1: 22-bk-10381 CN

Dear Jeff:

Following our call this past weekend and further conversations this afternoon, the purpose of this Letter Agreement is to set forth terms and conditions for limited cash collateral usage by Spring Mountain Vineyard, Inc., a Delaware Corporation ("Debtor"), for the period from October 3, 2022 to October 21, 2022. Accordingly, the Debtor and MGG California, LLC, in its capacity as Administrative Agent ("MGG"), hereby agree as follows with regard to the limited use of cash collateral provided for in this Letter Agreement.

The Debtor filed a Chapter 11 petition before the United States Bankruptcy Court for the Northern District of California (Santa Rosa Division) ("Bankruptcy Case") on September 29, 2022 (the "Petition Date"). The bankruptcy case number for the Bankruptcy Case is above. The Debtor is generally in the business of growing, harvesting and making wine for sale to individuals, wine club members and larger volume purchasers. In the process of Debtor's business, as it is paid for wine that it sells and purchasers pay for it, such funds constitute the cash collateral of MGG under Section 363(a) of the Bankruptcy Code. MGG is the primary secured creditor in this Bankruptcy Case and is the holder of a claim secured by substantially all of the Debtor's property. The Debtor requires the usage of cash collateral in order to operate its business and pay its ordinary course expenses.

The Debtor wishes to use cash collateral on or before Friday, October 7, 2022 in order to pay the following critical vendor obligations:

Jeff J. Marwil, Esq.
October 6, 2022
Page 2

1.      Conway Beverage Group: This is the company better known as "Elite Brands" and is the Debtor's wine broker regarding sales outside of the State of California. The amount we wish to pay them is $36,870.00 for services that they performed in February, 2022. They were not paid because the funds sent to them were intercepted by some species of wire fraud. The funds have now been recovered but could not be paid before the Bankruptcy Case was filed. Second, Elite Brands is owed $32,514.60 for commissions for the month of September, 2022.

2.      Wine Service Cooperative ("WSC"): WSC is owed $141,500 as of the Petition Date. WSC operates a storage warehouse for wine case goods at three separate locations in California. They also provide fulfillment for all of the Debtor's wine orders, both large and small. Arguably, though I have not researched it completely, they have a Warehouseman's Lien under Commercial Code Sections 7201-7210. They are obviously crucial to our operations.

3.      Napa Valley Petroleum ("NVP"): This company provides the Debtor with gasoline. The gasoline is necessary to run the Debtor's tractors and other equipment located at its vineyard. While the Debtor is not certain if it has an unpaid prepetition claim to NVP, Debtor may owe $13,985.27 to NVP. Debtor is harvesting its grapes at present and the tractors and gas to run them are integral to getting this done in a timely manner.

4.      CQA Consulting ("CQA"): This is the Debtor's alcohol-beverage compliance consultant. CQA handles all of the Debtor's requirements for products sold to retailers, wholesalers, and customers in every state where it is licensed other than California. These include license application, renewals, and registration of products-some of the funds owed to CQA are pass-throughs to the municipalities that are owed the taxes which CQA processes for the Debtor. Their claim is $30,000 (the claims referenced in subparagraphs 1 to 4 above are collectively the "Critical Vendor Expenditures").

5.      Additionally, Debtor requests the consent of MGG to the usage of cash collateral through October 21, 2022. The cash collateral usage provided hereunder shall be in conformance with the Budget which is attached as Exhibit "1" to this Letter Agreement. ("Additional Cash Collateral Usage")

I understand that Kevin Krakora has spoken with your client's business people about the necessity of paying these expenses and your client indicated that it would consider them.

### Rights Provided Under this Letter Agreement

1.      This Letter Agreement shall govern the rights of the Debtor respecting usage of MGG's cash collateral to the extent permitted and requested in subparagraphs 1 to 5 above. The Debtor shall be permitted to use MGG's cash collateral for the payment of the Critical Vendor Expenditures solely to the extent such amounts referenced in subparagraphs 1 to 4 above are due and owing and for purposes of the Additional Cash Collateral Usage described in subparagraph 5,

above. The amounts owing on account of the Critical Vendor Expenditures are approximate as in some cases, the Debtor does not have invoices yet from these vendors and so has estimated the amounts owing.

2.  As adequate protection for, and to the extent of the amount of diminution in value from and after the Petition Date, of its interests in the Collateral, (the "Diminution in Value"), MGG, as Administrative Agent and Collateral Agent, for the benefit of the lenders under that certain Guaranty and Credit Agreement, dated as of October 11, 2018 (as may have been amended, restated, supplemented or otherwise modified from time to time), is hereby granted, pursuant to sections 361 and 363 of the Bankruptcy Code, valid, binding, enforceable and perfected replacement and additional liens upon, and security interests in, all property, real or personal, whether now existing or hereafter arising and wherever located, tangible and intangible, of the Debtor to the same extent, validity and priority as the prepetition liens of MGG. For clarity, this applies both to the Critical Vendor Expenditures and the Additional Cash Collateral Usage.

3.  MGG shall be entitled to all of the rights and benefits of section 552(b) of the Bankruptcy Code. To the extent of cash collateral usage permitted under this Letter Agreement, MGG shall receive a valid, enforceable post-petition replacement lien on all of the Debtor's assets.

4.  Without limitation, MGG has indicated that the Budget submitted to it by the Debtor and submitted to the Bankruptcy Court as part of the Debtor's Motion for Authorization to Use Cash Collateral provides for the payment of $600,000 ("Initial Contribution") as a new equity contribution by the Debtor's principal or an entity related to the Debtor's principal. According to the Debtor, this Initial Contribution will provide sufficient capital for the Debtor to meet its obligations through December 1, 2022. However, the Debtor represents that it will need an additional $1.45 Million ("Second Contribution") in the month of December, 2022 in order to meet operating expenses that arise during that month. The Debtor has proposed that the Second Contribution be made on or before November 15, 2022.

MGG's position is that the Second Contribution must be made prior to the final hearing on cash collateral usage which the parties presume will take place, subject to the convenience of the Court, during the week of October 17-October 21, 2022. MGG's further position is that they will oppose continued cash collateral usage at the final hearing if the Second Contribution is not made to the Debtor prior to that hearing.

The Debtor's position is that whether or not the Second Contribution is made prior to the final hearing or not does not impact the evidentiary showing made in the Debtor's cash collateral motion, the supporting Declarations and other First Day Motions that MGG is adequately protected without the Second Contribution being made prior to the final hearing, and that the portion of Debtor's adequate protection offer to make the Second Contribution on or before November 15, 2022 is satisfactory.

Jeff J. Marwil, Esq.
October 6, 2022
Page 4

MGG and the Debtor hereby agree to the foregoing Letter Agreement and further agree that this constitutes a consensual use of cash collateral within the meaning of Section 363(c)(2)(A) and that if it is ever necessary to provide the Bankruptcy Court in the Bankruptcy Case with a proposed order that gives relief as provided for in this Letter Agreement, that neither the Debtor nor MGG shall object to it to the extent such proposed order is consistent with the terms and conditions of this Letter Agreement.

MGG and the Debtor further agree that nothing contained in this Letter Agreement shall prejudice or impact any of their rights going forward. This Letter Agreement may not be utilized for any purpose that would otherwise be permitted under the Bankruptcy Code, the Bankruptcy Rules and the Federal Rules of Civil Procedure, except for the Parties' agreement to entry of an order by the Bankruptcy Court consistent with this Letter Agreement should that become necessary. Except as expressly provided in this Letter Agreement, MGG reserves all rights with respect to any filings by the Debtor or any other party in the Bankruptcy Case, and reserves its rights to raise any objection to any further use of MGG's cash collateral.

The Debtor agrees to the foregoing by the signature of its counsel which is on this correspondence. MGG agrees to the foregoing by the signature of its counsel on the line reserved below.

Very Truly Yours,

Victor A. Sahn for

Greenspoon Marder LLP and
for Spring Mountain Winery, Inc.

AGREED AND ACCEPTED:

MGG California, LLC, as Administrative Agent

By: _____
Jeff J. Marwil
Attorneys for MGG California, LLC
as Administrative Agent

Jeff J. Marwil, Esq.
October 6, 2022
Page 5

cc:    Mark S. Horoupian, Esq.
       Steven F. Werth, Esq.
       Mr. Kevin Krakora
       Elvina Rofael, Esq. (Ass't United States Trustee)
       Phillip Shine, Esq. (Ass't United States Trustee)
       Mr. Jaqui Safra
       Mr. Peter Ekman
       Peter J. Young, Esq.
       Steve Ma, Esq.
       Ashley M. Weringa, Esq.
       Mr. Andrew Gern
       Mr. Patrick Flynn

| Operating Disbursements ($000s) Weeks start on Mondays (W/O) | 1 Forecast 10/3/2022 | 2 Forecast 10/10/2022 | Total Forecast Two Weeks | 3 Forecast 10/17/2022 | Total Forecast Three Weeks |
|---|---|---|---|---|---|
| Total Payroll | 43 | 166 | 208 | 48 | 256 |
| CV - Elite (Sales Brokers) | - | 33 | 33 | - | 33 |
| CV - Licensing/Fees/DTC Sales Tax | 30 | - | 30 | 5 | 35 |
| CV - Warehouses/Shipping | 62 | 80 | 142 | 25 | 167 |
| Corporate Insurance/Financing | - | 246 | 246 | - | 246 |
| Total Other/Misc. | - | 26 | 26 | 42 | 68 |
| **Totals** | **134** | **550** | **684** | **119** | **804** |

# EXHIBIT 1

VAS 52010222v1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE THAT DEBTOR AND LENDER HAVE ENTERED INTO A LETTER AGREEMENT REGARDING THE INTERIM USE OF CASH COLLATERAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 6, 2022 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Office of the U.S. Trustee / SR  USTPRegion17.SF.ECF@usdoj.gov
Elvina Rofael  elvina.rofael@usdoj.gov, Katina.Umpierre@usdoj.gov,GemMil.Langit@usdoj.gov
Victor A. Sahn  victor.sahn@gmlaw.com, vsahn@ecf.inforuptcy.com
Phillip John Shine  phillip.shine@usdoj.gov
Steven F. Werth  steven.werth@gmlaw.com, mviramontes@sulmeyerlaw.com

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 6, 2022 | Cheryl Caldwell | /s/Cheryl Caldwell |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

CC 52017519v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    Case: 22-10381    Doc# 39    Filed: 10/06/22    Entered: 10/06/22 14:58:09    F 9013-3.1.PROOF.SERVICE    Page 10 of 10