Victor A. Sahn (CA Bar No. 97299)
 victor.sahn@gmlaw.com
Mark S. Horoupian (CA Bar No. 175373)
 mark.horoupian@gmlaw.com
Steven F. Werth (CA Bar No. 205434)
 steven.werth@gmlaw.com
Greenspoon Marder LLP
a Florida limited liability partnership
333 South Grand Ave., Suite 3400
Los Angeles, CA 90071
Telephone: 213.626.2311
Facsimile: 954.771.9264

Attorneys for Spring Mountain
Vineyard Inc.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>SPRING MOUNTAIN VINEYARD INC., a Delaware corporation,<br><br>Debtor.<br><br>Federal EIN: 36-3844911 | Case No. 1:22-bk-10381 CN<br><br>Chapter 11<br><br>**APPLICATION REQUESTING A HEARING ON SHORTENED TIME, ON THE DEBTOR'S MOTION FOR ORDER AUTHORIZING DEBTOR TO HONOR PRE-PETITION PURCHASE ORDER; AND (2) AUTHORIZING DEBTOR TO ASSUME EXECUTORY CONTRACT; DECLARATION OF MARK S. HOROUPIAN IN SUPPORT THEREOF**<br><br>[Local Bankruptcy Rule 9006-1] |

**TO THE HONORABLE CHIEF JUDGE CHARLES NOVACK, UNITED STATES BANKRUPTCY JUDGE:**

Spring Mountain Vineyard, Inc., a Delaware corporation and the debtor and debtor in possession in the above captioned case (the "Debtor"), hereby requests an order shortening time on its concurrently filed Motion for Order (1) Authorizing Debtor to Honor Pre-Petition Purchase Order; and (2) Authorizing Debtor to Assume Executory Contract; Memorandum of Points And

Authorities; Declarations Of Kevin A. Krakora And Dermot Whelan (the "Customer Motion") [Dkt. 57], as follows:

## REQUEST FOR RELIEF

The Debtor respectfully request s that the Court enter an Order shorten time on the Customer Motion as follows:

1. Setting a hearing on the Motion as soon as possible, but not later than October 25, 2022;

2. Ordering that the Debtor give notice of the hearing on the Motion to the Office of the United States Trustee, counsel for the Debtor's secured creditors, MGG California, LLC as administrative agent ("MGG"), and all parties that have requested special notice or are otherwise required to receive NEF notices, by email, facsimile or overnight delivery, (if email is not available), by no later than the close of business two days prior to the scheduled hearing.

3. Setting such briefing schedule for oppositions and replies that the Court deems appropriate under the circumstances.

## SUMMARY OF RELIEF REQUESTED IN CUSTOMER MOTION AND NEED FOR HEARING ON SHORTENED TIME

As described in more detail below and in the Declarations of Kevin A. Krakora and Dermot Whelan attached to the Customer Motion, on about August 9, 2022, the Debtor sold approximately 4,260 bottles of wine (the "Purchased Wine") to Ballande Menaret (the "Customer"), one of the leading French negociants of Bordeaux wines in the world. The Customer prepaid $509,010 for the Purchased Wine.

The Purchase Wine was not shipped prior to the Petition Date, because among other things, the Customer had yet to finalize the arrangements for international transportation of the Purchased Wine from the Debtor's warehouse to its final destination in France.

Customer has informed Debtor that it has arranged for the necessary space on a cargo ship, to carry the Purchased Wine to France. Customer now contacts the Debtor daily, to ask when Customer can send a truck to WSC to pick up the Purchased Wine and deliver it to the port.

Arrangement of all of these logistics was complicated and time-consuming, and the cost of these logistics is borne by Customer. If the Debtor is not permitted to allow the Purchased Wine to leave WSC because of the constraints of the bankruptcy case, (1) the opportunity to ship the Purchased Wine per these difficult to make arrangements will be lost, (2) Customer will almost certainly file a claim against the Debtor not just for the return of the $509,010 it has paid to the Debtor, but additional damages relating to the costs it has incurred in arranging for the shipment of the Purchased Wine, and (3) Customer will almost certainly refuse to do business with the Debtor in the future.

By the Customer Motion, the Debtor seeks the authority to honor the purchase order and to assume the contract that gave rise to it.

It is critical that the Motion be heard on shortened time so that the shipment can proceed uninterrupted, and the difficult shipping arrangements and logistics not be lost.

The Debtor has requested that the Office of the United States Trustee ("UST") and MGG consent to the requested relief. The responses to these requests are as follows:

1. On October 17, 2022, MGG advised that it will not oppose the Customer Motion, and consented to the matter being set on shortened time, but requested that the following language be included in the Motion: "*MGG consents to the relief requested in the Motion; provided, however, MGG reserves all rights and arguments with respect to (1) any assertions and arguments made in the Motion, and (2) any other requests by the Debtor, including, without limitation, in connection with Debtor's request for use of MGG's cash collateral [ECF No. 19].*"

2. On October 17, 2022, the UST, through its counsel, advised that it would not take a position on the application for order shortening time, or the Customer Motion itself, but reserved rights to respond to the Customer Motion prior to or at the hearing thereon.

More detailed information regarding the proposed shipment, the underlying contract and purchase order, and the need for the relief requested are contained in the Customer Motion and the accompanying declarations of Kevin A. Krakora, chief restructuring officer, and Dermot Whelan,

3

the Debtor's VP of sales and marketing. The Customer Motion, and the accompanying declarations are incorporated herein by this reference.

Local Bankruptcy Rule 9006-1(c) provides the Court the authority to shorten time on hearings by either stipulation or motion.

There have been no previous time modifications made with respect to the subject matter of the Customer Motion.

**WHEREFORE**, and for the reasons presented herein, and in the Customer Motion, the Debtor respectfully requests that the Court enter an order setting a hearing on the Customer Motion at the earliest possible time subject to the Court's availability.

Dated: October 17, 2022

Greenspoon Marder LLP
A Florida limited liability partnership

By: *s/Mark S. Horoupian*
Victor A. Sahn
Mark S. Horoupian
Steven F. Werth
Bankruptcy Counsel for Spring Mountain Vineyard Inc.

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

## DECLARATION OF MARK S. HOROUPIAN

I, Mark S. Horoupian, declare as follows:

1. I am a partner at Greenspoon Marder LLP, a Florida limited liability partnership, counsel to Spring Mountain Vineyard Inc., a Delaware corporation, the debtor and debtor in possession in the above-captioned case ("Debtor").

2. The facts in this declaration are based upon my personal knowledge, or I am informed and believe those facts to be true.

3. I make this statement to obtain a hearing on shortened time regarding the Debtor's "Motion For Order Authorizing Debtor Honor Pre-Petition Purchase Order; and (2) Authorizing Debtor to Assume Executory Contract" (the " Customer Motion").  Capitalized terms in this declaration have the meaning given them in the Motion.

4. The Debtor filed its Chapter 11 petition on September 29, 2022.

5. The Debtor's primary business is owning and operating an 850-acre winery on four adjacent vineyard estates in St. Helena, California.  The Debtor grows and processes grapes, bottles and sells wine made on-site in two winery buildings, and operates a tasting room.

6. Ballande Menaret, located in Bruges, France, paid the Debtor $509,010 on August 18, 2022, which related to an August 9, 2022 invoice for 4,260 bottles of wine (the "Purchased Wine").

7. The Purchased Wine has not yet been delivered to Customer because, among other things, the Customer was in the process of fulfilling its obligation to arrange for international shipping of the product at the time the bankruptcy case was filed.  The Purchased Wine is currently located at 1150 Dowdell Lane, St. Helena, California, on premises owned by Wine Service Cooperative, Inc., the entity the Debtor utilizes to store and ship its bottled wine.  The Customer has now finalized the arrangements for the shipment to take place, and as set forth in

8. Prior to the filing of the Customer Motion and this Application, the Debtor requested that its secured creditor, MGG California, LLC as administrative agent ("MGG"), and the Office of the United States Trustee consent to the relief requested in the Customer Motion, as

well as the request that the Motion be heard on shortened time. The responses to these requests are as follows:

(a) On October 17, 2022, MGG advised that it will not oppose the Customer Motion, and consented to the matter being heard on shortened time, but requested that the following language be included in the Motion: "*MGG consents to the relief requested in the Motion; provided, however, MGG reserves all rights and arguments with respect to (1) any assertions and arguments made in the Motion, and (2) any other requests by the Debtor, including, without limitation, in connection with Debtor's request for use of MGG's cash collateral [ECF No. 19]*.

(b) On October 17, 2022, the UST, through its counsel, advised that it would not take a position on the application for order shortening time, or the Customer Motion itself, but reserved rights to respond to the Customer Motion prior to or at the hearing thereon.

9. As discussed in the declarations of Mr. Whelan and Mr. Krakora, if the Debtor cannot ship wine (post-petition) to customers who have paid for it (pre-petition), word will spread that customers should no longer do business with the Debtor, at all. Customer is a significant customer of the Debtor, and the Purchased Wine is a large percentage of the Debtor's revenue so far in 2022. If the Debtor is not allowed to ship the Purchased Wine to the Customer, it is likely that (1) Customer will refuse to do business with the Debtor in the future, and (2) the Debtor's good will it has built with its customers will suffer catastrophic harm--regardless of how often the Debtor tells customers that *post*-petition deposits will be honored.

10. The Customer has demanded that the Debtor ship the Purchased Wine to the Customer, and the Debtor cannot wait much longer to ship the Purchased Wine without damaging its relationship with the Customer. The Debtor thus needs to know, as soon as is possible, whether the Court will authorize the Debtor to ship the Purchased Wine to the Customer.

11. The Debtor is not seeking to pay any money on account of a pre-petition claim; if the Motion is granted, the Debtor will not pay any money at all. This shipment will have no impact on the Debtor's projected budget.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on this 17th day of October, 2022, in Los Angeles, California

*s/Mark S. Horoupian*
Mark S. Horoupian

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION REQUESTING A HEARING ON SHORTENED TIME, ON THE DEBTOR'S MOTION FOR ORDER AUTHORIZING DEBTOR TO HONOR PRE-PETITION PURCHASE ORDER; AND (2) AUTHORIZING DEBTOR TO ASSUME EXECUTORY CONTRACT; DECLARATION OF MARK S. HOROUPIAN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 17, 2022 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Jacquelyn H. Choi on behalf of Creditor Napa County Treasurer-Tax Collector
jacquelyn.choi@rimonlaw.com, docketing@rimonlaw.com

Mark S Horoupian on behalf of Debtor Spring Mountain Vineyard Inc.
mark.horoupian@gmlaw.com, cheryl.caldwell@gmlaw.com

Steve Ma on behalf of Creditor MGG California, LLC
sma@proskauer.com

Jeff J. Marwil on behalf of Creditor MGG California, LLC
jmarwil@proskauer.com

Office of the U.S. Trustee / SR
USTPRegion17.SF.ECF@usdoj.gov

Elvina Rofael on behalf of U.S. Trustee Office of the U.S. Trustee / SR
elvina.rofael@usdoj.gov, Katina.Umpierre@usdoj.gov,GemMil.Langit@usdoj.gov

Victor A. Sahn on behalf of Debtor Spring Mountain Vineyard Inc.
victor.sahn@gmlaw.com, Karen.Files@gmlaw.com

Phillip John Shine on behalf of U.S. Trustee Office of the U.S. Trustee / SR
phillip.shine@usdoj.gov

Michael St. James on behalf of Interested Party Arcade Capital, LLC
ecf@stjames-law.com

Ashley M. Weringa on behalf of Creditor MGG California, LLC
aweringa@proskauer.com

Steven F. Werth on behalf of Debtor Spring Mountain Vineyard Inc.
steven.werth@gmlaw.com, Patricia.Dillamar@gmlaw.com

Peter J Young on behalf of Creditor MGG California, LLC
pyoung@proskauer.com

☒ Service information continued on attached page.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012  F 9013-3.1.PROOF.SERVICE

Case: 22-10381    Doc# 58    Filed: 10/17/22    Entered: 10/17/22 15:04:56    Page 8 of 9

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 17, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Email**
**Request for Special Notice**
Attorneys for Mt. Hawley Insurance Company
Michael D. Prough
Dean C. Burnick
Prough Law, APC
Email: mdp@proughlaw.com
dcb@proughlaw.com

**Via Priority Overnight**
**Request for Special Notice**
Alcohol & Tobacco Tax & Trade Bureau
Attn: Daniel Paralta, Senior Counsel, Field Operations
1431 2nd Street #531
Napa, CA 94559

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 17, 2022 | Cheryl Caldwell | /s/Cheryl Caldwell |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012 F 9013-3.1.PROOF.SERVICE