Entered on Docket
October 20, 2022
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



1  Victor A. Sahn (CA Bar No. 97299)
   *victor.sahn@gmlaw.com*
2  Mark S. Horoupian (CA Bar No. 175373)
   *mark.horoupian@gmlaw.com*
3  Steven F. Werth (CA Bar No. 205434)
   *steven.werth@gmlaw.com*
4  Greenspoon Marder LLP
   a Florida limited liability partnership
5  333 South Grand Ave., Suite 3400
   Los Angeles, CA 90071
6  Telephone: 213.626.2311
   Facsimile: 954.771.9264
7
8  Attorneys for Spring Mountain Vineyard Inc.

The following constitutes the order of the Court.
Signed: October 19, 2022

_____
**Charles Novack**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SANTA ROSA DIVISION

| | |
|---|---|
| In re: | Case No. 1:22-bk-10381 CN |
| SPRING MOUNTAIN VINEYARD INC., a Delaware corporation, | Chapter 11 |
| Debtor. | **FINAL ORDER AUTHORIZING DEBTOR TO PAY PREPETITION CLAIMS OF CERTAIN COMPANIES AS CRITICAL VENDORS** |
| Federal EIN: 36-3844911 | **[Relates to Docket No. 18]** |
| | <u>Hearing</u>: |
| | Date:     October 18, 2022<br>Time:    8:00 a.m.<br>Place:   U.S. Bankruptcy Court<br>            Courtroom 215<br>            1300 Clay Street<br>            Oakland, CA 94612<br>            *Via Zoom* |

The "Emergency Motion Of Debtor And Debtor In Possession For An Order Authorizing The Debtor To Pay The Pre-Petition Claims Of Certain Companies As Critical Vendors" [Docket No. 18] (the "<u>Motion</u>"), filed by Spring Mountain Vineyard Inc., the debtor in possession in the above-captioned bankruptcy case (the "<u>Debtor</u>"), came on for a continued hearing on October 18, 2022, at 8:00 a.m., before the Honorable Charles Novack, United States Bankruptcy Judge, in

Courtroom 215 at 1300 Clay Street, Oakland, California 94612, via Zoom. Appearances at the hearing were as reflected on the record.

Having considered the Motion, the Omnibus Declaration of Constantine S. Yannias in support of the Motion [Docket No. 26], any and all responses to the Motion, the record in this case, the evidence presented, and the representations and arguments of counsel made at the hearing on the Motion, **IT IS HEREBY ORDERED** as follows:

1. The Motion is granted on a final basis.

2. The Debtor is authorized, but not directed, to pay the following pre-petition claims of the following vendors (the "Critical Vendors"): (a) Conway Beverage Group, LLC dba Elite Brands in the amount of $69,329.20; (b) Wine Service Cooperative ("WSC") in the amount of approximately $141,500; (c) Napa Valley Petroleum in the amount of $13,985.27; and (d) C Q & A Consulting in the approximate amount of $30,000.

3. The Debtor may condition the payment of the sums above to the particular vendor on the vendor's agreement to provide goods and services pursuant to the agreement with such vendor (a "Vendor Agreement").

4. Any Critical Vendor who accepts payment from the Debtor pursuant to this Order (regardless of whether a Vendor Agreement has been executed) shall take all actions necessary to remove any mechanics' liens, possessory liens, or similar state law trade liens on the Debtor's assets such Critical Vendor may have based upon such Critical Vendor's pre-petition claim at such Critical Vendor's sole expense.

5. Nothing herein shall impair or prejudice the Debtor's ability to contest, in its discretion, or any other party's ability to contest, the extent, perfection, priority, validity, or amounts of any claims held by any Critical Vendor.

6. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtor, a waiver of the Debtor's rights to subsequently dispute such claim or lien, or

the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

7. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

8. This Order shall be immediately effective and enforceable upon its entry.

9. Notwithstanding anything to the contrary in this Order, any payment made or action taken by the Debtor pursuant to the authority granted in this Order must be in compliance with, and shall be subject to: (i) any interim or final order approving the Debtor's use of cash collateral and/or any postpetition financing facility (in either case, the "Cash Collateral Order"); (ii) the documentation in respect of any such use of cash collateral and/or postpetition financing; and (iii) the budget governing any such use of cash collateral and/or postpetition financing. To the extent there is any inconsistency between the terms of the Cash Collateral Order and this Order, the terms of the Cash Collateral Order shall control.

10. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**\*END OF ORDER.\*\***

COURT SERVICE LIST

SERVICE OF THE ORDER IS NOT NECESSARY