

1  Victor A. Sahn (CA Bar No. 97299)
   *victor.sahn@gmlaw.com*
2  Mark S. Horoupian (CA Bar No. 175373)
   *mark.horoupian@gmlaw.com*
3  Steven F. Werth (CA Bar No. 205434)
   *steven.werth@gmlaw.com*
4  Greenspoon Marder LLP
   a Florida limited liability partnership
5  333 South Grand Ave., Suite 3400
   Los Angeles, CA 90071
6  Telephone: 213.626.2311
   Facsimile: 954.771.9264

The following constitutes the order of the Court.
Signed: October 20, 2022

_____
**Charles Novack**
**U.S. Bankruptcy Judge**

Attorneys for Spring Mountain Vineyard Inc.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SANTA ROSA DIVISION

| | |
|---|---|
| In re: | Case No. 1:22-bk-10381 CN |
| SPRING MOUNTAIN VINEYARD INC., a Delaware corporation, | Chapter 11 |
| Debtor. | **FINAL ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING PAYMENT AND/OR HONORING PREPETITION EMPLOYEE COMPENSATION, BENEFITS, REIMBURSEMENTS, WITHHOLDING TAXES, ACCRUED VACATION, AND RELATED EMPLOYEE CLAIMS** |
| Federal EIN: 36-3844911 | [Relates to Docket No. 17]<br><br>Hearing:<br><br>Date:  October 18, 2022<br>Time:  8:00 a.m.<br>Place:  U.S. Bankruptcy Court<br>Courtroom 215<br>1300 Clay Street<br>Oakland, CA 94612<br>***Via Zoom*** |

The "Emergency Motion For Order Authorizing Payment and/or Honoring of Pre-Petition Employee Compensation, Benefits, Reimbursements, Withholding Taxes, Accrued Vacation, and Related Employee Claims" [Docket No. 17] (the "Motion"), filed by Spring Mountain Vineyard

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

Inc., the debtor in possession in the above-captioned bankruptcy case (the "Debtor"), came on for a continued hearing on October 18, 2022, at 8:00 a.m., before the Honorable Charles Novack, United States Bankruptcy Judge, in Courtroom 215 at 1300 Clay Street, Oakland, California 94612, via Zoom. Appearances at the hearing were as reflected on the record.

Having considered the Motion, the Omnibus Declaration of Constantine S. Yannias in support of the Motion [Docket No. 26], any and all responses to the Motion, the record in this case, the evidence presented, and the representations and arguments of counsel made at the hearing on the Motion, **IT IS HEREBY ORDERED** as follows:

1. The Motion is granted on a final basis.

2. The Debtor is authorized (but not directed) to pay and/or honor all Employee Compensation (as that term is defined in the Motion), which includes, but is not necessarily limited to, all employee wages, compensation, benefits, reimbursements, withholding and payroll taxes, accrued vacation, and related claims, on an uninterrupted basis, including with respect to the pre-petition period; provided, however, that payments for wages, salaries, or commissions, and paid leave earned by an individual Employee shall not exceed $15,150 for each individual Employee. Under no circumstances shall the Debtor make any payment or honor any benefit to any insider as that term is defined in 11 U.S.C. § 101(31).

3. The Debtor is authorized (but not directed) to continue to honor its pre-petition employee benefits programs and policies, and to provide the various related employee benefits, on an uninterrupted basis.

4. The Issuing Bank (as that term is defined in the Motion) is authorized and directed to honor any pre-petition checks or other payments for or with respect to the Employee Compensation in accordance with this Order (or any other order of this Court).

5. Nothing in the Motion or this Order shall be deemed to authorize the Debtor to accelerate any payments not otherwise due prior to the date of the final hearing or consider the relief requested in the Motion.

6. This Order shall be immediately effective and enforceable upon its entry.

7. ~~This Order is effective immediately.~~ CN

8. Notwithstanding anything to the contrary in this Order, any payment made or action taken by the Debtor pursuant to the authority granted in this Order must be in compliance with, and shall be subject to: (i) any interim or final order approving the Debtor's use of cash collateral and/or any postpetition financing facility (in either case, the "<u>Cash Collateral Order</u>"); (ii) the documentation in respect of any such use of cash collateral and/or postpetition financing; and (iii) the budget governing any such use of cash collateral and/or postpetition financing. To the extent there is any inconsistency between the terms of the Cash Collateral Order and this Order, the terms of the Cash Collateral Order shall control.

9. Nothing herein shall be deemed to authorize the payment of any amounts which violate, implicate, or otherwise are subject to 11 U.S.C. § 503(c) without court approval.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**\*END OF ORDER.\*\***

COURT SERVICE LIST

SERVICE OF THE ORDER IS NOT NECESSARY