| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Victor A. Sahn (CA Bar No. 97299)<br>  victor.sahn@gmlaw.com<br>Mark S. Horoupian (CA Bar No. 175373)<br>  mark.horoupian@gmlaw.com<br>Steven F. Werth (CA Bar No. 205434)<br>  steven.werth@gmlaw.com<br>Greenspoon Marder LLP<br>a Florida limited liability partnership<br>333 South Grand Ave., Suite 3400<br>Los Angeles, CA  90071<br>Telephone: 213.626.2311<br>Facsimile: 954.771.9264<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorneys for Spring Mountain Vineyard Inc.* | |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA – SANTA ROSA DIVISION**

| In re:<br><br>SPRING MOUNTAIN VINEYARD INC., a Delaware corporation,<br><br>Federal EIN:  36-3844911<br><br>                                                        Debtor(s) | CASE NO.: 1:22-bk-10381 CN<br>CHAPTER:  11<br><br>**NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:** (title of motion[1]): **EMERGENCY MOTION OF DEBTOR AND DEBTOR IN POSSESSION FOR ORDER AUTHORIZING DEBTOR TO MAINTAIN BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
|---|---|

PLEASE TAKE NOTE that the order titled **FINAL ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR TO MAINTAIN BANK ACCOUNTS, AND CASH MANAGEMENT SYSTEM** was lodged on *(date)* <u>October 25, 2022</u> and is attached.  This order relates to the motion which is docket number <u>16</u>.

---

[1] Please abbreviate if title cannot fit into text field

# EXHIBIT A

Victor A. Sahn (CA Bar No. 97299)
  *victor.sahn@gmlaw.com*
Mark S. Horoupian (CA Bar No. 175373)
  *mark.horoupian@gmlaw.com*
Steven F. Werth (CA Bar No. 205434)
  *steven.werth@gmlaw.com*
Greenspoon Marder LLP
a Florida limited liability partnership
333 South Grand Ave., Suite 3400
Los Angeles, CA 90071
Telephone: 213.626.2311
Facsimile: 954.771.9264

Attorneys for Spring Mountain Vineyard Inc.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>SPRING MOUNTAIN VINEYARD INC., a Delaware corporation,<br><br>Debtor.<br><br>Federal EIN: 36-3844911 | Case No. 1:22-bk-10381 CN<br><br>Chapter 11<br><br>**FINAL ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR TO MAINTAIN BANK ACCOUNTS, AND CASH MANAGEMENT SYSTEM**<br><br>**[Relates to Docket No. 16]**<br><br><u>Hearing</u>:<br><br>Date:   October 18, 2022<br>Time:   8:00 a.m.<br>Place:  U.S. Bankruptcy Court<br>           Courtroom 215<br>           1300 Clay Street<br>           Oakland, CA 94612<br>           ***Via Zoom*** |

The "Emergency Motion Of Debtor And Debtor In Possession For Order Authorizing Debtor To Maintain Bank Accounts And Cash Management System" [Docket No. 16] (the "<u>Motion</u>"), filed by Spring Mountain Vineyard Inc., the debtor in possession in the above-captioned bankruptcy case (the "<u>Debtor</u>"), came on for a continued hearing on October 18, 2022,

at 8:00 a.m., before the Honorable Charles Novack, United States Bankruptcy Judge, in Courtroom 215 at 1300 Clay Street, Oakland, California 94612, via Zoom. Appearances at the hearing were as reflected on the record.

Having considered the Motion, the Omnibus Declaration of Constantine S. Yannias in support of the Motion [Docket No. 26], any and all responses to the Motion, the record in this case, the evidence presented, and the representations and arguments of counsel made at the hearing on the Motion, **IT IS HEREBY ORDERED** as follows:

1. The Motion is granted on a final basis.

2. Those certain contracts (the "Bank Contracts") between the Debtor and banks at which the Debtor has Bank Accounts entered into before the filing of the Debtor's chapter 11 petition (the "Petition Date") shall continue to govern the post-petition cash management relationship between the Debtor and such banks, and such banks are enjoined from freezing or otherwise impeding the Bank Accounts solely on account of the chapter 11 filing; however, that such banks shall not honor any checks issued on such Bank Accounts on a date prior to the commencement of these chapter 11 cases and presented for payment to the banks post-petition or honor any post-petition automatic or pre-authorized debits related to pre-petition transactions, unless otherwise authorized to do so by order of this Court; provided, further, that all other provisions of the Bank Contracts, including the termination, fee provisions, rights, benefits, offset rights and remedies afforded under such agreements (including any provisions requiring the Debtors to reimburse a bank for legal fees or expenses incurred by such bank on account of these chapter 11 cases) shall remain in full force and effect, unless the Debtor and such bank agree otherwise; provided, further, that the Debtor shall (i) consult with MGG California LLC, in its capacity as Administrative Agent ("Administrative Agent") prior to opening and/or closing any Bank Accounts, and (ii) provide written notice to the Administrative Agent prior to the implementation of any changes to the Debtor's cash management system.

3. The Debtor shall provide notice to the United States Trustee and any committee and the Administrative Agent of any bank accounts opened or closed by the Debtor. To the extent the Debtor opens a new bank account, such bank account must be opened at a bank that has

2

executed a Uniform Depository Agreement with the United States Trustee or at a bank that is willing to execute such an agreement immediately.

4. The Debtor is authorized, but not directed to (a) pay undisputed pre-petition and post-petition amounts owed in the ordinary course to the banks as service charges for the maintenance of the Debtor's cash management system and (b) reimburse the banks for any charges arising before or after the Petition Date in connection with checks deposited with the banks that have been dishonored or returned as a result of insufficient funds in the Bank Accounts in the ordinary course of business, to the same extent the Debtor was responsible for such items prior to the Petition Date.

5. Notwithstanding any other provision of this Order, should a bank honor a pre-petition check or other item drawn on any account that is the subject of this Order (a) at the direction of the Debtor to honor such prepetition check or item, (b) in a good faith belief that the Court has authorized such pre-petition check or item to be honored, or (c) as the result of an innocent mistake made despite implementation of customary item handling procedures, the bank shall not be deemed to be nor shall be liable to the Debtor or their estates or otherwise be in violation of this Order.

6. Subject to any interim or final Cash Collateral Order, the Debtor is authorized to maintain its account and cash management system post-petition.

7. This Order is immediately effective and enforceable upon its entry.

8. Notwithstanding anything to the contrary in this Order, any payment made or action taken by the Debtor pursuant to the authority granted in this Order must be in compliance with, and shall be subject to: (i) any interim or final order approving the Debtor's use of cash collateral and/or any postpetition financing facility (in either case, the "<u>Cash Collateral Order</u>"); (ii) the documentation in respect of any such use of cash collateral and/or postpetition financing; and (iii) the budget governing any such use of cash collateral and/or postpetition financing. To the extent there is any inconsistency between the terms of the Cash Collateral Order and this Order, the terms of the Cash Collateral Order shall control.

3

9. The Debtor shall have its accounts at JP Morgan Chase Bank designated as "Debtor-in-Possession" accounts by the institution within forty-five (45) days of the entry of this Order.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**\*END OF ORDER.\*\***

COURT SERVICE LIST

SERVICE OF THE ORDER IS NOT NECESSARY

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Hope Street, Ste. 3400, Los Angeles, CA 90071-1406.

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>October 25, 2022</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Dean C. Burnick dcb@proughlaw.com
Jacquelyn H. Choi jacquelyn.choi@rimonlaw.com, docketing@rimonlaw.com
Mark S Horoupian mark.horoupian@gmlaw.com, cheryl.caldwell@gmlaw.com
Steve Ma sma@proskauer.com
Jeff J. Marwil jmarwil@proskauer.com
Office of the U.S. Trustee / SR USTPRegion17.SF.ECF@usdoj.gov
Elvina Rofael elvina.rofael@usdoj.gov, Katina.Umpierre@usdoj.gov,GemMil.Langit@usdoj.gov
Victor A. Sahn victor.sahn@gmlaw.com, Karen.Files@gmlaw.com
Phillip John Shine phillip.shine@usdoj.gov
Michael St. James ecf@stjames-law.com
Ashley M. Weringa aweringa@proskauer.com
Steven F. Werth steven.werth@gmlaw.com, Patricia.Dillamar@gmlaw.com
Peter J Young pyoung@proskauer.com

☐ Service information continued on attached page.

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>October   , 2022</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 25, 2022 | Patricia Dillamar | /s/Patricia Dillamar |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |