1  Victor A. Sahn (CA Bar No. 97299)
      *victor.sahn@gmlaw.com*
2  Mark S. Horoupian (CA Bar No. 175373)
      *mark.horoupian@gmlaw.com*
3  Steven F. Werth (CA Bar No. 205434)
      *steven.werth@gmlaw.com*
4  Greenspoon Marder LLP
   a Florida limited liability partnership
5  333 South Grand Ave., Suite 3400
   Los Angeles, CA  90071
6  Telephone: 213.626.2311
   Facsimile: 954.771.9264
7
   Attorneys for Debtor in Possession,
8  Spring Mountain Vineyard Inc.

9              **UNITED STATES BANKRUPTCY COURT**

10             **NORTHERN DISTRICT OF CALIFORNIA**

11                 **SANTA ROSA DIVISION**

12  In re:                           Case No. 1:22-bk-10381 CN

13  SPRING MOUNTAIN VINEYARD         Chapter 11
    INC., a Delaware corporation,
14                                   **APPLICATION TO EMPLOY, FOR A**
                    Debtor.          **SPECIFIED SPECIAL PURPOSE,**
15                                   **COHEN TAUBER SPIEVACK &**
                                     **WAGNER P.C. AS SPECIAL**
16  Federal EIN:  36-3844911         **LITIGATION COUNSEL;**
                                     **DECLARATION CONSTANTINE S.**
17                                   **YANNIAS; DECLARATION OF JAY B.**
                                     **SPIEVACK**
18
                                     <u>**Hearing Information**</u>
19                                   Date:    November 22, 2022
                                     Time:    3:30 p.m.
20                                   Place:   U.S. Bankruptcy Court
                                              Courtroom 215
21                                            1300 Clay Street
                                              Oakland, CA 94612
22

23

24

25

26

27

28

**TO THE HONORABLE CHIEF JUDGE CHARLES NOVACK, UNITED STATES BANKRUPTCY JUDGE, MGG CALIFORNIA LLC, THE TWENTY LARGEST UNSECURED CREDITORS, THE OFFICE OF THE UNITED STATES TRUSTEE, AND PARTIES ENTITLED TO NOTICE:**

Pursuant to 11 U.S.C. §§ 327(e), 328, and 330, and Rule 2014 of the Federal Rules of Bankruptcy Procedure, Spring Mountain Vineyard Inc., a Delaware corporation, the debtor in possession in the above-captioned case ("Debtor"), applies for authority to employ Cohen Tauber Spievack & Wagner P.C. ("CTSW") for a specified special purpose, specifically to act as the Debtor's insurance litigation counsel with respect two litigation proceedings, effective as of September 29, 2022, pursuant to the terms and conditions stated in this employment application ("Application").

Additionally, Debtor seeks by this Application the authority to advance litigation expenses that are expected to be incurred in connection with the insurance litigation CTSW is handling, specifically approximately $12,500 per month that will be required over the next three months that relate to the costs of data hosting, document discovery and other litigation expenses with such payments to be made subject to any limitations on the use of cash collateral. Additional expenses are likely to accrue in later months (such as costs relating to depositions) and the Debtor seeks authority to advance those costs as well, subject to the same limitations regarding use of cash collateral.

CTSW is a creditor of the Debtor. As more particularly described herein, CTSW has been the Debtor's counsel of record for its property and business loss income insurance claims and insurance recovery litigations in relation to such claims, and CTSW presently has unpaid fees for its representation. Prior to September 29, 2022 (the "Petition Date"), CTSW represented the Debtor for approximately two years in relation to the Debtor's claims to recover insurance proceeds from its commercial and residential insurance carriers to pay for its property damage and losses caused by a September 27, 2020, wildfire (the "Glass Fire"). The Debtor has recovered approximately $8.25 million in insurance proceeds combined from its primary and first-layer excess commercial property carriers

and its residential property carrier for property damage and loss caused by the Glass Fire. The Debtor's excess commercial carriers, however, have refused to pay approximately an additional $28 million for the Debtor's Glass Fire-related property damages and losses, which has been the subject of litigation in California state courts and New York federal court since March 2022. Since September 29, 2020, CTSW incurred $1,172,303.20 in fees and $26,637.27 in expenses which remain outstanding as of the Petition Date, for a total claim of $1,198,940.47. This amount was billed to Debtor's beneficial owner--and CTSW's client for almost two decades--Jacob E. Safra ("Mr. Safra") but also is the Debtor's responsibility as the services have been rendered for its behalf in respect to the commercial and residential property insurance policies under which the Debtor is the insured.

Since approximately 2004, CTSW has acted as counsel to Mr. Safra and various entities he controls. CTSW is currently representing Mr. Safra with respect to matters unrelated to this bankruptcy case. CTSW is also currently representing Mr. Safra--and intends to continue to represent Mr. Safra--in matters related to this bankruptcy case that relate to matters to the extent of his interests.

The Debtor seeks approval to employ CTSW for a specified special purpose: to represent the Debtor in connection with the Glass Fire-related insurance claims and litigation. CTSW will provide no services to the Debtor of any kind, except those services related to the Glass Fire-related insurance claims and litigation. Section 327(e) of the Bankruptcy Code authorizes a debtor in possession to employ, for a specified special purpose, an attorney that has represented the Debtor if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed. Here, CTSW holds no interest adverse to the Debtor with respect to the Glass Fire-relates insurance claims and litigation. That litigation is expected to bring significant net proceeds into the Debtor's estate after payment of CTSW's attorneys' fees including its fees incurred prepetition. No such proceeds will go to Mr. Safra under any circumstances. All such proceeds will be

subject to the cash collateral interest of MGG California LLC, the Debtor's primary secured creditor ("MGG"). The interests of the Debtor, CTSW, Mr. Safra, and MGG are in complete alignment on the specific issue for which the Debtor seeks to employ CTSW.

This Application is supported by the attached declarations of Constantine S. Yannias ("Yannias Decl.") and Jay B. Spievack ("Spievack Decl.").[1]

# I.

## BACKGROUND

Since 1992, the Debtor has owned the Spring Mountain Vineyard in Napa County, California (the "Vineyard"). The Vineyard is the primary asset of the Debtor, an ongoing business with 61 employees, millions of dollars in annual sales, and relationships with dozens of suppliers and thousands of customers. The Debtor's business is primarily fine wine processing, manufacturing, and distribution, which consists of growing grapes in its 135 vineyard blocks, harvesting those grapes and pressing them into wine in casks, bottling that wine from casks, storing and selling that wine, and related production and manufacturing processes.

On September 27, 2020, a wildfire known as the Glass Fire burned a substantial portion of the Vineyard. Prior to that fire, the Vineyard had 221 acres of productive vineyard blocks. The Glass Fire destroyed 14 of those acres, damaged another 143 acres, destroyed and/or damaged several buildings and structures used in Debtor's wine processing and manufacturing operations, and destroyed the Debtor's entire 2020 grape crop.

At the time of the Glass Fire, the Debtor possessed fire insurance in multiple tiers that covered part of the Debtor's losses. The Debtor then retained CTSW, Mr. Safra's long-time counsel to represent it in connection with recovering insurance proceeds to pay

---

[1] Unless otherwise noted, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), and all references to the "Bankruptcy Rules" are to the Federal Rules of Bankruptcy Procedure ("FRBP"), 1001 et seq.

for its Glass Fire-related property damage and losses under its commercial and residential property insurance policies. The Debtor also subsequently employed a second law firm-- Stanzler Law Group, Professional Corporation--as California local counsel to assist CTSW in the California litigation. Both CTSW and Stanzler have significant expertise in handling complex insurance claims for corporate policyholders, such as the Debtor.

As a result of CTSW's efforts prior to the Petition Date, the primary and first-layer excess commercial insurers have paid approximately $7.65 million to cover commercial property damage and loss caused by the Glass Fire and its residential insurer paid approximately $750,000 to cover a residential property destroyed due to the Glass Fire. In fact, approximately $8.25 million has already been recovered due to the efforts of CTSW and its retained insurance adjustor. Prior to October 1, 2021, CTSW had incurred approximately $107,000 in legal fees to achieve this successful result.

However, since October 1, 2021, the first layer commercial excess insurance carriers, along with the second, third- and fourth-layer excess carriers, have refused to pay any of remaining $28 million that the Debtor sought for its commercial property damage and losses caused by the Glass Fire, and the second layer excess insurer has forced the Debtor to incur significant fees and expenses to respond to its purported claims investigation.

On March 11, 2022, CTSW filed an action captioned *Spring Mountain Vineyards, Inc. v. Landmark American Ins. Co.*, Case No. 22CV000270 (Napa County, California Superior Court)--the "California State Litigation". In it, the Debtor claims that its six excess commercial insurers breached their obligations to cover the Debtor for approximately $28 million in unreimbursed commercial property damage and losses caused by the Glass Fire. The Debtor believes that the total remaining insurance recoverable damages are up to $28 million, which does not include its attorney's fees, consequential and punitive damages, and in fact further recoveries for its attorneys' fees, consequential and punitive damages beyond this amount will reduce the Debtor's attorney's fee obligation to CTSW.

The California State Litigation is proceeding apace against the first-layer, third-layer and fourth-layer commercial excess insurers and against the Debtor's former insurance advisor and broker for negligence, negligent misrepresentation, and breach of fiduciary duty. The second-later commercial excess insurer, Mt. Hawley Insurance Company ("Mt. Hawley") has filed a petition for review to the California Supreme Court in which it ultimately seeks to have the California Supreme Court review and reverse the Napa County Superior Court's Order After Hearing Denying Mt. Hawley's Motion to Dismiss and the California Court of Appeal's Order Summarily Denying Mt, Hawley's Petition for an Interlocutory Writ. The Petition for Review to the California Supreme Court will be fully submitted to that Honorable Court in the next 10 to 14 days.

On April 19, 2022, Mt. Hawley filed a declaratory judgment against the Debtor in Federal Court (Southern District of New York) captioned *Mt. Hawley Ins. Co. v. Spring Mountain Vineyards, Inc.*, Case No. 1:22-cv-03191-GHW (SDNY) (the "New York Federal Litigation"). The Debtor retained CTSW to represent it in connection with that litigation.

In the New York Federal Litigation, the Debtor filed two motions to, among other things, that dismissed or stayed the New York Federal Litigation in favor of the California State Litigation. The Debtor's second motion, which was filed after Mt. Hawley filed an amended complaint that mooted the Debtor's first motion, had not been fully submitted at the time the Debtor filed this bankruptcy proceeding. The New York Federal Litigation has been stayed pursuant to Federal Bankruptcy law's automatic stay.[2]

---

[2] In relation to its residential insurance claim, the Debtor still seeks an additional approximately $700,000 from its residential insurance carrier. The Debtor hopes this claim can be resolved without litigation,

6

## II.

## PROPOSED EMPLOYMENT OF CTSW

### A.   Scope and Terms of Employment

#### 1.   Services To Be Provided

The Debtor seeks to employ CTSW under 11 U.S.C. §§ 327(e) and 328 for the specified special purpose of representing the Debtor in connection with the California State Litigation and the New York Federal Litigation (the "Insurance Litigations").  CTSW has extensive knowledge of the Insurance Litigations and is best suited to continue to represent the Debtor in those California State Litigation and should it proceed, the New York Federal Litigation.

#### 2.   Compensation

The Debtor proposes to employ CTSW, effective as of the Petition Date, at the expense of the bankruptcy estate, pursuant to 11 U.S.C. § 327(e).  For work performed by CTSW after the Petition Date, the Debtor proposes to pay CTSW its regular hourly rate subject to approval of this Court pursuant to 11 U.S.C. § 330.

No payment will be made to CTSW that is not in conformity with a cash collateral budget, in effect at the time, and approved by MGG or otherwise ordered by the Court.

For work performed after the Petition Date in connection with the California State Litigation and, should it proceed, the New York Federal Litigation, and provided that CTSW has successfully litigated the California State Litigation such that the Debtor has received or will receive payment from the California State Litigation defendants, CTSW will charge the Debtor for services rendered at CTSW's ordinary hourly rates in effect at the time the services are rendered.  A schedule of the current rates being charged by attorneys and paraprofessionals of CTSW is attached to the Spievack Decl. as **Exhibit 1**, subject to periodic adjustment.  As set forth in **Exhibit 1**, at this time, CTSW bills its time at hourly rates ranging from $475 to $730 for attorneys, and $200 for paraprofessionals. CTSW's resume is attached to the Spievack Decl. as **Exhibit 2**, together with the individual profiles of the attorneys at CTSW expected to work on this matter.   This

7

Application also refers the Court to the Declaration of Jay B. Spievack In Support of the Debtor's Motion for Cash Collateral dated October 4, 2022 (ECF Docket. No. 23), which sets forth Mr. Spievack's insurance coverage expertise at paragraphs 2-3 therein.

Additionally, while this is not compensation of CTSW, the Debtor seeks authority to pay post-petition litigation expenses that relate to the California State Litigation and should it proceed, the New York Federal Litigation that arise during the course of that Insurance Litigations, as well as the residential property insurance claim. Initially, Debtor anticipates that it will incur approximately $12,500 per month relating to data hosting services, document discovery expense and other litigation expenses. The Debtor expects that after approximately three months, litigation expenses will increase beyond that amount. CTSW has informed the Debtor that it will not agree to advance litigation expenses, so this amount must be paid by the Debtor in order to continue with the California State Litigation and should it proceed the New York Federal Litigation. The Debtor will pay all such expenses subject to any limitations on the use of MGG's cash collateral.

CTSW has received no retainer for its services.

CTSW is familiar with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the United States Trustee Guidelines, and shall comply with them. CTSW understands that, notwithstanding anything to the contrary in this Application, any and all fees and expenses sought or requested by, or paid on an interim basis to, CTSW which relate to work performed for the Debtor after the Petition Date, are subject to Court approval and in the amounts approved by the Court upon application, and in accordance with any order of this Court, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for this Court, and any other applicable law and guidelines.

At the conclusion of this case or CTSW's proposed engagement, and provided that (i) CTSW has successfully litigated the California State Litigation such that the Debtor has received or will receive payment from the defendants, and (ii) CTSW will be paid only from the proceeds of any such recovery, CTSW will file an application seeking final

8

allowance and payment of all its fees and expenses incurred by CTSW since the Petition Date, regardless of whether monthly or interim compensation has been paid to CTSW. Such fee application will _not_ request final allowance of the $1,198,940.47 in fees and expenses that CTSW incurred prior to the Petition Date. That is because CTSW's claim for work performed prior to the Petition Date does not relate to employment by a debtor-in-possession, and thus does not fall under 11 U.S.C. § 327. However such fee application _will_ request that the Court approve payment to CTSW of $1,198,940.47 for its pre-petition services, in addition to its post-petition fees and expenses approved by this Court. That is because CTSW's pre-petition claim cannot be paid without Court approval, even though that claim is not subject to fee approval process of 11 U.S.C. § 330.

### B. CTSW Qualifications

CTSW is expert in insurance litigation matters and is well-qualified to represent the Debtor in connection with the California State Litigation and should it proceed, New York Federal Litigation. See Spievack Decl., Ex. 2. As a result, the Debtor believes that CTSW is well-qualified to render the services contemplated by this Application.

### C. CTSW Is Not Adverse to the Bankruptcy Estate With Respect To The Specified Special Purpose For Which The Debtor Seeks To Retain It

CTSW possessed, as of the Petition Date, a claim against the Debtor in the amount of $1,198,940.47, arising from unreimbursed fees and expenses incurred in relation to the insurance claims and the Insurance Litigations. While CTSW is not disinterested, due to its status as a creditor, the Debtor seeks to retain CTSW pursuant to 11 U.S.C. §327(e), which states:

> "(e) The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."

Here, CTSW does not represent or hold any interest adverse to the Debtor or its estate with respect to the matter on which it is to be employed. The California State Litigation is expected to result in a significant net payout of insurance proceeds to the Estate, and that benefit will redound only to the Debtor (and MGG to the extent it has not been paid on account of its lien against the Insurance Proceeds). In fact, approximately $8.25 million has already been recovered due to the efforts of CTSW and its retained insurance adjustor.

The Debtor believes that the employment of CTSW upon the foregoing terms and conditions is fair, equitable, and in the best interests of the Debtor's bankruptcy estate.

**FOR THESE REASONS**, the Debtor respectfully requests that the Court enter an order: (1) approving the Application, (2) authorizing the employment of CTSW as the Debtor's special litigation counsel in this case pursuant to Section 327(e) of the Bankruptcy Code, on the terms and conditions stated herein, with such employment effective as of the Petition Date, September 29, 2022, (3) authorizing the Debtor to advance litigation expenses relating to the Glass Fire Litigation, and should it proceed, the New York Federal Litigation, subject to any limitations on the Debtor' use of cash collateral, and (4) providing such other relief as is proper.

Dated: October 31, 2022          Respectfully submitted,

**GREENSPOON MARDER LLP**
A Florida limited liability partnership

By: */s/Mark S. Horoupian*
     Victor A. Sahn
     Mark S. Horoupian
     Steven F. Werth
     Attorneys for Debtor in Possession,
     Spring Mountain Vineyard Inc.

## <u>DECLARATION OF CONSTANTINE S. YANNIAS</u>

I, Constantine S. Yannias, declare as follows:

1.     I am over the age of 18 years.

2.     I make this declaration in support of the attached "Application To Employ, For A Specified Special Purpose, Cohen Tauber Spievack & Wagner P.C. As Special Litigation Counsel" (the "<u>Application</u>").  Capitalized terms in this declaration have the meaning given them in the Application.

3.     I am the Chairman and President of Spring Mountain Vineyard Inc., a Delaware corporation, the debtor in possession in the above-captioned case (the "<u>Debtor</u>").  I have served in this capacity for the Debtor since August 1993.

4.     I have personal knowledge of the facts stated herein.  I have learned certain facts through my review of relevant documents and my investigation of the Debtor's business.  In making this declaration, I have relied in part on information and materials that the Debtor's personnel and advisors have gather, prepared, verified, and provided to me, at my direction, or for the benefit in preparing this declaration.  If called upon to do so, I could and would testify to the facts set forth herein

5.     Since 1992, the Debtor has owned the Spring Mountain Vineyard in Napa County, California.  The Vineyard is the primary asset of the Debtor, an ongoing business with 61 employees, millions of dollars in annual sales, and relationships with dozens of suppliers and thousands of customers.  The Debtor's business is primarily fine wine processing, manufacturing and distribution, which consists of growing grapes in its 135 vineyard blocks, harvesting those grapes and pressing them into wine in casks, bottling that wine from casks, storing and selling that wine, and related production and manufacturing processes.

6.     On September 27, 2020, a wildfire known as the Glass Fire burned a substantial portion of the Vineyard.   Prior to that fire, the Vineyard had 221 acres of productive vineyard blocks.  The Glass Fire destroyed 14 of those acres, damaged another 143 acres, destroyed and/or damaged several buildings and structures used in Debtor's

11

wine processing and manufacturing operations, and destroyed the Debtor's entire 2020 grape crop.

7.     At the time of the Glass Fire, the Debtor possessed fire insurance in multiple tiers that covered part of the Debtor's losses.  The Debtor then retained CTSW, Mr. Safra's long-time counsel to represent it  in connection with recovering insurance proceeds to pay for its Glass Fire-related property damage and losses under its commercial and residential property insurance policies.  The Debtor also subsequently employed a second law firm-- Stanzler Law Group, Professional Corporation--as California local counsel to assist CTSW in a California State insurance litigation, and the Debtor will file a separate application relating to Stanzler Law Group's employment.

8.     As a result of CTSW's efforts prior to the Petition Date, the primary and first-layer excess commercial insurers have paid approximately $7.65 million to cover commercial property damage and loss caused by the Glass Fire and its residential insurer paid approximately $750,000 to cover a residential property destroyed due to the Glass Fire.   In fact, approximately $8.25 million has already been recovered due to the efforts of CTSW and its retained insurance adjustor.  Prior to October 1, 2021, CTSW had incurred approximately $107,000 in legal fees to achieve this successful result.

9.     However, since October 1, 2021, the first layer commercial excess insurance carriers, along with the second, third- and fourth-layer excess carriers, have refused so far to pay any of remaining $28 million that the Debtor has sought for its commercial property damage and losses caused by the Glass Fire, and the second layer excess insurer has forced the Debtor to incur significant fees and expenses to respond to its purported claims investigation.

10.     On March 11, 2022, CTSW filed an action captioned *Spring Mountain Vineyards, Inc. v. Landmark American Ins. Co.*, Case No. 22CV000270 (Napa County, California Superior Court)--the California State Litigation.  In it, the Debtor claims that its six excess commercial insurers breached their obligations to cover the Debtor for approximately $28 million in unreimbursed property damage and losses caused by the

Glass Fire. The Debtor believes that the total remaining insurance recoverable damages are up to $28 million, which does not include its attorney's fees, consequential and punitive damages, and in fact further recoveries for attorneys' fees, consequential and punitive damages beyond this amount will reduce the Debtor's attorney's fee obligation to CTSW.

11. The California State Litigation is proceeding apace against the first-layer, third-layer and fourth layer commercial excess insurers and against the Debtor's former insurance advisor and broker for negligent, negligent misrepresentation and breach of fiduciary duty. The second-later commercial excess insurer, Mt. Hawley Insurance Company ("Mt. Hawley") has filed a petition for review to the California Supreme Court in which it ultimately seeks to have the California Supreme Court review and reverse the Napa County Superior Court's Order After Hearing Denying Mt. Hawley's Motion to Dismiss and the California Court of Appeal's Order Summarily Denying Mt, Hawley's Petition for an Interlocutory Writ. The Petition for Review to the California Supreme Court will be fully submitted to that Honorable Court in the next 10 to 14 days.

12. On April 19, 2022, Mt. Hawley filed a declaratory judgment against the Debtor in Federal Court (Southern District of New York) captioned *Mt. Hawley Ins. Co. v. Spring Mountain Vineyards, Inc.*, Case No. 1:22-cv-03191-GHW (SDNY). The Debtor retained CTSW to represent it in connection with that litigation.

13. In the New York Federal Litigation, the Debtor filed two motions to, among other things, dismissed or stayed the New York Federal Litigation in favor of the California State Action. The Debtor's second motion, which was filed after Mt. Hawley filed an amended complaint that mooted the Debtor's first motion, had not been fully submitted at the time the Debtor filed this bankruptcy proceeding. The New York Federal Litigation has been stayed pursuant to Federal Bankruptcy law's automatic stay.

14. The Debtor seeks to employ CTSW as its special litigation counsel to represent it in connection with the California State Litigation and should it proceed, New York Federal Litigation, effective as of the Petition Date.

15. I understand that CTSW will charge the Debtor for services rendered at

13

CTSW's ordinary hourly rates in effect at the time the services are rendered.

16.     CTSW has received no retainer for its services.

17.     I understand that any and all fees and expenses relating to work performed after the Petition Date, sought or requested by, or paid on an interim basis to, CTSW are subject to Court approval and in the amounts approved by the Court upon application, and in accordance with any order of this Court, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for this Court, and any other applicable law and guidelines.

18.     I believe that CTSW is well-qualified to render the services contemplated by this Application.

19.     I anticipate that the Debtor will incur approximately $12,500 per month relating to data hosting services, document discovery expenses, and other litigation expenses in connection with the Insurance Litigations. I expect that after approximately three months, litigation expenses will increase beyond that amount. CTSW has informed the Debtor that it will not agree to advance litigation expenses, so this amount must be paid by the Debtor in order to continue with the Glass Fire Litigation. The Debtor will pay all such expenses subject to any limitations on the use of MGG's cash collateral.

20.     CTSW is a creditor of the Debtor. CTSW has been the Debtor's counsel of record for its property and business loss income insurance claims and insurance recovery litigations in relation to such claims, and CTSW presently has unpaid fees for its representation. Prior to the Petition Date, CTSW represented the Debtor for approximately two years in relation to Debtor's claims to recover insurance proceeds from its commercial and residential insurance carriers to pay for its property damages and losses caused by the Glass Fire. Despite the pre-litigation recovery of approximately $8.35 million to pay for property damage and losses caused by the Glass Fire, the excess insurer carriers' coverage denial ultimately results in the California State Litigation, Mt. Hawley's interlocutory appeals and the New York Federal Action filed by Mt. Hawley. Therefore, from September 29, 2020 to September 29, 2022, CTSW incurred $1,172,303.20 in fees and $26,637.27 in expenses which remain outstanding as of the Petition Date, for a total

14

claim of $1,198,940.47. This amount was billed to Mr. Safra, as the beneficial owner of the Debtor and CTSW's client for almost two decades.

21. I believe that the employment of CTSW upon the foregoing terms and conditions is fair, equitable, and in the best interests of the Debtor's bankruptcy estate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed October 31, 2022, in Chicago, Illinois.

CONSTANTINE S. YANNIAS

# DECLARATION OF JAY B. SPIEVACK

I, Jay B. Spievack, declare as follows:

1.     I am over the age of 18 years.

2.     I have personal knowledge of the facts stated herein.  I can testify that these facts are true and correct.

3.     I am a partner at Cohen Tauber Spievack & Wagner P.C., proposed special litigation counsel to Spring Mountain Vineyard Inc., a Delaware corporation.

4.     I make this declaration in support of the attached "Application To Employ Cohen Tauber Spievack & Wagner P.C. As Special Litigation Counsel (the "Application"). Capitalized terms in this declaration have the meaning given them in the Application.

5.     Prior to the Petition Date, the Debtor employed CTSW to pursue insurance proceeds from its commercial and residential insurance carriers for its property damage and losses caused by a September 27, 2020 wildfire known as the Glass Fire, which burned a substantial portion of the Vineyard and destroyed numerous buildings and structures on that property.  CTSW also represented the Debtor in relation to its business loss income claim against its commercial insurance carriers. I am the attorney at CTSW with primary responsibility for representing the Debtor in connection with these insurance claims and the ensuing Insurance Litigations.  I am familiar with the history of the insurance claims and the factual and legal issues relating to the Insurance Litigations.

6.     From September 29, 2022 until March 22, 2022, CTSW helped the Debtor present its Glass Fire-related insurance claims, respond to the insurance carriers' coverage investigation and collect advance insurance proceed payments to reimburse it for a portion of its property damage and loss to its buildings and structures destroyed or damaged during the Glass Fire.  The primary and first-layer excess commercial insurers paid approximately $7.65 million to cover commercial property damage and loss caused by the Glass Fire and its residential insurer paid approximately $750,000 to cover a residential property destroyed due to the Glass Fire.  In fact, approximately $8.25 million has already been recovered due to the efforts of CTSW and its retained insurance adjustor.

16

7.  Prior to October 1, 2021, CTSW had incurred approximately $107,000 in legal fees to achieve this successful result. However, since October 1, 2021, the first layer commercial excess insurance carriers, along with the second, third- and fourth-layer excess carriers, refused so far to pay any of remaining $28 million that the Debtor has sought for its commercial property damage and losses caused by the Glass Fire and the second-layer excess insurer, Mt. Hawley Insurance Company ("Mt. Hawley"), required the Debtor to incur great expense responding to its purported claims investigation.

8.  On March 11, 2022, CTSW filed an action captioned *Spring Mountain Vineyards, Inc. v. Landmark American Ins. Co.*, Case No. 22CV000270 (Napa County, California Superior Court)--the California State Litigation. In it, the Debtor claims that its six excess commercial insurers breached their obligations to cover the Debtor for approximately $28 million in unreimbursed property damage and losses caused by the Glass Fire.

9.  The total remaining insurance recoverable damages are up to $28 million, which does not include attorney's fees, consequential and punitive damages, and in fact further recoveries for attorneys' fees, consequential and punitive damages beyond this amount will reduce the Debtor's attorney's fee obligation to CTSW. The California State Litigation is proceeding apace against the first-layer, third-layer and fourth-layer commercial excess insurers and against the Debtor's former insurance advisor and broker for negligent, negligent misrepresentation and breach of fiduciary duty.

10.  The second-later commercial excess insurer, Mt. Hawley, has filed a petition for review to the California Supreme Court in which it ultimately seeks to have the California Supreme Court review and reverse the Napa County Superior Court's Order After Hearing Denying Mt. Hawley's Motion to Dismiss and the California Court of Appeal's Order Summarily Denying Mt, Hawley's Petition for an Interlocutory Writ. The Petition for Review to the California Supreme Court will be fully submitted to that Honorable Court in the next 10 to 14 days.

Case: 22-10381    Doc# 81    Filed: 10/31/22    Entered: 10/31/22 18:02:49    Page 17 of 34

11.     CTSW has extensive knowledge of the Glass Fire Litigation and the New York Federal Litigation and is well suited to continue to represent the Debtor in the California State Litigation and should it proceed, the New York Federal Litigation.  CTSW is expert in insurance litigation matters.  I refer the Court to my Declaration In Support of the Debtor's Motion for Cash Collateral dated October 4, 2022 (ECF Docket. No. 23), which sets my expertise at paragraphs 2-3 therein. See also Exhibit 2.

12.     A schedule of the current rates being charged by attorneys and paraprofessionals of CTSW is attached as **Exhibit 1**, subject to periodic adjustment.  As set forth in Exhibit 1, at this time, CTSW bills its time at hourly rates ranging from $475 to $730 for attorneys, and $200 for paraprofessionals.  CTSW's resume is attached as **Exhibit 2**.

13.     CTSW has received no retainer for its services.

14.     CTSW is familiar with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the United States Trustee Guidelines, and shall comply with them.  CTSW understands that, notwithstanding anything to the contrary in this Application, any and all fees and expenses sought or requested by, or paid on an interim basis to, CTSW are subject to Court approval and in the amounts approved by the Court upon application, and in accordance with any order of this Court, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for this Court, and any other applicable law and guidelines.

15.     I estimate that the Debtor will incur litigation expenses of approximately $12,500 per month over the next three months that relate to the costs of data hosting services, document discovery expense, and other litigation expenses.  Additional expenses are likely to accrue in later months (such as costs relating to depositions).

16.     Prior to the Petition Date, CTSW incurred $1,172,303.20 in fees and $26,637.27 in expenses relating to the Glass Fire Litigation and New York Litigation which remain outstanding, for a total claim of $1,198,940.47.  This amount is billed to the Debtor's beneficial owner--and CTSW's client for almost two decades--Mr. Safra, but also is the Debtor's responsibility as the services were rendered on its behalf in respect to the

18

commercial and residential property insurance policies under which the Debtor is the insured.

17. Since approximately 2004, CTSW has acted as counsel to Mr. Safra and various entities he controls. CTSW is currently representing Mr. Safra with respect to matters unrelated to this bankruptcy case. CTSW is also currently representing Mr. Safra and intends to continue to represent Mr. Safra--in matters related to this bankruptcy case that relate to matters other than the Glass Fire Litigation.

18. CTSW holds no interest adverse to the Debtor with respect to the Glass Fire Litigation. I expect that litigation to bring significant net proceeds into the Debtor's estate after payment of CTSW's attorneys' fees. No such proceeds will go to Mr. Safra under any circumstances. All such proceeds will be subject to the cash collateral interest of MGG. The interests of the Debtor, CTSW, Mr. Safra, and MGG are in complete alignment on the specific issue for which the Debtor seeks to employ CTSW.

19. At the conclusion of this case or CTSW's proposed engagement, and provided that (i) CTSW has successfully litigated the California State Litigation such that the Debtor has received or will receive payment from the defendants relating to that litigation, and (ii) CTSW will be paid only from the proceeds of any such recovery, CTSW will file an application seeking final allowance and payment of all its fees and expenses incurred by CTSW since the Petition Date, regardless of whether monthly or interim compensation has been paid to CTSW. Such fee application will *not* request final allowance of the $1,198,940.47 in fees and expenses that CTSW incurred prior to the Petition Date. However such fee application *will* request that the Court approve payment to CTSW of $1,198,940.47 for its pre-petition services, in addition to its post-petition fees and expenses approved by this Court.

19

1       20.     Neither CTSW, its attorneys, employees nor other professionals have any

2 connection with the Debtor, its employees, or accountants, the U.S. Trustee, or any

3 employee of the U.S. Trustee, or any other parties in interest or creditors in this case, other

4 than as stated in the Application.

5       I declare under penalty of perjury under the laws of the United States of America

6 that the foregoing is true and correct. Executed October 31, 2022, in New York, New

7 York.

8

9                                                 

10                       Jay B. Spievack

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

*Cohen Tauber Spievack & Wagner P.C.*

| Attorneys | Level | 2022 Rates |
|---|---|---|
| Jay Spievack | Partner | $ 730.00 |
| Stephen Wagner | Partner | $ 730.00 |
| Jackson Davis | Senior Associate | $ 585.00 |
| Grace Guo | Associate | $ 475.00 |
| Arpi Slabashian | Paralegal | $ 200.00 |

# EXHIBIT 2



# Partners in your Strategic Vision

CTSW attorneys draw on deep experience and business savvy to counsel clients toward their objectives. We brainstorm, strategize, and collaborate on creating solutions to move their business forward.

*In all of our practice areas, every client benefits from large firm experience and a tailored team. Learn more.*



## Practice Areas

CTSW provides comprehensive legal and business counsel to its clients in a variety of areas, and practice specialties to help clients anticipate and avoid problems, resolve disputes and achieve their business and legal needs. We focus on understanding the diverse industries in which our clients operate. From the outset, we work closely with our clients and get to know what is important to them. We constantly reevaluate and consult with our clients at all levels – business, legal and technical – and take only those actions that advance our clients' positions and ultimate goals.

| | |
|---|---|
| Corporate & Commercial | Employment Law |
| Family Offices | Financial Restructuring |
| Immigration | Individual Client Services |
| Intellectual Property | Israel |
| Life Sciences | Litigation |

*View All Practice Areas*

CTSW attorneys were trained in some of the country's largest and most prestigious firms.

In addition, almost half of our lawyers have worked in the business world, many as in-house counsel to large corporations throughout the nation. We leverage that experience with the efficiencies of small teams. Our points of difference are in our approach to client service.

*Meet Our Attorneys*



The Graybar Building 420 Lexington Avenue, Suite 2400 New York, New York 10170

PHONE
212-586-5800

EMAIL
info@ctswlaw.com

FAX
212-586-5095

Attorney advertising. Prior results do not guarantee a similar outcome. © 2020 Cohen Tauber Spievack & Wagner P.C.



# Practice Areas

CTSW provides comprehensive legal and business counsel to its clients in a variety of areas, and practice specialties to help clients anticipate and avoid problems, resolve disputes and achieve their business and legal needs. We focus on understanding the diverse industries in which our clients operate. From the outset, we work closely with our clients and get to know what is important to them.

We constantly reevaluate and consult with our clients at all levels, business, legal and technical and take only those actions that advance our clients' positions and ultimate goals. Each of our groups is supported by a team of attorneys who, in many cases, have multi-disciplinary training.



Corporate & Commercial ⌄

Employment Law

Family Offices

Financial Restructuring ⌄

Immigration

Individual Client Services

Intellectual Property ⌄

Israel

Licensing

Life Sciences

Litigation ⌃

   Commercial Litigation
   Employment Litigation
   Insurance Litigation
   Intellectual Property Litigation

Patents

Real Estate

Sports and Entertainment

Tax ⌄

Technology

Trusts & Estates

## Litigation

Our clients know that CTSW litigators are results-oriented, and that they can count on CTSW to approach complex litigation matters in manners designed to maximize their return on investment.

Our strength is proven trial success in complex cases in New York state and federal courts, courts throughout the nation, and domestic and international arbitration proceedings. CTSW repeatedly achieves its results-oriented mission in advocacy for a full range of clients, from individuals to multinational corporations. We have litigated hundreds of disputes across the country against parties represented by many of the nation's largest firms. CTSW's litigators enjoy a well-known reputation for success that is driven by our ability to work closely with clients to develop strategic goals.

CTSW's litigators are known for their experience in all aspects of complex litigation, from injunction, attachments, restraining orders and other forms of preliminary relief to motion practice, discovery, trials, appeals, arbitration, negotiation and settlement. CTSW's success has also made it a leading choice of clients and bankruptcy counsel for adversarial bankruptcy proceedings and other specialized matters involving companies in distress.

## Attorneys

Gerald C. Bender

Jackson S. Davis

Sari E. Kolatch

Kenneth J. Rubinstein

Jay B. Spievack

Stephen Wagner

Ruisi "Grace" Guo



PHONE
212-386-5800

EMAIL
info@ctswlaw.com

FAX
212-386-5095

Attorney advertising. Prior results do not guarantee a similar outcome. © 2020 Cohen Tauber Spievack & Wagner P.C.



## Jay B. Spievack
*Partner*

**phone**  212.381.8735
**email**
jspievack@ctswlaw.com

To be interesting, be
interested.

*– Dale Carnegie*

Education ▼

Admissions ▼

Member ▼

Recognition ▼

Related Practices ▼

*Download v-Card*

Jay Spievack, a founding partner of the firm, is co-chair of the litigation department at CTSW. As a business advisor as well as a litigator, Jay approaches each case understanding that a lawsuit is only an effective tool when it supports a client's business goals. Accordingly, Jay manages each case by working continuously with clients to prevent the process from undermining the value of their business and their broader objectives.

This approach is used in every case that Jay and the firm handles, whether a complex insurance coverage dispute, contract breach, business tort, partnership dispute or environmental matter. By staying connected to these broader goals, Jay has become a strategic advisor to his clients on matters more than a particular litigation. Many rely on his judgment for day-to-day advice and proactive steps to minimize risks and liabilities.

With co-founder Stephen Wagner, Jay has helped build a litigation team that has managed hundreds of business disputes against the country's largest law firms. This team brings proven chemistry and well-honed skills to every stage of the litigation process, from initial strategizing on how best to pursue a client's interest in litigation to resolving their dispute on favorable terms. Jay also works closely with attorneys from across CTSW to assist clients in other areas of their business. Clients benefit from this small team dynamic in a single office, in which business goals govern everything the firm does.

Prior to joining CTSW, Jay was a litigation partner at Anderson Kill Olick & Oshinsky and Kronish Lieb Weiner & Hellman LLP, which has since become part of Cooley LLP.

Jay is active in his community. He serves on the Board of Trustees of Congregation Kehilath Jeshurun.

Jay has been included the Super Lawyers publication every year since 2013.

Publications ▼

Related News ▼

Attorney advertising. Prior results do not guarantee a similar outcome. © 2020 Cohen Tauber Spievack & Wagner P.C.





ABOUT    ATTORNEYS    PRACTICE AREAS    NEWS    CONTACT



## Stephen Wagner
*Partner*

**phone**  212.381.8732
**email**
swagner@ctswlaw.com

Take nothing on its looks;
take everything on evidence.
There's no better rule.

*– Charles Dickens*

Education ▼

Admissions ▼

Member ▼

Recognition ▼

Related Practices ▼

*Download v-Card*

Stephen Wagner, a founding partner of the firm, co-chairs the litigation team at CTSW. A business advisor as well as litigator, Stephen approaches each case understanding that drawn-out disputes are never in a company's business plan. He manages each case to advance a client's business goals, and to prevent the process from overwhelming or undermining the value a business is protecting.

This approach has anchored Stephen's experience in every case he and the firm handles, whether contract breaches, insurance disputes, securities fraud, product liability, employment law, and complex aviation disputes. Even when retained as coordinating attorney in highly complex commercial disputes involving numerous lawyers and firms, he works with both colleagues and other firms' litigators to prevent the process from undermining the client's business goals. As a result, Stephen's relationships with clients last long beyond when a particular trial ends, and many rely on his judgment for day-to-day business affairs.

Stephen leads a team of trial attorneys that have defended clients in hundreds of disputes against the country's largest law firms. This team brings proven chemistry and well-honed skills to every stage of the litigation process, from initial strategizing on how best to defend a client's interests to litigating jury or bench trials to verdict. Stephen also works closely with the firm's corporate and transactional attorneys, consulting with them on issues related to the clients represented across a range of practice areas at the firm. Clients benefit from this small team dynamic in a single office, in which business goals govern everything the firm does.

Prior to joining CTSW, Stephen was a litigation partner at Anderson Kill Olick & Oshinsky, and then moved to Gratch Jacobs & Brozman to head its litigation department.

Stephen is a member of Yeshiva University's Counsel's Council, a committee of lawyers that provides advice and pro bono work to the General Counsel of the University.

He is also active in his community. He served on the Board of Trustees and Board of Education of the Hebrew Academy of the Five Towns and Rockaways, and on the Board of Trustees and Executive Board of his local synagogue, The Young Israel of Woodmere. In that capacity, Stephen has chaired the committee responsible for revamping this 1,000-family synagogue's constitution and by-laws, and as chair of the legal committee.

Stephen has been included in the Super Lawyers publication every year since 2012.

## Select Client Representations ▼

## Publications ▼

## Related News ▼



COHEN TAUBER SPIEVACK & WAGNER P.C.

The Graybar Building 420 Lexington Avenue, Suite 2400 New York, New York 10170

PHONE
212-586-5800

EMAIL
info@ctswlaw.com

FAX
212-586-5095

Attorney advertising. Prior results do not guarantee a similar outcome. © 2020 Cohen Tauber Spievack & Wagner P.C.




## Jackson S. Davis
*Senior Counsel*

**phone**  *212.381.8779*
**email**  *jdavis@ctswlaw.com*

I have need to be all on fire,
for I have mountains of ice
about me to melt.

*- William Lloyd Garrison*

Education ▼

Admissions ▼

Member ▼

Recognition ▼

Related Practices ▼

*Download v-Card*

Jackson Davis is Senior Counsel in the litigation department, where he focuses on complex commercial litigation in both state and in federal court. Jackson has broad-based commercial litigation experience in areas including securities fraud, commercial torts, bankruptcy, insider trading, and white-collar criminal defense.

Working with clients to help them understand the business implications of legal issues and the procedural aspects of their case, Jackson has advised businesses based both in the United States and abroad. These clients have represented a range of industries including financial services, insurance, pharmaceuticals, aviation, and healthcare.

Jackson was previously a litigation associate at Schulte Roth & Zabel LLP.

## Related News ▼



COHEN TAUBER SPIEVACK & WAGNER P.C.

The Graybar Building 420 Lexington Avenue, Suite 2400 New York, New York 10170

PHONE
212-586-5800

EMAIL
info@ctswlaw.com

FAX
212-586-5095

Attorney advertising. Prior results do not guarantee a similar outcome. © 2020 Cohen Tauber Spievack & Wagner P.C.



ABOUT     ATTORNEYS     PRACTICE AREAS     NEWS     CONTACT



## Ruisi "Grace" Guo

*Associate*

**phone**  212.381.8737
**email**  gguo@ctswlaw.com

> "When pride comes, then comes disgrace, but with humility comes wisdom."

*- Proverbs 11:2*



Education ▾

Admissions ▾

Member ▾

Related Practices ▾

Ruisi "Grace" Guo is an associate in CTSW's litigation department. Before joining CTSW, Grace gained extensive state and federal litigation experience working on general civil, personal injury, and various insurance related claims. She has practiced in New York, New Jersey, and in both the Eastern and Southern District of New York.

During her time clerking for the Honorable Justice Parker at the Alabama Supreme Court, she learned to look at cases from a Judge's perspective, which has allowed her to write and advocate for her clients with greater proficiency. Grace graduated from the University of Toronto with Honors Bachelor of Arts. She then obtained her Juris Doctorate from Liberty University School of Law, where she was the sole recipient of the Trial Advocacy Award for Outstanding Achievement in Trial Advocacy. In her capacity as research assistant, together with her professors, she published three law review articles on various topics. Most notably, one of which was published in the coveted Fletcher Forum of World Affairs Law Journal.

Grace has lived in various parts of the world. She spent her childhood in Mainland China, then went on to study in New Zealand, Canada, and the U.S. She is fluent in English and Mandarin.



COHEN TAUBER SPIEVACK & WAGNER P.C.

The Graybar Building 420 Lexington Avenue, Suite 2400 New York, New York 10170

| PHONE | EMAIL | FAX |
| --- | --- | --- |
| 212-586-5800 | info@ctswlaw.com | 212-586-5095 |

Attorney advertising. Prior results do not guarantee a similar outcome. © 2020 Cohen Tauber Spievack & Wagner P.C.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION TO EMPLOY, FOR A SPECIFIED SPECIAL PURPOSE, COHEN TAUBER SPIEVACK & WAGNER P.C. AS SPECIAL LITIGATION COUNSEL; DECLARATION CONSTANTINE S. YANNIAS; DECLARATION OF JAY B. SPIEVACK** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 31, 2022  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) October 31, 2022 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 31, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 31, 2022 | Cheryl Caldwell | */s/Cheryl Caldwell* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

CC 52262618v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**

Case: 22-10381   Doc# 81   Filed: 10/31/22   Entered: 10/31/22 18:02:49   Page 30 of 34

# 1. <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>

Dean C. Burnick on behalf of Interested Party Mt. Hawley Insurance Company **(RSN)**
dcb@proughlaw.com

Jacquelyn H. Choi on behalf of Creditor Napa County Treasurer-Tax Collector **(RSN)**
jacquelyn.choi@rimonlaw.com, docketing@rimonlaw.com

Mark S Horoupian on behalf of Debtor Spring Mountain Vineyard Inc.
mark.horoupian@gmlaw.com, cheryl.caldwell@gmlaw.com

Steve Ma on behalf of Creditor MGG California, LLC
sma@proskauer.com

Jeff J. Marwil on behalf of Creditor MGG California, LLC
jmarwil@proskauer.com

Office of the U.S. Trustee / SR
USTPRegion17.SF.ECF@usdoj.gov

Elvina Rofael on behalf of U.S. Trustee Office of the U.S. Trustee / SR
elvina.rofael@usdoj.gov, Katina.Umpierre@usdoj.gov,GemMil.Langit@usdoj.gov

Victor A. Sahn on behalf of Debtor Spring Mountain Vineyard Inc.
victor.sahn@gmlaw.com, Karen.Files@gmlaw.com

Phillip John Shine on behalf of U.S. Trustee Office of the U.S. Trustee / SR
phillip.shine@usdoj.gov

Michael St. James on behalf of Interested Party Arcade Capital, LLC **(RSN)**
ecf@stjames-law.com

Ashley M. Weringa on behalf of Creditor MGG California, LLC
aweringa@proskauer.com

Steven F. Werth on behalf of Debtor Spring Mountain Vineyard Inc.
steven.werth@gmlaw.com, Patricia.Dillamar@gmlaw.com

Peter J Young on behalf of Creditor MGG California, LLC
pyoung@proskauer.com

CC 52262618v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    F 9013-3.1.PROOF.SERVICE

Case: 22-10381     Doc# 81     Filed: 10/31/22     Entered: 10/31/22 18:02:49     Page 31 of 34

**SERVED BY EMAIL AND REGULAR MAIL**

**Secured Creditor**
Imperial PFS aka IPFS
49 Stevenson St. #127
San Francisco, CA 94105-2909
(877) 687-9826
Lisa Chandler, Litigation and Bankruptcy
Recovery Manager
lisa.chandler@ipfs.com

**Largest Unsecured Creditors**
Allen Group
Attn:  Timothy Allen, CPA - Managing Partner
120 Stony Point Road,  #230
Santa Rosa, CA 95401
(707) 528-3860
tim@allenwine.com
Tim@allengroupllp.com
Brent Garrison
Brent@allengroupllp.com

Bartelt Engineering
Attn:  Paul Bartelt
1303 Jefferson St #200B
Napa, CA 94559
(707) 258-1301
paulb@barteltengineering.com

Belkorp AG, LLC
Attn:  Laura Correll, Accounting
2413 Crows Landing Rd
Modesto, CA 95358
(209) 205-3706
ar@belkorpag.com
AR@BelkorpAg.com
ldunhouse@belkorpag.com

Brown's Auto Parts
Attn Dan Beltramai, Owner
1218 Main St.
Saint Helena, CA 94574-1901
(707) 963-3638
brownsauto169@gmail.com

Castino Restaurant Equipment And Supply
50 Utility Ct.
Rohnert Park, CA 94928-1659
(707) 585-3566
sales@castinosolutions.com

Central Valley
~~Attn:  Gerry Cruz, Accounting Mgr.~~
~~1100 Vintage Avenue.~~
~~Saint Helena, CA 94574~~
~~707 261-7900~~
~~gerryc@central-valley.com~~
**See address below per Gerry Cruz, Actg. Mgr.**

Central Valley
Administrative Offices
1804 Soscol Ave., #205
Napa, CA 94559
Attn:  Gerry Cruz, Accounting Mgr.
(707) 261-7900
gerryc@central-valley.com

Chubb Group of Insurance Companies
P.O. Box 777-1630
Philadelphia, PA 19175-0001
(800) 372-4822
**Returned – Box Closed**

Conway Beverage Group, LLC
Dba:  Elite Brands
Elite Brokerage
3238 Old Heather Rd.
San Diego, CA 92111-7716
Attn:  Mr. Jay Conway
Jayconway@elitebrands.biz

Famille Sylvain
855 Bordeaux Way #239
Napa, CA 94558-7549
(707) 492-3308
contactusa@famillesylvain.com

Tonnellerie Sylvain
855 Bordeaux Way
Napa, CA 94558
(707) 492-3308
contactusa@famillesylvain.com

Francois Freres USA Inc.
1403 Jefferson St.
Napa, CA 94559-1708
(707) 294-2204
office@francoisfreresusa.com

CC 52262618v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

julie@francoisfreresusa.com
accounting@francoisfreresusa.com
assistant@francoisfreresusa.com

G3 Enterprises Inc.
(Tapp Labels)
580 Gateway Dr.
Napa, CA 94558
(707) 252-8300
jeff.licht@tapplabel.com

Napa County Treasurer
1195 3rd St. #108
Napa, CA 94559-3035
(707) 253-4314
Dawnette.martindale@countyofnapa.org
Napa County Treasurer-Tax Collector
Bob.Minahen@countyofnapa.org
Napa County Attorney
Wendy.dau@countyofnapa.org

Napa Ford Lincoln
170 Soscol Ave.
Napa, CA 94559
(707) 255-2580
**Via Regular Mail**

Ford Motor Credit Company
National Bankruptcy Service Center
P O Box 62180
Colorado Springs CO 80962-2180
**Via Regular Mail**

Napa Valley Petroleum
P.O. Box 2670
Napa, CA 94558-0528
(707) 252-6888
kamh@napavalleypetroleum.com

Napa Valley Vintners Association
P.O. Box 141
Saint Helena, CA 94574
(707) 963-3388
Attn: Steve Tradewell, CFO
stradewell@napavinters.com

Ramondin U.S.A. Inc.
Tammy Frandsen
Finance Manager
541 Technology Way
Napa, CA 94558
(707) 944-2277
tfrandsen@ramondin.com

Stanzler Law Group
Attn: Jordan S. Stanzler
390 Bridge Pkwy #220
Redwood City, CA 94065
(650) 739-0200
Jstanzler@stanzlerlawgroup.com

Wilbur Ellis Company LLC
c/o Registered Agent Solutions Inc.
720 14th St.
Sacramento, CA 95814-1905
(707) 963-3495
KZavala@wilburellis.com
MHAMMETT@wilburellis.com

Wilbur Ellis Company LLC
975 Vintage Ave.
St Helena, CA 94574
**Via Regular Mail**

Wine Service Cooperative
1150 Dowdell Lane
Saint Helena, CA 94574
Attn:  Steven Tamburelli
General Manager
Tel: (707) 963-9474
Fax: (707) 963 9359
Steve@wineservicecoop.com

Bright Event Rental
22674 Broadway # A
Sonoma, CA 95476
(707) 940-6060
Attn:  Michelle Minsk, Acctg.
accountsreceivable@bright.com

CNH Capital
Dept. 1801104747435
P.O. Box 78004
Phoenix, AZ 85062
(209) 632-3931
**Via Regular Mail**

CC 52262618v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

Case: 22-10381     Doc# 81     Filed: 10/31/22     Entered: 10/31/22 18:03:49     Page 22 of
34

ETS Laboratories
c/o Marjorie Burns 899 Adams Street #A
Saint Helena, CA 94574-1160
(707) 963-4806
Attn Accounts Receivable Team
ar@etslabs.cm

Matheson Tri-Gas Inc.
Dept. LA 23793
Pasadena, CA 91185
(707) 963-4307
**Via Regular Mail**

Sovos Compliance LLC
200 Ballardvale St. Bldg 1 4th Fl.
Wilmington, MA 01887
(866) 890-3970
**Via Regular Mail**

Wine Technology America
474 Walten Way
Windsor, CA 95492
(707) 703-5919
**Via Regular Mail**

Wyatt Irrigation Co.
4407 Solano Ave.
Napa, CA 94558
(707) 578-3747
Lynne Colombamo, Acct Receivable Mgr.
lynne@wyattsupply.com

**Request for Special Notice**
Alcohol & Tobacco Tax & Trade Bureau
Attn: Daniel Paralta, Senior Counsel, Field Operations
1436 2nd Street #531
Napa, CA 94559
**Via Regular Mail**

**Courtesy Email**

Jay B. Spievack, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave., Suite 2400
New York NY 10170-2499
email: jspievack@ctswlaw.com

Joseph Vann, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave., Suite 2400
New York NY 10170-2499
email: jvann@ctswlaw.com

Will Densenberger
Engel & Volkers St. Helena - Napa Valley
1111 Main Street, Suite A
St. Helena, CA 94574
(707) 302-8133
email: will@nvwineestates.com

John C. Vaughan
Newmark Knight Frank
4675 MacArthur Court, Suite 1600
Newport Beach, CA 92660
email: john.vaughan@nmrk.com

Mark Kasowitz: MKasowitz@kasowitz.com

Gavin D. Schryver: GSchryver@kasowitz.com

CC 52262618v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                     F 9013-3.1.PROOF.SERVICE

Case: 22-10381    Doc# 81    Filed: 10/31/22    Entered: 10/31/22 18:03:49    Page 34 of 34