1  Victor A. Sahn (CA Bar No. 97299)
       *victor.sahn@gmlaw.com*
2  Mark S. Horoupian (CA Bar No. 175373)
       *mark.horoupian@gmlaw.com*
3  Steven F. Werth (CA Bar No. 205434)
       *steven.werth@gmlaw.com*
4  Greenspoon Marder LLP
   a Florida limited liability partnership
5  333 South Grand Ave., Suite 3400
   Los Angeles, CA  90071
6  Telephone: 213.626.2311
   Facsimile: 954.771.9264
7
   Attorneys for Debtor in Possession,
8  Spring Mountain Vineyard Inc.

9          **UNITED STATES BANKRUPTCY COURT**

10         **NORTHERN DISTRICT OF CALIFORNIA**

11              **SANTA ROSA DIVISION**

| | |
|---|---|
| 12  In re: | Case No. 1:22-bk-10381 CN |
| 13  SPRING MOUNTAIN VINEYARD INC., a Delaware corporation, | Chapter 11 |
| 14 | **APPLICATION TO EMPLOY, FOR A SPECIFIED SPECIAL PURPOSE,** |
| 15          Debtor. | **STANZLER LAW GROUP, PROFESSIONAL CORPORATION, AS SPECIAL LITIGATION LOCAL** |
| 16  Federal EIN:  36-3844911 | **COUNSEL; DECLARATION OF CONSTANTINE S. YANNIAS; DECLARATION OF JORDAN STANZLER** |
| 17 | |
| 18 | |
| 19 | |
| 20 | **Hearing Information** |
| 21 | Date:    November 22, 2022 |
| 22 | Time:    3:30 p.m. |
|  | Place:   U.S. Bankruptcy Court |
| 23 |          Courtroom 215 |
|  |          1300 Clay Street |
| 24 |          Oakland, CA 94612 |

25

26

27

28

**TO THE HONORABLE CHIEF JUDGE CHARLES NOVACK, UNITED STATES BANKRUPTCY JUDGE, MGG CALIFORNIA LLC, THE TWENTY LARGEST UNSECURED CREDITORS, THE OFFICE OF THE UNITED STATES TRUSTEE, AND PARTIES ENTITLED TO NOTICE:**

Pursuant to 11 U.S.C. §§ 327(e), 328, and 330, and Rule 2014 of the Federal Rules of Bankruptcy Procedure, Spring Mountain Vineyard Inc., a Delaware corporation, the debtor in possession in the above-captioned case ("Debtor"), applies for authority to employ Stanzler Law Group, Professional Corporation ("Stanzler") for a specified special purpose, specifically to act as the Debtor's insurance litigation local counsel with respect to litigation proceedings that are currently ongoing, effective as of September 29, 2022, pursuant to the terms and conditions stated in this employment application ("Application").

Stanzler is a creditor of the Debtor. As more particularly described below, Stanzler has been the Debtor's local California counsel of record for its property and business loss income insurance claims and insurance recovery litigations in relation to such claims. Stanzler presently has unpaid fees for its representation. Prior to September 29, 2022 (the "Petition Date"), for approximately six months, Stanzler represented the Debtor in relation to the Debtor's claims to recover insurance proceeds from its commercial and residential insurance carriers to pay for its property damage and losses caused by a September 27, 2022, wildfire (the "Glass Fire").

The Debtor has recovered approximately $8.35 million in insurance proceeds combined from its primary and first-layer excess commercial property carriers and its residential property carrier for property damage and loss caused by the Glass Fire. The Debtor's excess commercial carriers, however, have refused to pay approximately an additional $28 million for the Debtor's Glass Fire-related property damages and losses, which has been the subject of litigation in California state courts and New York federal court since March 2022. Since the beginning of its employment in approximately March, 2022, Stanzler incurred $39,052 in fees and $2,944.79 in expense which remain outstanding as of the Petition Date, for a total claim of $41,996.79. This amount was

2

billed to Debtor and the Debtor was responsible for paying all prepetition fees and expenses pursuant to a retainer agreement effective March 3, 2022. See **Exhibit 1**.

The Debtor seeks approval to employ Stanzler for a specified special purpose: to represent the Debtor in connection with the Glass Fire-related insurance claims and litigation. Stanzler will provide no services to the Debtor of any kind, except those services related to the Glass Fire-related insurance claims and litigation. Section 327(e) of the Bankruptcy Code authorizes a debtor in possession to employ, for a specified special purpose, an attorney that has represented the Debtor if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

Here, Stanzler holds no interest adverse to the Debtor with respect to the Glass Fire-related insurance claims and litigation. That litigation is expected to bring significant net proceeds into the Debtor's estate after payment of Stanzler attorneys' fees including its fees incurred prepetition. All such proceeds will be subject to the cash collateral interest of MGG California LLC, the Debtor's primary secured creditor ("MGG"). The interests of the Debtor, CTSW, Mr. Safra, and MGG are in complete alignment on the specific issue for which the Debtor seeks to employ Stanzler.

This Application is supported by the attached declarations of Constantine S. Yannias ("Yannias Decl.") and Jordan Stanzler ("Stanzler Decl.").[1]

# I.

# BACKGROUND

Since 1992, the Debtor has owned the Spring Mountain Vineyard in Napa County, California (the "Vineyard"). The Vineyard is the primary asset of the Debtor, an ongoing business with 61 employees, millions of dollars in annual sales, and relationships with

---

[1] Unless otherwise noted, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), and all references to the "Bankruptcy Rules" are to the Federal Rules of Bankruptcy Procedure ("FRBP"), 1001 et seq.

Case 22-10381    Doc# 82    Filed: 10/31/22    Entered: 10/31/22 18:08:29    Page 3 of 31

dozens of suppliers and thousands of customers. The Debtor's business is primarily fine wine processing, manufacturing, and distribution, which consists of growing grapes in its 135 vineyard blocks, harvesting those grapes and pressing them into wine in casks, bottling that wine from casks, storing and selling that wine, and related production and manufacturing processes.

On September 27, 2020, a wildfire known as the Glass Fire burned a substantial portion of the Vineyard. Prior to that fire, the Vineyard had 221 acres of productive vineyard blocks. The Glass Fire destroyed 14 of those acres, damaged another 143 acres, destroyed and/or damaged several buildings and structures used in Debtor's wine processing and manufacturing operations, and destroyed the Debtor's entire 2020 grape crop.

At the time of the Glass Fire, the Debtor possessed fire insurance in multiple tiers that covered part of the Debtor's losses. The Debtor then retained Cohen Tauber Spievack & Wagner P.C. ("CTSW") to represent it in connection with recovering insurance proceeds to pay for its Glass Fire-related property damage and losses under its commercial and residential property insurance policies. The Debtor also subsequently employed a second law firm--Stanzler--as California local counsel to assist CTSW in the California litigation. Both CTSW and Stanzler have significant expertise in handling complex insurance claims for corporate policyholders, such as the Debtor.

As a result of CTSW's efforts in conjunction with a retained insurance adjustor, prior to the Petition Date, the primary and first-layer excess commercial insurers have paid approximately $7.65 million to cover commercial property damage and loss caused by the Glass Fire and its residential insurer paid approximately $750,000 to cover a residential property destroyed due to the Glass Fire. In fact, approximately $8.25 million has already been recovered due to the efforts of CTSW and its retained insurance adjustor

However, since October 1, 2021, the first layer commercial excess insurance carriers, along with the second, third- and fourth-layer excess carriers, have refused to pay any of remaining $28 million that the Debtor has sought for its commercial property

4

damage and losses caused by the Glass Fire, and the second layer excess insurer forced the Debtor to incur significant fees and expenses to respond to its purported claims investigation.

On March 11, 2022, CTSW and Stanzler filed an action captioned *Spring Mountain Vineyards, Inc. v. Landmark American Ins. Co.*, Case No. 22CV000270 (Napa County, California Superior Court)--the "California State Litigation".  In it, the Debtor claims that its six excess commercial insurers breached their obligations to cover the Debtor for approximately $28 million in unreimbursed commercial property damage and losses caused by the Glass Fire.  The Debtor believes that the total remaining insurance recoverable damages are up to $28 million, which does not include its attorney's fees, consequential and punitive damages, and in fact further recoveries for its attorneys' fees, consequential and punitive damages beyond this amount will reduce the Debtor's attorney's fee obligation to CTSW.

The California State Litigation is proceeding apace against the first-layer, third-layer and fourth-layer commercial excess insurers and against the Debtor's former insurance advisor and broker for negligence, negligent misrepresentation, and breach of fiduciary duty.  The second-later commercial excess insurer, Mt. Hawley Insurance Company ("Mt. Hawley") has filed a petition for review to the California Supreme Court in which it ultimately seeks to  have the California Supreme Court review and reverse the Napa County Superior Court's Order After Hearing Denying Mt. Hawley's Motion to Dismiss and the California Court of Appeal's Order Summarily Denying Mt, Hawley's Petition for an Interlocutory Writ.  The Petition for Review to the California Supreme Court will be fully submitted to that Honorable Court in the next 10 to 14 days.

## II.

## PROPOSED EMPLOYMENT OF STANZLER

### A.    Scope and Terms of Employment

#### 1.    Services To Be Provided

The Debtor seeks to employ Stanzler under 11 U.S.C. §§ 327(e) and 328 for the

5

specified special purpose of representing the Debtor as local counsel, assisting CTSW in connection with the Glass Fire-related litigation and claims (the "<u>California State Litigation</u>"). Stanzler has extensive knowledge of that litigation and is best suited to continue to represent the Debtor in that litigation.

### 2. Compensation

The Debtor proposes to employ Stanzler, effective as of the Petition Date, at the expense of the bankruptcy estate, pursuant to 11 U.S.C. § 327(e). For work performed by Stanzler after the Petition Date, the Debtor proposes to pay Stanzler its regular hourly rate subject to approval of this Court pursuant to 11 U.S.C. § 330. Those proceeds will not come from any recovery on the California State Litigation, but will come from the Debtor's estate.

No payment will be made to Stanzler that is not in conformity with a cash collateral budget, in effect at the time, and approved by MGG or otherwise ordered by the Court.

For work performed after the Petition Date in connection with the California State Litigation, Stanzler will charge the Debtor for services rendered at Stanzler's ordinary hourly rates in effect at the time the services are rendered. A schedule of the current rates being charged by attorneys and paraprofessionals of Stanzler is attached to the Stanzler Decl. as **Exhibit 1**, subject to periodic adjustment. As set forth in Exhibit 1, at this time, Stanzler bills its time at hourly rates ranging from $475 for attorneys, and $130 for Sharran Rodd's hourly rate. Stanzler's resume is attached to the Stanzler Decl. as **Exhibit 2**.

Stanzler has received no retainer for its services.

Stanzler is familiar with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the United States Trustee Guidelines, and shall comply with them. Stanzler understands that, notwithstanding anything to the contrary in this Application, any and all fees and expenses sought or requested by, or paid on an interim basis to, Stanzler which relate to work performed for the Debtor after the Petition Date, are subject to Court approval and in the amounts approved by the Court upon application, and in accordance with any order of this Court, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules

6

for this Court, and any other applicable law and guidelines.

At the conclusion of this case or Stanzler's proposed engagement, Stanzler will file an application seeking final allowance and payment of all its fees and expenses incurred by Stanzler since the Petition Date, regardless of whether monthly or interim compensation has been paid to Stanzler. Such fee application will *not* request final allowance of the $41,996.79 in fees and expenses that Stanzler incurred prior to the Petition Date. That is because Stanzler's claim for work performed prior to the Petition Date does not relate to employment by a debtor-in-possession, and thus does not fall under 11 U.S.C. § 327. However such fee application *will* request that the Court approve payment to Stanzler of $41,996.79 for its pre-petition services, in addition to its post-petition fees and expenses approved by this Court. That is because Stanzler's pre-petition claim cannot be paid without Court approval, even though that claim is not subject to fee approval process of 11 U.S.C. § 330.

## B. Stanzler's Qualifications

Stanzler is expert in insurance litigation matters and is well-qualified to represent the Debtor as local counsel to CTSW in connection with the California State Litigation. See Stanzler Decl., Ex. 2. As a result, the Debtor believes that Stanzler is well-qualified to render the services contemplated by this Application.

## C. Stanzler Is Not Adverse to the Bankruptcy Estate With Respect To The Specified Special Purpose For Which The Debtor Seeks To Retain It

Stanzler possessed, as of the Petition Date, a claim against the Debtor in the amount of $41,996.79, arising from unreimbursed fees and expenses incurred in the California State Litigation. While Stanzler is not disinterested, due to its status as a creditor, the Debtor seeks to retain Stanzler pursuant to 11 U.S.C. §327(e), which states:

> "(e) The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."

Case 22-10381   Doc# 82   Filed: 10/31/22   Entered: 10/31/22 18:08:29   Page 7 of 31

Here, Stanzler does not represent or hold any interest adverse to the Debtor or its estate with respect to the matter on which it is to be employed. The California State Litigation is expected to result in a significant net payout of insurance proceeds to the Estate, and that benefit will redound only to the Debtor, and MGG as such payment would be MGG's cash collateral.

The Debtor believes that the employment of Stanzler upon the foregoing terms and conditions is fair, equitable, and in the best interests of the Debtor's bankruptcy estate.

**FOR THESE REASONS**, the Debtor respectfully requests that the Court enter an order: (1) approving the Application, (2) authorizing the employment of Stanzler as the Debtor's special litigation local counsel in this case pursuant to Section 327(e) of the Bankruptcy Code, on the terms and conditions stated herein, with such employment effective as of the Petition Date, September 29, 2022, and (3) providing such other relief as is proper.

Dated: October 31, 2022

Respectfully submitted,

**GREENSPOON MARDER LLP**
A Florida limited liability partnership

By: */s/Mark S. Horoupian*
  Victor A. Sahn
  Mark S. Horoupian
  Steven F. Werth
  Attorneys for Debtor in Possession,
  Spring Mountain Vineyard Inc.

8

## DECLARATION OF CONSTANTINE S. YANNIAS

I, Constantine S. Yannias, declare as follows:

1. I am over the age of 18 years.

2. I make this declaration in support of the attached "Application To Employ, For A Specified Special Purpose, Stanzler Law Group, Professional Corporation, As Special Litigation Local Counsel" (the "Application"). Capitalized terms in this declaration have the meaning given them in the Application.

3. I am the Chairman and President of Spring Mountain Vineyard Inc., a Delaware corporation, the debtor in possession in the above-captioned case (the "Debtor"). I have served in this capacity for the Debtor since August 1993.

4. I have personal knowledge of the facts stated herein. I have learned certain facts through my review of relevant documents and my investigation of the Debtor's business. In making this declaration, I have relied in part on information and materials that the Debtor's personnel and advisors have gather, prepared, verified, and provided to me, at my direction, or for the benefit in preparing this declaration. If called upon to do so, I could and would testify to the facts set forth herein.

5. Since 1992, the Debtor has owned the Spring Mountain Vineyard in Napa County, California. The Vineyard is the primary asset of the Debtor, an ongoing business with 61 employees, millions of dollars in annual sales, and relationships with dozens of suppliers and thousands of customers. The Debtor's business is primarily fine wine processing, manufacturing and distribution, which consists of growing grapes in its 135 vineyard blocks, harvesting those grapes and pressing them into wine in casks, bottling that wine from casks, storing and selling that wine, and related production and manufacturing processes.

6. On September 27, 2020, a wildfire known as the Glass Fire burned a substantial portion of the Vineyard. Prior to that fire, the Vineyard had 221 acres of productive vineyard blocks. The Glass Fire destroyed 14 of those acres, damaged another 143 acres, destroyed and/or damaged several buildings and structures used in Debtor's

9

wine processing and manufacturing operations, and destroyed the Debtor's entire 2020 grape crop.

7.   At the time of the Glass Fire, the Debtor possessed fire insurance in multiple tiers that covered part of the Debtor's losses.  The Debtor then retained CTSW--which at that point was counsel to Mr. Safra on numerous unrelated matters--to represent it  in connection with recovering insurance proceeds to pay for its Glass Fire-related property damage and losses under its commercial and residential property insurance policies.  The Debtor subsequently employed a second law firm--Stanzler Law Group, Professional Corporation--as California local counsel to assist CTSW in a California state insurance litigation.

8.   As a result of CTSW's and the Debtor's insurance adjustor's efforts prior to the Petition Date, the primary and first-layer excess commercial insurers have paid approximately $7.65 million to cover commercial property damage and loss caused by the Glass Fire and its residential insurer paid approximately $750,000 to cover a residential property destroyed due to the Glass Fire.   In fact, approximately $8.25 million has already been recovered due to the efforts of CTSW and its retained insurance adjustor.

9.   However, since October 1, 2021, the first layer commercial excess insurance carriers, along with the second, third- and fourth-layer excess carriers, have refused so far to pay any of remaining $28 million that the Debtor has sought for its commercial property damage and losses caused by the Glass Fire, and the second layer excess insurer has forced the Debtor to incur significant fees and expenses to respond to its purported claims investigation.

10.   On March 11, 2022, CTSW and Stanzler filed an action captioned *Spring Mountain Vineyards, Inc. v. Landmark American Ins. Co.*, Case No. 22CV000270 (Napa County, California Superior Court)--the California State Litigation.  In it, the Debtor claims that its six excess commercial insurers breached their obligations to cover the Debtor for approximately $28 million in unreimbursed property damage and losses caused by the Glass Fire.  The Debtor believes that the total remaining insurance recoverable

damages are up to $28 million, which does not include its attorney's fees, consequential and punitive damages, and in fact further recoveries for attorneys' fees, consequential and punitive damages beyond this amount will reduce the Debtor's attorney's fee obligation to CTSW.

11.     The California State Litigation is proceeding apace against the first-layer, third layer and fourth layer commercial excess insurers and against the Debtor's former insurance advisor and broker for negligent, negligent misrepresentation and breach of fiduciary duty.  The second-later commercial excess insurer, Mt. Hawley Insurance Company ("Mt. Hawley") has filed a petition for review to the California Supreme Court in which it ultimately seeks to  have the California Supreme Court review and reverse the Napa County Superior Court's Order After Hearing Denying Mt. Hawley's Motion to Dismiss and the California Court of Appeal's Order Summarily Denying Mt, Hawley's Petition for an Interlocutory Writ.  The Petition for Review to the California Supreme Court will be fully submitted to that Honorable Court in the next 10 to 14 days.

12.     The Debtor seeks to employ Stanzler as its special litigation local counsel to represent it in connection with the California State Litigation, effective as of the Petition Date.

13.     I understand that Stanzler will charge the Debtor for services rendered at Stanzler's ordinary hourly rates in effect at the time the services are rendered.

14.     Stanzler has received no retainer for its services.

15.     I understand that any and all fees and expenses relating to work performed after the Petition Date, sought or requested by, or paid on an interim basis to, Stanzler are subject to Court approval and in the amounts approved by the Court upon application, and in accordance with any order of this Court, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for this Court, and any other applicable law and guidelines.

16.     I believe that Stanzler is well-qualified to render the services contemplated by this Application.

17.     Stanzler is a creditor of the Debtor.  Since approximately March, 2022,

11

Stanzler has been the Debtor's local counsel of record for its property and business loss income insurance claims and insurance recovery litigations in relation to such claims, and Stanzler presently has unpaid fees for its representation. Prior to the Petition Date, Stanzler represented the Debtor for approximately six months in relation to Debtor's claims to recover insurance proceeds from its commercial and residential insurance carriers to pay for its property damages and losses caused by a the Glass Fire. Despite the pre-litigation recovery of approximately $8.25 million to pay for property damage and losses caused by the Glass Fire, the excess insurer carriers' coverage denial ultimately results in the California State Litigation, Mt. Hawley's interlocutory appeals and the New York Federal Action filed by Mt. Hawley. Therefore, from approximately March, 2022 through September 29, 2022, Stanzler incurred $41,996.79 in fees and expenses which remain outstanding as of the Petition Date. This amount was billed to the Debtor.

18.     I believe that the employment of Stanzler upon the foregoing terms and conditions is fair, equitable, and in the best interests of the Debtor's bankruptcy estate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed October 31, 2022, in Chicago, Illinois.

_____
Constantine S. Yannias

## <u>DECLARATION OF JORDAN STANZLER</u>

I, Jordan Stanzler, declare as follows:

1. I am over the age of 18 years.

2. I have personal knowledge of the facts stated herein. I can testify that these facts are true and correct.

3. I am a partner at Stanzler Law Group, Professional Corporation ("<u>Stanzler</u>"), proposed special litigation counsel to Spring Mountain Vineyard Inc., a Delaware corporation.

4. I make this declaration in support of the attached "Application To Employ, For A Specified Special Purpose, Stanzler Law Group, Professional Corporation, As Special Litigation Local Counsel" (the "<u>Application</u>"). Capitalized terms in this declaration have the meaning given them in the Application.

5. Prior to the Petition Date, pursuant to a retention agreement effective March 3, 2022, a true and correct copy of which is attached as **Exhibit 1**, the Debtor employed Stanzler as its local litigation counsel to pursue insurance proceeds from its commercial and residential insurance carriers for its property damage and losses caused by a September 27, 2020 wildfire known as the Glass Fire, which burned a substantial portion of the Vineyard and destroyed numerous buildings and structures on that property. Stanzler also represented the Debtor as local litigation counsel in relation to its business loss income claim against its commercial insurance carriers. I am the attorney at Stanzler with primary responsibility for representing the Debtor in as local counsel in connection with that litigation. I am familiar with the history of the California State Litigation and legal issues relating to that litigation.

6. On March 11, 2022, the Debtor filed an action captioned *Spring Mountain Vineyards, Inc. v. Landmark American Ins. Co.*, Case No. 22CV000270 (Napa County, California Superior Court). In the California State Litigation, the Debtor claims that its six excess insurers breached their obligations to cover the Debtor for approximately $28 million in unreimbursed property damage and losses caused by the Glass Fire.

13

7.      The total remaining insurance recoverable damages are up to $28 million, which does not include attorney's fees, consequential and punitive damages, and in fact further recoveries for attorneys' fees, consequential and punitive damages beyond this amount will reduce the Debtor's attorney's fee obligation to Stanzler.  The California State Litigation is proceeding apace against the first-layer, third layer and fourth-layer commercial excess insurers and against the Debtor's former insurance advisor and broker for negligent, negligent misrepresentation and breach of fiduciary duty.

8.      The second-later commercial excess insurer, Mt. Hawley Insurance Company, has filed a petition for review to the California Supreme Court in which it ultimately seeks to  have the California Supreme Court review and reverse the Napa County Superior Court's Order After Hearing Denying Mt. Hawley's Motion to Dismiss and the California Court of Appeal's Order Summarily Denying Mt, Hawley's Petition for an Interlocutory Writ.  The Petition for Review to the California Supreme Court will be fully submitted to that Honorable Court in the next 10 to 14 days.

9.      Stanzler has extensive knowledge of the California State Litigation and is well suited to continue to represent the Debtor in those actions.  Stanzler is expert in insurance litigation matters.  See Exhibit 2.

10.      A schedule of the current rates being charged by attorneys and paraprofessionals of Stanzler is attached as **Exhibit 1**, subject to periodic adjustment.  As set forth in Exhibit 1, at this time, Stanzler bills its time at hourly rates ranging from $475 for attorneys, and $130 for Sharran Rodd's hourly rate.  Stanzler's resume is attached as **Exhibit 2**.

11.      Stanzler has received no retainer for its services.

12.      Stanzler is familiar with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the United States Trustee Guidelines, and shall comply with them. Stanzler understands that, notwithstanding anything to the contrary in this Application, any and all fees and expenses sought or requested by, or paid on an interim basis to, Stanzler are subject to Court approval and in the amounts approved by the Court upon application,

Case: 22-10381    Doc# 82    Filed: 10/31/22    Entered: 10/31/22 18:08:29    Page 14 of 31

and in accordance with any order of this Court, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for this Court, and any other applicable law and guidelines.

13.     Prior to the Petition Date, Stanzler incurred $41, 996.79  in fees and expenses relating to the California State Litigation which remain outstanding.

14.     Stanzler holds no interest adverse to the Debtor with respect to the California State Litigation.  I expect that litigation to bring significant net proceeds into the Debtor's estate after payment of attorneys' fees.

15.     At the conclusion of this case or Stanzler's proposed engagement, Stanzler will file an application seeking final allowance and payment of all its fees and expenses incurred by Stanzler since the Petition Date, regardless of whether monthly or interim compensation has been paid to Stanzler.  Such fee application will *not* request final allowance of the $41,996.79 in fees and expenses that Stanzler incurred prior to the Petition Date.  However such fee application *will* request that the Court approve payment to Stanzler of $41,996.79 for its pre-petition services, in addition to its post-petition fees and expenses approved by this Court.

16.     Neither Stanzler, its attorneys, employees nor other professionals have any connection with the Debtor, its employees, or accountants, the U.S. Trustee, or any employee of the U.S. Trustee, or any other parties in interest or creditors in this case, other than as stated in the Application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed October 31, 2022, in Redwood City, California.

Jordan Stanzler

# EXHIBIT 1

**STANZLER LAW GROUP**
390 Bridge Parkway, Suite 220
Redwood City, CA  94065
Tel:  (650) 739-0200

## ATTORNEY-CLIENT FEE AGREEMENT

This fee agreement ("Agreement") is hereby entered into by and between STANZLER LAW
GROUP ("Attorney") and SPRING MOUNTAIN VINEYARDS, INC. ("Client") under the
terms set forth below and in accordance with the laws of the State of California.

1.

1. SCOPE OF SERVICES.   Client retains Attorney to represent Client in connection with
   all matters relating to obtaining insurance benefits and insurance proceeds for losses due
   to the Glass Fire.

2. RESPONSIBILITIES OF THE PARTIES.   Attorney will provide those legal services
   reasonably required to represent Client in prosecuting/defending the claims described in
   Paragraph 2 and will take reasonable steps to keep Client informed of significant
   developments, and to respond promptly to Client's inquiries and communications.
   Client agrees to be truthful with Attorney, to keep Attorney informed of any information
   and developments which come to Client's attention, to abide by this Agreement, and to
   keep Attorney advised of Client's address, telephone number(s) and whereabouts. Client
   agrees to appear at all legal proceedings Attorney deems necessary and to cooperate fully
   with Attorney in all matters related to the preparation and presentation of Client's claims.

3. LEGAL FEES.   Client will compensate attorney as follows. Client will pay Attorney's
   hourly rate:

   |                          | Hourly   Rate |
   |--------------------------|---------------|
   | Jordan Stanzler          | $475          |
   | Sharran Rodd (paralegal) | $130          |

.4. ENTIRE AGREEMENT.   This Agreement contains the entire agreement of the parties.
   No other agreement, statement or promise made on or before the effective date of this
   Agreement will be binding on the parties.

5. MODIFICATION BY SUBSEQUENT AGREEMENT.   This Agreement may be
   modified by subsequent agreement of the parties only by an instrument in writing signed
   by both of the parties or an oral agreement only to the extent that the parties carry it out.

Page 1 of  2

6. ELECTRONIC SIGNATURES. The Agreement will be effective if an electronic signature is used. Signatures may be exchanged by PDF.

7. This Agreement will be construed under the laws of the State of California.

8. This Agreement will be effective as of March 3, 2022

THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM.

SPRING MOUNTAIN VINEYARDS, INC.

BY: _____

_____
JORDAN STANZLER

Page 2 of  2

# EXHIBIT 2

**JORDAN S. STANZLER**
STANZLER LAW GROUP
390 Bridge Parkway, Suite 220
Redwood City, California 94065
(650) 739-0200
jstanzler@stanzlerlawgroup.com

Jordan Stanzler has four decades of experience in the trial of complex civil and criminal cases. He has appeared as attorney of record in over a hundred published court decisions at the appellate level and has served as lead attorney in many federal court and state court jury trials.

Since 1988 he has specialized in representing policyholders in complex defense and insurance coverage cases.   He has successfully obtained hundreds of millions of dollars in insurance reimbursement for companies in the fields of construction, real estate and manufacturing.

Mr. Stanzler has represented such clients as the County of San Bernardino, Allied-Signal, Uniroyal, Bausch & Lomb, Browning-Ferris Industries, Inc., Silgan Containers Corporation, Kmart Corporation and Paragon Homes, Inc. in significant insurance coverage cases involving environmental, product defect and toxic tort coverage.

From 1982-1988 Mr. Stanzler was an Assistant U.S. Attorney for the Southern District of New York where he tried numerous civil and criminal cases.   As Chief of the Tax Unit in 1987-1988, he obtained criminal tax fraud convictions following a six week jury trial. The case involved the creation of sham tax shelters achieved through the sale of government securities.

**Some noteworthy achievements**:

*Ameron Int=l Corp. v. Ins. Co. of Pa.*, 50 Cal. 4th 1370 (2010). Ameron=s insurance companies refused to provide coverage for claims brought in the Board of Contract Appeals of the U.S. Department of the Interior. The California Supreme Court made new law in a lengthy decision that upheld the rights of policyholders who litigate claims before administrative tribunals, rather than in court.

*Executive Risk Indemnity v. Jones*, 171 Cal. App. 4th 319 (2009).   The court ruled that the insurance company owed coverage to an investment advising firm that was sued for

providing faulty advice.

*Professional Building Contractors v. Essex Ins. Co.* (Los Angeles County Superior Court, 2007). The jury awarded over $2.5 million in punitive damages to a small company that was improperly denied insurance for its alleged construction defects.

*Watts Industries, Inc. v. Zurich American Ins. Co.*, 121 Cal. App. 4th 1029 (2004). The insurance company wrongfully denied coverage for companies that allegedly manufactured defective valves and violated the False Claims Act when submitting invoices to cities and counties. Despite the allegations of fraud, which are normally not insurable, the court rendered an important victory for the policyholders.

*Hoechst Celanese v. Lloyd=s of London*, 656 A.2d 1094 (Del. 1995). Celanese was improperly denied insurance coverage for thousands of lawsuits nationwide, involving the first generation of plastic plumbing parts that replaced copper pipes. As the result of a lengthy jury trial and appeal to the Delaware Supreme Court, Celanese obtained hundreds of millions of dollars of insurance.

*U.S. v. Atkins*, 869 F. 2d 135 (2d Cir. 1989). This criminal prosecution involved a complex tax shelter scheme in which Wall Street brokerage houses generated over a billion dollars of fraudulent   deductions for investors, through fictitious trades of U.S. government securities. This was the first case of its kind and the largest tax shelter prosecution ever brought at the time. Jordan Stanzler was an Assistant U.S. Attorney in the Southern District of New York in 1982-88 and Chief of the Tax Unit under U.S. Attorney Rudolph W. Giuliani.

*Lamphere v. Brown University*, 553 F. 2d 714 (1st Cir. 1977). A landmark class action on behalf of actual and potential women faculty members. Brown University, like the rest of the Ivy League at the time, had hundreds of male faculty members but only a handful of women faculty members. This lawsuit changed the hiring, recruitment and tenure practices. The results are evident today. Brown not only has scores of distinguished women faculty, but hired a woman president as well.

**EDUCATION**:

Harvard College, A.B. 1967; cum laude; received Detur Prize for academic achievement
Cambridge University, 1967-68; post- graduate study in economics
University of Chicago Law School, J.D. 1972; Associate Editor of Law Review
New York University Law School, L.L.M. in Taxation, 1987

**PUBLICATIONS:**
Insurance Coverage Litigation, Aspen Law & Business (2000) (treatise)(co-author) (updated annually)

When A Shield Is A Sword:   An Insurance Company=s Duty to Defend, San Francisco Daily Law Journal, October 31, 2011
Buyers Can Recover Damages From Abusive Tax Shelters, San Francisco Law Journal, July 11, 2005

Defense-Within-Limits Policy Presents Conflicts Minefield, Los Angeles Law Journal, December 8, 2004

Duty to Settle Also Exists for Claims That Have Not Yet Become Lawsuits, Los Angeles Daily Journal, January 16, 2003.

D & O Coverage After Enron, The Corporate Board, May 2002

Insurance Should Cover Mold Defense and Remediation, Los Angeles Daily Journal, May 16, 2002.

Transfer of Insurance Coverage By Operation of Law, Los Angeles Daily Journal, September 20, 2001.

The Insurance Company=s Duty To Pay In Full For Settlements, Mealey=s Litigation Report, Insurance, August 8, 2000.

The Duty To Disclose Coverage For Environmental Claims, Bad Faith Law Report, Volume XVI, Number 1, February 2000.

Insurance Coverage for Misappropriation of Trade Secrets, Mealey=s Litigation Report, Intellectual Property, January, 1999.

Demanding Defense Dollars, The Recorder, Insurance Litigation Supplement, September, 1998.

An Insurance Company=s Duty to Disclose Coverage for Environmental Claims, Environmental Claims Journal, Vol. 9, Summer 1997.

Abate Debate: Coverage for Lead-Paint Hazard Mitigation, San Francisco Daily Journal, October 11, 1996.

Insurance Coverage for Environmental Contamination Caused By Prior Owners and Users of Property, The Environmental Corporate Counsel Report, July 1996.

Insurance Company Admissions About the Pollution Exclusion, 2 BNA=s Insurance Coverage Litigation Report 631 (May 24, 1996).

Corporations Can Fight Bad Faith in Settling Claims, Los Angeles Daily Journal, February 26, 1996.

California Adopts The Continuous Trigger of Coverage in Environmental Insurance Cases, 10 Toxic Law Reporter 360 (August 30, 1995).

Bringing Nullified Policies Back to Life Post-Montrose, The Recorder, Autumn 1995 (Environmental Law Supplement).

Friend or Foe: Protesting an Insurer=s Defense Denial, Los Angeles Daily Journal, May 30, 1995.

An All-Risk Policy: In Superfund Cases, Coverage Isn=t Tied to Ownership, Los Angeles Daily Journal, March 29, 1995.

Do Standard-Form Policies Offer Coverage in Software Infringement?, National Law Journal, May 30, 1994.

Insurance Coverage for Corporate Successors, Ch. 43, Mergers and Acquisitions (Business Laws, Inc. 1993), reprinted at 6 The Corporate Analyst 87 (1994).

Insurance Coverage For Intellectual Property Disputes: Analysis of Recent Developments, 10 Computer Lawyer, June 6, 1993.

Insurance Coverage For Intellectual Property Disputes: The Connection Between Advertising and Injury, 15 Insurance Litigation Reporter 166 (1993).

Product Liability and Completed Operations Coverage: The Pollution Exclusion Does Not Apply, 4 Environmental Claims Journal 479 (1992).

<u>Coverage for Environmental Cleanup Costs: History of the Word ADamages@ in the Standard Form Comprehensive General Liability Policy</u>, 1990 Columbia Bus. L. Rev. 449 (co-author).

## SPEAKING ENGAGEMENTS

Insurance Coverage For Construction DefectsB Lorman Seminars 2005-2010

Managing Toxic Mold Liability, Los Angeles, California, July 29, 2002 (Bridgeport Continuing Education).

Mealey=s Bad Faith Conference, Pasadena, California, September 14, 2001.

Mealey=s Conference on Insurance Coverage for Power Interruption Losses, Pasadena, California, June 20, 2001.

Cyber-Secure 2000, Santa Clara, California-November 23, 1999.

Trial AdvocacyBNational Business Institute-co-chair, March 9, 1999.

University of Texas Law School-Third Annual Insurance Law InstituteBSeptember 24-25, 1998.

Bad Faith and Punitive DamagesBAmerican Conference Institute, March 23-24, 1998.

Hawaii State Bar Association, Corporate Counsel Section, May 22, 1997.

Bad Faith and Punitive DamagesBAmerican Conference Institute, March 17-18, 1997.

California Environmental InsuranceBNational Business Institute, October 29, 1996.

Petro-Safe ConventionBHouston, Texas, February 1, 1996.

Orange County Risk and Insurance Management Society, January 30, 1996.

Fourth Annual Environmental Law UpdateBSanta Clara Bar Ass=n, September 151995.

Environmental Insurance Coverage, Federal PublicationsBSan Francisco, California, November 13, 1995.

**TEACHING EXPERIENCE**

University of Santa Clara Graduate School of BusinessBPrinciples of Insurance and Risk ManagementBFall Semester 1995.

**TESTIMONY AS AN EXPERT WITNESS ON INSURANCE ISSUES**

<u>City of Los Angeles, Board of Harbor Commissioners v. National Union</u> (federal court, Los Angeles, deposition for the Plaintiff 2013).

<u>Griffin Dewatering Corp. v. Northern Ins. Co.</u>, 176 Cal. App. 4th 172 (2009).    Trial testimony for the plaintiff.

<u>Twin Star Ventures, Inc. v. Universal Underwriters Ins. Co.</u> (federal court, San Francisco, deposition testimony for Plaintiff).

<u>Power Standard Labs v. Federal Express</u>, Alameda County Superior Court, 2003 (trial testimony on bad faith issues related to claim denial and reasonableness of attorneys= fees; jury verdict in favor of policyholder for $1 million in punitive damages).

<u>Charles E. Thomas Co. v. Transamerica Insurance Group</u>, Los Angeles County Superior Court, 1999 (trial testimony concerning the interpretation of the Aabsolute pollution exclusion@; case settled before jury deliberations on punitive damages).

<u>Vann v. Travelers Insurance Company</u>, Alameda County Superior Court, 1997 (trial testimony on bad faith denial of environmental claim; jury verdict in favor of policyholder for $25 million in punitive damages).

<u>Thompson v. General Accident</u>, Alameda County Superior Court, 1997 (deposition concerning reasonableness of attorneys= fees).

023

<u>Antony v. State Farm Ins. Co.</u>, Federal    Court, San Jose, California, 1997 (deposition concerning bad faith denial of burglary loss).

024

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION TO EMPLOY, FOR A SPECIFIED SPECIAL PURPOSE, STANZLER LAW GROUP, PROFESSIONAL CORPORATION, AS SPECIAL LITIGATION LOCAL COUNSEL; DECLARATION OF CONSTANTINE S. YANNIAS; DECLARATION OF JORDAN STANZLER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 31, 2022  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) October 31, 2022 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 31, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 31, 2022 | Cheryl Caldwell | */s/Cheryl Caldwell* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

CC 52262618v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*          **F 9013-3.1.PROOF.SERVICE**

Case: 22-10381    Doc# 82    Filed: 10/31/22    Entered: 10/31/22 18:08:29    Page 27 of 31

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Dean C. Burnick on behalf of Interested Party Mt. Hawley Insurance Company **(RSN)**
dcb@proughlaw.com

Jacquelyn H. Choi on behalf of Creditor Napa County Treasurer-Tax Collector **(RSN)**
jacquelyn.choi@rimonlaw.com, docketing@rimonlaw.com

Mark S Horoupian on behalf of Debtor Spring Mountain Vineyard Inc.
mark.horoupian@gmlaw.com, cheryl.caldwell@gmlaw.com

Steve Ma on behalf of Creditor MGG California, LLC
sma@proskauer.com

Jeff J. Marwil on behalf of Creditor MGG California, LLC
jmarwil@proskauer.com

Office of the U.S. Trustee / SR
USTPRegion17.SF.ECF@usdoj.gov

Elvina Rofael on behalf of U.S. Trustee Office of the U.S. Trustee / SR
elvina.rofael@usdoj.gov, Katina.Umpierre@usdoj.gov,GemMil.Langit@usdoj.gov

Victor A. Sahn on behalf of Debtor Spring Mountain Vineyard Inc.
victor.sahn@gmlaw.com, Karen.Files@gmlaw.com

Phillip John Shine on behalf of U.S. Trustee Office of the U.S. Trustee / SR
phillip.shine@usdoj.gov

Michael St. James on behalf of Interested Party Arcade Capital, LLC **(RSN)**
ecf@stjames-law.com

Ashley M. Weringa on behalf of Creditor MGG California, LLC
aweringa@proskauer.com

Steven F. Werth on behalf of Debtor Spring Mountain Vineyard Inc.
steven.werth@gmlaw.com, Patricia.Dillamar@gmlaw.com

Peter J Young on behalf of Creditor MGG California, LLC
pyoung@proskauer.com

CC 52262618v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                   F 9013-3.1.PROOF.SERVICE

Case: 22-10381    Doc# 82    Filed: 10/31/22    Entered: 10/31/22 18:08:29    Page 28 of 31

## SERVED BY EMAIL AND REGULAR MAIL

### Secured Creditor
Imperial PFS aka IPFS
49 Stevenson St. #127
San Francisco, CA 94105-2909
(877) 687-9826
Lisa Chandler, Litigation and Bankruptcy
Recovery Manager
lisa.chandler@ipfs.com

### Largest Unsecured Creditors
Allen Group
Attn:  Timothy Allen, CPA - Managing Partner
120 Stony Point Road,  #230
Santa Rosa, CA 95401
(707) 528-3860
tim@allenwine.com
Tim@allengroupllp.com
Brent Garrison
Brent@allengroupllp.com

Bartelt Engineering
Attn:  Paul Bartelt
1303 Jefferson St #200B
Napa, CA 94559
(707) 258-1301
paulb@barteltengineering.com

Belkorp AG, LLC
Attn:  Laura Correll, Accounting
2413 Crows Landing Rd
Modesto, CA 95358
(209) 205-3706
ar@belkorpag.com
AR@BelkorpAg.com
ldunhouse@belkorpag.com

Brown's Auto Parts
Attn Dan Beltramai, Owner
1218 Main St.
Saint Helena, CA 94574-1901
(707) 963-3638
brownsauto169@gmail.com

Castino Restaurant Equipment And Supply
50 Utility Ct.
Rohnert Park, CA 94928-1659
(707) 585-3566
sales@castinosolutions.com

Central Valley
~~Attn:  Gerry Cruz, Accounting Mgr.~~
~~1100 Vintage Avenue.~~
~~Saint Helena, CA 94574~~
~~707 261-7900~~
~~gerryc@central-valley.com~~
**See address below per Gerry Cruz, Actg. Mgr.**

Central Valley
Administrative Offices
1804 Soscol Ave., #205
Napa, CA 94559
Attn:  Gerry Cruz, Accounting Mgr.
(707) 261-7900
gerryc@central-valley.com

Chubb Group of Insurance Companies
P.O. Box 777-1630
Philadelphia, PA 19175-0001
(800) 372-4822
**Returned – Box Closed**

Conway Beverage Group, LLC
Dba:  Elite Brands
Elite Brokerage
3238 Old Heather Rd.
San Diego, CA 92111-7716
Attn:  Mr. Jay Conway
Jayconway@elitebrands.biz

Famille Sylvain
855 Bordeaux Way #239
Napa, CA 94558-7549
(707) 492-3308
contactusa@famillesylvain.com

Tonnellerie Sylvain
855 Bordeaux Way
Napa, CA 94558
(707) 492-3308
contactusa@famillesylvain.com

Francois Freres USA Inc.
1403 Jefferson St.
Napa, CA 94559-1708
(707) 294-2204
office@francoisfreresusa.com

CC 52262618v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Case: 22-10381    Doc# 82    Filed: 10/31/22    Entered: 10/31/22 18:08:29    Page 29 of
31

**F 9013-3.1.PROOF.SERVICE**

julie@francoisfreresusa.com
accounting@francoisfreresusa.com
assistant@francoisfreresusa.com

G3 Enterprises Inc.
(Tapp Labels)
580 Gateway Dr.
Napa, CA 94558
(707) 252-8300
jeff.licht@tapplabel.com

Napa County Treasurer
1195 3rd St. #108
Napa, CA 94559-3035
(707) 253-4314
Dawnette.martindale@countyofnapa.org
Napa County Treasurer-Tax Collector
Bob.Minahen@countyofnapa.org
Napa County Attorney
Wendy.dau@countyofnapa.org

Napa Ford Lincoln
170 Soscol Ave.
Napa, CA 94559
(707) 255-2580
**Via Regular Mail**

Ford Motor Credit Company
National Bankruptcy Service Center
P O Box 62180
Colorado Springs CO 80962-2180
**Via Regular Mail**

Napa Valley Petroleum
P.O. Box 2670
Napa, CA 94558-0528
(707) 252-6888
kamh@napavalleypetroleum.com

Napa Valley Vintners Association
P.O. Box 141
Saint Helena, CA 94574
(707) 963-3388
Attn: Steve Tradewell, CFO
stradewell@napavinters.com

Ramondin U.S.A. Inc.
Tammy Frandsen
Finance Manager
541 Technology Way
Napa, CA 94558
(707) 944-2277
tfrandsen@ramondin.com

Stanzler Law Group
Attn: Jordan S. Stanzler
390 Bridge Pkwy #220
Redwood City, CA 94065
(650) 739-0200
Jstanzler@stanzlerlawgroup.com

Wilbur Ellis Company LLC
c/o Registered Agent Solutions Inc.
720 14th St.
Sacramento, CA 95814-1905
(707) 963-3495
KZavala@wilburellis.com
MHAMMETT@wilburellis.com

Wilbur Ellis Company LLC
975 Vintage Ave.
St Helena, CA 94574
**Via Regular Mail**

Wine Service Cooperative
1150 Dowdell Lane
Saint Helena, CA 94574
Attn:  Steven Tamburelli
General Manager
Tel: (707) 963-9474
Fax: (707) 963 9359
Steve@wineservicecoop.com

Bright Event Rental
22674 Broadway # A
Sonoma, CA 95476
(707) 940-6060
Attn:  Michelle Minsk, Acctg.
accountsreceivable@bright.com

CNH Capital
Dept. 1801104747435
P.O. Box 78004
Phoenix, AZ 85062
(209) 632-3931
**Via Regular Mail**

CC 52262618v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

Case: 22-10381    Doc# 82    Filed: 10/31/22    Entered: 10/31/22 18:08:29    Page 30 of
31

F 9013-3.1.PROOF.SERVICE

ETS Laboratories
c/o Marjorie Burns 899 Adams Street #A
Saint Helena, CA 94574-1160
(707) 963-4806
Attn Accounts Receivable Team
ar@etslabs.cm

Matheson Tri-Gas Inc.
Dept. LA 23793
Pasadena, CA 91185
(707) 963-4307
**Via Regular Mail**

Sovos Compliance LLC
200 Ballardvale St. Bldg 1 4th Fl.
Wilmington, MA 01887
(866) 890-3970
**Via Regular Mail**

Wine Technology America
474 Walten Way
Windsor, CA 95492
(707) 703-5919
**Via Regular Mail**

Wyatt Irrigation Co.
4407 Solano Ave.
Napa, CA 94558
(707) 578-3747
Lynne Colombamo, Acct Receivable Mgr.
lynne@wyattsupply.com

**Request for Special Notice**
Alcohol & Tobacco Tax & Trade Bureau
Attn: Daniel Paralta, Senior Counsel, Field
Operations
1436 2nd Street #531
Napa, CA 94559
**Via Regular Mail**

**Courtesy Email**

Jay B. Spievack, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave., Suite 2400
New York NY 10170-2499
email: jspievack@ctswlaw.com

Joseph Vann, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave., Suite 2400
New York NY 10170-2499
email: jvann@ctswlaw.com

Will Densenberger
Engel & Volkers St. Helena - Napa Valley
1111 Main Street, Suite A
St. Helena, CA 94574
(707) 302-8133
email: will@nvwineestates.com

John C. Vaughan
Newmark Knight Frank
4675 MacArthur Court, Suite 1600
Newport Beach, CA 92660
email: john.vaughan@nmrk.com

Mark Kasowitz: MKasowitz@kasowitz.com

Gavin D. Schryver: GSchryver@kasowitz.com

CC 52262618v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    F 9013-3.1.PROOF.SERVICE

Case: 22-10381    Doc# 82    Filed: 10/31/22    Entered: 10/31/22 18:08:39    Page 31 of
31