Victor A. Sahn (CA Bar No. 97299)
  *victor.sahn@gmlaw.com*
Mark S. Horoupian (CA Bar No. 175373)
  *mark.horoupian@gmlaw.com*
Steven F. Werth (CA Bar No. 205434)
  *steven.werth@gmlaw.com*
Greenspoon Marder LLP
a Florida limited liability partnership
333 South Grand Ave., Suite 3400
Los Angeles, CA  90071
Telephone: 213.626.2311
Facsimile: 954.771.9264

Attorneys for Debtor in Possession,
Spring Mountain Vineyard Inc.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SANTA ROSA DIVISION

| | |
|---|---|
| In re: | Case No. 1:22-bk-10381 CN |
| SPRING MOUNTAIN VINEYARD INC., a Delaware corporation, | Chapter 11 |
| Debtor. | **MOTION TO EMPLOY ALLEN WINE GROUP, LLP AS ORDINARY COURSE PROFESSIONAL EFFECTIVE AS OF THE PETITION DATE; DECLARATION OF KEVIN A. KRAKORA** |
| Federal EIN:  36-3844911 | |

**<u>Hearing Information</u>**
Date:    November 22, 2022
Time:    3:30 p.m.
Place:   U.S. Bankruptcy Court
         Courtroom 215
         1300 Clay Street
         Oakland, CA 94612

**TO THE HONORABLE CHIEF JUDGE CHARLES NOVACK, UNITED STATES BANKRUPTCY JUDGE, THE TWENTY LARGEST UNSECURED CREDITORS, THE OFFICE OF THE UNITED STATES TRUSTEE, AND PARTIES ENTITLED TO NOTICE:**

Pursuant to 11 U.S.C. §§ 105, 327, 328, and 330 and Rule 2014 of the Federal Rules of

Bankruptcy Procedure, Spring Mountain Vineyard Inc., a Delaware corporation, the debtor in

possession in the above-captioned case ("Debtor"), moves for an order authorizing the Debtor to employ Allen Wine Group LLP ("Allen Group"), as an ordinary course professional.

Prior to the commencement of this case on September 29, 2022 (the "Petition Date"), the Debtor had a vacancy in its controller position, had only one internal bookkeeper, and was vastly understaffed regarding financing and accounting abilities. On September 27, 2022, the Debtor retained Allen Group as its outside bookkeeper to address the void created by the controller's departure. Since this date, Allen Group has provided general bookkeeping and back office services and support to the Debtor. These services include (i) reconciliation of bank accounts, (ii) reporting of disbursements, (iii) data gathering; (iv) assistance with analyzing financial statements, (v) journal entries, and (vi) general bookkeeping activities. Allen Group is not the Debtor's tax accountant, and does not perform audit services or prepare tax returns.

By this motion, the Debtor seeks to hire Allen Group as an ordinary course professional in the ordinary course of business, subject to certain procedures proposed herein and the Debtor's Cash Collateral Budget including terms and conditions related thereto (as approved, extended, modified, and/or otherwise in effect), effective as September 29, 2022, without the need for Allen Group to apply for Court approval of its compensation. No payment will be made to the applicant that is not in conformity with a cash collateral budget, in effect at the time, and approved by MGG or otherwise ordered by the Court.

The Debtor does not believe that the Allen Group falls within the scope of professional persons subject to 11 U.S.C. § 327, in that they are professionals who provide services to the Debtor in the ordinary course of business, regardless of the filing of the Debtor's bankruptcy case, and such services are not central to the Debtor's administration of the Estate. They are not the type of professional persons within the scope of 11 U.S.C. § 327, whose compensation would be subject to 11 U.S.C. §§ 328 and 330.

Out of an abundance of caution, the Debtor requests that the Court authorize the Debtor's employment and compensation of Allen Group, in the ordinary course of business, subject to certain procedures proposed herein and the Debtor's Cash Collateral Budget including terms and conditions related thereto (as approved, extended, modified, and/or otherwise in effect).

This Application is supported by the attached declaration of Kevin A. Krakora ("Krakora Decl.")[1]

# I.

## BACKGROUND

Since 1992, the Debtor has owned the Spring Mountain Vineyard in Napa County, California (the "Vineyard"). The Vineyard is the primary asset of the Debtor, an ongoing business with 61 employees, millions of dollars in annual sales, and relationships with dozens of suppliers and thousands of customers. The Debtor's business consists primarily of growing grapes in its 135 vineyard blocks, harvesting those grapes and pressing them into wine in casks, bottling that wine from casks, and storing and selling that wine.

Allen Group is a financial services company that provides, among other things, inventory cost accounting to wineries such as the Debtor, along with general bookkeeping services. On September 27, 2022--two days before the Debtor commenced this bankruptcy case, the Debtor entered into an agreement with Allen Group to provide bookkeeping services to the Debtor. Since this date, Allen Group has provided general bookkeeping and back office services and support to the Debtor. These services include (i) reconciliation of bank accounts, (ii) reporting of disbursements, (iii) data gathering; (iv) assistance with analyzing financial statements, (v) journal entries, and (vi) general bookkeeping activities. While certain professionals at Allen Group are certified public accountants, the Debtor has not retained Allen Wine as its accountants. Allen Wine will not perform audit services or prepare tax returns for the Debtor.

As the Chief Restructuring Officer of the Debtor, Kevin A. Krakora determined that the Debtor was understaffed when it came to its bookkeeping staff and capabilities. The Debtor only had one full time bookkeeper on staff, and the Debtor's previous controller had recently left the Debtor. The remaining bookkeeper was unable to address all the needs of the operation. Thus Mr.

---

[1] Unless otherwise noted, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), and all references to the "Bankruptcy Rules" are to the Federal Rules of Bankruptcy Procedure ("FRBP"), 1001 et seq.

Krakora retained Allen Group to fill the void in the Debtor's bookkeeping department. This decision was made independently of the Debtor's bankruptcy filing, and Allen Group's assistance would have been required regardless of the filing. The Debtor believes that the continued employment of the Allen Group is critical to the ongoing operations of the Debtor. Continuing the employment of the Allen Group is also a lower cost alternative than having Getzler Henrich or another consulting firm perform these types of necessary book keeping services. In addition, the Allen Group has already obtained a vast knowledge of Debtor's books and records, financial systems and book keeping methodologies which enable it to work more effectively and efficiently than any other alternative at this point.

The Debtor seeks to employ Allen Group as an ordinary course professional such that the Debtor may pay Allen Group on its invoices without the need of further court approval, provided that any payments it makes to Allen Group are in conformity with the Debtor's rights to use cash collateral applicable at the time that the payments are made. No payment will be made to the applicant that is not in conformity with a cash collateral budget, in effect at the time, and approved by MGG or otherwise ordered by the Court.

## II.

## PROPOSED EMPLOYMENT OF ALLEN GROUP AS ORINARY COURSE PROFESSIONAL

**A.      Scope and Terms of Employment**

**1.      Services To Be Provided**

The Debtor seeks to continue to employ Allen Group in the same manner and for the same purposes as Allen Wine was retained before the Petition Date. A true and correct copy of the engagement agreement between the Debtor and the Allen Group is attached hereto as Exhibit 1.

The services Allen Group will provide include:

a.      Reconciliation of bank accounts;

b.      Reporting disbursements;

c.      Financial data gathering;

d.      Assistance with analyzing financial statements;

1            e.      Analyzing standard costing procedures;

2            f.      Making journal entries; and

3            g.      Providing general bookkeeping services.

4    Allen Group will take direction from Mr. Krakora.  Allen Group will have no management

5    control authority over the Debtor's operations.

6    **2.**      **Compensation**

7    The Debtor requests the authorization to pay Allen Group, without further application to

8    the Court and upon the submission to, and approval by, the Debtor of appropriate invoices setting

9    forth in reasonable detail the nature of the services rendered and the disbursements incurred,

10   provided, however, any payment shall be in compliance with the Debtor's authority to use cash

11   collateral in effect at the time of the payment.  No payment will be made to Allen Group that is not

12   in conformity with a cash collateral budget, in effect at the time, and approved by MGG or

13   otherwise ordered by the Court.

14   After the filing of the bankruptcy case, Allen Group advised Mr. Krakora that it could not

15   continue providing services to the Debtor without assurance of receiving timely payment on its

16   invoices.   Because Allen Group's continued employment was essential to the Debtor's operations,

17   Allen Group was paid a post-petition advance of $25,000 from non-Debtor funds.  The source of

18   the funds was Greenlight Investment Holdings.  Allen Group has applied this advance against its

19   incurred fees.

20   Allen Group's hourly rates range from $95 for staff accountants to $345 for its managing

21   director, Tim Allen.

**III.**

**BASIS FOR RELIEF REQUESTED**

24   Section 327(a) of the Bankruptcy Code provides that the Debtor, as debtor in possession

25   and trustee in the case,[2] may employ professional persons, as follows:

---

28   [2] 11 U.S.C. §§ 1107 and 1108.

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. 327(a) (emphasis provided). However, "professional persons" is a "'term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate.'" *That's Entertainment Mktg. Group v. Nolden*, 168 B.R. 226, 230 (N.D. Cal. 1994) (quoting *Johns-Manville Corp.*, 60 Bankr. at 619). *See also In re Pac. Forest Indus., Inc.*, 95 B.R. 740, 743 (Bankr. C.D. Cal. 1989) (only professionals who deal with the actual reorganization of the debtor, rather than the ongoing business of the debtor, need be employed under § 327); *Topwater Exclusive Fund III, LLL v. SageCrest II, LLC* (*In re Sagecrest II, LLC*), Nos. 3:10cv978 (SRU), 3:10cv979 (SRU), 2011 U.S. Dist. LEXIS 3517, at *24 (D. Conn. Jan. 14, 2011) (section 327(a) applies to professional persons hired for the purpose of reorganizing the corporation or otherwise assisting it through the chapter 11 process.). In short:

> A person's status as a professional is not determinative; the inquiry focuses on that person's duties. "If the duties involved are central to the administration of the estate, such duties are professional in nature."

*That's Entertainment Mktg. Group*, 168 B.R. at 226 (quoting *In re Sieling Assocs. Ltd. P'ship*, 128 Bankr. 721, 723 (Bankr. E.D.Va. 1991). *See also In re Artra Group, Inc.*, 308 B.R. 858, (2003). Duties central to the administration of the estate include assisting in the negotiations of the debtor's plan, assisting in the adjustment of debtor-creditor relationships, disposing of assets of the estate, and acquiring assets on behalf of the estate. *Id.* (citing *Sieling Assocs.*, 128 Bankr. at 723).

Conversely, professionals "who provide services to the debtor that would have been necessary even if the petition had not been filed are not considered professional persons, even though they may be members of the professional community." *In re Arta Group, Inc.*, 308 B.R. 858, 860 (Bankr. N.D. Ill. 2003) (citing *In re D'Lites of Am., Inc.*, 108 B.R. 352, 355 (Bankr. N.D. Ga. 1989)). Similarly, professionals whose roles to the debtor are not central to the administration of the estate are not required to be approved by the Court. *That's Entertainment Mktg. Group*, 168 B.R. at 226 (accountant retained solely to testify as an expert witness in collateral litigation did not assume a central role in the administration of the estate). *In re Seatrain Lines, Inc.*, 13.B.R. 980,

Case 22-10381   Doc# 83   Filed: 10/31/22   Entered: 10/31/22 18:17:43   Page 6 of 23

1  981 (Bankr. S.D.N.Y. 1981) (maritime engineers who were not intimately involved in the

2  administration of the debtor's estate were not required to be court approved under § 327(a)).

3      Here, the Allen Group was hired pre-petition in the ordinary course of business, as the

4  Debtor needed their services regardless of the filing of its bankruptcy case.  They provide services

5  to the Debtor in the ordinary course of business and their services, while essential to the operations

6  of the Debtor's business, are not central to the administration of the Debtor's estate.  Accordingly,

7  they are not professional persons within the scope of 11 U.S.C. § 327(a) and the Debtor's

8  requested relief is appropriate under the circumstances.

9      **FOR THESE REASONS**, the Debtor respectfully requests that the Court enter an order:

10  (1) approving the Motion, (2) authorizing the employment of Allen Wine as an ordinary course

11  professional, on the terms and conditions stated herein, with such employment effective as of the

12  Petition Date, and (3) providing such other relief as is proper.

13  Dated:  October 31, 2022                    Respectfully submitted,

14                                              **GREENSPOON MARDER LLP**
                                                A Florida limited liability partnership

15

16

17                                              By:  */s/Mark S. Horoupian*
                                                    Victor A. Sahn

18                                                  Mark S. Horoupian
                                                    Steven F. Werth

19                                                  Attorneys for Debtor in Possession,
                                                    Spring Mountain Vineyard Inc.

20

21

22

23

24

25

26

27

28

# DECLARATION OF KEVIN A. KRAKORA

I, Kevin A. Krakora, declare as follows:

1.      I am over the age of 18 years.

2.      I have personal knowledge of the facts stated herein. I can testify that these facts are true and correct.

3.      I am a managing director of Getlzer Henrich & Associates LLC. I am a Certified Turnaround Professional with over thirty (30) years of executive experience in corporate turnarounds, strategic consulting, financial and operational restructuring, and debtor bankruptcy situations. Since July, 2022, I have been serving as the chief restructuring officer of the Debtor.

4.      I make this declaration in support of the attached "*Motion To Employ Allen Wine Group, LLP As Ordinary Course Professional Effective As Of The Petition Date* " (the "Application"). Capitalized terms in this declaration have the meaning given them in the Application.

5.      Since 1992, the Debtor has owned the Spring Mountain Vineyard in Napa County, California. The Vineyard is the primary asset of the Debtor, an ongoing business with 61 employees, millions of dollars in annual sales, and relationships with dozens of suppliers and thousands of customers. The Debtor's business consists primarily of growing grapes in its 135 vineyard blocks, harvesting those grapes and pressing them into wine in casks, bottling that wine from casks, and the storage and sale of that wine.

6.      I determined that the Debtor was understaffed when it came to its bookkeeping staff and capabilities. The Debtor only had one full time bookkeeper on staff, and the Debtor's previous controller had recently left the Debtor. The remaining bookkeeper was unable to address all the needs of the operation. Thus, I retained Allen Group, a leading accounting and bookkeeping firm to the wine industry in Napa, to fill the void in the Debtor's bookkeeping department. This decision was made independently of the Debtor's bankruptcy filing, and Allen Group's assistance would have been required regardless of the filing. A true and correct copy of the engagement agreement between the Debtor and the Allen Group is attached hereto as Exhibit 1.

7. After the filing of the bankruptcy case, Allen Group advised me that it could not continue providing services to the Debtor without assurance of receiving timely payment on its invoices. Because Allen Group's continued employment was essential to the Debtor's operations, Allen Group was paid a post-petition advance of $25,000 from non-Debtor funds. The source of the funds was Greenlight Investment Holdings. Allen Group has applied this advance against its incurred fees.

8. I believe that the continued employment of Allen Group is critical to the Debtor's ability to function properly from a book keeping and compliance perspective.

9. Continuing the employment of the Allen Group is also a lower cost alternative than having Getzler Henrich or another consulting firm perform these types of necessary book keeping services. In addition, the Allen Group has already obtained a vast knowledge of Debtor's books and records, financial systems and book keeping methodologies which enable it to work more effectively and efficiently than any other alternative at this point.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on October 31, 2022, in Chicago, Illinois.

Kevin A. Krakora

## DECLARATION OF TIMOTHY ALLEN

I, Timothy Allen, declare as follows:

1. I am over the age of 18 years.

2. I have personal knowledge of the facts stated herein. I can testify that these facts are true and correct.

3. I am the managing partner of Allen Group LLP (the "Allen Group"), the firm that the Debtor seeks to hire as an ordinary course professional pursuant to this motion.

4. The Allen Group is a leading provider of accounting, bookkeeping, compliance and back office support to the Napa Valley wine industry. While certain members of the Allen Group are certified public accountants, we do not provide auditing services or prepare tax returns for our clients, including the Debtor. A true and correct copy of the Allen Group's firm resume is attached hereto as Exhibit 2.

5. Allen Group's representation in this case is limited to representation of the Debtor. Allen Group does not represent and has not represented any other party connected with this bankruptcy case.

6. In addition, Allen Group does not represent or hold any interest adverse to the bankruptcy estate, and Allen Group is a disinterested person as that term is defined in Section 101(14) of the Bankruptcy Code.

7. Neither Allen Group its employees nor other professionals have any connection with the Debtor, its employees, or accountants, the U.S. Trustee, or any employee of the U.S. Trustee, or any other parties in interest or creditors in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed October 28, 2022, in Santa Rosa, CA.

_____
Timothy Allen

MSH 52209888v1

10

# EXHIBIT 1

DocuSign Envelope ID: 9C308E45-F51F-4F20-BE34-802793D61D0E



**wine industry**
**accountants & advisors**

phone 707.528.3860
fax 707.286.5521
www.allengroupllp.com
120 Stony Point Road, Suite 230
Santa Rosa, CA 95401

September 7, 2022

Kevin Krakora
Spring Mountain Vineyard
2805 Spring Mountain Rd
St Helena, CA 94574
kkrakora@getzlerhenrich.com

Dear Kevin:

This letter sets forth our agreement as to the terms and objectives of your engagement of Allen Wine Group, LLP ("AWG"). Please review this letter carefully and, if it meets with your agreement, sign it in the space provided below. Please feel free to review it with your advisers.

1. Scope of Services. You are hiring us to provide professional accounting services. AWG practices as a certified public accounting firm but does not provide tax preparation services, provide tax advice, nor perform audit, review or compilation services. Any such services you may require will need to be provided by an outside certified public accounting firm. This Agreement does not include any other services unless we make a specific agreement on those matters. Timothy Allen, managing partner will be your primary contact and primarily responsible for your file, but other professionals, bookkeepers, and staff persons may work on your file from time to time. In performing our services, we will be relying upon information provided by you.

We are not engaged to detect fraud, embezzlement or any other wrongdoing, nor to disclose errors, irregularities, illegal acts, or fraud or defalcations, although if we learn of such matters, we may inform you of them. We will not audit or otherwise verify the data you submit, although we may ask for clarifications.

2. CPA Prepared Financial Statements: Under certain circumstances where AWG performs your financial statement reporting, AWG published financial statements can qualify under AICPA code SSARS 21 Section 70, "CPA Prepared Financial Statements."

3. Accounting and Recordkeeping. We will review your records, systems, and procedures to gain familiarity with your recordkeeping methods, data maintenance protocol, file structures and file contents, and reporting mechanisms and timing. If we note opportunities to improve internal controls, improvement efficiency or effectiveness of accounting staff, or otherwise safeguard your assets, we will discuss these with you.

DocuSign Envelope ID: 9C308E45-F51F-4F20-BE34-802793D61D0E

Kevin Krakora
Spring Mountain Vineyard

4.      Financial Statements. In connection with the monthly financial statements prepared by your accounting department, we will review journal entries, request and/or perform specific account analysis, compare budget to actual, review the assumptions used in expense accruals, revenue recognition and tax calculations, and perform other procedures as needed. The above work will be done in a timely manner to ensure that the company meets its responsibilities for the distribution of financial statements. These procedures do not constitute an audit, review or compilation of the financial statements in accordance with the standards established by the American Institute of Certified Public Accountants.

5.      Corporate Tax Compliance. We will work with and at the direction of you and your tax CPA firm to implement Federal and California State tax compliance work and implement tax-planning strategies as may be adopted by management.

6.      Special Projects. During the course of our engagement, under the written authorization of management, we will assist with various projects of the company. These can include, but are not limited to, cash management, other tax issues, personnel procedures, review of insurance coverage, computer/software installation, financing arrangements, training of accounting personnel, liaison with vendors and customers or other professionals engaged by the company, and assistance with development of operating budgets and forecasts.

7.      No management control. We will not exercise management control nor hold any management control authority.  Instead, we will provide advice to management and ask management regarding any management control decisions before acting.

8.      Client's Duties.  You agree to cooperate and be truthful, to keep us informed of developments, to abide by this Agreement, and to pay our invoices on time.  You agree to notify us of change of address or telephone number, and of any extended periods of vacation or travel. It is AWG's intent to provide the best service possible to you, and address any issues that may arise in providing those services, as soon as possible.  In order to give AWG the ability to address and correct any deficiencies in its performance, at the earliest opportunity, you also agree to promptly inform AWG as soon as you become aware of any deficiency in the quality of our professional services or believe that our work product or services are substandard or otherwise below the level of professional quality that you expect to receive from AWG.

9.      Fees.  Our fees are based on an hourly rate for professional services.  Our current hourly rates are:

|                    |             |
|--------------------|-------------|
| managing partner   | $345        |
| partner            | $320        |
| director           | $295        |
| senior manager     | $245 / $270 |
| accounting manager | $195 / $220 |
| senior accountant  | $145 / $170 |
| staff accountant   | $95  / $120 |

Our rates are reassessed periodically and may be increased after thirty days' notice given on our billing statement.

We bill in increments of 1/4th of an hour.  We bill for travel time at our regular rates both to and from any location.

Case: 22-10381    Doc# 83    Filed: 10/31/22    Entered: 10/31/22 18:17:43    Page 13 of
23

Kevin Krakora
Spring Mountain Vineyard

Our fees, unless otherwise specifically agreed in writing, are always based on our hourly rates. From time to time, at your request, we may attempt to provide good faith estimates for fees for particular tasks or items. You acknowledge and agree that any such estimates are just that: our good faith estimates based on our experience. You also acknowledge that we are not in a position to anticipate every issue which may arise which may complicate any particular task or item, thereby increasing (or, potentially, decreasing) the amount of time it may take to complete the task or item.

10.     Costs and Expenses. In addition to the hourly fees described herein, you agree to pay the costs and expenses we occur in providing our professional services described in this Agreement. Costs and expenses may include, without limitation, delivery fees, parking fees, mileage charges, photocopying and other reproduction costs, travel expenses (meals, lodging, transportation, etc.), clerical staff overtime charges, on-line research and similar items, all of which are passed through at our actual cost.

11.     Billing Statements; Cessation of Services. We send billing statements on a monthly basis. Invoices are due upon receipt. Any amounts unpaid after 30 days bear interest at 1% per month, or 12% per year. You acknowledge and agree that if any amounts owed to us ever become more than 30 days past due, we have the option, with or without notice to you, to cease all work for you until we are paid in full for all past due amounts. You further acknowledge and agree that if any amounts owed to us become more than 30 days past due, and we fail to exercise our right to cease work for you, we do not waive the right to do so in the future based on your continued non-payment of past due amounts. You waive any and all claims for any damages, liabilities, expenses, costs or other penalties you incur arising out of cessation of work hereunder.

12.     Discharge and Withdrawal. You may discharge us at any time, for any reason. We may also withdraw at any time, for any reason. When our services conclude, all unpaid charges will be due and payable.

13.     Retention Period. Upon conclusion of this matter, we will, upon your request (and for no fee), deliver the file for this matter to you, along with any of your property in our possession. If you do not request the file for this matter, AWG will retain the documents and files for a minimum of five years. At the discretion of AWG, some files may be held for a longer period. If you do not request delivery of the file for this matter before the end of the five-year period, AWG will have no further obligation to retain the file and, may at AWG's discretion, destroy it without further notice to you. At any point during the five-year period, you may request delivery of the file.

14.     Disclaimer of Guarantee. Nothing in this Agreement and nothing in our statements to you is a promise or guarantee about the outcome of our representation.

15.     Limitation of Liability. You agree that AWG, and its agents, shall not be liable for any lost profits, or for any claim or demand against you by any other party. In no event will AWG be liable for incidental or consequential damages, even if you have advised AWG of the possibility of such damages.

16.     Indemnity. You agree to release, indemnify and hold AWG (including its owners, partners, employees, agents and all of such aforementioned parties' successors and assigns) harmless from and against liability and costs resulting from (i) any misrepresentations of any facts or information provided by you or on your behalf, to AWG, or (ii) fraud committed by you, your management, employees, contractors, agents or representatives.

Kevin Krakora
Spring Mountain Vineyard

17.    Communications.  In connection with this engagement, we may communicate with you or others via email transmission. As emails can be intercepted and read, disclosed, or otherwise used or communicated by an unintended third party, or may not be delivered to each of the parties to whom they are directed and only to such parties, we cannot guarantee or warrant that emails from us will be properly delivered and read only by the addressee. Therefore, we specifically disclaim and waive any liability or responsibility whatsoever for interception or unintentional disclosure of emails transmitted by us in connection with the performance of this engagement. In that regard, you agree that we shall have no liability for any loss or damage to any person or entity resulting from the use of email transmissions, including any consequential, incidental, direct, indirect, or special damages, such as loss of revenues or anticipated profits, or disclosure or communication of confidential or proprietary information.

18.    Dispute Resolution.  If any dispute, controversy or claim arises in connection with the performance or breach of our agreement arises, we both agree to attempt to settle such dispute by mediation administered by the American Arbitration Association under its rules for Professional Accounting and Related Services Disputes.  AWG and you will each pay half the cost of the mediation.

If a fee dispute arises and cannot be resolved by mediation (or you and we agree to waive such process), then such dispute, controversy or claim shall be resolved by arbitration in accordance with the laws of the State of California and the then current Arbitration Rules for Professional Accounting and Related Disputes of the American Arbitration Association ("AAA"), except that no pre-hearing discovery shall be permitted unless specifically authorized by the arbitration panel, and shall take place in Santa Rosa, California, unless the parties agree to a different locale.

The arbitration panel shall have no authority to award non-monetary or equitable relief, and any monetary award shall not include punitive damages.  Confidentiality provisions applicable to the facilitation negotiation shall also apply to arbitration.

The award issued by the arbitration panel may be confirmed in a judgment by any federal or state court of competent jurisdiction.  All reasonable costs of both parties, as determined by the arbitrators, including but not limited to:  (a) the costs, including reasonable attorneys' fees, of the arbitration; (b) the fees and expenses of the AAA and the arbitrators; and, (c) the costs, including reasonable attorneys' fees, necessary to confirm the award in court shall be borne entirely by the non-prevailing party (to be designated by the arbitration panel in the award) and may not be allocated between the parties by the arbitration panel.

19.    Effective Date of Agreement.  This Agreement will not become effective until we receive a copy of this Agreement signed by you together with your retainer of: **$10,000.00**

Kevin Krakora
Spring Mountain Vineyard

21.     Confidentiality.  During the course of our engagement, we may have access to confidential and/or proprietary information of yours including oral and written data and material pertaining to trade secrets, business methods, plans and/or projects.  We acknowledge and agree that such information, regardless of its form, is confidential and proprietary to you, and we will not use or otherwise disseminate any such information without your prior written consent.  Our duty of confidentiality shall not be construed to affect in any way our obligation to comply with a validly issued and enforceable subpoena or summons, or to prohibit our compliance with applicable laws and government regulations (although, in both cases, we will attempt to provide you notice and an opportunity to intervene).

The parties agree to the above:

Dated:  September 12, 2022          By: _____
                                        Timothy Allen, managing partner
                                        Allen Wine Group

Dated:  9/27/2022                   By: _____
                                        Kevin Krakora
                                        Chief Restructuring Officer
                                        Spring Mountain Vineyard

# EXHIBIT 2




wine industry
accountants & advisors

phone 707.528.3860
fax 707.286.5521
www.allengroupllp.com
120 Stony Point Road, Suite 230
Santa Rosa, CA 95401

## Our Wine Industry Expertise Will Help Your Business Grow

Allen Wine Group is a wine industry client advisory services (CAS) firm offering CFO, accounting and bookkeeping services to the wine industry. Our competitive advantages are direct wine industry work experience and wine industry focus at reasonable rates. Timothy Allen, managing partner of Allen Wine Group, has more than thirty years of winery finance experience, including fourteen years working at wineries as controller, CFO, and president, in addition to five years working at a Big Four CPA firm serving winery clients. All management and staff of Allen Wine Group have the wine education and wine industry work experience to get the job done.

## Trusted Financial Advisory Services

Our expert advisors will help you chart the right course for your business. Like most small businesses, wineries experience complex financial decisions and situations that require expertise which may fall outside the educational or professional background of the owners or employees. Client advisory services and client accounting services both vary in scope and complexity. From financial reporting and process improvement to advice on how to access additional capital to help grow the business, we can help. Whether you're acquiring another winery or integrating an acquisition, navigating a lawsuit or restructuring your organization, you need a team of professional accounting and financial experts to guide you. The advisory services from Allen Wine Group provide trusted, specialized financial advice to help you clearly understand your options, opportunities and exposures.

## CPA Prepared Financial Statements and Bookkeeping

The bookkeeping team at Allen Wine Group is a team of educated and experienced accountants providing bookkeeping services to the wine industry. The team is managed by CPAs with decades of hands-on experience in accounting and finance. Financial statements published by Allen Wine Group qualify under American Institute of Certified Public Accountants (AICPA) code Statement on Standards for Accounting and Review Services (SSARS) 21 Section 70, "CPA Prepared Financial Statements." This is a valuable service to assist in business loan applications, bank loan covenant reporting, investor reporting, or a business acquisition. Your financial statement provides a detailed overview of the financial health of your business. Ensuring an accurate financial statement is critically important as it provides an overview of your company's financial performance, debt, and cash flow. All financial statements comply with General Accepted Accounting Principles (GAAP) unless another form of accounting is requested.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO EMPLOY ALLEN WINE GROUP, LLP AS ORDINARY COURSE PROFESSIONAL EFFECTIVE AS OF THE PETITION DATE; DECLARATION OF KEVIN A. KRAKORA** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 31, 2022 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) October 31, 2022 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 31, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 31, 2022 | Cheryl Caldwell | /s/Cheryl Caldwell |
|---|---|---|
| Date | Printed Name | Signature |

CC 52262618v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

Case: 22-10381    Doc# 83    Filed: 10/31/22    Entered: 10/31/22 18:17:43    Page 19 of 23

ADDITIONAL SERVICE INFORMATION (if needed):

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Dean C. Burnick on behalf of Interested Party Mt. Hawley Insurance Company **(RSN)**
dcb@proughlaw.com

Jacquelyn H. Choi on behalf of Creditor Napa County Treasurer-Tax Collector **(RSN)**
jacquelyn.choi@rimonlaw.com, docketing@rimonlaw.com

Mark S Horoupian on behalf of Debtor Spring Mountain Vineyard Inc.
mark.horoupian@gmlaw.com, cheryl.caldwell@gmlaw.com

Steve Ma on behalf of Creditor MGG California, LLC
sma@proskauer.com

Jeff J. Marwil on behalf of Creditor MGG California, LLC
jmarwil@proskauer.com

Office of the U.S. Trustee / SR
USTPRegion17.SF.ECF@usdoj.gov

Elvina Rofael on behalf of U.S. Trustee Office of the U.S. Trustee / SR
elvina.rofael@usdoj.gov, Katina.Umpierre@usdoj.gov,GemMil.Langit@usdoj.gov

Victor A. Sahn on behalf of Debtor Spring Mountain Vineyard Inc.
victor.sahn@gmlaw.com, Karen.Files@gmlaw.com

Phillip John Shine on behalf of U.S. Trustee Office of the U.S. Trustee / SR
phillip.shine@usdoj.gov

Michael St. James on behalf of Interested Party Arcade Capital, LLC **(RSN)**
ecf@stjames-law.com

Ashley M. Weringa on behalf of Creditor MGG California, LLC
aweringa@proskauer.com

Steven F. Werth on behalf of Debtor Spring Mountain Vineyard Inc.
steven.werth@gmlaw.com, Patricia.Dillamar@gmlaw.com

Peter J Young on behalf of Creditor MGG California, LLC
pyoung@proskauer.com

CC 52262618v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_        **F 9013-3.1.PROOF.SERVICE**

**SERVED BY EMAIL AND REGULAR MAIL**

**Secured Creditor**
Imperial PFS aka IPFS
49 Stevenson St. #127
San Francisco, CA 94105-2909
(877) 687-9826
Lisa Chandler, Litigation and Bankruptcy
Recovery Manager
lisa.chandler@ipfs.com

**Largest Unsecured Creditors**
Allen Group
Attn:  Timothy Allen, CPA - Managing Partner
120 Stony Point Road,  #230
Santa Rosa, CA 95401
(707) 528-3860
tim@allenwine.com
Tim@allengroupllp.com
Brent Garrison
Brent@allengroupllp.com

Bartelt Engineering
Attn:  Paul Bartelt
1303 Jefferson St #200B
Napa, CA 94559
(707) 258-1301
paulb@barteltengineering.com

Belkorp AG, LLC
Attn:  Laura Correll, Accounting
2413 Crows Landing Rd
Modesto, CA 95358
(209) 205-3706
ar@belkorpag.com
AR@BelkorpAg.com
ldunhouse@belkorpag.com

Brown's Auto Parts
Attn Dan Beltramai, Owner
1218 Main St.
Saint Helena, CA 94574-1901
(707) 963-3638
brownsauto169@gmail.com

Castino Restaurant Equipment And Supply
50 Utility Ct.
Rohnert Park, CA 94928-1659
(707) 585-3566
sales@castinosolutions.com

Central Valley
~~Attn:  Gerry Cruz, Accounting Mgr.~~
~~1100 Vintage Avenue.~~
~~Saint Helena, CA 94574~~
~~707 261-7900~~
~~gerryc@central-valley.com~~
**See address below per Gerry Cruz, Actg. Mgr.**

Central Valley
Administrative Offices
1804 Soscol Ave., #205
Napa, CA 94559
Attn:  Gerry Cruz, Accounting Mgr.
(707) 261-7900
gerryc@central-valley.com

Chubb Group of Insurance Companies
P.O. Box 777-1630
Philadelphia, PA 19175-0001
(800) 372-4822
**Returned – Box Closed**

Conway Beverage Group, LLC
Dba:  Elite Brands
Elite Brokerage
3238 Old Heather Rd.
San Diego, CA 92111-7716
Attn:  Mr. Jay Conway
Jayconway@elitebrands.biz

Famille Sylvain
855 Bordeaux Way #239
Napa, CA 94558-7549
(707) 492-3308
contactusa@famillesylvain.com

Tonnellerie Sylvain
855 Bordeaux Way
Napa, CA 94558
(707) 492-3308
contactusa@famillesylvain.com

Francois Freres USA Inc.
1403 Jefferson St.
Napa, CA 94559-1708
(707) 294-2204
office@francoisfreresusa.com

CC 52262618v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Case: 22-10381    Doc# 83    Filed: 10/31/22    Entered: 10/31/22 18:17:43    Page 21 of
23                                                           **F 9013-3.1.PROOF.SERVICE**

julie@francoisfreresusa.com
accounting@francoisfreresusa.com
assistant@francoisfreresusa.com

G3 Enterprises Inc.
(Tapp Labels)
580 Gateway Dr.
Napa, CA 94558
(707) 252-8300
jeff.licht@tapplabel.com

Napa County Treasurer
1195 3rd St. #108
Napa, CA 94559-3035
(707) 253-4314
Dawnette.martindale@countyofnapa.org
Napa County Treasurer-Tax Collector
Bob.Minahen@countyofnapa.org
Napa County Attorney
Wendy.dau@countyofnapa.org

Napa Ford Lincoln
170 Soscol Ave.
Napa, CA 94559
(707) 255-2580
**Via Regular Mail**

Ford Motor Credit Company
National Bankruptcy Service Center
P O Box 62180
Colorado Springs CO 80962-2180
**Via Regular Mail**

Napa Valley Petroleum
P.O. Box 2670
Napa, CA 94558-0528
(707) 252-6888
kamh@napavalleypetroleum.com

Napa Valley Vintners Association
P.O. Box 141
Saint Helena, CA 94574
(707) 963-3388
Attn: Steve Tradewell, CFO
stradewell@napavinters.com

Ramondin U.S.A. Inc.
Tammy Frandsen
Finance Manager
541 Technology Way
Napa, CA 94558
(707) 944-2277
tfrandsen@ramondin.com

Stanzler Law Group
Attn: Jordan S. Stanzler
390 Bridge Pkwy #220
Redwood City, CA 94065
(650) 739-0200
Jstanzler@stanzlerlawgroup.com

Wilbur Ellis Company LLC
c/o Registered Agent Solutions Inc.
720 14th St.
Sacramento, CA 95814-1905
(707) 963-3495
KZavala@wilburellis.com
MHAMMETT@wilburellis.com

Wilbur Ellis Company LLC
975 Vintage Ave.
St Helena, CA 94574
**Via Regular Mail**

Wine Service Cooperative
1150 Dowdell Lane
Saint Helena, CA 94574
Attn: Steven Tamburelli
General Manager
Tel: (707) 963-9474
Fax: (707) 963 9359
Steve@wineservicecoop.com

Bright Event Rental
22674 Broadway # A
Sonoma, CA 95476
(707) 940-6060
Attn: Michelle Minsk, Acctg.
accountsreceivable@bright.com

CNH Capital
Dept. 1801104747435
P.O. Box 78004
Phoenix, AZ 85062
(209) 632-3931
**Via Regular Mail**

CC 52262618v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                   F 9013-3.1.PROOF.SERVICE

Case: 22-10381     Doc# 83     Filed: 10/31/22     Entered: 10/31/22 18:17:43     Page 22 of
23

ETS Laboratories
c/o Marjorie Burns 899 Adams Street #A
Saint Helena, CA 94574-1160
(707) 963-4806
Attn Accounts Receivable Team
ar@etslabs.cm

Matheson Tri-Gas Inc.
Dept. LA 23793
Pasadena, CA 91185
(707) 963-4307
**Via Regular Mail**

Sovos Compliance LLC
200 Ballardvale St. Bldg 1 4th Fl.
Wilmington, MA 01887
(866) 890-3970
**Via Regular Mail**

Wine Technology America
474 Walten Way
Windsor, CA 95492
(707) 703-5919
**Via Regular Mail**

Wyatt Irrigation Co.
4407 Solano Ave.
Napa, CA 94558
(707) 578-3747
Lynne Colombamo, Acct Receivable Mgr.
lynne@wyattsupply.com

**Request for Special Notice**
Alcohol & Tobacco Tax & Trade Bureau
Attn:  Daniel Paralta, Senior Counsel, Field
Operations
1436 2nd Street #531
Napa, CA 94559
**Via Regular Mail**

**Courtesy Email**

Jay B. Spievack, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave., Suite 2400
New York NY 10170-2499
email:  jspievack@ctswlaw.com

Joseph Vann, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave., Suite 2400
New York NY 10170-2499
email:  jvann@ctswlaw.com

Will Densenberger
Engel & Volkers St. Helena - Napa Valley
1111 Main Street, Suite A
St. Helena, CA 94574
(707) 302-8133
email:  will@nvwineestates.com

John C. Vaughan
Newmark Knight Frank
4675 MacArthur Court, Suite 1600
Newport Beach, CA 92660
email:  john.vaughan@nmrk.com

Mark Kasowitz:  MKasowitz@kasowitz.com

Gavin D. Schryver:  GSchryver@kasowitz.com

CC 52262618v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          F 9013-3.1.PROOF.SERVICE