

**CHANGES MADE BY COURT**

The following constitutes the order of the Court.
Signed: November 2, 2022

_____
**Charles Novack**
**U.S. Bankruptcy Judge**

Victor A. Sahn (CA Bar No. 97299)
   victor.sahn@gmlaw.com
Mark S. Horoupian (CA Bar No. 175373)
   mark.horoupian@gmlaw.com
Steven F. Werth (CA Bar No. 205434)
   steven.werth@gmlaw.com
Greenspoon Marder LLP
a Florida limited liability partnership
333 South Grand Ave., Suite 3400
Los Angeles, CA 90071
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Spring Mountain Vineyard Inc.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SPRING MOUNTAIN VINEYARD, INC., a Delaware corporation,<br><br>            Debtor.<br><br>Federal EIN: 36-3844911 | Case No. 1:22-bk-10381 CN<br><br>Chapter 11<br><br>**FINAL ORDER EXTENDING TO DECEMBER 31, 2022:**<br><br>**SECOND INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO UTILIZE CASH COLLATERAL OF PRE-PETITION SECURED PARTIES THROUGH NOVEMBER 4, 2022; (II) GRANTING ADEQUATE PROTECTION TO PRE-PETITION SECURED PARTIES; (III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(b) AND 4001(c); AND (IV) GRANTING RELATED RELIEF**<br><br>[Relates to Docket Nos. 23, 76]<br><br>Date: November 2, 2022<br>Time: 11:00 a.m.<br>Place: U.S. Bankruptcy Court<br>         Courtroom 215<br>         1300 Clay Street, Suite 300<br>         Oakland, CA 94612<br>         ***Via Zoom*** |

Upon the motion, dated October 4, 2022 (Docket Entry No. 23) (the "Motion"), of Spring Mountain Vineyard, Inc., as debtor in possession (the "Debtor") in the above referenced chapter 11 case (the "Case"), for entry of a final order (the "Final Order") under sections 105, 361, 362, 363(c), 363(e), 364(c), 364(d)(1) and 364(e) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), and Rules 2002, 4001, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"); the Court having reviewed the Motion, the Omnibus Declaration of Constantine S. Yannias (the "Yannias Declaration"), and the Declarations of Jorge Cauz, John Vaughan, Peter Ekman, and Jay B. Spievack, Esq. and all other evidence and all responses to the Motion, and having entered (i) an interim order (the "Interim Order") (Docket No. 48) authorizing the Debtor to use cash collateral on an interim basis based upon that certain Letter Agreement (Docket No. 39) reached between the Debtor and MGG California, LLC (the "Administrative Agent"), and (ii) a second interim order (the "Second Interim Order")[1] (Docket No. 76) authorizing the Debtor to use cash collateral up to November 4, 2022, the relief sought by the Debtor in this Final Order includes an order:

    (a)    extending the terms of the Second Interim Order (i) to authorize the Debtor's use of Cash Collateral up to December 31, 2022, subject to the terms of this Final Order, and (ii) to grant adequate protection to the Administrative Agent in respect of its rights under the Loan Documents, as applicable, and its interests in the Collateral pursuant to sections 105, 361, 362, 363, and 507 of title 11 of the United States Code (the "Bankruptcy Code") with respect to any Diminution in Value of such

---

[1] Capitalized terms use herein that are not otherwise defined shall have the meanings given to them in the Second Interim Order.

rights and interests on and after the Petition Date pursuant to the terms and conditions of the Second Interim Order;

(b) vacating and modifying the automatic stay arising under section 362 of the Bankruptcy Code pursuant to the terms of the Second Interim Order to the extent necessary to implement and effectuate the terms and provisions of this Final Order; and

(d) granting certain related relief.[2]

The Court having considered the Motion, the Yannias Declaration, the other filings and pleadings in the Case and the evidence submitted or adduced and the arguments of counsel made at the final hearing held on November 2, 2022 (the "Hearing"); and notice of the Hearing having been given in accordance with Bankruptcy Rules 2002, 4001, and 9014; and the Hearing to consider the final relief requested in the Motion having been held and concluded; and all objections, if any, to the relief requested in the Motion having been withdrawn, resolved, or overruled by the Court; and it appearing to the Court that granting the relief set forth herein is necessary to avoid immediate and irreparable harm to the Debtor and its estate, and is otherwise fair and reasonable, in the best interests of the Debtor, its estate, and its creditors and equity holders, and essential for the continued operation of the Debtor's business; and after due deliberation and consideration, and for good and sufficient cause appearing therefor; the following terms are approved as the Final Cash Collateral Order between the Debtor and the Administrative Agent:

A. **The Debtor's Stipulations**. Without prejudice to the rights of parties in interest as set forth in Paragraph 18 of the Second Interim Order, the Debtor, on its behalf and on behalf of

---

[2] The certification of counsel to the Debtor is included at the end of this proposed Final Order.

its estate, admits, stipulates, acknowledges, and agrees to the stipulations set forth in Paragraph G of the Second Interim Order, and waives any right to file a Dispute Notice pursuant to Paragraph G and 26 of the Second Interim Order. The Debtor agrees that the "Final Date" pursuant to the Second Interim Order shall be deemed November 1, 2022. The Debtor acknowledges that, notwithstanding the *Guidelines for Cash Collateral & Financing Motions & Stipulations* for the United States Bankruptcy Court for the Northern District of California, the Debtor's agreement to the stipulations and waiver of the right to file a Dispute Notice pursuant to this Paragraph A is fair and reasonable, in the best interest of the Debtor and its estate, and necessary to obtain the Administrative Agent's consent to further use of cash collateral.

   B. <u>Sale Process Milestones</u>. Pursuant to that certain Letter Agreement, dated as of November 1, 2022, attached hereto as **Exhibit 1** (the "<u>Sale Process Letter Agreement</u>"), as a condition of the Administrative Agent's consent to continued use of its cash collateral, the Debtor has agreed to certain milestone dates that will govern its sale process. The parties agree to abide by the terms of the Sale Process Letter Agreement, which by reference is incorporated into this Final Order in its entirety as if fully set forth herein.

   C. <u>Trust Account Deposit</u>. The Debtor confirms that, in accordance with the Second Interim Order, the Debtor's equity holder has deposited, and the Debtor's counsel has received, into the Trust Account $1,450,000 (the "<u>Deposit</u>") from which the Debtor's counsel will transfer to the Debtor's operating account on a weekly basis—each Wednesday, starting on November 2, 2022—a minimum of (i) $200,000 and (ii) additional amounts necessary to satisfy Budget expenses for the following week, until the full Deposit has been so transferred.

**IT IS HEREBY ORDERED that:**

1. Motion Granted. The relief requested in the Motion is tentatively GRANTED. This Order, for the reasons stated on the record during the November 2, 2022 hearing, represents the Court's tentative approval of its terms. The Court will conduct a final hearing on this Order on November 10, 2022 at 11:00 A.M. Pacific Coast Time. Any objections to the Order may be made at the hearing. CN

1. ~~Motion Granted. The relief requested in the Motion is GRANTED to the extent provided herein. Any objection to the entry of this Final Order, to the extent not withdrawn, waived or resolved, is hereby overruled.~~ CN

2. Extension of Second Interim Order. The terms and provisions of the Second Interim Order are incorporated herein by reference, as modified by this Final Order, and extended to December 31, 2022 pursuant to the terms of this Final Order.

3. Authorization to Use Cash Collateral. The Debtor is authorized, on a final basis, to use Cash Collateral solely in accordance with and to the extent set forth in the Budget, attached hereto as **Exhibit 2**, and this Final Order during the period commencing on the date of this Final Order through the earlier to occur of (i) December 31, 2022, or (ii) the Termination Date (the "Cash Collateral Period") in an amount not to exceed at any time $2,987,300 (the "Cash Collateral Limit").

4. Retention of Jurisdiction. The Court has and will retain jurisdiction to enforce this Final Order in accordance with its terms and to adjudicate any and all matters arising from or related to the interpretation or implementation of this Final Order.

5. Controlling Effect of this Final Order. To the extent any provision of this Final Order conflicts or is inconsistent with any provision of the Motion or the Second Interim Order, the provisions of this Final Order shall control to the extent of such conflict.

**\*END OF ORDER\***

APPROVED AS TO FORM AND CONTENT:

By: _____
Jeff J. Marwil
Peter J. Young
Steve Ma

Ashley M. Weringa
PROSKAUER ROSE LLP
Attorneys for MGG California, LLC
as Administrative Agent

**CERTIFICATION OF DEBTOR'S COUNSEL:**

The undersigned Certifying Professional has read the accompanying stipulation and the Cash Collateral – Post Petition Financing Introductory Statement; to the best of my knowledge, information and belief, formed after reasonable inquiry, the terms of the relief sought in the stipulation are in conformity with the Court's Guidelines For Cash Collateral And Financing Motions and Stipulations except as set forth above. I understand and have advised the debtor in possession that the court may grant appropriate relief under Federal Bankruptcy Rule 9024 if the court determines that a material element of the stipulation was not adequately disclosed in the Introductory Statement.

By: _____
    Victor A. Sahn
    Mark S. Horoupian
    Steven F. Werth
    Attorneys for the Debtor

# Exhibit 1

**Sale Process Letter Agreement**



Victor A. Sahn, Partner
Wells Fargo Building
333 South Grand Avenue, 34th Floor
Los Angeles, CA 90071
Phone: (213) 626 2311
Fax: (213) 629 4520
Email: victor.sahn@gmlaw.com

November 1, 2022

**BY EMAIL ONLY**

Jeff J. Marwil, Esq.
Proskauer Rose LLP
70 West Madison
Suite 3800
Chicago, Illinois 60602-4342

  Re: Spring Mountain Vineyard, Inc.
     Bankruptcy Case No. 1: 22-bk-10381 CN
     Letter Agreement Regarding Sale Process

Dear Jeff:

The purpose of this letter agreement (this "Letter Agreement") is to set forth terms and deadlines for the marketing and sale (the "Sale Process") of Spring Mountain Vineyard, Inc.'s (the "Debtor") vineyard property located in St. Helena, CA (the "Vineyard") and wine inventory. Accordingly, the Debtor and MGG California, LLC, in its capacity as Administrative Agent ("MGG" or the "Administrative Agent"), hereby agree as follows with regard to the Sale Process.

The Debtor filed a Chapter 11 petition before the United States Bankruptcy Court for the Northern District of California (Santa Rosa Division) ("Bankruptcy Case") on September 29, 2022 (the "Petition Date"). The bankruptcy case number for the Bankruptcy Case is above. The Debtor is generally in the business of growing, harvesting and making wine for sale to individuals, wine club members and larger volume purchasers. In the process of Debtor's business, as it is paid for wine that it sells and purchasers pay for it, such funds constitute the cash collateral of MGG under Section 363(a) of the Bankruptcy Code. MGG is the primary secured creditor in this Bankruptcy Case and is the holder of a claim secured by substantially all of the Debtor's property. The Debtor requires the usage of cash collateral in order to operate its business and pay its ordinary course expenses.

On October 5, 2022, the Debtor and MGG entered into that certain *Letter Agreement* (Docket No. 39) (the "Cash Collateral Letter Agreement") providing for the terms for use of cash collateral, and on October 7, 2022, the Bankruptcy Court entered the *Interim Order on Debtor's Emergency Motion Pursuant to Section 363(c) of the Bankruptcy Code and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure for Interim use of Cash Collateral and Approving Letter Agreement Between the Debtor and MGG California, LLC as Administrative Agent* (Docket No. 48) (the "Interim Order"), consistent therewith. On October 27, 2022, the Court entered the *Second Interim Order: (I) Authorizing the Debtor to Utilize Cash Collateral of Pre-Petition Secured Parties*

*Through November 4, 2022; (II) Granting Adequate Protection to Pre-Petition Secured Parties; (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and 4001(c); and (IV) Granting Related Relief* (Docket No. 76) (the "Second Interim Order").

As a condition to MGG's agreement to the continued use of cash collateral pursuant to the terms of the Second Interim Order and a further order extending such use to December 31, 2022, MGG requires the Debtor to agree to certain milestones in connection with the Sale Process, as further described below. Subject to the terms and conditions of this Letter Agreement, the Debtor and MGG have agreed to the form of proposed Second Interim Order.

**Sale Process Milestones**

1. Sale Process. The Debtor shall satisfy or cause to be satisfied, as applicable, each of the following conditions:

    (a) Employment Application:

        (i) On or before 5:00 p.m. (prevailing Pacific Time) on November 4, 2022, Debtor shall have filed an application for approval of employment of an investment banker, reasonably acceptable to the Administrative Agent, who shall be retained to market and sell the Debtor's assets including the Vineyard and the Vineyard's owned inventory along with all equipment and buildings situated upon the Vineyard along with the other tasks referenced in their standard retention agreement. The proposed application, engagement letter, and order to retain an investment banker (collectively, the "Retention Documents") shall be reasonably acceptable to MGG. If MGG's consent to the Retention Documents is not obtained by the Debtor or given by MGG, all of MGG's rights are fully reserved, including, without limitation, the filing of objections and/or other pleadings in connection with such retention.

        (ii) Nothing in the Retention Documents shall in any manner disparage or otherwise characterize MGG's or the Debtor's interactions or alleged conduct or communications prior to the Petition Date.

        (iii) The Retention Documents shall provide at least one of the following terms to address a scenario where MGG is the successful purchaser based on an initial credit bid that is not overbid by a third party bidder: (A) the investment banker shall only be entitled to a reduced incentive fee amount, or (B) the Debtor shall not be obligated to pay the transaction fee, which shall be paid solely from any party agreeing to be obligated to pay such transaction fee.

(b) <u>Sale Milestones</u>:[1]

(i) <u>Stalking Horse Bid</u>: The Debtor and its advisors shall use their reasonable best efforts to market the Debtor's assets and obtain a stalking horse bid on or before December 23, 2022; <u>provided</u>, <u>however</u>, the failure to obtain a stalking horse bid itself shall not be a breach pursuant to this Letter Agreement; <u>provided</u>, <u>further</u>, that the Debtor's investment banker shall be allowed, in its sole discretion, to communicate with MGG and its advisors in connection with the Sale Process and the Bankruptcy Case without the Debtor or its counsel present.

The Debtor shall not decide to accept a stalking horse bid, if any, until no earlier than December 23, 2022, unless MGG otherwise consents in writing.

(ii) <u>Bid Procedures and Sale Motion</u>: On or before December 29, 2022, the Debtor shall file a motion (the "<u>Bid Procedures Motion</u>") seeking (a) entry into a stalking horse purchase agreement, if any and provided that any stalking horse bid shall be reasonably acceptable to MGG, (b) approval of bidding procedures for the sale of all or substantially all assets of the Debtor, (c) scheduling the auction, the hearing, and objection deadlines for such sale consistent with the deadlines herein, and (d) seeking related relief consistent with this Letter Agreement, which Bid Procedures Motion and proposed order in connection therewith shall be subject to MGG's approval. If no stalking horse bid reasonably acceptable to MGG is obtained by December 23, 2022, the Bid Procedures Motion prepared by the Debtor and shown to MGG which procedures were proposed in *In re Century 21 Department Stores LLC*, Case No. 20-12097 (Bankr. D. Del.) (ECF No. 101) (the "<u>C21 Procedures</u>") are sale procedures which MGG will find acceptable, and the Debtor will consider, in good faith, the C21 Procedures as the procedures to be used in this Bankruptcy Case. All of MGG's rights are fully reserved, including the filing of objections and/or other pleadings responsive to the Debtor's Bid Procedures Motion.

The Debtor shall provide a copy of the Bid Procedures Motion to MGG on or before December 22, 2022. After the hearing on the Bid Procedures Motion, presuming that such Motion is granted by the Court, MGG will support the dates provided in the milestones referenced in this Letter Agreement going forward as long as the Debtor has otherwise complied with the Second Interim Order and the Cash Collateral Extension (as defined below), as applicable.

(iii) <u>Auction</u>. The auction in connection with the sale of all or substantially all assets of the Debtor shall conclude no later than March 24, 2023 (*i.e.*, an auction scheduled to occur over multiple days shall conclude no later than March 24, 2023). MGG's rights are fully reserved, including, without limitation, (i) to participate and credit bid all or any portion of its claim at the auction, and (ii) to file objections and/or other pleadings in connection with the sale hearing..

---

[1] The milestones discussed in Paragraphs 1(b)(i) and (ii) are subject to extension by agreement of the Debtor and MGG, in consultation with the investment banker engaged by the Debtor.

    (iv) <u>Sale Hearing</u>:  The hearing to consider approval of the sale of all or substantially all assets of the Debtor shall occur no later than March 31, 2023.  MGG's rights are fully reserved, including, without limitation, the filing of objections and/or other pleadings in connection with the sale hearing.

    (v) <u>Closing of Sale</u>.  The closing of a sale approved by the Bankruptcy Court shall occur no later than April 15, 2023.

   (c) <u>Further Stalking Horse Procedures</u>:

    (i) MGG agrees it will not submit a formal stalking horse bid to the Debtor before December 23, 2022.

    (ii) The Debtor shall, consistent with its fiduciary duties, consider all stalking horse bids received, including a stalking horse bid submitted by MGG, if any.

    (iii) All of MGG's rights are fully reserved, including, without limitation, the filing of any objection and/or other pleadings on or after December 23, 2022 relating to the Debtor's selection of a stalking horse bid, regardless of whether the Debtor decides to accept a stalking horse bid (including a bid by MGG), or to not accept any stalking horse bid at all and proceed to a naked auction.

    (iv) MGG shall be deemed to consent to a stalking horse bid if such bid will produce net cash proceeds sufficient to pay in full MGG's claims as of the closing of the proposed sale, and the Bid Procedures Motion and related proposed order requires such cash payment be made at closing.

  2. <u>Extension of Second Interim Cash Collateral Order</u>: Subject to the Debtor's compliance with the terms and provisions of the Interim Order and the Second Interim Order, and MGG's approval of a revised budget for the period up to December 31, 2022, the Debtor and MGG will agree to the extension of the use of cash collateral pursuant to the Second Interim Order, on the same terms and conditions (except as provided in the following sentence), through December 31, 2022 (the "<u>Cash Collateral Extension</u>").  The terms of the Cash Collateral Extension shall include (i) the Sale Process milestones contained in Paragraph 1(b) above, and (ii) language providing that, notwithstanding anything to the contrary contained in the Second Interim Order, the Final Date to deliver a Dispute Notice shall be November 1, 2022.

  3. Upon the Debtor's failure to satisfy any of the deadlines set forth in this Letter Agreement above, MGG shall be entitled to seek remedies in connection with the Second Interim Order, and any other available remedies at law or in equity.  Debtor shall be entitled to seek its own relief as such relief is available at law or in equity.  As of the date of this Letter Agreement, an application for approval of employment of an investment banker for the Debtor has not been filed pursuant to Paragraph 1(a)(i) above, and MGG reserves all rights in connection therewith.

Jeff J. Marwil, Esq.
November 1, 2022
Page 5

The Debtor agrees to the foregoing by the signature of its counsel which is on this correspondence. MGG agrees to the foregoing by the signature of its counsel on the line reserved below.

                        Very Truly Yours,

                        Victor A. Sahn for

                        Greenspoon Marder LLP and
                        for Spring Mountain Vineyard, Inc.

AGREED AND ACCEPTED:

MGG California, LLC, as Administrative Agent

By: _____
      Jeff J. Marwil
      Attorneys for MGG California, LLC
      as Administrative Agent

cc:    Mark S. Horoupian, Esq.
       Steven F. Werth, Esq.
       Mr. Kevin Krakora
       Mr. Jaqui Safra
       Peter J. Young, Esq.
       Steve Ma, Esq.
       Ashley M. Weringa, Esq.
       Mr. Andrew Gern
       Mr. Patrick Flynn

# Exhibit 2

# Budget

Tentative and Preliminary
Subject to Change

SPRING MOUNTAIN VINEYARD
WEEKLY CASH FLOWS
($000s)

Weeks start on Mondays (W/O)

| | 5 Forecast 10/31/2022 | 6 Forecast 11/7/2022 | 7 Forecast 11/14/2022 | 8 Forecast 11/21/2022 | 9 Forecast 11/28/2022 | 10 Forecast 12/5/2022 | 11 Forecast 12/12/2022 | 12 Forecast 12/19/2022 | 13 Forecast 12/26/2022 | TOTAL Weeks 5-13 |
|---|---|---|---|---|---|---|---|---|---|---|
| **Operating Receipts** | | | | | | | | | | |
| US Wholesale | 19.8 | 46.3 | 46.3 | 46.3 | 46.3 | 46.3 | 46.3 | 46.3 | 46.3 | 389.8 |
| Export | | | | | | | | | | - |
| Tasting Room (POS, Web, Events) | 14.5 | 52.3 | 52.3 | 52.3 | 52.3 | 52.3 | 52.3 | 52.3 | 52.3 | 432.5 |
| Club | 60.0 | 540.0 | | | | | | | | 600.0 |
| Other (Bulk, Grape, Misc.) | 104.5 | | | | | | 104.5 | | | 209.0 |
| **Total Operating Receipts** | **198.8** | **638.5** | **98.5** | **98.5** | **98.5** | **98.5** | **203.0** | **98.5** | **98.5** | **1,631.3** |
| **Operating Disbursements** | | | | | | | | | | |
| **Total Payroll** | **42.5** | **148.2** | **29.5** | **161.1** | **42.5** | **148.2** | **29.5** | **161.1** | **42.5** | **805.1** |
| **Total Farm & Vineyards** | **16.5** | **13.0** | **13.0** | **13.0** | **13.0** | **13.0** | **13.0** | **13.0** | **13.0** | **120.5** |
| **Total Winemaking & Production** | **9.0** | **45.2** | **4.0** | **4.0** | **4.0** | **4.0** | **4.0** | **4.0** | **4.0** | **82.2** |
| Elite (Sales Brokers) | | | 33.6 | | | | | 33.3 | | 66.9 |
| Licensing/Fees/DTC Sales Tax | | 15.0 | | | 35.0 | | | | 35.0 | 85.0 |
| Warehouses/Shipping | 25.0 | | 25.0 | | | 100.0 | | | 25.0 | 175.0 |
| Misc. | 5.0 | 1.1 | - | - | 5.0 | - | 1.1 | - | - | 12.2 |
| **Total Sales & Shipping** | **30.0** | **16.1** | **58.6** | **-** | **40.0** | **100.0** | **1.1** | **33.3** | **60.0** | **339.1** |
| Utilities | 5.5 | 3.0 | 3.0 | 2.0 | 2.0 | 2.0 | 2.0 | 2.0 | 2.0 | 23.5 |
| Book Keeping Services | 25.0 | | | 25.0 | | | 25.0 | | 25.0 | 100.0 |
| Property Tax | | | | | | | | 200.0 | | 200.0 |
| Corporate Insurance/Financing | 246.1 | | | | 246.1 | | | | 246.1 | 738.3 |
| Other/Misc. | 3.1 | 2.3 | 2.3 | 2.3 | 2.3 | 2.3 | 2.3 | 2.3 | 2.3 | 21.5 |
| **Total Corporate/Overhead** | **279.7** | **5.3** | **5.3** | **29.3** | **250.4** | **4.3** | **29.3** | **204.3** | **275.4** | **1,083.3** |
| **Total Operating Disbursements** | **377.7** | **227.8** | **110.4** | **207.4** | **349.9** | **269.5** | **76.9** | **415.7** | **394.9** | **2,430.2** |
| **Net Operating Cash Flows** | **(178.9)** | **410.7** | **(11.9)** | **(108.9)** | **(251.4)** | **(171.0)** | **126.1** | **(317.2)** | **(296.4)** | **(798.9)** |
| Reservoir CapEx | | | | | | | | | | - |
| Investment Banking/Appraisal | | | | | | | | | | - |
| Greenspoon & Marder | | 50.0 | 50.0 | 50.0 | 50.0 | 50.0 | 50.0 | 50.0 | 50.0 | 400.0 |
| Special Counsel | | | | | | | | | | - |
| Getzler Henrich | 35.0 | 50.0 | 50.0 | 50.0 | 50.0 | 50.0 | 50.0 | 50.0 | 50.0 | 435.0 |
| Legal - Unsecured Creditors Comm | | 25.0 | | | | 35.0 | | | 35.0 | 95.0 |
| US Trustee Fees | | | | | | | | | 39.9 | 39.9 |
| Utility Deposits | | | | | | | | | | - |
| Interest / Principal | | | | | | | | | | |
| **Total Non-Operating Disbursements** | **35.0** | **125.0** | **100.0** | **100.0** | **100.0** | **135.0** | **100.0** | **100.0** | **174.9** | **969.9** |
| **Total Operating & Non-Operating Disb.** | **412.7** | **352.8** | **210.4** | **307.4** | **449.9** | **404.5** | **176.9** | **515.7** | **569.8** | **3,400.0** |
| **Net Cash Flows** | **(213.9)** | **285.7** | **(111.9)** | **(208.9)** | **(351.4)** | **(306.0)** | **26.1** | **(417.2)** | **(471.3)** | **(1,768.7)** |
| Beg Bank Balance (Est.) | 354.5 | 340.6 | 826.3 | 914.4 | 905.5 | 754.1 | 648.1 | 874.2 | 507.0 | 354.5 |
| Net Cash Flows | (213.9) | 285.7 | (111.9) | (208.9) | (351.4) | (306.0) | 26.1 | (417.2) | (471.3) | (1,768.7) |
| Owner Advances | 200.0 | 200.0 | 200.0 | 200.0 | 200.0 | 200.0 | 200.0 | 50.0 | - | 1,450.0 |
| MGG Advances | - | - | - | - | - | - | - | - | - | - |
| MGG (Repayments) | - | - | - | - | - | - | - | - | - | - |
| **End Bank Balance (Est.)** | **340.6** | **826.3** | **914.4** | **905.5** | **754.1** | **648.1** | **874.2** | **507.0** | **35.7** | **35.7** |

Subject to Paragraph 3(c) of the second interim order providing for use of cash collateral, the Debtor may apply actual,
unused variances from the period covered by the first interim cash collateral order (Docket No. 48).
*Note: MGG Loan balances are estimated and subject to change and reconciliation.*