Victor A. Sahn (CA Bar No. 97299)
victor.sahn@gmlaw.com
Mark S. Horoupian (CA Bar No. 175373)
mark.horoupian@gmlaw.com
Steve Burnell (CA Bar No. 286557)
steve.burnell@gmlaw.com
**GREENSPOON MARDER LLP**
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: 213.626.2311
Facsimile: 954.771.9264

Attorneys for Debtor in Possession,
Spring Mountain Vineyard Inc.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>SPRING MOUNTAIN VINEYARD INC., a Delaware corporation,<br><br>Federal EIN: 36-3844911<br><br>Debtor. | Case No. 1:22-bk-10381 CN<br><br>Chapter 11<br><br>**NOTICE OF ERRATA RE: MOTION FOR APPROVAL OF SECURED DEBTOR IN POSSESSION FINANCING AGREEMENT WITH MGG CALIFORNIA, LLC AS DIP AGENT AND FOR CONTINUED USAGE OF CASH COLLATERAL PURSUANT TO STIPULATION WITH MGG CALIFORNIA, LLC AS ADMINISTRATIVE AGENT (11 U.S.C. §§ 363, 364(c) AND 364(d) [Docket No. 185]**<br><br>Date: January 11, 2023<br>Time: 11:00 a.m.<br>Place.: Courtroom 215<br>        1300 Clay Street<br>        Oakland, California 94612<br>        *Videoconference via Zoom* |

**TO THE HONORABLE CHARLES NOVACK, UNITED STATES BANKRUPTCY**

**JUDGE, AND PARTIES ENTITLED TO NOTICE:**

On December 30, 2022, Spring Mountain Vineyard Inc., the debtor in possession in the above-captioned case ("Debtor"), filed a motion for approval of continued cash collateral usage under Section 363 of the Bankruptcy Code and for approval of secured Debtor in Possession Financing with MGG California, LLC, as Administrative Agent ("MGG") pursuant to Section 364(c) and 364(d) of the Bankruptcy Code. ("Motion" or "DIP Financing Motion").(Docket No. 185, the "<u>Motion</u>"). On page 3 line 12, page 13 line 18, and page 34 line 21 of the Motion the hearing date and time for the matter is erroneously blank. The correct hearing date and time relating to the Motion is set for **<u>January 11, 2023, at 11:00 a.m., Pacific Time</u>** before the above-captioned Court. The changes are as follows:

1. On page 3 of the Motion, at line 12, the words "January 11, 2023 at 11:00 a.m." are added in as shown upon Exhibit "1" to this errata.

2. On page 13 of the Motion at line 18, the words "January 11, 2023 at 11:00 a.m." are added in as shown upon Exhibit "2" to this errata.

3. On page 34 of the Motion at line 21, the words "January 11, 2023 at 11:00 a.m." are added in as shown upon Exhibit "3" to this errata.

4. On page 17 at line 18, the following words were deleted "beginning on [_], 2023," and no words were added, as shown upon Exhibit "4" to this errata.

5. On page 17 at line 21, the following words were deleted "on January [_], 2023," and the following words were added in their place, "a date upon which the parties will agree," as shown upon Exhibit "4" to this errata.

DATED: January 3, 2023              Respectfully submitted,

                                    **GREENSPOON MARDER LLP**

                                    By:    /s/ *Victor A. Sahn*
                                           Victor A. Sahn
                                           Attorneys for Debtor in Possession,
                                           Spring Mountain Vineyard Inc.

# EXHIBIT 1

date for the sale of the Debtor's vineyard and inventory and related equipment, real property and water rights, intellectual property and other assets necessary to the business operations. A true and correct copy of the Budget which will be utilized in its operations and will govern such operations is attached hereto as Exhibit "1". It is authenticated and the foundation for its utilization by the Court as evidence is found in the Declaration of Mr. Kevin A. Krakora, the Chief Restructuring Officer of the Debtor ("Krakora Declaration"). The financing to be provided by MGG is summarized in the Motion in detail and is also set forth in the DIP Note.[1]

The DIP Financing Motion is supported by this Memorandum and Motion, the Krakora Declaration, the Exhibits made a part of this Motion and the records and files of this Bankruptcy Case and because this financing is necessary to the Debtor's continued business operations. It is in the best interest of the Debtor, its creditors and interested parties and should be approved on an interim basis at the hearing scheduled by this Court on January 11, 2023 at 11:00 a.m.

WHEREFORE based upon the within Motion, the evidence provided in support of the Motion, the files and pleadings in this Chapter 11 case, and the argument of counsel, the Debtor prays that it be permitted to use cash collateral from January 1, 2023 through April 15, 2023 according to the terms of the Approved Budget which is attached hereto as Exhibit "1". Further, the Debtor prays that it be authorized, pursuant to Section 364(c) and 364(d) of the Bankruptcy Code and on the basis further provided for in the DIP Order and DIP Note [attached as Exhibit "2" and "3"] to this Motion, to borrow up to $4.0 Million from MGG on the terms provided in the Proposed DIP Order and DIP Note. These borrowings will be according to the same Approved Budget as the one which will govern cash collateral usage, which Approved Budget is Exhibit "1" to this Motion.

---

[1] The summary of the proposed financing and DIP Note contained herein is qualified in its entirety by the full text of the DIP Note.

# EXHIBIT 2

to the terms and conditions of a Budget attached as an Exhibit to the Stipulation between MGG and the Debtor to extend cash collateral usage through the January 16, 2022 date.

Previously, as stated by the Debtor in its original Emergency Cash Collateral Motion, Debtor indicated that it did not generate enough revenue from its operations to meet its normal course operating expenses, notwithstanding the Debtor's position regarding the value of its assets which was included as evidence along with the Emergency Cash Collateral Motion. In order to provide the necessary funds to underwrite operations from the bankruptcy filing date of September 29, 2022 until December 31, 2022 when current cash collateral usage expires, Debtor received funds from Mr. Jaqui Safra in order to pay its operating costs. The amount of Mr. Safra's advances were approximately $2,050,000 through December 31, 2022. However, as stated above, in consideration of the sale process, Debtor must continue its operations through April 15, 2023 which is the projected closing date of the sale transaction which the Debtor is now seeking through its retained investment banker, BNP Paribas Securities, Inc. Based upon the Approved Budget attached hereto as Exhibit "1" covering operations from January 1, 2023 through April 15, 2023, Debtor needs approximately $4.0 Million to pay its operating expenses and related professional fees incurred in this Chapter 11 case.

It is this financing which the Debtor seeks approval of on an interim basis at the upcoming hearing on January 11, 2023 at 11:00 a.m., Pacific Time, before this Court which interim approval will be followed by a further noticed final hearing on this financing to take place approximately two weeks after the interim hearing at the convenience of the Court and parties in this case.

C.   Employment of Professionals

Debtor filed the following Applications to Employ Certain Professionals on October 31, 2022. Those employment applications included:

(i)   Application to Employ Cohen Tauber Spievack & Wagner P.C. as Special Litigation Counsel (Docket No. 81). An order was entered on December 14, 2022 authorizing Cohen Spievack's employment (Docket No. 166).

(ii)   Application to Employ Stanzler Law Group as Special Litigation Counsel (Docket No. 82)

# EXHIBIT 3

unpaid fees, disbursements, costs, expenses (the "Allowed Professional Fees") incurred by persons or firms retained by the Debtor pursuant to sections 327, 328, or 363 of the Bankruptcy Code, up to one hundred fifteen percent (115%) of the amount specified for professional fees in the Approved Budget.

26. Previously, as stated by the Debtor in its original Emergency Cash Collateral Motion, the Debtor indicated that it did not generate enough revenue from its operations to meet its normal course operating expenses, notwithstanding the Debtor's position regarding the value of its assets which was included as evidence along with the Emergency Cash Collateral Motion. In order to provide the necessary funds to underwrite operations from the bankruptcy filing date of September 29, 2022 until December 31, 2022 when current cash collateral usage expires, the Debtor received funds from Safra in order to pay its operating costs. The amount of Safra's advances were approximately $2,050,000 through December 31, 2022. However, as stated above, in consideration of the sale process, the Debtor must continue its operations through April 15, 2023, which is the projected closing date of the sale transaction which the Debtor is now seeking through its retained investment banker, BNP Paribas Securities, Inc. Based upon the Budget attached hereto as Exhibit "1" covering operations from January 1, 2023 through April 15, 2023, the Debtor needs approximately $3.4 Million to pay its operating expenses and related professional fees incurred in this Chapter 11 case prior to the anticipated sale closing on April 15, 2023.[3]

27. The Debtor seeks approval of this financing on an interim basis at the upcoming hearing on January 11, 2023 at 11:00 a.m. Pacific Time before this Court, which interim approval will be followed by a further noticed final hearing on this financing to take place approximately two weeks after the interim hearing at the convenience of the Court and parties in this case.

//

---

[3] The Debtor sought additional funds from Mr. Jaqui Safra, who declined to make additional advances. The Debtor does not believe financing can be obtained other than financing which "primes" MGG's existing secured position, and, in my view, it is unlikely that MGG would consent to such priming liens against their collateral. Finally, the Debtor does not believe it could successfully satisfy the requirements for "priming" MGG's secured claim as set forth in Section 364(d)(1) of the Bankruptcy Code. Given the lack of viable financing alternatives, the proposed financing pursuant to the DIP Note and Proposed DIP Order represents the best terms currently available to the Debtor.

# EXHIBIT 4

# V.

# Material Terms of Financing and Compliance with Local Rules and Bankruptcy Rules' Disclosures

## MATERIAL TERMS OF THE PROPOSED POSTPETITION FINANCING

| | |
|---|---|
| DIP Parties<br><br>Fed. R. Bankr. P. 4001(c)(1)(B) | **Debtor Party:** Spring Mountain Vineyard, Inc., a Delaware corporation (the "Borrower" or the "Debtor"), a debtor and debtor-in-possession under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").Chapter 11 Debtor in Possession<br><br>**Lending Parties:** MGG California, LLC, as Administrative Agent |
| Maturity<br><br>Fed. R. Bankr. P. 4001(b)(1)(B)(iii), 4001(c)(1)(B) | The DIP Loan shall mature upon the earliest of: (a) the date of consummation of a sale of all or substantially all of the assets of the Debtor pursuant to section 363 of the Bankruptcy Code or a transaction that results in payment in full, in cash of the prepetition and postpetition indebtedness due and owing to MGG, (b) April 15, 2023, or (c) termination by the DIP Agent (acting at the direction of the DIP Lenders) following the occurrence of an event of default (the "Maturity Date"). |
| Use of Proceeds<br><br>Fed. R. Bankr. P. 4001(b)(1)(B)(iii) 4001(c)(1)(B) | The DIP Loan shall be used to fund amounts set forth in the budget (which shall be subject to approval by the DIP Agent in its sole discretion, the "Approved Budget"), including, without limitation, the payment of accrued and budgeted administrative expenses prior to the Maturity Date, including those set forth on budgets approved by the DIP Agent pursuant to entered orders approving the Debtor's use of cash collateral [Docket Nos. 23 (the "First Cash Collateral Order"), 76 (the "Second Cash Collateral Order") and 120 (the "Third Cash Collateral Order" and, collectively, with the First Cash Collateral Order and the Second Cash Collateral Order, the "Cash Collateral Orders")]. Any modifications, amendments, revisions, or updates to the Approved Budget shall be subject to approval by the DIP Agent in its sole discretion.<br><br>The Approved Budget shall depict, on a weekly basis and line-item basis (i) projected cash receipts, (ii) projected disbursements (including ordinary course operating expenses, non-operating expenses, bankruptcy-related expenses (including professional fees of the Debtor's professionals and advisors), asset sales and any other fees and expenses), and (iii) net cash flow, for the first thirteen (13) week period from the petition date, and such budget shall be approved by, and in form and substance satisfactory to the DIP Agent, in its sole discretion.<br><br>The Debtor shall provide to the DIP Agent, at least once every four (4) weeks beginning on [___], 2023, an updated budget on a rolling 13-week basis, which updated budget shall be subject to the DIP Agent's approval in its sole discretion. Such updated budget approved by the DIP Agent shall be the Approved Budget.<br><br>Each budget delivered to the DIP Agent shall be accompanied by such customary supporting documentation as reasonably requested by the DIP Agent and shall be prepared in good faith based upon assumptions the Debtor believes to be reasonable at the time of delivery.<br><br>Not later than 8:00 p.m. (prevailing Eastern time) on the Thursday of each week commencing on January [___], 2023, a date upon which the parties will agree, the Debtor shall furnish to the DIP Agent a weekly report (each, a "Budget Compliance Report") that sets forth, as of the preceding Friday of such week, for the prior week and on a rolling four-week basis (each such reporting period, a "Cash Flow Measurement Period"), the actual results for each line item set forth in the Approved Budget.<br><br>The Debtor shall be deemed in compliance with the Approved Budget to the extent that (i) the actual amount of "Total Receipts" for any Cash Flow Measurement Period is not less than eighty-five percent (85%) of the amount projected in the "Total Receipts" line item of the Approved Budget for such Cash Flow Measurement Period; and (ii) the actual amount of the "Operating Disbursements" for any Cash Flow Measurement Period does not exceed one hundred fifteen percent (115%) of the amount projected in the "Operating Disbursement" line item of the Approved Budget for such Cash Flow Measurement Period (individually and collectively, the "Permitted Variances"); provided, however, the Debtor may carry forward unused budget variances from the Third Cash Collateral Order to the initial DIP Loan budget by providing the DIP Agent with a variance analysis for the period covered by the Third Cash Collateral Order, with such analysis to be approved by the DIP Agent, in its sole |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF ERRATA RE: MOTION FOR APPROVAL OF SECURED DEBTOR IN POSSESSION FINANCING AGREEMENT WITH MGG CALIFORNIA, LLC AS DIP AGENT AND FOR CONTINUED USAGE OF CASH COLLATERAL PURSUANT TO STIPULATION WITH MGG CALIFORNIA, LLC AS ADMINISTRATIVE AGENT (11 U.S.C. §§ 363, 364(c) AND 364(d)) [Docket No. 185]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 3, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) January 3, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) January 3, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 3, 2023 | Patricia Dillamar | *Patricia Dillamar* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

# 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Dean C. Burnick on behalf of Interested Party Mt. Hawley Insurance Company **(RSN)**
dcb@proughlaw.com

Jacquelyn H. Choi on behalf of Creditor Napa County Treasurer-Tax Collector **(RSN)**

Trevor Ross Fehr on behalf of U.S. Trustee Office of the U.S. Trustee / SR
trevor.fehr@usdoj.gov

Mark S Horoupian on behalf of Debtor Spring Mountain Vineyard Inc.
mark.horoupian@gmlaw.com, cheryl.caldwell@gmlaw.com

Thomas Philip Kelly, III on behalf of Creditor Central Valley Builders Supply Inc. **(RSN)**
tomkelly@sonic.net

Steve Ma on behalf of Creditor MGG California, LLC
sma@proskauer.com

Jeff J. Marwil on behalf of Creditor MGG California, LLC
jmarwil@proskauer.com

Randall P. Mroczynski on behalf of Creditor Ford Motor Credit Company LLC **(RSN)**
rmroczynski@cookseylaw.com

Office of the U.S. Trustee / SR
USTPRegion17.SF.ECF@usdoj.gov

Elvina Rofael on behalf of U.S. Trustee Office of the U.S. Trustee / SR
elvina.rofael@usdoj.gov, Katina.Umpierre@usdoj.gov,GemMil.Langit@usdoj.gov

Victor A. Sahn on behalf of Debtor Spring Mountain Vineyard Inc.
victor.sahn@gmlaw.com, Karen.Files@gmlaw.com

Michael St. James on behalf of Interested Party Arcade Capital, LLC **(RSN)**
ecf@stjames-law.com

John G. Warner on behalf of Creditor Francois Freres USA Inc. **(RSN)**
warnerwest@aol.com

Ashley M. Weringa on behalf of Creditor MGG California, LLC
aweringa@proskauer.com

Steven F. Werth on behalf of Debtor Spring Mountain Vineyard Inc.
steven.werth@gmlaw.com, Patricia.Dillamar@gmlaw.com

Peter J Young on behalf of Creditor MGG California, LLC
pyoung@proskauer.com

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    F 9013-3.1.PROOF.SERVICE

Case: 22-10381    Doc# 190    Filed: 01/03/23    Entered: 01/03/23 19:55:20    Page 12 of 16

**SERVED BY EMAIL OR UNITED STATES MAIL**

**Debtor's Financial Advisor And Chief Restructuring Officer**
Attn: Kevin A. Krakora, Managing Director
Getzler Henrich & Associates LLC, a Hilco Global Company
150 S. Wacker Drive | 24th Floor
Chicago, IL 60606
Tel: (312) 283-8071
email: kkrakora@getzlerhenrich.com
pekman@hilcoglobal.com

**Secured Creditor**
Imperial PFS aka IPFS
49 Stevenson St. #127
San Francisco, CA 94105-2909
(877) 687-9826
Lisa Chandler, Litigation and Bankruptcy Recovery Manager
lisa.chandler@ipfs.com

**Largest Unsecured Creditors**
Allen Wine Group LLP
Attn: Timothy Allen, CPA - Managing Partner
120 Stony Point Road, #230
Santa Rosa, CA 95401
(707) 528-3860
tim@allenwine.com
Tim@allengroupllp.com
Brent Garrison
Brent@allengroupllp.com

Bartelt Engineering
Attn: Paul Bartelt
1303 Jefferson St #200B
Napa, CA 94559
(707) 258-1301
paulb@barteltengineering.com

Belkorp AG, LLC
Attn: Laura Correll, Accounting
2413 Crows Landing Rd
Modesto, CA 95358
(209) 205-3706
ar@belkorpag.com
AR@BelkorpAg.com
ldunhouse@belkorpag.com

Brown's Auto Parts
Attn Dan Beltramai, Owner
1218 Main St.
Saint Helena, CA 94574-1901
(707) 963-3638
brownsauto169@gmail.com

Castino Restaurant Equipment And Supply
50 Utility Ct.
Rohnert Park, CA 94928-1659
(707) 585-3566
sales@castinosolutions.com

Central Valley
Administrative Offices
1804 Soscol Ave., #205
Napa, CA 94559
Attn: Gerry Cruz, Accounting Mgr.
(707) 261-7900
gerryc@central-valley.com

Chubb Group of Insurance Companies
P.O. Box 777-1630
Philadelphia, PA 19175-0001
(800) 372-4822
**Returned – Box Closed**

Conway Beverage Group, LLC
Dba: Elite Brands
Elite Brokerage
3238 Old Heather Rd.
San Diego, CA 92111-7716
Attn: Mr. Jay Conway
Jayconway@elitebrands.biz

Famille Sylvain
855 Bordeaux Way #239
Napa, CA 94558-7549
(707) 492-3308
contactusa@famillesylvain.com

Tonnellerie Sylvain
855 Bordeaux Way
Napa, CA 94558
(707) 492-3308
contactusa@famillesylvain.com

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    Case: 22-10381    Doc# 190    Filed: 01/03/23    Entered: 01/03/23 19:55:20    Page 13 of 16    **F 9013-3.1.PROOF.SERVICE**

Francois Freres USA Inc.
1403 Jefferson St.
Napa, CA 94559-1708
(707) 294-2204
office@francoisfreresusa.com
julie@francoisfreresusa.com
accounting@francoisfreresusa.com
assistant@francoisfreresusa.com

G3 Enterprises Inc.
(Tapp Labels)
580 Gateway Dr.
Napa, CA 94558
(707) 252-8300
jeff.licht@tapplabel.com

Napa County Treasurer
1195 3rd St. #108
Napa, CA 94559-3035
(707) 253-4314
Dawnette.martindale@countyofnapa.org
Napa County Treasurer-Tax Collector
Bob.Minahen@countyofnapa.org
Napa County Attorney
Wendy.dau@countyofnapa.org

Napa Ford Lincoln
170 Soscol Ave.
Napa, CA 94559
(707) 255-2580
**Via Regular Mail**

Ford Motor Credit Company
National Bankruptcy Service Center
P O Box 62180
Colorado Springs CO 80962-2180
(800) 955-8232
fcffald@ford.com

Napa Valley Petroleum
P.O. Box 2670
Napa, CA 94558-0528
(707) 252-6888
kamh@napavalleypetroleum.com

Napa Valley Vintners Association
P.O. Box 141
Saint Helena, CA 94574
(707) 963-3388
Attn: Steve Tradewell, CFO
stradewell@napavinters.com

Ramondin U.S.A. Inc.
Tammy Frandsen
Finance Manager
541 Technology Way
Napa, CA 94558
(707) 944-2277
tfrandsen@ramondin.com

Stanzler Law Group
Attn: Jordan S. Stanzler
390 Bridge Pkwy #220
Redwood City, CA 94065
(650) 739-0200
Jstanzler@stanzlerlawgroup.com

Wilbur Ellis Company LLC
c/o Registered Agent Solutions Inc.
720 14th St.
Sacramento, CA 95814-1905
(707) 963-3495
KZavala@wilburellis.com
MHAMMETT@wilburellis.com

Wine Service Cooperative
1150 Dowdell Lane
Saint Helena, CA 94574
Attn: Steven Tamburelli
General Manager
Tel: (707) 963-9474
Fax: (707) 963 9359
Steve@wineservicecoop.com

Bright Event Rental
22674 Broadway # A
Sonoma, CA 95476
(707) 940-6060
Attn: Michelle Minsk, Acctg.
accountsreceivable@bright.com

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012　　　Case: 22-10381　　Doc# 190　　Filed: 01/03/23　　Entered: 01/03/23 19:55:20　　Page 14 of 16　　**F 9013-3.1.PROOF.SERVICE**

CNH Capital
Dept. 1801104747435
P.O. Box 78004
Phoenix, AZ 85062
Attn: Steve Wright, Bankruptcy Dept.
(717) 355-5790
**Via Regular Mail**

CNH Industrial Capital America, LLC
PO Box 71264
Philadelphia, PA 19176-6264
Attn: John Chiavacci, HRBK Analyst
(717) 355-5913
john.chiavacci@cnhind.com

ETS Laboratories
c/o Marjorie Burns 899 Adams Street #A
Saint Helena, CA 94574-1160
(707) 963-4806
Attn Accounts Receivable Team
ar@etslabs.com
accounts@etslabs.com

Matheson Tri-Gas Inc.
Dept. LA 23793
Pasadena, CA 91185
(707) 963-4307
**Via Regular Mail**

Sovos Compliance LLC
200 Ballardvale St. Bldg 1 4th Fl.
Wilmington, MA 01887
(866) 890-3970
**Via Regular Mail**

Wine Technology America
aka Wine Technology, Inc.
474 Walten Way
aka Vinwizard
Windsor, CA 95492
(707) 703-5919
Attn: Kelly Graves, Director
(720) 284-2059
kelly@vinwizard.us

Wine Technology America Inc.
c/o Lloyd Matthews, Agent
1899 Larkspur St.
Yountville, CA 94599-1237
**Via Regular Mail**

Wyatt Irrigation Co.
4407 Solano Ave.
Napa, CA 94558
(707) 578-3747
Lynne Colombano, Acct Receivable Mgr.
lynne@wyattsupply.com

Wyatt Irrigation Co.
c/o CSC - Lawyers Incorporating Service
2710 Gateway Oaks Dr. #150N
Sacramento, CA 95833-3502
**Via Regular Mail**

**Request for Special Notice**
Alcohol & Tobacco Tax & Trade Bureau
Attn: Daniel Paralta, Senior Counsel, Field Operations
1436 2nd Street #531
Napa, CA 94559
**Via Regular Mail**

Dept. of the Treasury, Alcoholic Beverage Control
Attn: Tracie Parker, Lic. Rep. I
50 D Street Room 130
Santa Rosa, CA. 95404
Phone: (707) 576-2165
Fax: (707) 638-9537
tracie.parker@abc.ca.gov

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346
(800) 973-0424
**Via Regular Mail**

California Department of Tax and Fee Administration
Special Operations Bankruptcy Team MIC: 74
P.O. Box 942879
Sacramento, CA 94279-0074
(800) 400-7115
**Via Regular Mail**

Franchise Tax Board
Attn: Vivian Ho
Bankruptcy Section, MS A-340
P.O. Box 2952
Sacramento, CA 95812-2952

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                              F 9013-3.1.PROOF.SERVICE

Case: 22-10381    Doc# 190    Filed: 01/03/23    Entered: 01/03/23 19:55:20    Page 15 of 16

916-845-7069
Vivian.Ho@ftb.ca.gov

Employment Development Department
Bankruptcy Unit-MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001
**Via Regular Mail**

Employment Development Department
Attn: MIC 53
800 Capital Mall
Sacramento, CA 95814
**Via Regular Mail**

**Courtesy Email**

Jay B. Spievack, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave., Suite 2400
New York NY 10170-2499
(212) 381-8735
email:  jspievack@ctswlaw.com

Joseph Vann, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave., Suite 2400
New York NY 10170-2499
(212) 381-8724
email:  jvann@ctswlaw.com

Will Densenberger
Engel & Volkers St. Helena - Napa Valley
1111 Main Street, Suite A
St. Helena, CA 94574
(707) 302-8133
email:  will@nvwineestates.com

John C. Vaughan
Newmark Knight Frank
4675 MacArthur Court, Suite 1600
Newport Beach, CA 92660
(808) 797-0148
email:  john.vaughan@nmrk.com

Mark Kasowitz:  MKasowitz@kasowitz.com

Gavin D. Schryver:  GSchryver@kasowitz.com

Attorneys for Napa County Treasurer

Jacquelyn H. Choi
jacquelyn.choi@rimonlaw.com,
docketing@rimonlaw.com

Luckey McDowell
luckey.mcdowell@shearman.com

Jonathan Dunworth
jonathan.dunworth@shearman.com

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          **F 9013-3.1.PROOF.SERVICE**

Case: 22-10381    Doc# 190    Filed: 01/03/23    Entered: 01/03/23 19:55:20    Page 16 of 16