Victor A. Sahn (CA Bar No. 97299)
  victor.sahn@gmlaw.com
Mark S. Horoupian (CA Bar No. 175373)
  mark.horoupian@gmlaw.com
Steve Burnell (CA Bar No. 286557)
  steve.burnell@gmlaw.com
**GREENSPOON MARDER LLP**
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: 213.626.2311
Facsimile: 954.771.9264

Attorneys for Debtor in Possession,
Spring Mountain Vineyard Inc.

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>SPRING MOUNTAIN VINEYARD INC., a Delaware corporation,<br><br>Federal EIN: 36-3844911<br><br>         Debtor. | Case No. 1:22-bk-10381 CN<br><br>Chapter 11<br><br>**MOTION TO EXTEND THE DEBTOR'S EXCLUSIVITY PERIOD TO FILE AND CONFIRM CHAPTER 11 PLAN PURSUANT TO 11 U.S.C. §1121(d)(1)**<br><br>**FILED CONCURRENTLY WITH MEMORANDUM OF POINTS AND AUTHORITIES AND THE DECLARATION OF KEVIN A. KRAKORA IN SUPPORT THEREOF**<br><br><u>**Hearing Information:**</u><br>Date:    March 1, 2023<br>Time:    11:00 a.m.<br>Place:   Courtroom 215<br>           1300 Clay Street<br>           Oakland, California 94612 |

# MOTION

**TO THE HONORABLE CHARLES NOVACK, UNITED STATES BANKRUPTCY JUDGE, MGG CALIFORNIA LLC, THE TWENTY LARGEST UNSECURED CREDITORS, THE OFFICE OF THE UNITED STATES TRUSTEE, AND PARTIES ENTITLED TO NOTICE:**

Spring Mountain Vineyard Inc., the debtor in possession in the above-captioned case ("Debtor"), hereby moves the Court (the "Motion") for an order extending Debtor's deadlines to file and confirm a chapter 11 plan under 11 U.S.C. § 1121(d)(1) for a period of 180-days.

Debtor filed its voluntary chapter 11 petition on September 29, 2022 (the "Petition Date"). As such, under 11 U.S.C. § 1121(b) and (c), the exclusivity period for Debtor to file its chapter 11 plan expires 120-days after the Petition Date, or on January 27, 2023 (the "Plan Filing Deadline"), and the exclusivity period for Debtor to confirm its chapter 11 plan expires 180-days after the Petition Date, or on March 28, 2023 (the "Plan Confirmation Deadline") (both deadlines, collectively, the "Exclusivity Periods").

There is cause for granting the relief requested in the Motion, however, because, as detailed below, the *Dow Corning* factors weigh in favor of extending the Exclusivity Periods. Debtor's bankruptcy case is complex with various operational and legal aspects. Debtor has nonetheless made significant progress towards reorganization. Pursuant to the terms of the orders approving Debtor's use of cash collateral and the terms of the approved debtor-in-possession post-petition financing, Debtor is engaged in a process to market and sell substantially all of its assets. The projected closing date of this transaction is April 15, 2023, so extending the Exclusivity Periods beyond this date is reasonable. This is Debtor's first request for an extension of the Exclusivity Periods.

The Motion is supported by attached Memorandum of Points and Authorities, the declaration of Kevin A. Krakora, the exhibits made a part of this Motion, and the records and files of this Bankruptcy Case.

**WHEREFORE,** Debtor respectfully requests that the Court enter an order:

1. Granting the Motion; provided, that the relief granted pursuant to such order shall be subject to terms of the final order (the "DIP Order") authorizing Debtor to obtain

post-petition debtor-in-possession financing from MGG California, LLC ("MGG"); provided, further, that pursuant to the Final DIP Order, upon the occurrence of an Event of Default or the Maturity Date (each as defined in the Final DIP Order), pursuant to section 1121(d) of the Bankruptcy Code, the period during which the Debtor has the exclusive right to file a chapter 11 plan pursuant to section 1121(b) and (c) of the Bankruptcy Code shall terminate solely as it applies to MGG's right to file a chapter 11 plan, and MGG shall be permitted to file a chapter 11 plan at that time;

      2.    Extending Debtor's Plan Filing Deadline to, and including, July 26, 2023;

      3.    Extending Debtor's Plan Confirmation Deadline to, and including, September 24, 2023; and

      4.    For such relief that the Court deems proper.

DATED:  January 27, 2023        Respectfully submitted,

**GREENSPOON MARDER LLP**

By: _____

Victor A. Sahn
Mark S. Horoupian
Steve Burnell
Attorneys for Debtor in Possession,
Spring Mountain Vineyard Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES [1]

AThere exists cause for extending the Exclusivity Periods under 11 U.S.C. § 1121(d)(1) and entering the proposed order granting the Motion attached hereto as **Exhibit 1** and incorporated herein by this reference. Accordingly, the Motion should be granted.

### I.

### BACKGROUND FACTS

#### A. Debtor's Prepetition Operations and Capital Structure

Since 1992, Debtor has owned the Spring Mountain Vineyard in Napa County, California (the "Vineyard"). The Vineyard is the Debtor's primary asset. Debtor runs an ongoing business with up to 70 employees, millions of dollars in annual sales, and relationships with dozens of suppliers and thousands of customers. The Vineyard features approximately 135 vineyard blocks across approximately 211 acres, each with a different elevation, soil and exposure to the elements and each producing a unique and diverse grape. The Vineyard is also improved with the estate residence, two winery buildings, a tasting room, six wells, cisterns, an irrigation system, a historic barn, and other outbuildings. The Vineyard also has extensive winery caves that have been completely finished and utilized for barrel storage and private events. Debtor's business consists primarily of growing grapes in its 135 vineyard blocks, harvesting those grapes and pressing them into wine in casks, bottling that wine from casks, and storing and selling that wine. Debtor's revenue comes almost entirely from the sale of wine and grapes.

Debtor has traditionally financed its operations through secured lending. In October 2018, Debtor obtained an $185 million (the "Loan") from fourteen lenders with MGG California LLC serving as administrative agent and collateral agent for those lenders (the fourteen lenders with MGG California LLC, collectively, "MGG"). Debtor defaulted on its repayment terms and elected to file for bankruptcy protection once its forbearance agreements with MGG were about to expire.

---

[1] Unless otherwise defined herein, capitalized shall have the same meaning assigned to them in the foregoing Motion.

**B.**     <u>The Bankruptcy Filing and Postpetition Progress</u>

On September 29, 2022 (the "Petition Date"), Debtor commenced the instant bankruptcy case (the "Bankruptcy Case"). On November 8, 2022, the United States Trustee (the "U.S. Trustee") filed a "Notice Of Applicability Of Large-Case United States Trustee Fee Guidelines" [Docket No. 99].

Since its bankruptcy filing, Debtor has made substantial progress in stabilizing Debtor's operations and moving towards reorganization. Within days of the Petition Date, Debtor filed its "first day motions" to address its utilities (Docket No. 15), its cash management procedures (Docket No. 16), employee payroll and benefits (Docket No. 17), critical vendors (Docket No. 18), and cash collateral (Docket No. 19). With regard to cash collateral, since the Loan is secured by substantially all of Debtor's personal and real property, Debtor negotiated with MGG for continued consensual use of cash collateral until December 31, 2023.[2] Each of these matters was subsequently approved by Court orders.

In addition, since the Petition Date, Debtor has employed several professionals to continue managing Debtor's daily operations and its overall finances. Moreover, Debtor employed special counsels to continue negotiations with the county regarding Debtor's land use and water rights, and to continue its litigation against several of its prepetition insurance carriers who have refused to honor their insurance policies after the Glass Fire in 2020 caused severe damage and/or destroyed multiple buildings and significant portions of Debtor's vineyard stock (i.e. its grape growing vine plants). Debtor also cooperated with the U.S. Trustee to consensually resolve of the objections to Debtor's proposed employments.

In spite of the uniqueness of its Vineyard and wine, however, Debtor has not generated sufficient revenue from its postpetition operations to pay its normal course operating expenses and service MGG's debt. In order to provide the necessary funds to underwrite operations from the Petition Date until December 31, 2022, Debtor received approximately $2.05 Million from sources

---

[2] Debtor and MGG subsequently stipulated to Debtor's continued consensual use of cash collateral until January 16, 2023.

SB 53091296v6

5

related to Debtor's ultimate principal, Mr. Jaqui Safra, in order to cover the shortfalls in operating costs. Because Mr. Safra was not in a position at this time to make any further advances, Debtor reached an agreement with MGG for a DIP Financing Loan in the amount of up to $4 Million to preserve Debtor's going concern value until April 15, 2023- the projected closing date of the sale transaction which is currently being pursued. This will approximately cover the operational period from January 1, 2023 through April 15, 2023. Pursuant to the terms of the DIP Financing Loan approved by the Court on a final basis, upon the occurrence of an event of default or the maturity date, among other things, the period during which Debtor has the exclusive right to file a chapter 11 plan pursuant to section 1121(b) and (c) of the Bankruptcy Code shall terminate solely as it applies to MGG's right to file a chapter 11 plan, and MGG shall be permitted to file a chapter 11 plan at that time. *See Interim Order: (I) Authorizing Secured Post-Petition Financing Pursuant to 11 U.S.C. § 364; (II) Extending the Term for Cash Collateral Usage Pursuant to Existing Cash Collateral Orders to April 15, 2023, and (III) Granting Related Relief* [Docket No. 209], ¶ 24(c).

Pursuant to Debtor's agreement with MGG in connection with use of cash collateral and for a DIP Financing Loan, Debtor is marketing and seeking to sell all or substantially all of its assets, including, without limitation, the Vineyard and existing wine inventory as a going-concern. To that end, Debtor has employed BNP Paribas Securities Corp. as its investment banker. Pursuant to the agreed upon timelines with MGG, the transaction is anticipated to close by April 15, 2023.

**II.**

**ARGUMENT**

Under 11 U.S.C. § 1121(b) and (c), only a debtor-in-possession may file a plan for 120-days after the petition date, or confirm a chapter 11 plan for a period of 180-days after the petition date. However, "on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d)(1). The burden of proving "cause" to extend exclusivity is on the moving party. *See In re R.G. Pharm., Inc.*, 374 B.R. 484, 487 (Bankr. D. Conn. 2007). The determination of cause is a

SB 53091296v6

fact-specific inquiry in which the court has broad discretion in extending or terminating exclusivity. *See In Re Adelphia Commc'ns Corp.*, 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006) ("A decision to extend or terminate exclusivity for cause is within the discretion of the bankruptcy court, and is fact-specific.").

"A variety of matters probative of § 1121(d) 'cause' are standardly considered." *In re Henry Mayo Newhall Mem'l Hosp.*, 282 B.R. 444, 452 (B.A.P. 9th Cir. 2002). Those factors are:

1. the size and complexity of the case;
2. the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
3. the existence of good faith progress toward reorganization;
4. the fact that the debtor is paying its bills as they become due;
5. whether the debtor has demonstrated reasonable prospects for filing a viable plan;
6. whether the debtor has made progress in negotiations with its creditors;
7. the amount of time which has elapsed in the case;
8. whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
9. whether an unresolved contingency exists.

*In re Dow Corning Corp.*, 208 B.R. 661, 664–65 (Bankr. E.D. Mich. 1997); *Henry Mayo*, *supra*, at 452. A debtor is not required to satisfy all nine Dow Corning factors because not all of them are relevant to every case. *See e.g. Henry Mayo*, *supra*, at 453 (identifying "a transcendent consideration" to be "whether adjustment of exclusivity will facilitate moving the case forward toward a fair and equitable resolution.").

In this case, cause exists for granting Debtor's first request to extend the Exclusivity Periods. Turning to the *Dow Corning* factors, the U.S. Trustee has already designated this case a "large" case (*See Docket No. 99)* and as detailed above, the Bankruptcy Case is complex given the operational (i.e., an on-going vineyard business generating millions in annual sales) and legal aspects (i.e., cash collateral, DIP financing, and 363 sale that will generate hundreds of millions of dollars, etc.) to the case. Second, with regard to *Dow Corning* factors 2 and 7, given the size and complexity of the Bankruptcy Case, adequate time has not passed to allow Debtor to prepare its chapter 11 plan. Specifically, the Debtor has spent a great deal of time working through this case with MGG concerning cash collateral, sales milestones and Debtor in Possession Financing has not given the Debtor time to formulate a Plan and Disclosure Statement.

Next, addressing factors 3 and 6, Debtor has demonstrated good faith progress towards reorganization efforts through its continued efforts to cooperate with the U.S. Trustee to address their concerns, negotiating with MGG towards consensual resolutions of cash collateral and DIP financing, and meeting (or otherwise obtaining MGG's consent to extend) the milestones in the sale process set to close in mid-April. Debtor has also spent considerable time getting its necessary professionals retained in this case. Debtor has hired Greenspoon Marder as general bankruptcy counsel, Cohen Tauber Spievack & Wagner as special litigation counsel, Getzler Henrich & Associates as the Debtor's Chief Restructuring Officer, Jigsaw Advisors LLC to provide outside winery and consulting services, Stanzler Law Group as Local Counsel in the litigation matter where the Debtor has hired Cohen Tauber Spievack & Wagner as special litigation counsel, Abbott & Kindermann as special land use, environmental and real estate counsel and latter, BNP Paribas Securities, Inc. as the Debtor's investment banker. Most recently, Debtor filed the employment application of Enotrias Elite Sommelier Services as wine appraiser for the Debtor. The United States Trustee had comments or objections to all of the employment applications listed above, with the exception of the Enotrias employment application and the Debtor had to address those objections before the employment of these necessary professionals could be approved.

Fourth, Debtor has continued to pay its postpetition normal course operating expenses as they become due by arranging for a capital infusion or DIP financing from MGG to cover any revenue shortfalls. Moreover, Debtor has demonstrated reasonable prospects for filing a viable plan given the postpetition progress made to date in cooperation with MGG, and Debtor is not seeking an extension in order to pressure creditors to submit to the debtor's reorganization demands.

Finally, and perhaps most noteworthy, the significant unresolved contingency of the sale process exists. Debtor will be unable to formulate a realistic chapter 11 plan until that contingency is resolved and Debtor is able to determine the effect of that sale on Debtor's reorganization efforts, including the amount of any remaining net sale proceeds to the bankruptcy estate. In sum, all of the *Dow Corning* factors weigh in favor of granting the relief requested.

SB 53091296v6

| | |
|---|---|
| 1 | **III.** |
| 2 | **CONCLUSION** |
| 3 | Based on the foregoing, Debtor requests that the Motion be granted and the Exclusivity |
| 4 | Periods be extended for 180-days. |
| 5 | DATED: January 27, 2023    Respectfully submitted, |
| 6 | **GREENSPOON MARDER LLP** |
| 7 | |
| 8 | By: |
| 9 | Victor A. Sahn |
| 10 | Mark S. Horoupian<br>Steve Burnell |
| 11 | Attorneys for Debtor in Possession,<br>Spring Mountain Vineyard Inc. |

## DECLARATION OF KEVIN A. KRAKORA[3]

I, Kevin A. Krakora, declare as follows:

1. I am over the age of 18 years. I am the Chief Restructuring Officer of Spring Mountain Vineyard Inc., a Delaware corporation ("Debtor"). I make this declaration solely in capacity as Chief Restructuring Officer of Debtor. I have personal knowledge of the facts stated herein. I can testify that these facts are true and correct.

2. I have been the Chief Restructuring Officer of the Debtor since August 22, 2022. In this role, I am involved in its day-to-day operations including issues regarding financial matters, issues regarding operational concerns from the vineyard operations, sales issues and all related matters to its doing business.

3. I make this declaration in support of the foregoing, attached *Motion To Extend The Debtor's Exclusivity Period To File And Confirm Chapter 11 Plan Pursuant To 11 U.S.C. §1121(d)(1)* (the "Motion"). Unless otherwise defined herein, capitalized terms have the meaning given them in the Motion.

4. Since 1992, Debtor has owned the Spring Mountain Vineyard in Napa County, California (the "Vineyard"). The Vineyard is the Debtor's primary asset. Debtor runs an ongoing business with up to 70 employees, millions of dollars in annual sales, and relationships with dozens of suppliers and thousands of customers. The Vineyard features approximately 135 vineyard blocks across approximately 211 acres, each with a different elevation, soil and exposure to the elements and each producing a unique and diverse grape. The Vineyard is also improved with the estate residence, two winery buildings, a tasting room, six wells, cisterns, an irrigation system, a historic barn, and other outbuildings. The Vineyard also has extensive winery caves that have been completely finished and utilized for barrel storage and private events. Debtor's business consists primarily of growing grapes in its 135 vineyard blocks, harvesting those grapes and pressing them into wine in casks, bottling that wine from casks, and storing and selling that

---

[3] Unless otherwise defined herein, capitalized terms have the meaning given them in the foregoing Motion and/or Memorandum of Points and Authorities.

SB 53091296v6

wine. Debtor's revenue comes almost entirely from the sale of wine and grapes.

5. It is my understanding that the Debtor has traditionally financed its operations through secured lending. In October 2018, Debtor obtained an $185 million (the "Loan") from fourteen lenders with MGG California LLC serving as administrative agent and collateral agent for those lenders (the fourteen lenders with MGG California LLC, collectively, "MGG"). Debtor defaulted on its repayment terms and elected to file for bankruptcy protection once its forbearance agreements with MGG were about to expire.

6. On September 29, 2022 (the "Petition Date"), Debtor commenced the instant Bankruptcy Case. On November 8, 2022, the U.S. Trustee filed a "Notice Of Applicability Of Large-Case United States Trustee Fee Guidelines" [Docket No. 99].

7. Since its bankruptcy filing, Debtor has made substantial progress in stabilizing Debtor's operations and moving towards reorganization. Within days of the Petition Date, Debtor filed its "first day motions" to address its utilities (Docket No. 15), its cash management procedures (Docket No. 16), employee payroll and benefits (Docket No. 17), critical vendors (Docket No. 18), and cash collateral (Docket No. 19). With regard to cash collateral, since the Loan is secured by substantially all of Debtor's personal and real property, Debtor negotiated with MGG for continued consensual use of cash collateral until December 31, 2023.[4] Each of these matters was subsequently approved by Court orders.

8. In addition, since the Petition Date, Debtor has employed several professionals to continue managing Debtor's daily operations and its overall finances. Moreover, Debtor employed special counsels to continue negotiations with the county regarding Debtor's land use and water rights, and to continue its litigation against several of its prepetition insurance carriers who have refused to honor their insurance policies after the Glass Fire in 2020 caused severe damage and/or destroyed multiple buildings and significant portions of Debtor's vineyard stock (i.e. its grape growing vine plants). Debtor also cooperated with the U.S. Trustee to consensually resolve the

---

[4] Debtor and MGG subsequently stipulated to Debtor's continued consensual use of cash collateral until January 16, 2023.

objections to Debtor's proposed employments. These professionals include Greenspoon Marder as general bankruptcy counsel, Cohen Tauber Spievack & Wagner as special litigation counsel, Getzler Henrich & Associates as the Debtor's Chief Restructuring Officer, Jigsaw Advisors LLC to provide outside winery and consulting services, Stanzler Law Group as Local Counsel in the litigation matter where the Debtor has hired Cohen Tauber Spievack & Wagner as special litigation counsel, Abbott & Kindermann as special land use, environmental and real estate counsel and latter, BNP Paribas Securities, Inc. as the Debtor's investment banker. Most recently, Debtor filed the employment application of Enotrias Elite Sommelier Services as wine appraiser for the Debtor. The United States Trustee had comments or objections to all of the employment applications listed above, with the exception of the Enotrias employment application and the Debtor had to address those objections before the employment of these necessary professionals could be approved.

9. In spite of the uniqueness of its Vineyard and wine, however, Debtor has not generated sufficient revenue from its postpetition operations to pay its normal course operating expenses and service MGG's debt. In order to provide the necessary funds to underwrite operations from the Petition Date until December 31, 2022, Debtor received approximately $2.05 Million from sources related to Debtor's ultimate principal, Mr. Jaqui Safra, in order to cover the shortfalls in operating costs. Because no further infusions from Mr. Safra are expected, Debtor reached an agreement with MGG for a DIP Loan in the amount of up to $4 Million to preserve Debtor's going concern value until April 15, 2023- the projected closing date of the sale transaction which is currently being pursued.

10. Pursuant to Debtor's agreement with MGG in connection with use of cash collateral and for a DIP Financing Loan, Debtor is marketing and seeking to sell all or substantially all of its assets, including, without limitation, the Vineyard and existing wine inventory as a going-concern. To that end, Debtor has employed BNP Paribas Securities Corp. as its investment banker.

///

SB 53091296v6

1  Pursuant to the agreed upon timelines with MGG, the transaction is anticipated to close by April

2  15, 2023.

3      I declare under penalty of perjury that the forgoing is true and correct. Executed on

4  January 27, 2023, in Chicago, Illinois.

5

6                                                      _____

7                                                      Kevin A. Krakora
                                                       Chief Restructuring Officer

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

Victor A. Sahn (CA Bar No. 97299)
  *victor.sahn@gmlaw.com*
Mark S. Horoupian (CA Bar No. 175373)
  *mark.horoupian@gmlaw.com*
Steve Burnell (CA Bar No. 286557)
  *steve.burnell@gmlaw.com*
**GREENSPOON MARDER LLP**
a Florida limited liability partnership
333 South Grand Ave., Suite 3400
Los Angeles, CA  90071
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Debtor in Possession,
Spring Mountain Vineyard Inc.

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SANTA ROSA DIVISION**

| | |
|---|---|
| In re: | Case No. 1:22-bk-10381 CN |
| SPRING MOUNTAIN VINEYARD INC., a Delaware corporation, | Chapter 11 |
| Debtor. | **ORDER GRANTING MOTION TO EXTEND THE DEBTOR'S EXCLUSIVITY PERIOD TO FILE AND CONFIRM CHAPTER 11 PLAN PURSUANT TO 11 U.S.C. §1121(d)(1)** |
| Federal EIN:  36-3844911 | [Related to Docket No.225] |
| | **Hearing Information:**<br>Date:    March 1, 20232<br>Time:    11:00 a.m.<br>Place:    U.S. Bankruptcy Court<br>           Courtroom 215<br>           1300 Clay Street<br>           Oakland, CA 94612 |

On March 1, 2023, at 11:00 a.m. in the above-entitled court (the "Hearing"), the "Motion To Extend The Debtor's Exclusivity Period To File And Confirm Chapter 11 Plan Pursuant To 11 U.S.C. §1121(d)(1)" [Docket No. 225] (the "Motion") filed by Spring Mountain Vineyard Inc., the above-captioned debtor in possession ("Debtor") came of regularly for hearing before the Honorable Charles Novak, United States Bankruptcy Judge, presiding.[1]

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the

Appearances at the Hearing were as noted on the record. The Court having considered the Motion, including all pleadings, declarations, and exhibits thereto and the record in this case; and this Court having jurisdiction to consider the Motion and the relief requested therein; and due and proper notice of the Application having been provided to all necessary parties, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor and the its bankruptcy estate, and that the legal and factual bases for approval of the Motion establish just cause for the relief granted herein; and the arguments and representations by the attorneys at the Hearing, good cause appearing therefor,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.      The Motion is granted, provided, that the relief granted pursuant to such order shall be subject to terms of the final order [Docket No. 224] (the "Final DIP Order") authorizing Debtor to obtain post-petition debtor-in-possession financing from MGG California, LLC ("MGG"); provided, further, that pursuant to the Final DIP Order, upon the occurrence of an Event of Default or the Maturity Date (each as defined in the Final DIP Order), pursuant to section 1121(d) of the Bankruptcy Code, the period during which the Debtor has the exclusive right to file a chapter 11 plan pursuant to section 1121(b) and (c) of the Bankruptcy Code shall terminate solely as it applies to MGG's right to file a chapter 11 plan, and MGG shall be permitted to file a chapter 11 plan at that time;

2.      The exclusivity period under 11 U.S.C. § 1121(b) for Debtor to file its chapter 11 plan is hereby extended from January 27, 2023 to, and includes, July 26, 2023;

3.      The exclusivity period under 11 U.S.C. § 1121(c) for Debtor to obtain acceptance of its chapter 11 plan is hereby extend from March 28, 2023 to, and includes, September 24, 2023.

**\*\*END OF ORDER\*\***

_____
Application.

1                               COURT SERVICE LIST

2  SERVICE OF THE ORDER IS NOT NECESSARY

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO EXTEND THE DEBTOR'S EXCLUSIVITY PERIOD TO FILE AND CONFIRM CHAPTER 11 PLAN PURSUANT TO 11 U.S.C. §1121(d)(1) FILED CONCURRENTLY WITH MEMORANDUM OF POINTS AND AUTHORITIES AND THE DECLARATION OF KEVIN A. KRAKORA IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 27, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) January 27, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  January 27, 2023 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 27, 2023 | Patricia Dillamar | *Patricia Dillamar* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

# 1.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Steve Burnell on behalf of Debtor Spring Mountain Vineyard Inc.
steve.burnell@gmlaw.com

Dean C. Burnick on behalf of Interested Party Mt. Hawley Insurance Company **(RSN)**
dcb@proughlaw.com

Jacquelyn H. Choi on behalf of Creditor Napa County Treasurer-Tax Collector **(RSN)**

Trevor Ross Fehr on behalf of U.S. Trustee Office of the U.S. Trustee / SR
trevor.fehr@usdoj.gov

Mark S Horoupian on behalf of Debtor Spring Mountain Vineyard Inc.
mark.horoupian@gmlaw.com, cheryl.caldwell@gmlaw.com

Thomas Philip Kelly, III on behalf of Creditor Central Valley Builders Supply Inc. **(RSN)**
tomkelly@sonic.net

Steve Ma on behalf of Creditor MGG California, LLC
sma@proskauer.com

Jeff J. Marwil on behalf of Creditor MGG California, LLC
jmarwil@proskauer.com

Randall P. Mroczynski on behalf of Creditor Ford Motor Credit Company LLC **(RSN)**
rmroczynski@cookseylaw.com

Office of the U.S. Trustee / SR
USTPRegion17.SF.ECF@usdoj.gov

Elvina Rofael on behalf of U.S. Trustee Office of the U.S. Trustee / SR
elvina.rofael@usdoj.gov, Katina.Umpierre@usdoj.gov,GemMil.Langit@usdoj.gov

Victor A. Sahn on behalf of Debtor Spring Mountain Vineyard Inc.
victor.sahn@gmlaw.com, Karen.Files@gmlaw.com

Michael St. James on behalf of Interested Party Arcade Capital, LLC **(RSN)**
ecf@stjames-law.com

John G. Warner on behalf of Creditor Francois Freres USA Inc. **(RSN)**
warnerwest@aol.com

Ashley M. Weringa on behalf of Creditor MGG California, LLC
aweringa@proskauer.com

Steven F. Werth on behalf of Debtor Spring Mountain Vineyard Inc.
steven.werth@gmlaw.com, Patricia.Dillamar@gmlaw.com

Peter J Young on behalf of Creditor MGG California, LLC
pyoung@proskauer.com

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

Case: 22-10381    Doc# 225    Filed: 01/27/23    Entered: 01/27/23 17:28:50    Page 19 of
23

**SERVED BY EMAIL OR UNITED STATES MAIL**

**Debtor's Financial Advisor And Chief Restructuring Officer**
Attn: Kevin A. Krakora, Managing Director
Getzler Henrich & Associates LLC, a Hilco Global Company
150 S. Wacker Drive | 24th Floor
Chicago, IL 60606
Tel: (312) 283-8071
email: kkrakora@getzlerhenrich.com
pekman@hilcoglobal.com

**Secured Creditor**
Imperial PFS aka IPFS
49 Stevenson St. #127
San Francisco, CA 94105-2909
(877) 687-9826
Lisa Chandler, Litigation and Bankruptcy Recovery Manager
lisa.chandler@ipfs.com

**Largest Unsecured Creditors**
Allen Wine Group LLP
Attn: Timothy Allen, CPA - Managing Partner
120 Stony Point Road, #230
Santa Rosa, CA 95401
(707) 528-3860
tim@allenwine.com
Tim@allengroupllp.com
Brent Garrison
Brent@allengroupllp.com

Bartelt Engineering
Attn: Paul Bartelt
1303 Jefferson St #200B
Napa, CA 94559
(707) 258-1301
paulb@barteltengineering.com

Belkorp AG, LLC
Attn: Laura Correll, Accounting
2413 Crows Landing Rd
Modesto, CA 95358
(209) 205-3706
ar@belkorpag.com
AR@BelkorpAg.com
ldunhouse@belkorpag.com

Brown's Auto Parts
Attn Dan Beltramai, Owner
1218 Main St.
Saint Helena, CA 94574-1901
(707) 963-3638
brownsauto169@gmail.com

Castino Restaurant Equipment And Supply
50 Utility Ct.
Rohnert Park, CA 94928-1659
(707) 585-3566
sales@castinosolutions.com

Central Valley
Administrative Offices
1804 Soscol Ave., #205
Napa, CA 94559
Attn: Gerry Cruz, Accounting Mgr.
(707) 261-7900
gerryc@central-valley.com

Chubb Group of Insurance Companies
P.O. Box 777-1630
Philadelphia, PA 19175-0001
(800) 372-4822
**Returned – Box Closed**

Conway Beverage Group, LLC
Dba: Elite Brands
Elite Brokerage
3238 Old Heather Rd.
San Diego, CA 92111-7716
Attn: Mr. Jay Conway
Jayconway@elitebrands.biz

Famille Sylvain
855 Bordeaux Way #239
Napa, CA 94558-7549
(707) 492-3308
contactusa@famillesylvain.com

Tonnellerie Sylvain
855 Bordeaux Way
Napa, CA 94558
(707) 492-3308
contactusa@famillesylvain.com

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

Case: 22-10381    Doc# 225    Filed: 01/27/23    Entered: 01/27/23 17:28:50    Page 20 of 23

F 9013-3.1.PROOF.SERVICE

Francois Freres USA Inc.
1403 Jefferson St.
Napa, CA 94559-1708
(707) 294-2204
office@francoisfreresusa.com
julie@francoisfreresusa.com
accounting@francoisfreresusa.com
assistant@francoisfreresusa.com

G3 Enterprises Inc.
(Tapp Labels)
580 Gateway Dr.
Napa, CA 94558
(707) 252-8300
jeff.licht@tapplabel.com

Napa County Treasurer
1195 3rd St. #108
Napa, CA 94559-3035
(707) 253-4314
Dawnette.martindale@countyofnapa.org
Napa County Treasurer-Tax Collector
Bob.Minahen@countyofnapa.org
Napa County Attorney
Wendy.dau@countyofnapa.org

Napa Ford Lincoln
170 Soscol Ave.
Napa, CA 94559
(707) 255-2580
**Via Regular Mail**

Ford Motor Credit Company
National Bankruptcy Service Center
P O Box 62180
Colorado Springs CO 80962-2180
(800) 955-8232
fcffald@ford.com

Napa Valley Petroleum
P.O. Box 2670
Napa, CA 94558-0528
(707) 252-6888
kamh@napavalleypetroleum.com

Napa Valley Vintners Association
P.O. Box 141
Saint Helena, CA 94574
(707) 963-3388
Attn: Steve Tradewell, CFO
stradewell@napavinters.com

Ramondin U.S.A. Inc.
Tammy Frandsen
Finance Manager
541 Technology Way
Napa, CA 94558
(707) 944-2277
tfrandsen@ramondin.com

Stanzler Law Group
Attn: Jordan S. Stanzler
390 Bridge Pkwy #220
Redwood City, CA 94065
(650) 739-0200
Jstanzler@stanzlerlawgroup.com

Wilbur Ellis Company LLC
c/o Registered Agent Solutions Inc.
720 14th St.
Sacramento, CA 95814-1905
(707) 963-3495
KZavala@wilburellis.com
MHAMMETT@wilburellis.com
SPRIM@wilburellis.com

Wine Service Cooperative
1150 Dowdell Lane
Saint Helena, CA 94574
Attn:  Steven Tamburelli
General Manager
Tel: (707) 963-9474
Fax: (707) 963 9359
Steve@wineservicecoop.com

Bright Event Rental
22674 Broadway # A
Sonoma, CA 95476
(707) 940-6060
Attn:  Michelle Minsk, Acctg.
accountsreceivable@bright.com

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                    F 9013-3.1.PROOF.SERVICE

CNH Capital
Dept. 1801104747435
P.O. Box 78004
Phoenix, AZ 85062
Attn: Steve Wright, Bankruptcy Dept.
(717) 355-5790
**Via Regular Mail**

CNH Industrial Capital America, LLC
PO Box 71264
Philadelphia, PA 19176-6264
Attn: John Chiavacci, HRBK Analyst
(717) 355-5913
john.chiavacci@cnhind.com

ETS Laboratories
c/o Marjorie Burns 899 Adams Street #A
Saint Helena, CA 94574-1160
(707) 963-4806
Attn Accounts Receivable Team
ar@etslabs.com
accounts@etslabs.com

Matheson Tri-Gas Inc.
Dept. LA 23793
Pasadena, CA 91185
(707) 963-4307
**Via Regular Mail**

Sovos Compliance LLC
200 Ballardvale St. Bldg 14th Fl.
Wilmington, MA 01887
(866) 890-3970
lori.bradshaw@sovos.com

Wine Technology America
aka Wine Technology, Inc.
474 Walten Way
aka Vinwizard
Windsor, CA 95492
(707) 703-5919
Attn: Kelly Graves, Director
(720) 284-2059
kelly@vinwizard.us

Wine Technology America Inc.
c/o Lloyd Matthews, Agent
1899 Larkspur St.
Yountville, CA 94599-1237
**Via Regular Mail**

Wyatt Irrigation Co.
4407 Solano Ave.
Napa, CA 94558
(707) 578-3747
Lynne Colombano, Acct Receivable Mgr.
lynne@wyattsupply.com

Wyatt Irrigation Co.
c/o CSC - Lawyers Incorporing Service
2710 Gateway Oaks Dr. #150N
Sacramento, CA 95833-3502
**Via Regular Mail**

**Request for Special Notice**
Alcohol & Tobacco Tax & Trade Bureau
U.S. Department of the Treasury
Attn: Daniel Paralta, Senior Counsel,
Field Operations
1436 2nd Street #531
Napa, CA 94559
(513) 684-2509
(202) 453-2412
Daniel.Peralta@ttb.gov

Dept. of the Treasury, Alcoholic Beverage Control
Attn: Tracie Parker, Lic. Rep. I
50 D Street Room 130
Santa Rosa, CA. 95404
Phone: (707) 576-2165
Fax: (707) 638-9537
tracie.parker@abc.ca.gov

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346
(800) 973-0424
**Via Regular Mail**

California Department of Tax and Fee
Administration
Special Operations Bankruptcy Team MIC: 74
P.O. Box 942879
Sacramento, CA 94279-0074
(800) 400-7115
**Via Regular Mail**

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
F 9013-3.1.PROOF.SERVICE

Franchise Tax Board
Attn: Vivian Ho
Bankruptcy Section, MS A-340
P.O. Box 2952
Sacramento, CA 95812-2952
916-845-7069
Vivian.Ho@ftb.ca.gov

Employment Development Department
Bankruptcy Unit-MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001
**Via Regular Mail**

Employment Development Department
Attn: MIC 53
800 Capital Mall
Sacramento, CA 95814
**Via Regular Mail**

Piper/Sandler
1251 Avenue of the Americas, 39th Floor
New York, N.Y. 10020
Attn.: Mr. Leonard Sheer and Mr. Mike Dillahunt
Leonard.sheer@psc.com
Michael.dillahunt@psc.com
**Via Regular Mail & Email**

Will Densberger
Pavi Micheli
Engel & Voelkers
25 East Napa Street
Sonoma, California
Will@nvwineestates.com
pavimicheli@icloud.com
**Via Regular Mail & Email**

**Courtesy Email**

Jay B. Spievack, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave., Suite 2400
New York NY 10170-2499
(212) 381-8735
email:  jspievack@ctswlaw.com

Joseph Vann, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave., Suite 2400
New York NY 10170-2499
(212) 381-8724
email:  jvann@ctswlaw.com

John C. Vaughan
Newmark Knight Frank
4675 MacArthur Court, Suite 1600
Newport Beach, CA 92660
(808) 797-0148
email:  john.vaughan@nmrk.com

Mark Kasowitz:  MKasowitz@kasowitz.com

Gavin D. Schryver:  GSchryver@kasowitz.com

Attorneys for Napa County Treasurer
Jacquelyn H. Choi
jacquelyn.choi@rimonlaw.com,
docketing@rimonlaw.com

Luckey McDowell
luckey.mcdowell@shearman.com

Jonathan Dunworth
jonathan.dunworth@shearman.com

Attorneys for Creditor Francois Freres USA Inc.
John G. Warner
warnerwest@aol.com

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
F 9013-3.1.PROOF.SERVICE