Victor A. Sahn (CA Bar No. 97299)
  *victor.sahn@gmlaw.com*
Mark S. Horoupian (CA Bar No. 175373)
  *mark.horoupian@gmlaw.com*
Steven F. Werth (CA Bar No. 205434)
  *steven.werth@gmlaw.com*
**Greenspoon Marder LLP**
a Florida limited liability partnership
333 South Grand Ave., Suite 3400
Los Angeles, CA 90071
Telephone: 213.626.2311
Facsimile: 954.771.9264

Attorneys for Debtor in Possession,
Spring Mountain Vineyard Inc.

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SANTA ROSA DIVISION**

| | |
|---|---|
| In re:<br><br>SPRING MOUNTAIN VINEYARD INC., a Delaware corporation,<br><br>Debtor.<br><br>Federal EIN: 36-3844911 | Case No. 1:22-bk-10381 CN<br><br>Chapter 11<br><br>**SUPPLEMENTAL PLEADING IN SUPPORT OF MOTION OF DEBTOR AND DEBTOR IN POSSESSION FOR AUTHORITY TO IMPLEMENT KEY EMPLOYEE RETENTION PLAN; SECOND SUPPLEMENTAL DECLARATION OF KEVIN A. KRAKORA IN SUPPORT THEREOF**<br><br>**Hearing Information**<br>Date: February 15, 2023<br>Time: 11:00 a.m.<br>Place: U.S. Bankruptcy Court<br>　　　　Courtroom 215<br>　　　　1300 Clay Street<br>　　　　Oakland, CA 94612<br>*Videoconference via Zoom Webinar* |

Spring Mountain Vineyard, Inc., the Debtor and Debtor in Possession herein (the "Debtor") hereby submits this supplemental brief, and accompanying second supplemental declaration of Kevin A. Krakora, in support of its motion pursuant to 11 U.S.C. § 503(c)(3), for an order authorizing the Debtor to implement a key employee retention plan for corporate level and

managerial non-insider employees (the "KERP Motion") [Dkt. No. 168]. The KERP Motion was filed by the Debtor on December 21, 2022. The Office of the United States Trustee ("OUST") filed its objection to the KERP Motion (the "OUST Objection") on January 11, 2023 [Dkt No. 196]. Among other things, the OUST Objection questioned whether certain of the KERP Participants were insiders. The focus was primarily on those individuals who held titles such as "Vineyard Manager", "VP of Sales and Marketing", "Winemaker". In its objection, the OUST stated "the Motion fails to disclose the KERP Participants' specific responsibilities or whether any of the KERP Participants were appointed or elected by the Debtor's Board of Directors". (OUST Objection, Page 9, lines 25-28). In response to the OUST Objection, the Debtor filed its "Supplemental Declaration of Kevin A. Krakora In Response to Objection by the Office of the United States Trustee to [the KERP Motion]" (the "Supplemental Krakora Declaration") [Dkt #202].[1] The Supplemental Krakora Declaration listed and described each KERP Participant's role and responsibilities, the limitation on his or her authority, and whether he or she was an "officer" appointed by the Debtor's board of directors.

The KERP Motion was heard by the Court on January 18, 2023 at 11:00 a.m. At the conclusion of the hearing, the Court approved the KERP Motion as to all participants except the Debtor's VP of Sales and Marketing. With respect to this individual, the Court noted that it could not find, based on the evidence presented, that he was not an "insider". The matter was continued to February 15, 2023 for further hearing. The Debtor was also ordered to file a schedule of the proposed KERP bonuses under seal, which the Debtor has done.

By filing this supplemental pleading and further declaration of Mr. Krakora (the "Second Supplemental Krakora Declaration"), it is the Debtor's intention to provide further evidentiary support for the conclusion that the VP of Sales and Marketing is <u>not</u> an insider, and that his retention bonus should be approved along with the other KERP Participants. This individual is an important part of the Debtor's already lean staff, and his continued employment throughout the

---

[1] The Debtor has filed a motion seeking to seal exhibits to the KERP Motion and the Supplemental Krakora Declaration.

reorganization process is crucial.

The OUST Objection focuses on a Bankruptcy Court decision from Delaware, <u>In re Foothills Tex., Inc.</u>, 408 B.R. 573 (Bankr. D. Del. 2009) to paint the individual in question as an insider. But this is without merit. In *Foothills*, the subject beneficiaries were two persons who held titles of "Vice President". There, the Court held that those two persons constituted insiders under § 101(31)(B)(ii) because of their titles as officers, and that the debtor did not rebut this presumption. *Id*. at 585 (case holding). The Debtor believes that the Supplemental Krakora Declaration adequately rebutted that presumption. In fact, there is no basis to find the subject individual is an insider because he does not exercise control over the debtor, or its business direction. See generally, *In re Enter. Acquisition Partners, Inc.*, 319 B.R. 626, 633 n. 5 (B.A.P. 9th Cir. 2004). *See In re LSC Communications, Inc.*, 631 B.R. 818, 825 (S.D.N.Y. 2021) (in determining insider status, from "a policy standpoint, giving more weight to an objective criterion — whether an employee was appointed by the board — provides better guidance to parties than a functional, non-exhaustive test" and that "'[m]ere title' is overlooked by the law as a distracting formality, while board appointment has significance as a matter of law and legal meaning.") (following *Foothills*) (other citations omitted). While the Debtor previously submitted evidence that none of the KERP Participants control the Debtor to address any lingering concern as to the VP of Sales and Marketing, the Debtor submits the attached Second Supplemental Krakora Declaration which underscores that the subject individual is not an insider of the Debtor.

In summary, the Debtor has demonstrated that the Vice President at issue is not an "insider" pursuant to section 101(31) of the Bankruptcy Code because he does not take part in the management of the Debtor:[2]

1. *Limited Discretion; Responsibilities Limited to Day-to-Day Operations*: The subject

---

[2] *Foothills*, 408 B.R. at 579 ("In order to overcome the presumption that a person holding an officer's title is not what he or she appears to be requires submission of evidence sufficient to establish that the officer is, in fact, not participating in the management of the debtor.").

individual's responsibilities relate to the day-to-day operations pertaining to securing wholesale sales—specifically, meeting with potential customers, sales brokers, and distributors, and developing wholesale contracts. Supplemental Krakora Declaration ¶ 7.a.i-ii.[3] In addition, the subject individual also oversees the Debtor's direct-to-consumer ("DTC") sales operations, with the DTC leader reporting to the subject individual. Second Supplemental Krakora Declaration ¶6. *See In re Borders Grp. Inc.*, 453 B.R. 459, 469 (Bankr. S.D.N.Y. 2011) ("The Debtors have also sufficiently shown that the Critical Employees—although termed 'director-level' employees—are not 'executives,' who are typically considered insiders under the Bankruptcy Code. . . . Although the Critical Employees are important to the Debtors' business, none of them has the authority to implement company policies. Instead, they are responsible for running the Debtors' day-to-day operations." (internal citations omitted)). The subject individual has no authority to set pricing, pricing policies, or sale strategies. To the extent the subject individual is involved in the development of sales strategies, pricing decisions, and special programs, his role is limited to only providing input on such efforts, with the ultimate strategies requiring approval by the Board, Mr. Safra, and the Chief Restructuring Officer. Supplemental Krakora Declaration ¶ 7.a.i-ii; Second Supplemental Krakora Declaration ¶ 3.

2. *No Control Over Assets*: The subject individual has no authority over the Debtor's bank accounts, disbursement decisions, or cash management decisions. Second Supplemental Krakora Declaration ¶¶ 4-5.

3. *No Control Over Core Business Activities*: The subject individual has no authority over the Debtor's core business activities—winemaking, wine production operations, and vineyard and farming operations. While the subject individual is critical to the Debtor's operations and ability to maximize value of its assets, particularly as the

---

[3] The "Supplemental Krakora Declaration" refers to the Declaration of Kevin A. Krakora filed at Docket No. 202.

Debtor pursues a sale as an ongoing business, his role relates to the Debtor's product sales, but with his authority limited by the need to obtain approval over all strategies, pricing, and special programs from the Board, Mr. Safra and the Chief Restructuring Officer. Second Supplemental Krakora Declaration ¶¶ 6-7. *Compare Foothills*, 408 B.R. at 584 ("Mr. Drennan oversees the Debtors' oil and gas leases and communications with landlords regarding those leases. ***Without those leases, the Debtors would have no business.*** (emphasis added)).

4. *Subject Individual Was Not Appointed as an Officer*: While the subject individual was given the title of "vice president," he was not elected nor appointed by the Board as an officer, nor assigned the duties and powers of an officer. Supplemental Krakora Declaration ¶ 7.a.iii. In fact, the subject individual was hired by the Debtor's general manager at the time. The subject individual is not included on the Debtor's list of duly elected and qualified officers. Second Supplemental Krakora Declaration ¶ 1 and 4.

5. *Not Responsible for the Debtor's Regulatory and Reporting Requirements*: The subject individual is not responsible for the review, approval, or execution of the Debtor's financial statements, reporting, or tax returns. Second Supplemental Krakora Declaration ¶¶ 10-12. *Compare Foothills*, 408 B.R. at 584 ("In addition, he is responsible for ensuring the Debtors are in compliance with state and federal laws and regulation—obviously a requirement of staying in business.").

DATED: February 9, 2023                    Respectfully submitted,

**GREENSPOON MARDER LLP**

By: _____
Victor A. Sahn
Mark S. Horoupian
Attorneys for Debtor in Possession,
Spring Mountain Vineyard Inc.

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

# SECOND SUPPLEMENTAL DECLARATION OF KEVIN A. KRAKORA[4]

I, Kevin A. Krakora, declare:

1. I am a managing director of Getzler Henrich & Associates, LLC. I am the Chief Restructuring Officer ("CRO") of Spring Mountain Vineyard Inc., a Delaware corporation, the debtor in possession in the above-captioned case (the "Debtor"). I have served in this capacity for the Debtor since August 22, 2022.

2. Since my appointment as the CRO of the Debtor, I have become familiar with the Debtor's business operations, its revenues and expenses. In my role, I work with a team of individuals including Peter Ekman, an experienced winery, tech and e-commerce CEO. In addition to Mr. Ekman, I consult with the Debtor's president and chairman, Constantine Yannias, the Debtor's bankruptcy counsel, and the various department heads and employees of the Debtor.

3. The Debtor continues to manage its affairs and operate its business as a debtor in possession. No trustee or creditors' committee has been appointed in this case.

4. I provide this further declaration as additional evidence that the Debtor's VP of Sales and Marketing is not an insider of the Debtor. I understand that because of his title "Vice President", the Debtor must rebut the presumption that he is an officer. As stated in my previous declaration, I have confirmed that the subject individual was not elected or appointed by the Debtor's board of directors, and he is not noted as an officer of the Debtor in any of its corporate governance documents. A true and correct copy of the "Minutes of Action Taken By Unanimous Written Consent of the Board of Directors of Spring Mountain, Inc" dated January 15, 2013, and which continues in effect, is attached hereto as Exhibit 1. In addition, I note the following:

5. The subject individual was hired as an employee in 2017 by the Debtor's then general manager. He does not have a written employment agreement, and is an at-will employee.

6. The subject individual is responsible for overseeing the Debtor's wholesale sales,

---

[4] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the KERP Motion.

1 which represent approximately 20-30% of the Debtor's annual revenues.  In addition, the subject
2 individual also oversees the Debtor's direct-to-consumer (DTC) sales operations, with the DTC
3 leader reporting to the subject individual..

  7. Despite being the only employee who handles wholesale sales, the subject individual has no authority to set pricing, pricing policies or sales strategies.  Instead, the subject individual makes any such strategic recommendations to the Debtor's board, owner, and after my appointment, to me.  All recommendations are subject to approval by the Board, the owner, and by me.

  8. The subject individual has no authority over the Debtor's bank accounts.

  9. The subject individual does not control disbursements or have authority over cash management decisions.

  10. The subject individual does not review or approve financial statements or reporting.

  11. The subject individual is not the responsible party for alcohol and/or winemaking reporting.

  12. The subject individual does not sign the Debtor's various tax returns, including sales tax returns.

  13. The subject individual does not own equity or equity-like instruments of the Debtor.

  14. Other than his compensation, which is paid in the ordinary course, the subject individual is not owed money by the Debtor.

  15. The subject individual has no authority and exerts no control over winemaking or wine production operations or related decisions.

  16. The subject individual has no authority and exerts no control over vineyard and farming operations or related decisions.

  17. The subject individual is not a relative of the owner of the Debtor, or the Debtor's sole board member, Mr. Yannias.

18. The proposed KERP Bonus to be paid to the subject individual, when measured as a percentage of his annual salary, is equal to the percentage of the total proposed bonuses to the total annual salaries of all KERP Participants.

19. I have conferred with the subject individual about whether he has received an offer of employment from another company, and he has advised that he has not primarily because he has not sought alternative employment because he was anticipating that his proposed KERP bonus would be approved, as it was for each of the other corporate employees. As a result of the uncertainty regarding the approval of his proposed KERP bonus, I am extremely concerned about the Debtor's ability to retain the subject individual at this time, and I am even more concerned about the impact his potential departure could have on the Debtor's ability to consummate a sale or reorganization should his proposed KERP bonus not be approved.

20. I must reiterate that it is my professional judgment and opinion, based on my experience with this Debtor and in similar cases, that the retention of the subject individual is critical at this point in the case. He is one of the employees I identified who I believe, the loss of whom would adversely affect the Debtor's business operations and its prospects for maximizing value in a sale as an ongoing business. In this case, as the process to find a buyer for the Debtor's business is underway with the goal of closing a transaction within a relatively short time frame, the Debtor cannot afford to lose him. Further, given the public nature of the Debtor's current state of affairs, I believe that it would be very difficult if not impossible to replace this individual. As this individual is the sole employee of the Debtor responsible for wholesale sales, and the individual to whom the DTC leader reports, his departure would immediately put the Debtor's revenues at risk during this critical stage.

21. In my nearly three decades in the restructuring practice, I have been involved in seeking the approval of many retention programs like the one proposed herein. In my experience, employees with similar range of duties and with similar restrictions on authority as the subject individual have been included as participants in approved KERPs, notwithstanding having a title

such as "Vice President" or "Manager". Based on the facts presented herein, I firmly believe that the subject individual is not an "insider".

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on February 9, 2023, in Chicago, Illinois.

_____
Kevin A. Krakora

# EXHIBIT 1

MINUTES OF ACTION
TAKEN BY UNANIMOUS WRITTEN CONSENT
OF THE
BOARD OF DIRECTORS
OF
SPRING MOUNTAIN VINEYARD INC.
(f/k/a Good Wine Company)
IN LIEU OF SPECIAL MEETING

The undersigned, being the sole Director of Spring Mountain Vineyard Inc., a Delaware corporation (the "Corporation"), and having been duly elected by unanimous written consent of the Shareholder of the Corporation, hereby takes this Action by Unanimous Written Consent in lieu of a Special Meeting of the Board of Directors, pursuant to Section 141(f) of the Delaware General Corporation Law and Article 2, Section 2.13 of the Bylaws of the Corporation:

RESOLVED, that the following persons be and are hereby elected officers of the Corporation, to hold the office or offices set opposite their respective names until the next Annual Meeting of the Board of Directors and until their successor have been duly elected and qualified:

| | |
|---|---|
| Constantine S. Yannias | President |
| Jean-Pierre Boustany | Secretary and Treasurer |
| Mary Seavoy | Assistant Secretary |

The foregoing officers shall have the duties and powers as described in Article 3 of the Bylaws of the Corporation. In addition, the Secretary shall have the power to execute and deliver, in the name of the Corporation, any deeds, mortgages, contracts or other instruments pertaining to the business of the Corporation.

RESOLVED, that Constantine S. Yannias is elected to hold the office of Chairman of the Board and Chief Executive Officer, to serve until his successor is elected and qualifies.

IN WITNESS WHEREOF, the undersigned has caused this unanimous action in writing to be executed as of the 15th day of January, 2013.

_____
Constantine S. Yannias
Sole Director

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is

333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **SUPPLEMENTAL PLEADING IN SUPPORT OF MOTION OF DEBTOR AND DEBTOR IN POSSESSION FOR AUTHORITY TO IMPLEMENT KEY EMPLOYEE RETENTION PLAN; SECOND DECLARATION OF KEVIN A. KRAKORA IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 9, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) February 9, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 9, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 9, 2023 | Patricia Dillamar | *Patricia Dillamar* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

# 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Steve Burnell on behalf of Debtor Spring Mountain Vineyard Inc.
steve.burnell@gmlaw.com

Dean C. Burnick on behalf of Interested Party Mt. Hawley Insurance Company **(RSN)**
dcb@proughlaw.com

Jacquelyn H. Choi on behalf of Creditor Napa County Treasurer-Tax Collector **(RSN)**

Trevor Ross Fehr on behalf of U.S. Trustee Office of the U.S. Trustee / SR
trevor.fehr@usdoj.gov

Mark S Horoupian on behalf of Debtor Spring Mountain Vineyard Inc.
mark.horoupian@gmlaw.com, cheryl.caldwell@gmlaw.com

Thomas Philip Kelly, III on behalf of Creditor Central Valley Builders Supply Inc. **(RSN)**
tomkelly@sonic.net

Steve Ma on behalf of Creditor MGG California, LLC
sma@proskauer.com

Jeff J. Marwil on behalf of Creditor MGG California, LLC
jmarwil@proskauer.com

Randall P. Mroczynski on behalf of Creditor Ford Motor Credit Company LLC **(RSN)**
rmroczynski@cookseylaw.com

Office of the U.S. Trustee / SR
USTPRegion17.SF.ECF@usdoj.gov

Elvina Rofael on behalf of U.S. Trustee Office of the U.S. Trustee / SR
elvina.rofael@usdoj.gov, Katina.Umpierre@usdoj.gov,GemMil.Langit@usdoj.gov

Victor A. Sahn on behalf of Debtor Spring Mountain Vineyard Inc.
victor.sahn@gmlaw.com, Karen.Files@gmlaw.com

Michael St. James on behalf of Interested Party Arcade Capital, LLC **(RSN)**
ecf@stjames-law.com

John G. Warner on behalf of Creditor Francois Freres USA Inc. **(RSN)**
warnerwest@aol.com

Ashley M. Weringa on behalf of Creditor MGG California, LLC
aweringa@proskauer.com

Steven F. Werth on behalf of Debtor Spring Mountain Vineyard Inc.
steven.werth@gmlaw.com, Patricia.Dillamar@gmlaw.com

Peter J Young on behalf of Creditor MGG California, LLC
pyoung@proskauer.com

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    F 9013-3.1.PROOF.SERVICE

Case: 22-10381    Doc# 238    Filed: 02/09/23    Entered: 02/09/23 14:40:37    Page 13 of 17

## SERVED BY EMAIL OR UNITED STATES MAIL

**Debtor's Financial Advisor And Chief Restructuring Officer**
Attn: Kevin A. Krakora, Managing Director
Getzler Henrich & Associates LLC, a Hilco Global Company
150 S. Wacker Drive | 24th Floor
Chicago, IL 60606
Tel: (312) 283-8071
email: kkrakora@getzlerhenrich.com
pekman@hilcoglobal.com

**Secured Creditor**
Imperial PFS aka IPFS
49 Stevenson St. #127
San Francisco, CA 94105-2909
(877) 687-9826
Lisa Chandler, Litigation and Bankruptcy Recovery Manager
lisa.chandler@ipfs.com

**Largest Unsecured Creditors**
Allen Wine Group LLP
Attn: Timothy Allen, CPA - Managing Partner
120 Stony Point Road, #230
Santa Rosa, CA 95401
(707) 528-3860
tim@allenwine.com
Tim@allengroupllp.com
Brent Garrison
Brent@allengroupllp.com

Bartelt Engineering
Attn: Paul Bartelt
1303 Jefferson St #200B
Napa, CA 94559
(707) 258-1301
paulb@barteltengineering.com

Belkorp AG, LLC
Attn: Laura Correll, Accounting
2413 Crows Landing Rd
Modesto, CA 95358
(209) 205-3706
ar@belkorpag.com
AR@BelkorpAg.com
ldunhouse@belkorpag.com

Brown's Auto Parts
Attn Dan Beltramai, Owner
1218 Main St.
Saint Helena, CA 94574-1901
(707) 963-3638
brownsauto169@gmail.com

Castino Restaurant Equipment And Supply
50 Utility Ct.
Rohnert Park, CA 94928-1659
(707) 585-3566
sales@castinosolutions.com

Central Valley
Administrative Offices
1804 Soscol Ave., #205
Napa, CA 94559
Attn: Gerry Cruz, Accounting Mgr.
(707) 261-7900
gerryc@central-valley.com

Chubb Group of Insurance Companies
P.O. Box 777-1630
Philadelphia, PA 19175-0001
(800) 372-4822
**Returned – Box Closed**

Conway Beverage Group, LLC
Dba: Elite Brands
Elite Brokerage
3238 Old Heather Rd.
San Diego, CA 92111-7716
Attn: Mr. Jay Conway
Jayconway@elitebrands.biz

Famille Sylvain
855 Bordeaux Way #239
Napa, CA 94558-7549
(707) 492-3308
contactusa@famillesylvain.com

Tonnellerie Sylvain
855 Bordeaux Way
Napa, CA 94558
(707) 492-3308
contactusa@famillesylvain.com

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    Case: 22-10381    Doc# 238    Filed: 02/09/23    Entered: 02/09/23 14:40:37    Page 14 of 17    **F 9013-3.1.PROOF.SERVICE**

Francois Freres USA Inc.
1403 Jefferson St.
Napa, CA 94559-1708
(707) 294-2204
office@francoisfreresusa.com
julie@francoisfreresusa.com
accounting@francoisfreresusa.com
assistant@francoisfreresusa.com

G3 Enterprises Inc.
(Tapp Labels)
580 Gateway Dr.
Napa, CA 94558
(707) 252-8300
jeff.licht@tapplabel.com

Napa County Treasurer
1195 3rd St. #108
Napa, CA 94559-3035
(707) 253-4314
Dawnette.martindale@countyofnapa.org
Napa County Treasurer-Tax Collector
Bob.Minahen@countyofnapa.org
Napa County Attorney
Wendy.dau@countyofnapa.org

Napa Ford Lincoln
170 Soscol Ave.
Napa, CA 94559
(707) 255-2580
**Via Regular Mail**

Ford Motor Credit Company
National Bankruptcy Service Center
P O Box 62180
Colorado Springs CO 80962-2180
(800) 955-8232
fcffald@ford.com

Napa Valley Petroleum
P.O. Box 2670
Napa, CA 94558-0528
(707) 252-6888
kamh@napavalleypetroleum.com

Napa Valley Vintners Association
P.O. Box 141
Saint Helena, CA 94574
(707) 963-3388
Attn: Steve Tradewell, CFO
stradewell@napavinters.com

Ramondin U.S.A. Inc.
Tammy Frandsen
Finance Manager
541 Technology Way
Napa, CA 94558
(707) 944-2277
tfrandsen@ramondin.com

Stanzler Law Group
Attn: Jordan S. Stanzler
390 Bridge Pkwy #220
Redwood City, CA 94065
(650) 739-0200
Jstanzler@stanzlerlawgroup.com

Wilbur Ellis Company LLC
c/o Registered Agent Solutions Inc.
720 14th St.
Sacramento, CA 95814-1905
(707) 963-3495
KZavala@wilburellis.com
MHAMMETT@wilburellis.com
SPRIM@wilburellis.com

Wine Service Cooperative
1150 Dowdell Lane
Saint Helena, CA 94574
Attn: Steven Tamburelli
General Manager
Tel: (707) 963-9474
Fax: (707) 963 9359
Steve@wineservicecoop.com

Bright Event Rental
22674 Broadway # A
Sonoma, CA 95476
(707) 940-6060
Attn: Michelle Minsk, Acctg.
accountsreceivable@bright.com

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          F 9013-3.1.PROOF.SERVICE

Case: 22-10381    Doc# 238    Filed: 02/09/23    Entered: 02/09/23 14:40:37    Page 15 of 17

CNH Capital
Dept. 1801104747435
P.O. Box 78004
Phoenix, AZ 85062
Attn: Steve Wright, Bankruptcy Dept.
(717) 355-5790
**Via Regular Mail**

CNH Industrial Capital America, LLC
PO Box 71264
Philadelphia, PA 19176-6264
Attn: John Chiavacci, HRBK Analyst
(717) 355-5913
john.chiavacci@cnhind.com

ETS Laboratories
c/o Marjorie Burns 899 Adams Street #A
Saint Helena, CA 94574-1160
(707) 963-4806
Attn Accounts Receivable Team
ar@etslabs.com
accounts@etslabs.com

Matheson Tri-Gas Inc.
Dept. LA 23793
Pasadena, CA 91185
(707) 963-4307
**Via Regular Mail**

Sovos Compliance LLC
200 Ballardvale St. Bldg 14th Fl.
Wilmington, MA 01887
(866) 890-3970
lori.bradshaw@sovos.com

Wine Technology America
aka Wine Technology, Inc.
474 Walten Way
aka Vinwizard
Windsor, CA 95492
(707) 703-5919
Attn: Kelly Graves, Director
(720) 284-2059
kelly@vinwizard.us

Wine Technology America Inc.
c/o Lloyd Matthews, Agent
1899 Larkspur St.
Yountville, CA 94599-1237
**Via Regular Mail**

Wyatt Irrigation Co.
4407 Solano Ave.
Napa, CA 94558
(707) 578-3747
Lynne Colombano, Acct Receivable Mgr.
lynne@wyattsupply.com

Wyatt Irrigation Co.
c/o CSC - Lawyers Incorporating Service
2710 Gateway Oaks Dr. #150N
Sacramento, CA 95833-3502
**Via Regular Mail**

**Request for Special Notice**
Alcohol & Tobacco Tax & Trade Bureau
U.S. Department of the Treasury
Attn: Daniel Paralta, Senior Counsel,
Field Operations
1436 2nd Street #531
Napa, CA 94559
(513) 684-2509
(202) 453-2412
Daniel.Peralta@ttb.gov

Dept. of the Treasury, Alcoholic Beverage Control
Attn: Tracie Parker, Lic. Rep. I
50 D Street Room 130
Santa Rosa, CA. 95404
Phone: (707) 576-2165
Fax: (707) 638-9537
tracie.parker@abc.ca.gov

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346
(800) 973-0424
**Via Regular Mail**

California Department of Tax and Fee
Administration
Special Operations Bankruptcy Team MIC: 74
P.O. Box 942879
Sacramento, CA 94279-0074
(800) 400-7115
**Via Regular Mail**

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**F 9013-3.1.PROOF.SERVICE**

Case: 22-10381    Doc# 238    Filed: 02/09/23    Entered: 02/09/23 14:40:37    Page 16 of 17

Franchise Tax Board
Attn: Vivian Ho
Bankruptcy Section, MS A-340
P.O. Box 2952
Sacramento, CA 95812-2952
916-845-7069
Vivian.Ho@ftb.ca.gov

Employment Development Department
Bankruptcy Unit-MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001
**Via Regular Mail**

Employment Development Department
Attn: MIC 53
800 Capital Mall
Sacramento, CA 95814
**Via Regular Mail**

Piper/Sandler
1251 Avenue of the Americas, 39th Floor
New York, N.Y. 10020
Attn.: Mr. Leonard Sheer and Mr. Mike Dillahunt
Leonard.sheer@psc.com
Michael.dillahunt@psc.com
**Via Regular Mail & Email**

Will Densberger
Pavi Micheli
Engel & Voelkers
25 East Napa Street
Sonoma, California
Will@nvwineestates.com
pavimicheli@icloud.com
**Via Regular Mail & Email**

**Courtesy Email**

Jay B. Spievack, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave., Suite 2400
New York NY 10170-2499
(212) 381-8735
email: jspievack@ctswlaw.com

Joseph Vann, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave., Suite 2400
New York NY 10170-2499
(212) 381-8724
email: jvann@ctswlaw.com

John C. Vaughan
Newmark Knight Frank
4675 MacArthur Court, Suite 1600
Newport Beach, CA 92660
(808) 797-0148
email: john.vaughan@nmrk.com

Mark Kasowitz: MKasowitz@kasowitz.com

Gavin D. Schryver: GSchryver@kasowitz.com

Attorneys for Napa County Treasurer
Jacquelyn H. Choi
jacquelyn.choi@rimonlaw.com,
docketing@rimonlaw.com

Luckey McDowell
luckey.mcdowell@shearman.com

Jonathan Dunworth
jonathan.dunworth@shearman.com

Attorneys for Creditor Francois Freres USA Inc.
John G. Warner
warnerwest@aol.com

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012  F 9013-3.1.PROOF.SERVICE

Case: 22-10381    Doc# 238    Filed: 02/09/23    Entered: 02/09/23 14:40:37    Page 17 of 17