Jeff J. Marwil (admitted *pro hac vice*)
PROSKAUER ROSE LLP
70 West Madison, Suite 3800
Chicago, Illinois 60602
Telephone: (312) 962-3550
Facsimile: (312) 962-3551
Email: jmarwil@proskauer.com

Peter J. Young (admitted *pro hac vice*)
Steve Ma (CA Bar No. 320997)
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: (310) 557-2900
Facsimile: (310) 557-2193
Email: pyoung@proskauer.com
sma@proskauer.com

Counsel for MGG California, LLC

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SANTA ROSA DIVISION**

| | |
|---|---|
| In re:<br><br>SPRING MOUNTAIN VINEYARD INC.,<br>                              Debtor. | **Chapter 11**<br><br>**Case No. 22-10381 CN**<br><br>**Judge Charles Novack**<br><br>**MGG CALIFORNIA, LLC'S STATEMENT IN SUPPORT OF MOTION OF DEBTOR AND DEBTOR IN POSSESSION FOR AUTHORITY TO IMPLEMENT KEY EMPLOYEE RETENTION PLAN**<br><br>Re: ECF No. 168 |

MGG California, LLC, as administrative agent and collateral agent ("MGG" or the "Administrative Agent"), respectfully submits this statement (the "Statement") (i) in support of the *Motion of Debtor and Debtor in Possession for Authority to Implement Key Employee Retention Plan* [ECF No. 168] (the "Motion")[1] filed by Spring Mountain Vineyard Inc. ("SMV" or the "Debtor"), and (ii) in response to the *United States Trustee's Objection to Debtor's Motion for Order Approving Employee Retention Plan and Reservation of Rights* [ECF No. 196] (the "Objection"). In support of the Motion, MGG respectfully states as follows:

**Background**

***Commencement of the Chapter 11 Case***. MGG's prepetition claims constitute the only non-insider class of impaired creditors in this case. MGG is administrative agent and collateral agent in connection with a $185 million secured credit facility (the "Loan") pursuant to that certain *Guaranty and Credit Agreement*, dated as of October 11, 2018 (as may have been amended, restated, supplemented or otherwise modified from time to time, the "Credit Agreement"), among SMV, certain lenders party thereto, and MGG. The Loan is secured by, among other things, the Debtor's approximately 800-acre vineyard in St. Helena, California, and all of the Debtor's personal property, and is also personally guaranteed by Jaqui Safra, the beneficial owner of the Debtor.

SMV failed to make various payments pursuant to the Credit Agreement. Notwithstanding the failure of SMV to make such payments, MGG agreed to amend the Credit Agreement and enter into various forbearance agreements—ultimately extending SMV's forbearance period to September 30, 2022, notwithstanding SMV's failure to make various required payments pursuant to the amended Credit Agreement and forbearance agreements.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1

As the September 30, 2022 forbearance period neared, SMV requested a further extension, which MGG indicated it would agree to, subject to certain pay downs of the Loan balance, consistent with prior agreements to extend the forbearance period. SMV would not agree to make any additional cash payments as a condition to a further extension of the forbearance period.

On September 28, 2022, SMV filed an action in the Supreme Court of the State of New York (the "NY Court"), captioned *Spring Mountain Vineyard Inc., et al. v. MGG California, LLC, et al.*, Case No. 653564/2022 (the "NY Action"), seeking to invalidate all or certain portions of the forbearance agreement, and seeking a temporary restraining order and preliminary injunction to prevent MGG and the lenders from exercising certain of their rights and remedies under the terms of the forbearance agreement. On September 29, 2022, the NY Court denied SMV's request for a temporary restraining order and preliminary injunction, after which SMV commenced this chapter 11 case.

SMV failed to provide MGG with any notice whatsoever of its chapter 11 filing, notwithstanding MGG's perfected first-priority lien on all of SMV's assets, including cash.

**Cash Collateral Usage; Postpetition Financing; Sale Process**. Following the commencement of the chapter 11 case, the Debtor and MGG agreed upon the terms of, and this Court entered, a final order[2] setting forth, among other things, (i) the terms governing the Debtor's use of MGG's cash collateral and (ii) milestones for the marketing and sale of all or substantially all of SMV's assets.

On January 18, 2023, the Debtor filed its *Motion for Entry of (I) an Order Approving Auction and Bid Procedures for the Sale of its Wine Vineyard Business Including Real Property,*

---

[2] *Second Interim Order: (I) Authorizing the Debtor to Utilize Cash Collateral of Prepetition Secured Parties Through November 4, 2022; (II) Granting Adequate Protection to Pre-petition Secured Parties; (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and 4001(c); and (IV) Granting Related Relief* [ECF No. 76], as extended [ECF No. 92] and approved on a final basis [ECF No. 120], (the "Cash Collateral Order").

*Rights Running with the Certain Real Property, Wine Inventory, Certain Vineyard Business Rights and Contract Rights and (II) Granting Related Relief* [ECF No. 204] (the "Bid Procedures Motion"), which is scheduled to be heard by the Court on February 15, 2023.

On January 27, 2023, the Court approved, on a final basis [ECF No. 224] (the "Final DIP Order"), the Debtor's request to obtain $4 million of new money post-petition financing from MGG to fund the Debtor's operations to April 15, 2023, the deadline to close a sale transaction pursuant to the sale milestones agreed upon pursuant to the Cash Collateral Order and the Final DIP Order.

**KERP Motion**. On December 21, 2022, the Debtor filed the Motion seeking to implement a key employee retention plan for fifteen (15) employees critical to the Debtor's continued operations and ability to maximize the value of its assets during the pending sale process. On January 11, 2023, the United States Trustee for Region 17 (the "U.S. Trustee") filed the Objection. No creditors objected to the Motion.[3]

On January 13, 2023, the Debtor filed its *Supplemental Declaration of Kevin S. Krakora in Response to Objection by Office of the United States Trustee to Motion of Debtor and Debtor in Possession for Authority to Implement Key Employee Retention Plan* [ECF No. 202] (the "Supplemental Krakora Declaration").

The Court heard the Motion on January 18, 2023, and granted the Motion with respect to fourteen (14) employees, other than the Vice President of Sales and Marketing (the "Employee"). The hearing to consider the Motion with respect to the Employee was continued to February 15, 2023.

---

[3] Indeed, no creditors' committee was formed due to a lack of interest.

3

On February 9, 2023, the Debtor filed its *Supplemental Pleading in Support of Debtor's Motion of Debtor and Debtor in Possession for Authority to Implement Key Employee Retention Plan* and the *Second Supplemental Declaration of Kevin A. Krakora in Support Thereof* [ECF No. 238] (the "Supplemental Pleading").

**Statement in Support**

MGG supports the Debtor's limited request to implement a key employee retention plan covering the Employee. The U.S. Trustee objects to the relief requested with respect to the Employee because "the Court lacks sufficient information to determine whether any KERP Participants are insiders, either because they are officers under Delaware corporate law or because their responsibilities confer 'insider' status." Objection ¶ 33.

The Debtor has provided sufficient evidence that the Employee is not an officer under Delaware corporate law because he "was not appointed as an officer under the by-laws of the Debtor" and "was not elected or appointed by the board." Supplemental Krakora Declaration ¶ 7.a.iii. Rather, the Employee was hired by the general manager at the time. Supplemental Pleading at 6:23-24.

Accordingly, the remaining issue is whether the Employee's responsibilities would confer "insider" status. The Debtor has demonstrated the Employee does not take part in the management of the Debtor and has limited responsibilities, rebutting the presumption that he is an officer because of his "Vice President" title. Supplemental Pleading at 3:23-5:19; *see In re Foothills Tex., Inc.*, 408 B.R. 573, 583 (Bankr. D. Del. 2009) ("This Court agrees . . . that a flexible approach should be taken in considering what evidence might rebut the presumption that a person who holds the title of an officer is, in fact, an officer. . . . To overcome that presumption requires the submission of evidence sufficient to establish that the officer does not, in fact,

4

Case: 22-10381    Doc# 242    Filed: 02/13/23    Entered: 02/13/23 12:11:54    Page 5 of 9

participate in the management of the debtor."); *see, e.g.*, *In re Global Aviation Holdings Inc.*, 468 B.R. 142, 148 (Bankr. E.D.N.Y. 2012) ("Like the corporate employees in Borders Group, most of whom had the word 'director' attached to their titles, the Directors of Safety, Maintenance and Operations have none of the responsibilities of a corporate director."); *In re Borders Grp., Inc.*, 453 B.R. 459, 469 (Bankr. S.D.N.Y. 2011) ("Companies often give employees the title 'director' or 'director-level,' but do not give them decision-making authority akin to an executive.").

Critically, none of Congress' concerns in enacting section 503(c) of the Bankruptcy Code are implicated here. *See In re Hawker Beechcraft, Inc.*, 479 B.R. 308, 312-13 (Bankr. S.D.N.Y. 2012) ("Congress enacted § 503(c) as part of the 2005 BAPCPA amendments to the Bankruptcy Code to 'eradicate the notion that executives were entitled to bonuses simply for staying with the Company through the bankruptcy process . . . .'" (internal citations omitted)); *Global Aviation Holdings*, 468 B.R. at 150 ("In the context of enacting the limitations set forth in § 503(c), Congress was responding to an 'inherently unseemly' public perception that chapter 11 bonus programs 'ha[d] been used to lavishly reward-at the expense of the creditor body-the very executives whose bad decisions or lack of foresight were responsible for the debtor's financial plight.' *In re U.S. Airways, Inc.*, 329 B.R. 793, 797 (Bankr. E.D. Va. 2005)." (alteration in original)); 151 Cong. Rec. S1979, 1990 (daily ed. Mar. 3, 2005) (statement of Sen. Kennedy) ("Often, the very insiders whose misconduct brought the company down do very well in bankruptcy. . . . Increasingly, the bankruptcy court has become a place where corporate executives go to get permission to line their own pockets and break their promise to their workers and retirees.").

Here, the chapter 11 case was commenced to prevent MGG from exercising its remedies pursuant to the Credit Agreement and forbearance agreements after the Debtor failed to obtain an

5

injunction in the NY Action. As noted by the Debtor, the Employee has no control over the Debtor's assets or over the decisions leading to the commencement of this chapter 11 case. *See* Supplemental Pleading at 4:19-5:04, 6:23-24 (noting the Employee's responsibilities relate to the Debtor's sales; Employee was hired by the general manager at the time as an at-will employee).

The Debtor, pursuant to the milestones set forth in the Cash Collateral Order and the Final DIP Order agreed to with MGG, is pursuing a sale of its business as a going concern. In connection therewith, MGG, the Debtor's largest and only non-insider impaired creditor, has agreed to the Debtor's use of cash collateral and to fund the Debtor's operations (including the Debtor's proposed Retention Plan) with a $4 million new money DIP loan. Accordingly, none of Congress' concerns regarding harm to creditors or employees is present here.

For the foregoing reasons, MGG respectfully requests that the Court overrule the Objection, and approve the Motion with respect to the Employee.

Dated: February 13, 2023         **PROSKAUER ROSE LLP**

*/s/ Steve Ma*
Steve Ma (CA Bar No. 320997)
Jeff J. Marwil (admitted *pro hac vice*)
Peter J. Young (admitted *pro hac vice*)

*Counsel for MGG California, LLC*

Jeff J. Marwil (admitted *pro hac vice*)
PROSKAUER ROSE LLP
70 West Madison, Suite 3800
Chicago, Illinois 60602
Telephone: (312) 962-3550
Facsimile: (312) 962-3551
Email: jmarwil@proskauer.com

Peter J. Young (admitted *pro hac vice*)
Steve Ma (CA Bar No. 320997)
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: (310) 557-2900
Facsimile: (310) 557-2193
Email: pyoung@proskauer.com
sma@proskauer.com

*Counsel for MGG California, LLC*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SANTA ROSA DIVISION**

| | |
|---|---|
| In re:<br><br>SPRING MOUNTAIN VINEYARD INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10381 CN<br><br>Judge Charles Novack<br><br>**CERTIFICATE OF SERVICE FOR MGG CALIFORNIA, LLC'S STATEMENT IN SUPPORT OF MOTION OF DEBTOR AND DEBTOR IN POSSESSION FOR AUTHORITY TO IMPLEMENT KEY EMPLOYEE RETENTION PLAN**<br><br>Re: ECF No. 168 |

I, Steve Ma, a member of the bar of this Court, hereby certify that on this 13th day of February, 2023, a true and correct copy of the foregoing *MGG California, LCC's Statement in Support of Motion of Debtor and Debtor in Possession for Authority to Implement Key Employee Retention Plan*, has been filed and served on all counsel of record via the Court's ECF system.

Dated: February 13, 2023

**PROSKAUER ROSE LLP**

 */s/ Steve Ma*
Steve Ma (CA Bar No. 320997)
Jeff J. Marwil (admitted *pro hac vice*)
Peter J. Young (admitted *pro hac vice*)

*Counsel for MGG California, LLC*