1    Victor A. Sahn (CA Bar No. 97299)
       victor.sahn@gmlaw.com
2    Mark S. Horoupian (CA Bar No. 175373)
       mark.horoupian@gmlaw.com
3    Steve Burnell (CA Bar No. 286557)
       steve.burnell@gmlaw.com
4    **GREENSPOON MARDER LLP**
     333 South Grand Avenue, Suite 3400
5    Los Angeles, California 90071
     Telephone: 213.626.2311
6    Facsimile: 954.771.9264

7    Attorneys for Debtor in Possession,
     Spring Mountain Vineyard Inc.

8
                    **UNITED STATES BANKRUPTCY COURT**
9
                    **NORTHERN DISTRICT OF CALIFORNIA**
10
                         **SANTA ROSA DIVISION**
11
     In re                                    Case No. 1:22-bk-10381 CN
12
     SPRING MOUNTAIN VINEYARD INC., a         Chapter 11
13   Delaware corporation,
                                              **DECLARATION OF JAY B. SPIEVACK**
14                                            **IN OPPOSITION TO MOTION FOR**
                                              **RELIEF FROM AUTOMATIC STAY**
15   Federal EIN: 36-3844911                  **FILED BY MT. HAWLEY INSURANCE**
                                              **COMPANY**
16              Debtor.
17                                            Date:      March 1, 2023
                                              Time:      11:00 a.m.
18                                            Place.:    Courtroom 215
                                                         1300 Clay Street
19                                                       Oakland, California 94612
                                                         *Videoconference via Zoom*
20
21
22
23
24
25
26
27
28

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

Case: 22-10381   Doc# 250   Filed: 02/21/23   Entered: 02/21/23 22:37:19   Page 1 of 25

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

# DECLARATION OF JAY B. SPIEVACK

I, Jay B. Spievack, declare as follows:

1.     I am over the age of 18 years.  I have personal knowledge of the facts stated herein. I can testify that these facts are true and correct.  I am a partner at Cohen Tauber Spievack & Wagner P.C. ("CTSW"), special insurance litigation counsel to Spring Mountain Vineyard Inc., a Delaware corporation ("Debtor").  I also recently requested admission *pro hac vice* in this Chapter 11 Bankruptcy Proceeding after receipt of my certificate of good standing from New York State's Appellate Division First Department.

2.     I submit this declaration in support of the *Opposition To Motion For Relief From Automatic Stay Filed By Mt. Hawley Insurance Company* [Docket no. 229] (the "Opposition").

3.      Mt. Hawley Insurance Company's ("Mt. Hawley") motion for relief from the automatic stay (the "Motion") to continue its lawsuit against the Debtor in the United States District Court for the Southern District of New York (the "NY Court") (the "NY Action") should be denied in its entirety.  Mt. Hawley is a defendant in a first-filed, more comprehensive insurance coverage action that the Debtor filed in California's Napa County Superior Court (the "California Action").  The California Action can and will fully resolve all claims and defenses raised in the NY Action, and it is undisputed that the California Action will proceed against all the defendants, including Mt. Hawley, even if the NY Action proceeds.  The Napa County Superior Court ("Superior Court") has ruled that it has jurisdiction over all the defendants in the California Action and Mt. Hawley's interlocutory appeals contesting the Superior Court's jurisdiction over it  were denied by both the California Court of Appeals and the California Supreme Court.  All defendants in the California Action have submitted to the Superior Court's jurisdiction and will only be able to file an appeal, if any, contesting that Court's jurisdiction post-trial.[1]

---

[1] The first-filed more comprehensive California Action is captioned *Spring Mountain Vineyards,*

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

4.      Therefore, Mt. Hawley's instant Motion shows bad faith.  Since there is no doubt that the California Action will proceed to final adjudication, Mt. Hawley could have asked the Debtor to (a) stipulate to Mt. Hawley's stay relief to litigate its purported New York state law breach of contract and declaratory judgment claims as counterclaims there or (b) alternatively not to oppose a motion to do so.  In fact, the Debtor would have—and still would—stipulate to that stay relief or not to oppose it because such relief would not impose any significant additional costs on the Debtor, the other California Action defendants, and third-party witnesses.  However, Mt. Hawley intentionally decided not to ask this Court or the Debtor for stay relief to brings its claims as counterclaims in the California Action, even though Mt. Hawley recently admitted that the Superior Court can decide whether New York or California law should apply to its defenses and claims.  In its recently filed demurrer, Mt. Hawley requested that the Superior Court dismiss the Debtor's breach of contract and implied covenant of good faith and fair dealing claims pursuant to New York law, and this Court can take judicial notice of its submissions in the California Action.[2]

5.      Mt. Hawley's Motion also should be denied because, if granted, the Debtor will be forced to defend a duplicative, unnecessary, and costly second litigation (*i.e.*, the NY Action) that raises a subset of the issues that already have been or can be raised in the more comprehensive California Action.  As detailed more fully below, should the duplicative NY Action proceed, the

_____

*Inc. v. Landmark American Ins. Co., et. al*, No. 22CV000270 (California Superior Court, Napa County Division, filed March 11, 2022).  The NY Action is captioned *Mt. Hawley Insurance Company v. Spring Mountain Vineyard, Inc.*, Case No. 1:22-cv-03191-GHW (S.D.N.Y., filed April 19, 2022).

[2] That the claims asserted in the NY Action are almost certainly not viable under either New York or California law further demonstrates that Mt. Hawley's Motion lacks "good cause."  (*See* Debtor's Opposition Br.)

1   Debtor likely will incur more than $1 million in additional legal fees and expenses defending

2   against Mt. Hawley's Action.  (*See* ¶¶ 33-43, *supra*.)  These unnecessary additional legal fees and

3   expenses will prejudice the Debtor, its Estate, and its creditors.  Indeed, the Debtor incurred close

4   to $300,000 in legal fees and expenses defending against Mt. Hawley's duplicative NY Action

5   before the automatic stay went into effect.[3]

6        6.      Finally, Mt. Hawley's instant Motion should be denied because, if granted, Mt.

7   Hawley's NY Action will waste judicial resources.  And, as detailed more fully below, the

8   Superior Court and the NY Court will consider many of the same issues, raising the possibility of

9   inconsistent rulings as well.  (*See* ¶¶ 20-21, 26-28, 32, 38 (at n.18), 40-43, *supra*.)  Accordingly,

10  judicial economy and efficiency strongly militates against the Court granting Mt. Hawley's

11  Motion.

12  **I.     Factual Background**

13       7.      On September 27, 2020, the wildfire known as the Glass Fire caused severe

14  damage to Debtor's vineyard and several buildings and structures located on its property.  Eight

15  insurance companies provided the Debtor with primary property insurance coverage and four

16  layers of excess coverage for its vineyard property.  The two primary insurers paid their full $5

17  million combined policy limit to the Debtor for its property damage and losses incurred due to the

18  Glass Fire.  Unfortunately, its first layer excess insurers, Kinsale Insurance Company ("Kinsale")

19  and Landmark American Insurance Company ("Landmark"), agreed to pay only an additional

20  approximately $2.4 million to the Debtor for its property damage and losses.  As a result,

---

[3] The Debtor's Motion to retain my firm as special litigation counsel details Cohen Tauber Spievack & Wagner P.C.'s ("CTSW") legal fees and expenses before the Chapter 11 Bankruptcy Petition was filed.  I have reviewed CTSW's legal fees and expense charges to estimate CTSW's pre-petition NY Action fees and expenses before September 29, 2022.

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

1   Landmark and Kinsale, in coordination with the Debtor's four other excess insurers, including

2   second layer excess Mt. Hawley, refused to honor their respective obligations to pay the Debtor

3   approximately $28 million more to cover the losses under their previously issued and already

4   paid-for excess insurance policies.[4]

5       8.      The excess insurers' refusal to pay forced Debtor to take legal action.

6

7   **II.     The Court's Question Raised at the February 15 Hearing**

8       9.      At the February 15 hearing, Your Honor asked, absent bankruptcy, how the

9   Superior Court and the NY Court would resolve which lawsuit (*i.e.*, the California Action or NY

10  Action) should proceed. The Superior Court has resolved this issue. The Superior Court decided

11  that the more comprehensive California Action will proceed against all the eight defendants

12  (including Mt. Hawley) through final adjudication of all the Debtor's claims and the defendants'

13  defenses and counterclaims, if any. In contrast, the NY Court did not resolve whether it would

14  allow Mt. Hawley's less comprehensive, but wholly duplicative and costly second lawsuit to

15  proceed in New York despite the risk of piecemeal adjudication and inconsistent rulings before the

16  automatic stay went into effect. The Debtor's position is that given this proceeding, the

17  Bankruptcy Court and not the NY Court should decide whether Mt. Hawley's duplicative and

18  costly second NY Action should proceed when Mt. Hawley can pursue all its purported claims as

19  counterclaims and fully adjudicate them in the California Action.

20

21      10.     The relevant background facts are: The Debtor filed the more comprehensive

22  California Action against all the excess insurers (including Mt. Hawley) and its insurance advisors

23

24  _____

25  [4] Hallmark Specialty Insurance Company ("Hallmark") and Western World Insurance Company
    ("Western World") provided the Debtor's third layer property insurance and AXIS Surplus
26  Insurance Company ("AXIS") provided the final fourth layer. The total property insurance
    program provided $35,565,435 in property insurance that should cover the overwhelming majority
27  of the Debtor's approximately $38.5 million in damages.

28

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

and brokers.  Mt. Hawley thereafter filed a more limited declaratory judgment action against the Debtor pursuant to what it claimed were its policy's enforceable mandatory New York forum selection clauses (the "FSCs").

11.    On May 20, 2022, Mt. Hawley moved to dismiss or stay the California Action on the grounds that the policy's mandatory New York FSCs only allowed the Debtor to bring its action against Mt. Hawley in New York.  The Debtor opposed that motion, primarily on two grounds.  First, Mt. Hawley's purported mandatory New York FSCs were *not* disclosed to SMV, let alone freely negotiated and agreed to by the Debtor at or before the policy's July 1, 2020, effective date (the "Effective Date").  Second, even if the policy's purported mandatory New York FSCs could be deemed disclosed, they were unenforceable because New York had no connection to the coverage dispute.  None of the parties in the California Action were New York citizens, the property is not located in New York, no witnesses or relevant documents are in New York, and New York did not have jurisdiction over all the defendants in the California Action.[5]

12.    In the NY Action, on July 28, 2022, the Debtor moved to dismiss or stay the NY Action pursuant to the *Brillhart/Wilton* federal abstention doctrine.  Pursuant to that doctrine, New York federal courts typically will stay a limited federal declaratory judgment action until the state court decides whether to enforce a mandatory FSC and dismiss or stay a first-filed more comprehensive state court action.[6]  According to the NY Court's briefing schedule, the Debtor's

---

[5] The other excess insurers also specially appeared to move to dismiss the California Action against them and AJG filed a demurrer against the Debtor's negligent misrepresentation and breach of fiduciary duty claims.  The Debtor opposed all three motions.

[6]  Exhibit 1 is a true and complete copy of the Debtor Spring Mountain Vineyard, Inc.'s Memorandum of Law in Support of Its Motion to Dismiss or, Alternatively, Stay This [NY] Action, which was filed on September 23, 2022, which set forth the federal case law relevant to abstention under both the *Brillhart/Wilton* and the *Colorado River/Moses Cone* doctrines.

abstention motion would be fully submitted on September 1, 2022.

13.     On August 16, 2022, Mt. Hawley filed its First Amended Complaint (the "FAC")
as of right pursuant to Fed. R. Civ. P. 15(a), adding a claim for breach of its New York FSCs and
an additional declaratory judgment claim.[7]  On August 17, 2022, the NY Court denied the
Debtor's abstention motion as moot.

14.     By order entered August 18, 2022 (the "Order"), the Superior Court denied Mt.
Hawley's motion to dismiss or stay the California Action against it.  The Superior Court rejected
Mt. Hawley's arguments (which it attempts to raise again before this Court) that the FSCs mandate
that Debtor initiate its lawsuit against Mt. Hawley only in New York.  The Superior Court held
that the FSCs were invalid because Mt. Hawley had failed to sufficiently disclose them to the
Debtor at or before its policy's Effective Date and that it has jurisdiction over Mt. Hawley "to
adjudicate disputes under the contract" because Mt. Hawley purposely availed itself of activities in
California.  (Order at 3-10.)  Since the Superior Court found that the FSCs were invalid, it held
that "it need not address SMV's alternative arguments that the Motion to Dismiss should be
denied because the forum selection clause is unfair and unreasonable and denies SMV substantive
rights."  (Order at 11, n. 1.)  The Superior Court also denied the other excess insurers' motion to
dismiss the California Action.  Exhibit 2 is a true and complete copy of the Superior Court's
Order.[8]  Exhibit 3 is a true and complete copy of the Order After Hearing Denying the Insurer

_____

[7] Based on the August 4, 2022, hearing before the Superior Court on its motion to dismiss or stay
the California Action and the other insurer defendants' motion to dismiss, Mt. Hawley knew that
the California Court likely would deny both motions.  As a result, Mt. Hawley subsequently added
its perfunctory breach of contract claim to its New York complaint, trying to avoid the application
of the *Brillhart/Wilton* abstention doctrine. The hearing transcript is voluminous, but the Debtor
can make it available to the Court upon request.

[8] In its Motions and interlocutory appeals to the California Appellate Court First Division (filed

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

Defendants' Motion to Dismiss.[9]

15.     On September 23, 2023, the Debtor filed its second motion to dismiss or stay the NY Action pursuant to the *Brillhart/Wilton* and/or *Colorado River/Moses Cone* abstention doctrines.  (*See* Ex. 1.)

16.     On September 29, 2022, the Debtor filed its Chapter 11 Bankruptcy Petition.  As of the Petition Date, seven (7) of the eight (8) defendants had submitted to jurisdiction of the Superior Court to adjudicate the Debtor's claim and the California Court of Appeals had denied Mt. Hawley's writ petition and request for a stay of the California Action.

17.     As a result of the Debtor's bankruptcy filing, the NY Court stayed the NY Action and directed the Clerk of Court to terminate the Debtor's second abstention motion.  Absent Debtor's Bankruptcy filing, the NY Court would have decided the Debtor's second abstention motion.  Beyond that, it is impossible to accurately predict what else would have happened in the NY Action absent the automatic stay.

18.     For instance, on September 29, 2022, Mt. Hawley renewed its request for a one-month extension (from October 14, 2022, until November 14, 2022) to respond to the Debtor's motion to dismiss or stay so that it could allegedly take unrestricted deposition discovery to

---

August 31, 2022) and the California Supreme Court, Mt. Hawley argued that both California law and applicable federal procedural law supported enforcement of the FSCs.  Leaving aside that Mt. Hawley's claims in its Memorandum of Points and Authorities ("Br.") here are, at best, disingenuous (*See* Br., at 8, n. 2 (Pt. 3. ll. 5-16, 24-28)), Mt. Hawley's goal is to relitigate in the NY Action the issues already decided in the Superior Court's Order to attempt to obtain an inconsistent ruling from the NY Court that its FSCs are valid and enforceable.

[9] Unlike Mt. Hawley, the other excess insurer defendants did not file a petition for writ appealing the Superior Court's Order denying their motion to dismiss and submitted to the general jurisdiction of the Superior Court.

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

oppose the Debtor's motion.  In its request, Mt. Hawley did not inform the NY Court that on September 27, 2022, the California Court of Appeals summarily denied Mt. Hawley's petition for a writ and request for a stay of the California Action pending consideration of its writ petition. Mt. Hawley also did not inform the NY Court that (a) none of the other excess insurer defendants had appealed the California Court's denial of their motion to dismiss; (b) all of them had now consented to the jurisdiction of the Superior Court; and (c) the Debtor's California Action presently was proceeding against eight of the nine defendants.  Exhibit 4 is a true and complete copy of the Court of Appeals' Denial Order. [10]

19.     The NY Court, without the benefit of Debtor's reply, granted in part and denied in part Mt. Hawley's Application.  Exhibit 5 is a true and complete copy of the NY Court's Order.

20.     Absent the automatic stay, Mt. Hawley clearly intended to (a) aggressively litigate the NY Action; (b) oppose the Debtor's second abstention motion; and (c) continue to resist any efforts by the Debtor to stay all or most fact discovery pending resolution of the second abstention motion.  For its part, the Debtor would have (i) renewed its request to stay all or most discovery pending the NY Court's resolution of  its abstention motion and (ii) informed the NY Court that: (a) on September 27, the California Court of Appeals had summarily denied Mt. Hawley's petition for a writ and request for a stay of the California Action pending consideration of its writ petition; (b) eight of the nine defendants (all except Mt. Hawley) already consented to the jurisdiction of the California Court; and (c) the Debtor's California Action presently would proceed against all of

---

[10] From May 20, 2022 until November 23, 2022—the date on which the California Supreme Court ruled against it—Mt. Hawley only made a special appearance in the Superior Court to move to dismiss or stay the California Action in favor of the NY Action.  Pursuant to California procedure, Mt. Hawley filed special appearances to indicate it was not consenting to the general jurisdiction of the Superior Court and Mt. Hawley continued to specially appear in the Superior Court and resist appearing generally until all its interlocutory appeals were exhausted, including, but not limited, for the purpose of responding to most of the Debtor's discovery requests.

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

the defendants (including Mt. Hawley).[11]

21.     In sum, as of September 29, 2022 (the Petition Date), the California Court had decided that the California Action would proceed and comprehensively adjudicate and resolve, *inter alia*, all of the rights and obligations of the Debtor and its excess insurers (including Mt. Hawley), including, but not limited to, any and all of Mt. Hawley's claims in the NY Action.  In the NY Action, the NY Court had not decided the Debtor's abstention motion so it was unclear whether, as of the Petition Date, that federal court would abstain or permit Mt. Hawley to proceed with a second lawsuit (a) that only involved the rights and obligations of Mt. Hawley and the Debtor and (b) would be duplicative and costly because the California Court already had decided, *inter alia*, to resolve all of the rights and obligations of all of the Debtor's excess insurers (including Mt. Hawley) in the more comprehensive California Action.

### III.     This Court Should Deny Mt. Hawley's Motion

22.     The issue presented is not whether Your Honor should lift the automatic stay, but whether the Court should lift the stay and permit Mt. Hawley's pre-petition claim to proceed in New York while the California Action is proceeding.  The relevant factors strongly militate against granting Mt. Hawley's instant Motion but, as stated above, the Debtor has no objection to Mt. Hawley's claims being adjudicated in the California Action as counterclaims.

23.     First, the California Action is and will proceed against all defendants (including Mt. Hawley) regardless of the outcome of this Motion.  On October 7, 2020, after the automatic stay went into effect, Mt. Hawley filed a petition for review and requested a stay of the California

---

[11] It is impossible to predict whether the NY Court would have stayed or further limited discovery pending resolution of the second abstention motion based on the new facts cited above.  On August 29, 2022 (a month earlier), the NY Court had denied the Debtor's second request to stay discovery pending resolution of its second abstention motion.  At that time, the NY Court stated, however, that it would consider whether "good cause" existed for such a stay once the abstention motion was fully submitted in mid-October 2022.

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

Action pending the California Supreme Court's review of the Superior Court's Order. The Debtor prepared and filed its opposition to Mt. Hawley's petition and on November 23, 2022, the California Supreme Court denied Mt. Hawley's petition for review and a stay of the California Action. Exhibit 6 is a true and complete copy of the California Supreme Court's Denial Order.

24. Therefore, the NY Action clearly now would be a second, wholly duplicative lawsuit if Mt. Hawley were to proceed there. Since Mt. Hawley has now generally appeared in the California Action, it must (i) defend against the Debtor's claims and (ii) assert all its defenses to coverage there.

25. Second, Mt. Hawley will suffer no prejudice if its request for relief from the automatic stay to pursue its claims in the NY Action is denied.

26. In the California Action, Mt. Hawley, Hallmark, Western World, and AXIS (the second through fourth layer excess insurers) filed a demurrer to the Second Amended Complaint's (the "SAC") second, third, and fifth causes of action (breach of contract and the implied covenant claims).

27. Mt. Hawley's recent demurrer argued that the California Court should dismiss the SAC's breach of contract and implied covenant claims under New York law. In other words, Mt. Hawley concedes that the California Court can apply New York law to Mt. Hawley's defenses and its purported New York state law claims if it pursues them as counterclaims in the California Action. Exhibit 7 is a true and complete copy of Defendant Mt. Hawley's Notice of Demurrer and Demurrer to Plaintiff's Second Amended Complaint; Memorandum of Points and Authority. (*See* Ex. 7 at 1-2, 6-13.)[12]

---

[12] The Debtor noted in the second abstention motion in the NY Action that New York federal courts have repeatedly held that they are no more capable than a foreign state court when it comes to applying New York law. (*See* Ex. 1 at pp. 12-13, 23.)

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

28. Third, there has been significant motion practice and pre-trial activity in the California Action that would need, at great expense, to be duplicated in some respects in the NY Action if Mt. Hawley's Motion is granted. On February 2, 2023, the Superior Court heard oral argument on the respective demurrers filed by Mt. Hawley, Hallmark, Western World, and AXIS and the California Court issued Orders After Hearing Sustaining (a) on February 16, 2023, the Demurrer of Hallmark, Western World and AXIS and (b) on February 17, 2023, Mt. Hawley's Demurrer (the "Demurrer Orders"). Therefore, these excess insurer defendants now have to submit their respective answer to the SAC's first and fourth causes of action, affirmative defenses, and counterclaims (including Mt. Hawley's breach of contract claim and declaratory judgment claims in the NY Action) soon.[13] For their part, Defendants Kinsale, Landmark, Arthur Gallagher & Co. ("Gallagher") and Dina C. Smith ("Smith," together with Gallagher, "AJG") already answered the SAC and asserted various affirmative defenses. None of them asserted counterclaims. Exhibit 8 is a true and complete copy of the Debtor's SAC.

29. Moreover, contrary to Mt. Hawley's claims, discovery is proceeding apace in the California Action. SMV has requested the production of documents from (a) all the defendants; (b) Mt. Hawley's producer RiskSmith Insurance Services, Inc. ("Risksmith"); (c) the excess

---

[13] As of the date of this Declaration, neither the Debtor's local counsel nor CTSW has seen the Demurrer Orders, but Mt. Hawley, Hallmark, Western World, and AXIS did not demur against the Debtor's first and fourth causes of actions and will need to answer them, raise their affirmative defenses and assert their respective counterclaims if any. I note that Mt. Hawley moved to dismiss the SAC's breach of contract claims and implied covenant of good faith and fair dealing claim on the grounds that it could not proceed because the first layer Kinsale and Landmark policies had not been exhausted and that California Court's tentative decision showed that it was inclined to dismiss without prejudice to renew the claim if the first layer excess policies were exhausted. Similarly, in its Mt. Hawley's FAC in the NY Action, Mt. Hawley seeks a declaration that it owed no obligation to the Debtor until the underlying first layer excess policies were exhausted. As shown by its Demurrer, Mt. Hawley's NY Action claim was fully adjudicated in the California Action and there has been no impediment to Mt. Hawley adjudicating and resolving its exhaustion claim or any other NY Action claim in the California Action.

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

insurer defendants' claim adjustor McLarens Insurance ("McLarens"); (d) the wholesale broker Brown & Riding Insurance Services, Inc. ("Brown & Riding"); and (e) primary insurer First Specialty Insurance Corporation ("First Specialty'). More than 75,000 pages already have been produced in the California Action and the Debtor still awaits the production of additional documents.[14] On February 9, 2023, defendant AJG served its First Request for the Production of Documents on the Debtor. Since their respective jurisdictional motions were long ago denied, the Insurer Defendants (including Mt. Hawley) could have served the Debtor with document requests in the California Action, but have chosen not to so far.

30. On February 2, 2023, the California Court held a case management conference ("CMC") and scheduled its next CMC for April 14, 2023. The Debtor (and Superior Court) expects that, by that date, all the remaining initial answers would be filed and the Debtor would seek to have the California Court set the discovery deadlines and a trial date. Mt. Hawley did not inform the Debtor or the Superior Court before, during or after the February 2 CMC that it would file its instant Motion with this Court later that day.[15]

31. The Debtor plans to commence depositions no later than May or early June 2023.

---

[14] The Insurer Defendants have refused to produce any documents in response to the Debtor's Second Request for Production. The Debtor and those defendants (including Mt. Hawley) have agreed to meet and confer shortly after the Superior Court decides the demurrers (which, according to the docket, were decided late last week). Thereafter, if necessary, the Debtor will file a motion to compel document production.

[15] Since it was filed, Mt. Hawley sought to delay California Action. That Mt. Hawley waited until 4-months after Debtor's Chapter 11 Petition and its demur was fully submitted to file this instant Motion shows that it too is but another mechanism to further delay the California Action. However, now that the Demurrer Orders have been decided, Mt. Hawley must answer the Debtor's SAC and assert any counterclaims, if any, and can no longer delay its filing of a responsive pleading in the California Action, notwithstanding any last ditch efforts it undoubtedly will attempt.

No depositions have been conducted in the NY Action and the significant amount of party and third-party discovery that Mt. Hawley claimed had been taken there was no greater than what has currently been done in the California Action.

32.     Should the stay be lifted, the Debtor will inform the NY Court that: (i) the first-filed, more comprehensive California Action is proceeding in light of the California Supreme Court's Denial Order; (ii) Mt. Hawley has submitted to the jurisdiction of the California Court and has already litigated some of its NY Action FAC claims in the California Action; (iii) the Debtor has informed this Court that it will stipulate that it agrees that Mt. Hawley can pursue all its NY Action claims as counterclaims in the California Action; and (iv) the later filed NY Action is now wholly duplicative.  Therefore, the Debtor will request that the NY Court stay or greatly limit discovery while its third abstention motion, which the Debtor will file, is pending.  Mt. Hawley undoubtedly will oppose the Debtor's request and attempt aggressively to pursue duplicative, time consuming, and costly discovery and litigation while the Debtor's third abstention motion is pending.[16]  It is beyond obvious that this duplicative case, if permitted to go forward, will greatly prejudice the Debtor and the bankruptcy estate because it will, *inter alia*,  (a) create enormous duplicative expense (as more fully set forth below) pursuing matters that have been and will be fully adjudicated and resolved  in the California Action; (b) create the risk of inconsistent rulings on identical issues that are pending in both Actions; and (c) waste judicial resources in the

---

[16] Mt. Hawley notes that fact discovery was scheduled to close on December 16, 2022, expert discovery was scheduled to close on February 24, 2023, and summary judgment motions were due by March 27, 2023.  (Br., at 10 (ll.1-5).)  Mt. Hawley omits that on August 29, 2022, the NY Court stated that it would consider whether "good cause" existed to stay all discovery once the Debtor's second abstention motion was fully submitted.  Thus, the NY Court may at some point consider staying all deadlines given the above referenced developments since the NY Action was stayed. Moreover, Mt. Hawley omits that should the Debtor's abstention motion be denied, the Debtor would need to respond to Mt. Hawley's FAC and perhaps file counterclaims and a third-party complaint against other parties.  This too would extend the NY Action deadlines.

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

1   respective Courts adjudicating an unnecessary matter in the NY Action which can and will be

2   decided in  the California Action.

3       33.    Pursuant to this Court's Order permitting the Debtor to retain CTSW as special

4   litigation counsel, the Debtor must pay its own litigation costs and expenses.  These expenses

5   include, but are not limited to, court reporter transcript costs and videographers, expert fees,

6   attorneys' airfare, food, and lodging and/or party witnesses' and experts' airfare, food, and lodging

7   costs, hearing and trial transcript costs and additional items such as ESI data hosting costs.  Mt.

8   Hawley points out that the Debtor retained CTSW pursuant to a contingency fee arrangement, but

9   it omits a key component of that arrangement.[17]  Specifically, each additional hour of CTSW

10  attorney and paralegal work potentially increases CTSW's fees and potentially reduces the

11  Debtor's and the Estate's recovery because of the attorney and paralegal hourly billing component

12  of CTSW's compensation.

13      34.    By way of example, if the Debtor recovers $15 million and CTSW's total hourly

14  fees in the California Action are $3 million, under the fee arrangement, CTSW's contingency fee

15  is capped at $5 million (33 1/3 percent of the recovery).  But under this scenario, CTSW's fee

16  would be limited to the $3 million total hourly invoices (subject to Your Honor's review and

17  approval).  The Estate would recover $12 million minus expenses.

18      35.    Should Mt. Hawley's Motion be granted in its current form, however, I

19  conservatively estimate that it could reduce the Debtor's recovery by more than $1 million

20  because additional CTSW attorney and paralegal work hours and the Debtor's expenses will

---

[17] Exhibit 9 is a true and complete copy of the Order approving Special Litigation Counsel's
continued representation of Debtor in the prepetition insurance litigation was entered on December
14, 2022.  There, I represented that the Debtor expected the Debtor would recover some or all of
the approximately $28 million sought in the California Action.

increase by at least that amount if it is required to defend the Debtor in the duplicative claims presented in the NY Action.[18] In the example above, CTSW's total invoices subject to Your Honor's review and approval would now be closer and perhaps more than $4 million and the Debtor's Estate's recovery would be $11 million or less minus expenses. Those additional fees and expenses, *inter alia*, include: (i) continued fact discovery; (ii) discovery and substantive motion practice; (iii) expert discovery; (iv) pre-trial motions and submissions, trial, and potentially post-trial briefing.

36. In its Amended Rule 26 Initial Disclosure in the NY Action, Mt. Hawley listed at least 65 potential witnesses, including: (i) the excess insurers and AJG (the other California Action defendants) and (ii) the same third-party companies. The individuals identified in Mt. Hawley's Amended Rule 26 Initial Disclosures also are potential witnesses and deponents with discoverable information and evidence relevant to the claims and defenses in the California Action. This overlap is not any coincidence and clearly illustrates that the unnecessary duplication and costs if this Court grants Mt. Hawley's instant Motion will be enormous. Exhibit 10 is a true and complete copy of Mt. Hawley's Amended Rule 26 Initial Disclosures.

37. In the NY Action, Mt. Hawley will take depositions that Debtor's counsel will have to defend or appear to conduct its own cross-examination. In the California Action, the Debtor, Mt. Hawley, and the other defendants also will have the right to examine each witness. It is highly unlikely that any or all of the parties in the California Action will waive their right to depose a

---

[18] It would be less if the NY Court grants the Debtor's third abstention motion and dismisses or stays the NY Action. The Debtor will, however, incur at least an additional $40,000 to $60,000 to revise and file its third abstention motion and to prepare its reply to Mt. Hawley's opposition after the Debtor's counsel attends and defends or cross examines the witnesses that Mt. Hawley previously informed the NY Court that it needed to depose before it files its opposition. Finally, should the NY Court permit discovery during the pendency of the Debtor's third abstention motion, these fees and costs could be substantially increased by at least an additional $20,000 to $40,000.

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

witness simply because Mt. Hawley has or will depose that same witness in the NY Action on issues that, at least in significant part, will only concern Mt. Hawley.

38. The Debtor must pay the cost and expense of court reporters and videographers, which generally run from $1,500 to several thousand dollars. CTSW's hourly charges also will increase significantly if it has to attend and prepare for duplicative depositions in two separate actions. While I will not attempt to quantify the precise number of hours associated with all the additional duplicative deposition, the preparation time will undoubtedly add more attorney and paralegal time to the hours that will be spent in the second duplicative deposition. It is safe to say that, based on CTSW's billable rates, the cost of a fact witness deposition conservatively will increase by at least approximately $4,500 to $6,000 for each duplicative deposition and equal or exceed $200,000. I respectfully ask the Court to consider the possible costs and expenses associated with this duplicative fact deposition discovery.[19]

39. At the time that the automatic stay went into effect, there had already been discovery disputes in both actions. (*See* ¶ 29, n. 14, *supra*.) I have represented policyholders in complex insurance coverage litigation since 1989. In the last 30-plus years, I do not believe I have ever been involved in an insurance litigation where the policyholder has not had to move to compel the production of documents wrongfully withheld by the insurance company defendants. Should this Court lift the stay, there will be duplicative motion practice to resolve numerous

---

[19] Mt. Hawley may argue that deposition discovery can be coordinated if both actions proceed. However, Mt. Hawley's request for several depositions to oppose the Debtor's second abstention motion belies this claim. Notwithstanding its three failed bites at the apple in California, Mt. Hawley specifically wants this Court to provide it with another shot to convince the NY Court that the FSCs should be enforced, and allow it to race to *res judicata*, collateral estoppel or issue preclusion in the less comprehensive NY Action. Since the California Action will proceed regardless, the net effect of this exercise would be costly and duplicative litigation, and possibly inconsistent rulings by two courts on the same issues.

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

1  discovery disputes.[20]

2      40.     There also will be more expensive, duplicative, and overlapping substantive motion

3  practice if the NY Action proceeds.  For instance, the Debtor will move to dismiss Mt. Hawley's

4  $338,371.52 breach of the New York FSCs because its New York FSCs are invalid or

5  unenforceable and its breach of contract claim is not viable under New York or California law.

6  (*See* Ex. 1 at pp. 16-20, 24.)  The Debtor also may move to dismiss one or more of Mt. Hawley's

7  declaratory judgment claims.  (*Id*.)  Mt. Hawley might move to dismiss some of the Debtor's

8  counterclaims if it files such counterclaims in the New York Action.  Other duplicative motions

9  will involve, but not be limited to, asking both courts to decide whether to apply New York or

10  California law and settle the proper construction of disputed policy provisions in motions for

11  summary or partial summary judgment.[21]  Exhibit 11 is a true and excerpted copy of Mt. Hawley's

12  Proof of Claim dated February 2, 2023.

13      41.     The costs of such duplicative motion practice in the NY Action likely will be at

14  least between $250,000 to $300,000 for the Debtor.

15      42.     In the California Action, the Debtor will retain a damages expert.  The Debtor also

16  may need an insurance industry expert to refute some of the excess insurer defendants' insurance

17  policy construction and other insurance claims, including those made by Mt. Hawley.  The excess

18  insurer defendants likely will employ their own expert witnesses.  Should the stay be lifted, there

---

[20] Should the NY Action proceed, CTSW also will spend significant time drafting an answer, affirmative defenses, and possible counterclaims.

[21] As detailed above (*see* ¶¶ 25-27, n. 12 *supra*), Mt. Hawley will not be prejudiced if its Motion is denied, and it renews with an unopposed motion to lift the stay to assert its breach of contract and declaratory judgment claims as counterclaims in the California Action.  Mt. Hawley has and can continue to argue that the California Court should apply New York law to its defenses and counterclaims, if any, brought in the California Action.  Mt. Hawley also can conduct all discovery there.

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

likely will be duplicative expert discovery in the NY Action and possible challenges to admissibility of certain expert testimony and opinions under *Daubert*. The additional costs and expense of expert discovery likely will increase by at least $125,000 to $175,000.

43. It also cannot be disputed that the costs and expenses of pre-trial motions and trial will increase dramatically if there are trials in both California and New York. The Debtor will have to pay for, among other things, travel by witnesses and its experts to New York, food, lodging and other expenses, and daily trial transcripts. The NY Court likely will request post-trial briefing on any non-jury declaratory judgment claims and defenses. The Debtor predicts that the attorney fees and expenses associated with pre-trial and trial in New York will increase its overall costs by at least $250,000 to $325,000.

44. In contrast, denying Mt. Hawley's instant Motion but granting it unopposed leave to lift the automatic stay to assert its claims in the ongoing California Action is fair, would eliminate almost all additional costly and duplicative costs set forth above, and would cause little or no prejudice to Mt. Hawley, which is already a party to the California Action. Mt. Hawley will be hard pressed to identify any additional costs that will be incurred if its instant Motion is denied and it is permitted to file its purported NY Action claims as counterclaims in the California Action.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 21, 2023 in New York, New York.

_____
Jay B. Spievack

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is

333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF JAY B. SPIEVACK IN OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY FILED BY MT. HAWLEY INSURANCE COMPANY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 21, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) February 21, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  February 21, 2023 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 21, 2023 | Patricia Dillamar | *Patricia Dillamar* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Steve Burnell on behalf of Debtor Spring Mountain Vineyard Inc.
steve.burnell@gmlaw.com

Dean C. Burnick on behalf of Interested Party Mt. Hawley Insurance Company **(RSN)**
dcb@proughlaw.com

Jacquelyn H. Choi on behalf of Creditor Napa County Treasurer-Tax Collector **(RSN)**

Trevor Ross Fehr on behalf of U.S. Trustee Office of the U.S. Trustee / SR
trevor.fehr@usdoj.gov

Mark S Horoupian on behalf of Debtor Spring Mountain Vineyard Inc.
mark.horoupian@gmlaw.com, cheryl.caldwell@gmlaw.com

Thomas Philip Kelly, III on behalf of Creditor Central Valley Builders Supply Inc. **(RSN)**
tomkelly@sonic.net

Steve Ma on behalf of Creditor MGG California, LLC
sma@proskauer.com

Jeff J. Marwil on behalf of Creditor MGG California, LLC
jmarwil@proskauer.com

Randall P. Mroczynski on behalf of Creditor Ford Motor Credit Company LLC **(RSN)**
rmroczynski@cookseylaw.com

Office of the U.S. Trustee / SR
USTPRegion17.SF.ECF@usdoj.gov

Elvina Rofael on behalf of U.S. Trustee Office of the U.S. Trustee / SR
elvina.rofael@usdoj.gov, Katina.Umpierre@usdoj.gov,GemMil.Langit@usdoj.gov

Victor A. Sahn on behalf of Debtor Spring Mountain Vineyard Inc.
victor.sahn@gmlaw.com, Karen.Files@gmlaw.com

Michael St. James on behalf of Interested Party Arcade Capital, LLC **(RSN)**
ecf@stjames-law.com

John G. Warner on behalf of Creditor Francois Freres USA Inc. **(RSN)**
warnerwest@aol.com

Ashley M. Weringa on behalf of Creditor MGG California, LLC
aweringa@proskauer.com

Steven F. Werth on behalf of Debtor Spring Mountain Vineyard Inc.
steven.werth@gmlaw.com, Patricia.Dillamar@gmlaw.com

Peter J Young on behalf of Creditor MGG California, LLC
pyoung@proskauer.com

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                      F 9013-3.1.PROOF.SERVICE

Case: 22-10381    Doc# 250    Filed: 02/21/23    Entered: 02/21/23 22:37:19    Page 21 of
25

**SERVED BY EMAIL OR UNITED STATES MAIL**

**Debtor's Financial Advisor And Chief Restructuring Officer**
Attn: Kevin A. Krakora, Managing Director
Getzler Henrich & Associates LLC, a Hilco Global Company
150 S. Wacker Drive | 24th Floor
Chicago, IL 60606
Tel: (312) 283-8071
email: kkrakora@getzlerhenrich.com
pekman@hilcoglobal.com

**Secured Creditor**
Imperial PFS aka IPFS
49 Stevenson St. #127
San Francisco, CA 94105-2909
(877) 687-9826
Lisa Chandler, Litigation and Bankruptcy
Recovery Manager
lisa.chandler@ipfs.com

**Largest Unsecured Creditors**
Allen Wine Group LLP
Attn: Timothy Allen, CPA - Managing Partner
120 Stony Point Road, #230
Santa Rosa, CA 95401
(707) 528-3860
tim@allenwine.com
Tim@allengroupllp.com
Brent Garrison
Brent@allengroupllp.com

Bartelt Engineering
Attn: Paul Bartelt
1303 Jefferson St #200B
Napa, CA 94559
(707) 258-1301
paulb@barteltengineering.com

Belkorp AG, LLC
Attn: Laura Correll, Accounting
2413 Crows Landing Rd
Modesto, CA 95358
(209) 205-3706
ar@belkorpag.com
AR@BelkorpAg.com
ldunhouse@belkorpag.com

Brown's Auto Parts
Attn Dan Beltramai, Owner
1218 Main St.
Saint Helena, CA 94574-1901
(707) 963-3638
brownsauto169@gmail.com

Castino Restaurant Equipment And Supply
50 Utility Ct.
Rohnert Park, CA 94928-1659
(707) 585-3566
sales@castinosolutions.com

Central Valley
Administrative Offices
1804 Soscol Ave., #205
Napa, CA 94559
Attn: Gerry Cruz, Accounting Mgr.
(707) 261-7900
gerryc@central-valley.com

Chubb Group of Insurance Companies
P.O. Box 777-1630
Philadelphia, PA 19175-0001
(800) 372-4822
**Returned – Box Closed**

Conway Beverage Group, LLC
Dba: Elite Brands
Elite Brokerage
3238 Old Heather Rd.
San Diego, CA 92111-7716
Attn: Mr. Jay Conway
Jayconway@elitebrands.biz

Famille Sylvain
855 Bordeaux Way #239
Napa, CA 94558-7549
(707) 492-3308
contactusa@famillesylvain.com

Tonnellerie Sylvain
855 Bordeaux Way
Napa, CA 94558
(707) 492-3308
contactusa@famillesylvain.com

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

Case: 22-10381   Doc# 250   Filed: 02/21/23   Entered: 02/21/23 22:37:19   Page 22 of 25

Francois Freres USA Inc.
1403 Jefferson St.
Napa, CA 94559-1708
(707) 294-2204
office@francoisfreresusa.com
julie@francoisfreresusa.com
accounting@francoisfreresusa.com
assistant@francoisfreresusa.com

G3 Enterprises Inc.
(Tapp Labels)
580 Gateway Dr.
Napa, CA 94558
(707) 252-8300
jeff.licht@tapplabel.com

Napa County Treasurer
1195 3rd St. #108
Napa, CA 94559-3035
(707) 253-4314
Dawnette.martindale@countyofnapa.org
Napa County Treasurer-Tax Collector
Bob.Minahen@countyofnapa.org
Napa County Attorney
Wendy.dau@countyofnapa.org

Napa Ford Lincoln
170 Soscol Ave.
Napa, CA 94559
(707) 255-2580
**Via Regular Mail**

Ford Motor Credit Company
National Bankruptcy Service Center
P O Box 62180
Colorado Springs CO 80962-2180
(800) 955-8232
fcffald@ford.com

Napa Valley Petroleum
P.O. Box 2670
Napa, CA 94558-0528
(707) 252-6888
kamh@napavalleypetroleum.com

Napa Valley Vintners Association
P.O. Box 141
Saint Helena, CA 94574
(707) 963-3388
Attn: Steve Tradewell, CFO
stradewell@napavinters.com

Ramondin U.S.A. Inc.
Tammy Frandsen
Finance Manager
541 Technology Way
Napa, CA 94558
(707) 944-2277
tfrandsen@ramondin.com

Stanzler Law Group
Attn: Jordan S. Stanzler
390 Bridge Pkwy #220
Redwood City, CA 94065
(650) 739-0200
Jstanzler@stanzlerlawgroup.com

Wilbur Ellis Company LLC
c/o Registered Agent Solutions Inc.
720 14th St.
Sacramento, CA 95814-1905
(707) 963-3495
KZavala@wilburellis.com
MHAMMETT@wilburellis.com
SPRIM@wilburellis.com

Wine Service Cooperative
1150 Dowdell Lane
Saint Helena, CA 94574
Attn: Steven Tamburelli
General Manager
Tel: (707) 963-9474
Fax: (707) 963 9359
Steve@wineservicecoop.com

Bright Event Rental
22674 Broadway # A
Sonoma, CA 95476
(707) 940-6060
Attn: Michelle Minsk, Acctg.
accountsreceivable@bright.com

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
F 9013-3.1.PROOF.SERVICE

CNH Capital
Dept. 1801104747435
P.O. Box 78004
Phoenix, AZ 85062
Attn: Steve Wright, Bankruptcy Dept.
(717) 355-5790
**Via Regular Mail**

CNH Industrial Capital America, LLC
PO Box 71264
Philadelphia, PA 19176-6264
Attn: John Chiavacci, HRBK Analyst
(717) 355-5913
john.chiavacci@cnhind.com

ETS Laboratories
c/o Marjorie Burns 899 Adams Street #A
Saint Helena, CA 94574-1160
(707) 963-4806
Attn Accounts Receivable Team
ar@etslabs.com
accounts@etslabs.com

Matheson Tri-Gas Inc.
Dept. LA 23793
Pasadena, CA 91185
(707) 963-4307
**Via Regular Mail**

Sovos Compliance LLC
200 Ballardvale St. Bldg 14th Fl.
Wilmington, MA 01887
(866) 890-3970
lori.bradshaw@sovos.com

Wine Technology America
aka Wine Technology, Inc.
474 Walten Way
aka Vinwizard
Windsor, CA 95492
(707) 703-5919
Attn: Kelly Graves, Director
(720) 284-2059
kelly@vinwizard.us

Wine Technology America Inc.
c/o Lloyd Matthews, Agent
1899 Larkspur St.
Yountville, CA 94599-1237
**Via Regular Mail**

Wyatt Irrigation Co.
4407 Solano Ave.
Napa, CA 94558
(707) 578-3747
Lynne Colombano, Acct Receivable Mgr.
lynne@wyattsupply.com

Wyatt Irrigation Co.
c/o CSC - Lawyers Incorporing Service
2710 Gateway Oaks Dr. #150N
Sacramento, CA 95833-3502
**Via Regular Mail**

**Request for Special Notice**
Alcohol & Tobacco Tax & Trade Bureau
U.S. Department of the Treasury
Attn: Daniel Paralta, Senior Counsel,
Field Operations
1436 2nd Street #531
Napa, CA 94559
(513) 684-2509
(202) 453-2412
Daniel.Peralta@ttb.gov

Dept. of the Treasury, Alcoholic Beverage Control
Attn: Tracie Parker, Lic. Rep. I
50 D Street Room 130
Santa Rosa, CA. 95404
Phone: (707) 576-2165
Fax: (707) 638-9537
tracie.parker@abc.ca.gov

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346
(800) 973-0424
**Via Regular Mail**

California Department of Tax and Fee
Administration
Special Operations Bankruptcy Team MIC: 74
P.O. Box 942879
Sacramento, CA 94279-0074
(800) 400-7115
**Via Regular Mail**

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Franchise Tax Board
Attn: Vivian Ho
Bankruptcy Section, MS A-340
P.O. Box 2952
Sacramento, CA 95812-2952
916-845-7069
Vivian.Ho@ftb.ca.gov

Employment Development Department
Bankruptcy Unit-MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001
**Via Regular Mail**

Employment Development Department
Attn: MIC 53
800 Capital Mall
Sacramento, CA 95814
**Via Regular Mail**

Piper/Sandler
1251 Avenue of the Americas, 39th Floor
New York, N.Y. 10020
Attn.: Mr. Leonard Sheer and Mr. Mike Dillahunt
Leonard.sheer@psc.com
Michael.dillahunt@psc.com
**Via Regular Mail & Email**

Will Densberger
Pavi Micheli
Engel & Voelkers
25 East Napa Street
Sonoma, California
Will@nvwineestates.com
pavimicheli@icloud.com
**Via Regular Mail & Email**

**Courtesy Email**

Jay B. Spievack, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave., Suite 2400
New York NY 10170-2499
(212) 381-8735
email: jspievack@ctswlaw.com

Joseph Vann, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave., Suite 2400
New York NY 10170-2499
(212) 381-8724
email: jvann@ctswlaw.com

John C. Vaughan
Newmark Knight Frank
4675 MacArthur Court, Suite 1600
Newport Beach, CA 92660
(808) 797-0148
email: john.vaughan@nmrk.com

Mark Kasowitz: MKasowitz@kasowitz.com

Gavin D. Schryver: GSchryver@kasowitz.com

Attorneys for Napa County Treasurer
Jacquelyn H. Choi
jacquelyn.choi@rimonlaw.com,
docketing@rimonlaw.com

Luckey McDowell
luckey.mcdowell@shearman.com

Jonathan Dunworth
jonathan.dunworth@shearman.com

Attorneys for Creditor Francois Freres USA Inc.
John G. Warner
warnerwest@aol.com

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.