# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MT. HAWLEY INSURANCE COMPANY,
an Illinois Corporation,

                                  Plaintiff,

        -against-

SPRING MOUNTAIN VINEYARD, INC,
A Delaware Corporation,

                              Defendant.

------------------------------------------------------------------X

Case No.: 1:22-cv-03191-GHW

**Oral Argument Requested**

## SPRING MOUNTAIN VINEYARD, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS OR, ALTERNATIVELY, STAY THIS ACTION

Cohen Tauber Spievack & Wagner P.C.
420 Lexington Avenue, Suite 2400
New York, New York 10170
Tel.: (212) 586-5800

*Counsel for Defendant Spring Mountain Vineyard, Inc.*

## <u>TABLE OF CONTENTS</u>

Table of Authorities .................................................................................................................. ii

PRELIMINARY STATEMENT ................................................................................................ 1

RELEVANT FACTUAL BACKGROUND ............................................................................... 4

   A.  SMV's Insurance Policies and the Fire .............................................................................. 4

   B.  The California Action ......................................................................................................... 6

   C.  The Procedural Posture of the California and New York Actions........................................ 7

ARGUMENT ............................................................................................................................. 10

   A.  The Court Should Exercise its Broad Discretion to Dismiss or Stay this Action
       Pursuant to the *Brillhart/Wilton* Doctrine Notwithstanding Mt. Hawley's
       Perfunctory Damages Claim ............................................................................................. 10

   B.  Abstention Also is Warranted Under the *Colorado River* Doctrine ................................. 19

   C.  The Newly Asserted Claims Should Be Dismissed........................................................... 24

CONCLUSION........................................................................................................................... 24

i

0622

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abe v. New York U.*,
  14-CV-9323 (RJS), 2016 WL 1275661 (S.D.N.Y. Mar. 30, 2016).........................................19

*Ace Am. Ins. Co. v. Graftech Intern. Ltd.*,
  12-CV-6355 RA, 2014 WL 2884681 (S.D.N.Y. June 24, 2014)................................12, 13, 14

*Alexsam, Inc. v. Mastercard Intl. Inc.*,
  15CV2799ILGSMG, 2018 WL 7063137 (E.D.N.Y. Oct. 16, 2018)................................17, 18

*Allied World Assurance Co. (U.S.) Inc. v. Sentinel Offender Services, LLC*,
  SACV1300889CJCRNBX, 2013 WL 12131277 (C.D. Cal. Nov. 20, 2013).........................12

*Am. All. Ins. Co. v. Eagle Ins. Co.*,
  961 F. Supp. 652 (S.D.N.Y. 1997)................................................................................................21

*AMNEX, Inc. v. Rowland*,
  25 F. Supp. 2d 238 (S.D.N.Y. 1998)...........................................................................................22

*Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*,
  762 F.2d 205 (2d Cir. 1985)..........................................................................................................20

*BLT Steak, LLC v. 57th St. Dorchester, Inc.*,
  93 A.D.3d 554 (1st Dep't 2012) ..................................................................................................17

*Boynton v. Reliance Stand. Life Ins. Co.*,
  14-CV-486-L(JMA), 2015 WL 11570935 (S.D. Cal. Jan. 29, 2015)....................................17

*Brillhart v. Excess Ins. Co. of Am.*,
  316 U.S. 491 (1942).............................................................................................................. *passim*

*Brown Rudnick, LLP v. Surgical Orthomedics, Inc.*,
  13-CV-4348 JMF, 2014 WL 3439620 (S.D.N.Y. July 15, 2014)...........................................17

*Brown, Winfield & Canzoneri, Inc. v. Super. Ct.*,
  47 Cal.App.4th 1233 (2010) ..........................................................................................................10

*Colorado River Water Conservation District v. United States*,
  424 U.S. 800 (1976)............................................................................................................... *passim*

*Comedy Partners v. St. Players Holding Corp.*,
  34 F. Supp. 2d 194 (S.D.N.Y. 1999)...........................................................................................11

*De Cisneros v. Younger*,
  871 F.2d 305 (2d Cir. 1989)..............................................................................21, 23

*Dow Jones & Co. v. Harrods Ltd.*,
  346 F.3d 357 (2d Cir. 2003)..........................................................................................10

*FSB USA, Inc. v. Am. Products Prod. Co. of Pinellas County, Inc.*,
  CIVA 3-08CV-1758 JCH, 2009 WL 2762744 (D. Conn. Aug. 24, 2009) ...........................16

*Gen. Reinsurance Corp. v. CIBA-Geigy Corp.*,
  853 F.2d 78 (2d Cir. 1988)..............................................................................21, 23

*Gen. Star Intern. Indem. Ltd. v. Chase Manhattan Bank*,
  01 CIV. 11379 AGS, 2002 WL 850012 (S.D.N.Y. May 3, 2002), *aff'd,* 57
  Fed. Appx. 892 (2d Cir. 2003)..........................................................................10, 15

*Hines v. Overstock.com, Inc.*,
  668 F. Supp. 2d 362 (E.D.N.Y. 2009), *aff'd,* 380 Fed. Appx. 22 (2d Cir. 2010)....................16

*Lumbermens Mut. Casualty Co. v. Conn. Bank & Trust Co.*
  806 F.2d 411 (2d Cir.1986)..............................................................................11, 21

*Mazlin Trading Corp. v. WJ Holding Ltd.*,
  19 CV 7652-LTS, 2021 WL 1164127 (S.D.N.Y. Mar. 26, 2021) ....................................20, 23

*Moses Cone Memorial Hospital v. Mercury Constr. Co.*,
  460 U.S. 1 (1983)..........................................................................................1, 20

*MTS Logistics, Inc. v. Innovative Commodities Group, LLC*,
  442 F. Supp. 3d 738 (S.D.N.Y. 2020)..........................................................................16

*N. Am. Airlines, Inc. v. Int'l Bhd. of Teamsters, AFL-CIO*,
  No. 04 Civ 9949 (KMK), 2005 WL 646350 (S.D.N.Y. Mar. 21, 2005) ................................11

*Nakash v. Super. Ct.*,
  196 Cal. App.3d 59 (Cal. App. 2d Dist. 1987) ..............................................................18

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Warrantech Corp.*,
  00 Civ. 5007 (NRB), 2001 WL 194903 (S.D.N.Y. Feb. 27, 2001) ....................................13

*Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Turbi de Angustia*,
  05 CIV. 2068 (DLC), 2005 WL 2044930 (S.D.N.Y. Aug. 23, 2005) ............................10, 11

*Nautilus Ins. Co. v. Kringlen*,
  CIV-11-132-D, 2011 WL 5326260 (W.D. Okla. Nov. 3, 2011)..........................................12

*New Oriental Enter., PTE, Ltd. v. Mission Critical Sols. LLC*,
  1:20-CV-02327, 2022 WL 874783 (S.D.N.Y. Mar. 24, 2022)............................................18

*Port Auth. of New York and New Jersey v. Kraft Power Corp.*,
   11 CV 5624 HB, 2012 WL 832562 (S.D.N.Y. Mar. 13, 2012) .................................10, 15, 16

*Radware, Inc. v. U.S. Telepacific Corp.*,
   19-CV-03835-LHK, 2020 WL 836731 (N.D. Cal. Feb. 20, 2020).........................................18

*Riley v. Dozier Internet L., PC*,
   371 Fed. Appx. 399 (4th Cir. 2010)....................................................................................19

*Royal Indem. Co. v. Apex Oil Co.*,
   511 F.3d 788 (8th Cir. 2008) .............................................................................................19

*Shea Dev. Corp. v. Watson*,
   07 CIV. 11201 (DLC), 2008 WL 762087 (S.D.N.Y. Mar. 24, 2008)....................................16

*Stoncor Group, Inc. v. Peerless Ins. Co.*,
   322 F. Supp. 3d 505 (S.D.N.Y. 2018).................................................................................21

*Travelers Indem. Co. v. Crown Cork & Seal Co., Inc.*,
   865 F. Supp. 1083 (S.D.N.Y. 1994)....................................................................................21

*Travelers Indem. Co. v. Philips Elecs. N.A. Corp.*,
   02 CIV.9800 (WHP), 2004 WL 193564 (S.D.N.Y. Feb. 3, 2004) .................................10, 12

*Travelers Prop. Cas. Co. of Am. v. N.Y. Radiation Therapy Mgt. Services, Inc.*,
   09CIV694(NRB), 2009 WL 2850691 (S.D.N.Y. Aug. 31, 2009) .........................................14

*Versatile Housewares & Gardening Sys., Inc. v. Thill Logistics, Inc.*,
   819 F. Supp. 2d 230 (S.D.N.Y. 2011).................................................................................18

*Wilmington Tr., Natl. Assn. v. Est. of McClendon*,
   287 F. Supp. 3d 353 (S.D.N.Y. 2018).................................................................................10

*Wilton v. Seven Falls Co.*,
   515 U.S. 277 (1995).......................................................................................... *passim*

*Woodford v. Community Action Agency of Greene County, Inc.*,
   239 F.3d 517 (2d Cir. 2001)..........................................................................................12, 20

*XL Ins. Am., Inc. v. DiamondRock Hosp. Co.*,
   414 F. Supp. 3d 605 (S.D.N.Y. 2019).............................................................................11, 12

**Other Authorities**

Declaratory Judgment Act, 28 U.S.C. § 2201(a) ........................................................................10

Fed. R. Civ. P. 12 .................................................................................................................1, 24

Defendant Spring Mountain Vineyard, Inc. ("SMV"), by its undersigned counsel, respectfully submits this memorandum of law in support of its motion to (i) dismiss or alternatively stay this action pursuant to Fed. R. Civ. P. 12 (b) (1), in favor of a California state court action captioned *Spring Mountain Vineyards, Inc. v. Landmark American Ins. Co., et. al*, Case No. 22CV000270 (Napa County, California, filed March 11, 2022) (the "California Action") or (ii) alternatively, dismiss plaintiff Mt. Hawley Insurance Company's ("Mt. Hawley") two new claims set forth in the Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## PRELIMINARY STATEMENT

This action should be dismissed or stayed in favor of the California Action pursuant to the abstention doctrines set forth in (a) *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942) ("*Brillhart*"), as reaffirmed by *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ("*Wilton*") (the "*Brillhart/Wilton* doctrine") or (b) *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) and *Moses Cone Memorial Hospital v. Mercury Constr. Co.*, 460 U.S. 1 (1983) (the "*Colorado River* doctrine").

This action is but a tiny subset of the multi-party California Action. The California Action concerns losses SMV sustained to its Napa Valley vineyard and winery from a wildfire on September 27, 2020 (the "Fire") for which six of SMV's excess insurers (including Mt. Hawley) have either refused to pay or asserted that they have no obligation to pay under their interlocking layers of excess property insurance coverage. Mt. Hawley—SMV's second-level excess insurance carrier and a defendant in the California Action—filed a declaratory judgment action here only *after* SMV filed and served the more comprehensive California Action against its excess carriers as well as its broker Arthur Gallagher & Co. ("Gallagher") and Dina Smith

("Smith," together with Gallagher, "AJG") for negligence, negligent misrepresentation, and breach of fiduciary duty in the procurement of SMV's insurance program for the July 1, 2020 to July 1, 2021, policy period (the "Policy Period").

On August 18, 2022, the Napa County Court (Hon. Cynthia P. Smith) issued two orders denying (i) Mt. Hawley's motion to dismiss or stay the California Action pursuant to its purported New York forum selection clause and the clause that Mt. Hawley alleged was also incorporated into its policy from the First Specialty Insurance Corporation's ("First Specialty") primary policy (the "Mt. Hawley Order") and (ii) the other excess insurer defendants' (the "Insurer Defendants") motion to dismiss based on their purported incorporation of First Specialty's New York forum selection clause (the "Defendants' Order"). Thus, the California Action will proceed against the Insurer Defendants and AJG, and will address, *inter alia*, Mt. Hawley's claims asserted in this action.

This Court should dismiss or, at minimum, stay this action in favor of the parallel California Action under *Brillhart/Wilton* or *Colorado River.* At the heart of the abstention doctrines is the policy goal of avoiding piecemeal litigation, inconsistent outcomes, unnecessary duplication and costs, and the waste of scarce judicial resources. There can be no doubt that Mt. Hawley's claims here can be asserted as defenses or counterclaims in the California Action and fully adjudicated there. Unless this Court's abstains, there will be piecemeal adjudication and a very real risk of inconsistent outcomes. Putting aside the possibility of conflicting coverage determinations, Mt. Hawley's claim for breach of the very same forum selection clause in this action invites this Court to make a ruling at odds with the California Court's decision that the forum selection clauses are invalid and unenforceable.

2

Mt. Hawley's procedural legerdemain notwithstanding, this Court should reject the transparent attempt to escape *Brillhart/Wilton's* application for two main reasons. First, it is well-settled that *Brillhart/Wilton*—and not *Colorado River*—will apply where, as here, the non-declaratory claims stem from or are contingent upon the plaintiff's declaratory judgment claims. Mt. Hawley's perfunctory claims, asserted after SMV's initial motion, are wholly contingent upon Mt. Hawley's claims seeking declaratory relief, including that the forum selection clause set forth in its purported policy is valid and enforceable.[1]

Second, Mt. Hawley's perfunctory claims are not viable. Its claim for breach of the forum selection clause fails to state a claim because (i) neither its purported policy, New York law, nor California law provides for attorney's fees for breach of a forum selection clause; (ii) there is no breach, because the California Court held that Mt. Hawley's failure to disclose its forum selection clauses to SMV made them invalid and unenforceable and, respectfully, this Court should defer to that ruling; and (iii) it is inconceivable that a damages claim predicated on the losing party paying fees and cost exists. Mt. Hawley's second perfunctory new claim is a declaratory judgment claim that Mt. Hawley itself admits seeks the alternative "remedy of recission" (Am. Compl. ¶ 93) and neither New York nor California recognize an independent claim for recission. Accordingly, this Court should apply the *Brillhart/Wilton* doctrine and abstain.

Finally, while this Court should reject Mt. Hawley's transparent attempt to manufacture a claim simply to avoid the *Brillhart/Wilton* abstention doctrine, it should still dismiss or stay pursuant to *Colorado River* because all factors (including the avoidance of piecemeal

---

[1] There is no doubt that Mt. Hawley could have asserted its new perfunctory claims in its original complaint, but only asserted them after SMV's initial motion in a desperate attempt to starve off abstention pursuant to the *Brillhart/Wilton* doctrine. In its initial complaint, Mt. Hawley stated that its declaratory judgment action met the jurisdictional threshold for diversity jurisdiction. (*See* ECF Dkt. No. 1, ¶ 4.)

3

adjudication, the risk of inconsistent rulings, and the waste of scare judicial resources) favor abstention.

## RELEVANT FACTUAL BACKGROUND[2]

### A. SMV's Insurance Policies and the Fire

SMV owns and operates a winery in California's Napa Valley, for which it annually purchased approximately $36.6 million in open blanket property insurance coverage. (Cal. Am. Compl. ¶¶ 32-35; Seavoy Cal. Decl. ¶¶ 6-10, Ex. 2.)[3]

On June 30, 2020, SMV authorized its insurance advisor and broker, Gallagher, to accept each of the property insurance coverage proposals submitted by the primary insurer, First Specialty, and each of the excess insurer defendants, including Mt. Hawley.[4] (Seavoy Cal. Decl. ¶¶ 17, 28 & n.12, Ex. 9.) Mt. Hawley's lead underwriter authorized its agent Risksmith Insurance Services, Inc. ("Risksmith") to submit a quote proposal for Mt. Hawley and Certain Underwriters of Lloyds of London ("Lloyds") and SMV accepted, *inter alia*, the "3rd $10,000,000 layer with Risksmith/Lloyds" on June 30, 2020. (*Id*., Ex. 9; Spievack Decl. ¶ 19 Exs. 36-37.)

---

[2] The facts set forth herein are derived from the following: (i) Declaration of Mary Seavoy dated September 22, 2022 ("Seavoy NY Decl."); (ii) Declaration of Timquin Larsen dated July 20, 2022 ("Larsen NY Decl."); and (iii) Declaration of Jay Spievack dated September 23, 2022 ("Spievack Decl."). The Seavoy NY Declaration attaches and incorporates her July 1, 2022, declaration in the California Action ("Seavoy Cal. Decl.," Ex. A to the Seavoy NY Decl.). The Larsen NY Declaration attaches and incorporates his June 24, 2022, declaration in the California Action ("Larsen Cal. Decl.," Ex. B to the Larsen NY Decl.). Exhibit 1 is SMV's California Amended Complaint (*see* Seavoy NY Decl. ¶ 2, n.2.)

[3] For many years prior to the Policy Period, SMV secured property insurance through Allianz affiliates (collectively, "Allianz") until Allianz exited the wine-related business in 2020. (Cal. Am. Compl. ¶¶ 12, 35, 41, 44; Seavoy Cal. Decl. ¶¶ 6-11, Ex. 2.) Allianz's property insurance policies provided open blanket property coverage, *always* permitted suit in California, and *never* included a non-California forum selection clause. (Seavoy Cal. Decl. ¶¶ 8, 10, 16, Exs.1-3.)

[4] The Insurer Defendants are (a) first layer excess Landmark American Insurance Company ("Landmark") and Kinsale Insurance Company ("Kinsale"); (b) second layer excess Mt. Hawley; (c) third layer excess Hallmark Specialty Insurance Company ("Hallmark Specialty") and Western World Insurance Company ("Western World"); and (d) fourth layer excess AXIS Surplus Insurance Company ("AXIS") (collectively, the "Excess Insurer Defendants"). The term "Insurer Defendants" refers to all excess insurers except Mt. Hawley.

When SMV authorized the binding of coverage, Smith, a supervisor with Gallagher and SMV's account manager, represented to SMV that, except for four specific differences not relevant here, the policies contained the same blanket coverage, terms, and conditions as in the Allianz policies.  (Seavoy Decl. ¶¶ 11-17, Exs. 2-9.)

On September 27, 2020, the Fire caused significant damage to SMV's covered property.  (Cal. Am. Compl. ¶¶ 1, 66-68; Seavoy Cal. Decl. ¶ 21.)  In or about late September 2020, SMV gave claims notice to First Specialty and the Excess Insurer Defendants.  (*Id*., ¶ 127; Larsen Cal. Decl. ¶ 9, Exs. 12, 23.)  SMV and AJG did not receive a copy of *any* of the insurers' purported excess property policies until October 2, 2020, five days *after* the Fire.  (Seavoy Cal. Decl. ¶¶ 21-22, Ex. 11.)  The excess policy received from Mt. Hawley (the "Issued Policy") contains a New York forum selection clause in its LEGAL ACTION CONDITION ENDORSEMENT (*See* Am. Compl. ¶ 8, Ex. 1; Spievack Decl. ¶ 20, Ex. 39.)  Mt. Hawley had not disclosed to SMV (or AJG) prior to the Fire that its policy would contain a provision in which SMV consented to exclusive jurisdiction in New York.  (Seavoy Cal. Dec. ¶¶ 21-22, Ex. 11.)

When the policies were delivered on October 2, 2020, SMV's primary concern was securing advance insurance payments to keep its vineyard business operational and pay for its catastrophic Fire-related property damage and losses.  (Seavoy Cal. Decl. ¶¶ 23, 25, Ex. 12; Larsen Decl. ¶¶ 7, 9.)  First Specialty did not dispute coverage and paid its $5 million limit to SMV.  (Seavoy Cal. Decl. ¶ 27.)  SMV then urged Landmark and Kinsale to make advance payments while the Excess Insurer Defendants continued to investigate SMV's losses.  (*Id*., ¶ 30; Larsen Decl. ¶ 10, n.5.)  Landmark and Kinsale advanced more than $2.5 million to SMV.  (Seavoy Cal. Decl. ¶¶ 33-34; Cal. Am. Compl. ¶¶ 108-09.)

Since August 5, 2021, Mt. Hawley has claimed that its "coverage investigation is ongoing" and has neither accepted nor denied coverage while it pursued its purported "claims investigation." (Seavoy Cal. Decl. ¶¶ 35, 36 n.14).[5]  On September 29, 2021, the Insurer Defendants accepted, in part, and denied, in part, coverage for SMV's Fire-related claims. (Seavoy Cal. Decl. ¶ 36, Ex.18.)

## B.  **The California Action**

On March 11, 2022, SMV filed the California Action against the Excess Insurer Defendants, Gallagher and Smith.  (Spievack Decl. ¶ 3.)  The California Action seeks recovery of approximately $38.5 million in coverage for damage to SMV's St. Helena, California, property caused by the Fire.  (*See* Cal. Am. Compl. ¶¶ 1, 68, 121 & Ex. 1.)

SMV alleged that, irrespective of which contract is the operative insurance contract, the Excess Insurer Defendants breached their respective obligations to provide coverage to SMV. (*Id.* ¶¶ 10-16, 58-68, 79-93, 125-71.)  SMV alleged that the Excess Insurer Defendants breached their obligations to SMV because, even if the purported policies are operative: (i) their proffered interpretation of their own policy language and its application to SMV's covered property damage is incorrect and (ii) they have wrongfully refused to cover and pay SMV's damages that are covered.  (*See, e.g.*, *id.* ¶¶ 79-93, 125-153; Seavoy Cal. Decl. ¶ 37, Ex. 21 (at 3-5).)[6]  SMV

---

[5] Mt. Hawley's purported claims investigation (along with its refusal to issue a coverage determination), has been conducted entirely in bad faith, given that Mt. Hawley made its *de facto* coverage determination no later than November 18, 2021. (Seavoy Cal. Decl. ¶ 36 n. 14; Cal. Am. Compl. ¶¶ 98-124, 134-135, 150, 172-79.)  The reason for this bad faith is clear: SMV's duty to cooperate with Mt. Hawley's claims investigation does not cease until Mt. Hawley makes a coverage determination or declares SMV in breach.

[6] AJG did not provide SMV with the actual binders/quotes prior to SMV accepting the coverage, but it represented that the Excess Insurer Defendants' proposals provided blanket property insurance coverage.  (Seavoy Cal. Decl. ¶¶ 12-17, 21, 24, Exs. 3-9.)  Consequently, the California Complaint alternatively alleges that, if the operative insurance contracts provide the blanket property coverage that Smith repeatedly represented that First Specialty and the Excess Insurer Defendants agreed to provide, then the Excess Insurer Defendants breached their operative contracts because they have refused to cover and pay SMV's damages to its covered property up to the approximately $35.6 million aggregate property policy program limit.  (Cal. Am. Compl. ¶¶ 10-16, 58-68, 156-71.)

also claims that the Excess Insurer Defendants have breached the implied covenant of good faith and fair dealing under California law and negligently mispresented their applicable coverages. (Cal. Am. Compl. ¶¶ 96-126, 172-186; Seavoy Cal. Decl. ¶ 36, n.14.)[7]

## C.  <u>The Procedural Posture of the California and New York Actions</u>

Mt. Hawley filed its declaratory judgment complaint in this action on April 19, 2022. (ECF Dkt. No. 1.)  Mt. Hawley's initial pleading sought declaratory relief that (i) SMV has not complied with its obligation to cooperate with Mt. Hawley's coverage investigation; (ii) the underlying first-layer excess coverage (provided by Landmark and Kinsale) have yet to be exhausted, thus Mt. Hawley is not yet obligated to provide coverage; and (iii) if and when the underlying first-layer excess coverage are exhausted, the terms of Mt. Hawley's policy either bars coverage or limits SMV's recovery under its purported policy.

On May 20, 2022, Mt. Hawley and the Insurer Defendants filed motions to dismiss the California Action. (Spievack Decl. ¶ 5.)  Both motions were predicated on purported mandatory New York forum selection clauses. (*Id.*)  SMV opposed the California motions and filed a motion to dismiss or stay this declaratory judgment action pursuant *Brillhart/Wilton* doctrine on July 28, 2020. (*Id.* ¶ 6; ECF Dkt. Nos. 28-32.)[8]

---

[7] The crux of SMV's allegations against AJG in the California Action are: (i) SMV hired AJG as its insurance advisor and broker and exclusively relied on them for their expertise (Cal. Am. Compl. ¶¶ 187-221; Seavoy Cal. Decl. ¶¶ 3, 5-10, Ex. 2); (ii) SMV directed AJG to secure the same (if not better) blanket property coverage for the Policy Period that it had in force for the at least the previous 15 years (Seavoy Cal. Decl. ¶¶ 12-17, Exs. 2-9); (iii) in requesting SMV's authorization to bind coverage on June 30, 2020, Smith told SMV that each of the insurers' respective proposals collectively offered $35,565,435 in commercial blanket property insurance coverage that conformed in all material respects to the earlier Allianz property policies (*id.*, ¶¶ 14-17); and (iv) relying upon AJG's representations, SMV accepted non-party First Specialty's and the Excess Insurer Defendants' respective proposals (*Id.*, ¶¶ 14-17, Ex. 9; Cal. Am. Compl. ¶¶ 12-13, 15-17, 36-43, 45-64, 72, 187-221.)

[8] AJG also filed a demurrer against SMV's negligent misrepresentation and breach of fiduciary duty claims. (*Id.* ¶ 5.)

On August 3, 2020, the Napa County Court issued a tentative decision that denied the Insurer Defendants' motion to dismiss (the "Tentative Decision"). (Spievack Decl. ¶¶ 7, 17, Exs. 28, 29.)  The Tentative Decision held, in relevant part, that:

> it would be unreasonable and illogical to enforce a New York forum selection clause for AXIS and Western World—the purported third and fourth layer coverage to SMV for the subject dispute after Hallmark, Landmark, and Kinsale—when the dispute with Hallmark, Landmark, and Kinsale must proceed in the jurisdiction which SMV requests, i.e., California.  Furthermore, this action involves allegations against defendants Arthur J. Gallagher & Co. and Smith, whose purported liability is intertwined with that of Insurers and who have consented to this Court's jurisdiction. . . . it would be unreasonable and illogical inasmuch as it would require simultaneous litigation in two separate forums, over the same issue that could result in conflicting rulings. This outcome violates principles of judicial economy.

(*Id*., Ex. 28 at 10-11 (citations and quotations omitted).)

On August 4, 2022, Judge Smith heard oral argument on, *inter alia*, Mt. Hawley's motion to dismiss and SMV informed the Judge that it had moved to dismiss or stay this action pursuant to *Brillhart/Wilton* during that argument. (Spievack Decl. ¶¶ 8, 17, Ex. 30 (at 37:22-40:3).)

Recognizing that *Brillhart/Wilton* called for abstention here, Mt. Hawley filed its First Amended Complaint on August 16, 2022, which mooted SMV's initial motion. (*Id.* ¶ 9; ECF Dkt. Nos. 42, 43.)  As noted above, the amended complaint adds two perfunctory claims, one of which is a damage claim against SMV for its alleged breach of the New York forum selection clauses that the California Court ruled invalid and unenforceable. (Am. Compl. ¶¶ 4-6, 63-68.) The amended complaint does not allege what damages Mt. Hawley purportedly incurred (*id*.), but its Amended Initial Disclosure recently revealed that its "damages" are solely its attorney's fees and costs. (Spievack Decl. ¶¶ 16-17, Ex. 34 (at 5).)

On August 18, 2022, the California Court denied the Excess Insurer Defendants' motions, including Mt. Hawley's. (*Id*., ¶ 17, Exs. 26-27, 29.)  The Mt. Hawley Order held that,

while Mt. Hawley's mandatory New York forum selection clauses were given the presumption of validity and enforceability, SMV met its burden of showing that at, or prior to, the policy's effective date, Mt. Hawley did not provide SMV with any notice that its subsequently issued policy would contain one or both forum clauses. (*Id.*, Ex. 26 at 3-10.)  That Court also ruled that "in light of [its] decision, it need not address SMV's alternative arguments that the Motion to Dismiss should be denied because the forum selection clause is unfair and unreasonable and denies SMV substantive rights." (*Id.* at 11 n.1.)  In the Defendants' Order, the court denied the Insurer Defendants' motion to dismiss because each of them had consented to the jurisdiction of the California courts.  (*See id.*, Ex. 27 at 2-8.)[9]

The California Action will proceed against Mt. Hawley, SMV's other excess insurance carriers, and Gallagher, and Smith.  SMV has served party and non-party discovery (some one hundred thousand pages have been produced in the California Action to date) and the Excess Insurer Defendants have agreed to produce additional documents in the next 30 to 45 days. (Spievack Decl. ¶¶ 14-15.)  Except for Mt. Hawley, none of the California defendants have challenged the California Court's jurisdictional decisions.  (*Id.* ¶¶ 11-12.)

On August 31, 2022, Mt. Hawley filed a statutory writ petition (*i.e.*, an expedited interlocutory appeal pursuant to California procedure) and a request for a stay of all proceedings in the California Action, pending resolution of its petition.  (*Id.* ¶ 11.)  On September 9, 2022, SMV filed a preliminary opposition to Mt. Hawley's writ petition and stay request.  (*Id.* ¶¶ 12, 17, Ex. 31.)  The California Appellate Court has not yet decided whether it will accept or deny

---

[9] In the Defendants' Order, Judge Smith modified the Tentative Decision in relation to AXIS and Western World because the Court found their policies' respective jurisdictional provisions ambiguous and held that the ambiguity meant that they had consented to the jurisdiction of the California courts pursuant to their Service of Suit provisions. (*Id.*, at 7-8.)

Mt. Hawley's writ petition and stay the underlying California Action.  The vast majority of writ petitions are summarily denied. (*Id.* ¶ 12.)[10]

## ARGUMENT

### A.  The Court Should Exercise its Broad Discretion to Dismiss or Stay this Action Pursuant to the *Brillhart/Wilton* Doctrine Notwithstanding Mt. Hawley's Perfunctory Damages Claim

The Declaratory Judgment Act (28 U.S.C. § 2201) permits district courts "to refuse to exercise jurisdiction over a declaratory action that they would otherwise be empowered to hear." *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003).[11]  The Supreme Court has interpreted the statute as "confer[ring] on federal courts *unique and substantial discretion* in deciding whether to declare the rights of litigants." *Wilton*, 515 U.S. at 282, 286 (emphasis added).  District courts have broad discretion to dismiss or stay a federal declaratory judgment action in favor of a more comprehensive state court action.[12]  *See Brillhart*, 316 U.S. at 495; *Wilton*, 515 U.S. at 282, 287 (1995); *Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Turbi de*

---

[10] *See, e.g.*, *Brown, Winfield & Canzoneri, Inc. v. Super. Ct.*, 47 Cal.App.4th 1233, 1241 n.3 (2010) ("The most recent statistics available indicate that approximately 94 percent of the petitions seeking writ relief in the Courts of Appeal are denied summarily").  In its writ petition, Mt. Hawley requests that the California Appellate Court reverse the Mt. Hawley Order and find Mt. Hawley's forum selection clause valid and enforceable.

[11] The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." (emphasis added.)  Therefore, courts have repeatedly held that the district courts 'possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfied subject matter jurisdictional prerequisites.'" *Travelers Indem. Co. v. Philips Elecs. N.A. Corp.*, 02 CIV.9800 (WHP), 2004 WL 193564, at *1 (S.D.N.Y. Feb. 3, 2004) (quoting *Wilton*, 515 U.S. at 282.); *Wilmington Tr., Natl. Assn. v. Est. of McClendon*, 287 F. Supp. 3d 353, 364 (S.D.N.Y. 2018) ("when there are pendant parallel state court proceedings, district courts possess discretion in determining whether and when to entertain an action under the DJA, even when the suit otherwise satisfies subject matter jurisdictional prerequisites") (quotations and alterations omitted).

[12] While *Colorado River* governs where the federal complaint seeks, *inter alia*, a mix of declaratory and damages claims (s*ee, e.g.*, *Gen. Star Intern. Indem. Ltd. v. Chase Manhattan Bank*, 01 CIV. 11379 AGS, 2002 WL 850012, at *5 (S.D.N.Y. May 3, 2002), *aff'd*, 57 Fed. Appx. 892 (2d Cir. 2003)), courts in this Circuit have held that *Brillhart/Wilton* abstention applies where, as more fully discussed below, a complaint includes non-declaratory claims that stem from, or are contingent upon the underlying request for declaratory relief. *See, e.g.*, *Port Auth. of New York and New Jersey v. Kraft Power Corp.*, 11 CV 5624 HB, 2012 WL 832562, at *2 (S.D.N.Y. Mar. 13, 2012) ("Because the relief requested by PA follows directly from the two claims brought under the Declaratory Judgment Act, the action is purely declaratory, and the discretionary standard under *Brillhart/Wilton* applies.").

*Angustia*, 05 CIV. 2068 (DLC), 2005 WL 2044930, at *2-3, *5 (S.D.N.Y. Aug. 23, 2005) (granting a stay where the state court will decide, in the first instance, whether to enforce a New York forum selection clause and dismiss the state court action).

Abstention is appropriate "particularly when there is a pending proceeding in another court, state or federal, that will resolve the controversies between the parties." *N. Am. Airlines, Inc. v. Int'l Bhd. of Teamsters, AFL-CIO*, No. 04 Civ. 9949 (KMK), 2005 WL 646350, at *16 (S.D.N.Y. Mar. 21, 2005).

Courts in this Circuit repeatedly stay insurer federal declaratory judgment actions where, as here, the state court has or will decide whether to enforce a mandatory forum selection clause and dismiss the state court action. *See XL Ins. Am., Inc. v. DiamondRock Hosp. Co.*, 414 F. Supp. 3d 605, 610–11 (S.D.N.Y. 2019) (Nathan, J.) (staying district court action pursuant to *Brillhart/Wilton* despite the presence of a New York forum selection clause); *Natl. Union Fire Ins. Co. of Pittsburgh, PA*, 2005 WL 2044930 at *2-3, 5 (rejecting plaintiff's attempted "race to *res judicata*," and staying the action while the Texas state court considered National Union's motion to dismiss or stay); *Lumbermens Mut. Casualty Co. v. Conn. Bank & Trust Co.* 806 F.2d 411, 414 (2d Cir.1986), *overruled on other grounds by* 515 U.S. 277 (1995) (affirming district court's stay of insurer's declaratory judgment action in favor of more comprehensive state court action); *Comedy Partners v. St. Players Holding Corp.*, 34 F. Supp. 2d 194, 197 (S.D.N.Y. 1999) (dismissing in favor of a first-filed California suit, and noting that "even if [the parties' New York forum selection] clause were mandatory" . . .[s]ince the California court has refused to stay or dismiss the parallel breach of contract action, allowing the instant suit to go forward would both waste judicial resources and create a risk of inconsistent adjudication"). Moreover, the Second Circuit has noted, "the classic example [of abstention] arises where all the potentially

11

liable defendants are parties in one lawsuit, but in the other lawsuit, one defendant seeks a declaration of nonliability, and the other potentially liable defendants are not parties." *Woodford v. Community Action Agency of Greene County, Inc.*, 239 F.3d 517, 524 (2d Cir. 2001).

Federal courts in this Circuit also routinely abstain under *Brillhart/Wilton,* where—as here—the suit is a declaratory judgment action brought by an insurer and "only present[s] issues of state, but not federal, law." *See, e.g.*, *Ace Am. Ins. Co. v. Graftech Intern. Ltd.*, 12-CV-6355 RA, 2014 WL 2884681, at *4 (S.D.N.Y. June 24, 2014). ("[C]ourts in this district have routinely abstained from deciding declaratory judgment actions brought by insurers in favor of parallel state court actions involving the same parties and policies"); *Travelers Indem. Co.*, 2004 WL 193564, at *2 ("[D]istrict courts routinely invoke the doctrine of abstention in insurance coverage actions, which necessarily turn on issues of state law" because "while the parties may disagree as to which state's law will ultimately apply, it is clear that state law, not federal law, will govern the resolution of the underlying claims in this insurance coverage action.").[13]

In *XL Ins. Am., Inc.*, 414 F. Supp. 3d at 610-11, then-District Judge Nathan noted that a federal district court need only consider the following factors in determining whether to abstain under *Brillhart/Wilton*: "(1) the scope of the pending state proceeding and the nature of the defenses available there; (2) whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding; (3) whether the necessary parties have been joined; and (4) whether such parties are amenable to process in that proceeding...; (5) avoiding duplicative

---

[13] Numerous federal courts outside this Circuit also abstain and stay or dismiss insurer declaratory judgment action during the pendency of a parallel state court action involving the same parties. *See, e.g.*, *Nautilus Ins. Co. v. Kringlen*, CIV-11-132-D, 2011 WL 5326260, at *4 (W.D. Okla. Nov. 3, 2011) (staying action in favor of earlier-filed state court action); *Allied World Assurance Co. (U.S.) Inc. v. Sentinel Offender Services, LLC*, SACV1300889CJCRNBX, 2013 WL 12131277, at *3 (C.D. Cal. Nov. 20, 2013) (staying action under *Brillhart* and noting that "deciding Allied's declaratory judgment action would require factual determinations that substantially overlap with the Georgia Litigation. This would be not only wasteful and inefficient, but also substantially prejudicial to the defendant").

12

proceedings; ... (6) avoiding forum shopping...".[14]  *See also Ace Am. Ins. Co.*, 2014 WL 2884681, at *4 ("the scope of the pending state court proceeding, the nature of the defenses available there, and the ability of that proceeding to adjudicate the claims of all parties in interest weigh in favor of abstention.");[15] *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Warrantech Corp.,* 00 Civ. 5007 (NRB), 2001 WL 194903, at *3 (S.D.N.Y. Feb. 27, 2001) (abstaining where "[a]ll of the issues presented in this suit are either already asserted in the [state court] action or are readily assertable as defenses to the third party claims and/or counterclaims in that suit...").

The California Action satisfies all abstention factors cited by Judge Nathan.  All claims that Mt. Hawley seeks to bring here have or can be resolved as either a defense or counterclaim in that Action, including its claims that (i) Mt. Hawley's purported New York forum selection clause is enforceable and/or valid; (ii) SMV is liable to Mt. Hawley for damages because it breached that clause; (iii) its obligations to cover SMV's losses under the policy are excused because SMV failed to cooperate in its claim investigation; and (iv) it can enforce or alternatively rescind its policy.  (*See, e.g.*, Cal. Am. Compl. ¶¶ 1-221; Spievack Decl. ¶ 27.)  It also cannot be disputed that the California Action is much more comprehensive than this action. (*Id.*)

---

[14] As Judge Nathan also observed, courts consider other factors derived from the *Colorado River* abstention doctrine—(i) the relative convenience of the fora; (ii) the order of filing; and (iii) choice of law—but "the validity of these last factors is on uncertain ground" given that "*Wilton* held that the *Colorado River* test does not apply to *Brillhart* abstention."  414 F. Supp. 3d at 610–11.  Certainly, the relative convenience of the forum and the fact that the first-filed, more comprehensive California Action will proceed) justifies abstention under both *Brillhart/Wilton* and *Colorado River*.

[15] In *Ace*, 2014 WL 2884681, the district court abstained, noting that joining the other parties in the insurer's federal declaratory judgment action would destroy diversity jurisdiction and require the case to be remanded to state court. Assuming that AJG and Smith could be joined in this action, it would destroy diversity because SMV and Gallagher are Delaware Corporations and SMV and Smith are California residents.  (Cal. Am. Compl. ¶¶ 18, 25-26.)  On the other hand, if Gallagher and Smith cannot be joined here—along with other parties—then the parties face costly, duplicative discovery and possible inconsistent rulings if both actions proceed.  Indeed, the parties already are involved in duplicative and costly discovery.  (Seavoy NY Decl. ¶¶ 5-6.)

Moreover, given that Mt. Hawley's coverage obligations are not triggered until the exhaustion of the first-layer excess policies (Landmark and Kinsale), the claims cannot be fully resolved in the absence of the other Insurer Defendants. *See, e.g.*, *Ace Am. Ins. Co.*, 2014 WL 2884681, at *4 ("The scope of the pending state court proceeding, the nature of the defenses available there, and the ability of that proceeding to adjudicate the claims of all parties in interest weigh in favor of abstention."). In contrast, this action is limited to a subset of coverage issues between SMV and its second-level excess insurer, Mt. Hawley.

Abstention would avoid piecemeal and duplicative and costly litigation; the California Action will encompass all issues between the relevant parties. If conducted separately, witnesses will be forced to appear twice, and the parties will be forced to produce documents twice (as the non-parties to this proceeding have and will continue to be served with subpoenas here). (Spievack Decl. ¶¶ 14-17, Ex. 33, 29; Seavoy NY Decl.¶¶ 5-6.) *See, e.g.*, *Travelers Prop. Cas. Co. of Am. v. N.Y. Radiation Therapy Mgt. Services, Inc.*, 09CIV694(NRB), 2009 WL 2850691, at *2 (S.D.N.Y. Aug. 31, 2009) (granting motion for abstention in part because "judicial efficiency is not well-served by permitting parallel litigations here").[16]

But beyond the waste of judicial resources represented by overlapping proceedings in two different fora, there is a significant risk of inconsistent judgments. The California Court already decided that the New York forum selection clauses that Mt. Hawley attempts to enforce here are invalid, but Mt. Hawley wants this Court not only to consider their validity and enforceability, but also allow it to pursue a damage claim for SMV's purported breach of this clause. Such risk of inconsistent outcomes strongly favors dismissal or stay.

---

[16]  If the Court declines to abstain, not only will this require SMV to engage in duplicative litigation, but it will also impose the same burden on the California Action defendants and other third parties who already had to respond to document discovery requests in that proceeding and necessarily will be deposed in both actions should this one continue. (Spievack Decl. ¶¶ 14-16, 17, Ex. 33 (at 1-4), 29; Seavoy NY Decl. ¶¶ 5-6.)

14

Consequently, the following five factors identified by Judge Nathan strongly militate in favor of abstention: (i) the more comprehensive nature of the California Action; (ii) the California Action can satisfactorily adjudicate the claims before this Court, as well as all other claims and defenses at issue in this dispute; (iii) only the California Action can join all the necessary parties; (iv) avoidance of duplicative litigation that wastes judicial resources, and (v) forum shopping.

SMV's initial motion clearly demonstrated that *Brillhart/Wilton* abstention is warranted. (*See* ECF Dkt. No. 32 at 13-19.)  In response, Mt. Hawley hastily amended its complaint to assert a perfunctory contract claim that SMV breached the forum selection clause and a new declaratory judgment claim seeking, in the alternative, recission. (Am. Compl. ¶¶ 62-68, 87-93.) Mt. Hawley's attempt to add those claims after SMV filed its *Brillhart/Wilton* motion merely is forum shopping by another name.  Mt. Hawley's transparent attempt to escape the application of *Brillhart/Wilton* should be rejected for the following reasons:

*First*, courts in this Circuit have held that *Brillhart/Wilton* doctrine continues to apply where, as here, the non-declaratory claim(s) stem from or are contingent upon the underlying requests for declaratory relief.  *See, e.g.*, *Port Auth. of N.Y. & N.J.*, 2012 WL 832562, at *2 (the district court could abstain where the claim would not continue to exist if the declaration was dropped from the case); *Gen. Star Intern.*, 2002 WL 850012, at *5 (the court "is entitled to exercise a greater level of discretion [pursuant to *Brillhart/Wilton*] by virtue of the fact that virtually all claims stem from the underlying request for declaratory relief").

Mt. Hawley's breach of contract claim certainly stems from (if not entirely contingent upon) Mt. Hawley's request for a declaration that the "Policy as written, Exhibit 1 hereto," including the New York forum selection clause therein, is in full force and effect as the contract

15

between the parties." (Am. Compl. ¶ 92; *Id.*, ¶¶ 8, 13, 62-68.) The amended complaint specifically notes the dispute about the enforceability of the forum selection clause as the basis for a "justiciable controversy." (Am. Compl. ¶ 89(d-e).) Similarly, the "rescission claim" is subsumed within a claim for declaratory relief and is presented as an "alternative" remedy to its request for declaratory relief. (Am. Compl. ¶¶ 91, 93.) And, in any event, the purported "alternative" relief of rescission is hardly different from a declaration that the policy is *not* in effect. *See Port Auth. of N.Y. & N.J.*, 2012 WL 832562, at *2 (construing claims seeking monetary relief as claims for declaratory relief and applying *Brillhart/Wilton*). Therefore, this Court still should apply the *Brillhart/Wilton* abstention doctrine because Mt. Hawley's perfunctory new claims stem from and depend upon the declaratory relief sought.

*Second*, the newly added claims are not viable claims under New York and California law. *Port Auth. of N.Y. & N.J.*, 2012 WL 832562, at *3-4 ("if, after factoring out the requested declaratory relief, there are no viable non-declaratory claims, then the district court may abstain from the entire action under *Wilton/Brillhart*"). The claim for breach of the forum selection clause is not viable because Mt. Hawley does not allege any actual damages (*See* Am. Compl. ¶¶ 66-68), which is a required element for any breach of contract claim, and admits that its only conceivable damages are attorneys' fees incurred attempting to enforce that clause (which the California Court held unenforceable). (Spievack Decl. ¶¶ 16-17, Ex. 34 (at 5).)[17]

---

[17] Mt. Hawley's breach of contract claim also fails under federal law for the same reasons that Judge Smith held in the Mt. Hawley Order—namely, "when a party resists enforcement of a forum selection clause . . . the court must first inquire whether the clause was 'reasonably communicated' to the party." *Shea Dev. Corp. v. Watson*, 07 CIV. 11201 (DLC), 2008 WL 762087, at *2 (S.D.N.Y. Mar. 24, 2008); *MTS Logistics, Inc. v. Innovative Commodities Group, LLC*, 442 F. Supp. 3d 738, 747 (S.D.N.Y. 2020) (refusing to enforce forum selection clause in bill of lading that was never provided to the defendant and noting that forum selection clauses are enforced under federal law only where "the clause was reasonably communicated to the party resisting enforcement"); *Hines v. Overstock.com, Inc.*, 668 F. Supp. 2d 362, 367 (E.D.N.Y. 2009), *aff'd*, 380 Fed. Appx. 22 (2d Cir. 2010) (declining to enforce forum selection clause where plaintiff had no notice of the website terms and conditions containing such clause); *FSB USA, Inc. v. Am. Products Prod. Co. of Pinellas County, Inc.*, CIVA 3-08CV-1758 JCH, 2009 WL 2762744, at *4 (D. Conn. Aug. 24, 2009) (refusing to enforce forum selection clause where plaintiff was only provided with purchase

Additionally, the policy that Mt. Hawley relies on has no prevailing party attorney's fee provision (Am. Compl. ¶ 8, Ex. 1) and neither New York nor California law recognizes a breach of contract claim for attorney's fees in the absence of a contractual provision or statute providing for such. *See, e.g., BLT Steak, LLC v. 57th St. Dorchester, Inc.*, 93 A.D.3d 554, 555 (1st Dep't 2012) ("The court properly dismissed plaintiff's third cause of action, for breach of the implied covenant of good faith and fair dealing and/or breach of contract. The 'American rule' precludes plaintiff from recovering its attorney's fees as damages in the event it prevails on its cause of action, and plaintiff has failed to show that any exception is applicable. Moreover, plaintiff has failed to plead any damages other than attorney's fees.") (citation omitted); *Boynton v. Reliance Stand. Life Ins. Co.*, 14-CV-486-L(JMA), 2015 WL 11570935, at *3–4 (S.D. Cal. Jan. 29, 2015) (California follows the "American Rule"; breach of contract claim futile because the only damages alleged were attorneys' fees).

More particularly, New York and California federal courts have determined that claims asserting breaches of forum selection clauses are not viable because they violate the "American Rule's" prohibition against an attorneys' fees award. *See, e.g., Brown Rudnick, LLP v. Surgical Orthomedics, Inc.*, 13-CV-4348 JMF, 2014 WL 3439620, at *14 (S.D.N.Y. July 15, 2014) ("Brown Rudnick cannot establish the damages element of its breach of contract claim based on SOI's violation of the forum selection clause. The claim therefore fails as a matter of law and is dismissed."); *Alexsam, Inc. v. Mastercard Intl. Inc.*, 15CV2799ILGSMG, 2018 WL 7063137, at *7–8 (E.D.N.Y. Oct. 16, 2018), *report and recommendation adopted,* 15CV2799ILGSMG, 2020 WL 3286785 (E.D.N.Y. June 17, 2020), *overruled on other grounds by* 2022 WL 621374 (Fed. Cir. Mar. 3, 2022) (denying leave to amend futile proposed claim for breach of contract based on

---

orders stating that they included acceptance of defendant's standard terms, and defendant never provided a copy of its standard terms containing a forum selection clause).

breach of a forum selection clause because "allowing a party to collect attorney's fees as damages simply by characterizing them as damages based on a breach of contract would create an exception that would swallow the American Rule") (quotation, citation, and alteration omitted); *Radware, Inc. v. U.S. Telepacific Corp.*, 19-CV-03835-LHK, 2020 WL 836731, at *7 (N.D. Cal. Feb. 20, 2020) (Koh, J.) (dismissing claim for breach of forum selection clause, without leave to amend, because such a claim would violate the American Rule).[18]

Mt. Hawley's hubris, however, is compounded by seeking attorney's fees "damages" for an issue it litigated and lost. (Spievack Decl. ¶¶ 16-17, Ex. 34 (at 5).) Mt. Hawley clearly requests that this Court establish a new legal claim heretofore unrecognized under both common and civil law simply to avoid application of *Brillhart/Wilton*.

Likewise, even if the Court were to ignore that Mt. Hawley's fifth claim seeks declaratory relief and treated it purely as a rescission claim, it would not be viable under either New York or California law. Recission is only a remedy, *not* an independent claim. *See, e.g.*, *New Oriental Enter., PTE, Ltd. v. Mission Critical Sols. LLC*, 1:20-CV-02327 (MKV), 2022 WL 874783, at *4 (S.D.N.Y. Mar. 24, 2022) ("Plaintiff cannot state a claim for either rescission or specific performance. Rescission and Specific Performance are not causes of action; rather they are remedies for a breach of contract claim."); *Nakash v. Super. Ct.*, 196 Cal. App.3d 59, 70 (Cal. App. 2d Dist. 1987) ("Rescission is *not* a cause of action; it is a remedy).[19]

---

[18] Mt. Hawley may point to certain intermediate New York appellate court decisions that have permitted claims premised on a breach of a forum selection clause, but courts in this district have refused to follow them because "the limited analysis in the opinions means they are without a great deal of value as persuasive authority or as 'indicators' of how the [New York] Court of Appeals would decide the question . . . The Court concludes that 'other persuasive data' in New York Court of Appeals opinions suggests that that court would disagree with the conclusions in these cases." *Versatile Housewares & Gardening Sys., Inc. v. Thill Logistics, Inc.*, 819 F. Supp. 2d 230, 243-44 (S.D.N.Y. 2011) (quotations and citations omitted); *accord Alexsam*, 2018 WL 7063137, at *7–8.

[19] Mt. Hawley's purported declaratory judgment/rescission claim also misstates SMV's alternative claims. SMV has never alleged or suggested that Mt. Hawley did not provide it with second layer excess coverage for the Policy Period. (*See, e.g.*, Cal. Am. Compl. ¶¶ 5, 7, 9-10, 79-93, 125-155.)

*Finally*, various courts have held that *Brillhart/Wilton*, and *not Colorado River*, applies where, as here, a party asserts perfunctory legal claims to evade the application of *Brillhart/Wilton*. *See, e.g.*, *Riley v. Dozier Internet L., PC*, 371 Fed. Appx. 399, 404 n.2 (4th Cir. 2010) ("[T]he perfunctory inclusion of non-declaratory requests for relief does not suffice to remove a plaintiff from the ambit of the *Brillhart/Wilton* rule. A declaratory judgment plaintiff may not convert a district court's discretionary jurisdiction under *Brillhart/Wilton* into nearly mandatory jurisdiction under [*Colorado River*] simply by tossing in dependent or boilerplate non-declaratory requests."); *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 795 n.3 (8th Cir. 2008) ("*Wilton* and *Brillhart* may not apply when a party seeks a good faith injunction as well as declaratory relief, but a party cannot avoid application of the *Wilton* and *Brillhart* abstention standard merely by artfully pleading manufactured claims"); *cf. Abe v. New York U.*, 14-CV-9323 (RJS), 2016 WL 1275661, at *10 (S.D.N.Y. Mar. 30, 2016) (holding that abstention was proper despite the plaintiff amending his complaint to assert an "eleventh-hour" ERISA claim in an effort "to stave off abstention").[20]

In sum, this Court should not sanction Mt. Hawley's desperate effort to escape the application of *Brillhart/Wilton* abstention by adding non-viable claims, especially when done so only *after* SMV filed its initial motion. (*See* Spievack Decl. ¶¶ 6-9.)

### B. Abstention Also is Warranted Under the *Colorado River* Doctrine

Dismissal or stay is also warranted under *Colorado River*, which permits district courts to dismiss or stay a federal action in favor of an earlier filed state case when "(1) the relevant state and federal actions are 'parallel' and (2) an evaluation of a six-factor test weighs in favor of

---

[20] The *Brillhart/Wilton* doctrine would be a toothless doctrine if a plaintiff could amend its pleading to tack on a bogus claim for damages after a defendant invokes the doctrine.

abstention." *Mazlin Trading Corp. v. WJ Holding Ltd.*, 19 CV 7652-LTS, 2021 WL 1164127, at *3 (S.D.N.Y. Mar. 26, 2021).[21]

This action and the California Action are indisputably parallel, as both involve SMV and Mt. Hawley litigating coverage issues related to the losses SMV sustained as a result of the Fire. *See, e.g.*, *Mazlin Trading Corp*, 2021 WL 1164127, at *3 ("Actions are considered 'parallel' if 'substantially the same parties are contemporaneously litigating substantially the same issue' in both forums. Complete identity of parties and claims is not required; the parallel litigation requirement is satisfied when the main issue in the case is the subject of already pending litigation") (quotations and citations omitted).

The six-factor test weighs heavily in favor of abstention here.  It is well-settled that "the most important factor" for *Colorado River* is the "clear federal policy of avoidance of piecemeal adjudication." *See Moses H. Cone.*, 460 U.S. at 16 (citations, quotations, and alterations omitted).  For the reasons stated above (*see, e.g.*, pp. 13-14, *supra*), unless this Court dismisses or stays this action, the parties will be forced to engage in unnecessary, duplicative, piecemeal litigation, given that the full scope of the insurance coverage dispute will be litigated in California.  *See, e.g.*, *Woodford*, 239 F.3d at 524 ("the classic example [for abstention] arises where all of the potentially liable defendants are parties in one lawsuit, but in the other lawsuit, one defendant seeks a declaration of nonliability, and the other potentially liable defendants are not parties"); *Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 211  (2d Cir. 1985) ("Maintaining virtually identical suits in two forums under these circumstances would

---

[21]  The six factors are: "(1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights." *Id.* at *4.

waste judicial resources and invite duplicative effort. Plainly, avoidance of piecemeal litigation is best served by leaving these suits in the state court.").

Indeed, "[i]n an insurance coverage dispute such as is here involved, the interest of an insured in binding as many of its insurers as possible to a single adjudication is a factor strongly weighing in favor of maintenance of an inclusive action." *Am. All. Ins. Co. v. Eagle Ins. Co.*, 961 F. Supp. 652, 657 (S.D.N.Y. 1997) (quoting *Lumbermens Mut. Cas. Co.*, 806 F.2d at 415). Consequently, abstention will avoid the real risk of piecemeal litigation, given the interlocking excess insurance policies at issue and the risk of inconsistent coverage determinations. *See Gen. Reinsurance Corp. v. CIBA-Geigy Corp.*, 853 F.2d 78, 81 (2d Cir. 1988) (affirming abstention because "the risk of piecemeal litigation is real and should be avoided" where the more comprehensive state court action concerned "inextricably linked" excess insurance policies that would require "a determination of a reasonable estimate of the amount of the claim at any particular point in time, the amount of primary coverage in a particular period, the layer of coverage of the particular excess policy, and the extent to which the underlying primary and excess coverage has been or is likely to be exhausted"); *De Cisneros v. Younger*, 871 F.2d 305, 307–08 (2d Cir. 1989) (affirming district court's abstention where was a serious risk of "inconsistent and mutually contradictory determinations" given that the state and federal actions were "inextricably linked"). It cannot be seriously disputed that the most important factor strongly favors abstention here.[22]

---

[22] Abstention is particularly warranted in the context of multi-party insurance disputes. *See, e.g.*, *Travelers Indem. Co. v. Crown Cork & Seal Co., Inc.*, 865 F. Supp. 1083, 1090 (S.D.N.Y. 1994) ("the Court finds that this factor overwhelming weighs against the exercise of jurisdiction. The New Jersey actions encompass the entire litigation between defendants, plaintiffs and the approximately eighty other primary and excess insurers. . . . In the instant case, the Court is presented only with those policies issued by plaintiffs, as opposed to the numerous policies issued by the approximately eighty other primary and excess insurers. Consequently, there is a substantial risk that the interpretation of these few policies to the exclusion of the others would lead to the inconsistent disposition of similar claims and issues."); *Stoncor Group, Inc. v. Peerless Ins. Co.*, 322 F. Supp. 3d 505, 517-18 (S.D.N.Y. 2018) ("In light of the fact that this issue will be resolved in the state case and goes directly to the existence of a duty to defend,

The other factors also strongly favor abstention.  While the first factor is neutral (as this is not an *in-rem* action), the second factor weighs heavily in favor of abstention.  The federal forum is far less convenient for the parties; indeed, neither the parties nor the instant dispute have any but the most tenuous connection to New York, whereas most witnesses and documents are in California (many a short distance from the courthouse where the California Action is pending).  (*See* Seavoy Cal. Decl. ¶¶ 41-48, 51; Seavoy NY Decl. ¶ 3, Ex. 25; Larsen Decl. ¶¶ 23-27)[23]

SMV's principal place of business is Napa County, California. (Cal. Am. Compl. ¶ 18.) Its employees are in California. (Seavoy Decl. ¶ 45; Seavoy NY Decl. ¶ 3, Ex. 25.)  Its management company's employees are in Chicago, Illinois.  (Seavoy Decl. ¶ 45.)  SMV's damaged or destroyed vineyards, winery buildings, and other covered property are in Napa County.  (*Id.* ¶¶ 41, 43.)  SMV's documents are in California or Chicago.  (*Id.* ¶¶ 44-45.)  Mt. Hawley is incorporated in, and has its principal place of business in, Illinois. (Am. Compl. ¶ 2.) None of the likely third-party witness in this case live or work in New York, except for SMV's New York coverage counsel.  (*Id.* ¶¶ 45-54; Seavoy NY Decl. ¶ 3, Ex. 25; Larsen Decl. ¶¶ 23-27; Spievack Decl. ¶¶ 16-17, Ex. 34 (at 1-4).)  This factor tilts decidedly in favor of abstention. *See, e.g.*, *AMNEX, Inc. v. Rowland*, 25 F. Supp. 2d 238, 245 (S.D.N.Y. 1998) ("In this case, most of the operative facts giving rise to this dispute occurred in Austin, Texas, and most of

---

we find that abstention is warranted. The risk of potentially contradictory fact finding between the state and federal court on this critical issue means that entertaining jurisdiction in this action would not clarify or settle the legal issues involved . . . This risk is particularly acute in light of the fact that insurance disputes are almost universally matters of state law, regarding which abstention in favor of the state court is usually warranted.") (quotations, citations, and alterations omitted).

[23] Mt. Hawley artfully pleads a breach of the cooperation clause claim that implicates SMV's New York coverage counsel, as well as its own Northern California coverage counsel (Am. Compl. ¶¶ 27-58, 69-74.) Leaving aside that its key allegations are untrue and Mt. Hawley's claim is, at best disingenuous, SMV's coverage counsel is willing to voluntarily appear and give live deposition and trial testimony in California (Spievack Decl. ¶¶ 27-30, 34.)

the witnesses that the parties may call to testify at trial live in or near Texas. . . . Thus, the second factor in the *Colorado River* abstention analysis weighs in favor of abstention.").

The fourth factor likewise calls for abstention as the California Action was filed first and more progress has been made there.  (*See* Spievack Decl. ¶¶ 3-19.)  Discovery is proceeding in both cases, the parties in the California Action have already litigated, and Judge Smith has ruled upon, the threshold jurisdictional questions that are before this Court and the California Action will proceed against all parties.  (*Id.*)  *See, e.g.*, *Mazlin Trading Corp.*, 2021 WL 1164127, at *5 (abstention warranted where state action was "further along" as a result of, *inter alia*, significant motion practice in that proceeding).

The fifth factor too weighs in favor of abstention, as both this action and the California Action—which includes the resolution of coverage issues concerning six different excess insurance carriers and two broker defendants—exclusively concern issues of state, not federal, law. *See, e.g.*, *De Cisneros*, 871 F.2d at 309 ("We have held nonetheless that although the absence of federal issues does not require the surrender of jurisdiction, it does favor abstention where the bulk of the litigation would necessarily revolve around the state-law rights of numerous parties.") (quotations, citations, and alterations omitted); *accord General Reinsurance,* 853 F.2d at 82.

The last factor also favors abstention, as there is no claim or suggestion that California procedure is inadequate to protect Mt. Hawley's rights, and Mt. Hawley's claims in this action do not concern any federal rights.  *See, e.g.*, *Mazlin Trading Corp.*, 2021 WL 1164127, at *6 (this factor weighed in favor of abstention where the petitioners were "not advancing any claims in the instant action that are specific to their federal rights" and there was no "conceivable jeopardy or prejudice to their rights" if the claims were adjudicated in state court).

Because the *Colorado River* factors weigh heavily in favor of abstention, this Court should dismiss or stay this action in favor of the California Action.

**C.** **The Newly Asserted Claims Should Be Dismissed**

This Court should dismiss Mt. Hawley's First and Fifth Claims in the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for the reasons set forth above, including that (i) the breach of contract claim fails to state a claim and allege any damages (apart from attorneys' fees) and (ii) to the extent that the Court characterizes the Fifth Claim as a claim for rescission (rather than for declaratory judgment), rescission is a remedy and not an independent claim for relief. SMV respectfully submits that this Court should dismiss or stay under the *Brillhart/Wilton* doctrine if it, alternatively, considers and dismisses Mt. Hawley's two newly added claims for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, SMV's motion to dismiss or stay this action should be granted in its entirety, together with such other and further relief as the Court may deem just and proper.

Dated: September 23, 2022

COHEN TAUBER SPIEVACK & WAGNER P.C.
*Counsel for Defendant Spring Mountain Vineyard, Inc.*

By:       /s/ Jay B. Spievack
         Jay B. Spievack
         Jackson S. Davis
         420 Lexington Avenue, Suite 2400
         New York, New York 10170
         Tel.: (212) 586-5800
         jspievack@ctswlaw.com
         jdavis@ctswlaw.com