# EXHIBIT 2



SUPERIOR COURT FOR THE STATE OF CALIFORNIA,
COUNTY OF NAPA

| | |
|---|---|
| SPRING MOUNTAIN VINEYARDS, INC., <br><br> PLAINTIFF, <br><br> v. <br><br> LANDMARK AMERICAN INSURANCE COMPANY, KINSALE INSURANCE COMPANY, MT. HAWLEY INSURANCE COMPANY, HALLMARK SPECIALTY INSURANCE COMPANY, WESTERN WORLD INSURANCE COMPANY, AXIS SURPLUS INSURANCE COMPANY, ARTHUR J. GALLAGHER & CO. and DINA SMITH. <br><br> DEFENDANTS. | Case No.: 22CV000270 <br><br> ORDER AFTER HEARING DENYING DEFENDANT MT. HAWLEY INSURANCE COMPANY'S MOTION TO DISMISS <br><br><br><br><br><br><br><br> August 4, 2022, 8:30 am, Dept. A <br><br> Judge Cynthia P. Smith |

This matter came on for hearing on August 4, 2022 for Mt. Hawley Insurance Company's Motion to Dismiss Plaintiff Spring Mountain Vineyards, Inc.'s Complaint. Michael D. Prough appeared on behalf of defendant Mt. Hawley Insurance Company ("Mt. Hawley"). Jordan S. Stanzler and Jay B. Spievack appeared on behalf of Spring Mountain Vineyard, Inc. ("SMV"). Jordon E. Harriman appeared on behalf of Defendants Landmark American Insurance Company

1

("Landmark"), Kinsale Insurance Company ("Kinsale"), Hallmark Specialty Insurance Company ("Hallmark"), Western World Insurance Company ("Western World") and AXIS Surplus Insurance Company ("AXIS"). Kristi W. Dean and Alisa Morgenthaler appeared on behalf of Defendants Arthur J. Gallagher & Co. and Dina Smith. At the conclusion of the hearing, the Court took the matter under submission. Having considered the argument of counsel as well as the moving, opposing and reply papers, the Court now rules as follows:

I. PROCEDURAL MATTERS

Mt. Hawley moves, pursuant to Code of Civil Procedure sections 418.10 and 410.30, subd. (a), for an order dismissing SMV's Complaint because the forum selection clauses of the subject insurance contracts mandate that SMV initiate any lawsuit against Mt. Hawley in New York. Alternatively, Mt. Hawley moves to stay this case as to Mt. Hawley until a case pending in the United States District Court for the Southern District of New York is concluded.

II. REQUEST FOR JUDICIAL NOTICE

Mt. Hawley's Request for Judicial Notice ("RJN") of the court records (Exhibits 15-22) are GRANTED pursuant to Evidence Code section 452, subd. (d).

III. EVIDENTIARY OBJECTIONS

Mt. Hawley objects to paragraphs 4-6, 8-13, 15-17, 19, and 21 of the Declaration of Timquin Larsen and paragraphs 4-8, 11-14, and footnote 4 of the Declaration of Jay Spievack. The Court did not rely on the evidence proffered in these paragraphs and footnote, and therefore the objection is moot.

Mt. Hawley also objects to paragraphs 6-13, 18, 20-25, 28, 29, 31-32, 37-51 and footnotes 3, 4, 6, 8, 9, 12, 14, 16, and 17 of the Declaration of Mary Seavoy. The Court did not rely on paragraphs 6-13, 20-25, 28-29, 31-32, or 37-51, or the footnotes, and, on that ground, those objections are moot. As to paragraph 18 of the Seavoy Declaration, the Court did not rely on the language objected to by Mt. Hawley, and therefore its objections are moot. Paragraph 18 also authenticates Exhibit 10, a document that the Court relied on in part. However, since Mt. Hawley did not object to Exhibit 10, the Court need not consider whether its objections to the quoted testimony in paragraph 10, apply to Exhibit 10.

2

Mt. Hawley further objects to Exhibits 41-43 attached to the Stipulation for an Order Submitting Exhibits into the Record dated July 28, 2022. Mt. Hawley does not appear to dispute the authenticity of these exhibits, presumably because they were authenticated by Exhibit 43. Rather, Mt. Hawley objects on foundation and relevancy grounds because the documents do not purport to say what SMV's lawyers argue they say. The Court does not consider the legal argument of counsel as evidence. The objections to these exhibits are OVERRULED. Quotes and binders related to the insurance Mt. Hawley was proposing to SMV is relevant to the dispute at issue. Moreover, the documents were properly authenticated through Exhibit 43.

### IV. LEGAL STANDARD

A defendant . . . may serve and file a notice of motion . . . [t]o stay or dismiss the action on the ground of inconvenient forum." (Code Civ. Proc., § 418.10, subd. (a)(2).) "When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just." (*Id.*, § 410.30, subd. (a).)

"[F]orum selection clauses are valid and may be given effect, in the court's discretion and in the absence of a showing that enforcement would be unreasonable." (*Smith, Valentino & Smith, Inc. v. Superior Court* (1976) 17 Cal.3d 491, 496. See also *Cal-State Business Products & Services, Inc. v. Ricoh* (1993) 12 Cal.App.4th 1666, 1678 ["Under the modern rule, 'The parties agreement as to the place of the action cannot oust a state of judicial jurisdiction, but such an agreement will be given effect unless it is unfair or unreasonable.' California declared its adherence to this rule..."] [Citations Omitted].)

"'[A forum-selection provision] will be disregarded if it is the result of overreaching or of the unfair use of unequal bargaining power or if the forum chosen by the parties would be a seriously inconvenient one for the trial of the partic[u]lar action.'" (*Cal-State, supra,* 12 Cal.App.4th at 1679 [Citations Omitted].)

"In an earlier reference to the 'modern trend,' the *Smith* court gave some content to the otherwise-empty husk of the conclusory term 'unreasonable', 'the party assailing the clause [must] establish[] that its enforcement would be unreasonable, i.e. that the forum selected would be *unavailable or unable to accomplish substantial justice.*' As a further measure of reasonability, the court in *Furda v. Superior Court* (1984) 161 Cal.App.3d 418 [207 Cal.Rptr. 646] added a requirement that the choice of forum have some rational basis in light of the facts

3

underlying the transaction. On the other hand, neither inconvenience nor additional expense in litigating in the selected forum is part of the test of unreasonability." (*Ibid*, citations omitted.)

"The fact the forum-selection clause is contained in a contract of adhesion and was not the subject of bargaining does not defeat enforcement as a matter of law, where there is no evidence of unfair use of superior power to impose the contract upon the other party and where the covenant is within the reasonable expectations of the party against whom it is being enforced. That a business with transactions in multiple jurisdictions might insist on one forum in all its contracts is not of itself objectionable . . . .[A] court will refuse to enforce a forum-selection clause if this will bring about a result contrary to the public policy of the forum." (*Id.* at 1679-80, citations omitted.)

A party seeking to defeat such a clause (normally plaintiff) bears the burden of proving that its enforcement would be unfair or unreasonable under the circumstances of the case." (Weil & Brown, Cal. Civil Procedure Before Trial (Rutter Group 2021), Ch. 3, § 3:171, citing *Miller-Leigh LL v. Henson* (2007) 152 Cal.App.4th 1143, 1149, *Richtek USA, Inc. v. uPI Semiconductor Corp.* (2015) 242 Cal.App.4th 651, 661.)

## V. LEGAL ANALYSIS

Mt. Hawley submits evidence showing that its Excess Policy No. MCP0170029 issued on August 28, 2020 ("Issued Policy") contains two mandatory forum selection clauses, which provide that the parties agree to submit to the jurisdiction of the courts of New York. (Support Memo at 3:14-4:11; Declaration of Adam Kotara ("Kotara Decl."), ¶ 2, Exh. 4, at MTD 0006; Reply at 1:2-6.) Mt. Hawley sent the Issued Policy to broker Ricksmith the same day it issued the policy, along with a request to forward the Issued Policy to the agent so the agent could forward the Issued Policy to SMV. (Reply at 1:2-6, fn 1; Declaration of Dean C. Burnick (Burnick Decl.), ¶2, Ex. 23, at MTD 0574.)

The first forum selection clause is under a LEGAL ACTION CONDITION ENDORSEMENT contained in the Issued Policy which states: "This endorsement adds the following to LEGAL ACTION AGAINST US elsewhere in the policy: [¶] All matters arising hereunder including questions related to the validity, interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules). [¶] It is agreed that in

4

Case: 22-10381   Doc# 250-2   Filed: 02/21/23   Entered: 02/21/23 22:37:19   Page 5 of 13

054

the event of the failure of the Company to pay any amount claimed to be due hereunder, *any Named Insured, any additional insured, and any beneficiary hereunder shall submit to the jurisdiction of a court of competent jurisdiction in the State of New York*, and shall comply with all the requirements necessary to give such court jurisdiction. *Any litigation commenced by any Named Insured, any additional insured, or any beneficiary hereunder against the Company shall be initiated in New York*. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court." (Kotara Decl., Exh. 4, at MTD 0025, emphasis added.)

The second forum selection clause is under the INSURING AGREEMENT section of Mt. Hawley's Issued Policy, which states that "we agree to insure against risks of direct physical loss or damage to covered property *per the terms and conditions of the Underlying Insurance Policy listed in Item 3.B.* except as excluded herein." (Kotara Decl., Exh. 4, at MTD 0009, emphasis added.) The Court notes that Item 3.B. of the Issued Policy lists First Specialty's Policy. (Kotara Decl., Exh. 4, at MTD 10.) As relevant here, First Specialty's Policy contains a mandatory forum selection clause entitled SPECIAL TERMS AND CONDITIONS ENDORSEMENT which provides: "The laws of the State of New York, without regard to any conflict of laws rules that would cause the application of the laws of any other jurisdiction, shall govern the construction, effect, and interpretation of this insurance agreement. [¶] *The parties irrevocably submit to the exclusive jurisdiction of the Courts of the State of New York* and to the extent permitted by law the parties expressly waive all rights to challenge or otherwise limit such jurisdiction." (Support Memo at 3:19-26; Kotara Decl., Exh. 6, at MTD 0050.)

In opposition, SMV argues that (1) the forum selection clauses are not valid because they were never disclosed to SMV and SMV never agreed to them; and (2) even if the clauses are valid, enforcing them under the current circumstances would be unreasonable and unfair because New York bears no legitimate relationship to the parties or their dispute and enforcing it would violate California public policy.

### A. Since SMV did not have Adequate Notice of the Forum Selection Clause, it is Invalid and Suit in California is Permissible.

With respect to SMV's first argument that the forum selection clauses are invalid, SMV essentially argues that it did not freely and voluntarily agree to the forum selection provision.

5

The Court notes as a general principle that a "forum-selection clause is unenforceable as to any particular plaintiff if the court determines that such plaintiff did not have sufficient notice of the forum-selection clause prior to entering into the contract . . . . Absent such notice, the requisite mutual consent to that contractual term is lacking and no valid contract with respect to such clause thus exists. (See, e.g., Civ. Code, §§ 1550, 1565, 1580.)" (*Carnival Cruise Lines v. Super. Ct.* (1991) 234 Cal.App.3d 1019, 1026-27.) Forum selection clauses in adhesion contracts are enforceable even though a party did not actually read it as long as the clause provided adequate notice to the defendant that he was agreeing to the jurisdiction cited in the contract. (*Hunt v. Super. Ct.* (2000) 81 Cal.App.4th 901, 908.)

In support of this first argument, SMV submitted evidence showing the following:

SMV hired Arthur J. Gallagher & Co. ("AJG") to provide insurance expertise and policy underwriting, negotiation, placement, and claims services. (Declaration of Mary Seavoy ("Seavoy Decl." ¶ 3.) On June 30, 2020, SMV authorized AJG to accept Mt. Hawley's insurance coverage. (Seavoy Decl. ¶ 17.) SMV did not look at or review the property insurance binders prior to acceptance because SMV did not have any in-house insurance expertise and Arthur J. Gallagher & Co. ("AJG") agreed to provide this service to SMV. (Seavoy Decl. ¶ 19.)

The June 29, 2020 binder/quote references "LMA5020 14/09/2005 Service of Suit (U.S.A.)" under "In respect of potential participation by Certain Underwriters at Lloyds." (Stipulation for an Order Submitting Exhibits into the Record dated July 28, 2022 ("Stipulation"), Exh. 41, MH000954.) The June 29th binder/quote further said its policy "Wording" will use "ISO forms" (Stipulation, Exh. 41, MH000953.) Under the section entitled "In respect of potenial [sic] participation by Mr. Hawley Insurance Company," the binder references "LEGAL ACTION CONDITIONS ENDORSEMENT," without reference to form number. The June 29th binder/quote also provided that "in respect of coverage provided by Certain Underwriters at Lloyd's, contact for service of suit: . . . for Insureds domiciled in California, Foley Lardner LLP, 555 California Street, Suite 1700, San Francisco California 94101-1520, USA [and] in respect of coverage for Mt. Hawley, contact for service of suit: Craig W. Kliethermes, President, 9025 N. Lindbergh Drive, Peoria, Illinois.'" (Stipulation, Exh. 41 MH000955).

The June 30, 2020 binder/quote again included reference to the Lloyd's Service of Suit form LMA 5020 and the Mt. Hawley "LEGAL ACTION CONDITIONS ENDORSEMENT," as well as the contacts for service of suit. (See Stipulation, Exh. 42, BR11 and BR12.)

The July 2, 2020 binder/quote removed reference to the Lloyd's Service of Suit form LMA5020. (Seavoy Decl. ¶18, Exh. 10, GS 01994 - 01998.) However, the July 2nd binder still included the Lloyd's and Mt. Hawley contacts for service of suit provisions. (Seavoy Decl., Exh. 10, GS 01998). The binder/quote continued to reference the Mt. Hawley "LEGAL ACTION CONDITIONS ENDORSEMENT." (Seavoy Decl., Exh. 10, GS 01997.) The July 2nd binder/quote did not reference "New York" nor did it direct AJG or SMV to any form that could alert them to a forum selection clause. (Opp at 1:14-19, 7:17-19; Seavoy Decl. Exh. 10, GS01994-1998.)

The July 2, 2020 quote from Mt. Hawley to Ricksmith also references the "LEGAL ACTIONS CONDITIONS ENDORSEMENT," but there is no reference to contacts for service of suit. (Kotara Decl., Exh. 5, MTD 0034-0037.) The July 2nd quote does not reference "New York" nor did it direct Ricksmith (or AJG or SMV) to any form or form number that could alert them to a forum selection clause. *Ibid.*

The reference to LEGAL ACTION CONDITION ENDORSEMENT, contained in the June 29th, June 30th, and July 2nd binders and the July 2nd quote, does not have a form number or otherwise indicate that such endorsement included a forum selection clause. (Opp at 6:7-11, 7:20-8:4; Motion to Admit Evidence at 6:2-4; Seavoy Decl., Exh. 10; Stipulation, Exhs. 41-42.) The LEGAL ACTION CONDITION ENDORSEMENT contained in the Issued Policy is marked as form number CPR 2311 (04/20), but that form number is absent from Mt. Hawley's June 29, June 30, and July 2 binders, and the July 2nd quote, therefore, even if SMV wanted to investigate what form LEGAL ACTION CONDITION ENDORSEMENT in the binder referenced, it could not have reasonably located it. (Opp at 8, fn. 14; Kotara Decl., Exh. 4, MTD 0025.) This is inconsistent with the other insurance defendants' binders, which referenced the policy forms by form number and whose policies incorporated all of the binder forms as reflected in their binders. (Opp at 6:11-14; Spievack Decl., Exhs. 29-30.) None of the policy forms in Mt. Hawley's Issued Policy, on the other hand, is a policy form identified by a form number in its binders. (See Opp at 6:14-7:2, 7:9-17, fn. 13; Seavoy Decl., Exh. 10, at GS 01997; Kotara Decl., Exh. 4, at MTD 0008.)

7

The Court notes that, in SMV's former motion to admit evidence, SMV provides argument for why the binders' reference to "LMA5020 17/09/2005 Service of Suit (U.S.A.)," the contact information for "service of suit," and "ISO forms" for "Wording" is significant in showing that Mt. Hawley expressly consented to suit in SMV's chosen forum and did not disclose a purported New York forum selection clause prior to SMV's acceptance of coverage. (See Motion to Admit Evidence at 4:16-20, 5:8-23, 6:6-9; Opp at 5, fn. 8.) However, as Mt. Hawley contends, SMV failed to provide the Court with admissible evidence to support these arguments. (Mt. Hawley's Objections to Plaintiff's Exhibits 41, 42 & 43.) (Seavoy Decl., ¶ 17, Exh. 9.)

On the other hand, Mt. Hawley asks the Court to accept as true that SMV, through its sophisticated agents, should have known that Mt. Hawley's policy would follow the form of First Specialty's forum selection clause and that SMV or its agent was free to ask for copies of the policies included in its own binder prior to accepting coverage, as is purportedly standard in the insurance world. However, as SMV contends, there is no evidence of these contentions in the record.

The admissible evidence before the Court concerning SMV's argument that it did not have notice of the forum selection clause and therefore SMV did not freely and voluntarily enter into it is: (1) the June 29th, June 30th, July 2nd binders/quote and July 2nd quote did not state that the Mt. Hawley policy would follow form with First Specialty's Policy; (2) the June 29th, June 30th, July 2nd binders/quote and July 2nd quote did not contain reference to "New York" or explicitly contain a forum selection clause, other than by reference to a LEGAL ACTION CONDITION ENDORSEMENT; (3) SMV accepted coverage, as represented in the three binders/quotes and one quote, on June 30, 2020; and (4) the first time the New York forum selection clause was provided to Ricksmith (with a request to forward to AJG so that it could forward it to SMV) was when Mt. Hawley sent the Issued Policy to Ricksmith on August 28, 2020. Indeed, at oral argument, the Court asked counsel to direct it to evidence of the earliest date on which SMV might have received the policy form entitled LEGAL ACTION CONDITION ENDORSEMENT. Mt. Hawley's counsel did not dispute SMV's counsel's representation that the earliest was August 28, 2020.

8

Thus, at this juncture, the Court must examine whether the phrase LEGAL ACTION CONDITION ENDORSEMENT gave adequate notice to SMV that it was agreeing to the exclusive jurisdiction of New York as was later contained in the Issued Policy.

The case of *Hunt* is persuasive. (*Hunt, supra*, 81 Cal.App.4th 901.) There, the plaintiff, residing and operating a business in Maryland, submitted an application for credit through a third party for the purpose of purchasing equipment for the business. (*Id.* at 904.) The credit application was approved, and the third party delivered the financing documents to the plaintiff. (*Ibid.*) The plaintiff signed the financing documents including a guaranty. (*Ibid.*) The underlying purpose for the financing agreement fell through, and the plaintiff refused to pay the financer. (*Id.* at 905.) The financer brought an action against the plaintiff in California, contending that the plaintiff consented to California's exercise of jurisdiction under a forum selection clause in the guaranty. (*Id.* at 905, 907.)

The guaranty in *Hunt* stated that the plaintiff "Freely Consent to Personal Jurisdiction of the Applicable Jurisdiction and . . . Waive Trial by Jury." (*Id.* at 907.) The court held that "the quoted clause did not give sufficient notice that agreeing to the 'applicable jurisdiction' was an agreement to litigate disputes in California." (*Id.* at 908.) "The clause on its face recites only that the [plaintiffs] agree to submit to jurisdiction in the applicable jurisdiction and to waive jury trial. Standing alone, the clause does not identify California as the applicable jurisdiction. Accordingly, unless the documents elsewhere clearly define the term 'applicable jurisdiction' as used in the guaranty to mean California, the [plaintiffs'] signatures on the guaranty are not indicative of a valid forum selection clause; it does not give them notice they were consenting to California as the selected forum." (*Ibid.*) The court found that the guaranty did not define "applicable jurisdiction" nor was there definitional context given to "applicable jurisdiction" for the purposes of a forum selection clause. (*Id.* at 908-09.) Thus, the court concluded that "the [plaintiffs'] agreement to submit to jurisdiction in the applicable jurisdiction is not a valid forum selection clause compelling the [plaintiffs] to litigate in California because it does not give notice, much less adequate notice, that they were consenting to have California exercise personal jurisdiction over them in a dispute involving the [contract]." (*Id.* at 909.)

Here, Mt. Hawley contends that SMV has not shown that there is some other LEGAL ACTION CONDITION ENDORSEMENT form which does not contain a New York forum selection clause. However, at oral argument, the Court asked Mt. Hawley's counsel whether Mt.

9

Hawley is contending that SMV should have known, by the reference to LEGAL ACTION CONDITION ENDORSEMENT in the binder, that it meant the inclusion of a New York forum selection clause. Mt. Hawley's counsel responded "no."

The phrase "LEGAL ACTION CONDITION ENDORSEMENT" on its face, does not identify New York as the exclusive jurisdiction. Although the policy form that was eventually included with the Issued Policy entitled LEGAL ACTION CONDITION ENDORSEMENT provided a New York forum selection clause, the parties do not contend that any other document provided to SMV at any time prior to the Issued Policy provided notice of what that form contained.

As such, the mandatory forum selection clauses in the Issued Policy fail since SMV's acceptance of the binder which included reference to a LEGAL ACTION CONDITION ENDORSEMENT did not provide SMV any notice that, by accepting the binder, it was consenting to the exclusive jurisdiction of New York.

Where, as here, an insurer has purposely availed himself of activities in California, California courts have jurisdiction to adjudicate disputes under the contract. (*Burger King Corp. v. Rudzewicz* (1985) 471 U.S. 462, 478-79.)

### B. SMV did not Ratify the Mandatory Forum Selection Clause

Mt. Hawley argues that SMV ratified the Mandatory Forum Selection Clause in a letter sent from SMV's Public Adjuster on July 13, 2021 and by defense counsel on January 12, 2022. (Motion p. 11:6-24.) The Court is unconvinced by Mt. Hawley's argument. There is nothing in the Public Adjuster's letter that explicitly agrees that New York law applies to the interpretation of all of the insurance contracts at issue in this litigation (the letter is not a letter directed to Mt. Hawley alone but to all of the excess insurance carriers). (Kotara Decl. Ex. 7.) As to the letter from SMV's counsel to Mt. Hawley, SMV clearly reserved all of its rights with respect to the dispute between Mt. Hawley and SMV. (Burnick Decl. Ex. 12). This cannot possibly be construed as a ratification of the New York forum selection clause. Finally, Mt. Hawley's argument that the statements by the Public Adjuster and SMV's counsel are party or authorized admissions under Evidence Code sections 1220 and 1222 is nonsensical as these code sections address hearsay exceptions and not whether a statement by a party's agent amounts to a ratification of an undisclosed contract term.

10

### C. Mt. Hawley's Unsubstantiated Request for a Stay is Denied.

Although Mt. Hawley's motion is noticed in the alternative for a stay of this case pending the New York action initiated by Mt. Hawley, Mt. Hawley does not advance any arguments in support of a stay in its moving papers. The Court recognizes that a New York action was filed subsequent to the instant case and seeks declaratory relief regarding conditions in the Mt. Hawley Issued Policy in the context of the Glass Fire. (RJN, Exh. 22.) However, in the face of Mt. Hawley's omission from its moving papers to identify the factual and legal support of its alternative motion, it is not the Court's "obligation undertake its own search of the record 'backwards and forwards to try to figure out how the law applies to the facts' of the case. (*Quantum Cooking Concepts, Inc. v. LV Associates, Inc.* (2011) 197 Cal.App.4th 927, 934; see also *Chavez v. Netflix, Inc.* (2008) 162 Cal.App.4th 43, 52 [where appellant's motion was supported by deficient memorandum, trial court was justified in denying the motion on procedural grounds].) On this ground, Mt. Hawley's alternative motion to stay is DENIED but without prejudice to Mt. Hawley reasserting its requested relief in properly supported by sufficient argument and authority in its supporting papers.

### VI. CONCLUSION.

For the foregoing reasons, Defendants' Motion to Dismiss is DENIED[1]

August 17, 2022

Cynthia P. Smith, Judge

---

[1] In light of the Court's decision, it need not address SMV's alternate arguments that the Motion to Dismiss should be denied because the forum selection clause is unfair and unreasonable and denies SMV substantive rights.

11

## Superior Court of California
County of Napa
825 Brown Street
Napa, CA 94559

Case #: 22CV000270    **Spring Mountain Vineyards, Inc. vs Arthur J. Gallagher & Co. et al**

Jordan S Stanzler
390 Bridge PKWY STE 220
Redwood City, CA 94065

Kristi Weiler Dean
21052 Oxnard Street
WOODLAND HILLS, CA 91367

Jordon Edward Harriman
Lewis Brisbois Bisgaard & Smith LLP
633 West 5th Street, Suite 4000
LOS ANGELES, CA 90071

Michael Dale Prough
1550 Parkside DR STE 200
Walnut Creek, CA 94596

### Certificate of Mailing/Service

I hereby certify that I am not a party to this cause and that a copy of the Order After Hearing Denying Defendant Mt. Hawley Insurance Company's Motion To Dismiss was:

☒ **mailed** (first class postage pre-paid) in a sealed envelope
☐ **certified copy faxed** to Napa Sheriff's Department at (707) 253-4193
☐ **personal service** – personally delivered to the party listed above
☐ **placed in attorney/agency folders** in the ☐ Criminal Courthouse ☐ Historic Courthouse

at Napa, California on this date and that this certificate is executed at Napa, California this Date. I am readily familiar with the Court's standard practice for collection and processing of correspondence for mailing within the United States Postal Service and, in the ordinary course of business, the correspondence would be deposited with the United States Postal Service on the day on which it is collected at the Courthouse.

Date: 8/18/2022    **Robert E Fleshman, Court Executive Officer**

_____
Isabel Rodriguez, Deputy Court Executive Officer