# EXHIBIT 3



FILED
AUG 18 2022
Clerk of the Napa Superior Court
By:

SUPERIOR COURT FOR THE STATE OF CALIFORNIA,
COUNTY OF NAPA

| | |
|---|---|
| SPRING MOUNTAIN VINEYARDS, INC., <br><br> PLAINTIFF, <br><br> v. <br><br> LANDMARK AMERICAN INSURANCE COMPANY, KINSALE INSURANCE COMPANY, MT. HAWLEY INSURANCE COMPANY, HALLMARK SPECIALTY INSURANCE COMPANY, WESTERN WORLD INSURANCE COMPANY, AXIS SURPLUS INSURANCE COMPANY, ARTHUR J. GALLAGHER & CO. and DINA SMITH. <br><br> DEFENDANTS. | Case No.: 22CV000270 <br><br><br> ORDER AFTER HEARING DENYING DEFENDANTS' MOTION TO DISMISS <br><br><br><br><br><br><br> August 4, 2022, 8:30 am, Dept. A <br><br> Judge Cynthia P. Smith |

This matter came on for hearing on August 4, 2022 for the Insurers' (defined below) Motion to Dismiss Plaintiff Spring Mountain Vineyards, Inc.'s Complaint. Jordan S. Stanzler and Jay B. Spievack appeared on behalf of Spring Mountain Vineyard, Inc. ("SMV"). Jordon E. Harriman appeared on behalf of the Insurers. Michael D. Prough appeared on behalf of defendant Mt. Hawley Insurance Co. Kristi W. Dean and Alisa Morgenthaler appeared on behalf

of defendants Arthur J. Gallagher & Co. and Dina Smith. The Court took the matter under submission and now, having considered the argument of counsel as well as the moving, opposing and reply papers, rules as follows:

## I. PROCEDURAL MATTERS

Defendants Landmark American Insurance Company ("Landmark"), Kinsale Insurance Company ("Kinsale"), Hallmark Specialty Insurance Company ("Hallmark"), Western World Insurance Company ("Western World") and AXIS Surplus Insurance Company ("AXIS") (collectively, "Insurers") move for an order dismissing SMV's Complaint on the grounds that "this court is not a convenient forum for determination of the Complaint, as the policies of insurance entered into between SMV and the Insurers provide that the state or federal courts of New York are the exclusive jurisdiction with respect to any action or proceeding relating to the policies." (Notice at 1-2.)

## II. LEGAL STANDARD

"A defendant . . . may serve and file a notice of motion . . . [t]o stay or dismiss the action on the ground of inconvenient forum." (Code Civ. Proc., § 418.10, subd. (a)(2).) "When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just." (*Id.*, § 410.30, subd. (a).)

## III. LEGAL ANALYSIS

### A. Each Insurers' Policy Incorporates the Primary Insurers' Mandatory Forum Selection Clause

Insurers submit evidence that each issued separate excess policies which expressly stated that they are subject to the same terms and conditions as SMV's primary insurer First Specialty Insurance Corporation ("First Specialty"), to the extent there is no conflict with the Insurers' excess policies. (Declaration of Jordon E. Harriman ("Harriman Decl."), Exhs. B (Landmark Policy) at 14, 18 (pdf 100, 104), D (Hallmark Policy) at 5-6 (pdf 129-130), E (Western World Policy) at 9, 11 (pdf 178, 179), F (AXIS Policy) at 10-11 (pdf 206-207); Declaration of Connor Thompson ("Thompson Decl"), Exh. C (Kinsale Policy) at 4-5 (pdf 7-8).)

2

The First Specialty Policy contains an "Applicable Law; Court Jurisdiction" clause which states: "The laws of the State of New York, without regard to any conflict of laws rules that would cause the application of the laws of any other jurisdiction, shall govern the construction, effect, and interpretation of this insurance agreement. [¶] The parties irrevocably submit to the exclusive jurisdiction of the Courts of the State of New York and to the extent permitted by law the parties expressly waive all rights to challenge or otherwise limit such jurisdiction." (Harriman Decl., Exh. A, at 13 (pdf 16).)

SMV does not dispute that the provision in First Specialty's Policy is a mandatory forum selection clause and is incorporated into each of the Insurers' Policy to the extent it is not inconsistent with the terms of the Insurers' Policy.

Specifically, "[w]ith regard to their respective Service of Suit clauses, each Excess Policy expressly provides that their terms, conditions, endorsements, and other language controls." (Opp at 4, fn. 5, citing (1) Landmark Policy (Spievack Decl. Exh. 29 at LAN00019 (§ 6) [applying the First Specialty Policy's warranties, terms and conditions "EXCEPT AS OTHERWISE PROVIDED HEREIN"] and at LAN 000037 [Common Policy Conditions (noting that endorsements issued by Landmark amend and are "made part of this policy"]; (2) Kinsale Policy (Spievack Decl. Enh. 31 at KIN 0006 (§ A2) [the First Specialty Policy applies "to the extent there is no conflict with this Policy. In the event the terms [or] conditions. contained in the Primary and Underlying Excess Insurance are inconsistent or conflict with the terms of this Policy, this Policy shall apply"]; (3) Hallmark Specialty Policy (Spievack Decl. Exh. 34 at HSI 00007 (§ 1) ["EXCEPT AS OTHERWISE PROVIDED HEREIN, this Policy is subject to the same . . . terms, and conditions contained in [the First Specialty] Policy"] and at HSI 00015 (§ 10.0) ["If this Policy follows Lead Insurance Policy . . . the terms and conditions of this Policy and endorsements attached hereto shall determine the coverage afforded by this Policy"]; (4) Western World Policy (Spievack Decl. Exh. 36 at WW00012 (§ 1.b.a) ["The terms, conditions and exclusions of the First Underlying Insurance Policy are made part of this policy, except with respect to any: a. Contradictory provisions contained in this policy . . . With respect to these provisions, the provisions of this policy will apply."]; and (5) AXIS Policy (Spievack Decl. Exh.. 38 at AX 00012 (§ 1) ["EXCEPT AS OTHERWISE PROVIDED HEREIN [in the AXIS Policy], this policy is subject to the same" terms as in the First Specialty Policy] and AX 00019-20 ["If

3

this Policy follows Lead Insurance Policy or is attached to another policy, the terms and conditions of this Policy and endorsements attached hereto shall determine the coverage afforded by this Policy."].)

Although each excess policy uses slightly different language to assert that its respective terms, conditions, endorsements, and other language control over First Specialty Policy's language, it is clear based upon the plain language of each of those excess policies that, if the Court finds that the First Specialty Policy's New York forum selection clause is inconsistent with the excess policies' provisions, the excess policies control.

### B. The "Service of Suit" Endorsements in the Insurers' Policies

Insurers recognize that each of the Insurers' Policies contains a "Service of Suit" endorsement, as follows (Support Memo at 2:7-13:3):

The Landmark Policy contains a separate attachment entitled "Service of Suit (California)" which states: "It is agreed that in the event of the failure of this Company to pay any amount claimed to be due hereunder, this Company, at the request of the Insured, will submit to the jurisdiction of any Court of Competent Jurisdiction within the United States. Nothing in this condition constitutes or should be understood to constitute a waiver of the Company's rights to commence an action in any Court of competent jurisdiction in the United States, to remove an action to a United States District Court or seek a transfer of a case to another Court as permitted by the laws of the United States or of any state in the United States, moreover, this endorsement is not an agreement that the laws of a particular jurisdiction applies to any dispute under the policy. (Harriman Decl., Exh B, at 19 (pdf 105).)

The Kinsale Policy's "Service of Suit" provision states: "In the event of the failure of the Company to pay any amount claimed to be due under this Policy, the Company will submit to the jurisdiction of any court of competent jurisdiction within the United States of America or Canada. All matters arising under this Policy shall be determined in accordance with the choice of law rules of such court. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's rights to commence an action in any Court of competent jurisdiction in the United States, to remove an action to a United States District Court, or to seek a transfer of a case to another Court as permitted by the laws of the United States or to any State in the United States." (Thompson Decl., Exh C, at 9 (pdf 12).)

4

The Hallmark Policy contains a separate attached entitled "Service of Suit Endorsement" which states: "If the insured requests, the company will submit to the jurisdiction of any court of competent jurisdiction. The company will accept the final decision of that court or any Appellate Court in the event of an appeal." (Harriman Decl., Exh. D, at 26 (pdf 150).)

The Western World Policy contains a separate attachment entitled "Service of Suit" which states: "The Company appoints the Commissioner of Insurance as its true and lawful attorney for acceptance of service of all legal process issued in this state in any action, suit, or proceeding arising out of this contract of insurance The Company authorizes the Commissioner to forward such process to [¶,] in California: Richard Glucksman, Chapman Glucksman, 11900 West Olympic Boulevard, Suite 800, Los Angeles, CA 90064[¶,] all other states: Western World Insurance Group, Claims Department, 300 Kimball Drive, Suite 500, Parsippany, NJ 07054 [¶] The above-named are authorized to accept service of process on behalf of the Company in any legal proceeding in the applicable state(s)." (Harriman Decl., Exh. E, at 8 (pdf 177).)

The AXIS Policy contains a separate attachment entitled "Service of Suit California," which states: "All lawful process may be served in any action, suit or proceeding instituted in California by or on behalf of any Insured or beneficiary under this Policy against the Company arising out of this Policy, upon the Company's registered agent at the following address: Ms. Melissa DeKoven Corporation Service Company 2710 Gateway Oaks Drive #150N Sacramento, CA 95833." (Harriman Decl., Exh. F, at 30 (pdf 226).) The AXIS Policy further states that "If this Policy follows a Lead Insurance Policy or is attached to another policy, the terms and conditions of this Policy and endorsements attached hereto shall determine the coverage afforded by this Policy." (Harriman Decl., Exh. F, at 19-20 (pdf 214-215).)

Insurers argue that the "Service of Suit" provisions in the AXIS and Western World Policies do not conflict with the mandatory forum selection clause. (Support Memo at 13:3-4.) In opposition, SMV contends that these provisions explicitly consent to suit in California. (Opp at 2:3-4.)

As to the Landmark, Kinsale, and Hallmark Policies, Insurers argue that the remaining "Service of Suit" endorsements do not conflict with the mandatory forum selection clause, relying on *Boghos v. Certain Underwriters, supra,* 36 Cal.4th 495 where the court held that a service of suit clause did not supersede an arbitration clause. (Support Memo at 13:9-10.)

5

### C. The "Service of Suit" Endorsements in the Landmark, Kinsale, and Hallmark Policy, by Which the Insurers Respectively Agree to Submit to Jurisdiction of Any Court, Controls Over the Mandatory Forum Selection Clause

With respect to the Landmark, Kinsale, and Hallmark Policies, those "Service of Suit" provisions clearly and unequivocally state that the insurer "will submit to the jurisdiction of any court of competent Jurisdiction within the United States." (Harriman Decl., Exh B, at 19 (pdf 105), Exh. D, at 26 (pdf 150), Thompson Decl., Exh C, at 9 (pdf 12).) "The fundamental rules governing the interpretation of contracts apply equally to the construing of insurance contracts. . . . If the language of the insurance contract is clear and explicit, it governs." (*Pardee Constr. Co. v. Ins. Co. of the W.* (2000) 77 Cal.App.4th 1340, 1352.) In this context, the "Service of Suit" provisions constitute forum selection clauses.

Thus, the "Service of Suit" clauses are inconsistent with the conflicting forum selection clause in First Specialty's Policy requiring that "the parties irrevocably submit to the exclusive jurisdiction of the Courts of the State of New York and to the extent permitted by law the parties expressly waive all rights to challenge or otherwise limit such jurisdiction." (Harriman Decl., Exh. A, at 13 (pdf 16).)

Unlike *Boghos* where the court found a way for an arbitration clause and a forum selection law, included in the same policy, to exist in harmony because courts are often called upon to facilitate enforcement of arbitration clauses, there is no reasonable way to harmonize the "Service of Suit" clauses in the Landmark, Kinsale, and Hallmark Policies with the forum selection clause in the First Specialty Policy. Nor is the Court persuaded it should interpret the two conflicting clauses as Insurers argue it should in reply – that the "Service of Suit" clauses apply only to the respective insurer, but not the insured, who is still bound to the forum selection clause. Interpreting the clauses in that way would render the "Service of Suit" clause meaningless. For instance, if SMV is bound by the forum selection clause requiring exclusive jurisdiction in New York, then the Insurers agreement in the "Service of Suit" clause to submit to "*any* court of competent jurisdiction" if requested by SMV has no purpose whatsoever.

At oral argument, the Insurers argued that the "Service of Suit" clauses are not illusory as they govern how the Insurers may be served, not where. Yet at least with respect to the Landmark, Kinsale, and Hallmark Policies, the Court does not interpret them as only providing for the "how" service may be effectuated instead of "where" suit may proceed. The language is

00069

clear in these polices (e.g. in the Kinsdale Policy "the Company will submit to the jurisdiction of any court of competent jurisdiction..." Thompson Decl., Exh C, at 9 (pdf 12)) and where "the language of the insurance contract is clear and explicit, it governs." (Civil Code § 1638; *Pardee Constr. Co. v. Ins. Co. of the W., supra*, 77 Cal. App. 4th at 1352.) Because the Insurers' Policies provide that their respective provisions control over inconsistent or conflicting terms in First Specialty's Policy, the "Service of Suit" provisions in the Landmark, Kinsale, and Hallmark Policies are controlling. Clearly, if SMV seeks to sue Landmark, Kinsale and Hallmark in California, it may do so.

### D. The "Service of Suit" Endorsements in the AXIS and Western World Policies are Ambiguous and Inconsistent with the New York Forum Selection Clause and Therefore Suit in California is Proper.

The AXIS and Western World Policies' "Service of Suit" clauses contemplate that an action, suit, or proceeding can be instituted in California by SMV. However, their language is not an express agreement by the Insurers to submit a dispute to the courts of California, contrary to SMV's contention. Instead, these provisions explain how a lawsuit filed in California may be served on the companies.

In interpreting these clauses, the Court finds the AXIS and Western World "Service of Suit" provisions, while not expressly consenting to a lawsuit in California, are in conflict with the First Specialty New York forum selection clause. To conclude otherwise would make these provisions nonsensical and illusory, as there would be no need to spell out "how" a California lawsuit could be served, if the forum selection clause allows suits to be brought in New York alone.

Because of the conflicting language, the Court finds the AXIS and Western World "Service of Suit" provisions are ambiguous. When a contract or contract language is ambiguous, that ambiguity is interpreted against the drafter(s), in this case AXIS and Western World. (Civil Code § 1654.) Moreover, insurance coverage is to be "interpreted broadly so as to afford the greatest possible protection to the insured..." (See, e.g. *McKinnon v. Truck Ins. Exchange* (2003) 31 Cal. 4th 635, 648.) Finally, while the Insurers did not argue that the AXIS and Western World "Service of Suit" clauses might be harmonized with the New York forum selection clause under *Boghos v. Certain Underwriters, supra*, 36 Cal.4th 495, the Court has

7

considered the impact of *Boghos*, and for the same reasons set forth in Section III(C) finds *Boghos* unpersuasive.

Because the Insurers' Policies provide that their respective provisions control over inconsistent or conflicting terms in First Specialty's Policy, the inconsistent and ambiguous contract language, as well as California law that mandates a broad interpretation of insurance coverage in favor of the insured, the Court interprets the "Service of Suit" language in SMV's favor and finds that suit in California is proper.

IV. CONCLUSION.

For the foregoing reasons, Defendants' Motion to Dismiss is DENIED.

August 16, 2022

Cynthia P. Smith, Judge

# Superior Court of California
County of Napa
825 Brown Street
Napa. CA 94559

Case #: 22CV000270    Spring Mountain Vineyards, Inc. vs Arthur J. Gallagher & Co. et al

Jordan S Stanzler
390 Bridge PKWY STE 220
Redwood City, CA 94065

Kristi Weiler Dean
21052 Oxnard Street
WOODLAND HILLS, CA 91367

Jordon Edward Harriman
Lewis Brisbois Bisgaard & Smith LLP
633 West 5th Street, Suite 4000
LOS ANGELES, CA 90071

Michael Dale Prough
1550 Parkside DR STE 200
Walnut Creek, CA 94596

### Certificate of Mailing/Service

I hereby certify that I am not a party to this cause and that a copy of the Order After Hearing Denying Defendant's Motion To Dismiss was:

☒ **mailed** (first class postage pre-paid) in a sealed envelope
☐ **certified copy faxed** to Napa Sheriff's Department at (707) 253-4193
☐ **personal service** – personally delivered to the party listed above
☐ **placed in attorney/agency folders** in the ☐ Criminal Courthouse ☐ Historic Courthouse

at Napa, California on this date and that this certificate is executed at Napa, California this Date. I am readily familiar with the Court's standard practice for collection and processing of correspondence for mailing within the United States Postal Service and, in the ordinary course of business, the correspondence would be deposited with the United States Postal Service on the day on which it is collected at the Courthouse.

Date: 8/18/2022                    **Robert E Fleshman, Court Executive Officer**

Isabel Rodriguez, Deputy Court Executive Officer