# EXHIBIT 9

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Victor A. Sahn (CA Bar No. 97299)<br>  victor.sahn@gmlaw.com<br>Mark S. Horoupian (CA Bar No. 175373)<br>  mark.horoupian@gmlaw.com<br>Steven F. Werth (CA Bar No. 205434)<br>  steven.werth@gmlaw.com<br>Greenspoon Marder LLP<br>a Florida limited liability partnership<br>333 South Grand Ave., Suite 3400<br>Los Angeles, CA 90071<br>Telephone: 213.626.2311<br>Facsimile: 954.771.9264<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorneys for Spring Mountain Vineyard Inc.* | |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA – SANTA ROSA DIVISION**

| In re:<br><br>SPRING MOUNTAIN VINEYARD INC., a Delaware corporation,<br><br>Federal EIN: 36-3844911<br><br>                                              Debtor(s) | CASE NO.: 1:22-bk-10381 CN<br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:**(title of motion[1]): **APPLICATION TO EMPLOY, FOR A SPECIFIED SPECIAL PURPOSE, COHEN TAUBER SPIEVACK & WAGNER P.C. AS SPECIAL LITIGATION COUNSEL; DECLARATION CONSTANTINE S. YANNIAS; DECLARATION OF JAY B. SPIEVACK** |

PLEASE TAKE NOTE that the order titled **ORDER APPROVING APPLICATION TO EMPLOY, FOR A SPECIFIED SPECIAL PURPOSE, COHEN TAUBER SPEIVACK & WAGNER P.C. AS SPECIAL LITIGATION COUNSEL** was lodged on *(date)* <u>December 13, 2022</u> and is attached. This order relates to the motion which is docket number <u>81</u>.

---

[1] Please abbreviate if title cannot fit into text field

# EXHIBIT A

| | |
|---|---|
| 1   Victor A. Sahn (CA Bar No. 97299) | |
|     *victor.sahn@gmlaw.com* | |
| 2   Mark S. Horoupian (CA Bar No. 175373) | |
|     *mark.horoupian@gmlaw.com* | |
| 3   Steven F. Werth (CA Bar No. 205434) | |
|     *steven.werth@gmlaw.com* | |
| 4   Greenspoon Marder LLP | |
|     a Florida limited liability partnership | |
| 5   333 South Grand Ave., Suite 3400 | |
|     Los Angeles, CA 90071 | |
| 6   Telephone: 213.626.2311 | |
|     Facsimile: 213.954.771.9264 | |

Attorneys for Debtor and Debtor in Possession
Spring Mountain Vineyard Inc.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SANTA ROSA DIVISION

| | |
|---|---|
| In re: | Case No. 1:22-bk-10381 CN |
| SPRING MOUNTAIN VINEYARD INC., a Delaware corporation, | Chapter 11 |
| Debtor. | **ORDER APPROVING APPLICATION TO EMPLOY, FOR A SPECIFIED SPECIAL PURPOSE, COHEN TAUBER SPEIVACK & WAGNER P.C. AS SPECIAL LITIGATION COUNSEL** |
| Federal EIN: 36-3844911 | [Related to Docket No. 81] |
| | **Continued Hearing Information**<br>Date:    December 8, 2022<br>Time:    3:30 p.m.<br>Place:   Courtroom 215<br>              1300 Clay Street<br>              Oakland, CA 94612 |

On October 31, 2022, Spring Mountain Vineyard Inc., the above-captioned debtor in possession ("Debtor") filed its "Application To Employ, For A Specified Special Purpose, Cohen Tauber Spievack & Wagner P.C. As Special Litigation Counsel" [Docket No. 81], and subsequently filed its "Supplement To Application To Employ, For A Specified Special Purpose, Cohen Tauber Spievack & Wagner P.C. As Special Litigation Counsel" [Docket No. 142] (collectively, the "Application").[1]

This Court having considered the Application, including all pleadings, declarations, and exhibits thereto, the "Objection To Employment Applications" [Docket No. 118] filed by unsecured creditor Francois Freres USA, Inc., the "Objection And Reservation Of Rights Of The United States Trustee To Application To Employ Cohen Tauber Spievack & Wagner As Special Litigation Counsel (ECF No. 81)" [Docket No. 122] filed by Tracy Hope Davis, United States Trustee for Region 17, the "Omnibus Reply To United States Trustee's Objections To Debtor's Employment Applications" [Docket. No. 133] (the "Reply") filed by the Debtor, "MGG California, LLC's Omnibus Statement In Support Of The Debtor's Application To Retain Professionals" [Docket No. 135] and the record in this case; and this Court having jurisdiction to consider the Application and the relief requested therein; and due and proper notice of the Application having been provided to all necessary parties, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtor, its estate, creditors, and all other parties in interest, and that the legal and factual bases for approval of the Application establish just cause for the relief granted herein; and good cause appearing therefor,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Application is APPROVED as set forth herein.

2. The Debtor is authorized to employ Cohen Tauber Spievack & Wagner P.C. ("CTSW") to act as the Debtor's insurance litigation counsel for the specified special purpose set forth in the Application, effective as of September 29, 2022, pursuant to 11 U.S.C. §§ 327(e) and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Application.

169
Case 22-10381 Doc #150-9 Filed 12/03/22 Entered 12/03/22 23:20:08 Page 4 of 58
Case 22-10381 Doc #185 Filed 12/02/22 Entered 12/02/22 17:20:07 Page 2 of 9

subject to the terms of this Order.

3. CTSW shall be entitled to a 33.3% contingency fee from any recovery obtained by CTSW in the California State Litigation or the New York Federal Litigation (collectively, the "<u>Litigation</u>") arising from the wildfire known as the Glass Fire (the "<u>Contingency Fee</u>"). The Contingency Fee will be capped by the value of CTSW's hourly fees incurred by CTSW in the Litigation (the "<u>Hourly Fees</u>"). Additionally, first monies recovered shall be applied to payment of the Contingency Fee first until CTSW has been paid the lesser of 33.3% of the recovery or the total value of its Hourly Fees (calculated by including prepetition and position petition hourly fees) to date.

4. The Debtor is authorized to advance litigation expenses that are expected to be incurred in connection with the Litigation, subject to any limitations on the Debtor's use of cash collateral. Subject to and consistent with any cash collateral stipulations or orders, cash collateral usage, post-petition financing, or related budgets approved by the Court, CTSW shall be compensated for its services and reimbursed for any related expenses in accordance with the terms of this Order.

5. The Firm shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under the United States Code by Attorneys in Larger Chapter 11 Cases, in connection with the Application and any interim and/or final fee application(s) filed by the Firm in this case.

6. The Firm shall be compensated pursuant to the terms of this Order and in accordance with procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Fee Guidelines, and any applicable orders of this Court, and may file interim and final applications for allowance of its compensation and expenses in accordance with the foregoing, which applications shall be subject to sections 330 and 331 of the Bankruptcy Code.

7. The Firm shall be reimbursed for reasonable and necessary expenses as provided in this Order and by the Fee Guidelines.

8. To the extent that there may be any inconsistency between the terms of the Application and this Order, the terms of this Order shall govern.

9. This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

**\*\* END OF ORDER\*\***

COURT SERVICE LIST

SERVICE OF THE ORDER IS NOT NECESSARY.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Hope Street, Ste. 3400, Los Angeles, CA 90071-1406.

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 13, 2022 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Dean C. Burnick dcb@proughlaw.com
Jacquelyn H. Choi jacquelyn.choi@rimonlaw.com, docketing@rimonlaw.com
Trevor Ross Fehr trevor.fehr@usdoj.gov
Mark S Horoupian mark.horoupian@gmlaw.com, cheryl.caldwell@gmlaw.com
Thomas Philip Kelly tomkelly@sonic.net
Steve Ma sma@proskauer.com
Jeff J. Marwil jmarwil@proskauer.com
Randall P. Mroczynski rmroczynski@cookseylaw.com
Office of the U.S. Trustee / SR USTPRegion17.SF.ECF@usdoj.gov
Elvina Rofael elvina.rofael@usdoj.gov, Katina.Umpierre@usdoj.gov,GemMil.Langit@usdoj.gov
Victor A. Sahn victor.sahn@gmlaw.com, Karen.Files@gmlaw.com
Michael St. James ecf@stjames-law.com
John G. Warner warnerwest@aol.com
Ashley M. Weringa aweringa@proskauer.com
Steven F. Werth steven.werth@gmlaw.com, Patricia.Dillamar@gmlaw.com
Peter J Young pyoung@proskauer.com

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 13, 2022 | Patricia Dillamar | /s/Patricia Dillamar |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |