Jeff J. Marwil (admitted *pro hac vice*)
PROSKAUER ROSE LLP
70 West Madison, Suite 3800
Chicago, Illinois 60602
Telephone: (312) 962-3550
Facsimile: (312) 962-3551
Email: jmarwil@proskauer.com

Peter J. Young (admitted *pro hac vice*)
Steve Ma (CA Bar No. 320997)
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: (310) 557-2900
Facsimile: (310) 557-2193
Email: pyoung@proskauer.com
sma@proskauer.com

*Counsel for MGG California, LLC*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SANTA ROSA DIVISION**

| | |
|---|---|
| In re:<br><br>SPRING MOUNTAIN VINEYARD INC.,<br>                         Debtor. | **Chapter 11**<br><br>**Case No. 22-10381 CN**<br><br>**Judge Charles Novack**<br><br>**MGG CALIFORNIA, LLC'S STATEMENT IN SUPPORT OF DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY FILED BY MT. HAWLEY INSURANCE COMPANY**<br><br>Re: ECF Nos. 229, 251 |

## TABLE OF CONTENT

|   | Page |
|---|---|
| **Background** | 1 |
|     Sale Process | 1 |
|     The Debtor's Insurance Coverage | 2 |
|     The Glass Fire | 2 |
|     The California Action | 2 |
|     The NY Action | 6 |
|     Mt. Hawley's Motion for Stay Relief | 7 |
| **Statement** | 7 |
|     The Tucson Estates Factors Are Inapplicable | 8 |
|     The Curtis Factors Favor Denial of the Motion | 10 |

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Fin. Oversight & Mgmt. Bd. v. Ad Hoc Grp. of PREPA Bondholders (In re Fin. Oversight & Mgmt. Bd.)*,
  899 F.3d 13 (1st Cir. 2018) ...................................................................................10

*Grella v. Salem Five Cent. Sav. Bank*,
  42 F.3d 26 (1st Cir. 1994) ........................................................................................9

*In re Cummings*,
  221 B.R. 814 (Bankr. N.D. Ala. 1998) ..................................................................10

*In re Curtis*,
  40 B.R. 795 (Bankr. D. Utah 1984) .........................................................................9

*In re Kronemyer*,
  405 B.R. 915 (9th Cir. B.A.P. 2009) ........................................................................9

*In re Murrin*,
  477 B.R. 99 (D. Minn. 2012) .................................................................................10

*In re Plumberex Specialty Prods., Inc.*,
  311 B.R. 551 (Bankr. C.D. Cal. 2004) ....................................................................9

*In re Taub*,
  413 B.R. 55 (Bankr. E.D.N.Y. 2009) .....................................................................10

*In re Tucson Estates, Inc.*,
  912 F.2d 1162 (9th Cir. 1990) .............................................................................8, 9

*In re Universal Life Church, Inc.*,
  127 B.R. 453 (E.D. Cal. 1991) .................................................................................9

*Sonnax Indus., Inc. v. TriComponent Prods. Corp. (In re Sonnax Indus., Inc.)*,
  907 F.2d 1280 (2d Cir. 1990) ...................................................................................9

**STATUTES**

11 U.S.C. § 362(d) ............................................................................................................7

28 U.S.C. § 1334 ...............................................................................................................8

MGG California, LLC, as administrative agent, collateral agent, and DIP agent ("MGG"), respectfully submits this statement (the "Statement") to in support of the *Opposition to Motion for Relief from Automatic Stay Filed By Mt. Hawley Insurance Company* [ECF No. 251] (the "SMV Objection") filed by Spring Mountain Vineyard Inc. ("SMV" or the "Debtor") in opposition to the *Motion for Relief from Automatic Stay* [ECF No. 229] (the "Motion") filed by Mt. Hawley Insurance Company ("Mt. Hawley"). In support of this Statement, MGG respectfully states as follows:

**Background**

***Sale Process***. Following the commencement of this chapter 11 case, the Debtor and MGG agreed upon the terms of, and this Court entered, a final order[1] setting forth, among other things, (i) the terms governing the Debtor's use of MGG's cash collateral and (ii) milestones for the marketing and sale of all or substantially all of SMV's assets.

On January 27, 2023, the Court approved, on a final basis [ECF No. 224] (the "Final DIP Order"), the Debtor's request to obtain $4 million of new money post-petition financing from MGG to fund the Debtor's operations to April 15, 2023, the deadline to close a sale transaction pursuant to the sale milestones agreed upon pursuant to the Cash Collateral Order and the Final DIP Order.

On February 15, 2023, the Court approved the Debtor's request to establish certain bid procedures in furtherance of the sale milestones pursuant to the *Motion for Entry of (I) an Order Approving Auction and Bid Procedures for the Sale of its Wine Vineyard Business Including Real*

---

[1] *Second Interim Order: (I) Authorizing the Debtor to Utilize Cash Collateral of Prepetition Secured Parties Through November 4, 2022; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and 4001(c); and (IV) Granting Related Relief* [ECF No. 76], as extended [ECF No. 92] and approved on a final basis [ECF No. 120], (the "Cash Collateral Order").

*Property, Rights Running with the Certain Real Property, Wine Inventory, Certain Vineyard Business Rights and Contract Rights and (II) Granting Related Relief* [ECF No. 204] (the "Bid Procedures Motion").

**The Debtor's Insurance Coverage**. The Debtor's property insurance coverage is provided by eight (8) insurance companies comprised of (i) primary property insurance provided by two insurers, (ii) first layer excess property insurance provided by Kinsale Insurance Company ("Kinsale") and Landmark American Insurance Company ("Landmark"), (iii) second layer excess insurance provided by Mt. Hawley, (iv) third layer excess insurance provided by Hallmark Specialty Insurance Company ("Hallmark") and Western World Insurance Company ("Western World"), and (v) fourth layer excess insurance provided by AXIS Surplus Insurance Company ("AXIS"). *Spievack Decl.* at 4:15-4:27, 5:24-5:26.[2] The Debtor's total property insurance program provided $35,565,435 in coverage. *Id.* at 5:26-5:27.

**The Glass Fire**. On September 27, 2020, the Debtor sustained damage to its property in the wildfire known as the "Glass Fire." The two primary insurers paid their full $5 million combined policy limit to the Debtor in connection with the Glass Fire. The two first layer insurers, Kinsale and Landmark, agreed to pay only an additional approximately $2.4 million. Landmark and Kinsale, together with the Debtor's four remaining excess insurers (including Mt. Hawley) refused to honor their respective obligations to pay the Debtor approximately $28 million pursuant to the paid-for excess insurance policies. *Id.* at 4:20-5:05.

**The California Action**. On March 11, 2022, the Debtor commenced an action, captioned *Spring Mountain Vineyards, Inc. v. Landmark American Ins. Co.*, Case No. 22CV000270 (the

---

[2] The "Spievack Declaration" refers to the *Declaration of Jay B. Spievack in Opposition to Motion for Relief from Automatic Stay Filed by Mt. Hawley Insurance Company* [ECF No. 250].

"California Action"), in the Superior Court of California, County of Napa (the "Superior Court") against Kinsale, Landmark, Mt. Hawley, Hallmark, Western World, and AXIS, and the Debtor's insurance advisors and brokers, seeking approximately $28 million in unreimbursed commercial property damage and losses caused by the Glass Fire. *Spievack Decl.* at 3:22, 5:22-6:01, 15:27. The California Action has not been stayed, and is proceeding forward. *Id.* at 12:16-12:18.

On May 20, 2022, Mt. Hawley filed a motion to dismiss or stay the California Action, which was predicated on a purported mandatory New York forum selection clause (the "FSC") requiring the Debtor to bring its action against Mt. Hawley in New York. The other excess insurers also filed a motion to dismiss the California Action based on their respective FSCs. *Id.* at 6:04-6:07, 6:23-6:24.

On the August 4, 2022, the Superior Court held a hearing to consider the motions to dismiss or stay the California Action. *Id.* at 7:23-7:24.

On August 18, 2022, the Superior Court entered its *Order After Hearing Denying Defendant Mt. Hawley Insurance Company's Motion to Dismiss* (Exhibit 2 to *Spievack Decl.*, the "Mt. Hawley Denial Order"). The Superior Court held that (1) because Mt. Hawley failed to sufficiently disclose the FSC to the Debtor at or before its policy's effective date, the FSC is invalid, and (2) because Mt. Hawley purposely availed itself of activities in California, the California Action is permissible. Mt. Hawley Denial Order at 3-10.[3] The Superior Court further held that the Debtor did not ratify the New York FSC in the Mt. Hawley policy, and denied, without prejudice, Mt. Hawley's request to stay the California Action. *Id.* at 10-11.

---

[3] Since the Superior Court found that the FSC was invalid, it held that "it need not address SMV's alternative arguments that the Motion to Dismiss should be denied because the forum selection clause is unfair and unreasonable and denies SMV substantive rights." (Mt. Hawley Denial Order at 11, n. 1).

3

The Superior Court also denied the other insurers' motion to dismiss pursuant to an order, dated August 18, 2022, because certain "service of suit" clauses permitted the Debtor to commence the California Action in the Superior Court (Exhibit 3 to *Spievack Decl.*, the "Other Defendants' Denial Order"). The other excess insurers did not appeal the Other Defendants' Denial Order. *Spievack Decl*. at 8:26-8:27.

On August 31, 2022, Mt. Hawley filed with the Court of Appeal of the State of California, First Appellate District (the "Court of Appeal"), a petition for writ of mandate and request for a stay of the California Action pending the court's review of the Mt. Hawley Denial Order, which the Court of Appeal denied on September 27, 2022. *Id*. at 9:02-9:09; Exhibit 4 to *Spievack Decl*.

On October 7, 2022, after the automatic stay went into effect, Mt. Hawley filed a petition for review and stay of the California Action pending the California Supreme Court's review of the Mt. Hawley Denial Order, which the California Supreme Court denied on November 22, 2022. *Spievack Decl.* at 10:22-11:05; Exhibit 6 to *Spievack Decl*.

On October 24, 2022, the Debtor filed its *Second Amended Complaint* (the "Debtor's SAC"), seeking relief and asserting claims for (i) declaratory judgment, (ii) breach of contract, (iii) alternative breach of contract, (iv) alternative declaratory judgment, (v) breach of implied covenant of good faith and fair dealing, (vi) negligence, (vii) negligent misrepresentation, and (viii) breach of fiduciary duty. Exhibit 8 to *Spievack Decl*.

On December 22, 2022, Mt. Hawley filed its *Notice of Demurrer and Demurrer to Plaintiff's Second Amended Complaint* (the "Mt. Hawley Demurrer") to the second, third and fifth causes of action (breach of contract and the implied covenant claims) in the Debtor's SAC, and asserting the Superior Court should dismiss such causes of action under New York law.

4

Exhibit 7 to *Spievack Decl.* Hallmark, Western World, and AXIS (the second through fourth layer excess insurers) also filed a demurrer to the Debtor's SAC. *Spievack Decl.* at 11:26-11:16.

On February 2, 2023, the Superior Court (i) held a case management conference ("CMC") on February 2, 2023, and scheduled its next CMC for April 14, 2023 (i*d.* at 13:10-13:11), and (ii) heard oral argument on the respective demurrers filed by Mt. Hawley, Hallmark, Western World and AXIS (*id.* at 12:03-12:08).

On February 16, 2023, the Superior Court entered an order sustaining Hallmark, Western World, and AXIS's demurrer. On February 17, 2023, the Superior Court sustained Mt. Hawley's demurrer. *Id*. Mt. Hawley, Hallmark, Western World and AXIS did not demur against the Debtor's first and fourth causes of actions, and answers to these causes of action remain pending. *Id.* 12:08-12:11. Defendants Kinsale, Landmark, Arthur Gallagher & Co. ("Gallagher") and Dina C. Smith ("Smith," together with Gallagher, "AJG") already answered the SAC and asserted various affirmative defenses. *Id.* 12:11-12:14.

Discovery is proceeding in the California Action. *Id.* at 12:16-13:09. The Debtor has requested the production of documents from (a) all the defendants; (b) Mt. Hawley's producer RiskSmith Insurance Services, Inc.; (c) the excess insurer defendants' claim adjustor McLarens Insurance; (d) the wholesale broker Brown & Riding Insurance Services, Inc.; and (e) primary insurer First Specialty Insurance Corporation. Over 75,000 pages of discovery have been produced in the California Action, with additional production pending. The insurer defendants refused to produce any documents in response to the Debtor's Second Request for Production. The Debtor and those defendants (including Mt. Hawley) agreed to meet and confer shortly after the Superior Court's decision on the demurrers. *Id.* at 13:19-13:21.

On February 9, 2023, defendant AJG served its First Request for the Production of Documents on the Debtor. The Debtor expects that, by the April 14, 2023 CMC, it will seek from the Superior Court discovery deadlines and a set trial date. *Id.* at 13:06-13:14.

***The NY Action***. On April 19, 2022, Mt. Hawley commenced a separate action, captioned *Mt. Hawley Ins. Co. v. Spring Mountain Vineyards, Inc.*, Case No. 22-cv-03191-GHW (the "NY Action"), in the United States District Court for the Southern District of New York (the "NY Court"), seeking a declaratory judgment relating to the terms of the insurance policy issued by Mt. Hawley, which is the subject of the California Action. *Id.* at 3:22:3:24, 6:01-03.

On June 29, 2022, the NY Court entered the *Civil Case Management Plan and Scheduling Order* (NY Action, ECF No. 24), setting a fact discovery and deposition deadline of December 16, 2022, and expert discovery deadline of February 24, 2023.

On July 28, 2022, the Debtor moved to dismiss or stay the NY Action pursuant to the *Brillhart/Wilton* federal abstention doctrine, asserting the NY Court should dismiss or stay the NY Action in favor of the first-filed more comprehensive California Action. *Id.* at 6:16-6:21.

On August 16, 2022, following the August 4, 2022 hearing in the California Action regarding Mt. Hawley's motion to dismiss or stay the California Action, Mt. Hawley filed its First Amended Complaint (the "FAC"), adding a claim for breach of the FSCs and an additional declaratory judgment claim. On August 17, 2022, the NY Court denied the Debtor's abstention motion as moot. *Id.* at 7:02-7:06.

On September 23, 2022, the Debtor filed its second motion to dismiss or stay the NY Action pursuant to the *Brillhart/Wilton* and/or *Colorado River/Moses Cone* abstention doctrines.

On September 29, 2022, Mt. Hawley renewed its request for a one-month extension (from October 14, 2022, until November 14, 2022) to respond to the Debtor's motion to dismiss or stay

so that it could allegedly take unrestricted deposition discovery to oppose the Debtor's motion. In its request, Mt. Hawley did not inform the NY Court that, on September 27, 2022, the Court of Appeal denied Mt. Hawley's petition for a writ and request for a stay of the California Action. The NY Court, without the benefit of Debtor's reply, granted in part and denied in part Mt. Hawley's request. *Spievack Decl*. at 8:16-9:12.

On September 29, 2022, the Debtor commenced this chapter 11 case. The NY Court stayed the NY Action and directed the Clerk of the Court to terminate the Debtor's second abstention motion. *Id.* at 8:10-8:11.

No depositions have been conducted in the NY Action. The majority of discovery that Mt. Hawley claims has been taken was no greater than what has currently been done in the California Action. *Id.* at 14:01-14:03.

**Mt. Hawley's Motion for Stay Relief**. On February 2, 2023, Movant filed the Motion, seeking relief from the automatic stay pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") to allow the NY Action to proceed to judgment and any appeal therefrom.

On February 21, 2023, the Debtor filed the SMV Objection. A hearing to consider the relief requested in the Motion is scheduled for March 1, 2023 at 11:00 a.m. (prevailing Pacific time).

**Statement**

Mt. Hawley fails to meet its burden to establish a *prima facie* case for stay relief pursuant to section 362(d) of the Bankruptcy Code for the reasons stated in the SMV Objection. Accordingly, there is no need for the Court to set a final hearing, and the Court should deny the Motion as a matter of law.

***The Tucson Estates Factors Are Inapplicable***. Mt. Hawley asserts "cause" for stay relief may be established if it is appropriate for the bankruptcy court to abstain from deciding state law issues pursuant to *In re Tucson Estates, Inc.*, 912 F.2d 1162 (9th Cir. 1990). *See* Motion 10:25-12:09. However, the *Tucson Estates* factors are inapplicable here. The bankruptcy court in *Tucson Estates* was asked whether to reimpose the automatic stay on a ***state court litigation*** relating to a class action claim against the debtor. Tucson *Estates*, 912 F.2d at 1164-65. The bankruptcy court decided to reimpose the automatic stay because it was concerned it would be bound by the state court judgments regarding (i) the damages awarded, and (ii) the applicability of a certain restrictive covenant that would impact the value of the debtor's estate. *Id.* The United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") reversed, holding that "[w]here a bankruptcy court may abstain from deciding issues ***in favor of an imminent state court trial*** involving the same issues, cause may exist for lifting the stay as to the state court trial." *Id.* at 1166 (emphasis added) (internal citation omitted).

The central issue in *Tucson Estates* was whether state law issues relating to the debtor's property rights should be decided by the bankruptcy court or the state court under the abstention doctrine. Here, this Court is not being asked to abstain in favor of state court litigation, but, rather, Mt. Hawley requests stay relief to pursue litigation in ***federal court*** through the NY Action. Principles of abstention underlying *Tucson Estates* are therefore inapplicable here. Indeed, the Ninth Circuit explained that abstention under 28 U.S.C. § 1334 was intended "to heal constitutional infirmities in the [Bankruptcy Act of 1978's] jurisdictional provisions found by the

8

Supreme Court in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 73 L. Ed. 2d 598, 102 S. Ct. 2858 (1982)." *Tucson Estates*, 912 F.2d at 1166.[4]

Mt. Hawley confuses the underlying abstention issue in the NY Action with what this Court is being asked to consider in connection with its request for stay relief, improperly inviting this Court to decide merits issues pending before the New York federal District Court in the NY Action. *See Grella v. Salem Five Cent. Sav. Bank*, 42 F.3d 26, 33 (1st Cir. 1994) ("The statutory and procedural schemes, the legislative history, and the case law all direct that the hearing on a motion to lift the say is not a proceeding for determining the merits of the underlying substantive claims, defenses, or counterclaims.").

The question before this Court is whether Mt. Hawley has demonstrated "cause" to pursue duplicative litigation in the NY Action when the California Action is already proceeding and Mt. Hawley may pursue any claims asserted in the NY Action in the California Action. This question is properly reviewed under the *Curtis* factors, which the Bankruptcy Appellate Panel for the Ninth Circuit adopted in *In re Kronemyer*, 405 B.R. 915, 921 (9th Cir. B.A.P. 2009) (citing *In re Plumberex Specialty Prods., Inc.*, 311 B.R. 551, 559 (Bankr. C.D. Cal. 2004); *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984)),[5] which are the same factors considered in other jurisdictions. *See Sonnax Indus., Inc. v. TriComponent Prods. Corp. (In re Sonnax Indus., Inc.),* 907 F.2d 1280, 1286 (2d Cir. 1990); *Fin. Oversight & Mgmt. Bd. v. Ad Hoc Grp. of PREPA Bondholders (In re Fin. Oversight & Mgmt. Bd.)*, 899 F.3d 13, 23 (1st Cir. 2018).

---

[4] Mt. Hawley's reference to *In re Universal Life Church, Inc.*, 127 B.R. 453 (E.D. Cal. 1991) is also unavailing where stay relief was granted in favor of proceeding in a **specialized tribunal** (the federal tax court) and where the parties were in the early stages of preparing for trial, the same factors considered under *Curtis*. *Universal Life*, 127 B.R. at 455.

[5] Indeed, the Ninth Circuit B.A.P. recognized the existence of *Tucson Estates*, but proceeded to apply the *Curtis* factors, notwithstanding that movants were seeking relief to proceed to judgment in state court. *Kronemyer*, 405 B.R. at 921.

9

***The Curtis Factors Favor Denial of the Motion***. In addition to the reasons set forth in the SMV Objection, Curtis factors 7 (whether the litigation could prejudice the *interest* of other creditors) and 12 (balancing of the harms) strongly favor denial of the Motion.[6] Mt. Hawley has a forum available to vindicate its rights—the California Action—that does not entail unnecessary and duplicative litigation that risks inconsistent judgments relating to a single dispute. Thus, there is no prejudice or harm to Mt. Hawley in maintaining the automatic stay. *SMV Objection* at 25:25-25:26.

On the other hand, the diversion of the Debtor's limited resources to defend Mt. Hawley's duplicative litigation weighs in favor of denying the Motion. Mt. Hawley's strategy to force the Debtor into parallel litigation merely serves to inappropriately strong-arm the Debtor into a settlement. Indeed, the costs on the Debtor (and in turn, its creditors and MGG) to defend against parallel litigation are significant. Pursuant to the Final DIP Order, MGG is providing the Debtor new money debtor-in-possession financing to fund the Debtor's operations (including the retention of the Debtor's special litigation counsel to pursue insurance litigation) through the

---

[6] Mt. Hawley also misapplies the first Curtis factor. The first Curtis factor does not focus on the issues in the stayed litigation. If it did, the first Curtis factor would always favor lifting the stay because every lawsuit eventually resolves the issues in that particular proceeding. Instead, the first Curtis factor primarily focuses on whether the separate litigation would expeditiously resolve <u>issues relevant to the bankruptcy case</u>. *See, e.g., In re Taub*, 413 B.R. 55, 62 (Bankr. E.D.N.Y. 2009) (lifting the stay because non-bankruptcy litigation "would resolve significant open issues in the Debtor's bankruptcy case, and would assist the Debtor in pursuing the confirmation of a [] plan"). Accordingly, many courts characterize this factor as whether the non-bankruptcy proceeding would result in "the resolution of preliminary bankruptcy issues." *See, e.g.*, *In re Murrin*, 477 B.R. 99, 109 (D. Minn. 2012); *In re Cummings*, 221 B.R. 814, 818 (Bankr. N.D. Ala. 1998).

Here, Mt. Hawley does not identify any bankruptcy issue related to the Debtor's chapter 11 case that would be resolved by allowing Mt. Hawley to proceed with the NY Action. Indeed, Mt. Hawley concedes that its claim "does not arise under Title 11 nor go to any core issue of bankruptcy law." Motion at 15:20-22.

conclusion of a sale, anticipated to be April 15, 2023. MGG would ultimately bear the costs of additional, duplicative litigation, which is estimated to exceed MGG's DIP financing commitment. *Spievack Decl*. at 15:20-19:11. Specifically, the Debtor's special litigation counsel estimates that additional legal fees to defend against the duplicative the NY Action will exceed $1 million. *Id.* Mt. Hawley has listed at least 65 potential witnesses, which will require the Debtor to expend a substantial amount of resources for its counsel, court reporters, and videographers. *Id.* at 16:09-17:14. The Debtor will also be required to retain a damages expert, and may need additional experts. *Id.* at 18:17-19:03. Accordingly, the balance of harms weighs in favor of denying stay relief so that litigation of the issues can proceed in a single, consolidated forum.

For the foregoing reasons, MGG supports the SMV Objection and denial of the Motion.

Dated: February 23, 2023

**PROSKAUER ROSE LLP**

 */s/ Steve Ma*
Steve Ma (CA Bar No. 320997)
Jeff J. Marwil (admitted *pro hac vice*)
Peter J. Young (admitted *pro hac vice*)

*Counsel for MGG California, LLC*

Jeff J. Marwil (admitted *pro hac vice*)
PROSKAUER ROSE LLP
70 West Madison, Suite 3800
Chicago, Illinois 60602
Telephone: (312) 962-3550
Facsimile: (312) 962-3551
Email: jmarwil@proskauer.com

Peter J. Young (admitted *pro hac vice*)
Steve Ma (CA Bar No. 320997)
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: (310) 557-2900
Facsimile: (310) 557-2193
Email: pyoung@proskauer.com
sma@proskauer.com

*Counsel for MGG California, LLC*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SANTA ROSA DIVISION**

| | |
|---|---|
| In re: | **Chapter 11** |
| SPRING MOUNTAIN VINEYARD INC., | **Case No. 22-10381 CN** |
| Debtor. | **Judge Charles Novack** |
| | **CERTIFICATE OF SERVICE FOR MGG CALIFORNIA, LLC'S STATEMENT IN SUPPORT OF DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY FILED BY MT. HAWLEY INSURANCE COMPANY** |

I, Steve Ma, a member of the bar of this Court, hereby certify that on this 23rd day of February, 2023, a true and correct copy of the foregoing *MGG California, LCC's Statement in Support of Debtor's Opposition to Motion for Relief from Automatic Stay filed by Mt. Hawley Insurance Company*, has been filed and served on all counsel of record via the Court's ECF system.

Dated: February 23, 2023

**PROSKAUER ROSE LLP**

 /s/ Steve Ma
Steve Ma (CA Bar No. 320997)
Jeff J. Marwil (admitted *pro hac vice*)
Peter J. Young (admitted *pro hac vice*)

*Counsel for MGG California, LLC*

2