

Victor A. Sahn (CA Bar No. 97299)
   victor.sahn@gmlaw.com
Mark S. Horoupian (CA Bar No. 175373)
   mark.horoupian@gmlaw.com
**GREENSPOON MARDER LLP**
a Florida limited liability partnership
333 South Grand Ave., Suite 3400
Los Angeles, CA 90071
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Debtor in Possession,
Spring Mountain Vineyard Inc.

The following constitutes the order of the Court.
Signed: April 7, 2023

_____
**Charles Novack
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>SPRING MOUNTAIN VINEYARD INC., a Delaware corporation,<br><br>            Debtor.<br><br>Federal EIN: 36-3844911 | Case No. 1:22-bk-10381 CN<br><br>Chapter 11<br><br>**ORDER PARTIALLY GRANTING MOTION OF DEBTOR AND DEBTOR IN POSSESSION FOR AUTHORITY TO IMPLEMENT KEY EMPLOYEE RETENTION PLAN**<br><br>[Related to Docket No. 168]<br><br>**Hearing Information:**<br>Date:   January 18, 2023<br>Time:  11:00 a.m.<br>Place:  U.S. Bankruptcy Court<br>          Courtroom 215<br>          1300 Clay Street<br>          Oakland, CA 94612<br><br>**Continued Hearing Information:**<br>Date:   February 15, 2023<br>Time:  11:00 a.m.<br>Place:  U.S. Bankruptcy Court<br>          Courtroom 215<br>          1300 Clay Street<br>          Oakland, CA 94612 |

SB 53130815v2

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

On January 18, 2023 at 11:00 a.m. (the "Hearing"), Spring Mountain Vineyard Inc., the above-captioned debtor in possession (the "Debtor") filed its *Motion Of Debtor And Debtor In Possession For Authority to Implement Key Employee Retention Plan* (the "Motion") [Docket No. 168] .[1] The Motion came on for hearing before the Honorable Charles Novack, United States Judge, presiding.

Appearances at the Hearing were as noted on the record. This Court having considered the Motion, including all pleadings, declarations, and exhibits thereto including the Confidential Schedule Of Wages And Bonuses (the "Confidential Schedule") [Docket No. 227] filed under seal at the Court direction, the statements of counsel at the Hearing, and the record in this case; and this Court having jurisdiction to consider the Motion and the relief requested therein; and due and proper notice of the Motion having been provided to all necessary parties, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor and the its bankruptcy estate, and that the legal and factual bases for approval of the Motion establish just cause for the relief granted herein; good cause appearing therefor and pursuant to the Court's Docket Text Order entered on February 2, 2023,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Motion is partially granted as set forth herein.

2. The following Key Employee Retention Plan ("Retention Plan") as detailed in the Motion is approved:

   a. The 14 participants in the Retention Plan (the "KERP Participant(s)"), identified at Exhibit 1 to Confidential Schedule, except for Mr. Dermot Whelan, will be entitled to receive a one-time bonus (the "KERP Bonus") on the occurrence of (i) the closing of a sale of the Debtor's business; or (ii) the confirmation of a plan of reorganization ("KERP Trigger Event").

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Motion.

SB 53130815v2

No additional Employees will be added to the Retention Plan.

        b.      The KERP Bonus shall be paid from a fund established for that purpose (the "KERP Pool"). The KERP Pool shall not exceed $150,000. The amount of each KERP Participant's individual KERP Bonus shall be set by the Chief Restructuring Officer, in his sole discretion but after consultation with the Debtor's President, Constantine Yannias, and with the applicable department heads. In determining the amount each KERP Participant will receive, the Chief Restructuring Officer shall consider factors including the importance of the individual to the Debtor's operations, whether the individual is currently compensated at, above, or below market, and the difficulty of replacing the individual employee.

        c.      A KERP Participant automatically becomes ineligible to receive any KERP Bonus if he or she is terminated for "cause," or voluntarily ends his or her employment prior to a KERP Trigger Event.

        d.      To be eligible for a KERP Bonus and as a condition to receive a KERP Bonus, the KERP Participant must execute a release and all required documentation in a form approved by the Debtor (the "KERP Release"). The KERP Release will release any and all claims that the KERP Participant has or may acquire against the Debtor related to its employment or termination of employment, whether arising pre- or post-petition, including WARN liability or any claim to severance. The KERP Bonus will also be in lieu of any compensation that is due or owing, except for accrued, ordinary course salary, commissions, production bonuses, and PTO that will be deemed to have been accrued when actually earned and will be treated and paid in accordance with the priority scheme of the Bankruptcy Code and the terms of any confirmed plan.

3.    The Debtor is authorized to, but not directed to, implement the Retention Plan and take any all action necessary to implement and effectuate the Retention Plan.

4.    Payments made pursuant to the Retention Plan are hereby afforded administrative-expense priority pursuant to 11 U.S.C. §§ 105(a), 363(b), 503(b), 503(c) and 507(a).

5.    Payments made pursuant to the Retention Plan shall comport with any cash collateral stipulations or orders, cash collateral usage, post-petition financing, or related budgets approved by the Court in effect at the time payments are made to the KERP Participants.

SB 53130815v2

6. To the extent that there may be any inconsistency between the terms of the Motion and this Order, the terms of this Order shall govern.

7. This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

8. The Motion is continued to February 15, 2023 at 11:00 a.m. with respect to Mr. Dermot Whelan.

**END OF ORDER**

Approved as to form ~~and content:~~

**TRACY HOPE DAVIS**
**U.S. TRUSTEE FOR REGION 17**

By: /s/ Elvina Rofael
Elvina Rofael
Trevor Fehr
Attorneys for the U.S. Trustee


Approved as to form and content:

**PROSKAUER ROSE LLP**

By: _____
Peter J. Young
Steve Ma
Attorneys for MGG California, LLC
As Administrative and Collateral Agent

SB 53130815v2

COURT SERVICE LIST

SERVICE OF THE ORDER IS NOT NECESSARY