Victor A. Sahn (CA Bar No. 97299)
 *victor.sahn@gmlaw.com*
Mark S. Horoupian (CA Bar No. 175373)
 *mark.horoupian@gmlaw.com*
Steven F. Werth (CA Bar No. 205434)
 *steven.werth@gmlaw.com*
Greenspoon Marder LLP
a Florida limited liability partnership
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: 213.626.2311
Facsimile: 954.771.9264

Attorneys for Debtor and Debtor in Possession,
Spring Mountain Vineyard Inc.

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SANTA ROSA DIVISION**

| | |
|---|---|
| In re:<br><br>SPRING MOUNTAIN VINEYARD INC., a Delaware corporation,<br><br>Debtor. | Case No. 1:22-bk-10381 CN<br><br>Chapter 11<br><br>**SUPPLEMENTAL APPLICATION REGARDING EMPLOYMENT OF BNP PARIBAS SECURITIES, INC. AS CHAPTER 11 DEBTOR'S INVESTMENT BANKER; DECLARATION OF PERRY DeLUCA IN SUPPORT OF APPLICATION**<br><br>[Hearing Date by Separate Notice] |

**TO THE HONORABLE CHIEF JUDGE CHARLES NOVACK, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE, AND PARTIES ENTITLED TO NOTICE:**

The above-captioned Debtor in Possession (the "Debtor") submits this Supplemental Application (the "Supplemental Application") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to sections 327(a), 328(a), 503(b) and 507(b) of title 11 of the United States Code §§ 101-1532 (the "Bankruptcy Code") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") modifying this Court's order entered on December 9, 2022 [Docket. No. 161] (the "BNPP Retention Order")  In support of this Application, the Debtor relies on the *Declaration of Perry*

*DeLuca in Support of Debtor's Supplemental Application Regarding Employment of BNP Paribas Securities, Inc. as Chapter 11 Debtor's Investment Banker* (the "Perry Declaration"), attached to this Application as Exhibit B, and respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Northern District of California (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Debtor confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are sections 105(a), 327(a), 328(a), 503(b) and 507(b) of the Bankruptcy Code and Rules 2014(a) and 2016 of the Bankruptcy Rules.

## BACKGROUND

3. On November 7, 2022, the Debtor filed its *Application By Chapter 11 Debtor to Employ and Retain BNP Paribas Securities Corp. as Investment Banker Effective as of October 14, 2022* [Docket No. 96] (the "BNPP Application").[1] As set forth in the BNPP Application, the Debtor proposed to retain BNPP as investment banker to facilitate the sale of the Debtor's assets or perform other tasks as set forth in the Engagement Letter. The BNPP Application disclosed that, "[i]n performing the services under the Engagement Letter, BNPP will rely on the employees and expertise of its affiliates and subsidiaries (and share fees earned with such subsidiaries and affiliates), including **Bank of the West**." BNPP Application p. 6 n.2 (emphasis added). The BNPP Application, including BNPP's retention thereunder, was approved pursuant to an order entered by this Court on December 9, 2022 [Docket No. 161] (the "BNPP Retention Order"). Since the October

---

[1] Capitalized term used but not defined herein have the meanings given in the BNPP Application.

14, 2022 effective date of the BNPP Retention Order, BNPP, led by Perry DeLuca, Senior Banker, worked closely with the Debtor on the marketing and auction process for the now-pending sale of its vineyard assets.

4. At the time the BNPP Application was filed and BNPP Retention Order was entered, Bank of the West was an affiliate of BNPP. As an inter-affiliate matter, fees earned in connection with BNPP's engagement for the Debtor were to be allocated between Bank of the West and BNPP.

5. On February 1, 2023, BMO Harris Bank, N.A. ("BHBNA") acquired BNPP's interest in Bank of the West. As a result, Bank of the West merged into, and became a part of, BHBNA, and thus since that date has no longer been an affiliate of BNPP. Mr. DeLuca also became an employee of BMO Capital Markets Corp. ("BCMC" and, together with BHBNA, "BMO") and BHBNA became contractually entitled to Bank of the West's existing right to certain transaction fees.

**RELIEF REQUESTED**

6. The Debtor desires to continue benefiting from the services provided by Mr. DeLuca and his associates. Accordingly, the Debtor requests entry of the Proposed Order, modifying the original BNPP Retention Order, to provide for the retention of BCMC, to the same extent and scope of services that were originally to be provided and have been provided by Bank of the West, to support BNPP in the performance of its services under the Engagement Letter and as may be requested by the Debtor. Debtor views this Supplemental Application as necessary pursuant to Bankruptcy Rule 2014(a) and the BNPP Retention Order. As set forth in the separately filed Declaration of Perry DeLuca, the Court is provided with further disclosures regarding the changed status of Bank of the West, however, this changed status does not change the compensation which shall be paid by the Debtor nor does it create any facts or basis to conclude that BNPP is no longer disinterested. It remains disinterested after the within disclosures just as it was before these disclosures were made to the Court. Debtor is satisfied from this Supplemental Application and the contents of Mr. DeLuca's Declaration and this Supplemental Application under "BMO's Disinterestedness" that the Bank of Montreal has no contacts with the Debtor or interested parties in this bankruptcy case that creates any problem or issue under Bankruptcy Rule 2014(a).

The Order Authorizing the employment of BNPP is Docket No. 161 and is attached as Exhibit "1" to the simultaneously submitted declaration of Perry DeLuca in support of this Supplemental Application.

## SERVICES PROVIDED BY BCMC

7. To facilitate the successful sale of the Debtor's assets, BCMC will support BNPP in the performance of its services under the Engagement Letter to the same extent and scope of services that were originally to be provided and have been provided by Bank of the West, and as may be requested by the Debtor, which include the following services:

   a) assisting the Debtor in preparing marketing materials in conjunction with a possible sale transaction;
   b) assisting the Debtor in identifying potential buyers or parties in interest to a sale transaction and assisting in the due diligence process;
   c) assisting and advising the Debtor concerning the terms, conditions and impact of any proposed sale transaction; and
   d) providing testimony before the bankruptcy court concerning any of the services identified above.

## PROFESSIONAL COMPENSATION

8. BMO is not seeking any compensation from the Debtor beyond the share of the court-approved Transaction Fee under the BNPP Retention Order to which Bank of the West was already entitled. Additionally, BMO has agreed that the scope of and conditions of its and certain related parties' rights as "Indemnified Parties" under the Engagement Letter will be coextensive with those of BNPP as set forth in the BNPP Retention Order. Accordingly, BCMC's support of BNPP's engagement for the Debtor is not anticipated to require the Debtor to pay any additional amounts than as originally contemplated for the Bank of the West role, including any additional fees, whether they be fixed, hourly, or success-based.

9. BMO intends, and the Debtor has agreed, that its right to reimbursement under the Engagement Letter will be coextensive with that of BNPP and Bank of the West as set forth in the BNPP Retention Order; *provided* that BMO has agreed that it will not seek reimbursement from the Debtor of any attorneys' fees incurred in connection with the Application.

10. BMO has agreed that it will maintain records in support of any actual, necessary costs

and expenses incurred in connection with the rendering of its services in this chapter 11 case for which it seeks reimbursement from the Debtor. However, it is not the general practice in investment banking, including at BMO, to keep detailed time records similar to those customarily kept by attorneys. Further BMO does not ordinarily keep time records on a "project category" basis and all fees paid under the BNPP Retention Order will, pursuant to section 328(a) of the Bankruptcy Code, be paid on a contingency basis.

**BMO'S DISINTERESTEDNESS**

11. BMO has conducted a search under the various creditors and interested parties in this bankruptcy case and based upon that search, has found that there are no conflicting representations that would prevent BNPP from moving forward with this retention. In particular, BMO conducted searches based upon (i) the list of potential parties in interest that was provided by the Debtor and was included in Mr. DeLuca's first supplemental declaration [Docket No. 144, Sched. 1] and (ii) a list of parties that have expressed interest in purchasing certain of the Debtor's assets and are actively engaged in the sale process with respect thereto (the "Potential Purchaser List").

12. BMO's searches encompassed its capital markets, commercial banking, wealth management, and personal and business banking lines of business, including former Bank of the West customers with respect to which BNPP previously disclosed potential conflicts. A summary of the potential connections between BMO and potential interested parties is included on Schedule 2 to the DeLuca Declaration; *provided* that (i) Schedule 2 does not include previously disclosed connections involving Bank of the West or former clients of Bank of the West prior to its merger into BHBNA and (ii) parties identified on the Potential Purchaser List are disclosed in anonymous form only on Schedule 2 to protect the integrity of the Debtor's sale process.

13. As set forth in the DeLuca Declaration, BMO does not believe that its involvement with any of the parties described above and on Schedule 1 hereto will adversely affect the Debtor in any way, or would interfere with or impair BCMC's support of BNPP's engagement with the Debtor. BMO has also agreed will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are

discovered or arise, BMO has agreed to promptly file a supplemental declaration with this Court.

14. As described in the DeLuca Declaration, and except as indicated therein: (i) BMO has no material connection with the Debtor or its bankruptcy estate, the Debtor's creditors, the United States Trustee for the Northern District of California (the "U.S. Trustee"), any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in these Chapter 11 Cases or their respective attorneys or accountants; (ii) neither BMO nor any of its professionals are direct creditors, equity security holders or insiders of the Debtor; (iii) neither BMO nor any of its professionals is or was, within two years of the date of the Debtor' filing of this chapter 11 case, a director, officer, or employee of the Debtor; and (iv) neither BMO nor its professionals holds or represents an interest materially adverse to the Debtor, its estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason. Accordingly, BMO is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

**BASIS FOR RELIEF**

15. The Debtor seeks authority to modify the BNPP Retention Order to reflect the merger transaction between Bank of the West and BHBNA, but does not otherwise seek to modify the terms or conditions of BNPP's employment or impose new burdens upon the Debtor. The Debtor, BNPP, and BMO agree that the relief requested herein is the most efficient means to the reflect the Bank of the West-BHBNA merger[2] and is an appropriate exercise of the Court's authority under section 105(a) of the Bankruptcy Code to "issue any order . . . that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]" and of the Court's inherent authority to modify its own orders. 11 U.S.C. § 105(a); *see In re Flashcom, Inc.*, No. ADV 12-01339, 2014 WL 4923073, at *8 (B.A.P. 9th Cir. Oct. 1, 2014) (discussing "the bankruptcy court's inherent authority to modify and

---

[2] Proceeding via a separate retention application and engagement involving multi-party negotiations for a new engagement letter and, possibly, a modified BNPP Engagement Letter, would have been burdensome on the Debtor in that additional time and limited estate resources likely would have been required for such an approach. Likewise, retaining BCMC as a "Contractor" pursuant to paragraph 9 of the BNPP Retention Order would have permitted the separate compensation of BCMC on an hourly basis, with BNPP able to pass such costs onto the Estate, provided BCMC established its disinterestedness.

vacate its prior orders").

16. Under the Debtor's proposed approach, the Debtor maintains the benefits of Mr. DeLuca's services in this chapter 11 case while minimizing the burden on the estates for doing so. Further, as noted above, BMO is not seeking any indemnification or reimbursement rights from the Debtor that have not already been provided to BNPP and, because no additional fees are requested, the net cost to the estate of filing this Supplemental Application, and of the entry of the Proposed Order, will be negligible. And, as set forth in the DeLuca Declaration, BMO has established its disinterestedness to the same extent as if it were independently retained or retained as a "Contractor" to BNPP. Accordingly, the Debtor submits that the Proposed Order should be entered.

## NOTICE

17. The Debtor will provide notice of this Application to: (a) the Office of the United States Trustee for the Northern District of California; (b) Proskauer Rose LLP as counsel to MGG California, LLC as Administrative Agent; (c) the Internal Revenue Service; (d) the Franchise Tax Board; (e) the State Board of Equalization; (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

18. No prior application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as is just and proper.

Dated: April 13, 2023        Spring Mountain Vineyard, Inc.
                             (Debtor and Debtor in Possession)


                             By: /s/ Victor S. Sahn
                                 Victor A. Sahn
                                 Steve Burnell
                                 Attorneys for Debtor in Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is

333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **SUPPLEMENTAL APPLICATION REGARDING EMPLOYMENT OF BNP PARIBAS SECURITIES, INC. AS CHAPTER 11 DEBTOR'S INVESTMENT BANKER; DECLARATION OF PERRY DeLUCA IN SUPPORT OF APPLICATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 13, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) April 13, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) April 13, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 13, 2023 | Patricia Dillamar | *Patricia Dillamar* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

# 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Steve Burnell on behalf of Debtor Spring Mountain Vineyard Inc.
steve.burnell@gmlaw.com

Dean C. Burnick on behalf of Interested Party Mt. Hawley Insurance Company **(RSN)**
dcb@proughlaw.com

Jacquelyn H. Choi on behalf of Creditor Napa County Treasurer-Tax Collector **(RSN)**

Louis J. Cisz  lcisz@nixonpeabody.com on behalf of Don Yannias **(RSN)**

Trevor Ross Fehr on behalf of U.S. Trustee Office of the U.S. Trustee / SR
trevor.fehr@usdoj.gov

Mark S Horoupian on behalf of Debtor Spring Mountain Vineyard Inc.
mark.horoupian@gmlaw.com, cheryl.caldwell@gmlaw.com

Thomas Philip Kelly, III on behalf of Creditor Central Valley Builders Supply Inc. **(RSN)**
tomkelly@sonic.net

Steve Ma on behalf of Creditor MGG California, LLC
sma@proskauer.com

Jeff J. Marwil on behalf of Creditor MGG California, LLC
jmarwil@proskauer.com

Randall P. Mroczynski on behalf of Creditor Ford Motor Credit Company LLC **(RSN)**
rmroczynski@cookseylaw.com

Office of the U.S. Trustee / SR
USTPRegion17.SF.ECF@usdoj.gov

Elvina Rofael on behalf of U.S. Trustee Office of the U.S. Trustee / SR
elvina.rofael@usdoj.gov, Katina.Umpierre@usdoj.gov,GemMil.Langit@usdoj.gov

Victor A. Sahn on behalf of Debtor Spring Mountain Vineyard Inc.
victor.sahn@gmlaw.com, Karen.Files@gmlaw.com

Michael St. James on behalf of Interested Party Arcade Capital, LLC **(RSN)**
ecf@stjames-law.com

John G. Warner on behalf of Creditor Francois Freres USA Inc. **(RSN)**
warnerwest@aol.com

Ashley M. Weringa on behalf of Creditor MGG California, LLC
aweringa@proskauer.com

Steven F. Werth on behalf of Debtor Spring Mountain Vineyard Inc.
steven.werth@gmlaw.com, Patricia.Dillamar@gmlaw.com

Peter J Young on behalf of Creditor MGG California, LLC
pyoung@proskauer.com

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                            F 9013-3.1.PROOF.SERVICE

Case: 22-10381    Doc# 331    Filed: 04/13/23    Entered: 04/13/23 16:55:34    Page 9 of 13

**SERVED BY EMAIL OR UNITED STATES MAIL**

**Debtor's Financial Advisor And Chief Restructuring Officer**
Attn: Kevin A. Krakora, Managing Director
Getzler Henrich & Associates LLC, a Hilco Global Company
150 S. Wacker Drive | 24th Floor
Chicago, IL 60606
Tel: (312) 283-8071
email: kkrakora@getzlerhenrich.com
Peter.Ekman@jigsawadvisors.com

**Secured Creditor**
Imperial PFS aka IPFS
49 Stevenson St. #127
San Francisco, CA 94105-2909
(877) 687-9826
Lisa Chandler, Litigation and Bankruptcy Recovery Manager
lisa.chandler@ipfs.com

**Largest Unsecured Creditors**
Allen Wine Group LLP
Attn: Timothy Allen, CPA - Managing Partner
120 Stony Point Road, #230
Santa Rosa, CA 95401
(707) 528-3860
tim@allenwine.com
Tim@allengroupllp.com
Brent Garrison
Brent@allengroupllp.com

Bartelt Engineering
Attn: Paul Bartelt
1303 Jefferson St #200B
Napa, CA 94559
(707) 258-1301
paulb@barteltengineering.com

Belkorp AG, LLC
Attn: Laura Correll, Accounting
2413 Crows Landing Rd
Modesto, CA 95358
(209) 205-3706
ar@belkorpag.com
AR@BelkorpAg.com
ldunhouse@belkorpag.com

Brown's Auto Parts
Attn Dan Beltramai, Owner
1218 Main St.
Saint Helena, CA 94574-1901
(707) 963-3638
brownsauto169@gmail.com

Castino Restaurant Equipment And Supply
50 Utility Ct.
Rohnert Park, CA 94928-1659
(707) 585-3566
sales@castinosolutions.com

Central Valley
Administrative Offices
1804 Soscol Ave., #205
Napa, CA 94559
Attn: Gerry Cruz, Accounting Mgr.
(707) 261-7900
gerryc@central-valley.com

Chubb Group of Insurance Companies
P.O. Box 777-1630
Philadelphia, PA 19175-0001
(800) 372-4822
**Returned – Box Closed**

Conway Beverage Group, LLC
Dba: Elite Brands
Elite Brokerage
3238 Old Heather Rd.
San Diego, CA 92111-7716
Attn: Mr. Jay Conway
Jayconway@elitebrands.biz

Famille Sylvain
855 Bordeaux Way #239
Napa, CA 94558-7549
(707) 492-3308
contactusa@famillesylvain.com

Tonnellerie Sylvain
855 Bordeaux Way
Napa, CA 94558
(707) 492-3308
contactusa@famillesylvain.com

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                        F 9013-3.1.PROOF.SERVICE

Case: 22-10381    Doc# 331    Filed: 04/13/23    Entered: 04/13/23 16:55:34    Page 10 of 13

Francois Freres USA Inc.
1403 Jefferson St.
Napa, CA 94559-1708
(707) 294-2204
office@francoisfreresusa.com
julie@francoisfreresusa.com
accounting@francoisfreresusa.com
assistant@francoisfreresusa.com

G3 Enterprises Inc.
(Tapp Labels)
580 Gateway Dr.
Napa, CA 94558
(707) 252-8300
jeff.licht@tapplabel.com

Napa County Treasurer
1195 3rd St. #108
Napa, CA 94559-3035
(707) 253-4314
Dawnette.martindale@countyofnapa.org
Napa County Treasurer-Tax Collector
Bob.Minahen@countyofnapa.org
Napa County Attorney
Wendy.dau@countyofnapa.org

Napa Ford Lincoln
170 Soscol Ave.
Napa, CA 94559
(707) 255-2580
**Via Regular Mail**

Ford Motor Credit Company
National Bankruptcy Service Center
P O Box 62180
Colorado Springs CO 80962-2180
(800) 955-8232
fcffald@ford.com

Napa Valley Petroleum
P.O. Box 2670
Napa, CA 94558-0528
(707) 252-6888
kamh@napavalleypetroleum.com

Napa Valley Vintners Association
P.O. Box 141
Saint Helena, CA 94574
(707) 963-3388
Attn: Steve Tradewell, CFO
stradewell@napavinters.com

Ramondin U.S.A. Inc.
Tammy Frandsen
Finance Manager
541 Technology Way
Napa, CA 94558
(707) 944-2277
tfrandsen@ramondin.com

Stanzler Law Group
Attn: Jordan S. Stanzler
390 Bridge Pkwy #220
Redwood City, CA 94065
(650) 739-0200
Jstanzler@stanzlerlawgroup.com

Wilbur Ellis Company LLC
c/o Registered Agent Solutions Inc.
720 14th St.
Sacramento, CA 95814-1905
(707) 963-3495
KZavala@wilburellis.com
MHAMMETT@wilburellis.com
SPRIM@wilburellis.com

Wine Service Cooperative
1150 Dowdell Lane
Saint Helena, CA 94574
Attn: Steven Tamburelli
General Manager
Tel: (707) 963-9474
Fax: (707) 963 9359
Steve@wineservicecoop.com

Bright Event Rental
22674 Broadway # A
Sonoma, CA 95476
(707) 940-6060
Attn: Michelle Minsk, Acctg.
accountsreceivable@bright.com

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012  Case: 22-10381    Doc# 331    Filed: 04/13/23    Entered: 04/13/23 16:55:34    Page 11 of 13    **F 9013-3.1.PROOF.SERVICE**

CNH Capital
Dept. 1801104747435
P.O. Box 78004
Phoenix, AZ 85062
Attn: Steve Wright, Bankruptcy Dept.
(717) 355-5790
**Via Regular Mail**

CNH Industrial Capital America, LLC
PO Box 71264
Philadelphia, PA 19176-6264
Attn: John Chiavacci, HRBK Analyst
(717) 355-5913
john.chiavacci@cnhind.com

ETS Laboratories
c/o Marjorie Burns 899 Adams Street #A
Saint Helena, CA 94574-1160
(707) 963-4806
Attn Accounts Receivable Team
ar@etslabs.com
accounts@etslabs.com

Matheson Tri-Gas Inc.
Dept. LA 23793
Pasadena, CA 91185
(707) 963-4307
**Via Regular Mail**

Sovos Compliance LLC
200 Ballardvale St. Bldg 14th Fl.
Wilmington, MA 01887
(866) 890-3970
lori.bradshaw@sovos.com

Wine Technology America
aka Wine Technology, Inc.
474 Walten Way
aka Vinwizard
Windsor, CA 95492
(707) 703-5919
Attn: Kelly Graves, Director
(720) 284-2059
kelly@vinwizard.us

Wine Technology America Inc.
c/o Lloyd Matthews, Agent
1899 Larkspur St.
Yountville, CA 94599-1237
**Via Regular Mail**

Wyatt Irrigation Co.
4407 Solano Ave.
Napa, CA 94558
(707) 578-3747
Lynne Colombano, Acct Receivable Mgr.
lynne@wyattsupply.com

Wyatt Irrigation Co.
c/o CSC - Lawyers Incorporating Service
2710 Gateway Oaks Dr. #150N
Sacramento, CA 95833-3502
**Via Regular Mail**

**Request for Special Notice**
Alcohol & Tobacco Tax & Trade Bureau
U.S. Department of the Treasury
Attn: Daniel Paralta, Senior Counsel,
Field Operations
1436 2nd Street #531
Napa, CA 94559
(513) 684-2509
(202) 453-2412
Daniel.Peralta@ttb.gov

Dept. of the Treasury, Alcoholic Beverage Control
Attn: Tracie Parker, Lic. Rep. I
50 D Street Room 130
Santa Rosa, CA. 95404
Phone: (707) 576-2165
Fax: (707) 638-9537
tracie.parker@abc.ca.gov

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346
(800) 973-0424
**Via Regular Mail**

California Department of Tax and Fee
Administration
Special Operations Bankruptcy Team MIC: 74
P.O. Box 942879
Sacramento, CA 94279-0074
(800) 400-7115
**Via Regular Mail**

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012   Case: 22-10381   Doc# 331   Filed: 04/13/23   Entered: 04/13/23 16:55:34   Page 12 of 13   **F 9013-3.1.PROOF.SERVICE**

Franchise Tax Board
Attn: Vivian Ho
Bankruptcy Section, MS A-340
P.O. Box 2952
Sacramento, CA 95812-2952
916-845-7069
Vivian.Ho@ftb.ca.gov

Employment Development Department
Bankruptcy Unit-MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001
**Via Regular Mail**

Employment Development Department
Attn: MIC 53
800 Capital Mall
Sacramento, CA 95814
**Via Regular Mail**

Piper/Sandler
1251 Avenue of the Americas, 39th Floor
New York, N.Y. 10020
Attn.: Mr. Leonard Sheer and Mr. Mike Dillahunt
Leonard.sheer@psc.com
Michael.dillahunt@psc.com
**Via Regular Mail & Email**

Will Densberger
Pavi Micheli
Engel & Voelkers
25 East Napa Street
Sonoma, California
Will@nvwineestates.com
pavimicheli@icloud.com
**Via Regular Mail & Email**

**Attorneys for Don Yannias**
Louis J. Cisz, III, Esq. NIXON PEABODY LLP
One Embarcadero Center, 32nd Floor
San Francisco, CA 94111
Tel: 415-984-8320 Fax: 415-984-8300
Email: lcisz@nixonpeabody.com

Richard J. Frey NIXON PEABODY LLP
300 South Grand Avenue, Suite 4100
Los Angeles, CA 9007
Tel: (213) 629-6000 Fax: (213) 629-6001
Email: rfrey@nixonpeabody.com

**Courtesy Email**

Jay B. Spievack, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave., Suite 2400
New York NY 10170-2499
(212) 381-8735
email: jspievack@ctswlaw.com

Joseph Vann, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave., Suite 2400
New York NY 10170-2499
(212) 381-8724
email: jvann@ctswlaw.com

John C. Vaughan
Newmark Knight Frank
4675 MacArthur Court, Suite 1600
Newport Beach, CA 92660
(808) 797-0148
email: john.vaughan@nmrk.com

Mark Kasowitz: MKasowitz@kasowitz.com

Gavin D. Schryver: GSchryver@kasowitz.com

Attorneys for Napa County Treasurer
Jacquelyn H. Choi
jacquelyn.choi@rimonlaw.com,
docketing@rimonlaw.com

Luckey McDowell
luckey.mcdowell@shearman.com

Jonathan Dunworth
jonathan.dunworth@shearman.com

Attorneys for Creditor Francois Freres USA Inc.
John G. Warner
warnerwest@aol.com

CC 52274685v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012  Case: 22-10381   Doc# 331   Filed: 04/13/23   Entered: 04/13/23 16:55:34   Page 13 of 13   **F 9013-3.1.PROOF.SERVICE**