Victor A. Sahn (CA Bar No. 97299)
  victor.sahn@gmlaw.com
Mark S. Horoupian (CA Bar No. 175373)
  mark.horoupian@gmlaw.com
Steve Burnell (CA Bar No. 286557)
  steve.burnell@gmlaw.com
**GREENSPOON MARDER LLP**
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: 213.626.2311
Facsimile: 954.771.9264

Attorneys for Debtor in Possession,
Spring Mountain Vineyard Inc.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>SPRING MOUNTAIN VINEYARD INC., a Delaware corporation,<br><br>Federal EIN: 36-3844911<br><br>Debtor. | Case No. 1:22-bk-10381 CN<br><br>Chapter 11<br><br>**RESPONSE OF GREENSPOON MARDER TO OBJECTIONS AND RESERVATION OF RIGHTS OF THE OFFICE OF THE UNITED STATES TRUSTEE TO FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS GENERAL BANKRUPTCY COUNSEL TO THE CHAPTER 11 DEBTOR; DECLARATION OF VICTOR A. SAHN IN SUPPORT OF RESPONSE (Docket No. 323)**<br><br>**[Declaration of Victor A. Sahn Separately Submitted]**<br><br>**Hearing Information:**<br>Date:   April 19, 2023<br>Time:   11:00 a.m.<br>Place:  Courtroom 215<br>             1300 Clay Street<br>             Oakland, CA 94612 |

**TO THE HONORABLE CHARLES NOVACK, UNITED STATES BANKRUPTCY JUDGE,**

**TO THE UNITED STATES TRUSTEE AND TO ALL PARTIES IN INTEREST:**

Greenspoon Marder LLP ("Greenspoon") hereby responds ("Response") to the "Objection and Reservation of Rights of the United States Trustee to the First Interim Fee Application ("First

Interim Application") of Greenspoon Marder LLP (ECF NO. 289 to 291)" ("Objections" or "Fee Objections").

## SUMMARY OF OBJECTIONS

1. The Objections reference the following bases as the reasons why the attorneys' fees requested in the First Interim Application should be denied:

   a. the fee request includes approximately **$9,118.50** for the services of four timekeepers who each billed less than ten hours on the case. Absent a satisfactory explanation, the fees incurred by these transitory billers should be denied.

   b. the Firm's time records include approximately 55 entries (totaling approximately $48,257.50) for which the task description may be too vague to allow the Court to make a meaningful assessment of the necessity of the communication and/or services described therein. The fees associated with these time entries should be denied or reduced by 50% (approximately **$24,123.75**). Alternatively, the Firm should be required to amend the First Interim Fee Application to better describe the communications and services at issue.

   c. the Firm's time records include approximately 46 entries (totaling approximately $72,836.00) in which different tasks have been "lumped" together. The fees associated with these time entries should be reduced by 20% or **$14,267.20**.

   d. the Firm's time records include nine entries for which the recorded time exceeds the amount reflected in the underlying task descriptions. Due to the apparent time miscounts, the Firm's fee request should be reduced by **$8,736.50**.

   e. the Firm's time records reflect several instances where multiple attorneys billed time for attending hearings and internal conferences. Absent a satisfactory explanation, the associated fees of **$1,650.00** should be denied.

   f. the Firm's time records reflect several entries for tasks related to bill or invoice preparation. Absent a satisfactory explanation, the associated fees of **$2,825.00** should be denied.

   g. the Firm increased the billing rate for two attorneys, thereby resulting in an excessive rate increase that also appears to have been unauthorized. Accordingly, the **$23,941.75** in fees associated with the increased billing rates should be denied.

The separately filed Declaration of Victor A. Sahn ("Sahn Declaration") breaks down the "Declaration of Ianthe V. Del Rosario in Support of the Objection, etc." (Docket No. 323-1) ("Del Rosario Declaration") into each of the component parts which constitute the evidentiary support of the United States Trustee for the Objections. The categories are shown in the Sahn Declaration as:

   A. Exhibit 1-Responses Regarding "Transitory Timekeeping or Grazing"

   B. Exhibit 2-Responses Regarding "Vague" Fee Entry"

   C. Exhibit 3-Responses Regarding "Excessive Number of Timekeepers"

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

    D.  Exhibit 4-Responses Regarding "Non-Reimbursable Overhead, etc."

    E.  Exhibit 5-Responses Regarding "Lumping" or "Block Billing"

    F.  Exhibit 6-Responses Regarding "Duplicative Billing"

A separate document containing each of the time entries under each of the categories which are the subject of the Objections are provided with the exception of objections related to Excessive or unexplained time entries (i.e. increase in hourly rate without notice to the United States Trustee). Those objections are responded to in this Response.. While certain of the Objections are well-taken and Greenspoon so states in this Response, Greenspoon believes that most of them should be overruled.

## **U.S. TRUSTEE OBJECTIONS AND RESPONSE BY GREENSPOON**

**I.**  **First Objection-"the fee request includes approximately $9,118.50 for the services of four timekeepers who each billed less than ten hours on the case. Absent a satisfactory explanation, the fees incurred by these transitory billers should be denied."**

  The Objections engage in a presumption that is without evidentiary support and which is also incorrect. That presumption is any lawyer who worked less than ten hours on this case must be furnishing unnecessary or non-beneficial services. As stated, there is no evidentiary support for this objection and the presumption underlying it is incorrect.

  As the Sahn Declaration makes clear, certain discrete tasks were undertaken by other counsel at Greenspoon. There were two reasons for this-either the bankruptcy lawyers working on this case did not have the time to attend to a separate task that did not require any prior knowledge or history with the Debtor or the lawyer working on the case was engaged in a required and necessary task that was not a bankruptcy question but involved examining the claims and security interests of MGG California, LLC ("MGG") by a deadline agreed upon between the parties. This task involved the work of counsel expert in personal property and real property security interests who could also appreciate the steps necessary to perfect a security interest in crops (or the Debtor's wine crop in this instance).

  The work that the bankruptcy lawyer (Alan G. Tippie) who is very experienced but has not otherwise worked on this case related to a specific examination of an aspect of MGG's security

1 interests that are completely based upon California law. He performed this task, advised the client
with respect to it, and his work was then concluded. As the Sahn Declaration makes clear, there
should not be any reduction in this category and the request for a reduction of $9,118.50 should be
denied and these fees, on an interim basis, should be allowed in full.

**II.    Second Objection-"the Firm's time records include approximately 55 entries (totaling approximately $48,257.50) for which the task description may be too vague to allow the Court to make a meaningful assessment of the necessity of the communication and/or services described therein. The fees associated with these time entries should be denied or reduced by 50% (approximately $24,123.75). Alternatively, the Firm should be required to amend the First Interim Fee Application to better describe the communications and services at issue."**

The Sahn Declaration responds completely to this issue, including updated time entry descriptions, on the basis of each billing entry to which the Del Rosario Declaration refers. While Greenspoon appreciates the U.S. Trustee's offer to permit an amendment to the First Interim Application in order for there to be a better description in this category, Greenspoon believes that the Sahn Declaration adequately addresses the Objections and provides further information by which the time spent can be evaluated by the Court. The fee reduction requested in the amount of **$24,123.75** should be overruled and the attorneys' fees in this category allowed in full. Alternatively, at the hearing on either the Second Interim Application by Greenspoon or the Final Hearing on Compensation, the time entries which cause the Court concern can be further revised and appropriate information or description given to the Court.

**III.   Third Objection-"the Firm's time records include approximately 46 entries (totaling approximately $72,836.00) in which different tasks have been "lumped" together. The fees associated with these time entries should be reduced by 20% or $14,267.20."**

The Sahn Declaration addresses these objections and works to create greater clarity with respect to them so that the Court can better evaluate the fee request and time entries supporting them. There are both clarifications, there are also revised task descriptions, and great effort and detail has been taken to provide the Court with information that it needs in order to fulfill its

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

statutory duty to make findings regarding the First Interim Application as required under Sections 330 and 331 of the Bankruptcy Code.

**IV.     Fourth Objection-"the Firm's time records include nine entries for which the recorded time exceeds the amount reflected in the underlying task descriptions. Due to the apparent time miscounts, the Firm's fee request should be reduced by $8,736.50.**"

This objection by the US Trustee should be overruled based upon the contents of the Sahn Declaration. The time count in the time descriptions was not miscounted. Simply because the performance of tasks is described in a time entry with hours or portion of an hour included in the description does not mean that those time increments cannot wind up being more or less when the actual time entry for the entire description is recorded. The time entry is not necessarily the sum of the component parts found in the description of the work performed. The time recorded in respect of each of these time descriptions is the time that was spent on the particular billing entry by Greenspoon.

The Objections ask that $8,736.50 be disallowed because of these alleged "miscounts". Greenspoon's position is that the miscounts never took place. The Objections in this category by the United States Trustee should be overruled.

**V.      Fifth Objection-"the Firm's time records reflect several instances where multiple attorneys billed time for attending hearings and internal conferences. Absent a satisfactory explanation, the associated fees of $1,650.00 should be denied"**

Greenspoon's position is that it has been very lean in its staffing of this case, including that nearly every hearing was attended by only one lawyer, and that for a number of months, the entirety of the bankruptcy work was handled by one associate and one partner at the firm. The Sahn Declaration responds to the few points made for the reduction of $1,650.00 in this category. Based upon that response, Greenspoon requests that these objections be overruled.

**VI.     Sixth Objection- "the Firm's time records reflect several entries for tasks related to bill or invoice preparation. Absent a satisfactory explanation, the associated fees of $2,825.00 should be denied."**

Greenspoon agrees that the time entries identified in this category include billing for

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

preparation of Monthly Professional Fee Statements and also includes work preparing and filing Monthly Operating Reports with the Court. As the Sahn Declaration makes clear, Ninth Circuit case law including *In re Nucorp* permits compensation to be paid to professionals for the cost of preparation of fee applications. There is no functional difference, in our view, between time spent preparing a monthly Professional Fee Statement and time spent preparing a fee application. Accordingly, objections to the time entries for time spent on Professional Fee Statements should be overruled.

The other task that the time entries which are the subject of the Objections in this category is for time spent by Greenspoon's paralegal on the preparation and filing of Monthly Operating Reports. Greenspoon does not see why this necessary time by its paralegal (and time spent by counsel reviewing it before its filing) on the Monthly Operating Reports should not be compensable to the firm and therefore requests that the US Trustee's objections to the allowance of these entries be overruled.

**VII. Seventh Objection-time entries which are repeated on the same day-so-called "Duplicative Time Entries"**

In this category, Exhibit 6 to the Sahn Declaration addresses these time entries. There were duplicative time entries and where those are present, the Sahn Declaration at Exhibit 6 identifies those and where Greenspoon agrees with the US Trustee's objections. However, where there is disagreement, those disagreements are noted. Within this category, there are 5.15 hours which are the subject of objections that should be overruled. This represents fees objected to totaling $3,470.00, and fees in this category in this amount should be allowed based upon the contents of Exhibit 6 to the Sahn Declaration.

**VIII. Eighth Objection**-"**the Firm increased the billing rate for two attorneys, thereby resulting in an excessive rate increase that also appears to have been unauthorized. Accordingly, the $23,941.75 in fees associated with the increased billing rates should be denied.**"

This is one of the larger areas of the Objections as to the amount which the US Trustee requests be disallowed. Greenspoon did not report the increases in hourly rates for Puneet Bhullar

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

and Steve Burnell. When Ms. Bhullar was charging at a lower hourly rate, the employment application did not refer to her performance of any work as it was not known at that time that work by her on this case would be necessary. This only arose after the filing of the Bankruptcy Case when corporate/transactional work became necessary. That is Ms. Bhullar's area of practice.

It is Greenspoon's position that the US Trustee has made a valid objection, however, the remedy that they request, disallowance of all fees charged which are in excess of the particular timekeeper's hourly rate as of the commencement of this Chapter 11 case, is one that is not authorized by applicable law and would be severe and punitive in this case. The Bankruptcy Code under Section 330 prior to the 1994 Amendments ("1994 Amendments") that enacted the US Trustee Program Guidelines that are the subject of this category of objections in the Objections spoke and legislated that bankruptcy professionals should be treated like non-bankruptcy professionals in the manner by which they are compensated for their time, effort and results achieved. It is axiomatic that prior to the 1994 Amendments, the Bankruptcy Act of 1978 dispensed with the "economy of administration" standard and instead implemented a standard that was geared to getting the most highly skilled practitioners as part of the Bankruptcy Bar. This meant that one of the criteria applied to the award of fees and costs to professionals would be the "cost of comparable services outside of bankruptcy." The 1994 Amendments adjusted certain levels of disclosure and monitoring so that the fee abuses which the drafters of the 1994 Amendments believed to exist could be avoided by allowing the US Trustee to monitor fees more closely. This included the requirement that they be notified if the hourly rates charged by professionals increase during the bankruptcy case.

Rather than disallow the fees as requested in this portion of the Objections, the Court should defer ruling on these objections and the fees requested which are disputed. Instead, this increase in hourly rates should be considered in the next fee application filed by Greenspoon where Greenspoon will first give the required notice of the increased rates and, most importantly with regard to the two professionals involved, will demonstrate by competent evidence how the two professionals, Puneet Bhullar and Steve Burnell have the experience and expertise to justify their higher hourly rates so that this Court will be furnished with complete information necessary

1 for it to make findings that the higher rates charged are reasonable and in keeping with their
2 experience and quality of work.

### **CONCLUSION**

This Response and the Sahn Declaration give the Court an adequate basis to deny most of the Objections filed by the United States Trustee. Based upon the two responsive filings, Greenspoon prays that the Court:

A. Deny the Objections objecting to the fees of timekeepers who billed less than 10 hours during the period covered by the First Interim Application and award the $9,118.50 to Greenspoon which are the subject of these particular objections;

B. Deny the Objections objecting to the fees of timekeepers who billed $48,257.50 during the period covered by the First Interim Application based upon the descriptions provided being unclear, vague or transitory and award $24,173.75 to Greenspoon which are the subject of these particular objections;

C. Deny the Objections objecting to the fees of timekeepers allegedly 'lumped' time entries or otherwise billed in an improper manner and instead award $14,267.20 to Greenspoon which are the subject of these particular objections;

D. Deny the Objections which objected to the fees of timekeepers based upon alleged "miscounts" or miscalculations of time that was billed. The Court should award $8,736.50 other than the one time entry of attorney John Babala that was billed twice on the same day when this entry clearly should only have been requested once;

E. Deny the Objections which objected to time entries where multiple attorneys billed time to attend hearings or attend internal conferences. The request that $1,650.00 be denied in this category should be overruled.

F. Deny the Objections which objected to compensation for tasks related to preparation of Monthly billing statements submitted to the Court pursuant to the compensation procedures approved by this Court in its fee order, and deny the Objections objecting to compensation for time spent working to review and submit Monthly Operating Reports to the United States Trustee. The Court should instead award $2,285.00 requested in this category;

GREENSPOON MARDER LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 954.771.9264

G. The Court should not rule on the Objections related to the amount of the increased billing rate charged by two of the attorneys who have worked on this case, Puneet Bhullar and Steve Burnell and should permit this to be submitted and reviewed as part of the next fee application filed in this bankruptcy case. Fees requested based upon the rates that they charged before the increased hourly rates were instituted should be awarded as the Objections provide.

H. For such other and further relief as is just and appropriate in the circumstances.

DATED: April 17, 2023

Respectfully submitted,

**GREENSPOON MARDER LLP**

By: /s/ Victor A. Sahn
Victor A. Sahn
Attorneys for Debtor in Possession,
Spring Mountain Vineyard Inc.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **RESPONSE OF GREENSPOON MARDER TO OBJECTIONS AND RESERVATION OF RIGHTS OF THE OFFICE OF THE UNITED STATES TRUSTEE TO FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS GENERAL BANKRUPTCY COUNSEL TO THE CHAPTER 11 DEBTOR; DECLARATION OF VICTOR A. SAHN IN SUPPORT OF RESPONSE** (**Docket No. 323**) will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 17, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) April 17, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) April 17, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 17, 2023 | Patricia Dillamar | *Patricia Dillamar* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

PMD 53897587v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*     **F 9013-3.1.PROOF.SERVICE**

Case: 22-10381    Doc# 340    Filed: 04/17/23    Entered: 04/17/23 22:22:04    Page 10 of 16

**ADDITIONAL SERVICE INFORMATION (if needed):**

# 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Steve Burnell on behalf of Debtor Spring Mountain Vineyard Inc.
steve.burnell@gmlaw.com

Dean C. Burnick on behalf of Interested Party Mt. Hawley Insurance Company **(RSN)**
dcb@proughlaw.com

Jacquelyn H. Choi on behalf of Creditor Napa County Treasurer-Tax Collector **(RSN)**
jacquelyn.choi@rimonlaw.com; docketing@rimonlaw.com

Louis J. Cisz  lcisz@nixonpeabody.com on behalf of Don Yannias **(RSN)**

Trevor Ross Fehr on behalf of U.S. Trustee Office of the U.S. Trustee / SR
trevor.fehr@usdoj.gov

Mark S Horoupian on behalf of Debtor Spring Mountain Vineyard Inc.
mark.horoupian@gmlaw.com, cheryl.caldwell@gmlaw.com

Thomas Philip Kelly, III on behalf of Creditor Central Valley Builders Supply Inc. **(RSN)**
tomkelly@sonic.net

Steve Ma on behalf of Creditor MGG California, LLC
sma@proskauer.com

Jeff J. Marwil on behalf of Creditor MGG California, LLC
jmarwil@proskauer.com

Randall P. Mroczynski on behalf of Creditor Ford Motor Credit Company LLC **(RSN)**
rmroczynski@cookseylaw.com

Office of the U.S. Trustee / SR
USTPRegion17.SF.ECF@usdoj.gov

Elvina Rofael on behalf of U.S. Trustee Office of the U.S. Trustee / SR
elvina.rofael@usdoj.gov, Katina.Umpierre@usdoj.gov,GemMil.Langit@usdoj.gov

Victor A. Sahn on behalf of Debtor Spring Mountain Vineyard Inc.
victor.sahn@gmlaw.com, Karen.Files@gmlaw.com

Michael St. James on behalf of Interested Party Arcade Capital, LLC **(RSN)**
ecf@stjames-law.com

John G. Warner on behalf of Creditor Francois Freres USA Inc. **(RSN)**
warnerwest@aol.com

Ashley M. Weringa on behalf of Creditor MGG California, LLC
aweringa@proskauer.com

Steven F. Werth on behalf of Debtor Spring Mountain Vineyard Inc.
steven.werth@gmlaw.com, Patricia.Dillamar@gmlaw.com

Peter J Young on behalf of Creditor MGG California, LLC
pyoung@proskauer.com

PMD 53897587v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012  F 9013-3.1.PROOF.SERVICE

Case: 22-10381   Doc# 340   Filed: 04/17/23   Entered: 04/17/23 22:23:04   Page 11 of 16

**SERVED BY EMAIL OR UNITED STATES MAIL**

**Debtor**
Spring Mountain Vineyard Inc.
2805 Spring Mountain Road
St. Helena, CA 94574-1798
Attn: Don Yannias, President
Email: don@bimi.com

**Debtor's Financial Advisor And Chief Restructuring Officer**
Attn: Kevin A. Krakora, Managing Director
Getzler Henrich & Associates LLC, a Hilco Global Company
150 S. Wacker Drive | 24th Floor
Chicago, IL 60606
Tel: (312) 283-8071
Email: kkrakora@getzlerhenrich.com
Email: Peter.Ekman@jigsawadvisors.com

**Secured Creditor**
Imperial PFS aka IPFS
49 Stevenson St. #127
San Francisco, CA 94105-2909
(877) 687-9826
Lisa Chandler, Litigation and Bankruptcy Recovery Manager
Email: lisa.chandler@ipfs.com

Office of the United States Trustee **(NEF)**
Attn: Elvina Rofael
450 Golden Gate Ave., Rm. 05-1053
San Francisco, California 94102
Email: Elvina.Rofael@usdoj.gov
Tel: (202) 934-4062
**Via Email & U.S. Mail**

**Largest Unsecured Creditors**
Allen Wine Group LLP
Attn: Timothy Allen, CPA - Managing Partner
120 Stony Point Road, #230
Santa Rosa, CA 95401
(707) 528-3860
Email: tim@allenwine.com
Email: Tim@allengroupllp.com
Brent Garrison
Email: Brent@allengroupllp.com

Bartelt Engineering
Attn: Paul Bartelt
1303 Jefferson St #200B
Napa, CA 94559
(707) 258-1301
Email: paulb@barteltengineering.com

Belkorp AG, LLC
Attn: Laura Correll, Accounting
2413 Crows Landing Rd
Modesto, CA 95358
(209) 205-3706
Email: ar@belkorpag.com
Email: AR@BelkorpAg.com
Email: ldunhouse@belkorpag.com

Brown's Auto Parts
Attn Dan Beltramai, Owner
1218 Main St.
Saint Helena, CA 94574-1901
(707) 963-3638
Email: brownsauto169@gmail.com

Castino Restaurant Equipment And Supply
50 Utility Ct.
Rohnert Park, CA 94928-1659
(707) 585-3566
Email: sales@castinosolutions.com

Central Valley
Administrative Offices
1804 Soscol Ave., #205
Napa, CA 94559
Attn: Gerry Cruz, Accounting Mgr.
(707) 261-7900
Email: gerryc@central-valley.com

Chubb Group of Insurance Companies
P.O. Box 777-1630
Philadelphia, PA 19175-0001
(800) 372-4822
**Returned – Box Closed**

PMD 53897587v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

Case: 22-10381   Doc# 340   Filed: 04/17/23   Entered: 04/17/23 22:23:04   Page 12 of 16

F 9013-3.1.PROOF.SERVICE

Conway Beverage Group, LLC
Dba: Elite Brands
Elite Brokerage
3238 Old Heather Rd.
San Diego, CA 92111-7716
Attn: Mr. Jay Conway
Email: Jayconway@elitebrands.biz

Famille Sylvain
855 Bordeaux Way #239
Napa, CA 94558-7549
(707) 492-3308
Email: contactusa@famillesylvain.com

Tonnellerie Sylvain
855 Bordeaux Way
Napa, CA 94558
(707) 492-3308
Email: contactusa@famillesylvain.com

Francois Freres USA Inc.
1403 Jefferson St.
Napa, CA 94559-1708
(707) 294-2204
Email: office@francoisfreresusa.com
Email: julie@francoisfreresusa.com
Email: accounting@francoisfreresusa.com
Email: assistant@francoisfreresusa.com

G3 Enterprises Inc.
(Tapp Labels)
580 Gateway Dr.
Napa, CA 94558
(707) 252-8300
Email: jeff.licht@tapplabel.com

Napa County Treasurer
1195 3rd St. #108
Napa, CA 94559-3035
(707) 253-4314
Email: Dawnette.martindale@countyofnapa.org
Napa County Treasurer-Tax Collector
Email: Bob.Minahen@countyofnapa.org
Napa County Attorney
Email: Wendy.dau@countyofnapa.org

Napa Ford Lincoln
170 Soscol Ave.
Napa, CA 94559
**Via U.S. Mail**

Ford Motor Credit Company
National Bankruptcy Service Center
P O Box 62180
Colorado Springs CO 80962-2180
(800) 955-8232
Email: fcffald@ford.com

Napa Valley Petroleum
P.O. Box 2670
Napa, CA 94558-0528
(707) 252-6888
Email: kamh@napavalleypetroleum.com

Napa Valley Vintners Association
P.O. Box 141
Saint Helena, CA 94574
(707) 963-3388
Attn: Steve Tradewell, CFO
Email: stradewell@napavinters.com

Ramondin U.S.A. Inc.
Tammy Frandsen
Finance Manager
541 Technology Way
Napa, CA 94558
(707) 944-2277
Email: tfrandsen@ramondin.com

Stanzler Law Group
Attn: Jordan S. Stanzler
390 Bridge Pkwy #220
Redwood City, CA 94065
(650) 739-0200
Email: Jstanzler@stanzlerlawgroup.com

Wilbur Ellis Company LLC
c/o Registered Agent Solutions Inc.
720 14th St.
Sacramento, CA 95814-1905
(707) 963-3495
Email: KZavala@wilburellis.com
Email: MHAMMETT@wilburellis.com
Email: SPRIM@wilburellis.com

PMD 53897587v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012        Case: 22-10381    Doc# 340    Filed: 04/17/23    Entered: 04/17/23 22:23:04    Page 13 of 16        **F 9013-3.1.PROOF.SERVICE**

Wine Service Cooperative
1150 Dowdell Lane
Saint Helena, CA 94574
Attn: Steven Tamburelli
General Manager
Tel: (707) 963-9474
Fax: (707) 963 9359
Email: Steve@wineservicecoop.com

Bright Event Rental
22674 Broadway # A
Sonoma, CA 95476
(707) 940-6060
Attn: Michelle Minsk, Acctg.
Email: accountsreceivable@bright.com

CNH Capital
Dept. 1801104747435
P.O. Box 78004
Phoenix, AZ 85062
Attn: Steve Wright, Bankruptcy Dept.
(717) 355-5790
**Via U.S. Mail**

CNH Industrial Capital America, LLC
PO Box 71264
Philadelphia, PA 19176-6264
Attn: John Chiavacci, HRBK Analyst
(717) 355-5913
Email: john.chiavacci@cnhind.com

ETS Laboratories
c/o Marjorie Burns 899 Adams Street #A
Saint Helena, CA 94574-1160
(707) 963-4806
Attn Accounts Receivable Team
Email: ar@etslabs.com
Email: accounts@etslabs.com

Matheson Tri-Gas Inc.
Dept. LA 23793
Pasadena, CA 91185
(707) 963-4307
**Via U.S. Mail**

Sovos Compliance LLC
200 Ballardvale St. Bldg 14th Fl.
Wilmington, MA 01887
(866) 890-3970
Email: lori.bradshaw@sovos.com

Wine Technology America
aka Wine Technology, Inc.
474 Walten Way
aka Vinwizard
Windsor, CA 95492
(707) 703-5919
Attn: Kelly Graves, Director
(720) 284-2059
Email: kelly@vinwizard.us

Wine Technology America Inc.
c/o Lloyd Matthews, Agent
1899 Larkspur St.
Yountville, CA 94599-1237
**Via U.S. Mail**

Wyatt Irrigation Co.
4407 Solano Ave.
Napa, CA 94558
(707) 578-3747
Lynne Colombano, Acct Receivable Mgr.
Email: lynne@wyattsupply.com

Wyatt Irrigation Co.
c/o CSC - Lawyers Incorporating Service
2710 Gateway Oaks Dr. #150N
Sacramento, CA 95833-3502
**Via U.S. Mail**

**Request for Special Notice**
Alcohol & Tobacco Tax & Trade Bureau
U.S. Department of the Treasury
Attn: Daniel Paralta, Senior Counsel,
Field Operations
1436 2nd Street #531
Napa, CA 94559
(513) 684-2509
(202) 453-2412
Email: Daniel.Peralta@ttb.gov

Dept. of the Treasury, Alcoholic Beverage Control
Attn: Tracie Parker, Lic. Rep. I
50 D Street Room 130
Santa Rosa, CA. 95404
Phone: (707) 576-2165
Fax: (707) 638-9537
Email tracie.parker@abc.ca.gov

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346
(800) 973-0424

PMD 53897587v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012     Case: 22-10381    Doc# 340    Filed: 04/17/23    Entered: 04/17/23 22:23:04    Page 14 of 16     **F 9013-3.1.PROOF.SERVICE**

**Via U.S. Mail**

California Department of Tax and Fee Administration
Special Operations Bankruptcy Team MIC: 74
P.O. Box 942879
Sacramento, CA 94279-0074
(800) 400-7115
**Via U.S. Mail**

Franchise Tax Board
Attn: Vivian Ho
Bankruptcy Section, MS A-340
P.O. Box 2952
Sacramento, CA 95812-2952
916-845-7069
Email: Vivian.Ho@ftb.ca.gov

Employment Development Department
Bankruptcy Unit-MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001
**Via U.S. Mail**

Employment Development Department
Attn: MIC 53
800 Capital Mall
Sacramento, CA 95814
**Via U.S. Mail**

Piper/Sandler
1251 Avenue of the Americas, 39th Floor
New York, N.Y. 10020
Attn.: Mr. Leonard Sheer and Mr. Mike Dillahunt
Email: Leonard.sheer@psc.com
Email: Michael.dillahunt@psc.com
**Via U.S. Mail & Email**

Will Densberger
Pavi Micheli
Engel & Voelkers
25 East Napa Street
Sonoma, California
Email: Will@nvwineestates.com
Email: pavimicheli@icloud.com
**Via U.S. Mail & Email**

**Attorneys for Don Yannias**
Louis J. Cisz, III, Esq. NIXON PEABODY LLP
One Embarcadero Center, 32nd Floor
San Francisco, CA 94111
Tel: 415-984-8320 Fax: 415-984-8300
Email: lcisz@nixonpeabody.com

Richard J. Frey NIXON PEABODY LLP
300 South Grand Avenue, Suite 4100
Los Angeles, CA 9007
Tel: (213) 629-6000 Fax: (213) 629-6001
Email: rfrey@nixonpeabody.com

**Courtesy Email**

Jay B. Spievack, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave., Suite 2400
New York NY 10170-2499
(212) 381-8735
Email: jspievack@ctswlaw.com

Joseph Vann, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave., Suite 2400
New York NY 10170-2499
(212) 381-8724
Email: jvann@ctswlaw.com

John C. Vaughan
Newmark Knight Frank
4675 MacArthur Court, Suite 1600
Newport Beach, CA 92660
(808) 797-0148
Email: john.vaughan@nmrk.com

Mark Kasowitz:
Email: MKasowitz@kasowitz.com

Gavin D. Schryver:
Email: GSchryver@kasowitz.com

Attorneys for Napa County Treasurer
Jacquelyn H. Choi
Email: jacquelyn.choi@rimonlaw.com,
Email: docketing@rimonlaw.com

Luckey McDowell
Email: luckey.mcdowell@shearman.com

Jonathan Dunworth
Email: jonathan.dunworth@shearman.com

PMD 53897587v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

Case: 22-10381   Doc# 340   Filed: 04/17/23   Entered: 04/17/23 22:23:04   Page 15 of 16

**F 9013-3.1.PROOF.SERVICE**

Attorneys for Creditor Francois Freres USA Inc.
John G. Warner
Email: warnerwest@aol.com

*June 2012*     Case: 22-10381    Doc# 340    Filed: 04/17/23    Entered: 04/17/23 22:23:04    Page 16 of 16    **F 9013-3.1.PROOF.SERVICE**

PMD 53897587v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.