CHRISTINA L. GOEBELSMANN (CA SBN 273379)
Assistant United States Trustee
ELVINA ROFAEL (CA SBN 333919)
Trial Attorney
TREVOR R. FEHR (CA SBN 316699)
Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Office of the U.S. Trustee
450 Golden Gate Ave., Rm. 05-0153
San Francisco, California 94102
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email:  Elvina.Rofael@usdoj.gov
Email:  Trevor.Fehr@usdoj.gov

Attorneys for Tracy Hope Davis
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SANTA ROSA DIVISION**

| | |
|---|---|
| In re:<br><br>SPRING MOUNTAIN VINEYARD INC,<br><br><br><br><br><br>Debtor. | Case No. 22-10381 CN<br><br>Chapter 11<br><br><br>Date:  April 21, 2023<br>Time:  11:00 a.m.<br>Place: In Person or by Zoom<br><br>Judge: Honorable Charles Novack |

**OBJECTION AND RESERVATION OF RIGHTS OF THE UNITED STATES TRUSTEE TO THE FIRST INTERIM FEE APPLICATION OF JIGSAW ADVISORS LLC (ECF NOS. 296 to 299)**

Tracy Hope Davis, United States Trustee for Region 17 (the "United States Trustee"), by and through her undersigned counsel, hereby files this objection to the first interim fee application (ECF Nos. 296 to 299) (the "First Interim Fee Application") of Jigsaw Advisors LLC ("Jigsaw"), winery operations and management advisors for the debtor in possession (the "Debtor").  In support of her Objection, the United States Trustee respectfully represents as follows:

1

# I. INTRODUCTION

1. Jigsaw's fee request should be reduced for three reasons. *First*, Jigsaw's time records reflect several instances where the professional billed time for attending conferences with several parties, including the Debtor's Chief Restructuring Officer, Kevin Krakora. Absent a satisfactory explanation, the associated fees of $33,275 should be reduced by 50% or **$16,637.50**.

2. *Second*, Jigsaw's time records include approximately 34 entries (totaling approximately $21,945) in which different tasks have been "lumped" together. The fees associated with these time entries should be reduced by 20% or **$4,389**. Alternatively, Jigsaw should be required to amend the First Interim Fee Application to "de-lump" the time entries.

3. *Third*, Jigsaw's time records include approximately 20 entries (totaling approximately $5,005) for which the task description may be too vague to allow the Court to make a meaningful assessment of the necessity of the communication and/or services described therein. The fees associated with these time entries should be denied or reduced by 50% (approximately **$2,502.50**). Alternatively, Jigsaw should be required to amend the First Interim Fee Application to better describe the communications and services at issue.

4. The United States Trustee reserves her rights to object to any and all amendments and supplements to the First Interim Fee Application.

# II. STATEMENT OF FACTS

5. On September 29, 2022, the Debtor commenced this voluntary case under Chapter 11 of the United States Bankruptcy Code (the "Petition Date"). *See* ECF No. 1. The Debtor is currently a debtor-in-possession under sections 1107 and 1108 of the Bankruptcy Code. *See* Case Docket *generally*.

6. Due to a lack of interest, an Official Committee of Unsecured Creditors has not been appointed by the United States Trustee in this case. *Id*.

7. The meeting of creditors under 11 U.S.C. § 341(a) was held on November 4, 2022 and concluded on the same day. *Id*.

8. On November 8, 2022, the United States Trustee filed a "Notice of Applicability of Large-Case United States Trustee Fee Guidelines." *See* ECF No. 99.

9. The Debtor's business "consists primarily of growing grapes in its 135 vineyard blocks, harvesting those grapes and pressing them into wine in casks, bottling that wine from casks, and storing and selling that wine." ECF No. 26, at p. 6 of 35.[1]

10. On April 7, 2023, the Court approved the sale of substantially all the Debtor's assets to MGG California, LLC, the Debtor's primary secured creditor. *See* ECF No. 318.

11. On October 31, 2022, the Debtor filed an application to employ Jigsaw to provide outside winery operations and management services pursuant to Sections 105(a) and 363(b). *See* ECF No. 84.

12. On November 17, 2022, the United States Trustee filed an objection to Jigsaw's employment application.. *See* ECF No. 125. The objection asserted that Jigsaw, as a professional, should be employed under section 327(a) as opposed to 363(b) and that Jigsaw's services appear duplicative and overbearing on the Debtor's administrative expenses given the Debtor's employment of Getzler Henrich & Associates LLC and Mr. Krakora as the Debtor's CRO. *Id*.

13. In resolving the United States Trustee's objection, the Debtor employed Jigsaw under section 327(a) and the order approving Jigsaw's employment provided that Jigsaw "shall

---

[1] References to documents on the Court's docket denote the page numbers of the documents per the Court's docketing stamp.

use its best efforts to avoid any duplication of services provided by any of the other retained professionals in this bankruptcy case." See ECF Nos. 133 and 171.

14. On March 31, 2023, Jigsaw filed its First Interim Fee Application for the period beginning September 29, 2022 through February 28, 2023, requesting $536,690 in fees and $1,930.63 in expenses. See ECF No. 296.

### III. OBJECTION

15. Bankruptcy Code Section 330(a)(1) provides that:

> [a]fter notice to the parties in interest and the United States Trustee and a
> hearing, and subject to sections 326, 328, and 329, the court may award to a
> trustee, … an examiner, … or a professional person employed under
> section 327 or 1103 –
> (A) *reasonable compensation for actual, necessary services* rendered by
> the trustee, examiner, professional person, … or attorney and by any
> paraprofessional person employed by any such person; and
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1)(A) and (B) (emphasis added).

16. The fee applicant bears the burden of proof to show entitlement to the requested fees. *See Law Offices of David A. Boone v. Derham-Burk (In re Eliapo)*, 298 B.R. 392, 402 (B.A.P. 9th Cir. 2003), *rev'd in part on other grounds*, 468 F.3d 592 (9th Cir. 2006); *In re Ginji Corp.*, 117 B.R. 983, 990 (Bankr. D. Nev. 1990) ("The applicant … has the burden of proof to show the reasonableness of the fees sought.").

17. A professional person may not be compensated for services that are unnecessarily duplicative. *See* 11 U.S.C. § 330(a)(4)(A)(i); *see also In re Genay-Wolf*, 2012 WL 2064527, at

Case: 22-10381    Doc# 342    Filed: 04/18/23    Entered: 04/18/23 13:42:27    Page 4 of 9

*2 (Bankr. D. Idaho June 7, 2012) ("The Court cannot allow compensation for unnecessary duplication of services ….").

18. Nor may a professional person be compensated for services that are excessive in relation to the task accomplished. *See In re Mohsen*, 473 B.R. 779, 792 (Bankr. N.D. Cal. 2012); *In re SonicBlue Inc.*, 2006 WL 2067882, at *3 (Bankr. N.D. Cal. July 24, 2006) ("Hours that are excessive, redundant, or unnecessary in view of the services performed should not be compensated"). A court may rely on "its own experience" in determining whether billings are excessive. *See In re Rancourt*, 207 B.R. 338, 363 (Bankr. D.N.H. 1997).

A. **The First Interim Fee Application Reflects Numerous Instances Where Multiple Professionals Billed for Attending Conferences.**

17. Jigsaw's time records reflect 75 entries where professionals billed time for attending conferences along with Mr. Krakora, the Debtor's CRO. *See Exhibit A* to the Del Rosario Declaration. The corresponding fees associated with the flagged entries total approximately $33,275.

18. The United States Trustee previously raised concerns that Jigsaw's employment in this case would result in the duplication of tasks undertaken by other professionals, namely the Debtor's CRO, and an unnecessary increase in administrative costs. *See* ECF No. 125. Absent a justification of the concurrent attendance of multiple professionals at each of the conferences, the fees associated with these time entries should be denied or reduced by *at least* 50% — approximately **$16,637.50**.[2] *See*, *e.g.*, *In re Ginji Corp.*, 117 B.R. at 993 ("When the necessity for

---

[2] The United States Trustee did not object to time entries that reference communications/conferences between Jigsaw and the CRO or time entries that reference Jigsaw's appearance at Court hearings as "duplicative." *See Exhibit A* to the Del Rosario Declaration. The United States Trustee reserves all her rights. *See In re Strand*, 375 F.3d 854, 858 (9th Cir. 2004) (interim fee awards are "'always'" subject to reexamination during the course of the case.).

multiple attorneys at a hearing has not been shown, such expense is not reasonable"); *In re Sonicblue Inc.*, 2006 WL 2067882, at *6 ("Absent an explanation, participation by multiple attorneys in the same meeting, conference, or hearing constitutes non-compensable duplicative services."); *U.S. Bankruptcy Court for the Northern District of California, Guidelines for Compensation and Expense Reimbursement of Professionals and Trustee*s (effective February 19, 2014), No. 16.

**B.  Fees for Services Described in "Lumped" Entries Should be Disallowed or Reduced.**

19. Jigsaw's time records include instances of "block-billing" in which different tasks have been "lumped" into a single billing entry. There are approximately 34 entries that fall into this category. *See Exhibit A* to the Del Rosario Declaration. The corresponding fees total approximately $21,945.

20. "Lumping" multiple services into a single billing entry is "universally disapproved" by bankruptcy courts. *See In re Thomas*, 2009 WL 7751299, at *5 (B.A.P. 9th Cir. July 6, 2009). "Lumping" prevents courts from assessing the reasonableness of the time spent on each of the activities. *See id.* at *7; *In re Dutta*, 175 B.R. 41, 46−47 (B.A.P. 9th Cir. 1994); *NDCA U.S. Bankruptcy Court for the Northern District of California, Guidelines for Compensation and Expense Reimbursement of Professionals and Trustee*s (effective February 19, 2014), No. 14.

21. Courts may reduce compensation for "lumped" entries. *See In re Thomas*, 2009 WL 7751299, at *6; *see also In re Virissimo*, 354 B.R. at 293 (Bankr. D. Nev. 2006) ("[E]ntries … that lump together different services are not compensable.").

22. To do so, courts routinely apply across the board reductions in the number of hours. *See, e.g.*, *In re Thomas,* 2009 WL 7751299, at *6-7 ("In setting a percentage penalty for lumping, most courts 'typically make an adjustment ranging from 5% to over 30%, which is

6

Case: 22-10381    Doc# 342    Filed: 04/18/23    Entered: 04/18/23 13:42:27    Page 6 of 9

consistent with the finding of the California State Bar's Committee on Mandatory Fee Arbitration that block billing may increase time by 10% to 30%.'") (citations omitted).

23. Accordingly, the fees associated with Jigsaw's "lumped" time entries should be reduced by 20% or **$4,389**. *Cf. In re Stewart*, 2008 WL 8462960, at *6 (B.A.P. 9th Cir. Mar. 14, 2008) (bankruptcy court's reduction of time entries by 20% for lumping was not an abuse of discretion).

C. **Fees for Services Described in Vague Time Entries Should be Disallowed or Reduced.**

24. Jigsaw's time records include approximately 20 entries for which the task description may be too vague to allow the Court to make a meaningful assessment of the necessity of the communication, other parties to the communication, and/or services described therein. *See Exhibit A* to the Del Rosario Declaration. The corresponding fees total approximately $5,005.

25. For instance: (i) on October 13, 2022, Mr. Ekman billed 0.40 hours for "[t]elephone conference w A. Gern (MGG) re lender issues"; (ii) on January 9, 2023, Mr. Ekman billed 0.20 hours for "[t]elephone conference with CRO, K.Krakora, re MGG issues and questions."; and (iii) on February 15, 2023, Mr. Ekman filled .40 hours for "[p]repared support analysis per request by Greenspoon Marder re court hearing motions and arguments." *See Exhibit A* to the Del Rosario Declaration.

26. The fees associated with these time entries should be denied or reduced by 50% — approximately **$2,502.50**. *See, e.g., In re SonicBlue Inc.*, 2006 WL 2067882, at *8 (Bankr. N.D. Cal. July 24, 2006) ("To enable the court to determine whether the services are compensable, the timekeeper is also expected to identify the other party to the conference, meeting, telephone call, or correspondence. Where the time entry omits some critical element describing the services performed, it is not compensable. Time entries that contain such vague characterization of the

services performed as 'attention to' and 'work on' fail to adequately describe the services provided."); *In re Virissimo*, 354 B.R. 284, 293 (Bankr. D. Nev. 2006) ("Vague entries … are not compensable."); *In re Bennett Funding Group, Inc.*, 213 B.R. 234, 244–45 (Bankr. N.D.N.Y. 1997) ("[T]ime entries for telephone calls must indicate the parties involved and the purpose and length of the conversation…. Entries such as 'telephone call with Mr. X' are insufficient descriptions of services ….") (emphasis added); *U.S. Bankruptcy Court for the Northern District of California, Guidelines for Compensation and Expense Reimbursement of Professionals and Trustee*s (effective February 19, 2014), No. 13.

27. Alternatively, if the Court is inclined to consider these time entries, then Jigsaw should be required to amend the First Interim Fee Application to more fully describe the subject matter of the communications and services at issue. The United States Trustee reserves her rights to object to any and all amendments and supplements to the First Interim Fee Application.

### IV. CONCLUSION

28. Based on the foregoing, the United States Trustee respectfully requests that the Court sustain the Objection and deny the First Interim Fee Application to the extent it seeks (a) allowance of fees for excessive professionals to attend conferences; (b) allowance of fees for which different tasks have been "lumped" together; and (c) allowance of fees related to services that are insufficiently described.

29. The United States Trustee reserves her rights to object to any and all amendments and supplements to the First Interim Fee Application.

Dated: April 18, 2023	Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE, REGION 17

By:	/s/ Elvina Rofael
	Elvina Rofael
	Trevor R. Fehr
	Trial Attorneys for United States Trustee