1 Victor A. Sahn (CA Bar No. 97299)
    victor.sahn@gmlaw.com
2 Mark S. Horoupian (CA Bar No. 175373)
    mark.horoupian@gmlaw.com
3 Steve Burnell (CA Bar No. 286557)
    steve.burnell@gmlaw.com
4 **GREENSPOON MARDER LLP**
  a Florida limited liability partnership
5 333 South Grand Avenue, Suite 3400
  Los Angeles, California 90071
6 Telephone: 213.626.2311
  Facsimile: 954.771.9264

Attorneys for Debtor in Possession,
Spring Mountain Vineyard Inc.

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SANTA ROSA DIVISION**

| | |
|---|---|
| In re: | Case No. 1:22-bk-10381 CN |
| SPRING MOUNTAIN VINEYARD INC., a Delaware corporation, | Chapter 11 |
| | **CHAPTER 11 STATUS CONFERENCE STATEMENT** |
| Debtor. | <u>Status Conference:</u><br>DATE: April 28, 2023<br>TIME: 11:00 a.m.<br>PLACE: Courtroom<br>1300 Clay Street, 2nd Floor<br>Oakland, California 94612 |

**TO THE HONORABLE CHIEF JUDGE CHARLES NOVACK, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE, AND PARTIES ENTITLED TO NOTICE:**

The above-captioned Debtor in Possession (the "Debtor"), hereby submits the following Chapter 11 Status Conference Statement pursuant to this Court's Docket Text Order entered on November 18, 2022 (the "Order"). The Order requests that the Debtor provide answers to the questions listed below:

> **1. The factors (business, financial, operational and any other problems) leading to this bankruptcy filing, the debtor(s)' objectives in this Chapter 11 case, and the means proposed to achieve those objectives.**

The Debtor's Chapter 11 filing was brought about by a number of extraordinary events which, when taken together, have led the Debtor to the point where it had no alternative but to seek the protections afforded by the Bankruptcy Code.

a. <u>COVID Pandemic and Glass Fire</u>: The COVID pandemic drastically reduced tourism in Napa County where the Debtor's winery is located. The Debtor incorporates the *Declaration of John Vaughan, MAI in Support of Debtor's Motion for Authorization to Use Cash Collateral* (Docket No. 22) as if set forth in full, which speaks not only of the COVID pandemic, but also the Glass Fire in 2020 that caused severe damage and/or destroyed multiple building structures (including some which are historic and irreplaceable) on the property and destroyed or severely damaged several significant portions of the Debtor's vineyard stock (i.e. its grape growing vine plants). This damage has been discussed in the *Declaration of Jay B. Spievack, Esq. in Support of Debtor's Motion for Authorization to Use Cash Collateral* (Docket No. 23), who is the Debtor's litigation counsel in claims brought by the Debtor against several insurance carriers.

b. <u>Issues with Secured Creditor</u>: MGG California, LLC ("<u>MGG</u>"), as agent for a number of related lenders, is the Debtor's primary secured creditor/lender. Pursuant to the *Final Order Extending to December 31, 2022: Second Interim Order (I) Authorizing the*

*Debtor to Utilize Cash Collateral of Pre-Petition Secured Parties Through November 4, 2022; (II) Granting Adequate Protection to Pre-Petition Secured Parties; (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and 4001(c); and (IV) Granting Related Relief* (Docket No. 92) (the "Final Cash Collateral Order"), the Lenders (as defined therein) hold an allowed secured claim as of the Petition Date of not less than $192,221,090.14, and an Adequate Protection Superpriority Claim and Adequate Protection Liens (each as defined in the Final Cash Collateral Order) pursuant to the terms of the Final Cash Collateral Order.

By the onset of COVID-19, the Debtor had been in default to MGG for some years, and the indebtedness owed to MGG has become all due and payable by the loan terms. At the time the Debtor elected to file Chapter 11, the Debtor's forbearance agreement(s) with MGG were about to expire with no extension in prospect. After an attempt by the Debtor in a non-bankruptcy forum to enjoin MGG from exercising its rights under its operative loan documents failed, the Debtor had no alternative but to seek the protections of the Bankruptcy Code to protect its assets.

On March 6, 2023, this Court entered the *Order Granting Debtor's Notice of Motion and Motion for Entry of (I) An Order Approving Auction and Bid Procedures for the Sale of Its Wine Vineyard Business Including Real Property, Rights Running with the Certain Real Property, Wine Inventory, Certain Vineyard Business Rights and Contract Rights and (II) Granting Related Relief* (the "Bidding Procedures Order") [Docket no. 261]. Pursuant to the Bidding Procedures Order, the Debtor conducted an auction March 24, 203 (the "Auction") for the sale of substantially all of the Debtor's assets, at which four parties (including MGG) bid. However, the cumulative total of the bids submitted by the parties attending the auction was exceeded by the credit bid submitted by MGG. Subsequently as a result of negotiations between MGG, the Debtor and Mr. Jacob Safra, the principal of the Debtor's owner, an agreement has been reached that under certain conditions being met, the Debtor's operations will continue in Chapter 11 and Mr. Safra will have an opportunity to pay off the Debtor's obligation(s) to MGG by approximately July 1, 2023. If the indebtedness as agreed upon is not paid by this due date, the sale to MGG which has been approved by the Court, will move forward and close.

Pursuant to the Sale Order, the closing date of the sale is no earlier than July 1, 2023 and no later than July 7, 2022 (collectively, the "Closing Date"). During this interim period, MGG has committed to provide the necessary funding to sustain the Debtor's operations and payment of the Debtor's professionals' fees. The Debtor's Chief Restructuring Officer, Kevin A. Krakora (the "CRO") is currently working with MGG to finalize that arrangement and the Debtor will be seeking Court approval of such arrangement once reached.

Directly related to the consummation of the Sale Order and APA, MGG and the Debtor's ultimate beneficial owner, Mr. Jacqui Safra ("Mr. Safra") entered into a Binding Settlement Agreement dated as of April 6, 2023 (the "Safra Settlement Agreement"). The Debtor is not a party to the Safra Settlement Agreement. It is the Debtor's understanding, however, that intent of the Safra Settlement Agreement is that Mr. Safra has until June 28, 2023 to pay a "Release Price" to MGG. If this deadline is met, the Sale Order may be vacated by request from the Debtor with the written consent of MGG.

**2. A proposed schedule for filing a plan and disclosure statement, and for confirmation of the proposed plan.**

The exclusivity period under 11 U.S.C. § 1121(b) for the Debtor to file its chapter 11 plan is currently July 26, 2023, and the exclusivity period under 11 U.S.C. § 1121(c) for the Debtor to obtain acceptance of its chapter 11 plan is September 24, 2023. As discussed above, because the deadline the Release Price to be paid is June 28, 2023, it would be premature for the Court to set a deadline to file a plan at this juncture of the case. The Debtor will have a better understanding after that date on whether the Sale Order will be vacated and if so, the timing for filing a disclosure statement and plan. It is the Debtor's understanding that Mr. Safra would be interested in filing a chapter 11 plan to reorganize the Debtor as a going concern, especially in light of the potential net operating losses currently estimated to be over $100 million. In the event the Release Price is not paid and the sale to MGG is consummated, the Debtor will most likely move for voluntary dismissal of this case.

**3. An outline of the proposed plan.**

As discussed above, it would be premature at this time for the Debtor to present an

outline of a plan of reorganization given the unresolved contingency of whether the Release Price is paid.

**4. The type, status and adequacy of insurance coverage of the debtor(s)' assets.**

The Debtor has sufficient insurance coverage to cover its assets. The policies include property, liability, and workmen's compensation. Evidence of coverage has been provided to the Office of the United States Trustee.

**5. Whether the debtor has met the requirements for retaining professionals in the case, and the estate's need for retaining any additional professionals (e.g., attorneys, accountants, brokers, etc.).**

The Debtor has met the requirements for retaining professionals. Since the last status conference on November 18, 2022, the Court has entered orders approving the employment of the Debtor's general bankruptcy counsel, special litigation counsel, special local litigation counsel, special land use counsel, chief restructuring officer and support financial services, and daily operational management. The Debtor will be filing an application to employ a tax accountant to prepare the Debtor's necessary tax returns.

**6. The debtor(s)' post−petition operations, revenue and financial results.**

The Debtor is current on its has been reporting the results of its financial operations on its monthly operating reports ("MOR"). The Debtor has been operating in conformity with the budget agreed to with MGG as part of the Court-approved DIP Financing Order entered , and has been reporting its operations to MGG on a weekly basis.

**7. The status of any litigation pending in or outside of this Court.**

On March 11, 2022, the Debtor through its special litigation counsel, Cohen, Tauber, Spievack & & Wagner P.C. ("CTSW") filed an action captioned *Spring Mountain Vineyards, Inc. v. Landmark American Ins. Co.*, Case No. 22CV000270 (Napa County, California Superior Court)--the "California State Litigation". In it, the Debtor claims that its six excess commercial insurers breached their obligations to cover the Debtor for approximately $28 million in unreimbursed commercial property damage and losses caused by the Glass Fire. The Debtor

believes that the total remaining insurance recoverable damages are up to $28 million, which does not include its attorney's fees, consequential and punitive damages.

The California State Litigation is proceeding apace against the first-layer, third-layer and fourth-layer commercial excess insurers and against the Debtor's former insurance advisor and broker for negligence, negligent misrepresentation, and breach of fiduciary duty. Following a recent ruling, the second-layer commercial excess insurer, Mt. Hawley Insurance Company ("Mt. Hawley") has filed a petition for review to the California Supreme Court in which it ultimately seeks to have the California Supreme Court review and reverse the Napa County Superior Court's Order After Hearing Denying Mt. Hawley's Motion to Dismiss and the California Court of Appeal's Order Summarily Denying Mt, Hawley's Petition for an Interlocutory Writ. The Petition for Review to the California Supreme Court has been fully submitted to that Honorable Court and was subsequently denied.

On April 19, 2022, Mt. Hawley filed a declaratory judgment action against the Debtor in Federal Court (Southern District of New York) captioned *Mt. Hawley Ins. Co. v. Spring Mountain Vineyards, Inc.,* Case No. 1:22-cv-03191-GHW (SDNY) (the "New York Federal Litigation"). The Debtor retained CTSW to represent it in connection with that litigation. In the New York Federal Litigation, the Debtor filed two motions to, among other things, that dismissed or stayed the New York Federal Litigation in favor of the California State Litigation. The Debtor's second motion, which was filed after Mt. Hawley filed an amended complaint that mooted the Debtor's first motion, had not been fully submitted at the time the Debtor filed this bankruptcy proceeding. The New York Federal Litigation has been stayed pursuant to 11 U.S.C. Section 362.

By Order entered on March 20, 2023, the Court denied Mt. Hawley Insurance Company's ("Mt. Hawley") motion for relief from stay (the "RFS Denial Order") [Dkt. No. 273]. Mt. Hawley has timely appealed the RFS Denial Order to the U.S. District Court for the Northern District of California. Briefing deadlines have not been set yet.

/ / /

/ / /

/ / /

**8. The debtor(s)' attendance at a meeting of creditors pursuant to 11 U.S.C. § 341(a), and compliance with requests for information from the U.S. Trustee (including but not limited to requests made in the Initial Debtor Interviews).**

The Debtor, with counsel, attended the Rule 341(a) examination and the Initial Debtor Interview ("IDI"). The Office of the United States Trustee requested certain additional information from the Debtor. The Debtor has provided responses to all such requests.

**9. The status of monthly operating reports, debtor−in−possession (DIP) accounts and required post−petition payments to taxing authorities.**

The Debtor has timely filed its MORs, and has converted all of its pre-existing bank accounts to Debtor in Possession accounts. The Debtor is current with its post-petition payments to the taxing authorities. The Debtor was granted an extension to file its 2022 tax returns. The Debtor shall be moving to retain tax accountants to prepare necessary tax returns.

**10. Whether the debtor has met the requirements for using cash collateral and obtaining credit.**

The Debtor believes that it has operated in compliance with the Final Cash Collateral Order and the *Final Order: (I) Authorizing Secured Post-Petition Financing Pursuant To 11 U.S.C. § 364; (II) Extending The Term For Cash Collateral Usage Pursuant To Existing Cash Collateral Orders To April 15, 2023, And (III) Granting Related Relief* (the "DIP Financing Order") [Dkt. No. 224]. As discussed above, during the interim period between now and the Closing Date, MGG committed to provide the necessary funding to sustain the Debtor's operations and payment of the Debtor's professionals' fees. The Debtor's CRO is currently working with MGG to finalize a further financing arrangement and the Debtor will seek Court approval of such arrangement once reached.

/ / /

/ / /

/ / /

**11. Orders entered in the case granting relief from the automatic stay, extending or refusing to extend the automatic stay or determining there is no automatic stay in effect as to any or all creditors.**

No such orders have been entered at this time.

**12. Motions to assume or reject any executory contracts or unexpired leases that have been or are expected to be filed.**

The Court approved the Debtor's assumption of an executory contract with one of its customers regarding a pre-petition order for a significant shipment of wine. *See* Dkt. No 75. The Debtor is in the process of rejecting two (2) prepetition listing agreements after the objection period has expired. The Debtor's motion to extend the deadline to assume or reject commercial real property leases [Dkt. No. 301] was granted, with the order pending entry. The new deadline for the Debtor to assume or reject commercial real property leases was extend to, and including, July 26, 2023. No other motions have been made or anticipated at this time.

**13. Unique issues concerning secured debt, employees, cash collateral, executory contracts, existing management and/ or equity owners.**

All issues regarding the foregoing have been discussed in previous sections of this Report.

**14. Unusual developments or events that have occurred or are expected to occur in the case, and any other matters that might materially affect the administration of this case.**

At this juncture of the case, the Debtor believes that all developments have been fully briefed and are known to the Court.

DATED: April 24, 2023

Respectfully submitted,
**GREENSPOON MARDER LLP**

By: _____*/s/ Victor A. Sahn*_____
Victor A. Sahn
Mark S. Horoupian
Steve Burnell
Attorneys for Debtor in Possession,

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 11 STATUS CONFERENCE STATEMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 24, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) April 24, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) April 24, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 24, 2023 | Patricia Dillamar | *Patricia Dillamar* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

PMD 53897587v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

# 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Steve Burnell on behalf of Debtor Spring Mountain Vineyard Inc.
steve.burnell@gmlaw.com

Dean C. Burnick on behalf of Interested Party Mt. Hawley Insurance Company **(RSN)**
dcb@proughlaw.com

Jacquelyn H. Choi on behalf of Creditor Napa County Treasurer-Tax Collector **(RSN)**
jacquelyn.choi@rimonlaw.com; docketing@rimonlaw.com

Louis J. Cisz  lcisz@nixonpeabody.com on behalf of Don Yannias **(RSN)**

Trevor Ross Fehr on behalf of U.S. Trustee Office of the U.S. Trustee / SR
trevor.fehr@usdoj.gov

Mark S Horoupian on behalf of Debtor Spring Mountain Vineyard Inc.
mark.horoupian@gmlaw.com, cheryl.caldwell@gmlaw.com

Thomas Philip Kelly, III on behalf of Creditor Central Valley Builders Supply Inc. **(RSN)**
tomkelly@sonic.net

Steve Ma on behalf of Creditor MGG California, LLC
sma@proskauer.com

Jeff J. Marwil on behalf of Creditor MGG California, LLC
jmarwil@proskauer.com

Randall P. Mroczynski on behalf of Creditor Ford Motor Credit Company LLC **(RSN)**
rmroczynski@cookseylaw.com

Office of the U.S. Trustee / SR
USTPRegion17.SF.ECF@usdoj.gov

Elvina Rofael on behalf of U.S. Trustee Office of the U.S. Trustee / SR
elvina.rofael@usdoj.gov, Katina.Umpierre@usdoj.gov,GemMil.Langit@usdoj.gov

Victor A. Sahn on behalf of Debtor Spring Mountain Vineyard Inc.
victor.sahn@gmlaw.com, Karen.Files@gmlaw.com

Michael St. James on behalf of Interested Party Arcade Capital, LLC **(RSN)**
ecf@stjames-law.com

John G. Warner on behalf of Creditor Francois Freres USA Inc. **(RSN)**
warnerwest@aol.com

Ashley M. Weringa on behalf of Creditor MGG California, LLC
aweringa@proskauer.com

Steven F. Werth on behalf of Debtor Spring Mountain Vineyard Inc.
steven.werth@gmlaw.com, Patricia.Dillamar@gmlaw.com

Peter J Young on behalf of Creditor MGG California, LLC
pyoung@proskauer.com

PMD 53897587v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012   F 9013-3.1.PROOF.SERVICE

Case: 22-10381   Doc# 356   Filed: 04/24/23   Entered: 04/24/23 22:13:14   Page 10 of 14

**SERVED BY EMAIL OR UNITED STATES MAIL**

**Debtor**
Spring Mountain Vineyard Inc.
2805 Spring Mountain Road
St. Helena, CA 94574-1798
Attn: Don Yannias, President
Email: don@bimi.com

**Debtor's Financial Advisor And Chief Restructuring Officer**
Attn: Kevin A. Krakora, Managing Director
Getzler Henrich & Associates LLC, a Hilco Global Company
150 S. Wacker Drive | 24th Floor
Chicago, IL 60606
Tel: (312) 283-8071
Email: kkrakora@getzlerhenrich.com
Email: Peter.Ekman@jigsawadvisors.com

**Secured Creditor**
Imperial PFS aka IPFS
49 Stevenson St. #127
San Francisco, CA 94105-2909
(877) 687-9826
Lisa Chandler, Litigation and Bankruptcy Recovery Manager
Email: lisa.chandler@ipfs.com

Office of the United States Trustee **(NEF)**
Attn: Elvina Rofael
450 Golden Gate Ave., Rm. 05-1053
San Francisco, California 94102
Email: Elvina.Rofael@usdoj.gov
Tel: (202) 934-4062
**Via Email & U.S. Mail**

**Largest Unsecured Creditors**
Allen Wine Group LLP
Attn: Timothy Allen, CPA - Managing Partner
120 Stony Point Road, #230
Santa Rosa, CA 95401
(707) 528-3860
Email: tim@allenwine.com
Email: Tim@allengroupllp.com
Brent Garrison
Email: Brent@allengroupllp.com

Bartelt Engineering
Attn: Paul Bartelt
1303 Jefferson St #200B
Napa, CA 94559
(707) 258-1301
Email: paulb@barteltengineering.com

Belkorp AG, LLC
Attn: Laura Correll, Accounting
2413 Crows Landing Rd
Modesto, CA 95358
(209) 205-3706
Email: ar@belkorpag.com
Email: AR@BelkorpAg.com
Email: ldunhouse@belkorpag.com

Brown's Auto Parts
Attn Dan Beltramai, Owner
1218 Main St.
Saint Helena, CA 94574-1901
(707) 963-3638
Email: brownsauto169@gmail.com

Castino Restaurant Equipment And Supply
50 Utility Ct.
Rohnert Park, CA 94928-1659
(707) 585-3566
Email: sales@castinosolutions.com

Central Valley
Administrative Offices
1804 Soscol Ave., #205
Napa, CA 94559
Attn: Gerry Cruz, Accounting Mgr.
(707) 261-7900
Email: gerryc@central-valley.com

Chubb Group of Insurance Companies
P.O. Box 777-1630
Philadelphia, PA 19175-0001
(800) 372-4822
**Returned – Box Closed**

PMD 53897587v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                F 9013-3.1.PROOF.SERVICE

Case: 22-10381    Doc# 356    Filed: 04/24/23    Entered: 04/24/23 22:13:14    Page 11 of 14

Conway Beverage Group, LLC
Dba: Elite Brands
Elite Brokerage
3238 Old Heather Rd.
San Diego, CA 92111-7716
Attn: Mr. Jay Conway
Email: Jayconway@elitebrands.biz

Famille Sylvain
855 Bordeaux Way #239
Napa, CA 94558-7549
(707) 492-3308
Email: contactusa@famillesylvain.com

Tonnellerie Sylvain
855 Bordeaux Way
Napa, CA 94558
(707) 492-3308
Email: contactusa@famillesylvain.com

Francois Freres USA Inc.
1403 Jefferson St.
Napa, CA 94559-1708
(707) 294-2204
Email: office@francoisfreresusa.com
Email: julie@francoisfreresusa.com
Email: accounting@francoisfreresusa.com
Email: assistant@francoisfreresusa.com

G3 Enterprises Inc.
(Tapp Labels)
580 Gateway Dr.
Napa, CA 94558
(707) 252-8300
Email: jeff.licht@tapplabel.com

Napa County Treasurer
1195 3rd St. #108
Napa, CA 94559-3035
(707) 253-4314
Email: Dawnette.martindale@countyofnapa.org
Napa County Treasurer-Tax Collector
Email: Bob.Minahen@countyofnapa.org
Napa County Attorney
Email: Wendy.dau@countyofnapa.org

Napa Ford Lincoln
170 Soscol Ave.
Napa, CA 94559
**Via U.S. Mail**

Ford Motor Credit Company
National Bankruptcy Service Center
P O Box 62180
Colorado Springs CO 80962-2180
(800) 955-8232
Email: fcffald@ford.com

Napa Valley Petroleum
P.O. Box 2670
Napa, CA 94558-0528
(707) 252-6888
Email: kamh@napavalleypetroleum.com

Napa Valley Vintners Association
P.O. Box 141
Saint Helena, CA 94574
(707) 963-3388
Attn: Steve Tradewell, CFO
Email: stradewell@napavinters.com

Ramondin U.S.A. Inc.
Tammy Frandsen
Finance Manager
541 Technology Way
Napa, CA 94558
(707) 944-2277
Email: tfrandsen@ramondin.com

Stanzler Law Group
Attn: Jordan S. Stanzler
390 Bridge Pkwy #220
Redwood City, CA 94065
(650) 739-0200
Email: Jstanzler@stanzlerlawgroup.com

Wilbur Ellis Company LLC
c/o Registered Agent Solutions Inc.
720 14th St.
Sacramento, CA 95814-1905
(707) 963-3495
Email: KZavala@wilburellis.com
Email: MHAMMETT@wilburellis.com
Email: SPRIM@wilburellis.com

Wine Service Cooperative
1150 Dowdell Lane
Saint Helena, CA 94574
Attn: Steven Tamburelli
General Manager
Tel: (707) 963-9474
Fax: (707) 963 9359
Email: Steve@wineservicecoop.com

PMD 53897587v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                 F 9013-3.1.PROOF.SERVICE

Case: 22-10381    Doc# 356    Filed: 04/24/23    Entered: 04/24/23 22:13:14    Page 12 of 14

Bright Event Rental
22674 Broadway # A
Sonoma, CA 95476
(707) 940-6060
Attn: Michelle Minsk, Acctg.
Email: accountsreceivable@bright.com

CNH Capital
Dept. 1801104747435
P.O. Box 78004
Phoenix, AZ 85062
Attn: Steve Wright, Bankruptcy Dept.
(717) 355-5790
**Via U.S. Mail**

CNH Industrial Capital America, LLC
PO Box 71264
Philadelphia, PA 19176-6264
Attn: John Chiavacci, HRBK Analyst
(717) 355-5913
Email: john.chiavacci@cnhind.com

ETS Laboratories
c/o Marjorie Burns 899 Adams Street #A
Saint Helena, CA 94574-1160
(707) 963-4806
Attn Accounts Receivable Team
Email: ar@etslabs.com
Email: accounts@etslabs.com

Matheson Tri-Gas Inc.
Dept. LA 23793
Pasadena, CA 91185
(707) 963-4307
**Via U.S. Mail**

Sovos Compliance LLC
200 Ballardvale St. Bldg 14th Fl.
Wilmington, MA 01887
(866) 890-3970
Email: lori.bradshaw@sovos.com

Wine Technology America
aka Wine Technology, Inc.
474 Walten Way
aka Vinwizard
Windsor, CA 95492
(707) 703-5919
Attn: Kelly Graves, Director
(720) 284-2059
Email: kelly@vinwizard.us

Wine Technology America Inc.
c/o Lloyd Matthews, Agent
1899 Larkspur St.
Yountville, CA 94599-1237
**Via U.S. Mail**

Wyatt Irrigation Co.
4407 Solano Ave.
Napa, CA 94558
(707) 578-3747
Lynne Colombano, Acct Receivable Mgr.
Email: lynne@wyattsupply.com

Wyatt Irrigation Co.
c/o CSC - Lawyers Incorporating Service
2710 Gateway Oaks Dr. #150N
Sacramento, CA 95833-3502
**Via U.S. Mail**

**Request for Special Notice**
Alcohol & Tobacco Tax & Trade Bureau
U.S. Department of the Treasury
Attn: Daniel Paralta, Senior Counsel,
Field Operations
1436 2nd Street #531
Napa, CA 94559
(513) 684-2509
(202) 453-2412
Email: Daniel.Peralta@ttb.gov

Dept. of the Treasury, Alcoholic Beverage Control
Attn: Tracie Parker, Lic. Rep. I
50 D Street Room 130
Santa Rosa, CA. 95404
Phone: (707) 576-2165
Fax: (707) 638-9537
Email tracie.parker@abc.ca.gov

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346
(800) 973-0424
**Via U.S. Mail**

California Department of Tax and Fee Administration
Special Operations Bankruptcy Team MIC: 74
P.O. Box 942879
Sacramento, CA 94279-0074
(800) 400-7115
**Via U.S. Mail**

PMD 53897587v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    F 9013-3.1.PROOF.SERVICE

Case: 22-10381    Doc# 356    Filed: 04/24/23    Entered: 04/24/23 22:13:14    Page 13 of 14

Franchise Tax Board
Attn: Vivian Ho
Bankruptcy Section, MS A-340
P.O. Box 2952
Sacramento, CA 95812-2952
916-845-7069
Email: Vivian.Ho@ftb.ca.gov

Employment Development Department
Bankruptcy Unit-MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001
**Via U.S. Mail**

Employment Development Department
Attn: MIC 53
800 Capital Mall
Sacramento, CA 95814
**Via U.S. Mail**

Piper/Sandler
1251 Avenue of the Americas, 39th Floor
New York, N.Y. 10020
Attn.: Mr. Leonard Sheer and Mr. Mike Dillahunt
Email: Leonard.sheer@psc.com
Email: Michael.dillahunt@psc.com
**Via U.S. Mail & Email**

Will Densberger
Pavi Micheli
Engel & Voelkers
25 East Napa Street
Sonoma, California
Email: Will@nvwineestates.com
Email: pavimicheli@icloud.com
**Via U.S. Mail & Email**


**Attorneys for Don Yannias**
Louis J. Cisz, III, Esq. NIXON PEABODY LLP
One Embarcadero Center, 32nd Floor
San Francisco, CA 94111
Tel: 415-984-8320 Fax: 415-984-8300
Email: lcisz@nixonpeabody.com

Richard J. Frey NIXON PEABODY LLP
300 South Grand Avenue, Suite 4100
Los Angeles, CA 9007
Tel: (213) 629-6000 Fax: (213) 629-6001
Email: rfrey@nixonpeabody.com

Office of the United States Trustee
Attn: Phillip J. Shine
280 South First Street, Rm. 268
San Jose, CA 95113
Email: phillip.shine@usdoj.gov

**Courtesy Email**

Jay B. Spievack, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave., Suite 2400
New York NY 10170-2499
(212) 381-8735
Email: jspievack@ctswlaw.com

Joseph Vann, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave., Suite 2400
New York NY 10170-2499
(212) 381-8724
Email: jvann@ctswlaw.com

John C. Vaughan
Newmark Knight Frank
4675 MacArthur Court, Suite 1600
Newport Beach, CA 92660
(808) 797-0148
Email: john.vaughan@nmrk.com

Mark Kasowitz:
Email: MKasowitz@kasowitz.com

Gavin D. Schryver:
Email: GSchryver@kasowitz.com

Attorneys for Napa County Treasurer
Jacquelyn H. Choi
Email: jacquelyn.choi@rimonlaw.com,
Email: docketing@rimonlaw.com

Luckey McDowell
Email: luckey.mcdowell@shearman.com

Jonathan Dunworth
Email: jonathan.dunworth@shearman.com

Attorneys for Creditor Francois Freres USA Inc.
John G. Warner
Email: warnerwest@aol.com

PMD 53897587v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**F 9013-3.1.PROOF.SERVICE**

Case: 22-10381    Doc# 356    Filed: 04/24/23    Entered: 04/24/23 22:13:14    Page 14 of 14