CHRISTINA L. GOEBELSMANN (CA SBN 273379)
Assistant United States Trustee
ELVINA ROFAEL (CA SBN 333919)
Trial Attorney
TREVOR R. FEHR (CA SBN 316699)
Trial Attorney
PHILLIP J. SHINE (CA SBN 318840)
Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Office of the U.S. Trustee
450 Golden Gate Ave., Rm. 05-0153
San Francisco, California 94102
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: Elvina.Rofael@usdoj.gov
Email: Trevor.Fehr@usdoj.gov
Email: Phillip.Shine@usdoj.gov

Attorneys for Tracy Hope Davis
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SANTA ROSA DIVISION**

| | |
|---|---|
| In re:<br><br>SPRING MOUNTAIN VINEYARD INC,<br><br>Debtor. | Case No. 22-10381 CN<br><br>Chapter 11<br><br><br><br>Judge: Honorable Charles Novack |

**UNITED STATES TRUSTEE'S RESPONSE AND RESERVATION OF RIGHTS TO GREENSPOON MARDER LLP'S SUPPLEMENTAL DECLARATION IN SUPPORT OF FIRST INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT OF FEES (ECF NO. 355)**

Tracy Hope Davis, United States Trustee for Region 17 (the "U.S. Trustee"), by and through her undersigned counsel, hereby files this *Response and Reservation of Rights to Greenspoon Marder LLP's Supplemental Declaration in Support of First Interim Application for Allowance and Payment of Fees* (ECF No. 355).

1

**Background**

1. On December 21, 2022, the Court entered an order approving Greenspoon Marder LLP's (the "Firm") employment in this case as counsel for the debtor in possession (the "Debtor"). See ECF No. 173.

2. Paragraph 7 of the order authorizing the Firm's employment states:

> The Firm shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under the United States Code by Attorneys in Larger Chapter 11 Cases, in connection with the [a]pplication and any interim and/or final fee application(s) to be filed by [t]he Firm in this case.[1]

3. On March 29, 2023, the Firm filed its first interim fee application for the period between September 29, 2022 through February 28, 2023, requesting $1,110,932.50 in fees and $4,137.26 in expenses (the "First Interim Fee Application"). See ECF No. 289.

4. On April 12, 2023, the U.S. Trustee filed an objection to the Firm's First Interim Fee Application, raising the following objection points: (a) the fee request included time billed by transitory timekeepers; (b) the fee request included several vague entries; (c) the fee request included several "lumped" entries; (d) the fee request included entries for which the recorded time exceeded the amount reflected in the underlying task description; (e) the fee request included several instances where multiple attorneys billed time to attend hearings and internal conferences; (f) the fee request reflected entries for which the Firm billed to prepare bills or invoices; and (g) the fee request reflected instances of "rate increases" in which Steve Burnell and Puneet Bhullar, two attorneys, had billing rates increase during the application period. See ECF No. 323.

---

[1] On November 8, 2022, the U.S. Trustee filed a notice of the applicability of large-case fee guidelines. See ECF No. 99.

5.  Concerning the rate increases, Mr. Burnell's billing rate increased from $475.00 per hour at the start of the application period to $525.00 per hour, and Ms. Bhullar's billing rate increased from $365.00 per hour at the start of the application period to $495.00 per hour. *See* ECF No. 289.

6.  On April 17, 2023, the Firm filed a response to the U.S. Trustee's objection, revising several time entries or writing off various fees. *See* ECF Nos. 340-341.

7.  Concerning the increased billing rates, on April 21, 2023, the Court entered an order directing the Firm to file and serve a declaration explaining why it increased the hourly billing rates for Mr. Burnell and Ms. Bhullar by April 26, 2023, with a May 3, 2023 response deadline for the U.S. Trustee. *See* ECF No. 351.

8.  On April 24, 2023, the Firm filed a supplemental declaration (the "Supplemental Declaration"). *See* ECF No. 355. Regarding Ms. Bhullar's rate increase, the Firm notes the rate increase was representative of the Firm's "annual rate increase and a re-evaluation of Ms. Bhullar's level of experience and focus on her corporate practice." *Id*.

**Response and Reservation of Rights**

9.  There is no evidence in the record whether the Debtor reviewed and approved the Firm's rate increases in advance. While Mr. Burnell's rate increase from $475.00 to $525.00 may be characterized as an annual "step increase" historically awarded in the ordinary course to attorneys throughout the Firm due to advancing seniority, Ms. Bhullar's rate increase from $365.00 to $495.00 cannot be similarly characterized solely as an annual "step increase."[2]

---

[2] Appendix B to the United States Trustee Guidelines (defined below) acknowledges that "[t]he disclosure of rate increases and calculations of their effect may exclude annual 'step increases' historically awarded in the ordinary course to attorneys throughout the firm due to advancing seniority and promotion." *See* Appendix B to the United States Trustee Guidelines (ECF No. 99).

Rather, according to the Firm's Supplemental Declaration, Ms. Bhullar's rate increase represents a re-evaluation of Ms. Bhullar's level of experience, as well as an annual step increase. *See* ECF No. 355.

10. As required by 28 U.S.C. § 586(a)(3)(A), the United States Trustee Program has adopted Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 (the "United States Trustee Guidelines").

11. One of the inquiries required by the United States Trustee Guidelines asks:

*If the fee application includes any rate increases since retention:*

*a. Did your client review and approve those rate increases in advance?*

*b. Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?*

12. While the Firm's Supplemental Declaration explains why it increased hourly billing rates for Mr. Burnell and Ms. Bhullar, the Firm has not addressed whether the Debtor reviewed and approved any rate increases in advance.

13. Based on the foregoing, the U.S. Trustee respectfully requests that the Firm be required to disclose whether the Debtor reviewed and approved any rate increase.

Dated: May 3, 2023

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE, REGION 17

By: /s/ Elvina Rofael
Elvina Rofael
Trevor R. Fehr
Phillip J. Shine
Trial Attorneys for United States Trustee