| | |
|---|---|
| 1  Victor A. Sahn (CA Bar No. 97299) | **Entered on Docket** |
|    victor.sahn@gmlaw.com | **May 16, 2023** |
| 2  Mark S. Horoupian (CA Bar No. 175373) | EDWARD J. EMMONS, CLERK |
|    mark.horoupian@gmlaw.com | U.S. BANKRUPTCY COURT |
| 3  Steven F. Werth (CA Bar No. 205434) | NORTHERN DISTRICT OF CALIFORNIA |



1 Victor A. Sahn (CA Bar No. 97299)
  victor.sahn@gmlaw.com
2 Mark S. Horoupian (CA Bar No. 175373)
  mark.horoupian@gmlaw.com
3 Steven F. Werth (CA Bar No. 205434)
  steven.werth@gmlaw.com
4 **GREENSPOON MARDER LLP**
  1875 Century Park East, Suite 1900
5 Los Angeles, CA  90067
  Telephone: 213.626.2311
6 Facsimile:  954.771.9264

The following constitutes the order of the Court.
Signed: May 16, 2023

_____
**Charles Novack**
U.S. Bankruptcy Judge

Attorneys for Debtor in Possession
Spring Mountain Vineyard Inc.

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SANTA ROSA DIVISION

| | |
|---|---|
| In re: | Case No. 1:22-bk-10381 CN |
| SPRING MOUNTAIN VINEYARD INC., | Chapter 11 |
| Debtor. | **ORDER GRANTING SUPPLEMENTAL APPLICATION REGARDING EMPLOYMENT OF BNP PARIBAS SECURITIES, INC. AS CHAPTER 11 DEBTOR'S INVESTMENT BANKER** |
| | Related to Docket Nos. 161 and 331 |
| | **Hearing Information** |
| | Date:  No Hearing Requested |
| | Time:  No Hearing Requested |
| | Place: Courtroom 215 |
| |         1300 Clay Street |
| |         Oakland, CA 94612 |

Upon the *Supplemental Application Regarding Employment Of BNP Paribas Securities, Inc. As Chapter 11 Debtor's Investment Banker* (the "Supplemental Application") [Docket no. 331][1] of the above-captioned debtor and debtor in possession (collectively, the "Debtor"), for entry of an order (this "Order") modifying the Court's *Order Authorizing the Employment and Retention of BNP Paribas Securities Corp. as Investment Banker to the Debtor and Debtor In Possession Effective as of October 14,* 2022 (the "BNP Retention Order") [Docket no. 161] entered on December 9, 2022, which authorized the Debtor to employ and retain, pursuant to sections 327(a), 328(a), 503(b) and 507(b) of the Bankruptcy Code and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), BNP Paribas Securities Corp. ("BNP") as investment banker in connection with the above-captioned matter, effective as of October 14, 2022; and upon the *Declaration Of Perry Deluca In Support Of Supplemental Application Regarding Employment Of Bnp Paribas Securities, Inc. As Chapter 11 Debtor's Investment Banker* (the "Supplemental DeLuca Declaration") [Docket no. 332] filed in support of the Supplemental Application, and the Court being satisfied based on the representations in the Supplemental Application and the Supplemental DeLuca Declaration that BMO Capital Markets Corp. ("BCMC") and its affiliate BMO Harris Bank, N.A. ("BHBNA" and, together with BCMC, "BMO"), as successor by merger to Bank of the West, are "disinterested" as defined in section 101(14) of the Bankruptcy Code, and each holds no interest adverse to the Debtor or their estates in connection with the matters for which BNP was retained by the Debtor, as required by section 327(a) of the Bankruptcy Code and the BNP Retention Order; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28

---

[1] Capitalized terms used and not defined herein shall have the meaning given to them in the Supplemental Application.

VAS 54316039v3

2

U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Supplemental Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Supplemental Application is in the best interests of the Debtor and its bankruptcy estate; and the Court having found that the Debtor's notice of the Supplemental Application and opportunity for a hearing on the Supplemental Application was appropriate and no other notice need be provided; and the Court having reviewed the Supplemental Application; and the Court having determined that the legal and factual bases set forth in the Supplemental Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1. The Supplemental Application is GRANTED as provided herein.

2. All references to BNP and its "affiliates" in the BNP Retention Order shall, for the period from and after February 1, 2023, be deemed to include BCMC; *provided* that BCMC's retention is hereby authorized hereunder, and its obligations under the Engagement Letter shall be limited, to the same extent and with respect to the same scope of services that were originally to be provided and were being provided by Bank of the West prior to February 1, 2023, from and after which date the obligations of BNP and BCMC hereunder are several, and not joint.

3. Any Transaction Fee payable pursuant to the Engagement Letter and the BNP Retention Order shall be allocated between BHBNA, as successor by merger to Bank of the West, and BNP on the same basis and to the same extent as was agreed between Bank of the West and BNP prior to February 1, 2023. BMO's other rights to any reimbursement or indemnification

VAS 54316039v3

3

under the Engagement Letter shall be coextensive with those of BNP and Bank of the West as set forth in the BNP Retention Order; *provided* that BMO shall not seek reimbursement from the Debtor of any attorneys' fees incurred in connection with the Supplemental Application.

4. Except to the extent expressly set forth herein, (i) the terms of the Engagement Letter and BNP Retention Order remain in full force and effect and (ii) nothing in this Order is intended to create any additional rights or obligations of the Debtor, BNP, BMO or any other party, whether under the Engagement Letter, the BNP Retention Order, or otherwise.

5. Notice of the Supplemental Application as provided therein shall be deemed good and sufficient notice of such Supplemental Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

6. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order. For the avoidance of doubt, notwithstanding any provision in the Engagement Letter to the contrary, during the pendency of this Chapter 11 case, this Court shall have exclusive jurisdiction over the approval of fees due and owing to BNP and/or BMO in connection herewith.

**END OF ORDER**

VAS 54316039v3

COURT SERVICE LIST

SERVICE OF THE ORDER IS NOT NECESSARY

VAS 54316039v3