Victor A. Sahn (CA Bar No. 97299)
   victor.sahn@gmlaw.com
Steve Burnell (CA Bar No. 286557)
   steve.burnell@gmlaw.com
**GREENSPOON MARDER LLP**
1875 Century Park East, Suite 1900
Los Angeles, CA  90067
Telephone: 213.626.2311
Facsimile: 954.771.9264

Attorneys for Debtor in Possession,
Spring Mountain Vineyard Inc.

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>SPRING MOUNTAIN VINEYARD INC.,<br><br>    Debtor. | Case No. 1:22-bk-10381 CN<br><br>Chapter 11<br><br>**OPPOSITION TO MOTION OF UNITED STATES TRUSTEE UNDER 11 U.S.C.§1112(b)(1) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014 TO CONVERT OR DISMISS CHAPTER 11 CASE; DECLARATIONS IN SUPPORT OF OPPOSITION (Docket No. 416)**<br><br>**[Declaration of Kevin A. Krakora In Support of Opposition Separately Submitted]**<br><br>**Hearing Information:**<br>Date:   July 5, 2023<br>Time:  11:00 a.m.<br>Place:   U.S. Bankruptcy Court<br>             Courtroom 215<br>             1300 Clay Street<br>             Oakland, CA 94612 |

**TO THE HONORABLE CHARLES NOVACK, UNITED STATES BANKRUPTCY**

**JUDGE, MGG CALIFORNIA LLC, THE TWENTY LARGEST UNSECURED**

**CREDITORS, THE OFFICE OF THE UNITED STATES TRUSTEE, AND PARTIES**

**ENTITLED TO NOTICE:**

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      Background and Summary of Response ................................................................1

II.     Memorandum of Points and Authorities ............................................................4

III.    The U.S. Trustee's Motion Appears Focused on Two Facts-First, that a Ruling on Their Motion Should be Entirely Based Upon Whether Mr. Safra Pays MGG on June 28, 2023 and Second, If MGG Winds Up as the Buyer, There is No Reorganization that is Possible in this Case.......................................................11

IV.     Conclusion.......................................................................................................12

# TABLE OF AUTHORITIES

**Page**

**CASES**

*In re Baroni*,
36 F.4th 958, 966 (9th Cir. 2022)..................................................................................... 4

*In re Capra*,
614 B.R. 291 (Bankr. N.D. Ill. 2020)................................................................................ 5

**STATUTES**

11 U.S.C. § 1112(b)(1)....................................................................................................... 4

11 U.S.C. § 1112(b)(4)............................................................................................... 4, 5, 11

11 U.S.C. § 1112(b)(4)(F)................................................................................................... 9

11 U.S.C. §1112(b)(4)(A)................................................................................................... 5

11 U.S.C. §1121(d)(1)......................................................................................................... 1

Spring Mountain Vineyard, Inc., Chapter 11 Debtor and Debtor in Possession ("Debtor"), for its opposition to the "Motion of the United States Trustee, Pursuant to 11 U.S.C. §1112(b)(1) and Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Dismiss or Convert Chapter 11 Case" ("Motion") hereby respectfully requests and represents as follows:

**I.**

**<u>Background and Summary of Response</u>**

The United States Trustee has filed the Motion.  The entirety of the evidence that they submit in support of the Motion is the following paragraph from the Declaration of Kristin A. McAbee.  Paragraph 7 of Ms. McAbee's declaration says:

"7.    The Debtor's Monthly Operating Report for the reporting period which ended on April 30, 2023, lists that the Approved Aggregate Cumulative Total of Debtor's professional fees and expenses are approximately $2,234,129. *See* ECF No. 389, p. 3.  These figures do not represent a conclusive amount of all administrative expenses as of the date of this declaration." *McAbee Decl., ¶7, pg. 3, lines 3-8.*  The first six paragraphs of Ms. McAbee's declaration contain no evidence and provide, at best, foundation for her ability to testify to the one evidentiary fact that is found in paragraph 7 of her declaration.

The Motion states the following as grounds for conversion or dismissal of this Bankruptcy Case-they are listed below and a brief response is provided:

1.    In spite of the Court's approval of the sale as described above, Debtor has not filed a Disclosure Statement or Chapter 11 Plan of Reorganization.  While this takes place, the Motion says that the Debtor is incurring administrative expenses which it is unable to pay. (Motion, pg. 2, ¶2, lines 6-12)

**Brief Response:** Docket No. 270 in this Bankruptcy Case is the "Order Granting Motion to Extend the Debtor's Exclusivity Period to File and Confirm Chapter 11 Plan Pursuant to 11 U.S.C. §1121(d)(1)." ("Exclusivity Order")   The Exclusivity Order is attached hereto as Exhibit "1" and is incorporated herein by this reference.  Under the Exclusivity Order the exclusivity period for the Debtor to file its Chapter 11 Plan was extended from January 27, 2023 to **July 26, 2023**. (emphasis added).  The exclusivity period for the Debtor to confirm its Chapter

11 Plan was extended from March 28, 2023 to **September 24, 2023**.  (emphasis added).  The United States Trustee and all other interested parties were given notice of the hearing on the Exclusivity Motion.  There were no objections to the Exclusivity Motion and the resulting order, Exhibit "1" hereto was entered, also without objection.  Debtor shall further respond to this argument below.

2.      It **appears** based upon the sale that there is little or no equity left in the Debtor's assets. (Motion, pg. 4, ¶12, lines 3-6) (emphasis added)

**Brief Response:** There is no evidence in the Motion whatsoever that this is the case.  "Argument" does not equal evidence.  "**Appearances"** do not equal evidence.  This is unsupported argument and cannot be given any weight by the Court.  The Declaration of Kevin A. Krakora, the Debtor's Chief Restructuring Officer ("Krakora Declaration") states the following with respect to this point—

A.      Mr. Krakora states at paragraph 14(d) of his Declaration:

"(d) The U.S. Trustee's Motion presumes that there will be no assets remaining with the Debtor if the sale to MGG closes.  The Debtor is not certain that this will be the case and has not yet engaged in any analysis of this issue with counsel.  At this time, the Debtor has seen no reason to spend unnecessary time and professional fees analyzing this issue until the ultimate ownership of the Debtor's assets is determined, and, if MGG is the purchaser, what assets may remain with the Debtor following the conclusion of the transition services period with MGG."  *Krakora Declaration, ¶14(d), pg. 5, lines 15-20.*

Other than the unsupported assertion that there **appears** to be no equity in the assets, nothing else is offered in the Motion, and this has been contradicted by the Debtor in this Opposition.  The Debtor is going to examine this issue immediately after the sale concludes and will then know whether or not that is the case.

3.      There is continuing loss or diminution of the bankruptcy estate. (Motion, pg. 6, ¶24, lines 22-27)

**Brief Response:** Once again, there is no evidence in the Motion supporting a

continuing loss or diminution of the bankruptcy estate. There is no evidence in the Declaration of Ms. McAbee showing a continuing loss or diminution of the bankruptcy estate. In fact, the evidence submitted on this point is just the opposite.

4.    Debtor is not paying its postpetition obligations. Debtor is incurring U.S. Trustee Fees and professional fees which the Motion says "…may also constitute a continuing loss…" (Motion, pg. 7, ¶¶25-26, lines 1-8 and 9-18)

**Brief Response:** This assertion is incorrect and is also unsupported by any admissible evidence. The Declaration of Mr. Krakora, which is separately submitted and from which excerpts are quoted below, refutes this argument. The Debtor has paid all of its ordinary course operating expenses and all of its allowed professional fees when those were due and expects to continue to pay them going forward. There is simply no substance to this point.

5.    The Debtor has no continuing business and has only paid professional fees of $2,434,129 while paying $2,234,129.[1]

**Brief Response:** As stated below, and in this Opposition, this is the only point made in the Motion on which the U.S. Trustee submits <u>any</u> evidence. The U.S. Trustee does this through the Declaration of Ms. McAbee. However the difference between the two professional fee figures which is $2,434,129 paid versus $2,234,129 disbursed from the Debtor's account(s) is explained by the fact that Greenspoon Marder, the Debtor's General Bankruptcy Counsel received a retainer of $200,000 before filing this case. The prepetition retainer has been paid during the course of this Chapter 11 case by monthly professional fee payments and by this Court's allowance

---

[1] While the Motion is capable of being opposed successfully, this factual inaccuracy regarding professional fees that are unpaid is unfortunate. The entirety of accrued and unpaid professional fees has either been funded to the Debtor from cash collateral of the Debtor and DIP Financing proceeds from MGG or is available to the Debtor pursuant to the Amended DIP Loan and approved budget. The differential in this paragraph is not as the U.S. Trustee states, but is instead attributable to the fact that Debtor's counsel received a retainer of $200,000 and was therefore paid neither from cash collateral or DIP Financing proceeds, but was instead paid from the Debtor's prepetition cash. Separately, this Court has ordered that the twenty (20%) holdbacks under the Debtor's monthly professional fee payment procedure not be paid after the First Interim Fee Applications of Jigsaw Advisors and Greenspoon Marder. These holdbacks total approximately $317,000. *See Docket No. 365 and 377.*

of the fees and costs of Greenspoon Marder, save and except for some holdbacks whose payment was not authorized at this time. So the discrepancy between what has been disbursed and what has been paid is explained by the prepetition retainer of Greenspoon Marder.

6.      No information has been provided to date that Mr. Safra will pay the release price to MGG. This supports the inability to reorganize according to the Motion.

**Brief Response:** The Debtor has no information regarding whether Mr. Safra will pay the release price on June 28. Mr. Safra is not required to indicate to the Debtor before the date arrives that he is going to make the payment. If the Debtor had any information on this, the Debtor would pass it on to the Court. More pertinently, the receipt of this information is not a basis for conversion or dismissal of this Chapter 11 case. There is nothing in the applicable law under Section 1112(b)(4) that makes the provision of this information as constituting "cause" to grant the relief requested in the Motion  As soon as the Debtor knows the answer to this question, the Debtor will provide information on this to the Court and interested parties.

7.      The Motion indicates that dismissal would be the OUST's preference unless the Court feels otherwise. (Motion, pg. 10, ¶34, lines 1-8).

**Brief Response:** The Debtor does not believe there is any basis for the Court to grant the relief requested in the Motion. The rush to judgment suggested by the Motion does not withstand even the most modest possible scrutiny before it becomes obvious that the relief requested is not justified. Accordingly, the Debtor does not respond directly to this argument in the Motion for the reasons stated in this paragraph.

## II.

## <u>Memorandum of Points and Authorities</u>

Under Code <u>§ 1112(b)(1)</u>, the burden is on the movant to establish cause for conversion or dismissal. *In re Baroni*, 36 F.4th 958, 966 (9th Cir. 2022), cert. denied, 143 S. Ct. 424, 214 L. Ed. 2d 234 (2022). The Ninth Circuit has summarized the issues as follows:

(1) whether cause exists for granting relief under Code <u>§ 1112(b)(1)</u>;

(2) whether granting relief is in the creditors' and the estate's best interests; and

(3) if so, which form of relief best serves the creditors' and the estate's interest. *Baroni,*

*supra.*

The Court's obligation is to consider the best interests of the Debtor's creditors as well as the Debtor. *In re Capra*, 614 B.R. 291 (Bankr. N.D. Ill. 2020). While there are many potential grounds for granting this relief, only a few have application to the Motion. Section 1112(b)(4) gives the following as constituting *cause-*

> **(A)** substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>
> **(B)** gross mismanagement of the estate;
>
> **(C)** failure to maintain appropriate insurance that poses a risk to the estate or to the public;
>
> **(D)** unauthorized use of cash collateral substantially harmful to 1 or more creditors;
>
> **(E)** failure to comply with an order of the court;
>
> **(F)** unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
>
> **(J)** failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court.

While the Motion does not provide any analysis of these factors and whether any of them are met, a cursory examination of the Motion, this Opposition and the Declaration of Mr. Krakora make it clear that these bases for "cause" are not proven by the Motion. As stated above, the U.S. Trustee has the burden of proof with respect to the Motion and they have failed to meet their burden. The only argument in the referenced subsections that they appear to make is in reference to Section 1112(b)(4)(A) where they argue that there has been continuing losses or an absence of a reasonable likelihood of rehabilitation. In this regard, Mr. Krakora's declaration is informative:

1.  Regarding a Plan of Reorganization:

> "(c)     It is my understanding that the U.S. Trustee's Motion contains an unsupported assumption that if MGG continues as the asset purchaser because Mr. Safra does not perform as required by June 28, that there is no Plan of Reorganization that is possible in this case. The Debtor has been operating since this Court approved the conditional sale to MGG in April and has been dealing with business matters at the vineyard related to, among other things, implementing necessary improvements that the vineyard has needed for some

time.  <u>The Debtor has not incurred significant time considering the basis and elements of a Plan of Reorganization, primarily because at this point the ultimate ownership of the Debtor's assets is still unresolved between Mr. Safra and MGG</u>.  While the issue of ownership is supposed to be resolved no later than July 7, 2023, the Debtor has had other deadlines in this case extended by agreement among the key constituencies as a result of certain issues or intervening events that have made moving the deadlines necessary and in the best interests of the estate.  It is my understanding through discussions with counsel that certain examples include: (i) the date by which the Debtor was to employ its investment banker; (ii) the date by which the Debtor was to commence the marketing and sale process through its investment banker; (iii) the date by which the Debtor was to conduct the auction of its assets; (v) the date (originally April 15, 2023) by which the Debtor's sale following the auction was to close.  That closing date was moved from April 15 to either June 28 or July 7.  <u>The presumption in the U.S. Trustee's Motion that the current dates of June 28 or July 7 are immoveable may or may not be correct.  In my opinion, there is no reason to rush to a judgment on this issue now.</u>  The Debtor in consultation with its advisors and key constituencies is capable of making an informed decision after the events that are upcoming actually transpire.  The U.S. Trustee's motion is a rush to judgment that is premature, unnecessary at this time, and potentially harmful to the estate." *Krakora Decl, ¶14(c), pg. 4, lines 20-28, pg. 5, lines 1-14.*

(emphasis added)

As stated above, the date for the Debtor to file a Plan and Disclosure Statement has been extended by this Court's Order extending exclusivity which was entered and is final. More importantly, as found in Mr. Krakora's declaration above, the time has not yet arrived for the Debtor to even evaluate whether it is going to file a Plan of Reorganization and what that Plan is going to say.  Debtor will not know the answer to this question until it sees

whether or not Mr. Safra performs on June 28.  If Mr. Safra does not perform and MGG

closes the sale between June 28 and July 7, then the Debtor again will need time to

determine if a Plan of Reorganization is the right exit from this case, what assets exist that

would support a liquidating Plan of Reorganization and when such a Plan might be filed.

It is reasonable, particularly given the way that the Debtor and its management have

conducted themselves in this case, to give the Debtor the opportunity to make these

decisions in a manner that is not rushed because a decision on that basis will not be in the

interest of creditors or other parties in this case.

2.        <u>Continuing Loss or Diminution of the Estate</u>-from Mr. Krakora's Declaration

on remaining assets and on payments of ordinary course operating expenses and review of

remaining assets in bankruptcy estate--

"14(d)   The U.S. Trustee's Motion presumes that there will be no assets

remaining with the Debtor if the sale to MGG closes.  The Debtor is not

certain that this will be the case and has not yet engaged in any analysis of this

issue with counsel.  At this time, the Debtor has seen no reason to spend

unnecessary time and professional fees analyzing this issue until the ultimate

ownership of the Debtor's assets is determined, and, if MGG is the purchaser,

what assets may remain with the Debtor following the conclusion of the

transition services period with MGG." *Krakora Decl., ¶14(d), pg. 5, lines 15-*

*20.*

"8.        Contrary to the statements contained in the U.S. Trustee's Motion to

Convert this Chapter 11 case or Dismiss it, the Debtor has operated and conducted

its business throughout these proceedings with the ability to pay its expenses when

due.  <u>The Debtor has been paying its operating expenses in this case from the</u>

<u>inception of its filing in the ordinary course of business, and I believe that such</u>

<u>expenses have been paid on a timely basis when due.  The Debtor has maintained</u>

<u>this ability initially due to permitted usage of cash collateral and funding from</u>

<u>affiliates of Mr. Jaqui Safra, and subsequently due to permitted borrowings and</u>

availability under the DIP Loan facility.  To my knowledge, the Debtor has not incurred any administrative expenses which it is unable to pay, as all known current and projected administrative expenses have been reflected in approved budgets with MGG." *Krakora Decl., ¶8, pg. 2, lines 22-28, pg. 3, lines 1-3* (emphasis added)

The above-paragraphs of Mr. Krakora's declaration make clear that there are no operating losses, and that all ordinary course expenses shall be paid when due and have been paid to date when due.  The Debtor has put forward budgets in support of cash collateral usage and DIP Financing which cover payment of these expenses, and the Debtor has had the funds to pay them. There is simply no issue on this and to the extent that the Motion attempts to raise issues or argue facts that expenses have not been paid, that assertion has been conclusively rebutted by the Debtor's evidence.

3.      On filing of Monthly Operating Reports and Interactions with United States Trustee--

"4.      Since the filing by the Debtor of its Chapter 11 case, I have been responsible for many aspects of the Debtor's day to day operations, along with its key employees and Mr. Peter Ekman, the Debtor's wine-industry consultant.  I have prepared or directed the preparation of every Monthly Operating Report filed by the Debtor with this Court.  All of these reports have been filed on a timely basis with the United States Trustee.  To date and to the best of my knowledge, I have not received any significant or material inquiries from the United States Trustee about the Debtor's operations, the operational profitability of the Debtor, the Debtor's cash flows, or anything relative to its business since the fall of 2022.  My last interactive communication with the United States Trustee regarding the Debtor, to the best of my knowledge, occurred on November 4, 2022, when I testified under oath at the Debtor's 341A examination.  I also had unrelated contact with the United States Trustee in the context of the dispute concerning the Debtor's Key Employee Retention Plan ("KERP") Motion where I was deposed by the OUST and where I testified before this Court and was cross-examined on the US Trustee's objections to

the inclusion of one of the Debtor's key employees in the Debtor's KERP (KERP payments were sought for 15 key employees, with this Court ultimately authorizing the program for 14 of the 15 key employees). I have prepared or directed the preparation of every cash flow forecast and budget in regard to negotiations between the Debtor and MGG California, LLC, the Debtor's primary secured creditor concerning cash collateral usage and with regard to the Debtor in Possession Financing Motions filed by the Debtor with this Court. I have been the Debtor's declarant in connection with these motions." *Krakora Decl., ¶7, pg. 2, lines 2-21.*(emphasis added) *See, 11 U.S.C. §1112(b)(4)(F).*

This portion of Mr. Krakora's declaration makes clear that all reports have been timely filed and the U.S. Trustee, therefore, has been made party to all of the Debtor's operating performance including payment of ordinary course operating expenses, each month. Further, never was there a phone call, an email or any other communication from the U.S. Trustee to the Debtor indicating any concerns with the Debtor's operations, any questions regarding the Debtor's operations or any inquiry regarding what the Debtor intended to do with this Chapter 11 case in the event that a sale to MGG of the Debtor's assets closed. There was simply the Motion, without any of the prior communications that should be expected between and among parties who are working together to bring about a successful outcome to the bankruptcy case and the Debtor's business.

The Debtor had believed that it was working with the United States Trustee in this Chapter 11 case. Even with regard to issues such as the KERP Plan motion or the First Interim Fee Applications filed in this case, there was open and honest communications before any hearing occurred. It is simply unusual that this would not have taken place as related to the Motion. The Motion has been served on many dozens of important parties in this Chapter 11 case. They have called the Debtor and asked if the Debtor was going to shut its doors, a very common occurrence in connection with motions of this type. The Motion, besides lacking merit or evidentiary support has caused the Debtor real harm in its day to day operations among a client and vendor contingency already very jittery about dealing with a company in a Chapter 11 case. This should

1     not have been needed or necessary.

2         5.     <u>Regarding Unpaid Professional Fees</u>-the Debtor refers this Court to paragraphs 12

3     and 15 of Mr. Krakora's Declaration-

4             12.     "It is my understanding and belief that <u>all known incurred but unpaid</u>

5             <u>administrative expenses in this case that have either been incurred or will be</u>

6             <u>incurred are accounted for in the Debtor's latest DIP Loan Budget, including</u>

7             <u>projected US Trustee fees, and sufficient cash reserves will be available as part of</u>

8             <u>a wind down budget to be agreed to by Debtor and MGG to administer the case to</u>

9             <u>resolution.</u>" *Krakora Decl., ¶12, pg. 3, lines 20-24.*

10             15.     "More generally, I believe that the Debtor has administered this Chapter

11             11 case in a reasonable and efficient manner given the underlying issues between

12             Mr. Safra and MGG. The Debtor has reported promptly to the U.S. Trustee and

13             this Court on its financial operations. The Debtor has sought Court approval for

14             out of the ordinary course transactions, and in all other respects has fulfilled its

15             obligations as the bankruptcy estate's fiduciary. <u>Moreover, it is my belief that the</u>

16             <u>Debtor has paid all of its administrative expenses timely when due, contrary to the</u>

17             <u>assertions that I understand were made by the U.S. Trustee in its motion.</u> The

18             Debtor will continue to conduct its business in the ordinary course as a debtor in

19             possession and will bring this case to an expeditious conclusion after the dates of

20             June 28 and July 7 have come, and the Debtor has had a reasonable opportunity to

21             assess the resulting impacts from those dates. It is my opinion that the U.S.

22             Trustee's motion is interfering with the Debtor's ability to reasonably assess the

23             impact of certain upcoming events and to determine the best direction for the estate

24             as a result of those events. In my opinion, there is no reason for the U.S. Trustee's

25             rush to judgment on these issues at this time." *Krakora Decl., ¶15, pg. 5, lines 21-*

26             *28, pg. 6, lines 1-6.*

27         These paragraphs of Mr. Krakora's Declaration make clear, again, that all ordinary course

28     operating expenses and all professional fees that have either been authorized to be paid or which

have been allowed by this Court, have been paid currently.  It is also clear that the Debtor will continue to conduct its business in the ordinary course from April, 2023 when the sale to MGG was approved with the changed closing date and either June 28 or July 7, 2023, which are the alternative dates for the full payment by Mr. Safra of MGG's indebtedness or the date on which the sale to MGG will close.

In short, there is nothing in the Motion that establishes any evidentiary basis for the relief which it requests.  The standards for "cause" are found in Section 1112(b)(4).  Debtor has attached in this Opposition the subsections of the statute that might possibly be impacted by the contents of the Motion.  Debtor has refuted any argument that the U.S. Trustee might be making with any of them or demonstrated that the U.S. Trustee has not provided any evidence in support of the particular "cause" identified under Section 1112(b)(4).  There is simply no basis to grant the Motion as it lacks any admissible evidence that would enable the United States Trustee to sustain its burden of proof.

### III.

### The U.S. Trustee's Motion Appears Focused on Two Facts-First, that a Ruling on Their Motion Should be Entirely Based Upon Whether Mr. Safra Pays MGG on June 28, 2023 and Second, If MGG Winds Up as the Buyer, There is No Reorganization that is Possible in this Case

The U.S. Trustee's Motion appears to be particularly focused upon whether or not Mr. Safra performs on June 28, and if he does not, then when MGG closes a sale thereafter, that there is nothing left around which to reorganize.

One of the underlying premises of the Opposition to this Motion is the fact that the Debtor has operated in this Chapter 11 case on a business and legal level in a manner that is consistent with its fiduciary duties as a Debtor in Possession.  The primary reason that this has taken place has been the work of Mr. Kevin A. Krakora who is the Debtor's Chief Restructuring Officer.  Mr. Krakora is an expert in the insolvency and business restructuring area and clearly has the complete confidence of MGG.  MGG's support of the Debtor has been based upon Mr. Krakora's presence in this case and his day to day performance as CRO.  That performance will continue after either

June 28 or July 7 because there is already built into the budget, payment for what Mr. Krakora must do, which is wind down the operations of the Debtor, perform with respect to the Debtor's obligations under the Transition Services Agreement that it has with MGG and ascertain where this Chapter 11 case should go next depending upon the two alternative outcomes that are in prospect. It is not asking a great deal to permit Mr. Krakora with the assistance of counsel to make this analysis and report back to the Court, the U.S. Trustee and interested parties by some date after the current July 5, 2023 hearing scheduled on the Motion. There will be no harm to any constituency by granting this additional, limited period of time to allow Mr. Krakora with the assistance of counsel to make this decision and move forward from that point. There will not be any diminution in value to permit an additional three or four weeks in order for this work to be done and for Mr. Krakora, through counsel, to report to the Court.

**IV.**

**Conclusion**

As the Debtor has made clear in this Opposition, the Motion was untimely, unfortunate and unnecessary. Litigation on these issues could easily have been avoided with a well-placed phone call about what should happen after either June 28 or July 7; that discussion would have taken place and a resolution very likely reached. However, that did not happen, and this Motion was filed instead. This Motion is what the Court must evaluate, not what the parties did or could have done in lieu of the Motion itself. On the basis of applicable law and the merits of the Motion, there is no evidentiary basis provided for the relief that is sought, the relief sought is not in the best interest of creditors under Section 1112(b)(1) of the Bankruptcy Code and accordingly, the Motion should be denied.

The Debtor requests such other and further relief as is just and appropriate in the circumstances.

DATED:  June 21, 2023

Respectfully submitted,

**GREENSPOON MARDER LLP**

By: _____*/s/ Victor A. Sahn*_____
Victor A. Sahn
Mark S. Horoupian
Steve Burnell
Attorneys for Spring Mountain Vineyard, Inc.,
Debtor and Debtor in Possession

# EXHIBIT 1



1   Victor A. Sahn (CA Bar No. 97299)
      *victor.sahn@gmlaw.com*
2   Mark S. Horoupian (CA Bar No. 175263) The following constitutes the order of the Court.
      *mark.horoupian@gmlaw.com*        **Signed: March 9, 2023**
3   Steve Burnell (CA Bar No. 286557)
      *steve.burnell@gmlaw.com*
4   **GREENSPOON MARDER LLP**
    a Florida limited liability partnership
5   333 South Grand Ave., Suite 3400
    Los Angeles, CA  90071            _____
6   Telephone: 213.626.2311            **Charles Novack**
    Facsimile: 213.629.4520            **U.S. Bankruptcy Judge**
7

8   Attorneys for Debtor in Possession,
    Spring Mountain Vineyard Inc.

9               **UNITED STATES BANKRUPTCY COURT**

10              **NORTHERN DISTRICT OF CALIFORNIA**

11                    **SANTA ROSA DIVISION**

12  In re:                              Case No. 1:22-bk-10381 CN

13  SPRING MOUNTAIN VINEYARD            Chapter 11
    INC., a Delaware corporation,
14                                      **ORDER GRANTING MOTION TO**
            Debtor.                     **EXTEND THE DEBTOR'S EXCLUSIVITY**
15                                      **PERIOD TO FILE AND CONFIRM**
                                        **CHAPTER 11 PLAN PURSUANT TO 11**
16  Federal EIN:  36-3844911            **U.S.C. §1121(d)(1)**

17                                      [Related to Docket No. 225]

18                                      **Hearing Information:**
                                        Date:   March 1, 20232
19                                      Time:   11:00 a.m.
                                        Place:  U.S. Bankruptcy Court
20                                              Courtroom 215
                                                1300 Clay Street
21                                              Oakland, CA 94612

22
            On March 1, 2023, at 11:00 a.m. in the above-entitled court (the "Hearing"), the
23
    "Motion To Extend The Debtor's Exclusivity Period To File And Confirm Chapter 11 Plan
24
    Pursuant To 11 U.S.C. §1121(d)(1)" [Docket No. 225] (the "Motion") filed by Spring Mountain
25
    Vineyard Inc., the above-captioned debtor in possession ("Debtor") came of regularly for hearing
26

27

28
                                                                                    014

before the Honorable Charles Novak, United States Bankruptcy Judge, presiding.[1]

Appearances at the Hearing were as noted on the record. The Court having considered the Motion, including all pleadings, declarations, and exhibits thereto and the record in this case; and this Court having jurisdiction to consider the Motion and the relief requested therein; and due and proper notice of the Application having been provided to all necessary parties, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor and the its bankruptcy estate, and that the legal and factual bases for approval of the Motion establish just cause for the relief granted herein; and the arguments and representations by the attorneys at the Hearing; and no opposition having been filed to the Motion; and for good cause appearing therefor,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Motion is granted, provided, that the relief granted pursuant to such order shall be subject to terms of the final order [Docket No. 224] (the "Final DIP Order") authorizing Debtor to obtain post-petition debtor-in-possession financing from MGG California, LLC ("MGG"); provided, further, that pursuant to the Final DIP Order, upon the occurrence of an Event of Default or the Maturity Date (each as defined in the Final DIP Order), pursuant to section 1121(d) of the Bankruptcy Code, the period during which the Debtor has the exclusive right to file a chapter 11 plan pursuant to section 1121(b) and (c) of the Bankruptcy Code shall terminate solely as it applies to MGG's right to file a chapter 11 plan, and MGG shall be permitted to file a chapter 11 plan at that time;

2. The exclusivity period under 11 U.S.C. § 1121(b) for Debtor to file its chapter 11 plan is hereby extended from January 27, 2023 to, and includes, July 26, 2023;

3. The exclusivity period under 11 U.S.C. § 1121(c) for Debtor to obtain acceptance of its chapter 11 plan is hereby extend from March 28, 2023 to, and includes, September 24, 2023.

**\*\*END OF ORDER\*\***

---
[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

Case: 22-10381   Doc# 240   Filed: 06/29/23   Entered: 06/29/23 18:30:23   Page 19 of
SB 53108571v1

1                                      COURT SERVICE LIST

SERVICE OF THE ORDER IS NOT NECESSARY

SB 53108571v1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1875 Century Park East, Ste. 1900, Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO MOTION OF UNITED STATES TRUSTEE UNDER 11 U.S.C. § 1112(b)(1) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014 TO CONVERT OR DISMISS CHAPTER 11 CASE; DECLARATIONS IN SUPPORT OF OPPOSITION (Docket No. 416)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 21, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) June 21, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

⊠ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  June 21, 2023 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who onsented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

⊠ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 21, 2023 | Patricia Dillamar | *Patricia Dillamar* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

PMD 54748733v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Steve Burnell on behalf of Debtor Spring Mountain Vineyard Inc.
steve.burnell@gmlaw.com

Dean C. Burnick on behalf of Interested Party Mt. Hawley Insurance Company **(RSN)**
dcb@proughlaw.com

Jacquelyn H. Choi on behalf of Creditor Napa County Treasurer-Tax Collector **(RSN)**

Louis J. Cisz  lcisz@nixonpeabody.com on behalf of Don Yannias **(RSN)**

Trevor Ross Fehr on behalf of U.S. Trustee Office of the U.S. Trustee / SR
trevor.fehr@usdoj.gov

Mark S Horoupian on behalf of Debtor Spring Mountain Vineyard Inc.
mark.horoupian@gmlaw.com, cheryl.caldwell@gmlaw.com

Thomas Philip Kelly, III on behalf of Creditor Central Valley Builders Supply Inc. **(RSN)**
tomkelly@sonic.net

Steve Ma on behalf of Creditor MGG California, LLC
sma@proskauer.com

Jeff J. Marwil on behalf of Creditor MGG California, LLC
jmarwil@proskauer.com

Randall P. Mroczynski on behalf of Creditor Ford Motor Credit Company LLC **(RSN)**
rmroczynski@cookseylaw.com

Office of the U.S. Trustee / SR
USTPRegion17.SF.ECF@usdoj.gov

Elvina Rofael on behalf of U.S. Trustee Office of the U.S. Trustee / SR
elvina.rofael@usdoj.gov, Katina.Umpierre@usdoj.gov,GemMil.Langit@usdoj.gov

Victor A. Sahn on behalf of Debtor Spring Mountain Vineyard Inc.
victor.sahn@gmlaw.com, Karen.Files@gmlaw.com

Michael St. James on behalf of Interested Party Arcade Capital, LLC **(RSN)**
ecf@stjames-law.com

John G. Warner on behalf of Creditor Francois Freres USA Inc. **(RSN)**
warnerwest@aol.com

Ashley M. Weringa on behalf of Creditor MGG California, LLC
aweringa@proskauer.com

Steven F. Werth on behalf of Debtor Spring Mountain Vineyard Inc.
steven.werth@gmlaw.com, Patricia.Dillamar@gmlaw.com

Peter J Young on behalf of Creditor MGG California, LLC
pyoung@proskauer.com

PMD 54748733v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                 F 9013-3.1.PROOF.SERVICE

Case: 22-10381    Doc# 441    Filed: 06/21/23    Entered: 06/21/23 18:30:23    Page 22 of 27

## 2. <u>SERVED VIA U.S. MAIL OR EMAIL</u>

<u>Secured Creditors</u>
MGG (BV) Limited
MGG Canada Fund LP
MGG Insurance Fund Series Interests of t
MGG Investment Group LP
MGG Onshore Funding I LLC
MGG SF Drawdown Master Fund
(Cayman) LP
MGG SF Drawdown Unlevered Fund II
LP
MGG SF Drawdown Unlevered Fund LP
MGG SF Drawdown Unlevered Master
Fund I
MGG SF Evergreen Unlevered Fund LP
MGG SF Evergreen Master Fund
(Cayman) LP
MGG SF Evergreen Unlevered Fund LP
MGG SF Evergreen Unlevered Master
Fund I
MGG Specialty Finance Fund I LP
MGG Specialty Finance Fund LP
c/o MGG California, LLC
One Penn Plaza 53rd Fl
Attn Kevin F. Griffin, CEO
New York, NY 10119-0002
Tel: (212) 356-6100
creditagreementnotices@mgginv.com

<u>Debtor's Financial Advisor
And Chief Restructuring
Officer</u>
Attn: Kevin A. Krakora,
Managing Director
Getzler Henrich & Associates
LLC, a Hilco Global Company
kkrakora@getzlerhenrich.com
Peter.Ekman@jigsawadvisors.com

Ballande & Meneret
Attn: Florian Malpuch
55 Boulevard Jacques-Chaban
Delmas
33250 Bruges, France

Wine Service Cooperative
1150 Dowdell Lane
Saint Helena, CA 94574
Attn: Steven Tamburelli
General Manager

<u>Attorney for Cab West LLC</u>
Randall P. Mroczynski
Cooksey, Toolen, Gage, Duffy
& Woog APC
535 Anton Boulevard, Tenth
Floor Costa Mesa, Ca 92626-
1977
rmroczynski@cookseylaw.com

East West Wine Trading, Inc.
Attn: Satoshi Tanaka,
President & CEO
1 Blackfield Dr. #205
Tiburon, CA 94920

Wilmington Trust, National
Association
10250 Constellation Blvd #2800,
Los Angeles, CA 90067
Attn: Jennifer Anderson,
Vice President

CQ&A Consulting
Attn: Deanna Leon, President
PO Box 777
Pinole, CA 94564
dleon@cqaconsult.com

My Enologist, Inc.
Attn: Mark Meyering
1451 Gordon Drive
Napa, CA 94558

### <u>20 Largest Unsecured Creditors:</u>

Allen Wine Group LLP
Attn: Timothy Allen, CPA
tim@allenwine.com
Tim@allengroupllp.com
Brent Garrison
Brent@allengroupllp.com

Bartelt Engineering
Attn: Paul Bartelt
1303 Jefferson St #200B
Napa, CA 94559
paulb@barteltengineering.com

Belkorp AG, LLC
Attn: Laura Correll,
Accounting
ar@belkorpag.com
AR@BelkorpAg.com
ldunhouse@belkorpag.com

PMD 54748733v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1 PROOF.SERVICE**

Case: 22-10381    Doc# 441    Filed: 06/21/23    Entered: 06/21/23 18:30:23    Page 23 of
27

Brown's Auto Parts
Attn Dan Beltramai, Owner
1218 Main St.
Saint Helena, CA 94574-1901
brownsauto169@gmail.com

Castino Restaurant Equipment
And Supply
50 Utility Ct.
Rohnert Park, CA 94928-1659
(707) 585-3566
sales@castinosolutions.com

Central Valley
Administrative Offices
1804 Soscol Ave., #205
Napa, CA 94559
Attn: Gerry Cruz, Accounting
Mgr.
gerryc@central-valley.com

Chubb Group of Insurance
Companies
P.O. Box 777-1630
Philadelphia, PA 19175-0001
(800) 372-4822
**Returned – Box Closed**

Conway Beverage Group, LLC
Dba: Elite Brands
Elite Brokerage
3238 Old Heather Rd.
San Diego, CA 92111-7716
Attn: Mr. Jay Conway
Jayconway@elitebrands.biz

Famille Sylvain
855 Bordeaux Way #239
Napa, CA 94558-7549
(707) 492-3308
contactusa@famillesylvain.com

Francois Freres USA Inc.
1403 Jefferson St.
Napa, CA 94559-1708
(707) 294-2204
office@francoisfreresusa.com
julie@francoisfreresusa.com
accounting@francoisfreresusa.com
assistant@francoisfreresusa.com

G3 Enterprises Inc.
(Tapp Labels)
580 Gateway Dr.
Napa, CA 94558
(707) 252-8300
jeff.licht@tapplabel.com

Imperial PFS aka IPFS
49 Stevenson St. #127
San Francisco, CA 94105
Lisa Chandler, Litigation and
Bankruptcy Recovery Manager
lisa.chandler@ipfs.com

Napa County Treasurer
1195 3rd St. #108
Napa, CA 94559-3035
Dawnette.martindale@countyofnapa.org
Napa County Treasurer-Tax Collector
Bob.Minahen@countyofnapa.org
Napa County Attorney
Wendy.dau@countyofnapa.org

Napa Ford Lincoln
170 Soscol Ave.
Napa, CA 94559

Napa Valley Petroleum
P.O. Box 2670
Napa, CA 94558-0528
(707) 252-6888
kamh@napavalleypetroleum.com

Ramondin U.S.A. Inc.
Tammy Frandsen
Finance Manager
tfrandsen@ramondin.com

Stanzler Law Group
Attn: Jordan S. Stanzler
390 Bridge Pkwy #220
Redwood City, CA 94065
Jstanzler@stanzlerlawgroup.com

Tonnellerie Sylvain
855 Bordeaux Way
Napa, CA 94558
contactusa@famillesylvain.com

Wilbur Ellis Company LLC
c/o Registered Agent Solutions Inc.
720 14th St.
Sacramento, CA 95814
KZavala@wilburellis.com,
MHAMMETT@wilburellis.com,
SPRIM@wilburellis.com

Wine Service Cooperative
1150 Dowdell Lane
Saint Helena, CA 94574
Attn: Steven Tamburelli
General Manager
Steve@wineservicecoop.com

Jeff. J. Marwil, Esq. (**NEF**)
Proskauer Rose LLP
jmarwil@proskauer.com
pyoung@proskauer.com
AWeringa@proskauer.com
sma@proskauer.com
NPetrov@proskauer.com
creditagreementnotices@mgginv.com

PMD 54748733v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1 PROOF.SERVICE**

Case: 22-10381    Doc# 441    Filed: 06/21/23    Entered: 06/21/23 18:30:23    Page 24 of 27

**Additional Others:**

Bradley R. Bobroff, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, NY  10036-8299
bbobroff@proskauer.com

Scott P. Cooper, Esq.
Proskauer Rose LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3010
scooper@proskauer.com

Frederic Ragucci, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, NY  10036-8299
FRagucci@proskauer.com

Ford Motor Credit Company
National Bankruptcy Service Center
P O Box 62180
Colorado Springs CO 80962-2180
fcffald@ford.com

Napa Valley Vintners Association
P.O. Box 141
Saint Helena, CA 94574
Attn: Steve Tradewell, CFO
stradewell@napavintners.com

Bright Event Rental
22674 Broadway # A
Sonoma, CA 95476
(707) 940-6060
Attn: Michelle Minsk, Acctg.
accountsreceivable@bright.com

CNH Capital
Dept. 1801104747435
P.O. Box 78004
Phoenix, AZ 85062
Attn:  Steve Wright,
Bankruptcy Dept.

CNH Industrial Capital America, LLC
PO Box 71264
Philadelphia, PA 19176-6264
Attn:  John Chiavacci,
 HRBK Analyst
john.chiavacci@cnhind.com

ETS Laboratories
c/o Marjorie Burns 899 Adams Street #A
Saint Helena, CA 94574-1160
(707) 963-4806
Attn Accounts Receivable Team
ar@etslabs.com
accounts@etslabs.com

Matheson Tri-Gas Inc.
Dept. LA 23793
Pasadena, CA 91185
(707) 963-4307
**Via U.S. Mail**

Sovos Compliance LLC
200 Ballardvale St. Bldg 14th Fl.
Wilmington, MA 01887
(866) 890-3970
lori.bradshaw@sovos.com

Wine Technology America
aka Wine Technology, Inc.
474 Walten Way
aka Vinwizard
Windsor, CA 95492
Attn:  Kelly Graves, Director
kelly@vinwizard.us

Wine Technology America Inc.
c/o Lloyd Matthews, Agent
1899 Larkspur St.
Yountville, CA 94599-1237
**Via U.S. Mail**

Wyatt Irrigation Co.
4407 Solano Ave.
Napa, CA 94558
(707) 578-3747
Lynne Colombano, Acct Receivable Mgr.
lynne@wyattsupply.com

Wyatt Irrigation Co.
c/o CSC - Lawyers Incorporating Service
2710 Gateway Oaks Dr. #150N
Sacramento, CA 95833-3502
**Via U.S. Mail**

**Request for Special Notice**
Alcohol & Tobacco Tax & Trade Bureau
U.S. Department of the Treasury
Attn:  Daniel Paralta, Senior Counsel,
Field Operations
Daniel.Peralta@ttb.gov

Dept. of the Treasury, Alcoholic Beverage Control
Attn: Tracie Parker, Lic. Rep. I
50 D Street Room 130
Santa Rosa, CA. 95404
tracie.parker@abc.ca.gov

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

PMD 54748733v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                  **F 9013-3.1 PROOF SERVICE**

Case: 22-10381    Doc# 441    Filed: 06/21/23    Entered: 06/21/23 18:30:23    Page 25 of 27

California Department of Tax and Fee Administration
Special Operations Bankruptcy Team MIC: 74
P.O. Box 942879
Sacramento, CA 94279-0074

Franchise Tax Board
Attn: Vivian Ho
Bankruptcy Section, MS A-340
P.O. Box 2952
Sacramento, CA 95812-2952
916-845-7069
Vivian.Ho@ftb.ca.gov

Employment Development Department
Bankruptcy Unit-MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Employment Development Department
Attn: MIC 53
800 Capital Mall
Sacramento, CA 95814

Piper/Sandler
1251 Avenue of the Americas, 39th Floor
New York, N.Y. 10020
Attn.: Mr. Leonard Sheer and Mr. Mike Dillahunt
Leonard.sheer@psc.com
Michael.dillahunt@psc.com
**Via U.S. Mail & Email**

Will Densberger
Pavi Micheli
Engel & Volkers
1111 Main Street Suite A,
St. Helena CA 94574
Will@nvwineestates.com
pavimicheli@icloud.com
**Via U.S. Mail & Email**

**Attorneys for Don Yannias**
Louis J. Cisz, III, Esq. NIXON PEABODY LLP
One Embarcadero Center, 32nd Floor
San Francisco, CA 94111
lcisz@nixonpeabody.com

Richard J. Frey NIXON PEABODY LLP
300 South Grand Avenue, Suite 4100
Los Angeles, CA 9007
Tel: (213) 629-6000 Fax: (213) 629-6001
rfrey@nixonpeabody.com

Office of the United States Trustee
Attn: Phillip J. Shine
280 South First Street, Rm. 268
San Jose, CA 95113
Email: phillip.shine@usdoj.gov

**Courtesy Email**
Jay B. Spievack, Esq.
Cohen Tauber Spievack & Wagner P.C.
jspievack@ctswlaw.com

Joseph Vann, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave., Suite 2400
New York NY 10170-2499
(212) 381-8724
jvann@ctswlaw.com

John C. Vaughan
Newmark Knight Frank
4675 MacArthur Court, Suite 1600
Newport Beach, CA 92660
john.vaughan@nmrk.com

Mark Kasowitz:
MKasowitz@kasowitz.com

Gavin D. Schryver:
GSchryver@kasowitz.com

**Attorneys for Napa County Treasurer**
Jacquelyn H. Choi
jacquelyn.choi@rimonlaw.com,
docketing@rimonlaw.com

Luckey McDowell
luckey.mcdowell@shearman.com

Jonathan Dunworth
jonathan.dunworth@shearman.com

**Attorneys for Creditor Francois Freres USA Inc.**
John G. Warner
warnerwest@aol.com

PMD 54748733v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

C Q and A Consulting, LLC
c/o Robert J. Hooy, Agent
3125 Clayton Rd. 2nd Fl.
Concord, CA 94519-2732

**Debtor**
Spring Mountain Vineyard Inc.
2805 Spring Mountain Road
St. Helena, CA 94574-1798
Attn: Don Yannias, President
email: don@bimi.com

**Elvina Rofael, Trial Attorney**
United States Department of
Justice
Office of the United States
Trustee
Phillip J. Burton Federal
Building
450 Golden Gate Avenue, Fifth
Floor, 05-0153
San Francisco, California 94102

Abbott & Kinderman, Inc.
2100 21st Street
Sacramento, CA 95818

Central Valley
1100 Vintage Avenue
St. Helena, CA 94564

William R. Brinkman
3581 Mt. Diablo Blvd., #215
Lafayette, CA 94549

PMD 54748733v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 **F 9013-3.1 PROOF.SERVICE**