1   Victor A. Sahn (CA Bar No. 97299)
    *victor.sahn@gmlaw.com*
2   Mark S. Horoupian (CA Bar No. 175373)
    *mark.horoupian@gmlaw.com*
3   Steven F. Werth (CA Bar No. 205434)
    *steven.werth@gmlaw.com*
4   Greenspoon Marder LLP
    a Florida limited liability partnership
5   333 South Grand Avenue, Suite 3400
    Los Angeles, California 90071
6   Telephone: 213.626.2311
    Facsimile: 954.771.9264

Attorneys for Debtor and Debtor in Possession,
Spring Mountain Vineyard Inc.

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>SPRING MOUNTAIN VINEYARD INC., a Delaware corporation,<br><br><br>                 Debtor. | Case No. 1:22-bk-10381 CN<br><br>Chapter 11<br><br>**FINAL FEE APPLICATION OF BNP PARIBAS SECURITIES CORP. AND BMO CAPITAL MARKETS CORP. AS INVESTMENT BANKERS TO THE DEBTOR AND DEBTOR IN POSSESSION** |

| General Information | |
|---|---|
| Name of Applicants: | BNP Paribas Securities Corp.<br><br>BMO Capital Markets Corp. |
| Authorized to Provide Professional Services to: | Debtor and Debtor-In-Possession |
| Petition Date: | September 29, 2022 |
| Retention Date: | Order entered on December 1, 2022 [Docket No 161], retroactive to October 14, 2022[1] |
| Prior Applications: | None |
| Summary of Fees and Expenses Sought in this Application | |
| Time Period Covers by this Application: | October 14, 2022 through July 3, 2023 |
| Total Amount of Compensation Sought as Actual, Reasonable, and Necessary for the | $1,500,000.00 |

---

[1]     Pursuant to the May 16, 2023 *Order Granting Supplemental Application Regarding Employment of BNP Paribas Securities, Inc. ass Chapter 11 Debtor's Investment Banker* [Docket No. 386] (the "Supplemental Order"), a copy of which is attached hereto as **Exhibit B**, BNPP's retention was modified to include BMO Capital Markets Corp. effective as of February 1, 2023.

| | |
|---|---|
| Compensation Period: | |
| Total Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Compensation Period: | $177,005.24 |
| Compensation and Expenses Sought in this Application Not Yet Paid: | $157,027.80 |

This is a:  __monthly                    ____interim                    __x__final application

Victor A. Sahn (CA Bar No. 97299)
 victor.sahn@gmlaw.com
Mark S. Horoupian (CA Bar No. 175373)
 mark.horoupian@gmlaw.com
Steven F. Werth (CA Bar No. 205434)
 steven.werth@gmlaw.com
Greenspoon Marder LLP
a Florida limited liability partnership
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: 213.626.2311
Facsimile: 954.771.9264

Attorneys for Debtor and Debtor in Possession,
Spring Mountain Vineyard Inc.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>SPRING MOUNTAIN VINEYARD INC., a Delaware corporation,<br><br><br>Debtor. | Case No. 1:22-bk-10381 CN<br><br>Chapter 11<br><br>**FINAL FEE APPLICATION OF BNP PARIBAS SECURITIES CORP. AND BMO CAPITAL MARKETS CORP. AS INVESTMENT BANKERS TO THE DEBTOR AND DEBTOR IN POSSESSION** |

BNP Paribas Securities Corp. and its affiliates (collectively, "BNPP"), together with BMO Capital Markets Corp. ("BMO," and collectively with BNPP, the "Applicants"), investment bankers to the above-captioned debtor and debtor in possession (collectively, the "Debtor"), submit their Final Fee Application (the "Final Fee Application"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the Northern District of California (the "Local Rules") and the *Notice of Applicability of Large-Case United States Trustee Fee Guidelines* [Docket No. 99] (the "UST Fee Guidelines"). By this Final Fee Application, the Applicants seek allowance of

compensation for professional services rendered and for reimbursement of actual and necessary expenses incurred by the Applicants for the period from October 14, 2022 through and including July 3, 2023 (the "Compensation Period") in the amount of $1,677,005.24 on a final basis, and respectfully represent as follows:

## BACKGROUND

1. On September 29, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to manage and operate its business as debtor in possession under sections 1107 and 1108 of the Bankruptcy Code.

2. On December 1, 2022, this Court entered certain *Order Authorizing the Employment and Retention of BNP Paribas Securities Corp. as Investment Banker to the Debtor and Debtor in Possession Effective as of October 14, 2022* [Docket No. 161] (the "Retention Order") attached hereto as **Exhibit A**.

3. The terms of the Engagement Letter, as defined in the Retention Order, reflect the mutual agreement between the Debtor and BNPP, including terms required by the Debtor's secured creditor, regarding the efforts required of BNPP throughout the course of these proceedings. The Engagement Letter required BNPP to render the following investment banking services (collectively, the "Services")

    a. assisting the Debtor in preparing marketing materials in conjunction with a possible Sale Transaction;

    b. assisting the Debtor in identifying potential buyers or parties in interest to a Sale Transaction and assisting in the due diligence process;

    c. assisting and advising the Debtor concerning the terms, conditions and impact of any proposed Sale Transaction; and

    d. providing testimony before the bankruptcy court concerning any of the services identified above.[1]

---

[1] The summary of the Engagement Letter in this Final Fee Application is qualified in its entirety by reference to the provisions of the Engagement Letter. To the extent there is any discrepancy between the summary contained in this Final Fee Application and the terms set forth in the Engagement Letter, the terms of the Engagement Letter shall govern. Capitalized terms used and not otherwise defined herein shall have the

4.    After extensive marketing efforts and a court-approved auction process, the Transaction closed on July 3, 2023. Pursuant to the Engagement Letter and the Retention Order, the Applicants are entitled to a transaction fee of $1,500,000 plus reimbursement of their out of pocket expenses. As a reminder, the Applicants were not paid any monthly fee and no previous interim fee application was ever made. In accordance with the terms of the Retention Order, the Applicants were paid $1,500,000 at closing of the sale, and now submit this Final Fee Application for final approval of such amount plus expenses, totaling $1,677,005.24.

## JURISDICTION

5.    This court has jurisdiction over this matter under 28 U.S.C. § § 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of the Chapter 11 case in this district is proper under 28 U.S.C. § § 1408 and 1409.

6.    The statutory and legal bases for the relief requested herein (collectively, the "Guidelines") are sections 327(a), 328(a), 330 and 331 of title 11 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, the Local Rules, and the Retention Order.

## COMPENSATION REQUEST

7.    The Applicants seek final allowance of compensation for professional services rendered to the Debtor during the Compensation Period in the aggregate amount of $1,500,000 and for reimbursement of expenses incurred in connection with the rendition of such services in the aggregate amount of $177,005.24, for a total amount due of $1,677,005.24 (the "Compensation Amount").

## SUMMARY OF SERVICE

8.    As described below and where applicable, the Applicants' highly skilled M&A professionals devoted significant time and effort with respect to the marketing, auction, and related sale process:[2]

---

meanings ascribed to them in the Engagement Letter.

[2]    Pursuant to the terms of the Engagement Letter, Retention Order, and the Supplemental Order, the Applicants did not have to keep records of time generally required under Bankruptcy Rule 2016(a) in connection with the Applicants' engagement.

a.    The Applicants, as applicable, assisted the Debtor in preparing marketing materials in conjunction with the Transaction, including drafting the form of marketing memorandum that was circulated nationally and internationally to potential buyers;

b.    The Applicants, as applicable, contacted more than 80 potential buyers, negotiated and executed non-disclosure agreements with many of them, and assisted in the due diligence process for such parties, including incorporating material documents into the Data Room that was set up for the benefit of interested purchasers;

c.    The Applicants, as applicable, assisted the Debtor to establish protocols for the interested parties to interact;

d.    The Applicants, as applicable, assisted and advised the Debtor concerning the terms, conditions, and impact of the Transaction; and

e.    The Applicants, as applicable, assisted with testimony to support the sale process before the bankruptcy court.

## ACTUAL AND NECESSARY EXPENSES OF THE APPLICANTS

9.    As set forth in **Exhibit C** hereto, the Applicants expended $177,005.24 in out-of-pocket expenses relating to its professional services during the Compensation Period. These charges are intended to cover the Applicants' out-of-pocket costs paid to third parties related to this engagement, which costs are not incorporated into the Applicants' aggregate fees. For example, BNPP's outside counsel—Shearman & Sterling LLP—advised BNPP on chapter 11 retention requirements, qualifications, and related disclosure issues that are unique to the bankruptcy process. The Applicants also incurred additional expense to resolve potential objections from the Debtor's secured creditor, forcing BNPP to materially modify the terms and scope of its engagement and the draft Retention Order. BNPP's retention application also required multiple hearings to address heightened disclosure requirements that are unique to the bankruptcy process. BNPP's counsel (i) reviewed documents related to BNPP's role and obligations in the sales process, (ii) advised BNPP on how to respond to a third-party subpoena related to this engagement, (iii) generally advised BNPP

on compliance with the bankruptcy rules and professional obligations and (iv) assisted with this Final Fee Application. BMO's outside counsel likewise evaluated matters pertaining to the sale or other potential transaction involving the Debtor's assets.[3] The Applicants also incurred expenses to travel and to prepare and rent the auction venue. These expenses were necessary and beneficial to the Debtor's estate in that it enabled the Applicants to perform their services and ultimately conclude the Transaction

10.     The Applicants have maintained records of actual and necessary expenses incurred during the Compensation Period. The Applicants respectfully submit that the expenses for which they seek allowance during the Compensation Period are necessary and reasonable both in scope and amount.

## LEGAL BASIS FOR COMPENSATION

11.     The professional services for which the Applicants request final allowance of compensation and reimbursement of expenses were rendered and incurred in connection with this case in the discharge of the Applicants' professional responsibilities as investment bankers for the Debtor in the chapter 11 case. The Applicants' services have been necessary and beneficial to the Debtor and its estate, creditors, and other parties in interest.

12.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the Applicants respectfully submit that the amount requested by the Applicants is fair and reasonable given the complexity of this Chapter 11 Case, the time expended, the nature and extent of the services rendered, the value of such services, and the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, the Applicants have reviewed the requirements of the Northern District Guidelines, and the UST Fee Guidelines and believe that the Final Fee Application complies with all of them except as specifically noted herein.

## NOTICE

13.     Notice of this Final Fee Application has been provided to parties in interest in

---

[3]     Consistent with the Supplemental Order, BMO does not seek reimbursement from the Debtor of any fees incurred in connection with the *Supplemental Application Regarding Employment of BNP Paribas Securities, Inc. as Chapter 11 Debtor's Investment Banker* [Docket No. 331].

accordance with the Court's procedures.  The Applicants submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## **CONCLUSION**

14.     The Compensation Amount requested by the Applicants is fair and reasonable given (a) the complexity of the issues presented, (b) the time and labor required, (c) the skill necessary to perform the financial advisory services, (d) the preclusion of other employment, and (e) the customary fees charged to clients in bankruptcy and non-bankruptcy situations.

**WHEREFORE**, the Applicants respectfully request the Court enter an order, substantially in the form of the Proposed Order attached as **Exhibit D**:

    i.    Awarding on a final basis aggregate fees in the amount of $1,500,000 and reimbursement of aggregate expenses in the amount of $177,005.24 for the Compensation Period;

    ii.    Approving and directing the Debtor's payment of all allowed fees for services rendered and expenses incurred by the Applicants in connection with this chapter 11 case that remains unpaid as of the date of entry of the order; and

    iii.    Granting the Applicants such other and further relief as is just and proper.

*[Remainder of page intentionally left blank]*

1

2  Dated: August 22, 2023
3          New York, New York
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BNP Paribas Securities Corp.

Gregg R. Fatzinger
Managing Director

[*Signature Page to the Final Fee Application*]

Dated: August 22, 2023
     San Francisco, California

BMO Capital Markets Corp.

*Perry DeLuca*

_____

Perry DeLuca
Managing Director

1 **<u>EXHIBIT A</u>**

2 **RETENTION ORDER**



1  Victor A. Sahn (CA Bar No. 97299)
   *victor.sahn@gmlaw.com*
2  Mark S. Horoupian (CA Bar No. 175373)
   *mark.horoupian@gmlaw.com*
3  Steven F. Werth (CA Bar No. 205434)
   *steven.werth@gmlaw.com*
4  Greenspoon Marder LLP
   a Florida limited liability partnership
5  333 South Grand Ave., Suite 3400
   Los Angeles, CA  90071
6  Telephone: 213.626.2311
   Facsimile:  954.771.9264
7
   Attorneys for Debtor in Possession
8  Spring Mountain Vineyard Inc.

The following constitutes the order of the Court.
Signed: December 8, 2022

_____
**Charles Novack**
**U.S. Bankruptcy Judge**

9                  **UNITED STATES BANKRUPTCY COURT**

10                 **NORTHERN DISTRICT OF CALIFORNIA**

11                       **SANTA ROSA DIVISION**

12  In re:                                    Case No. 1:22-bk-10381 CN

13  SPRING MOUNTAIN VINEYARD INC., a           Chapter 11
    Delaware corporation,
14                                             **ORDER AUTHORIZING THE**
                     Debtor.                   **EMPLOYMENT AND RETENTION**
15                                             **OF BNP PARIBAS SECURITIES CORP.**
                                               **AS INVESTMENT BANKER TO THE**
16   Federal EIN:  36-3844911                  **DEBTOR AND DEBTOR IN POSSESSION**
                                               **EFFECTIVE AS OF OCTOBER 14, 2022**
17
                                               [Related to Docket No. 96]
18
                                               **Hearing Information**
19                                             Date:      December 1, 2022
                                               Time:      11:00 a.m.
20                                             Place:     Courtroom 215
                                                          1300 Clay Street
21                                                         Oakland, CA 94612
22

23

24
        Upon the Application (the "<u>Application</u>")[1] of the above-captioned debtor and debtor in
25

26   _____

27   [1]       Capitalized terms used and not defined herein shall have the meaning given to them in the Application.

28

possession (collectively, the "Debtor"), for entry of an order (this "Order") authorizing the Debtor to employ and retain, pursuant to sections 327(a), 328(a), 503(b) and 507(b) of the Bankruptcy Code and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), BNP Paribas Securities Corp. ("BNPP") as investment banker in connection with the above-captioned matter, effective as of October 14, 2022 and upon the *Declarations of Perry DeLuca and Constantine Yannias in Support of Application Authorizing Employment and Retention of BNP Paribas Securities Corp. as Investment Banker for the Debtor and Debtor in Possession Effective as of October 14, 2022* attached to the Application as Exhibit B (the "DeLuca Declaration" and the "Yannias Declaration"); and the Court being satisfied based on the representations in the Application and DeLuca Declaration that BNPP is "disinterested" as defined in section 101(14) of the Bankruptcy Code, and holds no interest adverse to the Debtor or their estates in connection with the matters for which BNPP is to be retained by the Debtor, as required by section 327(a) of the Bankruptcy Code; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtor, their estates, their creditors and other parties in interest; and the Court having found that the Debtor's notice of the Application and opportunity for a hearing on the Application was appropriate and no other notice need be provided; and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due

VAS 52685323v1

deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1. The Application is GRANTED as provided herein.

2. The Debtor is authorized to retain and employ BNPP as investment banker to the Debtor in this Chapter 11 Case pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, effective as of October 14, 2022, on the terms and conditions set forth in the Application and the Engagement Letter as modified herein.

3. The Engagement Letter (together with all annexes thereto), including without limitation the Fee Structure, is approved as modified herein. All compensation and reimbursement of expenses payable under the Engagement Letter shall be subject to review only pursuant to the standards set forth in Bankruptcy Code section 328(a), and shall not be subject to any other standard of review, including but not limited to, that set forth in Bankruptcy Code section 330. Notwithstanding anything to the contrary herein, the Office of the United States Trustee shall have the right to object to BNPP's interim and final fee applications (including expense reimbursements) on all grounds, including the reasonableness standard provided in section 330 of the Bankruptcy Code.

4. The Debtor is authorized and directed to pay BNPP's Transaction Fee upon consummation of a Transaction and, subject to the limitations in paragraph 5 of this Order, to reimburse BNPP for its reasonable costs and expenses as provided in the Engagement Letter. Notwithstanding the foregoing, BNPP shall file interim and final fee applications, as applicable, for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court; *provided, however*,

VAS 52685323v1

that the requirements of the Bankruptcy Code and the Bankruptcy Rules are hereby modified such that BNPP's professionals shall not be required to maintain or submit time records in connection with any interim or final fee application.

5. With regard to the calculation of the Transaction Fee, the Engagement Letter is hereby clarified to mean that BNPP is entitled to the fee that is the greater of "Option 1" or "Option 2" as follows:

(a) Option 1 is a fee of $1,500,000;

(b) Option 2, which only applies in the event of a Sale Transaction, is the sum of:

(i) Two point twenty five percent (2.25%) of the first $200,000,000 of Transaction Value;

(ii) Three point five percent (3.5%) of the next $100,000,000 of Transaction Value; and

(iii) Five percent (5.00%) of the Transaction Value in excess of $300,000,000.

6. Further, in the event a Sale Transaction is consummated exclusively through a credit bid pursuant to section 363(k) of the Bankruptcy Code, BNPP shall only be entitled to Option 1.

7. The Debtor is authorized and directed to reimburse BNPP for its reasonable expenses, as provided in the Engagement Letter, subject to:

(a) payment must comply with the Debtor's cash collateral budget then in effect, with consent from MGG not to be unreasonably withheld regarding any proposed budget amendments; and

VAS 52685323v1

(b) to the extent any such expenses are unpaid, payment of such expenses shall be made contemporaneously with payment of BNPP's Transaction Fee.

8.      The indemnification, contribution, and reimbursement provisions set forth in the Engagement Letter and Annex A are approved, subject during the pendency of this Chapter 11 case to the following modifications:

(a) no Indemnified Parties (as the term is defined in the Engagement Letter and Annex A), shall be entitled to indemnification, contribution or reimbursement for services other than the services provided under the Engagement Letter, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court;

(b) notwithstanding subparagraph (a) above or any provisions of the Engagement Letter or Annex A to the contrary, the Debtor shall have no obligation to indemnify Indemnified Parties or provide contribution or reimbursement to Indemnified Parties (i) for any claim or expense that is judicially determined (the determination having become final and no longer subject to appeal) to have arisen from such Indemnified Parties' negligence, bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct, (ii) for a contractual dispute in which the Debtor alleges the breach of such Indemnified Parties' contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible, or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which such Indemnified Parties should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter and Annex A, as modified by this Order; and

VAS 52685323v1

(c) if, before the earlier of (i) the entry of an order confirming a Chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this Chapter 11 case, any Indemnified Parties believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Engagement Letter and Annex A (as modified by this Order), including, without limitation, the advancement of defense costs, such Indemnified Parties must file an application therefor in this Court, and the Debtor may not pay any such amounts to such Indemnified Parties before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period during which the Court shall have jurisdiction over any request for fees and expenses by Indemnified Parties for indemnification, contribution, or reimbursement, and not as a provision limiting the duration of the Debtor's obligation to indemnify, or make contribution or reimbursement to any Indemnified Parties.

9.  Notwithstanding anything in the Application or the Engagement Letter to the contrary, BNPP shall (i) to the extent that BNPP uses the services of independent contractors or subcontractors (collectively, the "Contractors") who perform services for the Debtor in this case, pass through the cost of such Contractors to the Debtor at the same rate that BNPP pays the Contractors; and (ii) seek reimbursement for actual costs only. The Debtor shall ensure that any such Contractors are subject to the same conflict checks as required for BNPP and that they shall file with the Court such disclosures as required by Bankruptcy Rule 2014.

10. Notwithstanding any other order entered by this Court, including but not limited to orders authorizing the Debtor to use cash collateral, the pre-petition and post-petition liens and claims of Debtor's lenders shall be subject to carveouts and be junior to BNPP's fees

Case: 22-10381    Doc# 495    Filed: 12/06/23    Entered: 12/06/23 14:17:49    Page 6 of 9
38

and expenses to the extent such fees and expenses are allowed by the Court. BNPP's fees and expenses shall be pari passu to any claims for professional fees that constitute a "Carve-Out" as defined in the order authorizing the Debtor to use cash collateral.

11. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, and this Order, the terms of this Order shall govern. Pursuant to the Engagement Letter, BNPP may, in its sole discretion and in its capacity as a retained professional of the Debtor, communicate with MGG California, LLC and its advisors in connection with any Transaction (as defined in the Engagement Letter) without the Debtor or its counsel present.

13. The Debtor acknowledges that, pursuant to the *Final Order Extending to December 31, 2022: Second Interim Order (I) Authorizing the Debtor to Utilize Cash Collateral of PrePetition Secured Parties Through November 4, 2022; (II) Granting Adequate Protection to PrePetition Secured Parties; (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and 4001(c); and (IV) Granting Related Relief* (Docket No. 92) (the "Final Cash Collateral Order"), the Lenders (as defined therein) hold an allowed secured claim as of the Petition Date of not less than $192,221,090.14, and an Adequate Protection Superpriority Claim and Adequate Protection Liens (each as defined in the Final Cash Collateral Order) pursuant to the terms of the Final Cash Collateral Order.

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

VAS 52685323v1

15.     The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

16.     BNPP shall use reasonable efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in this Bankruptcy Case.

17.     Notwithstanding anything to the contrary in the Application, any of its attachments, the Engagement Letter, Annex A, or any ancillary documents thereto, BNPP shall not seek reimbursement of any fees or costs arising from the defense of any of BNPP's fee applications in this Chapter 11 case.

18.     None of the fees payable to BNPP shall constitute a "bonus" or fee enhancement under applicable law.

19.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order. For the avoidance of doubt, notwithstanding any provision in the Engagement Letter to the contrary, during the pendency of this Chapter 11 case, this Court shall have exclusive jurisdiction over the approval of fees due and owing to BNPP for this retention.

**END OF ORDER**

VAS 52685323v1

8

1                                   COURT SERVICE LIST

2 SERVICE OF THE ORDER IS NOT NECESSARY

1

**EXHIBIT B**

2

**SUPPLEMENTAL ORDER**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Entered on Docket**
**May 16, 2023**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



1  Victor A. Sahn (CA Bar No. 97299)
   victor.sahn@gmlaw.com
2  Mark S. Horoupian (CA Bar No. 175373)
   mark.horoupian@gmlaw.com
3  Steven F. Werth (CA Bar No. 205434)
   steven.werth@gmlaw.com
4  **GREENSPOON MARDER LLP**
  1875 Century Park East, Suite 1900
5  Los Angeles, CA  90067
  Telephone: 213.626.2311
6  Facsimile:  954.771.9264

7  Attorneys for Debtor in Possession
  Spring Mountain Vineyard Inc.

**The following constitutes the order of the Court.**
**Signed: May 16, 2023**

_____
**Charles Novack**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SANTA ROSA DIVISION

In re:

SPRING MOUNTAIN VINEYARD INC.,

    Debtor.

Case No. 1:22-bk-10381 CN

Chapter 11

**ORDER GRANTING SUPPLEMENTAL APPLICATION REGARDING EMPLOYMENT OF BNP PARIBAS SECURITIES, INC. AS CHAPTER 11 DEBTOR'S INVESTMENT BANKER**

Related to Docket Nos. 161 and 331

**Hearing Information**
Date:    No Hearing Requested
Time:    No Hearing Requested
Place:   Courtroom 215
          1300 Clay Street
          Oakland, CA 94612

Upon the *Supplemental Application Regarding Employment Of BNP Paribas Securities, Inc. As Chapter 11 Debtor's Investment Banker* (the "Supplemental Application") [Docket no. 331][1] of the above-captioned debtor and debtor in possession (collectively, the "Debtor"), for entry of an order (this "Order") modifying the Court's *Order Authorizing the Employment and Retention of BNP Paribas Securities Corp. as Investment Banker to the Debtor and Debtor In Possession Effective as of October 14,* 2022 (the "BNP Retention Order") [Docket no. 161] entered on December 9, 2022, which authorized the Debtor to employ and retain, pursuant to sections 327(a), 328(a), 503(b) and 507(b) of the Bankruptcy Code and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), BNP Paribas Securities Corp. ("BNP") as investment banker in connection with the above-captioned matter, effective as of October 14, 2022; and upon the *Declaration Of Perry Deluca In Support Of Supplemental Application Regarding Employment Of Bnp Paribas Securities, Inc. As Chapter 11 Debtor's Investment Banker* (the "Supplemental DeLuca Declaration") [Docket no. 332] filed in support of the Supplemental Application, and the Court being satisfied based on the representations in the Supplemental Application and the Supplemental DeLuca Declaration that BMO Capital Markets Corp. ("BCMC") and its affiliate BMO Harris Bank, N.A. ("BHBNA" and, together with BCMC, "BMO"), as successor by merger to Bank of the West, are "disinterested" as defined in section 101(14) of the Bankruptcy Code, and each holds no interest adverse to the Debtor or their estates in connection with the matters for which BNP was retained by the Debtor, as required by section 327(a) of the Bankruptcy Code and the BNP Retention Order; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28

---

[1] Capitalized terms used and not defined herein shall have the meaning given to them in the Supplemental Application.

VAS 54316039v3

U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Supplemental Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Supplemental Application is in the best interests of the Debtor and its bankruptcy estate; and the Court having found that the Debtor's notice of the Supplemental Application and opportunity for a hearing on the Supplemental Application was appropriate and no other notice need be provided; and the Court having reviewed the Supplemental Application; and the Court having determined that the legal and factual bases set forth in the Supplemental Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1.     The Supplemental Application is GRANTED as provided herein.

2.     All references to BNP and its "affiliates" in the BNP Retention Order shall, for the period from and after February 1, 2023, be deemed to include BCMC; *provided* that BCMC's retention is hereby authorized hereunder, and its obligations under the Engagement Letter shall be limited, to the same extent and with respect to the same scope of services that were originally to be provided and were being provided by Bank of the West prior to February 1, 2023, from and after which date the obligations of BNP and BCMC hereunder are several, and not joint.

3.     Any Transaction Fee payable pursuant to the Engagement Letter and the BNP Retention Order shall be allocated between BHBNA, as successor by merger to Bank of the West, and BNP on the same basis and to the same extent as was agreed between Bank of the West and BNP prior to February 1, 2023. BMO's other rights to any reimbursement or indemnification

VAS 54316039v3

under the Engagement Letter shall be coextensive with those of BNP and Bank of the West as set forth in the BNP Retention Order; *provided* that BMO shall not seek reimbursement from the Debtor of any attorneys' fees incurred in connection with the Supplemental Application.

4.      Except to the extent expressly set forth herein, (i) the terms of the Engagement Letter and BNP Retention Order remain in full force and effect and (ii) nothing in this Order is intended to create any additional rights or obligations of the Debtor, BNP, BMO or any other party, whether under the Engagement Letter, the BNP Retention Order, or otherwise.

5.      Notice of the Supplemental Application as provided therein shall be deemed good and sufficient notice of such Supplemental Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

6.      The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order. For the avoidance of doubt, notwithstanding any provision in the Engagement Letter to the contrary, during the pendency of this Chapter 11 case, this Court shall have exclusive jurisdiction over the approval of fees due and owing to BNP and/or BMO in connection herewith.

**END OF ORDER**

VAS 54316039v3

COURT SERVICE LIST

2    SERVICE OF THE ORDER IS NOT NECESSARY

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
VAS 54316039v3

**EXHIBIT C**

**APPLICANTS' EXPENSE DETAIL**

**BNPP's EXPENSE DETAIL**
Final Fee Application
October 14, 2022 - July 3, 2023

**Summary of Out-of-Pocket Expenses**

Item
BNPP Expenses                    $173,649.81

| Item | Nov. 2022 | Dec. 2022 | Jan. 2023 | Feb. 2023 | April. 2023 | May 2023 | June 2023 | July 2023 | Total |
|---|---|---|---|---|---|---|---|---|---|
| **Legal Fees** | $59,150.00 | $35,540.50 | $17,520.00 | $9,319.60 | $19,352.50 | $2,367.20 | $1,278.00 | $10,000.00 | $154,527.80 |
| **Travel** | N/A | N/A | N/A | N/A | $4,255.58 | N/A | N/A | N/A | $4,255.58 |
| **Car Service and Taxis** | N/A | N/A | N/A | N/A | $1,862.64 | N/A | N/A | N/A | $1,862.64 |
| **Meals** | N/A | N/A | N/A | N/A | $1,221.65 | N/A | N/A | N/A | $1,221.65 |
| **Venue** | N/A | N/A | N/A | N/A | $11,782.14 | N/A | N/A | N/A | $11,782.14 |
| **Total** | $59,150.00 | $35,540.50 | $17,520.00 | $9,319.60 | $38,474.51 | $2,367.20 | $1,278.00 | $10,000.00 | $173,649.81 |

**BMO's EXPENSE DETAIL**
Final Fee Application
October 14, 2022 - July 3, 2023

**Summary of Out-of-Pocket Expenses**

Item
BMO Expenses                    $3,355.43

| Item | Nov. 2022 | Dec. 2022 | Jan. 2023 | Feb. 2023 | April. 2023 | May 2023 | June 2023 | July 2023 | Total |
|---|---|---|---|---|---|---|---|---|---|
| **Legal Fees** | N/A | N/A | N/A | N/A | N/A | | $2,500.00 | | $2,500.00 |
| **Travel** | N/A | N/A | N/A | N/A | $419.59 | | N/A | | $419.59 |
| **Car Service and Taxis** | N/A | N/A | N/A | N/A | $435.84 | | N/A | | $435.84 |
| **Total** | N/A | N/A | N/A | N/A | $855.43 | | $2,500.00 | | $3,355.43 |

# TOTAL APPLICANTS' EXPENSE DETAIL
Final Fee Application
October 14, 2022 - July 3, 2023

## Summary of Out-of-Pocket Expenses

<u>Item</u>
Expenses                                 $177,005.24

| Item | Nov. 2022 | Dec. 2022 | Jan. 2023 | Feb. 2023 | April. 2023 | May 2023 | June 2023 | July 2023 | Total |
|---|---|---|---|---|---|---|---|---|---|
| **Legal Fees** | $59,150.00 | $35,540.50 | $17,520.00 | $9,319.60 | $19,352.50 | $2,367.20 | $1,278.00 | $12,500.00 | $157,027.80 |
| **Travel** | N/A | N/A | N/A | N/A | $4,675.17 | N/A | N/A | N/A | $4,675.17 |
| **Car Service and Taxis** | N/A | N/A | N/A | N/A | $2,298.48 | N/A | N/A | N/A | $2,298.48 |
| **Meals** | N/A | N/A | N/A | N/A | $1,221.65 | N/A | N/A | N/A | $1,221.65 |
| **Venue** | N/A | N/A | N/A | N/A | $11,782.14 | N/A | N/A | N/A | $11,782.14 |
| **Total** | $59,150.00 | $35,540.50 | $17,520.00 | $9,319.60 | $39,329.94 | $2,367.20 | $1,278.00 | $12,500.00 | $177,005.24 |

1    **<u>EXHIBIT D</u>**

2    **Proposed Order**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SANTA ROSA DIVISION**

| | |
|---|---|
| In re: | Case No. 1:22-bk-10381 CN |
| | Chapter 11 |
| SPRING MOUNTAIN VINEYARD INC., a Delaware corporation, | **ORDER APPROVING FINAL FEE APPLICATION OF BNP PARIBAS SECURITIES CORP. AND BMO CAPITAL MARKETS CORP. AS INVESTMENT BANKERS TO THE DEBTOR AND DEBTOR IN POSSESSION** |
| Debtor. | |

Upon consideration of the *Final Fee Application of BNP Paribas Securities Corp. and BMO Capital Markets Corp. as Investment Bankers to the Debtor and Debtor in Possession* [Docket No. [__]] dated [__] (the "Final Fee Application"), for final allowance of compensation for professional services performed by BNP Paribas Securities Corp. and BMO Capital Markets Corp. (the "Applicants") and for reimbursement of the Applicants' actual and necessary expenses incurred for the period commencing October 14, 2022 through and including July 3, 2023 (the "Final Compensation Period");[1] and this Court having jurisdiction to consider the Final Fee Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Final Fee Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and the venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Final Fee Application having been provided in accordance with the Court's procedures, and as otherwise required under the Bankruptcy Code and Bankruptcy Rules; and no objection or responses to the Final Fee Application having been filed; and good and sufficient

---

[1] Capitalized terms used but not herein defined have the meaning ascribed to such terms in the Final Fee Application.

cause having been shown therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Final Application is granted on a final basis as provided herein.

2.      Applicants are awarded final allowance of their fees and expenses for the Final Compensation Period in the aggregate amount of $1,677,005.24, consisting of $1,500,000.00 fees and reimbursement of expenses of $177,005.24.

3.      The Debtor is authorized and directed to pay Applicants $157,027.80 (which amount represents 100% of the fees and expenses that have not yet been paid to Applicants in satisfaction of the amounts allowed in Paragraph 2 above).

4.      This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1875 Century Park East, Ste. 1900, Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled (*specify*): **FINAL FEE APPLICATION OF BNP PARIBAS SECURITIES CORP. AND BMO CAPITAL MARKETS CORP.AS INVESTMENT BANKERS TO THE DEBTOR AND DEBTOR IN POSSESSION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 6, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  September 6, 2023 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who onsented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 6, 2023 | Patricia Dillamar | *Patricia Dillamar* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

PMD 55335043v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

Case: 22-10381    Doc# 495    Filed: 09/06/23    Entered: 09/06/23 18:11:59    Page 33 of 38

ADDITIONAL SERVICE INFORMATION (if needed):

## 1. <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>

Steve Burnell on behalf of Debtor Spring Mountain Vineyard Inc.
steve.burnell@gmlaw.com

Dean C. Burnick on behalf of Interested Party Mt. Hawley Insurance Company **(RSN)**
dcb@proughlaw.com

Jacquelyn H. Choi on behalf of Creditor Napa County Treasurer-Tax Collector **(RSN)**

Louis J. Cisz  lcisz@nixonpeabody.com on behalf of Don Yannias **(RSN)**

Trevor Ross Fehr on behalf of U.S. Trustee Office of the U.S. Trustee / SR
trevor.fehr@usdoj.gov

Mark S Horoupian on behalf of Debtor Spring Mountain Vineyard Inc.
mark.horoupian@gmlaw.com, cheryl.caldwell@gmlaw.com

Thomas Philip Kelly, III on behalf of Creditor Central Valley Builders Supply Inc. **(RSN)**
tomkelly@sonic.net

Steve Ma on behalf of Creditor MGG California, LLC
sma@proskauer.com

Jeff J. Marwil on behalf of Creditor MGG California, LLC
jmarwil@proskauer.com

Randall P. Mroczynski on behalf of Creditor Ford Motor Credit Company LLC **(RSN)**
rmroczynski@cookseylaw.com

Office of the U.S. Trustee / SR
USTPRegion17.SF.ECF@usdoj.gov

Elvina Rofael on behalf of U.S. Trustee Office of the U.S. Trustee / SR
elvina.rofael@usdoj.gov, Katina.Umpierre@usdoj.gov,GemMil.Langit@usdoj.gov

Victor A. Sahn on behalf of Debtor Spring Mountain Vineyard Inc.
victor.sahn@gmlaw.com, Karen.Files@gmlaw.com

Michael St. James on behalf of Interested Party Arcade Capital, LLC **(RSN)**
ecf@stjames-law.com

John G. Warner on behalf of Creditor Francois Freres USA Inc. **(RSN)**
warnerwest@aol.com

Ashley M. Weringa on behalf of Creditor MGG California, LLC
aweringa@proskauer.com

Steven F. Werth on behalf of Debtor Spring Mountain Vineyard Inc.
steven.werth@gmlaw.com, Patricia.Dillamar@gmlaw.com

Peter J Young on behalf of Creditor MGG California, LLC
pyoung@proskauer.com

PMD 55335043v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                           **F 9013-3.1.PROOF.SERVICE**

Case: 22-10381    Doc# 495    Filed: 09/06/23    Entered: 09/06/23 18:11:59    Page 34 of 38

## 2. SERVED VIA U.S. MAIL OR EMAIL

**Secured Creditors**
MGG (BV) Limited
MGG Canada Fund LP
MGG Insurance Fund Series Interests of t
MGG Investment Group LP
MGG Onshore Funding I LLC
MGG SF Drawdown Master Fund
(Cayman) LP
MGG SF Drawdown Unlevered Fund II
LP
MGG SF Drawdown Unlevered Fund LP
MGG SF Drawdown Unlevered Master
Fund I
MGG SF Evergreen Unlevered Fund LP
MGG SF Evergreen Master Fund
(Cayman) LP
MGG SF Evergreen Unlevered Fund LP
MGG SF Evergreen Unlevered Master
Fund I
MGG Specialty Finance Fund I LP
MGG Specialty Finance Fund LP
c/o MGG California, LLC
One Penn Plaza 53rd Fl
Attn Kevin F. Griffin, CEO
New York, NY 10119-0002
Tel: (212) 356-6100
creditagreementnotices@mgginv.com

**Debtor's Financial Advisor And Chief Restructuring Officer**
Attn: Kevin A. Krakora,
Managing Director
Getzler Henrich & Associates
LLC, a Hilco Global Company
kkrakora@getzlerhenrich.com
Peter.Ekman@jigsawadvisors.com

**Elvina Rofael, Esq.**
U.S. Dept of Justice
Office of the U.S. Trustee
Phillip J. Burton Federal
Building
450 Golden Gate Avenue,
Fifth Floor, 05-0153
San Francisco, California 94102
Email: Elvina.Rofael@usdoj.gov
**Via U.S. Mail & Email**

Ballande & Meneret
Attn: Florian Malpuch
55 Boulevard Jacques-Chaban
Delmas
33250 Bruges, France

**Debtor**
Spring Mountain Vineyard Inc.
2805 Spring Mountain Road
St. Helena, CA 94574-1798
Attn: Don Yannias, President
email: don@bimi.com

Wine Service Cooperative
1150 Dowdell Lane
Saint Helena, CA 94574
Attn: Steven Tamburelli
General Manager

**Attorney for Cab West LLC**
Randall P. Mroczynski
Cooksey, Toolen, Gage, Duffy
& Woog APC
535 Anton Boulevard, Tenth
Floor Costa Mesa, Ca 92626-
1977
rmroczynski@cookseylaw.com

East West Wine Trading, Inc.
Attn: Satoshi Tanaka,
President & CEO
1 Blackfield Dr. #205
Tiburon, CA 94920

Wilmington Trust, National
Association
10250 Constellation Blvd #2800,
Los Angeles, CA 90067
Attn: Jennifer Anderson,
Vice President

CQ&A Consulting
Attn: Deanna Leon, President
PO Box 777
Pinole, CA 94564
dleon@cqaconsult.com

My Enologist, Inc.
Attn: Mark Meyering
1451 Gordon Drive
Napa, CA 94558

### 20 Largest Unsecured Creditors:

Allen Wine Group LLP
Attn: Timothy Allen, CPA
tim@allenwine.com
Tim@allengroupllp.com
Brent Garrison
Brent@allengroupllp.com

Bartelt Engineering
Attn: Paul Bartelt
1303 Jefferson St #200B
Napa, CA 94559
paulb@barteltengineering.com

Belkorp AG, LLC
Attn: Laura Correll,
Accounting
ar@belkorpag.com
AR@BelkorpAg.com
ldunhouse@belkorpag.com

PMD 55335043v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1 PROOF.SERVICE

Case: 22-10381    Doc# 495    Filed: 09/06/23    Entered: 09/06/23 18:11:59    Page 35 of 38

Brown's Auto Parts
Attn Dan Beltramai, Owner
1218 Main St.
Saint Helena, CA 94574-1901
brownsauto169@gmail.com

Castino Restaurant Equipment
And Supply
50 Utility Ct.
Rohnert Park, CA 94928-1659
(707) 585-3566
sales@castinosolutions.com

Central Valley
Administrative Offices
1804 Soscol Ave., #205
Napa, CA 94559
Attn: Gerry Cruz, Accounting
Mgr.
gerryc@central-valley.com

Chubb Group of Insurance
Companies
P.O. Box 777-1630
Philadelphia, PA 19175-0001
(800) 372-4822
**Returned – Box Closed**

Conway Beverage Group, LLC
Dba: Elite Brands
Elite Brokerage
3238 Old Heather Rd.
San Diego, CA 92111-7716
Attn: Mr. Jay Conway
Jayconway@elitebrands.biz

Famille Sylvain
855 Bordeaux Way #239
Napa, CA 94558-7549
(707) 492-3308
contactusa@famillesylvain.com

Francois Freres USA Inc.
1403 Jefferson St.
Napa, CA 94559-1708
(707) 294-2204
office@francoisfreresusa.com
julie@francoisfreresusa.com
accounting@francoisfreresusa.com
assistant@francoisfreresusa.com

G3 Enterprises Inc.
(Tapp Labels)
580 Gateway Dr.
Napa, CA 94558
(707) 252-8300
jeff.licht@tapplabel.com

Imperial PFS aka IPFS
49 Stevenson St. #127
San Francisco, CA 94105
Lisa Chandler, Litigation and
Bankruptcy Recovery Manager
lisa.chandler@ipfs.com

Napa County Treasurer
1195 3rd St. #108
Napa, CA 94559-3035
Dawnette.martindale@countyofnapa.org
Napa County Treasurer-Tax Collector
Bob.Minahen@countyofnapa.org
Napa County Attorney
Wendy.dau@countyofnapa.org

Napa Ford Lincoln
170 Soscol Ave.
Napa, CA 94559

Napa Valley Petroleum
P.O. Box 2670
Napa, CA 94558-0528
(707) 252-6888
kamh@napavalleypetroleum.com

Ramondin U.S.A. Inc.
Tammy Frandsen
Finance Manager
tfrandsen@ramondin.com

Stanzler Law Group
Attn: Jordan S. Stanzler
390 Bridge Pkwy #220
Redwood City, CA 94065
Jstanzler@stanzlerlawgroup.com

Tonnellerie Sylvain
855 Bordeaux Way
Napa, CA 94558
contactusa@famillesylvain.com

Wilbur Ellis Company LLC
c/o Registered Agent Solutions Inc.
720 14th St.
Sacramento, CA 95814
KZavala@wilburellis.com,
MHAMMETT@wilburellis.com,
SPRIM@wilburellis.com

Wine Service Cooperative
1150 Dowdell Lane
Saint Helena, CA 94574
Attn: Steven Tamburelli
General Manager
Steve@wineservicecoop.com

Jeff. J. Marwil, Esq. (**NEF**)
Proskauer Rose LLP
jmarwil@proskauer.com
pyoung@proskauer.com
AWeringa@proskauer.com
sma@proskauer.com
NPetrov@proskauer.com
creditagreementnotices@mgginv.com

PMD 55335043v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                        **F 9013-3.1 PROOF.SERVICE**

Case: 22-10381    Doc# 495    Filed: 09/06/23    Entered: 09/06/23 18:11:59    Page 36 of 38

**Additional Others:**

Bradley R. Bobroff, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, NY  10036-8299
bbobroff@proskauer.com

Scott P. Cooper, Esq.
Proskauer Rose LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3010
scooper@proskauer.com

Frederic Ragucci, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, NY  10036-8299
FRagucci@proskauer.com

Ford Motor Credit Company
National Bankruptcy Service Center
P O Box 62180
Colorado Springs CO 80962-2180
fcffald@ford.com

Napa Valley Vintners Association
P.O. Box 141
Saint Helena, CA 94574
Attn: Steve Tradewell, CFO
stradewell@napavintners.com

Bright Event Rental
22674 Broadway # A
Sonoma, CA 95476
(707) 940-6060
Attn: Michelle Minsk, Acctg.
accountsreceivable@bright.com

CNH Capital
Dept. 1801104747435
P.O. Box 78004
Phoenix, AZ 85062
Attn:  Steve Wright,
Bankruptcy Dept.

CNH Industrial Capital America, LLC
PO Box 71264
Philadelphia, PA 19176-6264
Attn:  John Chiavacci,
 HRBK Analyst
john.chiavacci@cnhind.com

ETS Laboratories
c/o Marjorie Burns 899 Adams Street #A
Saint Helena, CA 94574-1160
(707) 963-4806
Attn Accounts Receivable Team
ar@etslabs.com
accounts@etslabs.com

Matheson Tri-Gas Inc.
Dept. LA 23793
Pasadena, CA 91185
(707) 963-4307
**Via U.S. Mail**

Sovos Compliance LLC
200 Ballardvale St. Bldg 14th Fl.
Wilmington, MA 01887
(866) 890-3970
lori.bradshaw@sovos.com

Wine Technology America
aka Wine Technology, Inc.
474 Walten Way
aka Vinwizard
Windsor, CA 95492
Attn:  Kelly Graves, Director
kelly@vinwizard.us

Wine Technology America Inc.
c/o Lloyd Matthews, Agent
1899 Larkspur St.
Yountville, CA 94599-1237
**Via U.S. Mail**

Wyatt Irrigation Co.
4407 Solano Ave.
Napa, CA 94558
(707) 578-3747
Lynne Colombano, Acct Receivable Mgr.
lynne@wyattsupply.com

Wyatt Irrigation Co.
c/o CSC - Lawyers Incorporating Service
2710 Gateway Oaks Dr. #150N
Sacramento, CA 95833-3502
**Via U.S. Mail**

**Request for Special Notice**
Alcohol & Tobacco Tax & Trade Bureau
U.S. Department of the Treasury
Attn:  Daniel Paralta, Senior Counsel,
Field Operations
Daniel.Peralta@ttb.gov

Dept. of the Treasury, Alcoholic Beverage Control
Attn: Tracie Parker, Lic. Rep. I
50 D Street Room 130
Santa Rosa, CA. 95404
tracie.parker@abc.ca.gov

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

PMD 55335043v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1 PROOF.SERVICE**

Case: 22-10381    Doc# 495    Filed: 09/06/23    Entered: 09/06/23 18:11:59    Page 37 of 38

California Department of Tax and Fee Administration
Special Operations Bankruptcy Team MIC: 74
P.O. Box 942879
Sacramento, CA 94279-0074

Franchise Tax Board
Attn: Vivian Ho
Bankruptcy Section, MS A-340
P.O. Box 2952
Sacramento, CA 95812-2952
916-845-7069
Vivian.Ho@ftb.ca.gov

Employment Development Department
Bankruptcy Unit-MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Employment Development Department
Attn: MIC 53
800 Capital Mall
Sacramento, CA 95814

Piper/Sandler
1251 Avenue of the Americas, 39th Floor
New York, N.Y. 10020
Attn.: Mr. Leonard Sheer and Mr. Mike Dillahunt
Leonard.sheer@psc.com
Michael.dillahunt@psc.com
**Via U.S. Mail & Email**

Will Densberger
Pavi Micheli
Engel & Volkers
1111 Main Street Suite A,
St. Helena CA 94574
Will@nvwineestates.com
pavimicheli@icloud.com
**Via U.S. Mail & Email**

**Attorneys for Don Yannias**
Louis J. Cisz, III, Esq. NIXON PEABODY LLP
One Embarcadero Center, 32nd Floor
San Francisco, CA 94111
lcisz@nixonpeabody.com

Richard J. Frey NIXON PEABODY LLP
300 South Grand Avenue, Suite 4100
Los Angeles, CA 9007
Tel: (213) 629-6000 Fax: (213) 629-6001
rfrey@nixonpeabody.com

Office of the United States Trustee
Attn: Phillip J. Shine
280 South First Street, Rm. 268
San Jose, CA 95113
Email: phillip.shine@usdoj.gov

**Courtesy Email**
Jay B. Spievack, Esq.
Cohen Tauber Spievack & Wagner P.C.
jspievack@ctswlaw.com

Joseph Vann, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave., Suite 2400
New York NY 10170-2499
(212) 381-8724
jvann@ctswlaw.com

John C. Vaughan
Newmark Knight Frank
4675 MacArthur Court, Suite 1600
Newport Beach, CA 92660
john.vaughan@nmrk.com

Mark Kasowitz:
MKasowitz@kasowitz.com

Gavin D. Schryver:
GSchryver@kasowitz.com

Attorneys for Napa County Treasurer
Jacquelyn H. Choi
jacquelyn.choi@rimonlaw.com, docketing@rimonlaw.com

Luckey McDowell
luckey.mcdowell@shearman.com

Jonathan Dunworth
jonathan.dunworth@shearman.com

Attorneys for Creditor Francois Freres USA Inc.
John G. Warner
warnerwest@aol.com

C Q and A Consulting, LLC
c/o Robert J. Hooy, Agent
3125 Clayton Rd. 2nd Fl.
Concord, CA 94519-2732

PMD 55335043v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1 PROOF.SERVICE**

Case: 22-10381    Doc# 495    Filed: 09/06/23    Entered: 09/06/23 18:11:59    Page 38 of 38